UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

THOMAS WALDEN, ET AL

VS. C. A. NO. 04-304

CITY OF PROVIDENCE, ET AL

**AMENDED ANSWER OF DEFENDANT, MANUEL M. VIETRA, TO THE COMPLAINT OF THE PLAINTIFFS**

1 through 98: Since these allegations merely identify the parties to this action, no Answer is required.

99 through 102: The Defendant, Vieira, is without sufficient information or knowledge to either admit or deny this allegation.

103 through 105: Deny.

106 through 109: The Defendant, Vieira, is without sufficient information or knowledge to either admit or deny this allegation.

110 through 114: Deny.

**COUNT I**

115 through 116: Deny.

WHEREFORE, Defendant, Vieira, demands that the complaint be dismissed, judgment enter in his favor and that he be awarded his costs and attorney 's fees.

**COUNT II**

117 through 118: Deny.

WHEREFORE, Defendant, Vieira, demands that the complaint be dismissed, judgment enter in his favor and that he be awarded his costs and attorney's fees.

**COUNT III**

119 through 120: Deny.

WHEREFORE, Defendant, Vieira, demands that the complaint be dismissed, judgment enter in his favor and that he be awarded his costs and attorney's fees.

**COUNT IV**

121 through 122: Deny.

WHEREFORE, Defendant, Vieira, demands that the complaint be dismissed, judgment enter in his favor and that he be awarded his costs and attorney's fees.

**COUNT V**

123 through 124: Deny.

WHEREFORE, Defendant, Vieira, demands that the complaint be dismissed, judgment enter in his favor and that he be awarded his costs and attorney's fees.

**COUNT VI**

125 through 126: Deny.

WHEREFORE, Defendant, Vieira, demands that the complaint be dismissed, judgment enter in his favor and that he be awarded his costs and attorney's fees.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief may be granted against Defendant, Manuel Vieira, both individually and in his official capacity.

2. Defendant, Manuel Vieira, pleads immunity as an affirmative defense.

3. Defendant, Manuel Vieira, pleads qualified immunity as an affirmative defense.

4. Defendant, Manuel Vieira, pleads the governmental ordinary course of business exemption/privilege as an affirmative defense.

5. Defendant, Manuel Vieira, pleads the common carrier installation exemption/privilege as an affirmative defense.

6. Defendant, Manuel Vieira, pleads an affirmative defense that at all times he acted in good faith and with the reasonable belief he was in compliance with all applicable federal and state laws, and with no criminal nor tortious intent whatsoever.

7. Defendant, Manuel Vieira, pleads the public safety exemption/privilege as an affirmative defense.

8. The complaints fails to state a claim for which relief may be granted as there was no publication or disclosure of any of Plaintiff's arguably – protected communications, and therefore no actual harm to Plaintiff, nor any damages to Plaintiffs.

9. Defendant, Manuel Vieira, pleads as an affirmative defense that Plaintiffs had no reasonable expectation of privacy in the use of workplace telephones.

10. Defendant pleads license as an affirmative defense.

11. Defendant pleads consent as an affirmative defense.

12. Defendant pleads waiver/estoppel as an affirmative defense.

13. Defendant pleads accident/mistake as an affirmative defense.

14. Plaintiffs' claim for punitive damages fails to state a claim for which relief may be granted.

15. Without Defendant asserting that any wrongdoing as alleged in the Complaint was done by anyone, Plaintiffs have failed to join indispensable parties as Defendants.

16. Without asserting that any wrongdoing as alleged in the Complaint was done by anyone, Defendant pleads the affirmative defense that persons other than this Defendant were responsible for any such potential wrongdoing.

17. Defendant pleads unclean hands on the part of Plaintiffs as an affirmative defense.

18. Defendant pleads as an affirmative defense that Plaintiffs had notice of the installation of the "Total Recall" system as its procurement and installation by the City was open and notorious.

19. Plaintiffs' claims for injunctive relief are moot.

20. The Complaint fails to state a claim for which relief may be granted against this Defendant in his individual capacity as no facts are alleged against him seeking establish that he was acting outside of the scope of his official positions with the City of Providence or that he was acting within his individual capacity at anytime relevant to his suit.

21. Under the law, the Complaint fails to state a claim for which relief may be granted against this Defendant his official capacity because a suit against a governmental official in his or her capacity is not a suit against the official, but rather a suit against the official's office and/or the municipality itself. *Will v, Michigan Department of State Police,* 491 U.S. 58 (1989); *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1977); and *Peters v. Jim Walter Door Sales,* 525 A.2d 46, 47, (RI

1987). Given that the City of Providence is a named Defendant, Defendant, Manuel Vieira's, inclusion as a Defendant in the suit is inappropriate and redundant.

22. Defendant, Manuel Vieira, pleads the statute of limitations as an affirmative defense.

23. Defendant, Manuel Vieira, invokes the Public Doctrine as an affirmative defense.

WHEREFORE, Defendant, Manuel Vieira, asks that the Plaintiff's complaint be dismissed, that judgment be entered in his behalf and that he be awarded costs, attorney's fees and other such relief.

Defendant,
Manuel Vieira

By His Attorneys,
*Coia & Lepore, Ltd.*

BY________________________

George L. Santopietro-Esq.-#2056
226 South Main Street
Providence, RI 02903
751-5522

## CERTIFICATION

I hereby certify that I mailed a true copy of the within Answer by regular mail, postage prepaid on this 11th day of May, 2005 to:

Mark A. Fay, Esquire
Murphy & Fay
127 Dorrance Street, 2nd floor
Providence, RI 02903

Carolyn A. Mannis, Esquire
170 Westminster Street, Suite 800
Providence, RI 02903

Annette C. Scalzi
Annette C. Scalzi