UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al., Plaintiffs, | : | |
| v. | : | CA 04-304 S |
| CITY OF PROVIDENCE, et al., Defendants, | : | |

**NOTICE
OF DETERMINATION
OF ESSENTIAL SAMENESS
AND ORDER**

In accordance with the Order Re Motion for Protective Order (Document ("Doc.") #76) dated August 30, 2005 ("Order of 8/30/05"), the court has compared the documents which counsel for the Department of Attorney General and the Rhode Island State Police (collectively the "State") submitted for in camera review at the hearing on August 29, 2005, to the copies which Plaintiffs submitted to the court on or about September 7, 2005, see Letter from Mannis to Martin, M.J., of 9/6/05 (identifying copies submitted). After doing so, the court finds that the documents and the copies are essentially the same. Indeed, two of the documents are almost identical to the copies submitted by Plaintiffs. The only difference is a variation in the header which appears at the top of each page.[1] The other document, while differing slightly in format, is identical in content to

[1] The two which the court finds to be virtually identical are:

Rhode Island State Police FORENSIC REPORT AND REVIEW prepared by Detective John F. Killian dated 06/20/2003 (but also bearing the date 12/01/2004 in the upper right hand corner of each page) (18 pages);

Rhode Island State Police NARRATIVE FOR CPL. NEWBERG dated May 8, 2003 (but also bearing the date 12/01/2004 in the upper right hand corner of each page) (43 pages).

the copy submitted by Plaintiffs except for a single phrase.[2] The phrase consists of nine words. It appears on page six of the document, in the paragraph beginning "Total Recall is described ...," MEMORANDUM RELATING TO THE "TOTAL RECALL" TELEPHONE RECORDING SYSTEM AT THE PROVIDENCE PUBLIC SAFETY COMPLEX at 6, and in the ninth line of that paragraph. The phrase in the document submitted by the State states a different number of gigabytes than the phrase in the copy submitted by Plaintiffs. As this number is a factual statement, none of the grounds set forth in the State's Memorandum in Support of Motion for Protective Order (filed in support of Motion for Protective Order (Doc. #38)) constitutes a basis for withholding this information from Plaintiffs.

Accordingly, the court gives notice that it intends to release to Plaintiffs the documents which the State submitted for in camera review on August 29, 2005. If the State has any authority which would warrant the granting the Motion for Protective Order in the factual circumstances presented (i.e., where copies of the documents for which protection is sought are already in the possession of the requesting party), it shall submit such authority by September 15,[3] 2005.

So ordered.

---

[2] The document which is identical in content except for a single phrase is:

> MEMORANDUM RELATING TO THE "TOTAL RECALL" TELEPHONE RECORDING SYSTEM AT THE PROVIDENCE PUBLIC SAFETY COMPLEX from Ronald R. Gendron, Sp. Assistant Attorney General, to Patrick Lynch, Attorney General, dated January 2, 2004 (18 pages).

[3] The court has adjusted forward the dates for release of the documents to Plaintiffs and for the State to submit authority because because this notice was not issued until September 8, 2005.

ENTER:

David L. Martin
United States Magistrate Judge
September 8, 2005

Deputy Clerk