UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et als. | : | |
| | : | |
| vs. | : | C.A. No. 04-553-S |
| | : | |
| CITY OF PROVIDENCE | : | |

PLAINTIFFS' MOTION
TO ADJUDGE IN CONTEMPT
OR ALTERNATIVELY TO COMPEL PRODUCTION OF DOCUMENTS

Now come the Plaintiffs in the above-captioned matter and hereby move pursuant to Rule 45 (E) and Rule 37(a)(2)(B) to adjudge the City of Providence and/or the Providence Police Dept. in contempt of Court for failure to comply with a subpoena issued on or about March 11, 2005. Alternatively, Plaintiffs seek an order compelling production of the matters sought in their Request for Production of Documents served on the City of Providence on or about August 16, 2005.

Costs, including reasonable attorneys' fees are sought pursuant to Rule 45(e) and Rule 37(a)(4)(A).

As grounds therefore, Plaintiffs states that no objection was ever filed with respect to the subpoena issued on the Providence Police Dept on March 11, 2005; nor, was a protective order sought.

Moreover, with respect to the request for production that was served on the City on August 16, 2005, no objection was filed.

Thus, Plaintiffs seek an Order adjudging the City in contempt of the subpoena or alternatively compelling production of the matters sought in the Plaintiffs' Request for Production.

Plaintiffs also seek an award of costs, including reasonable attorneys fees. In support of their motion, Plaintiffs rely on their attached memorandum of law.

Plaintiffs
By their attorneys:

Mark A. Fay, Esq. # 4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
(401) 490-3200 (Tel)
(401) 490-3207 (Fax)

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466 (Tel.)
(401) 351-3914 (Fax)

ATTORNEY CERTIFICATION

I hereby certify that I conferred in good faith with the person or party failing to make the discovery in an effort to secure the information or material without court action.

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 23 day of Sept, 2005, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esquire
One Financial Plaza, Suite 1500
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et als. | : | |
| | : | |
| vs. | : | C.A. No. 04-553-S |
| | : | |
| CITY OF PROVIDENCE | : | |

PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION
TO ADJUDGE IN CONTEMPT
OR ALTERNATIVELY TO COMPEL PRODUCTION OF DOCUMENTS

## I. INTRODUCTION

This matter is before this Honorable Court on the motion of the Plaintiffs in the above-captioned matter pursuant to Rule 45 (e) and Rule 37(a)(2)(B) to adjudge the City of Providence and/or the Providence Police Dept. in contempt of Court for failure to comply with a subpoena issued on or about March 11, 2005. Alternatively, Plaintiffs seek an order compelling production of the matters sought in their Request for Production of Documents served on the City of Providence on or about August 16, 2005.

Costs, including reasonable attorneys' fees are sought pursuant to Rule 45(e) and Rule 37(a)(4)(A).

## II. ARGUMENT

On March 11, 2005 a subpoena was issued upon the Providence Police Dept. for a records deposition at the Law Offices of Murphy & Fay, LLP at 127 Dorrance St., Providence, Rhode Island 02903 on April 11, 2005 at 10:00 a.m. A true copy of

subpoena is attached hereto as Exhibit A. The deposition went forward as scheduled and the City produced a large amount of documents at the records deposition. No documents were withheld under a claim of privilege and no protective order was sought by the City (or any other party or non-party) with respect to this subpoena.[1]

The subpoena at issue requested production, inspection and copying of the following documents or objects:

> The entire file including but not limited to any and all reports, documents, memos, computer entries, pictures, statements and objects pertaining to the investigation of possible wire tapping activities regarding the Total Recall System conducted at the Providence Public Safety Complex, One Communications Plaza, Providence, RI 02903.

See Exhibit A.

Plaintiffs have had an expert review the subpoenaed items from the City. The expert, however, needed additional information to complete his analysis. In particular, he questioned why were not given a copy of the hard drive of the Total Recall System. Plaintiffs submit that the hard drive is an object that pertains to the investigation of the wire tapping activities regarding the Total Recall System. Additionally, the subpoena specifically seeks computer entries.

Despite this it was not produced in response to are subpoena. On August 16, 2005, counsel for Plaintiffs communicated with the City (via counsel) with respect to the hardware, Total Recall Servers. A true copy of correspondence to Mr. Hugh dated August 16, 2005 is attached hereto as Exhibit B.

---

[1] Senior Assistant City Solicitor Kevin F. McHugh represented the Providence Police Dept. with respect to the subpoena. In fact, following the deposition, Mr. McHugh sent additional documents to the Plaintiffs that were inadvertently omitted at the deposition. Mr. McHugh also represents the City, Chief Esserman and Mayor Cicciline in the instant consolidated action.

In the event the City was taking the position that the subpoena did not include these items (which Plaintiffs assert it did), in an abundance of caution, Plaintiffs included with their correspondence as separate request for production for:

1. The total Recall Servers at issue in this lawsuit.
2. Any and all hardware relating to the Total Recall system at issue in this lawsuit.
3. The original hard drive of the Total Recall System at issue in this lawsuit.
4. Any and all copies of the hard drive of the Total Recall System at issue in this lawsuit.
5. Copies of the hard drive utilized by Detective John F Killian in conduction his investigation.

A true copy of the request for production served on the City is attached hereto as Exhibit C.

Plaintiffs initially received no response to either the correspondence or the request for production. Plaintiffs counsel contacted Mr. McHugh with respect to the items requested and was told that he would look into the matter.

On or about September 14, 2005 the City sent correspondence to Plaintiffs indicating that "I cannot allow your expert to take a mirror image of the hard drive." A true copy of correspondence dated September 14, 2005 from Mr. McHugh is attached hereto as Exhibit D.

At no time has any timely (or untimely) claim of privilege been asserted by the City. Nor, had the City ever filed an objection to the Request for Production of Documents, which if asserted would be untimely at this late date.

III. CONCLUSION

Thus, the City is in contempt of the subpoena originally issued on March 11, 2005. This court should find the City in contempt of the subpoena and require it to

produce all the matters responsive to the subpoena including, but not limited to, the Total Recall Servers, all hardware relating to the Total Recall system, the original hard drive of the Total Recall System and copies of the hard drive utilized by Det. John F. Killian and pay the Plaintiffs reasonable costs including attorneys fees to purge the contempt finding.

Alternatively, this Court should compel the City to provide all responsive materials contained in their Request for Production dated August 16, 2005 to Plaintiffs within 10 days of the hearing on this matter and pay the Plaintiffs costs, including reasonable attorneys fees pursuant to Rule 37(a)(2)(B).

Plaintiffs
By their attorneys:

Mark A. Fay, Esq. # 4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
(401) 490-3200 (Tel)
(401) 490-3207 (Fax)

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466 (Tel.)
(401) 351-3914 (Fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 23 day of Sept, 2005, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esquire
One Financial Plaza, Suite 1500
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kimara Lima

# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Thomas Walden, et al.

V.

City of Providence, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-304S

RECEIVED PROVIDENCE POLICE DEPT. HUMAN RESOURCES BUREAU 2005 MAR 11 PM 2:56

TO: Providence Police Department
Keeper of Records
325 Washington Street
Providence, RI 02903

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The entire file including but not limited to any and all reports, documents, memos, computer entries, pictures, statements and objects pertaining to the investigation of possible wire tapping activities regarding the Total Recall System conducted at the ~~Providence Public Safety Complex, One Communications Plaza, Providence, RI 02903.~~

| PLACE | DATE AND TIME |
|---|---|
| Law Offices of Murphy & Fay 127 Dorrance Street, Prov., RI 02903 | April 11, 2005 12PM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 3/11/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark A. Fay, Esq., Murphy & Fay, LLP 127 Dorrance Street, Providence, RI 02903
401-490-3200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3-11-05 | 325 Washington St. Prov. R.I. |

SERVED ON (PRINT NAME): Keeper of Records for Providence Police Dept.

MANNER OF SERVICE: in hand

SERVED BY (PRINT NAME): FREDERICK J. McCARTHY LIC. #6134

TITLE: Federal Process Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 3-11-05
DATE

[signature]
SIGNATURE OF SERVER

28 Hillside Dr
ADDRESS OF SERVER

Warwick, R.I.

Rec By [signature]

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT B

MURPHY & FAY, L.L.P.
ATTORNEYS AT LAW

William J. Murphy
Mark A. Fay

Norman L. Landroche, Jr.
Steven H. Crawford

127 Dorrance Street
2nd Floor
Providence, Rhode Island 02903
Telephone 401-490-3200
Facsimile 401-490-3207
E-mail: murphyandfay@aol.com

August 16, 2005

Kevin F. McHugh, Esquire
Senior Assistant City Solicitor
275 Westminster Street, Suite 200
Providence, RI 02903

RE: Thomas Walden, et als. Vs. City of Providence, et als.
John Chmura, et als. Vs. City of Providence, et als.

Dear Mr. McHugh:

We tried unsuccessfully to reach you today via telephone and were told that you were away on vacation this week. We recently retained Edward Baker as one of our experts and at this time require access to the Total Recall Servers and any other hardware which we understand is currently being held by Internal Affairs.

We assume that the hard drive is also in possession of Internal Affairs. It was not produced in response to our subpoena. Nor, were any copies produced. Our expert would like to inspect the entire system and make a mirror image copy of the main hard drive. Further, we are requesting copies of any copies of the hard drives that presently exist. Specifically, but not limited to, we request a copy of the hard drive utilized by Detective John F. Killion, in completing his investigation.

Upon your return from vacation, please contact this office so that the appropriate arrangements can be made to facilitate the above. In the interim, we have enclosed a request for production of these items.

Very truly yours,

Mark A. Fay

Carolyn A. Mannis

# EXHIBIT C

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

| | | |
|---|---|---|
| JOHN C. CHMURA, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-553-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION
ADDRESSED TO DEFENDANT CITY OF PROVIDENCE

Now come the Plaintiffs and hereby request that Defendant City of Providence et al. produce for inspection and/or copying pursuant to Fed.R.Civ.P. 34 the following items:

1. The Total Recall Servers at issue in this lawsuit.
2. Any and all hardware relating to the Total Recall system at issue in this lawsuit.
3. The original hard drive of the Total Recall System at issue in this lawsuit.
4. Any and all copies of the hard drive of the Total Recall System at issue in this lawsuit.
5. Copies of the hard drive utilized by Detective John F. Killian in conducting his investigation.

Plaintiffs
By their Attorneys:

Mark A. Fay #4208
MURPHY & FAY, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903
401.490.3200 Tel.
401.490.3207 Fax

Carolyn A. Mannis #4275
170 Westminster St., Suite 800
Providence, RI 02903
401.454.4466 Tel.
401.351.3914 Fax

CERTIFICATION

I hereby certify that on the 16 day of August, 2005, that I mailed postage prepaid a true copy of the within to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

George L. Santopietro, Esq.
226 South Main Street
Providence, RI 02903

Michael A. Calise, Esq.
Kevin F. McHugh, Esq.
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima

# EXHIBIT D

JOSEPH M. FERNANDEZ
City Solicitor

DAVID N. CICILLINE
Mayor

RECEIVED
SEP 15 2005
J WILLIAM W HARSCH

**Department of Law**

September 14, 2005

Carolyn A. Mannis, Esquire
170 Westminster Street, Suite 800
Providence, Rhode Island 02903

RE: Thomas Walden v. City of Providence

Dear Ms. Mannis:

I cannot allow your expert to take a mirror image of the hard drive. However, he is free to examine the machine. Please let me know what date he is available so that we can set something up.

I look forward to hearing from you.

Very truly yours,

Kevin F. McHugh
Senior Assistant City Solicitor

KFM:cmr

275 Westminster Street, Suite 200 • Providence, Rhode Island 02903-1845
(401) 421-7740 (Voice) • (401) 751-0203 (TDD) • (401) 351-7596 (Facsimile)