UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et als. | : | |
| | : | |
| vs. | : | C.A. No. 04-553-S |
| | : | |
| CITY OF PROVIDENCE | : | |

PLAINTIFFS' MOTION
FOR LEAVE OF COURT
TO TAKE DEPOSITION

Now come the Plaintiffs in the above-captioned matter and hereby move pursuant to Rule 30(a)(2) for leave of Court to take the deposition of Defendant Vincent A. Cianci, Jr.

As grounds therefore, Plaintiffs submits that given circumstances at issue here the Court should grant Plaintiffs leave to take Cianci's deposition as it is consistent with the principles stated in Rule 26(b)(2).

In support of their motion, Plaintiffs rely on their attached memorandum of law.

Plaintiffs
By their attorneys:

Mark A. Fay, Esq. # 4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
(401) 490-3200 (Tel)
(401) 490-3207 (Fax)

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466 (Tel.)
(401) 351-3914 (Fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 23 day of Sept, 2005, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esquire
One Financial Plaza, Suite 1500
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et als. | : | |
| | : | |
| vs. | : | C.A. No. 04-553-S |
| | : | |
| CITY OF PROVIDENCE | : | |

PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION
FOR LEAVE OF COURT
TO TAKE DEPOSITION

## I. Introduction

This matter is before this Honorable Court on the Motion of the Plaintiffs in the above-captioned matter pursuant to Rule 30(a)(2) for leave of Court to take the deposition of Defendant Vincent A. Cianci, Jr.

As grounds therefore, Plaintiffs submits that given circumstances at issue here the Court should grant Plaintiffs leave to take Cianci's deposition as it is consistent with the principles stated in Rule 26(b)(2).

## II. Argument

Rule 30(a)(2) provides that a "party must obtain leave of court, which shall be granted to the extent consistent wit the principles state in Rule 26(b)(2), if the person to be examined is confined in prison. . . ." While Plaintiffs maintain that such leave was afforded the Plaintiffs pursuant to this Court's Pre-Trial Order, given the

direction of Magistrate Judge Martin at a hearing on Cianci's Motion for Protective Order, this Motion follows.

As per Judge Smith's Order, the Plaintiffs are required to complete the deposition of Cianci, and others prior to November 7, 2005. After noticing the deposition of Cianci as a party to this action, a motion for protective order seeking to strike the deposition notice for failure to obtain leave of court was filed by Cianci.[1] How this deposition will be completed by November 7, 2005 if the Court does not grant additional leave to take this deposition is inescapable.

Rule 26(b)(2) dictates that Cianci's deposition be taken. It provides that the frequency or extent of discovery be limited only where the court determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at state in the litigation, and the importance of the proposed discovery in resolving the issues."

Here, the discovery is not unreasonably cumulative or duplicative. Cianci was named both individually and in his former official capacity as Mayor of the City of Providence. The allegations involve the wiretapping of the entire Public Safety Complex. Cianci's involvement and knowledge can only be obtained through him.

---

[1] Notably, the Pre-Trial order also relieves Defendants from the limitation in Rule 30(a)(2)(A) allowing them only 10 depositions. Despite this, Magistrate Judge Martin found that an additional order was necessary relative to the deposition of Cianci.

Thus, there is no other source that is more convenient, less burdensome, or less expensive.

Plaintiffs have not had any opportunity to obtain the information sought through discovery as Cianci has been incarcerated since the inception of this lawsuit.

While it may be burdensome and expensive to depose Cianci, its benefit to the Plaintiffs case is paramount. The minimum amount of plaintiffs' cumulative recovery, if a violation of the state and federal wiretap acts is proven, is $1,683,000. That amount is not inclusive of interest, attorneys' fees or punitive damages.

Further, it is anticipated that Cianci will file a motion for summary judgment. In order to properly defend against such motion, his deposition testimony is crucial. Written interrogatories will suffice if Cianci intends to invoke his 5th amendment privilege. However, if he does not invoke his 5th amendment privilege, his deposition is necessary to obtain all relevant information known by Cianci, to create a record for use at trial, to allow Plaintiffs' counsel to access Cianci's credibility and demeanor, to avoid needless objections to questions and to facilitate the flow of questioning for unanticipated responses.

III. Conclusion

Wherefore, Plaintiffs seek leave of court to take the deposition of Cianci. In the event Cianci will testify in this case, such deposition is sought to be conducted at Fort Dix with each party bearing their own costs of travel. In the event Cianci provides an affidavit that he will invoke his 5th amendment privilege as to all questions, such leave would be for written interrogatories.

Plaintiffs
By their attorneys:

Mark A. Fay, Esq. # 4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
(401) 490-3200 (Tel)
(401) 490-3207 (Fax)

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466 (Tel.)
(401) 351-3914 (Fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 23 day of Sept, 2005, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esquire
One Financial Plaza, Suite 1500
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima