SCANNED

**UNITED STATE DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304-S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

JOHN C. CHMURA, et als.

v. C.A. No. 04-553-S

CITY OF PROVIDENCE, et als.

**DEFENDANT JOSEPH RICHARDSON'S OBJECTION TO PLAINTIFFS' MOTION TO ENLARGE TIME**

Now comes the Defendant Joseph Richardson, by and through his attorneys, and hereby objects to the Plaintiffs' Motion to Enlarge Time dated October 26, 2005, and specifically to that part of the Plaintiff's Motion to Enlarge that seeks to extend the deadline for completion of individual named Defendants from November 7, 2005, to January 9, 2006.

A Memorandum in support of the instant Objection is filed simultaneously herewith.

Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

and

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: September 28, 2005

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, LTD
132 Old River Road, suite 205
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

[signature]

**UNITED STATE DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304-S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

JOHN C. CHMURA, et als.

v. C.A. No. 04-553-S

CITY OF PROVIDENCE, et als.

## DEFENDANT JOSEPH RICHARDSON'S MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFFS' MOTION TO ENLARGE TIME

## INTRODUCTION

Now comes the Defendant Joseph Richardson, by and through his attorneys, and hereby supports his objection to the Plaintiffs' Motion to Enlarge Time dated October 26, 2005 as follows.

Specifically, Defendant Richardson limits his objection to that part of the Plaintiff's Motion to Enlarge that seeks to extend the deadline for completion of individually named Defendants from November 7, 2005, to January 9, 2006. [Defendant Richardson does not object to the remainder of the requested Motion to Enlarge based upon his counsel's interpretation and understanding of the Plaintiffs' Motion to Enlarge; i.e. that it does **not** seek enlargement of the time in which the Walden Plaintiffs must comply with the two (2) Conditional Orders of Dismissal of their Complaint dated July 27, 2005 and pertaining to Defendant Richardson and the responses to the interrogatories propounded by him, and with the two (2) Orders dated July

27, 2005 compelling the Chmura Plaintiffs to respond to Defendant Richardson's Request for Production and to answer Defendant Richardson's interrogatories propounded to each Plaintiff in the Chmura case.]

**ARGUMENT**

Defendant Richardson has been named as a Defendant both individually and in his former official capacity as the former Deputy Director of the City of Providence's Department of Communications. Defendant Richardson has asserted that he has been wrongly joined as a Defendant in this action in any capacity, and has sought from Plaintiffs support for their allegations against him in his individual capacity. His formal discovery efforts (production request and interrogatories to all Plaintiffs) to ascertain any facts supporting his joinder as a Defendant in the Walden case were served on November 17, 2004. Defendant Richardson's formal discovery efforts (production request and interrogatories to all Plaintiffs) to ascertain any facts supporting his joinder as a Defendant in the Chmura case were served on May 5, 2005 and May 10, 2005.

No response from any Plaintiff to any of these discovery efforts has been received to date. In the Walden case, Defendant Richardson has been waiting for almost a year to find out if there is any basis for him being joined as a Defendant in his individual capacity in these lawsuits. Plaintiffs' assertion in their supporting Memorandum at page 2 that they have been "working diligently to answer the interrogatories(and requests for production) served upon the Plaintiffs by Defendant Richardson" is unsupported by the time that has elapsed and by the fact that not a single response to any of Defendant Richardson's discovery has been received.

The Pre-Trial Order in this case set a November 7, 2005 deadline for Plaintiffs to complete the depositions of the individual Defendants was an explicit recognition by the Court

that these individual Defendants, and particularly those sued in their individual capacities, ought to have a timely opportunity to file motions for summary judgment after a reasonable opportunity for discovery has been afforded. Plaintiffs have presented no basis for the Court to alter this recognized concern – or the appropriateness of the November 7, 2005 deadline for completion of individual Defendants' depositions – particularly as that deadline pertains to Defendant Richardson and other similarly situated Defendants.

With regard to the sought-after extension pertaining to the individual Defendants' depositions, Plaintiffs cite problems with arrangements for their expert (heretofore undisclosed) to review a computer "hard drive and the servers" allegedly not produced by the Defendant City of Providence, and to receive materials subpoenaed from the Attorney General's Office and the State Police. (Plaintiffs' Memorandum, p. 3.) On September 26, 2005 counsel of record received from the Rhode Island Attorney General's office the privilege logs cited by Plaintiffs (in their Memorandum of the same date) as not having been received. Moreover, Magistrate Judge Martin has already ruled that boxes of materials provided months ago to Plaintiffs by the City of Providence are virtually identical to the materials in the possession of the Rhode Island State Police and the Attorney General's office and which are the subject of the privilege logs. Plaintiffs' also cite the delay in making arrangements for their taking the deposition of co-defendant Cianci as a reason supporting their request for enlargement of the deposition deadline to January 9, 2006.

None of these alleged delays in production were caused by Defendant Richardson. [In fact, no discovery has been propounded upon Defendant Richardson by Plaintiffs.] Plaintiffs' counsel have had ample time to review all of the documents and materials provided by the City of Providence concerning the Rhode Island State Police investigation and the Rhode Island

Attorney General's decision to not prosecute anyone for the "Total Recall" matter which is the subject of Plaintiffs' Complaints.

Plaintiffs assert in their Memorandum at page 4 that if they took the depositions of Defendant Richardson and other individual Defendants prior to November 7, 2005, "it is highly probable that Plaintiffs would need to seek to reconvene the depositions after the outstanding discovery need from the city is provided". There is simply no basis, other than idle speculation and wishful thinking on the part of Plaintiffs, that supports this "highly probable" assertion as it may apply to Defendant Richardson, his deposition, or Plaintiffs' allegations against him.

Plaintiffs' Memorandum in support of their Motion to Enlarge also cites a need for Plaintiffs' counsel to re-contact all Plaintiffs to waive all of their claims for personal injuries, adding that "[T]o date, every Plaintiff we have contacted has agreed to waive all claims for personal injuries." (See page 2 of Plaintiffs' Memorandum.) This assertion begs the question, certainly applicable under Fed. R. Civ. P. 11(b), as to why these claims for personal injuries by all Plaintiffs against all individual Defendants in both Complaints, were asserted in the first place, if there is no factual basis to support them. For Plaintiffs to then rely upon the assertion that Plaintiffs' attorneys need to contact all Plaintiffs to verify that they do not have, or wish to waive, the asserted personal injury claims as a basis for seeking an enlargement of time, is absurd.

## CONCLUSION

For all of the above reasons, Defendant Richardson asks the Court to deny that part of Plaintiffs' Motion to Enlarge that seeks to extend the time in which Plaintiffs must complete the individual Defendants' depositions beyond the November 7, 2005 deadline imposed by the Court's Pre-trial Order. (Defendant would not object to an extension of this deadline as it

pertains to Co-Defendant Cianci because of the logistical issues related to his incarceration.)

Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

and

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, LTD
132 Old River Road, suite 205
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903