UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SCANNED

THOMAS WALDEN, et al.
Plaintiffs

vs. C.A. NO. 04-304 S

CITY OF PROVIDENCE, et al.
Defendants

---

**OBJECTION OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, TO THE PLAINTIFFS' MOTION TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL PRODUCTION OF DOCUMENTS**

Now come the Defendants, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby object to the Plaintiffs' Motion to Adjudge in Contempt or Alternatively to Compel Production of Documents. The Municipal Defendants rely on the accompanying memorandum of law in support of their objection.

Defendants,

DAVID N. CICILLINE, DEAN ESSERMAN
AND THE CITY OF PROVIDENCE

By their Attorneys:

Joseph M. Fernandez,
City Solicitor

Kevin F. McHugh, (#3927)
Senior Assistant City Solicitor
Michael Calise (#6715)
Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Second Floor
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 (fax)

**CERTIFICATION**

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
Providence, Rhode Island 02903

Carolyn A. Mannis, Esq.
170 Westminster Street Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd
226 South Main Street
Providence, Rhode Island 02903

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

George J. West, Esq.
1500 Bank Boston Plaza
Providence, Rhode Island 02903

Dean Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street 7th Floor
Providence, Rhode Island 02903

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, Rhode Island 02909

I hereby certify that on the 29th day of September, 2005 I caused a true copy of the OBJECTION OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, TO THE PLAINTIFFS' MOTION TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL PRODUCTION OF DOCUMENTS to be mailed to the above-listed attorneys.

Carolyn M. Ranucci

Chmura (Walden) CA#04-533S\obj to Motion Adjudge Contempt & Compel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al.
Plaintiffs

vs. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.
Defendants

---

**MEMORANDUM OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, IN SUPPORT OF THEIR OBJECTION TO THE PLAINTIFFS' MOTION TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL PRODUCTION OF DOCUMENTS**

Now come the Defendants, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby object to the Plaintiffs' Motion to Adjudge in Contempt or Alternatively to Compel Production of Documents.

The Municipal Defendants have complied with Plaintiffs' discovery requests. The Municipal Defendants responded to Plaintiffs' Providence Police Department subpoena on April 7, 2005 and, as detailed in correspondence from the Municipal Defendants' counsel, the Municipal Defendants believed that they had satisfactorily responded to Plaintiffs' subpoena. (See correspondence dated April 7, 2005, attached as Exhibit 1).

Plaintiffs cite Rule 45 (e) of the Federal Rules of Civil Procedure as means by which the Court should hold the Municipal Defendants in contempt for their alleged failure to comply with the subpoena of March 11, 2005. Rule 45 (e) in pertinent part provides that "[f]ailure by any person without adequate excuse to obey a subpoena served

upon that person may be deemed a contempt of the court from which the subpoena issued." See Fed.R.Civ.Proc 45 (e). As evidenced by Exhibit 1, and admitted in Plaintiffs' memorandum with the statement "the City produced a large amount of documents at the records deposition," the Municipal Defendants' expressed and reasonably held belief that they had sufficiently responded to the subpoena went unquestioned through two seasons, spring and summer. Only upon the arrival of the fall have the Municipal Defendants been informed by the Plaintiffs that this alleged failure to respond exists and is cause for a holding of contempt. Even if the Municipal Defendants' response was not complete, it seems that an expressed, uncontroverted belief that it was complete constitutes an "adequate excuse" for the incomplete response and a barrier for a holding of contempt. See id.

Further, a valid subpoena places a respondent under "a duty to make in good faith all reasonable efforts to comply with it…." U.S. v. Ryan, 402 U.S. 530, 534 (1971). Until the instant motion was filed, the Municipal Defendants had no reason to suspect that the Plaintiffs considered their response a failure to act in good faith, and therefore potential grounds for a holding of contempt. Finally, the Plaintiffs have not yet offered any evidence to support such a holding, and therefore have not even begun to demonstrate, by the relevant standard of clear and convincing evidence, that the Municipal Defendants failed to respond in good faith. See In re Grand Jury Proceedings, 943 F.2d 132 (1st Cir.1991) (District Court's application of the "clear and convincing evidence" standard to determine whether a finding of contempt was proper did not constitute an abuse of discretion).

Additionally, on May 19, 2005, additional materials that were responsive to the subpoena were forwarded to the Plaintiffs when they came into the Municipal Defendants' attorneys' possession. This further demonstrates Municipal Defendants' counsel's good faith in responding to the subpoena.

In response to Plaintiffs' Request for Production of Documents, Senior Assistant City Solicitor Kevin McHugh, on behalf of the Municipal Defendants, left a voicemail message for Carolyn A. Mannis, Esq., attorney for the Plaintiffs, on August 30, 2005. In this message, Mr. McHugh invited the Plaintiffs to have their expert witness inspect the requested materials. The same invitation was extended in writing some two weeks later. (See correspondence dated September 14, 2005, attached as Exhibit 2). These invitations constitute a timely response.

To address the Request for Production individually, with respect to Requests Nos. 1, 2 and 3, the Municipal Defendants submit to this Honorable Court that their invitation to have Plaintiffs expert witness inspect these materials constitutes a complete and proper response to Plaintiffs' Requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure. With respect to Requests Nos. 4 and 5, the Municipal Defendants do not have possession, custody or control over any materials that are responsive to these requests. Also with respect to Request No. 5, the Municipal Defendants believe that the Rhode Island State Police are in possession of materials that may be responsive to this request.

Insofar as the Plaintiffs seek to have their expert take a "mirror image" of the "Total Recall" system hard drive, the Municipal Defendants object, as stated in Exhibit 2. As grounds, the Municipal Defendants aver that this would allow the expert to listen to recordings which may constitute a violation of the very same statutes relied upon in the

Plaintiffs' Complaint. The Municipal Defendants should not be required to respond in a way that could lead to additional claims being made against them. Members of the Rhode Island State Police have listened to the contents of three conversations, but only upon the receipt of releases from the conversation participants.

Finally, the Municipal Defendants state that no good-faith effort to resolve this discovery dispute was made by Plaintiffs' counsel prior to filing the Motion presently before the Court.

WHEREFORE, the Municipal Defendants pray that Plaintiffs' Motion to Adjudge in Contempt or Alternatively to Compel Production of Documents be denied.

Defendants,

DAVID N. CICILLINE, DEAN ESSERMAN
AND THE CITY OF PROVIDENCE

By their Attorneys:

Joseph M. Fernandez,
City Solicitor

Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Michael Calise (#6715)
Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Second Floor
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 (fax)

**CERTIFICATION**

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
Providence, Rhode Island 02903

Carolyn A. Mannis, Esq.
170 Westminster Street Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd
226 South Main Street
Providence, Rhode Island 02903

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

George J. West, Esq.
1500 Bank Boston Plaza
Providence, Rhode Island 02903

Dean Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street 7th Floor
Providence, Rhode Island 02903

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, Rhode Island 02909

I hereby certify that on the 29th day of September, 2005 I caused a true copy of the MEMORANDUM OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, IN SUPPORT OF THEIR OBJECTION TO THE PLAINTIFFS' MOTION TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL PRODUCTION OF DOCUMENTS to be mailed to the above-listed attorneys.

Carolyn M. Ranucci

Chmura (Walden) CA#04-533S\Memo - obj to Motion Adjudge Contempt & Compel

**JOSEPH M. FERNANDEZ**
**City Solicitor**

**DAVID N. CICILLINE**
**Mayor**

## Department of Law

April 7, 2005

Mark A. Fay, Esquire
Murphy & Fay, LLP
127 Dorrance Street
Providence, Rhode Island 02903

Re: Thomas Walden, et al. v. City of Providence
U.S. District Court C.A. No. 04-304S

Dear Mr. Fay:

Enclosed please find a copy of the Providence Police Department's file, which we present in response to the subpoena you filed which was scheduled for April 11, 2005 at 12:00 p.m. You represented to us that the presentation of this file would be accepted in lieu of an appearance at a deposition.

Thank you for your attention to this matter.

Very truly yours,

Kevin F. McHugh
Senior Assistant City Solicitor

Michael Calise
Assistant City Solicitor

Exhibit 1

JOSEPH M. FERNANDEZ
City Solicitor

DAVID N. CICILLINE
Mayor

RECEIVED
SEP 15 2005
J WILLIAM W HARSCH

**Department of Law**

September 14, 2005

Carolyn A. Mannis, Esquire
170 Westminster Street, Suite 800
Providence, Rhode Island 02903

RE: Thomas Walden v. City of Providence

Dear Ms. Mannis:

I cannot allow your expert to take a mirror image of the hard drive. However, he is free to examine the machine. Please let me know what date he is available so that we can set something up.

I look forward to hearing from you.

Very truly yours,

Kevin F. McHugh
Senior Assistant City Solicitor

KFM:cmr

Exhibit 2

275 Westminster Street, Suite 200 • Providence, Rhode Island 02903-1845
(401) 421-7740 (Voice) • (401) 751-0203 (TDD) • (401) 351-7596 (Facsimile)