UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al.
Plaintiffs

vs. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.
Defendants

---

**OBJECTION OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, TO THE PLAINTIFFS' MOTION FOR LEAVE TO TAKE THE DEPOSITION OF THE DEFENDANT, VINCENT A. CIANCI, JR.**

Now come the Defendants, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby object to the Plaintiffs' Motion to Take the Deposition of the Defendant, Vincent A. Cianci, Jr. The Municipal Defendants rely on their accompanying memorandum in support thereof.

Defendants,

DAVID N. CICILLINE, DEAN ESSERMAN AND THE CITY OF PROVIDENCE

By their Attorneys:

Joseph M. Fernandez,
City Solicitor

Kevin F. McHugh, (#3927)
Senior Assistant City Solicitor
Michael Calise (#6715)
Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Second Floor
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 (fax)

**CERTIFICATION**

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
Providence, Rhode Island 02903

Carolyn A. Mannis, Esq.
170 Westminster Street Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd
226 South Main Street
Providence, Rhode Island 02903

Susan Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

George J. West, Esq.
1500 Bank Boston Plaza
Providence, Rhode Island 02903

Dean Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street 7th Floor
Providence, Rhode Island 02903

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, Rhode Island 02909

I hereby certify that on the 30th day of September, 2005 I caused a true copy of the OBJECTION OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, TO THE PLAINTIFFS' MOTION FOR LEAVE TO TAKE THE DEPOSITION OF INMATE VINCENT A. CIANCI to be mailed to the above-listed attorneys.

Carolyn M. Ranucci

Chmura (Walden) CA#04-533S \obj to Cianci depo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al.
Plaintiffs

vs. C.A. NO. 04-304 S

CITY OF PROVIDENCE, et al.
Defendants

**MEMORANDUM OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, IN SUPPORT OF THEIR OBJECTION TO THE PLAINTIFFS' MOTION FOR LEAVE TO TAKE THE DEPOSITION OF THE DEFENDANT, VINCENT A. CIANCI, JR.**

Now come the Defendants, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby submit this memorandum of law in support of their objection to the Plaintiffs' Motion for Leave to Take the Deposition of the Defendant, Vincent A. Cianci, Jr. ("Cianci").

The Plaintiffs noticed the deposition of Cianci. Cianci filed a Motion for Protective Order, to quash the notice of deposition for oral testimony scheduled for October 7, 2005. The Motion for Protective Order was granted. The instant Motion relies upon Fed.R.Civ.Proc. 30(b)(2), which in pertinent part provides that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison...." Therefore, the applicable standard here is contained in Fed.R.Civ.Proc. 26(b)(2):

> "...The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive...or (iii) the burden or expense of the proposed

> discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

Thus, it is wholly within the Court's discretion to make this determination.

Cianci and the Municipal Defendants have suggested that the Plaintiffs propound Interrogatories to Cianci to obtain the same information that would be obtained with oral testimony. Given the substantial likelihood that Cianci will object by asserting his Fifth Amendment privilege, it appears that the Plaintiffs' attempt to obtain information by oral testimony will be in vain. The Plaintiffs have failed to articulate why the evidence to obtained from Cianci's oral testimony, even if he did not assert the privilege, would not be "obtainable from some other source that is more convenient, less burdensome, or less expensive," e.g., answers to Interrogatories. Fed.R.Civ.Proc. 26(b)(2). Nor have the Plaintiffs articulated why "the burden or expense of the proposed discovery [does not outweigh] its likely benefit." Id.

Deposing the Mayor to allow him to assert his Fifth Amendment privilege would likely result in the exact same evidence that would be obtained from Cianci's written responses. The deposition would merely provide the same evidence that could be obtained from the deponent in a different form.

This issue was addressed by the Court in Young v. City of Providence, 301 F. Supp. 2d 163 (D.R.I. 2004) (Lisi, J.). In Young, Judge Lisi denied the Plaintiff's Motion requesting leave to conduct a videotaped deposition of Cianci. Cianci had previously asserted his Fifth Amendment privilege in answering Interrogatories. Given the substantial unlikelihood that the deposition would yield admissible evidence, Judge Lisi

denied the Plaintiff's motion (attached hereto as Exhibit A is a copy of the *Order* dated June 30, 2003).

Finally, but not insignificantly, considering the controlling legal standard, *supra*, the Municipal Defendants object to the Plaintiffs' motion on the grounds that, if the motion is granted, it will result in a substantial expense to the City of Providence. A simple review of the Certification below demonstrates the large number of attorneys who have entered their appearance on behalf of the numerous parties. The legal defense of every defendant has been and continues to be funded by the City of Providence. The requested deposition will require the presence of most if not all of the attorneys in New Jersey, causing much inconvenience and expense. Too, given the probability that Cianci will plead the Fifth Amendment in response to questions posed makes this situation even more burdensome and unnecessarily costly to the defense, quite a relevant inquiry under the controlling legal standard of Fed.R.Civ.Proc. 26(b)(2).

WHEREFORE, the Municipal Defendants pray that this Honorable Court deny Plaintiffs' Motion for Leave to Take the Deposition of the Cianci.

Defendants,

DAVID N. CICILLINE, DEAN ESSERMAN
AND THE CITY OF PROVIDENCE

By their Attorneys:

Joseph M. Fernandez,
City Solicitor

Kevin F. McHugh, (#3927)
Senior Assistant City Solicitor
Michael Calise (#6715)
Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Second Floor
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 (fax)

**CERTIFICATION**

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
Providence, Rhode Island 02903

Carolyn A. Mannis, Esq.
170 Westminster Street Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd
226 South Main Street
Providence, Rhode Island 02903

Susan Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

George J. West, Esq.
1500 Bank Boston Plaza
Providence, Rhode Island 02903

Dean Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street 7th Floor
Providence, Rhode Island 02903

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, Rhode Island 02909

I hereby certify that on the 30th day of September, 2005 I caused a true copy of the MEMORANDUM OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, IN SUPPORT OF THEIR OBJECTION TO THE PLAINTIFFS' MOTION FOR LEAVE TO TAKE THE DEPOSITION OF THE DEFENDANT, VINCENT A. CIANCI, JR., to be mailed to the above-listed attorneys.

Carolyn M. Ranucci

Chmura (Walden) CA#04-533S \memo - obj to Cianci depo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LEISA YOUNG, in her Capacity
as Administratrix of the Estate
of Cornel Young, Jr.

v.

CA 01-288ML

CITY OF PROVIDENCE by and
through its treasurer, STEPHEN
NAPOLITANO, et al.

ORDER

This matter is before the Court on Plaintiff's Motion requesting leave to conduct a videotaped deposition of Vincent A. Cianci ("Cianci"). Cianci is not a party to the action; he is identified only as a witness. Plaintiff has attached as an exhibit to her Motion, a document entitled "Deponent Vincent A. Cianci's Objections to Plaintiff's First Set of Depositions Upon Written Questions." In that "Objection", Cianci, through counsel, "objects to each and every question . . . on the grounds that the questions would require the deponent to invoke his 5th Amendment privilege under the Constitution of the United States." In the alternative, Cianci, through counsel, purports to invoke "his 5th Amendment right as to each question."

The City objects to the Motion for a videotaped deposition.

For the reasons set forth below, Plaintiff's Motion is DENIED:

On May 6, 2003, this Court issued an Order which permitted Plaintiff to take Cianci's deposition upon written questions pursuant to Fed. R. Civ. P. 31. The Order for a deposition on written questions was based in part on Cianci's status as an

incarcerated inmate at a federal prison in New Jersey. Plaintiff's instant Motion is premised on her erroneous conclusion that Cianci has effectively invoked his Fifth Amendment privilege against self-incrimination. "The privilege cannot be invoked on a blanket basis." U.S. v. Castro, 129 F.3d 226, 229 (1st Cir. 1997) "It operates question by question . . . [and] the district court must conduct a 'particularized inquiry.'" Id. (quoting United States v. Pratt, 913 F.2d 982, 990 (1st Cir. 1990)).

Plaintiff also asserts that a "videotaped deposition is the most cost effective means of gathering evidence that plaintiff will seek to introduce at trial." Pl.'s Mem. Supp. Mot. Videotaped Dep. at 3. The admissibility of a non-party's invocation of his Fifth Amendment privilege as against the municipal defendant in this case is questionable at best. See Veranda Beach Club Ltd. P'ship v. W. Sur. Co., 936 F.2d 1364 (1st Cir. 1991).

For these reasons, Plaintiff's Motion to take a videotaped deposition of Vincent A. Cianci is DENIED.

SO ORDERED:

Mary M. Lisi
United States District Judge
June 30, 2003