UNITED STATES DISTRICT CORUT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, ET ALS | : | |
| | : | |
| VS | : | C.A. No.: 04-304S |
| | : | |
| CITY OF PROVIDENCE, by and through STEVEN T. NAPOLITANO, ET ALS | : | |
| JOHN C. CHMURA, ET ALS | : | |
| | : | |
| VS | : | C.A. No.: 04-553S |
| | : | |
| CITY OF PROVIDENCE, by and through STEVEN T. NAPOLITANO, its Treasurer, ET ALS | : | |

**OBJECTION TO PLAINTIFFS' MOTION TO TAKE DEPOSITION PURSUANT TO RULE 30(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant makes this objection pursuant to the reasons set forth in its Memorandum of Law incorporated herein by reference.

George J West

George J. West, #3052
One Financial Plaza, Suite 1500
Providence, RI 02903
401-861-9042
401-861-0330 fax

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 30th day of September, 2005, mailed a copy of the foregoing, first class mail, postage prepaid to the parties listed on Exhibit A attached hereto and made a part hereof.

George J West

EXHIBIT A

Counsel of Record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
2nd Floor
Providence, Rhode Island 02903

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione
Scungio & McAllister, LLP
362 Broadway
Providence, Rhode Island 02909

Carolyn A. Mannis, Esq.
170 Westminster Street
Suite 800
Providence, Rhode Island 02903

Kevin F. McHugh, Esq.
Assistant City Solicitor
City of Providence
275 Westminster Street, 2nd Floor
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, Rhode Island 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center – Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

UNITED STATES DISTRICT CORUT FOR THE
DISTRICT OF RHODE ISLAND

THOMAS WALDEN, ET ALS :
:
VS : C.A. No.: 04-304S
:
CITY OF PROVIDENCE, by:
and through STEVEN T. :
NAPOLITANO, ET ALS :

JOHN C. CHMURA, ET ALS :
:
VS : C.A. No.: 04-553S
:
CITY OF PROVIDENCE, by:
and through STEVEN T. :
NAPOLITANO, its :
Treasurer, ET ALS :

**MEMORANDUM IN SUPPORT OF DEFENDANT, VINCENT A. CIANCI'S OBJECTION TO PLAINTIFFS' MOTION TO TAKE DEPOSITION**

Plaintiffs' have moved to take the deposition of a person confined in prison. Such a deposition can only be taken upon a court order.[1] Among the concerns which the rule addresses; the primary one is to prevent unnecessary disruption of the administration of the penal institution. Id. Another general concern is the expense and organizational demands taking an oral deposition would entail. Finally some consideration ought also to be give to the likely outcome of such a deposition. In Court conferences on this matter and indeed in his affirmative defenses, defendant has raised the point that at the times

---

[1] 7-30 Moore's Federal Practice - Civil § 30.05, § 30.05 Leave of Court to Take Depositions [1]-- When Leave of Court Is Required
[a]-- Deponent In Prison
A party must obtain leave of court to take the deposition of a person who is confined in prison.1 Unlike in other situations in which leave of court is required, there is no provision for the parties to stipulate to the deposition without leave of court. It appears that the court's permission is always required when a party wants to take the deposition of an incarcerated person.

when the alleged acts complained of, in the complaint, appear to have occurred, the same were after the Defendant left office. The defendant was sentenced on or about Sept. 6, 2002 and was for the most part moved out before hand. The defendant as Mayor was not involved in procurement, selection, installation, maintenance, supervision and/or operation of the so-called "Total Recall" system. The defendant, in his former role as Mayor, executive function in the general construction and outfitting of the Public Safety Building would have been limited to that required in his official capacity generally as Chairman of the Board of Contract and Supply. A Board which typically the Mayor would not attend due to the press of other business. Lastly he would have the role of signing contracts and leases for the City, again a role related to has function as the executive. It should be noted that the State Police in their findings and conclusions show that the Mayor had no role in this matter, that the matter of the installation and use of the recording device did not go beyond Director of Communications Manuel Vieira and further that the evidence suggests that the entire procurement, installation and use was not performed in a surreptitious manner. It appears that the general consensus of the personnel within the Providence Public Safety Complex and Communications Center was that the telephones were being recorded. The fact of the recording device was discussed openly. Major Simoneau of the Providence Police department sent an e-mail to all members of the Providence Police Department and Communications Center on July 22, 2002 notifying over 500 employees to whom it was sent and received of the fact of recording.

It is suggested that in this circumstance it would be an appropriate use of resources and limit the burden on the penal institution and the expense to the City, if the

Plaintiff first propounded written deposition questions, pursuant to F.R.C.P. Rule 31, to the defendant to ascertain if he has any knowledge of this matter and the extent of this same, if any.[2] Here clearly he was not involved with the taping system. Plaintiffs' can obtain information on his lack of knowledge about Total Recall through the deposition upon written questions. In the event that the answers rendered show a need for further examination then, in that circumstance, an oral deposition could be considered. [3]

---

[2]Rule 31. Depositions Upon Written Questions

(a) Serving Questions; Notice.
(1) A party may take the testimony of any person, including a party, by deposition upon written questions without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45.
(2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties.
(A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by third-party defendants;
(B) the person to be examined has already been deposed in the case; or
(C) a party seeks to take a deposition before the time specified in Rule 26(d).
(3) A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or private corporation or a partnership or association or governmental agency in accordance with the provisions of Rule 30(b)(6).
(4) Within 14 days after the notice and written questions are served, a party may serve cross questions upon all other parties. Within 7 days after being served with cross questions, a party may serve redirect questions upon all other parties. Within 7 days after being served with redirect questions, a party may serve recross questions upon all other parties. The court may for cause shown enlarge or shorten the time.

(b) Officer to Take Responses and Prepare Record. A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly, in the manner provided by Rule 30(c), (e), and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the officer.

(c) Notice of Filing. When the deposition is filed the party taking it shall promptly give notice thereof to all other parties.

[3] Depositions upon written questions can be used effectively before oral depositions, by stipulation or court order, to determine if subsequent oral deposition is necessary. 7-31 Moore's Federal Practice - Civil § 31.02

The procedure of first resorting to written deposition questions was utilized in connection with United States District Court for District of Rhode Island case of Leisa Young v. City of Providence C. A. 01-288ML in the circumstance of obtaining the former Mayor's testimony. In Young because of the status of the witness's criminal case the witness was asserting his 5th amendment rights to the questions.[4] (See copy of Order attached and incorporated by reference) The Court in Young permitted the plaintiff's to take Mr. Cianci's depositon upon written questions pursuant to Fed. Rule of Civil Procedure Rule 31. The Court explained that the Order for a deposition on written questions was based in part on Mr. Cianci's status as an incarcerated inmate in a federal prison in New Jersey. After issuing the order and the apparent issuance of the written deposition, the defendant there, objected to the questions as rendered which he asserted forced him to assert his fifth amendment rights. In the alternative to his objection he through counsel asserted his fifth amendment right to all the questions posed. Upon receiving this response Plaintiff in Young moved to take a video taped deposition of Mr. Cianci. In denying the plaintiff's motion to take a video tape deposition the Court, United States District Judge, Mary M. Lisi, held that the defendant had not invoked his Fifth Amendment rights in his objections to the deposition question. The court noted that the Fifth Amendment privilege can not be invoked in a blanket manner, but operates on a question by question basis citing both U.S. v. Castro, 129 F.3d 226, 229 (1st Cir. 1997 and United States v. Pratt 913 F.2d 982, 990 (1st 1990).

---

See Consolidated Rail Corp. v. Primary Indus. Corp., 92 Civ. 4927 (PNL), 92 Civ. 6313 (PNL), 1993 U.S. Dist. LEXIS 12600 (S.D.N.Y. Sept. 10, 1993) (plaintiff permitted to depose executives by written questions to ascertain if they had unique knowledge pertinent to issues in cases, warranting live depositions); see also Winbourne v. Eastern Air Lines, Inc., 632 F.2d 219, 226 (2d Cir. 1980) (initially, defendant required to depose decedent's next of kin on written questions).

[4] In Young, Mr. Cianci was not a party

Here, the Magistrate Judge in his order relative to this matter noted that a determination by Mr. Cianci about his potential reliance on his Fifth Amendment rights, in the form possibly of an affidavit, would help determine the plaintiff's need for a deposition. As the court in Young noted a blanket assertion would be ineffective. Further it is not clear here what questions would be posed to the defendant given his apparent lack of involvement with the essential facts of this case. The defendant would be hard pressed at this point to determine whether to make such an assertion.[5]

Clearly here there are some special advantages to proceeding by means of depositions upon written questions as opposed to an oral deposition. First in general terms depositions upon written questions are considerably less expensive than oral depositions. Courts have found depositions under Rule 31 to be particularly appropriate when the expected result of an oral deposition may be outweighed by its cost. There are situations when courts have granted a motion for a protective order requiring a deposition upon written questions, as opposed to an oral deposition, when the effort or cost of taking an oral deposition might not be necessary to elicit the information sought. See 7-31 Moore's Federal Practice - Civil § 31.02, See DBMS Consultants v. Computer Assocs. Int'l, 131 F.R.D. 367, 370 (D. Mass. 1990) (noting that deposition on written questions could be used to elicit information sought by plaintiff, without the "attendant time, travel and money constraints" of an oral deposition). Consolidated Rail Corp. v. Primary Indus. Corp., 92 Civ. 4927 (PNL), 92 Civ. 6313 (PNL), 1993 U.S. Dist. LEXIS 12600

[5] Counsel would note further that discussing what posture the defendant would take on the matter is limited currently due to telephonic restrictions between his office and the defendant. The same are being resolved through internal requests at the facility.

(S.D.N.Y. Sept. 10, 1993) (plaintiff permitted to depose executives by written questions to ascertain if they had unique knowledge pertinent to issues in cases, warranting live depositions); see also Winbourne v. Eastern Air Lines, Inc., 632 F.2d 219, 226 (2d Cir. 1980) (initially, defendant required to depose decedent's next of kin on written questions).

Certainly where F.R.C.P. Rule 30(a) (2) mandates that a deposition of a person in prison can only be done with leave of court, the court may fashion the appropriate manner[6] of taking the depositon as Judge Lisi did in Young. Here defendant submits it makes good sense to use in the first instance deposition on written questions to determine whether the defendant has any knowledge about the subject matter or determines based on the actual questions posed whether he wishes to assert any privilege he may have.

Respectfully submitted
Vincent A. Cianci
By his attorney

George J. West, Esq #3052
One Financial Plaza
Suite 1500
Providence, RI 02903
Tel. 401-861-9042
Fax. 401-861-0330

[6] See USCS Fed Rules Civ Proc R 26 (b)(2)and (c) Protective Orders.

Certificate

I, the undersigned, hereby certify that I have this 30th day of September, 2005, mailed a copy of the foregoing, first class mail, postage prepaid to the parties listed on Exhibit A attached hereto and made a part hereof.

George J. West

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LEISA YOUNG, in her Capacity
as Administratrix of the Estate
of Cornel Young, Jr.

v. CA 01-288ML

CITY OF PROVIDENCE by and
through its treasurer, STEPHEN
NAPOLITANO, et al.

**ORDER**

This matter is before the Court on Plaintiff's Motion requesting leave to conduct a videotaped deposition of Vincent A. Cianci ("Cianci"). Cianci is not a party to the action; he is identified only as a witness. Plaintiff has attached as an exhibit to her Motion. a document entitled "Deponent Vincent A. Cianci's Objections to Plaintiff's First Set of Depositions Upon Written Questions." In that "Objection", Cianci, through counsel, "objects to each and every question . . . on the grounds that the questions would require the deponent to invoke his 5th Amendment privilege under the Constitution of the United States." In the alternative, Cianci, through counsel, purports to invoke "his 5th Amendment right as to each question."

The City objects to the Motion for a videotaped deposition.

For the reasons set forth below, Plaintiff's Motion is DENIED:

On May 6, 2003, this Court issued an Order which permitted Plaintiff to take Cianci's deposition upon written questions pursuant to Fed. R. Civ. P. 31. The Order for a deposition on written questions was based in part on Cianci's status as an

incarcerated inmate at a federal prison in New Jersey. Plaintiff's instant Motion is premised on her erroneous conclusion that Cianci has effectively invoked his Fifth Amendment privilege against self-incrimination. "The privilege cannot be invoked on a blanket basis." U.S. v. Castro, 129 F.3d 226, 229 (1st Cir. 1997) "It operates question by question . . . [and] the district court must conduct a 'particularized inquiry.'" Id. (quoting United States v. Pratt, 913 F.2d 982, 990 (1st Cir. 1990)).

Plaintiff also asserts that a "videotaped deposition is the most cost effective means of gathering evidence that plaintiff will seek to introduce at trial." Pl.'s Mem. Supp. Mot. Videotaped Dep. at 3. The admissibility of a non-party's invocation of his Fifth Amendment privilege as against the municipal defendant in this case is questionable at best. See Veranda Beach Club Ltd. P'ship v. W. Sur. Co., 936 F.2d 1364 (1st Cir. 1991).

For these reasons, Plaintiff's Motion to take a videotaped deposition of Vincent A. Cianci is DENIED.

SO ORDERED:

Mary M. Lisi
Mary M. Lisi
United States District Judge
June 30, 2003

**EXHIBIT A**

Counsel of Record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
2nd Floor
Providence, Rhode Island 02903

Carolyn A. Mannis, Esq.
170 Westminster Street
Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione
Scungio & McAllister, LLP
362 Broadway
Providence, Rhode Island 02909

Kevin F. McHugh, Esq.
Assistant City Solicitor
City of Providence
275 Westminster Street, 2nd Floor
Providence, Rhode Island 02903

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, Rhode Island 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center – Suite 205
132 Old River Road
Lincoln, Rhode Island 02865