**UNITED STATE DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**DEFENDANT JOSEPH RICHARDSON'S RULE 37(b)(2)(C) MOTION FOR ENTRY OF JUDGMENT OF DISMISSAL AGAINST ALL PLAINTIFFS [IN WALDEN] FOR FAILURE TO COMPLY WITH CONDITIONAL ORDER OF DISMISSAL OR ALTERNATIVE MOTION TO STRIKE**

Now comes the Defendant Joseph Richardson, by and through his attorneys, and pursuant to Fed. R. Civ. P. 37(b)(2)(C), hereby moves the Court for Entry of Judgment of Dismissal against each of the 118 Plaintiffs in the Walden case, C.A. No. 04-304S, for Plaintiffs' failure to Comply with the Court's July 27, 2005 Conditional Order of Dismissal requiring said Plaintiffs to answer the interrogatories served upon them on November 17, 2004 by October 1, 2005 (extended by agreement to October 4, 2005). It is submitted that the answers to interrogatories submitted by all of said Plaintiffs are so improper, both as to form and as to content, that they are insufficient to purge the Plaintiffs from the automatic dismissal of their Complaint required by the terms of the Court's July 27, 2005 Order.

In the alternative, also pursuant to Fed. R. Civ. P. 37(b)(2)(C), Plaintiffs move to strike as

unresponsive and improper that portion of said Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 15, 16, 17 & 18, which apparently seek to shield from disclosure the sought-after facts by using the phrase "other than privileged information provided to me by my attorneys" after each Plaintiff has stated that he or she has no personal knowledge of any facts responsive to the interrogatory.

All 118 Walden Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 16, 17 & 18 are identical. A representative copy of the set of the answers to interrogatories served upon all Walden Plaintiffs is appended as Exhibit A to the accompanying Memorandum of Law.

A Memorandum of Law in support of the instant motion is filed simultaneously herewith.

Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: October 14, 2005

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

[signature]

**UNITED STATE DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**DEFENDANT JOSEPH RICHARDSON'S RULE 37(b)(2)(C) MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT OF DISMISSAL AGAINST ALL PLAINTIFFS [IN WALDEN] FOR FAILURE TO COMPLY WITH CONDITIONAL ORDER OF DISMISSAL OR ALTERNATIVE MOTION TO STRIKE**

Now comes the Defendant Joseph Richardson, by and through his attorneys, and pursuant to Fed. R. Civ. P. 37(b)(2)(C), hereby supports his Motion Court for Entry of Judgment of Dismissal against each of the 118 Plaintiffs in the Walden case, C.A. No. 04-304S, for Plaintiffs' failure to Comply with the Court's July 27, 2005 Conditional Order of Dismissal requiring said Plaintiffs to answer the interrogatories served upon them on November 17, 2004 by October 1, 2005 (extended by agreement to October 4, 2005). This Memorandum is also intended to support Defendant Richardson's alternative Motion to Strike pursuant to Fed. R. Civ. P. 37(b)(2)(C) as unresponsive and improper that portion of said Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 15, 16, 17 & 18, which apparently seek to shield from disclosure the sought-after facts by using the phrase "other than privileged information provided

to me by my attorneys" after each Plaintiff has stated that he or she has no personal knowledge of any facts responsive to the interrogatory. (See Exhibit A hereto.)

**Introduction**

Defendant Richardson was named as a Defendant in both his former official capacity as the Deputy Director of the Department of Communications for the Defendant City of Providence, and also in his individual capacity. No facts are alleged in the Complaint supporting Defendant Richardson's joinder as a Defendant in either capacity. Defendant Richardson propounded interrogatories to all 118 Plaintiffs in the Walden case on November 17, 2004. No response of any kind was forthcoming. A Motion to Compel answers to interrogatories was filed by Defendant Richardson and granted by Order dated February 2, 2005. This Order required Plaintiffs to file answers to the interrogatories on or before June 1, 2005. After the Walden Plaintiffs failed to file any answers to interrogatories by June 1, 2005 as ordered, Defendant Richardson sought and received an Order dated July 27, 2005 which stated that all Walden Plaintiffs' Complaint would be dismissed automatically unless said Plaintiffs filed their answers to interrogatories on or before October 1, 2005. (Defendant Richardson, on request of Plaintiffs' counsel, agreed to extend the time for compliance with the Conditional Order of Dismissal up to and including October 4, 2005.) On October 4, 2005, all 118 Walden Plaintiffs served their "answers" to Defendant Richardson's interrogatories.

These "answers" to the interrogatories, except for interrogatory 1, are identical for all of the 118 Walden Plaintiffs. Exhibit A hereto is representative of each of the 118 sets of "answers" to interrogatories for these Plaintiffs. Defendant Richardson is now asking the Court to review these "answers" to interrogatories in order to determine if they are sufficient, in both form and substance, for Plaintiffs to purge themselves of the automatic dismissal of their

Complaint against Defendant Richardson for failing to serve responsive answers to his interrogatories as ordered on July 27, 2005. In the alternative, the instant Motion asks the Court to strike the phrase "other than privileged information provided by my attorneys" in answers to interrogatories numbered 2, 3, 4, 7, 14, 15, 17, & 18 by all 118 Walden Plaintiffs.

**Argument**

**1. The Court Should Enter a Judgment of Dismissal Against the Walden Plaintiffs as to Defendant Richardson For Failure to Comply with the July 27, 2005 Conditional Order.**

**(a.) Improper Claims of Privilege in Withholding Discoverable Facts**

Under Fed. R. Civ. P. 37(b)(2)(C) the Court has authority to enter judgment of default or dismissal against a party who has disobeyed one or more discovery orders. The same Rule 37(a) and (b)(2)(C) gives the Court the authority to strike the whole or parts of pleadings, or in this case, answers to interrogatories if they are sanctionable following disobedience to an Order of the Court. Both sanctions are appropriate in this case. Defendant Richardson has been waiting for almost one year since propounding his interrogatories upon the Walden Plaintiffs to determine why he was sued and what facts, if any, Plaintiffs have which support his joinder as a Defendant in either his former official capacity or individually. Almost eleven months after asking for this discovery, and following two Orders of the Court compelling the Walden Plaintiffs to furnish these facts, Defendant Richardson still has no idea why he has been sued. The court's attention is invited to Plaintiff Walden's answer to interrogatory 2 (Exhibit A), which is the same for all other 117 Walden Plaintiffs, and which reads as follows:

> 2. ***Please set forth all of the facts which support in any way your inclusion of Joseph Richardson as a named Defendant in your Complaint and addressed specifically to his former official capacity as Deputy Director of the Communications Department for the City of Providence.***

*Answer No. 2:* ***I have no personal knowledge of any facts which support the inclusion of Joseph Richardson as a named defendant in the Complaint other than privileged information provided to me by my attorneys.*** (Emphasis added.)

The same answer was given to interrogatory 3 by all Walden Plaintiffs in response to a request for all facts supporting the joinder of Defendant Richardson in his individual capacity. (See Exhibit A). Identical answers were given to several other interrogatories seeking discovery of facts and witnesses. (See answers to interrogatories 4, 7, 14, 15, 16, 17 & 18.)

It is respectfully submitted that a statement by each Walden Plaintiff, under oath, that he or she has no personal knowledge of any facts supporting their joinder of Defendant Richardson is outrageous on its face. Fed. R. Civ. P. 11 (b), *inter alia,* does not permit allegations or other factual contentions with no evidentiary support, particularly after a reasonable opportunity for discovery of such evidentiary support. See also Fed. R. Civ. P. 26(g)(1) which requires all discovery responses to be complete and correct as of the time they are made. The attempt to buffer this complete lack of factual or evidentiary support for their allegations against Defendant Richardson by adding the phrase "other than privileged information provided by my attorneys" to the answers to interrogatories cited above, is both improper and unresponsive to the Rules of Civil Procedure and, more importantly, to the Court's Orders of February 2, 2005 and July 27, 2005.

Fed. R. Civ. P. 33(b)(1) requires that each interrogatory be answered "fully" unless objected to. It should be noted that none of Defendant Richardson's interrogatories were objected to and no claim of privilege was asserted in the manner required by Fed. R. Civ. P. 26 (b)(5). [Indeed, any opportunity to object or claim privilege was waived by Plaintiffs by their failure to do so within the thirty day period required by Fed. R. Civ. P. 33(b)(3) and by the entry

of the Court's Orders of February 2 and July 27, 2005.] It is axiomatic that when answering interrogatories requiring the disclosure of material facts known to either the represented party or to that party's attorneys, those facts must be disclosed in the answers to interrogatories. See, e.g., Hickman v. Taylor, 329 U.S. 495, 504 (1947); and General Dynamics Corp. v. Selb Mfg. Co., 481 F. 2d 1204, 1210-11 (8th Cir. 1973), cert. denied, 414 U.S. 1162 (1974).

Either there are no facts known to Plaintiffs and their attorneys supporting the allegations against Defendant Richardson, or there are such facts. If there are such facts, they must be disclosed, particularly when they are specifically requested. There is no basis for the Court to assume there are such facts in existence that might be privileged. Even if there was a basis for such an assumption, any such claim of privilege connected to these answers to interrogatories has been waived by Plaintiffs, and the requested material facts should have been identified in their "answers". Plaintiffs specifically acknowledged to the Court that they had no objections to Defendant Richardson's interrogatories. (See Plaintiffs' Memorandum of Law in Support of Their Objection to Defendant Richardson's Motion to Compel Answers to Interrogatories dated January 11, 2005 at page 1, which states "Plaintiffs do not object to answering the onerous interrogatories interposed by Richardson".) In the "answers" that were filed, no objections were interposed. Having waived any objections by failing to provide timely responses, Plaintiffs now attempt to make the passing reference to privilege – not objections – in answers numbered 2, 3, 4, 7, 14, 16, 17 & 18 in an attempt to avoid saying they have no facts, or in an attempt to now shield material facts through an improper mechanism. It is axiomatic that a claim of privilege can only be raised through a timely objection that is accompanied by sufficient information to allow the court to rule intelligently on the privilege claimed. Marx v. Kelly, Hart & Hallman, 929 F. 2d 8, 12 (1st 1991). Plaintiffs have failed in both regards.

Having failed to provide complete answers to interrogatories as required by the Federal Rules of Civil Procedure, and by the Court's Orders of February 2, 2005 and July 27, 2005, the 118 Walden Plaintiffs have failed to submit proper answers to interrogatories as ordered. Accordingly, the automatic dismissal of the Walden Complaint as to Defendant Richardson should be deemed to have occurred on October 4, 2005. The Court should enter Final Judgment on behalf of Defendant Richardson and against all Walden Plaintiffs under the terms of the July 27, 2005 Order on this basis alone.

**(b.) Lack of Factual Support for Other Allegations by All (Walden) Plaintiffs**

The Court's attention also is invited to the Walden Plaintiffs' answers to interrogatories 9, 10, and 19 (Exhibit A), which state in response to queries concerning the personal injuries all 118 Walden Plaintiffs claimed in paragraphs 116, 118 120, 122, 124, and 126 of their Complaint, that "I am not claiming any personal injuries". These answers beg the question: why were personal injuries asserted by all 118 Walden Plaintiffs when none of them are claiming personal injuries? This appears to be a variation of the same problem Plaintiffs encountered in supporting their Complaint by giving their responses to interrogatories 2, 3, 4, 7, 14, 15, 16, 17, and 18. Deficient as they may reveal Plaintiffs' compliance with Fed. R. Civ. P. 11, in terms of factual support for the Complaint's allegations of personal injuries to be, at least these answers to interrogatories 9, 10 and 19 are far more candid than those given in response to interrogatories 2, 3, 4, 7, 14, 15, 16, 17 & 18.

**(c.) Other Deficiencies in the Form of the Served Answers to Interrogatories**

The facial and substantive deficiencies of the Walden Plaintiffs' answers to interrogatories do not stop there. The Court should examine the 118 Walden Plaintiffs' (identical) answers to interrogatory 13 (see Exhibit A), which refer explicitly to the Court's June

6, 2005 Amended Pre-trial Order signed by Judge Smith. Of the 118 sets of answers to interrogatories, **90 of them – 76% – were signed and notarized *prior to* the creation and entry of Judge Smith's June 6, 2005 Amended Pre-trial Order.** (The answers to interrogatories 5 and 6 also include time specific events that in many cases also occurred after many of the 90 sets of answers to interrogatories were signed and notarized.) The use of this mechanism of altering or amending answers to interrogatories after they were signed under oath by 90 of the Plaintiffs before a notary public, with no explanation or attempt to demonstrate that each of the 90 Plaintiffs in question ratified the amended response(s) after signature and notarization, constitutes in each case a serious transgression and a self-explanatory breach of the Rules of Civil Procedure, among other legal standards that are obvious and need not be further identified for purposes of this filing. For purposes of this Motion, however, the 90 sets of answers to interrogatories in question should be stricken on their face, which in turn should trigger the July 27, 2005 Conditional Order of Dismissal's entry of judgment as to the 90 Plaintiffs whose "answers" were signed and notarized prior to June 6, 2005.

### 2. Alternatively, the Court Should Strike a Portion of Plaintiffs' Answers to Interrogatories 2, 3, 4, 7, 14, 16, 17 & 18 As Improper and Non-Responsive.

For the reasons and authorities set forth above, and in the absence of the Court's entering a Judgment of Dismissal as to Defendant Richardson and against all of the Walden Plaintiffs, Defendant Richardson asks that the Court Order that the phrase "other than privileged information provided by my attorneys" be ordered stricken from all of the 118 Walden Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 16, 17 & 18.

## Conclusion

For all of the reasons set forth above, the Defendant Richardson asks the Court to enter a

Judgment of Dismissal as against all 118 Walden Plaintiffs, or in the alternative, against the 90 Plaintiffs whose "answers" were signed and notarized prior to June 6, 2005 hereto. In the absence of either of these prayed-for judgments, the Defendant Richardson requests that the Court order stricken from the Walden Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 16, 17 & 18 the phrase "other than privileged information provided by my attorneys", and that it award Defendant Richardson such other and further relief as it deems appropriate..

Respectfully submitted,
Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

and

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: October 14, 2005

## CERTIFICATE OF SERVICE

I certify that on October 14, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

[signature]

EXHIBIT A

**UNITED STATE DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THOMAS WALDEN, ET ALS | : | |
| VS. | : | C.A. NO.: 04-304S |
| CITY OF PROVIDENCE, ET ALS | : | |
| JOHN C. CHMURA, ET ALS | : | |
| VS. | : | C.A. NO.: 04-553S |
| CITY OF PROVIDENCE, ET ALS | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT JOSEPH RICHARDSON'S FIRST SET OF INTERROGATORIES**

1. Please state your name, other names you have gone by, home address, marital status, occupation(s) and current place of work.

**ANSWER NO.1: Thomas Walden; 103 Central Pike, Foster, RI 02825; Married; Firefighter; City of Providence.**

2. Please set forth all of the facts which support in any way your inclusion of Joseph Richardson as a named Defendant in your Complaint and addressed specifically to his former official capacity as Deputy Director of the Communications Department for the City of Providence.

**ANSWER NO.2: I have no personal knowledge of any facts which support the inclusion of Joseph Richardson as a named defendant in the Complaint other than privileged information provided to me by my attorneys.**

3. Please set forth all of the facts which support in any way your inclusion of Joseph Richardson as a named Defendant in your Complaint and addressed specifically to his being names individually as a Defendant.

**ANSWER NO.3: I have no personal knowledge of any facts which support the inclusion of Joseph Richardson, individually, as a named defendant in the Complaint other than privileged information provided to me by my attorneys.**

4. Please set forth all of the facts in your possession, custody and/or control which support in any way Defendant Richardson's alleged involvement or participation in the procurement, selection, installation, maintenance, supervision and/or operation of the so-called "Total Recall" system referenced in Plaintiffs' Complaint.

**ANSWER NO.4: I have no personal knowledge of any facts which support Defendant Richardson's alleged involvement or participation in the procurement, selection, installation, maintenance, supervision and/ or operation of the so called "Total Recall" system other than privileged information provided to me by my attorneys**

5. Please describe by date and by identity of the participants involved, each and every occasion on which you and/ or any of the Plaintiffs had a telephone conversation, or a portion thereof, that was actually listened to by anyone who was not a party to the telephone conversation, either contemporaneously or subsequently, and that is related in any way to the allegations in Plaintiffs' Complaint.

**ANSWER NO.5:` Discovery is not yet complete. Upon conclusion of discovery this answer will supplemented. Plaintiffs' counsel has requested documentation and computer files from the City of Providence in regard to the "Total Recall" system which will provide more information in regard to the above interrogatory. To date, the City of Providence has failed to provide the documentation and/ or information.**

6. Please describe by date and by identity of the participants involved, each and every occasion on which you and/ or any of the Plaintiffs had a telephone conversation, or a portion thereof, that was actually listened to by Defendant Joseph Richardson, or by anyone acting on his behalf, either contemporaneously or subsequently, and that is related in any way to the allegations in Plaintiffs' Complaint.

**ANSWER NO.6: Discovery is not yet complete. Upon conclusion of discovery this answer will supplemented. Plaintiffs' counsel has requested documentation and computer files from the City of Providence in regard to the "Total Recall" system which will provide more information in regard to the above interrogatory. To date, the City of Providence has failed to provide the documentation and/ or information.**

7. Please give a detailed factual description of every occasion in which Defendant Joseph Richardson acted outside of the scope of his official capacity with the City of Providence at any time and in any way that relates the to the subject matter of Plaintiffs' Complaint.

**ANSWER NO.7: I have no personal knowledge in regard to on what occasions Defendant Richardson acted outside the scope of his official capacity with the City of Providence other than privileged information provided to me by my attorneys.**

8. Please identify each and every statement made by Defendant Joseph Richardson which pertains to the subject matter of the instant Complaint, and for each statement so identified, provide the date of the statement, the place of the statement, the substance of the statement, and the identity (by name and address) of each person present when each such statement allegedly was made by Defendant Richardson.

**ANSWER NO.8: The Defendant Joseph Richardson did not personally make any statements to me which pertain to the subject matter of this Complaint.**

9. Please describe in detail the nature of each component and/ or symptom of personal injury you experienced as a result of the Defendants' actions and as alleges in the Complaint, and for each such component and/ or symptom of personal injury, please identify by name, address and specialty each and every health care provider you consulted, treated with, or otherwise visited as a result of said personal injury, and provide the dates of each such consultation, treatment or visit.

**ANSWER NO.9: I am not claiming any personal injuries as a result of the allegations contained in the Complaint.**

10. With regard to each component and/ or symptom of personal injury described in your response to Interrogatory 9, above, please state whether or not you had ever experienced any similar component and/ or symptom of personal injury prior to your discovery of the matters described in your Complaint related to the "Total Recall" system, and if your answer is in the affirmative, identify each previously experienced component and/ or symptom of personal injury, its cause and origin, and provide the name, address, and dates of treatment of each and every health care provider with whom you consulted, treated or visited as a result of said prior similar component and/ or symptom of personal injury.

**ANSWER NO.10: I am not claiming any personal injuries as a result of the allegations contained in the Complaint.**

11. Please describe in detail the facts that support your claims for any "other damages" and for "compensatory damages" that have been incurred by you as alleged in Paragraphs 116, 118, 120, 122, 124 and/ or 126 of the Complaint, and in Counts One through Six of Plaintiffs' Complaint.

**ANSWER NO.11: I am not claiming any compensable personal injury damages. I am claiming all applicable State and Federal statutory damages, punitive damages, nominal damages and attorney's fees.**

12. Provide an itemized list of all non-punitive damages you are claiming against the Defendants.

**ANSWER NO.12: I am not claiming any compensable personal injury damages. I am claiming all applicable State and Federal statutory damages, punitive damages, nominal damages and attorney's fees.**

13. Please provide the name, address, field of expertise and qualifications of each and every expert Plaintiffs expect to present at Trial, and for each such expert, identify the subject matter upon which each expert is expected to testify, and state the substance of the facts and opinions to which each expert is expected to testify and provide a summary of the grounds for each such opinion each expert will present.

**ANSWER NO.13: The Amended Pre-trial Order signed by Judge Smith on June 6, 2005, indicates that Plaintiffs shall make their expert witnesses disclosures required by Fed. R. Civ. P. 26 (a) (2) by December 30, 2005. This answer will be supplemented in accordance with the Amended Pre-trial Order prior to December 30, 2005.**

14. Please state the names, residence address, and business address of each party and non party witness who you believe has knowledge of any of the facts of circumstances alleged and described in your Complaint as they pertain to Defendant Richardson.

**ANSWER NO.14: I have no personal knowledge of the names and addresses of each party and non party witness who has knowledge of any of the facts or circumstances alleged and described in the Complaint as they pertain to Defendant Richardson other than privileged information provided to me by my attorneys.**

15. Please state the names, residence address and business address of each party and non party witness who you believe has knowledge of any of the facts or circumstances alleged and described in your Complaint other than those identified in your response to the preceding interrogatory.

**ANSWER NO.15: I have no personal knowledge of the names and addresses of each party and non party witness who has knowledge of any of the facts or circumstances alleged and described in the Complaint as they pertain to Defendant Richardson other than privileged information provided to me by my attorneys.**

16. For each witness identified to interrogatory 14, state the subject matter of, and otherwise describe each fact and/ or circumstance known to the witness relating to this matter.

**ANSWER NO.16: I have no personal knowledge of the names and addresses of each party and non party witness who has knowledge of any of the facts or circumstances alleged and described in the Complaint as they pertain to Defendant Richardson other than privileged information provided to me by my attorneys.**

17. For each witness identified to interrogatory 15, state the subject matter of, and otherwise describe each fact and/ or circumstance known to the witness relating to this matter.

**ANSWER NO.17: I have no personal knowledge of the names and addresses of each party and non party witness who has knowledge of any of the facts or circumstances alleged and described in the Complaint as they pertain to Defendant Richardson other than privileged information provided to me by my attorneys.**

18. Please describe each and every fact in your possession, custody or control that supports your claim for punitive damages against Defendant Richardson.

**ANSWER NO.18: I have no personal knowledge other than privileged information provided to me by my attorneys.**

19. Please identify by name, address and provider number each insurer or third party payer for any of the health care services provided to you that are included in your response to interrogatory 9 herein, and itemize the amount(s) paid by each insurer or third party payer.

**ANSWER NO.19: None. I am not alleging personal injuries in this case.**

20. Please state everything you knew about the telephone communications system(s) installed in the Providence Public Safety Complex from the time you first placed or received a telephone call from that location until February 13, 2003, including but not limited to all details of your knowledge of any tape recording taking place during that time and the source or sources of that knowledge.

**ANSWER NO.20: I had no personal knowledge that the Total Recall System had been installed at the Providence Safety Complex or that any phone conversations were being recorded.**

THOMAS WALDEN

Subscribed and sworn to before me on the 31 day of January, 2005.

Notary Public
My Commission Expires: 6/20/05

CERTIFICATION

I hereby certify that on the 4th day of October 2005, a copy of the within document was sent to:

Kevin J. McAllister, Esquire
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903