**UNITED STATE DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**DEFENDANT JOSEPH RICHARDSON'S RULE 37(b)(2)(C) and 37(d) MOTION TO DISMISS THE COMPLAINT BY ALL PLAINTIFFS [IN CHMURA] FOR FAILURE TO COMPLY WITH JULY 27, 2005 COURT ORDER COMPELLING PRODUCTION**

Now comes the Defendant Joseph Richardson, by and through his attorneys, and pursuant to Fed. R. Civ. P. 37(b)(2)(C) and Rule 37(d), and hereby moves the Court for an Order dismissing the Complaint against him (in his official and individual capacities) filed by each of the 35 Plaintiffs in the Chmura case, C.A. No. 04-553S, for failure to produce the documents and materials as Ordered by the Court on July 27, 2005. Each of the said Chmura Plaintiffs were served with Defendant Richardson's First Request for Production on May 5, 2005. Each Chmura Plaintiff was compelled to produce the documents and materials requested by October 1, 2005 by Order of the Court dated July 27, 2005. No documents or materials response to Defendant Richardson's First Request for Production to the Chmura Plaintiffs have been served to date.

A Memorandum of Law in support of this Motion to Dismiss is filed simultaneously herewith in compliance with Local Rule 12(1).

Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: October 14, 2005

**CERTIFICATE OF SERVICE**

I certify that on October 14 , 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

[signature]

FILED
OCT 17 2005

**UNITED STATE DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**MEMORANDUM IN SUPPORT OF DEFENDANT JOSEPH RICHARDSON'S RULE 37(b)(2)(C) and 37(d) MOTION TO DISMISS THE COMPLAINT BY ALL PLAINTIFFS [IN CHMURA] FOR FAILURE TO COMPLY WITH JULY 27. 2005 COURT ORDER COMPELLING PRODUCTION**

Now comes the Defendant Joseph Richardson, by and through his attorneys, and pursuant to Fed. R. Civ. P. 37(b)(2)(B) and Rule 37(d), and hereby supports his Motion to the Court for an Order dismissing the Complaint against him (in his official and individual capacities) filed by each of the 35 Plaintiffs in the Chmura case, C.A. No. 04-553S, for failure to produce documents and materials as Ordered by the Court on July 27, 2005.

**ARGUMENT**

Defendant Richardson's First Request for Production addressed to all of the Chmura Plaintiffs was served on May 5, 2005. Each Chmura Plaintiff was compelled to produce the documents and materials described in said Request by Defendant Richardson on or before October 1, 2005 by Order of the Court dated July 27, 2005. The Chmura Plaintiffs have not

produced any documents or materials in response to the original request for production or in response to the Order compelling the same.

Fed. R. Civ. P. 37(b)(2)(C) provides, *inter alia,* that if a party fails to comply with a Court Order compelling discovery, that the Court may enter an order "dismissing the action or proceeding or any part thereof ... against the disobedient party". Id. Similarly, Fed. R. Civ. P. 37(d) incorporates the availability to the Court of the sanctions set forth in Rule 37(b)(2)(C) by reference. Id.

In this case, dismissal of the Complaint against the Chmura Plaintiffs is a particularly appropriate sanction for failure to comply with the Court's July 27, 2005 Order. In all, Plaintiffs have already been given an extraordinary five months by the Court to produce the documents and materials requested by Defendant Richardson, primarily based upon the argument that Plaintiffs' counsel had to process and prepare these materials constitute an administrative difficulty. The prejudice to Defendant Richardson caused by this delay should be considered by the Court. Mr. Richardson has now had to wait more than five months to learn if there is any factual basis or documentation whatsoever for him being sued in his individual capacity, as well as in his former official capacity, by the 35 Chmura Plaintiffs. That prejudice to him – and the continuing burden and expense to him being left in the dark as to why he has been sued – is obvious and significant. Dismissal of the Complaint under the circumstances is the appropriate Rule 37 sanction. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976).

Fed. R. Civ. P. 37(b) and (d) both provide for other sanctions as well, should the Court deem it appropriate. Nevertheless, at a minimum, Defendant Richardson requests that a Conditional Order of Dismissal be entered against all Plaintiffs in the Chmura case so that in the event any or all of said Chmura Plaintiffs fail to produce the documents and materials in question

within thirty (30) days of the entry of said Conditional Order of Dismissal, that the Complaint by all of said noncompliant Chmura Plaintiffs against the Defendant Richardson automatically will be dismissed with prejudice upon the expiration of said thirty (30) days.

**CONCLUSION**

For all of these reasons, the Defendant Richardson respectfully requests that the Court enter an Order of Dismissal against all of the Chmura Plaintiffs pursuant to Fed. R. Civ. P. 37(b)(2)(C) and (d) and/or afford such other and further relief as the Court deems appropriate.

Respectfully submitted,
Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: October 14 , 2005

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903