UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al., :
Plaintiffs, :
:
v. : CA 04-304 S
:
CITY OF PROVIDENCE, et al., :
Defendants. :

**ORDER**
**DENYING IN PART**
**AND GRANTING IN PART PLAINTIFFS' MOTION**
**TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL**

Before the court is Plaintiffs' Motion to Adjudge in Contempt or Alternatively to Compel Production of Documents (Document ("Doc.") #81) (the "Motion"). The Motion seeks to adjudge the City of Providence and/or the Providence Police Department in contempt for failure to comply with a subpoena issued on or about March 11, 2005. Alternatively, the Motion seeks an order compelling the production of the matters sought in Plaintiffs' Request for Production of Documents served on the City of Providence on or about August 16, 2005. See Motion, Exhibit ("Ex.") C (Plaintiffs' First Request for Production Addressed to Defendant City of Providence). Defendants City of Providence, David N. Cicilline, and Dean Esserman have filed an objection to the Motion. See Objection of the Defendants, the City of Providence, David N. Cicilline and Dean Esserman, to the Plaintiffs' Motion to Adjudge in Contempt or Alternatively to Compel Production of Documents (Doc. #85). A hearing was held on October 17, 2005.

**The Motion is denied to the extent that it seeks to adjudge the City of Providence and/or the Providence Police Department in contempt for failure to comply with a subpoena issued on or about March 11, 2005.** The court finds that the City made a good faith

effort at compliance and that the omission about which Plaintiffs now complain was not initially apparent to either Plaintiffs' or Defendants' counsel. Rather, it was initially noticed by Plaintiffs' expert, who informed Plaintiffs, and Plaintiffs then raised the matter with Defendants' counsel, Kevin F. McHugh, in a letter dated August 16, 2005. See Motion, Ex. B (Letter from Mannis to McHugh of 8/16/05). The September 14, 2005, reply of Mr. McHugh to Plaintiffs' letter, while somewhat tardy, offered to allow Plaintiffs' expert to examine "the machine." Id., Ex. D (Letter from McHugh to Mannis of 9/14/05). The court finds that this offer was a sufficient attempt at compliance to make the imposition of any sanctions unjust.

**The Motion is granted to the extent that Defendants shall allow Plaintiffs' expert to inspect the Total Recall Servers, any and all hardware relating to the Total Recall System, and the original hard drive of the Total Recall System (the "System") at issue.**[1] To the extent the Motion seeks that Plaintiffs be provided with a copy of the hard drive of the Total Recall System (or that they be allowed to make a copy), the Motion is denied for the following reasons. The court is not persuaded from what Plaintiffs have presented that the information which Plaintiffs seek cannot be obtained from an on-site inspection. The court is also concerned that such copying may violate or infringe upon the privacy rights of third parties who are not represented by either

[1] The court intends that Plaintiffs' expert may do more than make a simple visual inspection of the Total Recall System. Plaintiffs' expert is authorized to conduct tests on the System to determine the information which Plaintiffs seek. However, Plaintiffs' expert must ensure that the tests do not damage or alter the System (or information in the System) and that he not listen to any recorded conversations without further authorization from the court.

Plaintiffs or Defendants.[2] A confidentiality order executed by Plaintiffs and Defendants may not adequately protect the privacy interests of these third parties.

If, after examining the System, Plaintiffs' expert determines that it is impossible to obtain the necessary information without making a mirror image of the hard drive, Plaintiffs may renew their request for permission to obtain such a copy. Such a request should be supported by an affidavit from Plaintiffs' expert, explaining the specific information which Plaintiffs seek to obtain from a mirror image of the hard drive and why this information cannot be obtained from an on-site examination of the System itself. The affidavit should also address what measures could be taken to protect the privacy rights of third parties whose conversations may have been recorded.

So ordered.

ENTER:

David L. Martin
United States Magistrate Judge
October 17, 2005

BY ORDER:

Deputy Clerk

[2] The court has been given to understand that the Total Recall System contains upwards of 750,000 recorded telephone conversations.