UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et als. | : | |
| | : | |
| vs. | : | C.A. No. 04-553-S |
| | : | |
| CITY OF PROVIDENCE | : | |

PLAINTIFFS' OBJECTION TO
MAGISTRATE JUDGE DAVID L. MARTIN'S
ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION
TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL

Now come the Plaintiffs in the above-captioned matter and hereby object pursuant to Fed. R. Civ. P. 72(a) to the order issued by Magistrate Judge David L. Martin on October 17, 2005 Denying in part and Granting in part Plaintiffs' Motion to Adjudge in Contempt or alternatively to Compel.

As grounds there fore, Plaintiffs submit that the magistrate judge's order was clearly erroneous and/or contrary to law. Plaintiffs respectfully urge this Court to sustain their objection and order the Motion to Adjudge in Contempt or alternative Compel. Additionally, Plaintiffs urge this court to hear and determine all future pre-trial motions and matters involving this case. Given the complexity of the issues and the nature of the dispute and its unwieldy character and in an effort to streamline this case and avoid duplicate hearings on motions, this court should retain control of this case.

In support of their objection, Plaintiffs rely on their attached memorandum of law.

97

Plaintiffs
By their attorneys:

Mark A. Fay, Esq. # 4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
(401) 490-3200 (Tel)
(401) 490-3207 (Fax)

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466 (Tel.)
(401) 351-3914 (Fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 26 day of October, 2005, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esquire
One Financial Plaza, Suite 1500
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kimdra Lima

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et als. | : | |
| | : | |
| vs. | : | C.A. No. 04-553-S |
| | : | |
| CITY OF PROVIDENCE | : | |

PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION
OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL

## I. INTRODUCTION

This matter is before this Honorable Court on the objection of the Plaintiffs in the above-captioned matter pursuant to Rule 72(a) to the Magistrate Judge's Order Denying in Part and Granting in Part the Plaintiffs' Motion to adjudge the City of Providence in Contempt or alternatively to Compel. On or about September 23, 2005 Plaintiffs filed a motion to adjudge the City in contempt of court for failure to comply with a subpoena issued on or about March 11, 2005. Alternatively, Plaintiffs sought an order compelling production of the matters sought in their Request for Production of Documents served on the City of Providence on or about August 16, 2005. Additionally, Plaintiffs sought costs, including reasonable attorneys' fees pursuant to Rule 45(e) and Rule 37(a)(4)(A).

The City filed a written objection to Plaintiffs' motion and the matter was heard before Magistrate Judge Martin on October 17, 2005.

On October 17, 2005, Magistrate Judge Martin issued a written order denying in part and granting in part the Plaintiffs' motion. Because the Magistrate Judge's Order is clearly erroneous and/or contrary to law, this Court should reverse the Magistrate Judge's Order and grant the Plaintiffs' motion.

## II. FACTS AND TRAVEL

On March 11, 2005 a subpoena was issued upon the Providence Police Dept. for a records deposition at the Law Offices of Murphy & Fay, LLP at 127 Dorrance St., Providence, Rhode Island 02903 on April 11, 2005 at 10:00 a.m. The deposition went forward as scheduled and the City produced a large amount of documents at the records deposition. No documents were withheld under a claim of privilege and no protective order was sought by the City (or any other party or non-party) with respect to this subpoena.[1]

The subpoena at issue requested production, inspection and copying of the following documents or objects:

> The entire file including but not limited to any and all reports, documents, memos, computer entries, pictures, statements and objects pertaining to the investigation of possible wire tapping activities regarding the Total Recall System conducted at the Providence Public Safety Complex, One Communications Plaza, Providence, RI 02903.

Plaintiffs have had an expert review the subpoenaed items from the City. The expert, however, needed additional information to complete his analysis. In particular, he questioned why were not given a copy of the hard drive of the Total Recall System.

[1] Senior Assistant City Solicitor Kevin F. McHugh represented the Providence Police Dept. with respect to the subpoena. In fact, following the deposition, Mr. McHugh sent additional documents to the Plaintiffs that were inadvertently omitted at the deposition. Mr. McHugh also represents the City, Chief Esserman and Mayor Cicciline in the instant consolidated action.

Plaintiffs submit that the hard drive is an object that pertains to the investigation of the wire tapping activities regarding the Total Recall System. Additionally, the subpoena specifically seeks computer entries.

Despite this it was not produced in response to are subpoena. On August 16, 2005, counsel for Plaintiffs communicated with the City (via counsel) with respect to the hardware, Total Recall Servers.

In the event the City was taking the position that the subpoena did not include these items (which Plaintiffs assert it did), in an abundance of caution, Plaintiffs included with their correspondence as separate request for production for:

1. The total Recall Servers at issue in this lawsuit.
2. Any and all hardware relating to the Total Recall system at issue in this lawsuit.
3. The original hard drive of the Total Recall System at issue in this lawsuit.
4. Any and all copies of the hard drive of the Total Recall System at issue in this lawsuit.
5. Copies of the hard drive utilized by Detective John F Killian in conduction his investigation.

Plaintiffs initially received no response to either the correspondence or the request for production. Plaintiffs counsel contacted Mr. McHugh with respect to the items requested and was told that he would look into the matter.

On or about September 14, 2005 the City sent correspondence to Plaintiffs indicating that "I cannot allow your expert to take a mirror image of the hard drive."

At no time has any timely (or untimely) claim of privilege been asserted by the City. Nor, had the City ever filed an objection to the Request for Production of Documents, which if asserted would be untimely at this late date. Despite this, Magistrate Judge Martin denied Plaintiffs' Motion in relevant part.

## III. ARGUMENT

The City had no basis for its failure to comply with discovery. While one could argue that the City was unaware that the Plaintiffs' subpoena was intended to cover the items included in the Plaintiffs' subsequent request for production, this argument only goes so far. After receiving the correspondence and the request for production, the City was obligated to make a good faith response.

Instead, the City made no response. The City interposed no objection. The City did not seek a protective order. The City simply said it would not allow us to make a copy of the hard drive.

Having made no objection the City waived the objection and the motion should have been granted.

More importantly, this information is crucial to the Plaintiffs' case. Documents produced to date indicate that the City recorded 754,564 calls between May 23, 2002 and February 10, 2003. Statutory damages pursuant to 18 U.S.C. § 2520 are calculated by "which ever is the greater of $100 a day for each day of violation or $10,000." Similarly, statutory damages pursuant to R.I.G.L. § 12-5.1-13 are "computed at a rate of one hundred dollars ($100) per day for each day of violation, or one thousand dollars ($1,000) whichever is higher." By precluding the Plaintiffs from obtaining this information, the Magistrate Judge is making it impossible for the Plaintiffs to prove the full extent of their damages.

At an even more fundamental level, each Plaintiff will have to prove that at a minimum a call that they either placed or received was recorded. How this can be

done without access to the contents of the hard drive is unfathomable. An appropriate protective order could be issued to protect any privacy issues that affect third parties.

It should be noted that Magistrate Judge Martin would not even compel the City to provide a written response to the Plaintiffs' request for production. Instead, he accepted the City's representation that as to items requested in 4 and 5, the City did not have these items. Plaintiffs submit that a written response that is subject to scrutiny and cross-examination in the event of trial should be required.

III. CONCLUSION

Thus, this Court should reverse the Magistrate Judge's ruling and find that the City is in contempt of the subpoena originally issued on March 11, 2005. This court should find the City in contempt of the subpoena and require it to produce all the matters responsive to the subpoena including, but not limited to, the Total Recall Servers, all hardware relating to the Total Recall system, the original hard drive of the Total Recall System and copies of the hard drive utilized by Det. John F. Killian and pay the Plaintiffs reasonable costs including attorneys fees to purge the contempt finding.

Alternatively, this Court should compel the City to provide all responsive materials contained in their Request for Production dated August 16, 2005 to Plaintiffs within 10 days of the hearing on this matter and pay the Plaintiffs costs, including reasonable attorneys fees pursuant to Rule 37(a)(2)(B).

Finally, Plaintiffs respectfully urge this Court to hear and determine all future pre-trial motions and matters involving this case. In this Court's Pre-Trial Order (as amended), a status conference was to be had in early September 2005. As of the date of this filing, it has yet to be scheduled. Given this and the complexity of the issues and the

nature of the dispute and its unwieldy character and in an effort to streamline this case and avoid duplicate hearings on motions and other pre-trial matters, this Court should retain control over this case.

Plaintiffs
By their attorneys:

Mark A. Fay, Esq. # 4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
(401) 490-3200 (Tel)
(401) 490-3207 (Fax)

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466 (Tel.)
(401) 351-3914 (Fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 26 day of October, 2005, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esquire
One Financial Plaza, Suite 1500
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kindra Lima