UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al.
Plaintiffs

vs. C.A. NO. 04-304 S

CITY OF PROVIDENCE, et al.
Defendants

---

**OBJECTION OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, TO THE PLAINTIFFS' MOTION OBJECTING TO MAGISTRATE JUDGE DAVID L. MARTIN'S ODRER, DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL**

Now come the Defendants, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby object to the Plaintiffs' Motion Objecting to Magistrate Judge David L. Martin's Order, Denying in Part and Granting in Part Plaintiffs' Motion to Adjudge in Contempt or Alternatively to Compel. The Municipal Defendants rely on the accompanying memorandum of law in support of their objection.

Defendants,

DAVID N. CICILLINE, DEAN ESSERMAN
AND THE CITY OF PROVIDENCE

By their Attorneys:

Joseph M. Fernandez,
City Solicitor

Kevin F. McHugh, (#3927)
Senior Assistant City Solicitor
Michael Calise (#6715)
Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Second Floor
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 (fax)

**CERTIFICATION**

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
Providence, Rhode Island 02903

Carolyn A. Mannis, Esq.
170 Westminster Street Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd
226 South Main Street
Providence, Rhode Island 02903

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

George J. West, Esq.
1500 Bank Boston Plaza
Providence, Rhode Island 02903

Dean Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street 7th Floor
Providence, Rhode Island 02903

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, Rhode Island 02909

I hereby certify that on the 4th day of November, 2005 I caused a true copy of the OBJECTION OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, TO THE PLAINTIFFS' MOTION OBJECTING TO MAGISTRATE JUDGE DAVID L. MARTIN'S ODRER, DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL to be mailed to the above-listed attorneys.

Walden (CA#04-304S)\obj to P's obj to Martin's order

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al.
Plaintiffs

vs. C.A. NO. 04-304 S

CITY OF PROVIDENCE, et al.
Defendants

---

**MEMORANDUM OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, IN SUPPORT OF THEIR OBJECTION TO THE PLAINTIFFS' MOTION OBJECTING TO MAGISTRATE JUDGE DAVID L. MARTIN'S ODRER, DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL**

Now come the Defendants, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby submit this memorandum of law in support of their objection to the Plaintiffs' Motion Objecting to Magistrate Judge David L. Martin's Order, Denying in Part and Granting in Part Plaintiffs' Motion to Adjudge in Contempt or Alternatively to Compel.

Additionally, the Municipal Defendants rely on the previously submitted *Memorandum of the Defendants, the City of Providence, David N. Cicilline and Dean Esserman, in Support of Their Objection to the Plaintiffs' Motion To Adjudge in Contempt or Alternatively To Compel Production of Documents*.

Plaintiffs argue that the Municipal Defendants have not properly responded to Plaintiffs' subpoena and/or their Request for Production of Documents. However, the Municipal Defendants fully and timely responded, both in producing all responsive

documents in their possession, custody and control and in making the "Total Recall System" hard drive available for inspection. Magistrate Judge David L. Martin recognized the completeness of these responses in his Order dated October 17, 2005 ("the Order").

Rule 72 of the Federal Rules of Civil Procedure in pertinent part provides that, upon a timely objection to the order of a magistrate judge, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See Fed R. Civ. Proc. 72(a). Plaintiffs have failed to articulate, in any sense, how the standard applies here or how the Order is "clearly erroneous." No cases have been cited that reference a finding of clear error in a similar ruling or order. In fact, no authority whatsoever was cited that could guide the Court in making this determination, save for a bald recitation of the applicable standard under Rule 72.

Magistrate Judge Martin's ruling that the Municipal Defendants' counsel's in court statements, correspondence and written responses contained in pleadings constituted a substantive response and objection to Plaintiffs' Request for Production of Documents does not begin to approach the status of being a "clearly erroneous" ruling. Under Rule 72(a), "considerable deference [is owed] to the determinations of magistrates." In re Search Warrants Issued Aug. 29, 1994, 889 F.Supp. 296, 298 (S.D.Ohio 1995), citing 7 *Moore's Federal Practice* § 72.03 [7.-3]. Further, "[a] finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." In re Search Warrants, 889 F.Supp. at 298, citing Heights Community

Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir.1985), cert. denied, 475 U.S. 1019 (1986).; Shivers v. Grubbs, 747 F.Supp. 434 (S.D.Ohio 1990).

It is a mystery, then, as to how the Plaintiffs wish the Court to determine whether the Order is clearly erroneous when they lend no guidance as to what constitutes a clear error. Perhaps this absence of authority supporting their position is attributable to the discretion given a magistrate under the Rules, and the Plaintiffs' recognition that their objection is without merit under a true reading of Rule 72. To find clear error, the district court should have a "definite and firm conviction that a mistake has been committed." See Toth v. Alice Pearl, 158 F.R.D. 47, 50 (D.N.J.1994), quoting from United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Indeed, the clear error standard "plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). The Municipal Defendants contend that there is no error contained in the Order, much less a clear error.

Plaintiffs vociferously argue that possession of a copy of the hard drive is needed to supply flesh and blood to their case. Whether, and the degree to which, that is true, has precisely no bearing on the objection now before the Court, nor on the applicable standard under which this objection must be decided. Further, by inviting the Plaintiffs to suggest a date and time to inspect the Total Recall System, the Municipal Defendants fully responded to the Plaintiffs' Request for Production of Documents, in accordance with the letter and the spirit of Rule 34.

With regard to the Plaintiffs' position that, to comply fully with their discovery requests, the Municpal Defendants' must allow the Plaintiffs' expert to take a "mirror

image" of the "Total Recall" system hard drive, the Municipal Defendants objected. As grounds for this objection, the Municipal Defendants averred that this would allow the Plaintiffs' expert to listen to the recordings of the Total Recall System, which may constitute a violation of the very same statutes relied upon in the Plaintiffs' Complaint, and would be contrary to public policy. The Municipal Defendants should not be required to respond in a way that could lead to additional claims being made against them. Members of the Rhode Island State Police have listened to the contents of three conversations, but only upon the receipt of releases from the conversation participants. If the Order were to allow the taking of this mirror image, *that* would be contrary to law, but Magistrate Judge Martin carefully weighed the issues and rightly decided them.

WHEREFORE, for the forgoing reasons, the Municipal Defendants pray that this Court deny Plaintiffs' objection to the Magistrate Judge's Order.

Defendants,

DAVID N. CICILLINE, DEAN ESSERMAN
AND THE CITY OF PROVIDENCE

By their Attorneys:

Joseph M. Fernandez,
City Solicitor

Kevin F. McHugh, (#3927)
Senior Assistant City Solicitor
Michael Calise (#6715)
Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Second Floor
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 (fax)

**CERTIFICATION**

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
Providence, Rhode Island 02903

Carolyn A. Mannis, Esq.
170 Westminster Street Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd
226 South Main Street
Providence, Rhode Island 02903

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

George J. West, Esq.
1500 Bank Boston Plaza
Providence, Rhode Island 02903

Dean Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, Rhode Island 02903

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, Rhode Island 02909

I hereby certify that on the 4th day of November, 2005 I caused a true copy of the MEMORANDUM OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, IN SUPPORT OF THEIR OBJECTION TO THE PLAINTIFFS' MOTION OBJECTING TO MAGISTRATE JUDGE DAVID L. MARTIN'S ODRER, DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL to be mailed to the above-listed attorneys.

Walden (CA#04-304S)\memo - obj to P's obj to Martin's order