UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS WALDEN, et al., Plaintiffs, v. CITY OF PROVIDENCE, et al., Defendants. | C.A. No. 04-304 S |

**ORDER**

Before this Court is Plaintiffs' Objection to Magistrate Judge Martin's Order, dated October 17, 2005, denying in part and granting in part Plaintiffs' Motion to Adjudge in Contempt or Alternatively Compel. Defendants have objected to Plaintiffs' Objection. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, this Court's review is limited. The District Court only "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." After review of Plaintiffs' Objection to the Order and Defendants' Objection to Plaintiffs' Objection, this Court finds that Magistrate Judge Martin's Order is neither clearly erroneous nor contrary to law.

Judge Martin first determined that Defendants should not be adjudged in contempt for failing to comply fully with a subpoena

because Defendants made good faith efforts to comply and confusion initially existed regarding exactly what Plaintiffs had requested. Judge Martin next decided that Plaintiffs' expert may inspect the Total Recall Servers, all hardware related to the Total Recall System, and the original hard drive of the Total Recall System. Although Plaintiffs presently seek a copy of the hard drive, Judge Martin determined that a more appropriate course of action would be to first allow for an inspection. If this inspection fails to provide Plaintiffs with the information they seek, then Plaintiffs may renew their request for a copy. Judge Martin's Order specifically sets forth his expectations concerning the request for a copy, should one be needed. Judge Martin appropriately reasoned that this course of action would better protect the privacy rights of third parties.

Additionally, Plaintiffs have requested that this Court "retain control" and specifically "hear and determine all future pre-trial motions and matters involving this case." In this District, pre-trial matters, especially discovery disputes, are routinely handled by Magistrate Judges. The fact that one party is displeased with the outcome of such a dispute is no reason to abandon this tried-and-true formula for case management. Moreover, the unspoken implication of this request is that Judge Martin acted improperly in some way. Nothing could be further from the truth. Judge Martin exercised both diligence and good judgment in resolving this discovery dispute, balancing the interests of all

parties in a fair and even-handed manner.

For all of the foregoing reasons, Plaintiffs' objection is DENIED and Judge Martin's Order, dated October 17, 2005, and the reasoning set forth therein, is hereby adopted.

So Ordered.

ORDER:

By: ______________________
Deputy Clerk

ENTER:

______________________
William E. Smith
U.S. District Judge

Date: 11/30/05