UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et als. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et als. | : | |
| JOHN C. CHMURA, et als. | : | |
| | : | |
| vs. | : | C.A. No. 04-553-S |
| | : | |
| CITY OF PROVIDENCE, et als. | : | |

27 PLAINTIFFS' (CHMURA) OBJECTION TO
DEFENDANT RICHARDSON'S MOTION
FOR ENTRY OF JUDGMENT OF DISMISSAL
FOR FAILURE TO COMPLY WITH
CONDITIONAL ORDER OF DISMISSAL OR
ALTERNATIVE MOTION TO STRIKE

Now come the 27 Chmura Plaintiffs and hereby object to Defendant Richardson's Motion for Entry of Judgment of Dismissal for Failure to Comply with Conditional Order of Dismissal or Alternative Motion to Strike with respect to the 27 Chmura Plaintiffs' Answers to Interrogatories.

In support of their objection, the 27 Chmura Plaintiffs rely on their attached memorandum of law.

Plaintiffs
By their attorneys:

Mark A. Fay, Esq. # 4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
(401) 490-3200 (Tel)
(401) 490-3207 (Fax)

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466 (Tel.)
(401) 351-3914 (Fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 10 day of January, 2006, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esquire
One Turks Head Place, Suite 312
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et als. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et als. | : | |
| JOHN C. CHMURA, et als. | : | |
| | : | |
| vs. | : | C.A. No. 04-553-S |
| | : | |
| CITY OF PROVIDENCE, et als. | : | |

27 PLAINTIFFS' (CHMURA) OBJECTION TO DEFENDANT RICHARDSON'S MOTION FOR ENTRY OF JUDGMENT OF DISMISSAL FOR FAILURE TO COMPLY WITH CONDITIONAL ORDER OF DISMISSAL OR ALTERNATIVE MOTION TO STRIKE

I. Introduction

This matter is before this Honorable Court on the objection of the 27 Chmura Plaintiffs to Defendant Richardson's Motion for Entry of Judgment of Dismissal for Failure to Comply with Conditional Order of Dismissal or Alternative Motion to Strike with respect to 27 Chmura Plaintiffs' Answers to Interrogatories.

Because the 27 Chmura Plaintiffs responded in good faith to the interrogatories posed the motion to enter judgment should be denied. Moreover, the Motion to Strike should similarly be denied.

II. Argument

The answers to interrogatories provided by the 27 Chmura Plaintiffs were made under oath as is required by the Rule. The 27 Chmura Plaintiffs cannot swear to facts to which they have no knowledge. The 27 Chmura Plaintiffs did not draft the

interrogatories in question. A cursory glance at the interrogatories in question would demonstrate that the information sought is not the type of information within the knowledge of the Plaintiffs. The good faith of the 27 Chmura Plaintiffs is further demonstrated by the fact that each of the 27 Chmura Plaintiffs has agreed not to pursue any claims for personal injuries. Instead, each plaintiff has indicated that he or she is seeking nominal damages and statutory damages.

The Supreme Judicial Court of Massachusetts has examined the issue of the basis for answering interrogatories in *Warren v. DeCoste*, 269 Mass. 415, 169 N.E. 505 (1930). While the case may be a bit dated, its analysis is on point. In *Warren*, the defendant moved to strike and require fuller answers to interrogatories. The defendant propounded a large number of interrogatories. The plaintiff declined to answer some of them. The defendant filed a motion alleging certain answers to be "improper, irrelevant, incomplete and evasive." *Id.* at 506. The defendant sought that the answers be stricken out and that further and fuller answers be filed. This motion was allowed in part and denied in part. Further answers were made as ordered. The defendant filed a second similar motion. It was denied. The court in *Warren* stated "The tests in general as to the necessity of making answers to interrogatories is whether they are directed to obtain disclosure of facts admissible in evidence as to which the party interrogated could be required to testify as a witness. The interrogatories must be proper in form and designed to elicit facts within the knowledge of the party and admissible in evidence upon the issues raised by the pleadings." *Id.* at 507.

As pointed out in *Warren* these interrogatories may be read at the time of trial. Indeed, defendants may cross-examine these plaintiffs during both their depositions and

at trial. Thus, the 27 Chmura Plaintiffs can only be required to give answers to which they have personal knowledge. The plaintiff in *Warren* answered to each of the interrogatories at issue there that "he had no personal knowledge; that so far as he had been able to ascertain none of his agents, servants or attorneys had such personal knowledge, and such information as he had was derived wholly from statements made to him or his attorneys by third persons." *Id.*

Thus, the court in *Warren* denied the defendant's motion. This Court should do the same.

Defendant Richardson will likely claim that the evidence is necessary for he intends to file a motion for summary judgment. This argument fails answers to interrogatories that are not based on personal knowledge (i.e. hearsay) would be improper to defeat a motion for summary judgment. *Garside v. Osco Drug, Inc.*, 895 F.2d 46 (1st Cir. (Mass.) 1990). In *Garside* the First Circuit states, "They cannot expect the court, in considering answers to interrogatories, to give weight to averments not made upon personal knowledge or those which are in a form patently inadmissible at trial." *Id.* at 49. The First Circuit further states that answers to interrogatories "should be accorded no probative force where they are not based upon personal knowledge or are otherwise deficient." *Id.* (citations omitted). Just as answers to interrogatories that are not based upon personal knowledge cannot be used to defeat a motion for summary judgment, they cannot be used as the basis for granting a motion for summary judgment.

Defendant Richardson's request to enter judgment on this case based on the fact that the 27 Chmura Plaintiffs answered honestly under oath that they do not have personal knowledge of facts should therefore not be permitted. Moreover, striking their

answers will serve no purpose as the facts which Defendant Richardson seeks are not now nor will they ever be within the 27 Chmura Plaintiffs' personal knowledge.

III. Conclusion

Wherefore the 27 Chmura Plaintiffs respectfully request that Defendant Richardson's request for entry of judgment be denied. The 27 Chmura Plaintiffs respectfully request that Defendant Richardson's alternate relief seeking to strike certain of the answers to interrogatories likewise be denied.

Plaintiffs
By their attorneys:

Mark A. Fay, Esq. # 4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
(401) 490-3200 (Tel)
(401) 490-3207 (Fax)

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466 (Tel.)
(401) 351-3914 (Fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 16 day of January, 2006, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esquire
One Turks Head Place, Suite 312
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima