UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al.,      :
           Plaintiffs,  :
                   :
        v.             :     CA 04-304 S
                   :
CITY OF PROVIDENCE, by and  :
through STEVEN T. NAPOLITANO,  :
its Treasurer, et al.,     :
           Defendants.  :


JOHN C. CHMURA, et al.,    :
           Plaintiffs,  :
                   :
        v.            :     CA 04-553 S
                   :
CITY OF PROVIDENCE, by and  :
through STEVEN T. NAPOLITANO,  :
its Treasurer, et al.,     :
           Defendants.  :


**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

The above two actions have been consolidated pursuant to
Fed. R. Civ. P. 42(a).  See Order of 6/6/05 (Document ("Doc.")
#54) in Walden, et al. v. City of Providence, et al. ("Walden");
id. (Doc. #11) in Chmura, et al. v. City of Providence, et al.
("Chmura").  Plaintiffs in both actions allege that their
telephone conversations were unlawfully recorded by a telephone
system, known as the "Total Recall" system, which was installed
in the Providence Public Safety Complex.  See Complaint for
Declaratory Relief and Damages (Doc. #1 in Walden) ("Walden
Complaint") ¶¶ 110-112, 119; First Amended Complaint for
Declaratory Relief and Damages (Doc. #2 in Chmura) ("Chmura First
Amended Complaint") ¶¶ 46-47, 49.  Plaintiffs claim that the

recording violated their constitutional and statutory rights, and they seek declaratory relief, compensatory damages, costs, and attorneys' fees.  See Walden Complaint at 12-15; Chmura First Amended Complaint at 6-9.

Before the court are four motions for entry of judgment of dismissal against some or all Plaintiffs.  The motions are:

1.   Defendant Joseph Richardson's Rule 37(b)(2)(C) Motion for Entry of Judgment of Dismissal against All Plaintiffs [in Walden] for Failure to Comply with Conditional Order of Dismissal or Alternative Motion to Strike (Doc. #91)[1] ("**First Motion for Entry of Dismissal**" or "**First Motion**");

2.   Defendant Joseph Richardson's Rule 37(b)(2)(C) Motion for Entry of Judgment of Dismissal against Plaintiffs Karen Tibbetts, Theresa J. Mancini, Linda A. Isherwood, Madelaine DeRobbio, Eileen Calcagni, Michael Bates,[2] Sandra Manning, and Richard J. Hughes[3] [in Chmura] for Failure to Comply with Conditional Order of Dismissal (Doc. #108) ("**Second Motion for Entry of Dismissal**" or "**Second Motion**");

3.   Defendant Joseph Richardson's Rule 37(b)(2)(C) Motion for Entry of Judgment of Dismissal against 27

---

[1] The Order of June 6, 2005, consolidating the two cases designated Walden as the lead case and directed that as of that date all documents were to be filed in Walden.  See Order of 6/6/05 (Doc. #54 in Walden); id. (Doc. #11 in Chmura).  Thus, documents filed after June 6, 2005, are identified by Doc. # without either the Walden or Chmura case name.  Documents so identified are located in the Walden file.

[2] By stipulation, Plaintiff Michael Bates has been transferred to inclusion in the Third Motion and will be bound by the court's determination of that Motion.  See Stipulation (Doc. #115) ¶ 2.

[3] Plaintiff Richard J. Hughes was removed without prejudice as a subject of the Second Motion by a stipulation entered by the court on January 17, 2006.  See Stipulation (Doc. #116).

Plaintiffs [in Chmura] for Failure to Comply with Conditional Order of Dismissal or Alternative Motion to Strike (Doc. #109) (**"Third Motion for Entry of Dismissal"** or **"Third Motion"**);[4]

4.   Defendant Joseph Richardson's Renewed Rule 37(b)(2)(C) Motion for Entry of Judgment of Dismissal against Plaintiffs Michael Bates[][5] and Richard J. Hughes [in Chmura] for Failure to Comply with Conditional Order of Dismissal as Extended (Doc. #122) (**"Fourth Motion for Entry of Dismissal"** or **"Fourth Motion"**).

The court refers to the above motions collectively as the "Motions." They have been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, I find that the Motions should be granted and that a judgment of dismissal should be entered in favor of Defendant Joseph Richardson ("Defendant" or "Richardson") and against Plaintiffs.

## I.   First Motion for Entry of Dismissal

### A.   Facts and Travel

Walden Plaintiffs[6] filed their complaint (Doc. #1 in Walden) on July 20, 2004. See Docket in Walden. On November 17, 2004, Richardson propounded interrogatories to all 118 Walden

---

[4] The twenty-seven Chmura Plaintiffs who are the subject of the Third Motion for Entry of Dismissal are identified in Exhibit ("Ex.") A of the Third Motion, and the court has attached a copy of Ex. A as an appendix to this Report and Recommendation.

[5] Given the Stipulation that Plaintiff Michael Bates may be considered a subject of the Third Motion, see Stipulation (Doc. #115), it is unclear why Bates is also included in the Fourth Motion for Entry of Dismissal. In any case, his inclusion is rendered moot by the court's conclusion that the Third Motion should be granted.

[6] Walden Plaintiffs refers to all Plaintiffs identified in the Walden Complaint (Doc. #1 in Walden).

3

Plaintiffs.  <u>See</u> Defendant Joseph Richardson's Rule 37(b)(2)(C)
Memorandum in Support of Motion for Entry of Judgment of
Dismissal against All Plaintiffs [in Walden] for Failure to
Comply with Conditional Order of Dismissal or Alternative Motion
to Strike ("Defendant's Mem. Re First Motion") at 2.[7]  <u>Walden</u>
Plaintiffs did not respond in any manner.  <u>Id.</u>  On January 5,
2005, Richardson filed a motion to compel <u>Walden</u> Plaintiffs to
answer the interrogatories.  <u>See</u> Docket in <u>Walden</u>; Defendant
Joseph Richardson's Rule 37(A)(2) Motion to Compel All Plaintiffs
to Answer First Set of Interrogatories Propounded and Served on
November 17, 2004 (Doc. #13 in <u>Walden</u>) ("Motion to Compel in
<u>Walden</u>").

The court conducted a hearing on the Motion to Compel in
<u>Walden</u> on January 28, 2005.  <u>See</u> Docket in <u>Walden</u>.  At the
hearing, counsel for <u>Walden</u> Plaintiffs indicated that they did
not object to answering the interrogatories, but requested that
they be given until June 1, 2005, to do so because of the large
number of Plaintiffs counsel represented.  <u>See</u> Tape of 1/28/05
Hearing.  In opposing this request, counsel for Richardson argued
that <u>Walden</u> Plaintiffs had already had over seventy days to
respond and that their request for an additional four months was
unreasonable.  <u>Id.</u>  The court granted the motion to compel, but
gave <u>Walden</u> Plaintiffs the additional four months which they had
requested to serve their answers on Richardson.  <u>Id.</u>; Order on
Defendant Joseph Richardson's Rule 37(a)(2) Motion to Compel All
Plaintiffs to Answer First Set of Interrogatories Propounded and
Served on November 17, 2004 (Doc. #26 in <u>Walden</u>) dated 2/2/05.

---

[7] Both Richardson and Plaintiffs have failed to number the pages
of their memoranda.  DRI LR Cv 5(a)(3) requires that: "Where a
document is more than one page in length, the pages shall be numbered
at the bottom center of each page."  DRI LR Cv 5(a)(3).  The court
quotes the Rule here because this omission occurs with surprising
frequency.

On June 1, 2005, Walden Plaintiffs filed a motion to extend the time within which to answer the interrogatories to July 1, 2005. See Docket in Walden; Plaintiffs' Motion to Enlarge Time to Answers to [sic] Interrogatories (Doc. #52 in Walden). No objection was filed to this motion, see Docket in Walden, and it was granted on June 23, 2005, see id.; Order (Doc. #57) ("Order of 6/23/05"). Despite this extension, Walden Plaintiffs failed to answer the interrogatories by the July 1, 2005, deadline. See Defendant Joseph Richardson's Rule 37(b)(2)(C) and 37(d) Motion to Dismiss the Complaint by All Plaintiffs [in Walden] for Failure to Comply with February 2[,] 2005[,] Court Order Compelling Answers to Interrogatories, As Extended (Doc. #61) ("Motion to Dismiss in Walden").

Richardson moved for dismissal of the Walden Complaint on July 7, 2005, because of Plaintiffs' failure to comply with the Orders of 2/2/05 and 6/23/05. See id.; Docket. The Motion to Dismiss in Walden was scheduled to be heard on July 27, 2005. See Docket entry for 7/20/05. However, on that date Richardson's counsel presented an Order (Doc. #70) which stated, in relevant part, that by agreement of the parties the Motion to Dismiss in Walden was granted. See Order of 7/27/05 (Doc. #70). The Order further stated, by agreement of the parties, that:

> 2. Said dismissal shall be automatically vacated without further order of this Court if Walden plaintiffs shall comply with the previous order of this Court by furnishing answers to defendant, Joseph Richardson's, interrogatories on or before October 1, 2005.
>
> 3. If Walden plaintiffs shall fail to provide answers to defendant, Joseph Richardson's, interrogatories on or before October 1, 2005, this order of dismissal shall become final without further motion and hearing thereon.

Order of 7/27/05 (Doc. #70) at 1-2.

Walden Plaintiffs' counsel subsequently requested that the

date for <u>Walden</u> Plaintiffs to answer the interrogatories be
extended from October 1 to October 4, 2005, and Richardson's
counsel agreed to this extension.  <u>See</u> Defendant's Mem. Re First
Motion at 2.  On October 4, 2005, all 118 <u>Walden</u> Plaintiffs
served their "answers" to Richardson's interrogatories.  <u>Id.</u>
Except for the responses to Interrogatory 1,[8] the "answers" to
the interrogatories were identical for all 118 <u>Walden</u> Plaintiffs.
<u>Id.</u>

On October 14, 2005, Richardson filed the instant First
Motion for Entry of Dismissal pursuant to Fed. R. Civ. P.
37(b)(2)(C), alleging "that the answers to interrogatories
submitted by all of said [<u>Walden</u>] Plaintiffs are so improper,
both as to form and as to content, that they are insufficient to
purge the Plaintiffs from the automatic dismissal of their
Complaint required by the terms of the Court's July 27, 2005[,]
Order."  First Motion at 1.  As alternative relief, also pursuant
to Rule 37(b)(2)(C), Richardson asked the court:

> to strike as unresponsive and improper that portion of
> said Plaintiffs' answers to interrogatories numbered 2,
> 3, 4, 7, 14, 15, 16, 17 & 18[] which apparently seek to
> shield from disclosure the sought-after facts by using
> the phrase "other than privileged information provided to
> me by my attorneys" after each Plaintiff has stated that
> he or she has no personal knowledge of any facts
> responsive to the interrogatory.

---

[8] Interrogatory 1 directed Plaintiffs to:

Please state your name, other names you have gone by, home
address, marital status, occupation(s) and current place of
work.

Defendant Joseph Richardson's Rule 37(b)(2)(C) Memorandum in Support
of Motion for Entry of Judgment of Dismissal against All Plaintiffs
[in Walden] for Failure to Comply with Conditional Order of Dismissal
or Alternative Motion to Strike ("Defendant's Mem. Re First Motion"),
Exhibit ("Ex.") A (Plaintiff's Response to Defendant Joseph
Richardson's First Set of Interrogatories) at 1.

First Motion at 1-2.

In support of the First Motion, Richardson filed a memorandum and attached to it a representative copy of the set of answers which he had received from all 118 <u>Walden</u> Plaintiffs in response to his interrogatories.  <u>See</u> Defendant's Mem. Re First Motion, Exhibit ("Ex.") A (Plaintiff's Response to Defendant Joseph Richardson's First Set of Interrogatories).   The answer to Interrogatory 2, which is also representative of the responses to Interrogatories 3, 4, 7, 14, 15, 16, 17, and 18, <u>see</u> Defendant's Mem. Re First Motion at 2, is reproduced below:

> 2.   Please set forth all of the facts which support in any way your inclusion of Joseph Richardson as a named Defendant in your Complaint and addressed specifically to his former official capacity as Deputy Director of the Communications Department for the City of Providence.
>
> **ANSWER NO.2: I have no personal knowledge of any facts which support the inclusion of Joseph Richardson as a named defendant in the Complaint other than privileged information provided to me by my attorneys.**

Defendant's Mem. Re First Motion, Ex. A at 1.

<u>Walden</u> Plaintiffs filed an objection to the First Motion on October 28, 2005.  <u>See</u> Docket in <u>Walden</u>; Plaintiffs' (Walden) Objection to Defendant Richardson'[]s Motion for Entry of Judgment of Dismissal for Failure to Comply with Conditional Order of Dismissal or Alternative Motion to Strike (Doc. #100) ("Plaintiffs' Objection").   The court conducted a hearing on the First Motion on November 16, 2005, and thereafter took the matter under advisement.

### B.   Law

Fed. R. Civ. P. 37(b)(2) states in relevant part: "If a party ... fails to obey an order to provide ... discovery ... the court in which the action is pending may make such orders in regard to the failure as are just ...."  Fed. R. Civ. P.

37(b)(2).  Among the sanctions authorized is an "order striking out pleadings or parts thereof ... or dismissing the action ...." Fed. R. Civ. P. 37(b)(2)(C); see also Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 251 (1st Cir. 1999)("Rule 37(b)(2)(C) specifically provides for dismissal if a party fails to comply with an order to provide discovery ...."); United States v. Palmer, 956 F.2d 3, 6-7 (1st Cir. 1992)("[I]n the ordinary case, where sanctions for noncompliance with discovery orders are imposed on a plaintiff, the standard judgment is dismissal of the complaint, with or without prejudice, while a judgment of default typically is used for a noncomplying defendant."); Luis C. Forteza e Hijos, Inc. v. Mills, 534 F.2d 415, 419 (1st Cir. 1976) ("[I]n an appropriate case a district court has power ... to nonsuit a plaintiff[] for failure to comply with the court's orders or rules of procedure.").  However, "[d]ismissal with prejudice 'is a harsh sanction' which runs counter to our 'strong policy favoring the disposition of cases on the merits.'"  Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10 (1st Cir. 1991) (quoting Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990))(alteration in original); cf. Coyante v. Puerto Rico Ports Auth., 105 F.3d 17, 23 (1st Cir. 1997)("discovery abuse, while sanctionable, does not require as a matter of law imposition of most severe sanctions available")(citing Anderson v. Beatrice Foods Co., 900 F.2d 388, 396 (1st Cir. 1990)); Affanato v. Merrill Bros., 547 F.2d 138, 141 (1st Cir. 1977)("isolated oversights should not be penalized by a default judgment").

Nevertheless, "[t]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 252 (1st Cir.

1999); see also Serra-Lugo v. Consortium-Las Marias, 271 F.3d 5, 6 (1st Cir. 2001)(holding that district court acted "well within its discretion in dismissing the case after repeated violations of its orders and after having warned plaintiff of the consequences of non-compliance"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10-11 (1st Cir. 1991)(finding "plaintiff's conduct evidenced a deliberate pattern of delay and disregard for court procedures that was sufficiently egregious to incur the sanction of dismissal").  "[A] party's disregard of a court order is a paradigmatic example of extreme misconduct."  Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005); accord Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.")(citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).  Thus, "a party flouts a court order at his peril." Torres-Vargas v. Pereira, 431 F.3d at 393; accord Young v. Gordon, 330 F.3d at 82 ("it is axiomatic that 'a litigant who ignores a case-management deadline does so at his peril.'") (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)).

When noncompliance with an order occurs, "the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Young v. Gordon, 330 F.3d at 81 (citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d at 46).  The appropriateness of an available sanction depends upon the facts of the particular case. Torres-Vargas v. Pereira, 431 F.3d at 392.

## C. Discussion

### 1. Adequacy of <u>Walden</u> Plaintiffs' Answers

In support of his First Motion for Entry of Dismissal, Richardson argues that he:

> has been waiting for almost one year since propounding his interrogatories upon the Walden Plaintiffs to determine why he was sued and what facts, if any, Plaintiffs have which support his joinder as a Defendant in either his former official capacity or individually. Almost eleven months after asking for this discovery, and following two Orders of the Court compelling the Walden Plaintiffs to furnish these facts, Defendant Richardson still has no idea why he has been sued.

Defendant's Mem. Re First Motion at 3.

Citing the responses of <u>Walden</u> Plaintiffs to Interrogatories 2 and 3 (which seek facts supporting the inclusion of Richardson as a Defendant in either his former official capacity or his individual capacity), Richardson submits:

> that a statement by each Walden Plaintiff, under oath, that he or she has no personal knowledge of any facts supporting their joinder of Defendant Richardson is outrageous on its face. Fed. R. Civ. P. 11(b), *inter alia*, does not permit allegations or other factual contentions with no evidentiary support, particularly after a reasonable opportunity for discovery of such evidentiary support. <u>See also</u> Fed. R. Civ. P. 26(g)(1) which requires all discovery responses to be complete and correct as of the time they are made.

<u>Id.</u> at 4 (underlining added).

<u>Walden</u> Plaintiffs attempt to justify their responses on the ground that the information sought is not the type of information within their knowledge. <u>See</u> memorandum in support of Plaintiffs' (Walden) Objection to Defendant Richardson'[]s Motion for Entry of Judgment of Dismissal for Failure to Comply with Conditional Order of Dismissal or Alternative Motion to Strike ("Plaintiffs'

Mem. Re First Motion") at 2.[9]  As support for their position,
they cite a 1930 decision of the Massachusetts Supreme Judicial
Court, Warren v. DeCoste, 169 N.E. 505 (Mass. 1930).  Plaintiffs'
Mem. Re First Motion at 2.  This opinion applies state statutes
and case law, see Warren v. DeCoste, 169 N.E. at 506, and it
predates the adoption of the Federal Rules of Civil Procedure in
1939, see In Re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d
1007, 1010 (1st Cir. 1988)("Dupont Plaza")(noting adoption of
Rules).  Therefore, the test stated in Warren for determining
whether a party should be required to answer interrogatories[10] is
clearly not the law applicable to this federal action.  See Gulf
Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 38 n.1 (1st Cir.
2004) (suggesting that reliance on state-law standards for
procedural matters is misplaced when a Federal Rule of Civil
Procedure covers the point).

Contrary to the view espoused in Warren, see 169 N.E. at
507, "[t]he scope of discovery is not limited to admissible
evidence, but encompasses 'any matter, not privileged, which is
relevant to the subject matter involved in the pending action,'"
Marshall v. Bramer, 828 F.2d 355, 357-58 (6th Cir. 1987)(quoting

---

[9] Walden Plaintiffs' memorandum and their objection (Doc. #100)
to the First Motion are identically titled.  Citations to "Plaintiffs'
Mem. Re First Motion" refer to the memorandum filed in support of Doc.
#100.

[10] As stated in Warren:

The test in general as to the necessity of making answers to
interrogatories is whether they are directed to obtain
disclosure of facts admissible in evidence as to which the
party interrogated could be required to testify as a witness.
The interrogatories must be proper in form and designed to
elicit facts within the knowledge of the party and admissible
in evidence upon the issues raised by the pleadings.

Warren v. Decoste, 169 N.E. 505, 507 (Mass. 1930)(internal quotation
marks omitted).

Fed. R. Civ. P. 26(b)(1)); accord Coleman v. American Red Cross, 23 F.3d 1091, 1097 (6th Cir. 1994)(same); id. ("It is axiomatic that the 'discovery of evidence, whether hearsay or not, is permitted if it is at all possible that it will lead to the discovery of admissible evidence.'")(quoting 4 James Wm. Moore, Moore's Federal Practice § 26.56 [4]); Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985)("Rule 26 provides that the proper scope of discovery is not limited to information admissible at trial, but can also include information 'reasonably calculated to lead to the discovery of admissible evidence.'") (quoting Fed. R. Civ. P. 26(b)(1)); see also Marshall v. Bramer, 828 F.2d at 357 ("Discovery is plainly designed by the Federal Rules of Civil Procedure as a process distinct from the trial process."); cf. Dupont Plaza, 859 F.2d at 1010 (stating that adoption of Civil Rules "transformed the very nature of litigation"); id. at 1011 (noting the "introduction of expansive pretrial discovery, Fed. R. Civ. P. 26-36").

Thus, this court rejects Walden Plaintiffs' claim that the Warren "analysis is on point," Plaintiffs Mem. Re First Motion at 2, and their contention that this court should deny Richardson's First Motion by applying the test propounded in Warren, see id. at 3.[11] The court also rejects Walden Plaintiffs' argument that Garside v. Osco Drug, Inc., 895 F.2d 46 (1st Cir. 1990), provides some justification for Plaintiffs' failure to answer Richardson's interrogatories. See Plaintiffs' Mem. Re First Motion at 3

---

[11] This court notes that even under Warren a party must "make full and true answers to the interrogatories," Warren v. Decoste, 169 N.E. 505, 507 (Mass. 1930), and that this may require "inquiry of his agents, servants, and attorneys," id., for relevant information. "To this extent a party may be required to state that which is hearsay and which he could not give as a witness testifying upon the trial." Id. Walden Plaintiffs appear to overlook these qualifying statements. See Plaintiffs' Mem. Re First Motion at 3 (asserting that "the Walden Plaintiffs can only be required to give answers to which they have personal knowledge").

(citing <u>Garside</u>).  <u>Garside</u> holds that a party "may not rely on rank hearsay, whether or not embodied in an interrogatory answer, to oppose proper motions for summary judgment." 895 F.2d at 50. However, there is nothing in <u>Garside</u> which supports the <u>Walden</u> Plaintiffs' implicit claim that their answers to interrogatories are limited to their "personal knowledge," Plaintiffs' Mem. Re First Motion at 3 (quoting <u>Garside</u>, 895 F.2d at 49), or to information which is admissible at trial, <u>id.</u> To the extent <u>Walden</u> Plaintiffs contend that their inability to provide any basis for naming Richardson as a defendant in this action would not be a ground for granting a motion for summary judgment, <u>see id.</u> at 3, or for granting the instant First Motion, the court strongly disagrees.  Indeed, the court reads <u>Garside</u> as supporting the opposite conclusion.

In short, the court agrees that <u>Walden</u> Plaintiffs' answers to Interrogatories 2, 3, 4, 7, 14, 15, 16, 17, and 18 are grossly deficient.  They provide no explanation as to why <u>Walden</u> Plaintiffs have sued Richardson or the basis for their causes of action against him.  That such could be the case almost sixteen months after <u>Walden</u> Plaintiffs commenced this action[12] and more than ten months after they received interrogatories designed to determine the basis for their claims is deeply disturbing.

## 2.  **Improper Claims of Privilege**

The court also agrees with Richardson that the <u>Walden</u> Plaintiffs' attempt to buffer the complete lack of factual or evidentiary support for their allegations against him:

> by adding the phrase "other than privileged information provided by my attorneys" to the answers to interrogatories [2, 3, 4, 7, 14, 15, 16, 17, and 18], is both improper and unresponsive to the Rules of Civil

---

[12] The hearing on the First Motion was held on November 16, 2005, almost sixteen months after the filing of the <u>Walden</u> Complaint on July 20, 2004.

13

> Procedure and, more importantly, to the Court's Orders of
> February 2, 2005 [Doc. #26]₍,₎ and July 27, 2005 [Doc.
> #70].

Defendant's Mem. Re First Motion at 4. Walden Plaintiffs were
required to answer each interrogatory "fully," Fed. R. Civ. P.
33(b)(1), unless objected to, id., and to serve their answers and
objections, if any, within thirty days, Rule 33(b)(3). Walden
Plaintiffs failed to do so, and they did not seek an enlargement
of the thirty day period except after the fact and then only in
response to Richardson's Motion to Compel. See Defendant's Mem.
Re First Motion at 2; Docket; cf. Marx v. Kelly, Hart & Hallman,
P.C., 929 F.2d 8, 11 (1st Cir. 1991)("[Plaintiff's] first
dereliction was to ignore defendant's production request.  Under
Rule 34(b), he was required to comply with the request or file
appropriate objections within thirty days.  By doing nothing,
[plaintiff] engaged in conduct that, without more, was
sanctionable.")(citing Fed. R. Civ. P. 37(d))(footnote omitted).
As a result of Walden Plaintiffs' failure to serve any objections
to the interrogatories during the thirty day period, any such
objections were waived.  See Marx v. Kelly, Hart & Hallman, P.C.,
929 F.2d at 12 ("Fed. R. Civ. P. 34(b) requires that a party upon
whom a request for discovery is served respond within thirty
days, either stating its willingness to comply or registering its
objections.  If the responding party fails to make a timely
objection, or fails to state the reason for an objection, he may
be held to have waived any or all of his objections."); In re
United States of America, 864 F.2d 1153, 1156 (5th Cir. 1989)
("[A]s a general rule, when a party fails to object timely to
interrogatories, production requests, or other discovery efforts,
objections thereto are waived."); Dorrough v. Mullikin, 563 F.2d
187, 191 (5th Cir. 1977)("Failure to object waives any available
objection and the interrogatory must be answered fully.).

14

Moreover, <u>Walden</u> Plaintiffs specifically stated in January of 2005 that they had no objection to Richardson's interrogatories. <u>See</u> Plaintiffs' Memorandum of Law in Support of Their Objection to Defendant Joseph Richardson's Motion to Compel Answers to Interrogatories at 1 ("Plaintiffs do not object to answering the onerous interrogatories interposed by Richardson.").[13]

Having waived any objections to the interrogatories, <u>Walden</u> Plaintiffs were required to answer them fully. <u>Walden</u> Plaintiffs may not, after two court orders and more than nine months of additional time, invoke a claim of privilege at the eleventh hour.   <u>See Marx v. Kelly, Hart & Hallman, P.C.</u>, 929 F.2d at 12 ("the assertion of privilege must be timely").   This is especially true where it appears that the invocation is really an attempt to either avoid admitting that there are no facts which support the claims against Richardson or to avoid disclosing material facts through an improper mechanism.   <u>See Hickman v. Taylor</u>, 329 U.S. 495, 504, 67 S.Ct. 385, 390, 91 L.Ed. 451 (1947)("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney."); <u>Pettyjohn v. Goodyear Tire & Rubber Co.</u>, Civ. A. No. 91-2681, 1992 WL 94895, at *8 (E.D. Pa. Apr. 20, 1992)("Defendants have a right to discover the basis of plaintiff's claim against them, for such is the purpose of discovery.").   To allow <u>Walden</u> Plaintiffs to be insulated from answering these interrogatories on the basis of lack of personal knowledge or a claim of privilege would violate "the spirit of the Federal Rules of Civil Procedure to promote full and adequate pretrial discovery." <u>Riquelme Valdes v. Leisure Res. Grp., Inc.</u>, 810 F.2d 1345, 1356 (5th Cir. 1987).   As succinctly stated by

---

[13] This memorandum was filed in support of Plaintiffs' Objection to Defendant Joseph Richardson's Motion to Compel Answers to Interrogatories (Doc. #15 in <u>Walden</u>).

15

counsel for Richardson: "Either there are no facts known to Plaintiffs and their attorneys supporting the allegations against Defendant Richardson, or there are such facts.  If there are such facts, they must be disclosed, particularly when they are specifically requested."  Defendant's Mem. Re First Motion at 5.

### 3.  **Walden** Plaintiffs' Lack of Good Faith

In seeking dismissal, Richardson also cites the fact that all 118 Walden Plaintiffs answered "I am not claiming any personal injuries," Defendant's Mem. Re First Motion at 6 (quoting answers to Interrogatories 9, 10, and 19), even though they had all claimed in paragraphs 116, 118, 120, 122, 124, and 126 of the Walden Complaint that they suffered such injuries, see id. Richardson asks "why were personal injuries asserted by all 118 Walden Plaintiffs when none of them are claiming personal injuries?"  Id.  In response, Walden Plaintiffs offer that these answers actually demonstrate their good faith by "agree[ing] not to pursue any claims for personal injuries."  Plaintiffs' Mem. Re First Motion at 2.  The court finds Plaintiffs' explanation unpersuasive.  Walden Plaintiffs' belated responses that none of them are claiming any personal injuries despite their universal averment that they "sustained," Walden Complaint ¶¶ 116, 118, and "suffered personal injuries," id. ¶¶ 120, 122, 124, raises the question of whether all of these allegations had evidentiary support in the first place.

Walden Plaintiffs apparently believe it is permissible for them to: 1) name Richardson as a defendant in this action; 2) ignore his interrogatories which seek to determine the basis for their claims; 3) force him to file a motion to compel responses; 4) obtain multiple extensions of the deadline set by the court for compliance; and 5) provide answers ultimately which contain no explanation for their claims and, in fact, disavow their previously asserted claims for personal injuries.  The court

16

declines to countenance a situation where a diligent defendant
can be subjected to more than fifteen months of federal court
litigation and still be unable to determine the factual basis for
any of the causes of action against him.

Moreover, the deficiencies in Walden Plaintiffs' responses
to Richardson's interrogatories go beyond the substantive and
procedural failings already discussed.  All of the 118 Walden
Plaintiffs' answers to Interrogatory 13 refer explicitly to the
June 6, 2005, Amended Pretrial Order (Doc. #55) signed by Judge
Smith even though ninety of the answers were signed and notarized
prior to the creation of and entry of that order.[14]  See
Defendant's Mem. Re First Motion at 6-7 (citing Ex. A and Amended
Pretrial Order).  Additionally, "[t]he answers to interrogatories
5 and 6 also include time specific events that in many cases also
occurred after many of the 90 sets of answers to interrogatories
were signed and notarized."  Id. at 7.  Richardson complains, and
the court agrees, that "[t]he use of this mechanism of altering

---

[14] For example, Plaintiff Thomas Walden signed his response to
Richardson's interrogatories on January 31, 2005, but his answer to
Interrogatory 13 (reproduced below) specifically refers to the Amended
Pretrial Order (Doc. #55).  The latter document did not exist until
more than four months later.

> 13.  Please provide the name, address, field of expertise and
> qualifications of each and every expert Plaintiffs expect to
> present at Trial, and for each such expert, identify the
> subject matter upon which each expert is expected to testify,
> and state the substance of the facts and opinions to which
> each expert is expected to testify and provide a summary of
> the grounds for each such opinion each expert will present.

> **ANSWER NO.13: The Amended Pre-trial Order signed by Judge
> Smith on June 6, 2005, indicates that Plaintiffs shall make
> their expert witness disclosures required by Fed. R. Civ. P.
> 26(a)(2) by December 30, 2005.  This answer will be
> supplemented in accordance with the Amended Pre-Trial Order
> prior to December 30, 2005.**

Defendant's Mem. Re First Motion, Ex. A at 4.

or amending answers to interrogatories after they were signed under oath by 90 of the Plaintiffs before a notary public, with no explanation or attempt to demonstrate that each of the 90 Plaintiffs in question ratified the amended response(s) after signature and notarization, constitutes in each case a serious transgression and a self-explanatory breach of the Rules of Civil Procedure, among other legal standards ...." Id; see Footman v. Cheung, 341 F.Supp.2d 1218 (M.D. Fla. 2004)(sanctioning attorney for, inter alia, altering plaintiff's answers to interrogatories after the answers had been sworn and notarized); cf. Lisi v. Resmini, 603 A.2d 321 (R.I. 1992)(suspending for one year an attorney who signed the names of three clients to answers to interrogatories, directed that these "signatures" be notarized, and filed these answers in court); id. at 324 ("It is imperative that members of the bar demonstrate respect for the Rules [of Professional Conduct] and refrain from *any* conduct that is inconsistent with proper practice."); Carter v. Jones, 525 A.2d 493, 495 (R.I. 1987)("[T]he rules of conduct binding upon all attorneys in this state cannot be excused by a misguided desire for expediency, even in the absence of any actual intent to deprive another of money or valuable assets.").

### D.   **Summary Re First Motion**

For the reasons stated above, the court finds that Walden Plaintiffs have failed to provide complete answers to Interrogatories 2, 3, 4, 7, 14, 15, 16, 17, and 18; that the answers which they have provided are grossly inadequate; that the answers provide no explanation as to the basis for Walden Plaintiffs' claims against Richardson; and that the answers are made long past their original due date.  Additionally, Walden Plaintiffs have improperly attempted to invoke a claim of privilege in order either to avoid disclosing responsive information or to camouflage the fact that they have no

18

information to support their claims against Richardson.   Finally,
Walden Plaintiffs' responses demonstrate a lack of good faith in
that: 1) all 118 Plaintiffs, despite having originally claimed
that they suffered personal injuries, disavow such claims in
their answers and 2) the responses of ninety of the Walden
Plaintiffs were apparently altered or amended after they were
signed by the individual plaintiffs.

### E.   Conclusion Re First Motion

Accordingly, I recommend that Defendant's First Motion for
Entry of Dismissal be granted.   See Nat'l Hockey League v. Metro.
Hockey Club, Inc., 427 U.S. 639, 642-43, 96 S.Ct. 2778, 2780-81,
49 L.Ed.2d 747 (1976)(holding district judge did not abuse his
discretion in finding bad faith on part of respondents and
concluding that the extreme sanction of dismissal was appropriate
where respondents, after being allowed ample time to answer
interrogatories, not only failed to file responses on time but
the responses which they ultimately filed were grossly
inadequate).   If the recommendation for dismissal as to all
Walden Plaintiffs is not accepted, I alternatively recommend: 1)
that dismissal be entered against the ninety Walden Plaintiffs
whose answers were signed and notarized prior to June 6, 2005,
because of their lack of good faith in submitting answers which
were altered or amended after such signing and notarization; and
2) that as to the remaining Walden Plaintiffs the phrase "other
than privileged information provided by my attorneys" be stricken
from their answers to Interrogatories 2, 3, 4, 7, 14, 15, 16, 17,
and 18.   If neither recommendation for dismissal is accepted,
then I alternatively recommend the phrase "other than privileged
information provided by my attorneys" be stricken from the
answers of all Walden Plaintiffs to Interrogatories 2, 3, 4, 7,
14, 15, 16, 17, and 18.

## II.  Second, Third, and Fourth Motions for Entry of Dismissal

### A.  Facts and Travel

#### 1.  Relevant to All Three Motions

_Chmura_ Plaintiffs filed their Complaint for Declaratory
Relief and Damages (Doc. #1 in _Chmura_) ("_Chmura_ Complaint") on
December 30, 2004.  _See_ Docket in _Chmura_; _Chmura_ Complaint.  They
filed an amended complaint on January 11, 2005, _see_ Docket in
_Chmura_; _Chmura_ First Amended Complaint (Doc. #2 in _Chmura_), and a
Second Amended Complaint for Declaratory Relief and Damages (Doc.
#3 in _Chmura_) ("_Chmura_ Second Amended Complaint") on January 18,
2005, _see_ Docket in _Chmura_; _Chmura_ Second Amended Complaint.[15]

On May 10, 2005, Richardson served each of the thirty-five
_Chmura_ Plaintiffs with interrogatories.  _See_ Defendant Joseph
Richardson's Rule 37(A)(2) Motion to Compel All Plaintiffs [in
Chmura] to Answer First Set of Interrogatories Propounded and
Served on May 10, 2005 (Doc. #60) at 1.  None of the thirty-five
_Chmura_ Plaintiffs answered the interrogatories within the thirty
day period required by Fed. R. Civ. P. 33, and none filed a
motion to enlarge the time within which their answers were due.
_See id._  On July 5, 2005, Richardson filed a motion to compel,
asking that _Chmura_ Plaintiffs be required to serve their answers
within thirty days.  _See id._ at 2.  A hearing on the motion to
compel was scheduled for July 27, 2005, _see_ Order of 7/27/05
(Doc. #68), but the parties reached an agreement that an order
would enter requiring the _Chmura_ Plaintiffs to provide answers to
Richardson's interrogatories on or before October 1, 2005, _see
id._ at 1.

The _Chmura_ Plaintiffs failed to file their answers to the

---

[15] It does not appear that _Chmura_ Plaintiffs obtained permission
to file their second amended complaint.  _See_ Fed. R. Civ. P. 15(a).
Thus, the operative complaint is the Chmura First Amended Complaint
(Doc. #2).  This circumstance does not affect the court's
determination of the instant motions.

interrogatories by the due date of October 1, and on October 17, 2005, Richardson filed a motion to dismiss because of their failure to comply with the July 27, 2005, Order. See Defendant Joseph Richardson's Rule 37(b)(2)(C) and 37(d) Motion to Dismiss the Complaint by All Plaintiffs [in Chmura] for Failure to Comply with July 27, 2005[,] Court Order Compelling Answers to Interrogatories (Doc. #93). The motion to dismiss was scheduled for hearing, but by agreement of the parties an order was entered requiring Chmura Plaintiffs to comply with the court's previous order by furnishing answers to Richardson's interrogatories on or before December 16, 2005, and in the event Plaintiffs failed to provide such answers by that date, dismissing the action without further motion and hearing thereon. See Order of 11/18/05 (Doc. #103).

## 2.  Relevant to Second Motion

On December 20, 2005, Richardson filed the Second Motion for Entry of Dismissal (Doc. #108). As modified by the stipulations discussed in notes 2 and 3 supra, the Second Motion alleges that Plaintiffs Tibbetts, Mancini, Isherwood, DeRobbio, Calcagni, and Manning (the "Six Plaintiffs") failed to comply with the court's Order of 11/18/05 because they have not filed answers to Richardson's interrogatories. See Second Motion for Entry of Dismissal at 1. None of the Six Plaintiffs filed an objection to the Second Motion. See Docket.

## 3.  Relevant to Third Motion

The twenty-seven Chmura Plaintiffs who are the target of the Third Motion served their answers to Richardson's interrogatories on or about December 13, 2005. See Defendant Joseph Richardson's Rule 37(b)(2)(C) Memorandum in Support of Motion for Entry of Judgment of Dismissal against 27 Plaintiffs [in Chmura] for Failure to Comply with Conditional Order of Dismissal or Alternative Motion to Strike ("Defendant's Mem. Re Third Motion")

21

at 2. Believing that the answers were so deficient that they did
not comply with the court's Order of 11/18/05, Richardson filed
the Third Motion for Entry of Dismissal on December 20, 2005.
See Docket. The twenty-seven Chmura Plaintiffs filed an
objection to the Third Motion on January 10, 2006. See 27
Plaintiffs' (Chmura) Objection to Defendant Richardson's Motion
for Entry of Judgment of Dismissal for Failure to Comply with
Conditional Order of Dismissal or Alternative Motion to Strike
(Doc. #113).

### 4. Relevant to Fourth Motion

Richardson filed his Fourth Motion for Entry of Dismissal
(Doc. #122) on February 15, 2006. The Fourth Motion seeks entry
of dismissal against Plaintiffs Bates[16] and Hughes because of
their failure to file answers to the interrogatories by the
extended deadline of February 6, 2006. See Memorandum in Support
of Defendant Joseph Richardson's Renewed Rule 37(b)(2)(C) Motion
for Entry of Judgment of Dismissal against Plaintiffs Michael
Bates and Richard J. Hughes [in Chmura] for Failure to Comply
with Conditional Order of Dismissal as Extended ("Defendant's
Mem. Re Fourth Motion") at 2. Although Bates and Hughes filed an
objection on February 21, 2006, to the Fourth Motion, see
Objection (Doc. #123), they did not support their objection with
a memorandum as required by DRI LR Cv 7(b)(1). Given this
failure to comply with the Local Rules and to state any reasons
for their objection, see Objection (Doc. #123), the court
concluded that no hearing was necessary.

### 5. January 30, 2006, Hearing

On January 30, 2006, the court conducted a hearing on the
Second and Third Motions for Entry of Dismissal. Counsel for the
Six Plaintiffs who are the target of the Second Motion for Entry

---

[16] See n.5.

22

of Dismissal indicated that they either cannot be located or have advised their counsel that they do not wish to go forward. See Tape of 1/30/06 Hearing. The court listened to argument regarding the Third Motion and, thereafter, took both motions under advisement.

### B. Law

The applicable law is stated in Section I. B. supra at 7-9.

### C. Discussion

#### 1. Second Motion

No extended discussion of the Second Motion is required. Chmura Plaintiffs Tibbetts, Mancini, Isherwood, DeRobbio, Calcagni, and Manning failed to answer Richardson's interrogatories by the deadline of December 16, 2005. They had previously agreed to entry of the Order of 11/18/05 (Doc. #103) which requires dismissal of their claims in the event of their noncompliance. They have not complied with the order, nor have they objected to the Second Motion. Accordingly, the dismissal previously ordered against them, see Order of 7/18/05 (Doc. #103) should be entered, and I so recommend.

#### 2. Third Motion

The Third Motion similarly requires little discussion because it is based on essentially the same grounds as the First Motion, and the court has already determined that the First Motion should be granted. See Section I. D. supra at 18-19. Indeed, the memoranda filed by Richardson and Chmura Plaintiffs relative to the Third Motion largely echo the arguments counsel made relative to the First Motion. Compare Defendant's Mem. Re Third Motion; Memorandum in Support of Objection to Third Motion,[17] with Defendant's Mem. Re. First Motion; Plaintiffs'

---

[17] The memorandum filed by the twenty-seven Chmura Plaintiffs in support of their objection to the Third Motion bears the same title as their objection (Doc. #113) to the Third Motion: "27 Plaintiffs'

Mem. Re First Motion.

Although Walden Plaintiffs did not serve their answers to
the interrogatories for ten and a half months while Chmura
Plaintiffs took slightly more than seven months to do so, this
difference does not affect the court's determination of the Third
Motion.[18]  There were 118 Walden Plaintiffs, but only thirty-five
Chmura Plaintiffs.  Given that fewer responses had to be prepared
in Chmura, the delay in providing answers to the interrogatories
is, relatively speaking, actually greater than in Walden.

(Chmura) Objection to Defendant Richardson's Motion for Entry of
Judgment of Dismissal for Failure to Comply with Conditional Order of
Dismissal or Alternative Motion to Strike."  To distinguish between
these two separate documents, the court refers to them as the
Objection to the Third Motion and the Memorandum in Support of
Objection to Third Motion.

[18] The chronology relative to the two Motions appears below:

| Action | First Motion | Third Motion |
| --- | --- | --- |
| Complaint Filed | July 20, 2004 | Dec. 30, 2004 |
| Interrogatories Propounded | Nov. 17, 2004 | May 10, 2005 |
| Plaintiffs' Response (within 30 Days) | None | None |
| Motion to Compel Filed | Jan. 5, 2005 | July 5, 2005 |
| Motion to Compel Granted | Jan. 28, 2005 | July 27, 2005 |
| Order Entered Granting Motion to Compel | Feb. 2, 2005 | July 27, 2005 |
| Date for Compliance by Plaintiffs | June 1, 2005 | Oct. 1, 2005 |
| Extended Date for Compliance | July 1, 2005 | None |
| Motion to Dismiss Filed | July 7, 2005 | Oct. 17, 2005 |
| Motion to Dismiss Conditionally Granted | July 27, 2005 | Nov. 18, 2005 |
| Compliance Date to Avoid Final Dismiss. | Oct. 1, 2005 | Dec. 16, 2005 |
| Extended Date for Compliance | Oct. 4, 2005 | None |
| Interrogatories Answered | Oct. 4, 2005 | Dec. 13, 2005 |
| TIME REQUIRED TO OBTAIN ANSWERS: | 10½ months | 7 months |

24

The only argument regarding the First Motion which is not made relative to the Third Motion is that the answers to the interrogatories were altered or amended after they were signed. However, this circumstance does not cause the court to reach a different conclusion concerning the Third Motion. The post-execution alteration or amendment of answers was only one of two grounds on which the court found an absence of good faith. See Section I. D. supra at 18-19. The other ground was that all 118 Walden Plaintiffs had originally claimed that they had suffered personal injuries and then, after being pressed for months by Richardson to provide the basis for this claim, all 118 stated that they were not alleging any personal injuries. See id. This ground for finding a lack of good faith also applies to the Third Motion. See Defendant's Mem. Re Third Motion at 6 (noting that all twenty-seven answering Chmura Plaintiffs stated in their answers to Interrogatories 9, 10, and 19 that they were not claiming any personal injuries even though they all asserted suffering such injuries in their complaints[19]). Accordingly, I find that the twenty-seven answering Chmura Plaintiffs have not acted in good faith by alleging repeatedly in the Chmura Complaint that they suffered personal injuries, failing for months to respond to Richardson's reasonable inquiries that they provide information about those injuries, and then unanimously declaring that they are not claiming personal injuries.

Even without this finding, the court concludes that the Third Motion should be granted for the same primary reasons that it concluded the First Motion should be granted—the responses of

---

[19] The Chmura Plaintiffs claimed that they suffered or sustained personal injuries in ¶¶ 48, 50, 52, 54, 56, and 58 of the Chmura Complaint (Doc. #1 in Chmura), ¶¶ 50, 52, 54, 56, 58, and 60 of the Chmura First Amended Complaint (Doc. #2 in Chmura), and ¶¶ 56, 58, 60, 62, 64, and 66 of the Chmura Second Amended Complaint (Doc. #3 in Chmura).

25

the twenty-seven Chmura Plaintiffs to Richardson's
Interrogatories 2, 3, 4, 7, 15, 16, 17, and 18 are grossly
inadequate.  They are deficient for the same reasons that the
court found the Walden Plaintiffs' answers deficient, see Section
I. D. supra at 18-19, and they are insufficient to avoid the
dismissal mandated by the court's orders of July 27, 2005 (Doc.
#68), and November 18, 2005 (Doc. #103).  Accordingly, I
recommend that the Third Motion for Entry of Dismissal be
granted.

If the recommendation for dismissal as to these twenty-seven
Chmura Plaintiffs is not accepted, I alternatively recommend that
the phrase "other than privileged information provided by my
attorneys" be stricken from the answers of all twenty-seven
answering Chmura Plaintiffs to Interrogatories 2, 3, 4, 7, 14,
15, 16, 17, and 18.

## 2.  Fourth Motion

As a result of the Stipulation (Doc. #115) and the court's
determination that the First Motion should be granted, the Fourth
Motion has meaning only for Richard Hughes.  See n.5 supra.
Because Hughes has failed to provide answers to Richardson's
interrogatories in accordance with the Order of 11/18/05 (Doc.
#103), as extended by the Stipulation (Doc. #116) entered on
January 17, 2006, see Defendant's Mem. Re Fourth Motion at 1,
there is no reason why the dismissal previously ordered should
not now be given effect.  Accordingly, I recommend that the
Fourth Motion be granted.

## D.  Conclusion Re Second, Third, and Fourth Motions

For the reasons stated above, I recommend that the Second,
Third, and Fourth Motions for Entry of Dismissal be granted.  If
the recommendation for dismissal is not accepted as to the Third
Motion, I alternatively recommend that the phrase "other than
privileged information provided by my attorneys" be stricken from

26

the answers of all twenty-seven answering <u>Chmura</u> Plaintiffs to Interrogatories 2, 3, 4, 7, 14, 15, 16, 17, and 18.

### III. Summary and Conclusion Re All Motions

As explained in this Report and Recommendation, the totality of events supports dismissal as the appropriate sanction for the <u>Walden</u> and <u>Chmura</u> Plaintiffs' failure to provide answers to Richardson's interrogatories. Plaintiffs ignored Richardson's interrogatories, requiring him to file motions to compel. They have had the benefit of repeated extensions and written warnings from the court (in the form of orders) as to the consequences of noncompliance. Lesser sanctions are inadequate to remedy the harm resulting to Richardson from Plaintiffs' failure to explain why he has been sued in this action.

For the reasons stated in Part I, I recommend that the First Motion (Doc. #91) be granted. For the reasons stated in Part II, I recommend that the Second Motion (Doc. #108), Third Motion (Doc. #109), and Fourth Motion (Doc. #122) be granted.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk within ten (10) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

*David L. Martin*

DAVID L. MARTIN
United States Magistrate Judge
March 3, 2006