**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al,
Plaintiffs

v. CASE NUMBER: 04-304S

CITY OF PROVIDENCE, et al,
Defendants

JOHN C. CHMURA, et al
Plaintiffs

v. CASE NUMBER: 04-553S

CITY OF PROVIDENCE, et al,
Defendants

**MOTION FOR SUMMARY JUDGMENT**
**FILED BY MARY LENNON**

Defendant Mary Lennon ("Defendant") hereby moves for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure against Plaintiffs on all counts of both complaints.

In support thereof, Defendant submits the attached memorandum of law.

Mary Lennon
By her attorney,

Dean G. Robinson (#3852)
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540
FAX: (401) 433-1605

## CERTIFICATION

I certify that on April 6, 2006, I mailed a true copy of the within Motion for Summary Judgment to the following counsel of record:

Carolyn A. Mannis, Esq.
170 Westminster Street
Suite 800
Providence, Rhode Island 02903

Kevin F. McHugh, Esq.
Assistant City Solicitor
City of Providence
275 Westminster Street, 2nd Floor
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903

George J. West, Esq.
One Financial Plaza
Suite 1500
Providence, Rhode Island 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center – Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

Kathleen Wilson

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al,
Plaintiffs

v. CASE NUMBER: 04-304S

CITY OF PROVIDENCE, et al,
Defendants

JOHN C. CHMURA, et al
Plaintiffs
v. CASE NUMBER: 04-553S

CITY OF PROVIDENCE, et al,
Defendants

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FILED BY MARY LENNON**

Defendant Mary Lennon ("Lennon") submits the within Memorandum of Law in support of her Motion for Summary Judgment against Plaintiffs.

## FACTS

A Statement of Undisputed Facts is attached to this Memorandum.

## STANDARD OF REVIEW

Federal Rules of Civil Procedure 56(c) provides that summary judgment shall be rendered where the materials before the court on a summary judgment motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A party opposing a properly-supported summary judgment motion cannot rest on the pleadings but must set forth specific facts showing a genuine issue for trial pursuant to Federal Rules of Civil Procedure 56(e).

## ARGUMENT

In their two complaints Plaintiffs allege that Lennon violated numerous Federal and Rhode Island constitutional provisions and laws, including the Fourth Amendment of the United States Constitution, by "using, installing and maintaining the Total Recall system." Plaintiffs named Lennon as a Defendant both individually and in her former official capacity as Chief of Operations of the Department of Communications.

As noted above, Rule 56 directs that the pleadings, depositions, answers to interrogatories and admissions on file be examined to determine if there is a genuine issue of material fact. Lennon (and other individual defendants) propounded interrogatories to all Plaintiffs in 2005. Interrogatory number two requested "For each individual defendant, please set forth all of the facts that support your allegations against each individual Defendant in your Complaint and addressed to each in his/her former official capacity." The response of every Plaintiff was identical, and as to Lennon stated:

> "Upon information and belief she was the Chief of Operations at the Police Control Center and was involved in the procurement, installation and maintenance of the "Total Recall System". Defendant Lennon was aware that the "Total Recall System" had been installed and was being used at the Providence Public Safety Complex and was aware or should have been aware that the use of the "Total Recall System" was in violation of my constitutional rights and in violation of state and federal wire tap statutes. Defendant Lennon took no steps to have the "Total Recall System" removed from the Providence Public Safety Complex prior to Chief Dean Esserman's order to have the system removed."

This answer does not set forth any facts supporting Plaintiffs' allegations. In addition, the statements contained in the response were made "Upon information and belief". Plaintiffs did not, therefore, provide any facts in any of the responses to interrogatories that could be utilized in opposition to Lennon's motion for summary judgment.

In addition to Lennon's own deposition, there have been depositions taken to date in this case from witness Stephen Moise as well as defendants Urbano Prignano, Joseph Richardson and Manuel Viera. Defendant Vincent Cianci has also provided written responses to questions propounded by Plaintiffs. There has been no evidence presented in any of these depositions or in the responses indicating that Mary Lennon participated in the procurement or installation of the

Total Recall system. In fact, the report prepared by the Rhode Island State Police following their investigation of this matter indicated that "There has been no evidence to support that the installation and use of the recording device went beyond the Director of Communications, Manuel Viera." (State Police Report p. 42). While it is conceded that Lennon was aware that the Total Recall system was in place, there was also no testimony provided at any deposition indicating that she knew that the system was recording private telephone conversations as alleged in Plaintiffs' complaints. In fact, direct statements by witnesses support the fact that she was not aware of any such alleged recordings. (See, e.g. Moise deposition p. 81).

As noted above, Lennon was sued individually and in her former official capacity as Chief of Operations. It has been held that in claims brought under 42 U.S.C. 1983, supervisory liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). There is no evidence before this Court that would indicate that Mary Lennon approved or even knew of the recording of private telephone conversations as alleged in the Complaints. Thus, she cannot be held liable either personally or in her former official capacity.

## CONCLUSION

Plaintiffs have failed to produce any facts to support the allegations made against Lennon in the Complaints. Accordingly, Defendant Mary Lennon respectfully requests that this Court grant her motion for summary judgment against all Plaintiffs in the above cases, both individually and in her former official capacity.

Mary Lennon
By her attorney,

Dean G. Robinson (#3852)
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540
FAX: (401) 433-1605

**CERTIFICATION**

I certify that on April 6, 2006, I mailed a true copy of the within Memorandum to the following counsel of record:

Carolyn A. Mannis, Esq.
170 Westminster Street
Suite 800
Providence, Rhode Island 02903

Kevin F. McHugh, Esq.
Assistant City Solicitor
City of Providence
275 Westminster Street, 2nd Floor
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903

George J. West, Esq.
One Financial Plaza
Suite 1500
Providence, Rhode Island 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center – Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

Kathleen Wilson

# INDEX TO MEMORANDUM OF LAW

1. Statement of Undisputed Facts
2. Plaintiff's Response to Defendants' Interrogatories
3. Deposition Transcript of Mary Frances Lennon
4. Deposition Transcript of Urbano Prignano, Jr.
5. Deposition Transcript of Joseph P. Richardson, Jr.
6. Deposition Transcript of Stephen Moise
7. Deposition Transcript of Manuel Vieira
8. Report of Rhode Island State Police