**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et als.**

**VS.** **C.A. NO.: 2004-304 S**

**CITY OF PROVIDENCE, et. als.**

***CONSOLIDATED WITH***

**JOHN C. CHMURA, et als.**

**VS.** **C.A. NO.: 04-553S**

**CITY OF PROVIDENCE ,et als.**

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, URBANO PRIGNANO, JR.**

Now comes Defendant, URBANO PRIGNANO, JR., ("hereinafter Col. Prignano) and moves that summary judgment be entered in his favor and against all Plaintiffs in these consolidated cases.

In support of his motion, Col. Prignano relies on the Memorandum and Statement of Undisputed Facts with attachments filed herewith as well as the pleadings referenced in the Memorandum.

Wherefore, there being no genuine issue of a material fact respect to his liability, Col. Prignano respectfully requests that his motion be granted, that summary judgment enter in his favor and against all Plaintiffs, and that the complaints be dismissed as against him with prejudice.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et als.**

**VS.** **C.A. NO.: 2004-304 S**

**CITY OF PROVIDENCE, et. als.**

***CONSOLIDATED WITH***

**JOHN C. CHMURA, et als.**

**VS.** **C.A. NO.: 04-553S**

**CITY OF PROVIDENCE ,et als.**

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, URBANO PRIGNANO, JR.**

INTRODUCTION

Sometime in February 2003, certain officials of the City of Providence became aware that a telephone system ("The Total Recall System") which had been installed the previous year in the "new" Public Safety Complex may have been "recording" more calls than the officials had been aware were being recorded. For whatever reason, those public officials rushed to the press and announced their "discovery" and removal of the system. This precipitous action, set into motion the instant consolidated lawsuits.

With little more than a press release, well over 100 Plaintiffs are complaining that their civil rights and other rights have been violated because their telephone conversations, many of which presumably are personal calls to or from employees of the

City of Providence, *may* have been captured--not monitored–without their permission. These Plaintiffs are seeking damages from the City of Providence as well as from a few former employees of the City of Providence not only in their previous official capacities but also in their **individual** capacities. One of these individuals is the instant movant, Col. Urbano Prignano, Jr. (Ret.) ("Col. Prignano").

Without addressing the substantive merits, either factual or legal, of the Plaintiffs' claims,[1] Col. Prignano here seeks summary judgment on all claims filed by all Plaintiffs in these consolidated lawsuits against him in his individual and official capacity. That is because there are no genuine issues of material fact that would implicate him in any way in the design, procurement, installation, maintenance, use or operation of the "Total Recall System". As discussed below, Col. Prignano had retired nearly one year prior to the process that set in motion the procurement of the "Total Recall System" and never even heard of it until the precipitous press release of February 2003--more than two years after his retirement. Simply put Col. Prignano had nothing to do with any aspect of the "Total Recall System", and, not surprisingly, Plaintiffs in the nearly two years that the litigation has been pending have not presented and cannot present any evidence to the contrary.

## PERTINENT TRAVEL OF THE CASE

In or about July, 2004 approximately 90 Plaintiffs filed the first of the lawsuits here consolidated. [See Complaint in C.A. No. 04-304S (Doc. No. 1).] In or about March of 2005, approximately 30 Plaintiffs filed the second complaint. [See Second Amended

---

[1] Defendant, Urbano Prignano, Jr. expressly reserves his right to raise legal and factual issues regarding the substantive merits of the Plaintiffs claims.

Complaint for Declaratory Relief and Damages filed in C.A. No. 04-553-S (Doc. No. 2).] The matters were consolidated on or about June 6, 1995 pursuant to Fed. R. civ. P. 42 (a). [See Order of June 6, 1995 (Doc. No. 54 in C.A. No. 04-304S and Doc. No. 11 in C.A. No. 04-552S).]

Both complaints allege that statutory and civil rights of Plaintiffs, who are either employees or family members of employees of the City of Providence, were violated because certain of their telephone conversations were recorded without their permission by "The Total Recall System". (See Complaint in No. 04-304S at Paragraphs 99 and 103--114 and Second Amended Complaint in C.A. No. 04-553 at Paragraphs 41 and 45--54.)

As to the Defendants collectively, the only factual allegations Plaintiffs make are the following.

1. "Defendants owned and operated" "The Total Recall System". (Complaint in C.A. No. 04-304S at Paragraph 102; Complaint in C.A. No. 04-553S at Paragraph 45.)

2. " 'The Total Recall System' was installed and maintained by the Defendants." (Complaint in C.A. No. 04-304S at Paragraph 104; Complaint in C.A. No. 04-553S at Paragraph 46.)[2]

Specifically as to the instant movant, Col. Prignano, the Plaintiffs allege only that "Defendant, Urbano Prignano, Jr., is the former Chief of Police for the City. . . ."

---

[2] Without an antecedent reference in each count, Plaintiffs also claim that the alleged actions of Defendants' in "using" "The Total Recall System" violated their rights. (*See* Complaint in C.A. No. 04-304S at Paragraphs 115, 117, 123, 125, and Complaint in C.A. No. 04-553S at Paragraphs 55, 57, 59, 61,63,65.)

(Complaint in C.A. No. 04-304S at Paragraph 93 and Complaint in C.A. No. 04-553S at 35.)

During the course of discovery Plaintiffs have provided no further facts in support of their allegations relative to Col. Prignano. In response to a pointed interrogatories designed to elicit each fact underlying their allegations, each of the Plaintiffs answered under oath as follows.[3]

> Interrogatory No. 2. For each individual Defendant, please set forth all of the facts that support your allegations against each individual Defendant in your complaint and addressed to each in his/her former official capacity.
>
> ANSWER NO. 2:
>
> ....
>
> Urbano Prignano: As Chief of Police *at the Providence Public Safety Complex*, Defendant Prignano was responsible to oversee the procurement, installation and use of any phone recording device installed and used at the Providence Public Safety Complex. *Upon information and belief* he was aware or should have been aware that the procurement, installation and use of the "Total Recall System" was in violation of my constitutional Rights and in violation of state and federal wire tap statutes. *Upon information and belief,* Defendant Prignano was an active participant in the procurement, installation on [sic] ongoing use of the "Total Recall System" until it was ordered to be removed by Chief Dean Esserman.
>
> ....
>
> 3. Please set forth all of the facts that support your allegations against each individual Defendant in your Complaint and addressed to each in his/her individual capacity as a Defendant.
>
> ANSWER NO. 3: *Upon information and belief* the individual Defendants' actions taken under color of law with respect to the "Total Recall System" caused a deprivation of my federally protected constitutional rights and

---

[3] Attached to this Memorandum is a copy of the Plaintiff's Response to Defendants' Interrogatories signed by Plaintiff Carol Serbst. But for personal information contained in Answer No. 1, the answers filed by each of the Plaintiffs in both cases is identical in every aspect pertinent to this memorandum.

violated the wire tap statutes.

4. Please set forth all of the facts in your possession, custody and/or control which support in any way each individual Defendant's alleged involved mentor participation in the procurement, selection, installation, maintenance, supervision and/or operation of the so-called "Total Recall" system referenced in Plaintiffs' Complaint.

ANSWER NO. 4: See answer to interrogatory number 2 and 3. Additionally discovery is ongoing and this answer will be supplemented in accordance with the Rules of Civil Procedure.

. . .

12: Please give a detailed factual description of every occasion in which you alleged an individual Defendant acted outside of the scope of his/her official capacity with the City of Providence at anytime and in any way that relates to the subject matter of Plaintiffs' Complaint

ANSWER NO.12: Every time one of my calls was recorded and listened to without my consent. Each of the individually named Defendants were aware the "Total Recall System" had been installed and was recording all phone conversations within the Providence Public Safety complex (outside of a few extensions which were not recorded but not used by any of the named Plaintiffs). I did not consent to any of my phone conversations being recorded and or accessed. None of the named individual defendants were authorized in their official capacity with the City of Providence to improperly record my conversations in violation of State and Federal wire tap statutes.

[*See, e.g.,* Plaintiffs' Response to Defendants' Interrogatories signed by Carol Serbst on or about January 26, 2006 (a copy of which is attached to this memorandum) (emphasis added).]

In addition, Plaintiffs took the depositions of each of the individual defendants[4],

[4] In lieu of a deposition and pursuant to court order, interrogatories were served upon and answered by Defendant Vincent Cianci, the former Mayor of the City of Providence.

including Col. Prignano as well as one non-party, Stephen Moise.[5]

At this time, a dismissal stipulation as to one of the individual Defendant, Joseph Richardson has been entered and a dismissal stipulation with respect to Defendant Vincent Cianci is expected to be entered shortly.

PERTINENT UNDISPUTED FACTS

The controlling undisputed and undisputable fact pertinent to the instant motion for summary judgment is that Col. Prignano had left the employ of the City of Providence on January 31, 2001. (See Statement of Undisputed Facts at Paragraphs 2, 3.) At that time, construction had not even begun on the "new" Public Safety Complex. (Statement of Undisputed Facts at Paragraph 6.) At that time, the "Total Recall System" had not even been ordered. (Statement of Undisputed Facts at 8 and 9.) "The Total Recall System" was not used by anyone in the City of Providence until it was used in the "new" Public Safety Complex". (Statement of Undisputed Facts at 5.) "The Total Recall System" was not activated until sometime in July or August of 2002--nearly one and one-half years after Col. Prignano last worked for the City of Providence in any capacity. (Statement of Undisputed Facts at Paragraphs 3, 11.)

ARGUMENT

Whatever as of yet undisclosed "*information and belief*" that the Plaintiffs may possess, or wish that they possessed, the inescapable conclusion is that if there has been any violation of anyone's statutory or civil rights on account of "The Total Recall System", no sets of facts exists that will extend liability for any such violations to Col.

[5] Copies of the pertinent portions of the depositions relied in this motion are attached to the Statement of Undisputed Facts.

Prignano. He was not there at any time relevant to the allegations set forth in the complaints.

His retirement on January 31, 2001 predates the initial meetings preceding the drafting of the Request For a Proposal for a telephone system for the "new" Safety Complex" as well as the bidding and procurement processes. (Statement of Undisputed Facts at Paragraphs 8-10.) His retirement on January 31, 2001 predates the construction of the "new" Public Safety Complex". (Statement of Undisputed Facts at Paragraph 6.) He was never Chief of Police in the "new" Public Safety Complex". (Statement of Undisputed Facts at Paragraph 7.) His retirement on January 31, 2001 predates the activation of "The Total Recall System" in the "new Public Safety Complex". (Statement of Undisputed Facts at Paragraph 11.) He never even heard of "The Total Recall System" before February 2003. (Statement of Undisputed Facts at Paragraphs 10--12.)

It is beyond dispute that Col. Prignano could not have been involved in the procurement, installation, maintenance or even the use of "The Total Recall System." Very simply, he was not employed by the City of Providence in any capacity at any time relevant to these lawsuits. He was not there.

## CONCLUSION

For these reasons, Judgment should enter in favor of Defendant Urbano Prignano, Jr. against all Plaintiffs, and both cases should be dismissed with prejudice as against Col. Prignano.

Defendant,
Urbano Prignano, Jr.
By his Attorneys,
**FAMIGLIETTI & CARLIN, LTD.**

Stephen R. Famiglietti, Esq.
RI Bar No. 1305

Susan M. Carlin, Esq.
RI Bar No. 2648

132Old River Road, Suite 205
Lincoln, Rhode Island 02865
(401) 335-4550
(401) 335-4515 Fax

Dated: April 6, 2006

**CERTIFICATION**

I hereby certify that copies of the within were forwarded by first class mail to Mark A. Fay, Esq., Murphy & Fay, LLP, 127 Dorrance Street, 2nd Floor, Providence, Rhode Island 02903; Carolyn A. Mannis, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island 02903; Dean G. Robinson, Esq., 670 Willett Avenue, East Providence, Rhode Island 02915; George L. Santopietro, Esq., Coia & Lepore, Ltd., 226 South Main Street, Providence, Rhode Island 02903; Kevin McHugh, Esq., and Michael Calise, Esq. Assistant City Solicitors, Law Department, City of Providence, 400 Westminster Street, Providence, Rhode Island 02903; and, George J. West, Esq., One Turks Head Place, Suite 312, Providence, Rhode Island 02903-2215 on the 6th day of April, 2006.

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | | |
|---|---|---|---|
| THOMAS WALDEN, ET ALS | : | | |
| VS. | : | C.A. NO.: | 04-304S |
| CITY OF PROVIDENCE, ET ALS | : | | |
| JOHN C. CHMURA, ET ALS | : | | |
| VS. | : | C.A. NO.: | 04-553S |
| CITY OF PROVIDENCE, ET ALS | : | | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' INTERROGATORIES**

1. Please state your full name, any other names or aliases you have used, date of birth, home address, present occupation, and the name and address of your present employer.

ANSWER NO.1: **Carol M. Serbst; DOB 11/19/61; 5 Barbara Drive, Bristol, RI 02809; Occupational Therapist; VNA of S.E. Mass in Fall River, MA.**

2. For each individual Defendant, please set forth all of the facts that support your allegations against each individual Defendant in your Complaint and addressed to each in his/ her former official capacity.

**ANSWER NO.2:**

**Vincent Cianci: He was the Mayor of the City of Providence at the time the "Total Recall System" was procured and would have been ultimately responsible for the decisions associated with the procurement, installation and maintenance of the system. Defendant Cianci was aware that the "Total Recall System" had been installed and was being used at the Providence Public Safety Complex and was aware or should have been aware that the use of the "Total Recall System" was in violation of my constitutional rights and in violation of state and federal wire tap statutes. Defendant Cianci took no steps to have the "Total Recall System" removed from the Providence Public Safety Complex prior to Chief Dean Esserman's order to have the system removed.**

**Urbano Prignano: As Chief of Police at the Providence Public Safety Complex Defendant Prignano was responsible to oversee the procurement, installation and use of any phone recording device installed and used at the Providence Public Safety Complex. Upon information and belief he was aware or should have been aware that the procurement, installation and use of the "Total Recall System" was in violation of my constitutional rights and in violation of state and federal wire tap statutes. Upon information and belief Defendant Prignano was an active participant in the procurement, installation on ongoing use of the "Total Recall System" until it was ordered to be removed by Chief Dean Esserman.**

**Manny Vieira: Upon information and belief he was an active participant in the procurement, installation and maintenance of the "Total Recall System" in his capacity as a city employee. Defendant Vieira was aware that the "Total Recall System" had been installed and was being used at the Providence Public Safety Complex and was aware or should have been aware that the use of the "Total Recall System" was in violation of my constitutional rights and in violation of state and federal wire tap statutes. Defendant Vieira took no steps to have the "Total Recall System" removed from the Providence Public Safety Complex prior to Chief Dean Esserman's order to have the system removed.**

**Joseph Richardson: He was the Deputy Director of the Communications Department that procured, installed and maintained the "Total Recall System". Defendant Richardson was aware that the "Total Recall System" had been installed and was being used at the Providence Public Safety Complex and was aware or should have been aware that the use of the "Total Recall System" was in violation of my constitutional rights and in violation of state and federal wire tap statutes. Defendant Richardson took no steps to have the "Total Recall System" removed from the Providence Public Safety Complex prior to Chief Dean Esserman's order to have the system removed.**

**Mary Lennon: Upon information and belief she was the Chief of Operations at the Police Control Center and was involved in the procurement, installation and maintenance of the "Total Recall System". Defendant Lennon was aware that the "Total Recall System" had been installed and was being used at the Providence Public Safety Complex and was aware or should have been aware that the use of the "Total Recall System" was in violation of my constitutional rights and in violation of state and federal wire tap statutes. Defendant Lennon took no steps to have the "Total Recall System" removed from the Providence Public Safety Complex prior to Chief Dean Esserman's order to have the system removed.**

3. Please set forth all of the facts that support your allegations against each individual Defendant in your Complaint and addressed to each in his/her individual capacity as a Defendant.

**ANSWER NO.3: Upon information and belief the individual Defendants' actions taken under color of law with respect to the "Total Recall System" caused a deprivation of my federally protected constitutional rights and violated the wire tap statutes.**

4. Please set forth all of the facts in your possession, custody and/or control which support in any way each individual Defendant's alleged involvement or participation in the procurement, selection, installation, maintenance, supervision and/or operation of the so-called "Total Recall" system referenced in Plaintiffs' Complaint.

**ANSWER NO.4: See answer to interrogatory number 2 and number 3. Additionally, discovery is ongoing and this answer will be supplemented in accordance with the Rules of Civil Procedure.**

5. Please identify each and every statement made by each individual Defendant which relates to the subject matter of the Complaint, and for each statement so identified, provide the date of the statement, the place of the statement, the substance of the statement, and the identity (by name and address) of each person present when each such statement allegedly was made by the Defendant.

**ANSWER NO.5: While discovery is still ongoing, the only statements my lawyers are aware of are the ones contained in the State Police criminal investigation file, including two statements from Mary Lennon, one which is undated and one which was taken on February 18, 2003, and one for Joseph Richardson taken on February 18, 2003.**

6. Please state the name, residence address and business address of each witness who may have any knowledge of the facts or circumstances alleged and described in your complaint as they relate to the individual Defendants and the municipal Defendants, and please provide a summary of the nature of the knowledge you believe that each person has.

**ANSWER NO.6: Although discovery is ongoing other than the Defendants;**

**1. Steven Moise; 38 Roanoke Street, Providence, RI 02908.**

**2. "Carlos" who worked at Expanets at the time the system was procured, installed and maintained.**

**3. Anthony Demaris was an Assistant Radio Engineer at the time the system was procured, installed and maintained.**

**4. Frank Parfume was a telephone technician for the City of Providence at the time the system was procured, installed and maintained.**

**5. Greg Haroian was/ is a Videotape Technician/ Computer Technician/ Computer Expert for the City of Providence during the time the system was procured, installed and maintained.**

**6. Ron Reposa was the Assistant Deputy State Fire Marshall, Fire Alarm Inspector/ Plan Reviewer at the time the system was procured, installed and maintained.**

**7. Bob Nelson who worked for Expanets at the time in question and was involved in the formulation of the "specs" for the system.**

**8. Cindy Parente who was the Secretary for the Communications Department and requested that her extension be removed from those being recorded pursuant to the "Total Recall System".**

**9. Susan Rennie and Andrew Garza who both worked for Expanets at the time the system was procured, installed and maintained.**

**My Attorneys do not have addresses for these witnesses at this time. Discovery will be supplemented as it becomes available in accordance with the Rules of Civil Procedure. Additionally witnesses may be added as they become available and we have knowledge of them.**

7. Please state all of the facts and identify all documents or other materials which support your inclusion of the municipal Defendants as named Defendants in your Complaint.

**ANSWER NO.7: I have no personal knowledge of facts or documents which support the inclusion of the municipal Defendants as named Defendants in the Complaint The municipal Defendants were included pursuant to my Attorneys' advice.**

8. If you contend that your constitutional or statutory rights were violated by any employee of the City pursuant to a custom, policy, ordinance or regulation of the City, please state and describe with specificity the custom, policy, ordinance or regulation pursuant to which your constitutional or statutory rights were violated.

**ANSWER NO.8: Upon information and belief the "Total Recall System" was procured, installed and maintained contrary to policy regarding the protocol for recording telephone conversations at the Providence Public Safety Complex. As a result, my federally and state protected rights against search and seizure were violated as well as violating the wire tap statutes.**

9. If you contend that your constitutional or statutory rights were violated by any employee of the City pursuant to a custom, policy, ordinance or regulation of the City, please provide the following information:

a. All facts which support your claim;
b. The identity of any documents which support your claim; and
c. The identity of all persons with knowledge or information which support your claim.

ANSWER NO.9:

**a. According to Detective John F. Killian in a report dated June 20, 2003, the City of Providence procured, installed and maintained a call-recording system called the "Total Recall System" located on city property at 325 Washington Street, RoomP-284, Providence, RI. The "Total Recall System" was a digital, web-based, call-logging system that recorded telephone conversations. The system's computer interfaced with the City's telephone network. Moreover, the system acquired and archived telephone conversations in a Microsoft Windows sound format known as a "WAV" format.**

**According to Detective John F. Killian there were 754,564 calls that were recorded prior to Chief Dean Esserman's ordering the system to be dismantled. Moreover, 83,552 calls that were recorded were accessed after being recorded.**

**b. State Police Criminal Investigation file.**

**c. See answer to interrogatory number 6 above. Additionally, anyone who investigated the incident at the State Police or referenced in the State Police Criminal Investigation file.**

10. If you contend that your constitutional or statutory rights were violated by any employee of the City pursuant to a custom, policy, ordinance or regulation of the City, please provide the following information:

a. The identity of the policymaker of this custom, policy, ordinance or regulation; and
b. All facts that tend to support the contention that the person or persons identified in your answer was a policymaker.

**ANSWER NO.10: Discovery is still ongoing. Once discovery is complete this answer will be supplemented in accordance with the Rules of Civil Procedure.**

11. If you contend that the policymaker who is responsible for the custom, policy, ordinance, or regulation pursuant to which your constitutional or statutory rights were violated acquiesced in the custom, policy, ordinance or regulation, please state;

a. How the policymaker obtained notice of the custom, policy, ordinance or regulation; and

b. How the policymaker should have prevented your constitutional or statutory rights from being violated.

**ANSWER NO.11: Discovery is still ongoing. Once discovery is complete this answer will be supplemented in accordance with the Rules of Civil Procedure.**

12. Please give a detailed factual description of every occasion in which you alleged an individual Defendant acted outside of the scope of his/her official capacity with the City of Providence at anytime and in any way that relates to the subject matter of Plaintiffs' Complaint.

**ANSWER NO.12: Every time one of my calls was recorded and listened to without my consent. Each of the individually named Defendants were aware the "Total Recall System" had been installed and was recording all phone conversations within the Providence Public Safety Complex (outside of a few extensions which were not recorded but not used by any of the named Plaintiffs). I did not consent to any of my phone conversations being recorded and or accessed. None of the named individual defendants were authorized in their official capacity with the City of Providence to improperly record my conversations in violation of State and Federal wire tap statutes.**

13. Please describe each and every fact in your possession, custody or control that supports your claim for punitive damages against individual Defendants.

**ANSWER NO.13: See answer to interrogatory number 9. Additionally, punitive damages are recoverable upon a showing of a violation of my constitutional rights and the wire tap statute.**

14. Please give the name and present address of each person you expect to call as an expert witness at trial; and with respect to each expert witness, please state:

a. The subject matter on which each expert is expected to testify;
b. The substance of the facts and opinions to which each expert is expected to testify; and
c. A summary of the grounds for each opinion.

**ANSWER NO.14: All experts and expert information will be identified and provided in accordance with Judge Smith's Pre-Trial Order.**

15. If you allege, as set forth in Paragraph 105 of your complaint, that the "Total Recall system…allowed access to the system from anywhere in the world on the Internet by way of a web browser,: and that :[u]sers could then search through recorded telephone calls, monitor live calls and change telephone features," please provide the following information:

a. All facts which support your claim;

b. The identity of any documents which support your claim and present location and custodian of said document; and

c. The identity of all persons with knowledge or information which support your claim.

**ANSWER NO.15: Objection. The interrogatory as worded seeks information protected by the work product privilege and compiled in anticipation without Litigation. Without waiving said objection the facts which support this claim are contained in the State Police forensic reports complied in the State Police criminal investigation including Detective John Killian's report dated June 20, 2003 and the statement of Andrew Garza given to the State Police on May 8, 2003.**

16. If you allege as set forth in Paragraph 108 of your complaint, that the "Providence Firefighters maintained and used...a separate line for private use paid for by the Firefighters," please provide the following information:

a. All facts which support your claim;

b. The identity of any documents which support your claim; and

c. The identity of all persons with knowledge or information which support your claim.

**ANSWER NO.16: On behalf of the Providence Fire Department:**

**a. It is my understanding that Thomas Walden requested and paid for this line.**

**b. Multiple Verizon telephone bills.**

**c. Thomas Walden.**

17. If you allege, as set forth in Paragraph 113 of your complaint, that "at all relevant times you had no knowledge that your telephone conversations were [sic] by recorded by the "Total Recall system," please provide the following information:

a. The manner in which you were made aware of the recordings by the "Total Recall System;

b. The date you were made aware of the recording by the "Total Recall system;

c. The identity of any and all persons who informed you of the recording by the "Total Recall system;

d. The identity of any documents that made you aware of the recording by the "Total Recall system.

**ANSWER NO.17:**

**a. I was not made aware that phone calls were being recorded by the "Total Recall System" until after it was disclosed by various media outlets and by various conversations with other individuals who also became aware of the situation after the media broke the story.**

**b. I do not remember the specific date I became aware that the phone calls were being recorded by the "Total Recall System" other than it was sometime after the system had been dismantled from the Providence Public Safety Complex.**

**c. My Attorneys.**

**d. I did not see any documentation which made me aware of the "Total Recall System".**

18. Please describe by date and by identity of the participants involved, each and every occasion on which you and/or any of the Plaintiffs had a telephone conversation, or a portion thereof, that was actually listened to by any individual Defendant, or by anyone acting on his/her behalf, either contemporaneously or subsequently, and that is related in any way to the allegations in Plaintiffs' Complaint.

**ANSWER NO.18: I have no personal knowledge that any of the named individual defendants actually listened to any of my conversations.**

19. Please describe by date and by identity of the participants involved, each and every occasion on which you and/or any of the Plaintiffs had a telephone conversation, or a potion thereof, that was actually listened to by anyone who was not a party to the telephone conversation, either contemporaneously or subsequently, and that is related in any way to the allegations in Plaintiffs' Complaint.

**ANSWER NO.19: I have no information that anyone who is not a party to this matter listened to any conversations involved in this action.**

20. Please identify each and every statement made by any individual Defendant which pertains to the subject matter of the Complaint, and for each statement so identified, provide the date of the statement, the place of the statement, the substance of the statement, and the identity (by name and address) of each person present when each such statement was made by the individual Defendant.

**ANSWER NO.20: Objection, the interrogatory as worded is overly broad, vague and therefore unanswerable as written.**

21. Please describe in detail the nature of each component and/or symptom of personal injury you experienced as a result of defendants' actions and as alleged in the Complaint, For each such component and/ or symptom of personal injury, please identify by name, address and specialty each and every health care provider you consulted, treated with, or otherwise visited as a result of the personal injury, and provide the dates of each such consultation or visit.

**ANSWER NO.21: I am waiving any personal injury claim as a result of this action but am seeking nominal damages.**

22. With regard to each component and/or symptom of personal injury described in you answer to Interrogatory 21, above, please state whether you had ever experienced any similar component and/or symptom of personal injury prior to your discovery of the matters described in your Complaint related to the "Total Recall" system, and if your answer is in the affirmative, identify each previously experienced component and/ or symptom of personal injury, its cause and origin, and provide the name, address and dates of treatment of each and every health care provider with whom you consulted, treated or visited as a result of said prior similar component and/or symptom of personal injury.

**ANSWER NO.22: I am waiving any personal injury claim as a result of this action but am seeking nominal damages.**

23. Please describe in detail the facts that support your claims for any "other damages" and for "compensatory damages" that have been incurred by you as alleged in Paragraphs 116, 188, 120, 122, 124, and/or 126 of the Complaint, and in Counts One through Six of the Complaint, and please provide an itemized list of all non-punitive damages you are claiming against the Defendant.

**ANSWER NO.23: See answers to interrogatory number 21 and 22. I am also seeking statutory damages as provided in the wire tap statutes.**

Objections by:

Mark A. Fay, Esquire (#4208)
Murphy & Fay, L.L.P.
127 Dorrance Street, 2nd Floor
Providence, RI 02903
(401) 490-3200
(401) 490-3207 FAX

Carol Serbst
CAROL SERBST

Subscribed and sworn to before me on the 26 day of January, 2006.

Kendra Lima
Notary Public
My Commission Expires:

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 8 day of Feb, 2006 mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esquire
~~One Financial Plaza, Suite 1500~~ One Turks Head Place
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

KL