**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, ET ALS.

VS. C.A. NO.: 04-304S

CITY OF PROVIDENCE, ET ALS.

JOHN C. CHMURA, ET ALS.

VS. C.A. NO.: 04-553S

CITY OF PROVIDENCE, ET ALS.

**PLAINTIFFS' MOTION TO EXTEND TIME**
**TO RESPOND TO SUMMARY-JUDGMENT MOTIONS**

NOW COME the Plaintiffs and hereby move this Honorable Court pursuant to Fed.R.Civ.P. 6(b) and Rule 6(f) for an Order extending time to respond to Defendant Mary Lennon, Defendant Urbano Prignano, Jr. and Defendant Manuel Vieira's motion for summary judgment up to and including May 31, 2006.

As the Court is aware Plaintiffs have been unable to secure the deposition testimony of Chief Dean Esserman due to his continuing illness. It is the understanding of Plaintiffs' counsel that Chief Esserman initiated an investigation into the "Total Recall" system at the Public Safety Complex which resulted in the termination or forced resignations of Mary Lennon and Manuel Vieira. As such, the deposition testimony of Chief Esserman may well be key to Plaintiffs' case and is particularly necessary to respond to Defendants' Lennon, Prignano and Vieira's motions for summary judgment. Upon completion of Chief Esserman's deposition it was the intent of Plaintiffs' counsel to conduct the depositions of Tony Desmaris and Andrew Rosenzweig.

In light of the conference with Judge Smith on April 24, 2006 and that fact the Plaintiffs' responses to Defendants' Lennon's, Prignano's and Vieira's motions for summary judgment are due on May 15, 2006, the depositions of Chief Esserman and Tony Desmaris were noticed for May 8, 2006. With respect to Mr. Rosenzweig, as he is no longer an employee of the City of Providence, he was duly served with a witness subpoena and his deposition is scheduled for May 9, 2006. The completion of these depositions on the noticed dates would have given Plaintiffs' counsel time to complete their responses to Defendants' motions for summary judgment by May 15, 2006.

On May 3, 2006 Plaintiffs' counsel received correspondence from Kevin McHugh indicating that Chief Esserman is unavailable for his deposition scheduled for May 8, 2006 due to illness. (See attached Exhibit A). On May 4, 2006 Attorney McHugh's office contacted Plaintiffs' counsel indicating that Mr. McHugh was unavailable on May 8, 2006, that the deposition of Tony Desmaris would not go forward on May 8, 2006 and that the deposition be rescheduled to the week of May 15, 2006. On May 5, 2006 Kevin McHugh contacted Plaintiffs' counsel's office, indicated he is unavailable on May 9, 2006 for Andrew Rosenzweig's deposition and that the deposition be rescheduled to the week of May 15, 2006.

In light of the City of Providence's position that Tony Desmaris will not be made available for deposition on May 8, 2006, that Attorney McHugh is unavailable on May 9, 2006 for Andrew Rosenzweig's deposition, that City of Providence counsel has requested the depositions be continued to a date after May 15, 2006 and Chief Esserman's unavailability due to illness, Plaintiffs request their motion for extension be granted.

By the City's actions three key witnesses have been made unavailable until after May 15, 2006, the present due date for the plaintiffs' responses to the motions for summary judgment. Plaintiffs' counsel is placed on the horns of a dilemma: plaintiffs can demand the presence of the witnesses at depositions and force the witnesses and counsel to file emergency protective-order motions, or plaintiffs can accommodate the presumedly good-faith scheduling and medical problems presented by the City's attorney and seek additional time from this Court to complete the depositions and then prepare and file the responsive summary-judgment memoranda. Under the circumstances, and considering the minimal delay requested, at least for the depositions of Rosensweig and Desmerais, acceding to the scheduling and medical conflicts, postponing the depositions, and seeking the two-week extension to respond to the motions seems the proper professional response. Plaintiffs' counsel only hopes this does not prove out the aphorism that "no good deed goes unpunished."

The affidavit of Mark A. Fay, Esquire is attached hereto as exhibit B.

Plaintiffs
By their Attorneys;

Mark A. Fay #4208
MURPHY & FAY, LLP
127 Dorrance Street
Providence, RI 02903
401-490-3200 Tel.
401-490-3207 Fax

Carolyn A. Mannis #4275
170 Westminster Street, Suite 800
Providence, RI 02903
401-454-4466 Tel.
401-351-3914 Fax

**CERTIFICATION**

I hereby certify that I have this 8 day of May, 2006, mailed a copy of the foregoing, first class mail, postage prepaid to:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima

# Exhibit A

5/4/06

JOSEPH M. FERNANDEZ
City Solicitor

DAVID N. CICILLINE
Mayor

**Department of Law**

May 3, 2006

Mark A. Fay, Esquire
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903

Re: Thomas Walden v. City of Providence, et al., No. 04-304S
John Chmura v. City of Providence C.A. No. 04-553-S

Dear Mr. Fay:

I am in receipt of your Notice of Deposition for Defendant Dean Esserman's deposition for May 8, 2006.

Please be advised that due to health reasons, Colonel Esserman is unable to give a deposition at this time. Once he is able to do so, I shall notify you.

In the meantime, if you have any questions, please don't hesitate to call me.

Very truly yours,

Kevin F. McHugh
Senior Assistant City Solicitor

cc: Colonel Dean Esserman

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-553-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

AFFIDAVIT

I, Mark A. Fay, being duly sworn do depose and state as follows:

1. I am an attorney at law, duly licensed to practice before all the courts in the State of Rhode Island and am in good standing having bar registration number 4208.

2. I represent the plaintiffs in the above-referenced consolidated action that arises out of the alleged wiretapping of the Public Safety Complex in the City of Providence.

3. There are presently three motions for summary judgment pending filed by Defendants Mary Lennon, Urbano Prignano and Manuel Vieira.

4. This matter was discussed in a status conference held before Judge Smith on April 24, 2006.

5. At that time issues relevant to deposition testimony necessary to respond to the motions for summary judgment were raised.

6. Plaintiffs have noticed the depositions of Andrew Rosenzweig, Tony Desmaris and Col. Dean Esserman.

7. Each of these individuals is believed to have significant information relevant to the facts in the lawsuit, the issues raised in the defendants' motions for summary judgment and plaintiffs' objection to the summary judgment motions.

8. Attorney Kevin McHugh has advised me that he is unavailable to attend the deposition of Providence City employee Desmaris, retired City of Providence employee Rosenzweig and requested that the depositions be re-noticed to the week of May 15, 2006.

9. Moreover, with respect to Col. Esserman, whose testimony we believe to be essential, Mr. McHugh advises that due to health reasons Col. Esserman cannot presently provide deposition testimony.

10. Counsel for the defendants Lennon, Prignano and Vieira have not requested that the noticed depositions of Esserman, Desmaris and Rosenzweig be rescheduled.

11. In accordance with Rule 56(f) the plaintiffs cannot present by affidavit or other sworn testimony the facts essential to justify the plaintiffs opposition and therefore seek a continuance to permit affidavits to be obtained and/or depositions to be taken.

12. The following is made on personal knowledge and if called as a witness to testify, I could and would so testify.

Mark A. Fay

Signed and sworn to before me this 5 day of May, 2006 in Providence, Rhode Island.

Kendra Lima
Notary Public
My commission expires: 6/20/09

CERTIFICATION

I hereby certify that on the 8 day of May, 2006, that I mailed postage prepaid a true copy of the within to:

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

George L. Santopietro, Esq.
226 South Main Street
Providence, RI 02903

Michael A. Calise, Esq.
Kevin F. McHugh, Esq.
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima