**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al,
Plaintiffs
v. CASE NUMBER: 04-304S

CITY OF PROVIDENCE, et al,
Defendants

JOHN C. CHMURA, et al
Plaintiffs
v. CASE NUMBER: 04-553S

CITY OF PROVIDENCE, et al,
Defendants

**DEFENDANT MARY LENNON'S OBJECTION TO PLAINTIFFS' MOTION TO EXTEND TIME**

Defendant Mary Lennon ("Lennon") hereby objects to the Plaintiffs' Motion to Extend Time to respond to her Motion for Sanctions.

In support of said motion to extend, Plaintiffs' counsel presented a list of facts that provided what it termed a "good faith basis" to include Lennon as a defendant in the within cases. An examination of these "facts" indicates that they do not support the claims in Plaintiffs' complaints that the "actions" (not further defined) of all named Defendants in using, installing and maintaining the Total Recall System violated Plaintiffs' rights. First, if it is true as Plaintiffs allege in their motion that the Department of Communications was in charge of procuring, installing and maintaining the Total Recall System, then the number of defendants named should have included many other employees of that Department, as well as the technicians who actually installed and maintained the system. Second, the mere fact that Lennon possessed a password to access the Total Recall System in no way proves that she took any "actions" that violated

Plaintiffs' rights. Finally, there has been no evidence produced by Plaintiffs to support their contention that the termination of Lennon's employment with the Department of Communications was linked in any way to the "discovery" of the Total Recall System.

It should also be noted that Joseph Richardson, who was formerly Deputy Director of the Department of Communications, was recently dismissed as a defendant in both of the above actions. Mr. Richardson was Lennon's direct supervisor during the period of time that the Total Recall System was in place. It stands to reason that if Plaintiffs' counsel felt that a case against Mr. Richardson could not be maintained the same should hold true for Lennon.

Plaintiffs' motion seeking an extension of time is not justified. The copy of the letter attached hereto as Exhibit A indicates that Plaintiffs' counsel has been aware since April 10, 2006 that Lennon intended to file a motion seeking sanctions, thus Plaintiffs' counsel has had more than sufficient time to prepare and file an objection. Providing Plaintiffs with an extension of time will not change the fact that Plaintiffs had no factual basis to name Lennon as a defendant in the first place. Accordingly, Defendant Mary Lennon respectfully requests that Plaintiffs' motion to extend the time to respond to her motion for sanctions be denied, and that a hearing on the motion for sanctions be scheduled as soon as possible.

Mary Lennon
By her attorney,

Dean G. Robinson (#3852)
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540
FAX: (401) 433-1605

**CERTIFICATION**

I certify that on May 19, 2006, I mailed a true copy of the within Objection to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
2nd Floor
Providence, Rhode Island 02903

Carolyn A. Mannis, Esq.
170 Westminster Street
Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center – Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

Kevin F. McHugh, Esq.
Assistant City Solicitor
City of Providence
275 Westminster Street, 2nd Floor
Providence, Rhode Island 02903

Kathleen Wilson

EXHIBIT "A"

# DEAN G. ROBINSON

*Attorney at Law*

670 Willett Avenue
East Providence, Rhode Island 02915
Tel (401) 383-6540
Fax (401) 433-1605

Admitted in Rhode Island
and Massachusetts

drobinson@dgrlaw.necoxmail.com

April 10, 2006

***Via Facsimile and Regular Mail (401) 490-3207***

Mark A. Fay, Esq.
Murphy & Fay, Ltd.
127 Dorrance Street
Providence, RI 02903

***Re:*** ***Thomas Walden, et al vs. City of Providence, et al***
***John C. Chmura, et al vs. City of Providence, et al***

Dear Attorney Fay:

Enclosed is a copy of a motion for imposition of sanctions under Rule 11 filed on behalf of Mary Lennon. Please contact me at your earliest convenience should you wish to discuss this matter in more detail or dismiss all counts of both complaints against my client as I previously requested. If I have not heard from you by May 1, 2006 I will file this motion with the Court.

Very truly yours,

Dean G. Robinson

DGR/kaw

*cc:* ***Carolyn A. Mannis, Esq.***
***Client***