**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THOMAS WALDEN, ET ALS | : | |
| VS. | : | C.A. NO.: 04-304S |
| CITY OF PROVIDENCE, ET ALS | : | |
| JOHN C. CHMURA, ET ALS | : | |
| VS. | : | C.A. NO.: 04-553S |
| CITY OF PROVIDENCE, ET ALS | : | |

**OBJECTION**

Plaintiffs hereby object to Defendant Urbano Prignano's Motion for Summary Judgment. The bases for this objection are detailed in the attached memorandum and statement of disputed material facts.

PLAINTIFFS
By their Attorneys,

Mark A. Fay, Esquire, #4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
(401) 490-3200
(401) 490-3207 FAX

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 31 day of May, 2006 mailed a copy of the foregoing, first class mail, postage prepaid to:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al.<br>Plaintiffs<br><br>v.<br><br>CITY OF PROVIDENCE, et al.<br>Defendants | : | Case No. 04-304S |
| JOHN C. CHMURA, et al.<br>Plaintiffs<br><br>v.<br><br>CITY OF PROVIDENCE, et al.<br>Defendants | : | Case No. 04-553S |

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' OBJECTION TO URBANO
PRIGNANO'S SUMMARY-JUDGMENT MOTION

INTRODUCTION

Former Police Chief Urbano Prignano, Jr. moves this Court to grant him summary judgment, asserting that the undisputed facts show that he had nothing to do with the procurement of "the Total Recall system" that was installed in the Providence Public Safety Complex. However, former Assistant Chief Andrew Rosenzweig testified at his deposition on May 9, 2006, that his investigation of the matter revealed evidence that Prignano, while still Chief of Police, was instrumental in the procurement of the Total Recall system. This evidence requires that Prignano's motion for summary judgment be denied.

FACTS RELEVANT TO PRIGNANO'S SUMMARY-JUDGEMENT MOTION

In early 2003, it became known to certain Providence city officials that a telephone recording system, known as the Total Recall system, had been installed in the then-new

Providence Public Safety Complex [PPSC], which contains both the police and fire departments for the City of Providence. This news was a cause for concern because the recording system in place was automatically recording almost every phone call coming in and out of that building, including personal calls. On February 10, 2003, Police Chief Esserman ordered Assistant Chief Rosenzweig to investigate how the telephone recording system "came to be." Deposition of Andrew Rosenzweig [Rosenzweig depo.], at 10-11;[1] Appendix [A.] 2-3.[2] Rosenzweig testified at his deposition that, in February of 2003, he conducted an inquiry at the request of Chief Esserman. *Id.* During this inquiry, Manuel Vieira, the director of the city's department of communications, revealed the following facts:

1. When Prignano was the Providence Police Chief, he directed Vieira to "create" "the ongoing practice of recording almost all incoming and outgoing calls in the Public Safety Complex" [recording system], prior to the construction of the PPSC. Rosenzweig depo. at 40; Depo. exh. 2 at 1; A. 4, 8.

2. Prignano, as Providence Police Chief, wanted the recording system installed in the PPSC. Rosenzweig depo. at 40; Depo. exh. 2 at 3; A. 4, 10.

3. Prignano, as Providence Police Chief, had knowledge of and responsibility for the installation of the recording system installed in the PPSC. Rosenzweig depo. at 44; Depo. exh. 2 at 3; A. 5, 10.

4. Prior to the construction of the PPSC, Prignano, as Providence Police Chief, asked Vieira: "'[A]re <u>we</u> going to have a recording system?[] [M]ake sure <u>we</u> have it[.]'

---

1. Andrew Rosenzweig's deposition was taken on May 9, 2006 — after Prignano's motion and supporting memorandum were filed with this Court.

2. Plaintiffs' appendix is attached to their State of Material Facts in Dispute.

'[W]hat are <u>we</u> doing about the phone system?'" Rosenzweig depo. at 46; Depo. exh. 2 at 3 (emphasis added); A. 6, 10.

5. During the investigation, Vieira told Assistant Chief Rosenzweig that "Prignano asked for 'all the trinkets'; 'all the bells and whistles'. Vieira said the conversation about the system went on for years. He was sure Prignano knew." Rosenzweig depo. at 47; Depo. exh. 2 at 3; A. 7, 10.[3]

To the extent that Prignano's "undisputed facts" conflict with the statements made by Vieira to Rosenzweig, Prignano's assertions are disputed.[4]

Plainly, at the time of Rosenzweig's investigation, Vieira stated that Prignano wanted such a telephone recording system and had directed him to install such a system.

---

3. Vieira's statements (concerning his conversations with Prignano) were made during the initial investigation conducted by Rosenzweig on behalf to the Providence Police Department. They are admissible for several reasons. The statements made by Prignano, as attested to by Vieira, are admissible because both Prignano and Vieira are defendants in this matter, and statements by party-opponents are admissible under FED. R. EVID. 801(d)(2)(A). Prignano's statements are also admissible under FED. R. EVID. 801(d)(2)(E) as a statement of a co-conspirator of a party during the course and in the furtherance of the conspiracy. Vieira's statements plainly show that he and Prignano conspired together to procure and install the Total Recall system in the Providence Public Safety Complex. In his recent deposition, Vieira has denied any prior knowledge of the Total Recall system, and denied making the statements attributed to him by Rosenzweig. Prignano's deposition also contradicts the statements attributed to him by Vieira during his interview with Rosenzweig. Should Vieira and Prignano rely on their deposition testimony, their prior inconsistent statements would become admissible under FED. R. EVID. 801(d)(1)(A). *See also* FED. R. EVID. 805 ("Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules.").

4. In his Statement of Undisputed Facts, Prignano appears to assert only that he was not aware that the system was called the "Total Recall System" at the time that he directed Vieira to procure such a system. *See* Prignano's Statement of Undisputed Facts Nos. 10, 11, 12. If that is in fact all that Prignano is asserting in those statements, then those statements are not disputed for the purposes of the summary-judgment motion. If, however, Prignano is asserting that he had no knowledge, while he was Chief, of the intent to install a telephone recording system in the PPSC that would record all calls, and is denying that he initiated the procurement of that system, then those statements are disputed.

Rosenzweig Depo. exh. 2 at 1 and 3; A. 8, 10. In fact, Prignano was persistent in his desire to set up such a telephone recording system in his future headquarters. *Id.* at 3; A. 10. Ultimately, Vieira carried out Prignano's directions by instructing Greg Desmarais, a technician in the communications department, to prepare a request for proposals [RFP] for a system that would record all calls, which resulted in the installation and operation of the Total Recall system. Desmarais depo. at 31, 35, 37, 39, 43-44; A. 15-20. Hence, Prignano was instrumental in the procurement of the Total Recall system.

## STANDARD OF REVIEW

This Court's standard of review when ruling on a motion for summary judgment is well-settled. When ruling on a summary-judgment motion, "the court must view 'the facts in the light most favorable to the non-moving party, drawing all inferences in that party's favor.'" *Poulis-Minott v. Smith*, 388 F.3d 354, 361 (1st Cir. 2004), citing *Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 36 (1st Cir. 1995).

> Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably for the nonmovant. By like token, "genuine" means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party." [Citations omitted.] "A trialworthy issue exists if the evidence is such that there is a factual controversy pertaining to an issue that may affect the outcome of the litigation under the governing law, and the evidence is 'sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side.'"

*Rojas-Ithier* v. *Espanola*, 394 F.3d 40, 42-43 (1st Cir 2005). Here, the evidence adduced thus far is sufficiently open-ended to permit a rational factfinder to resolve genuine issues of fact in favor of either side.

## ARGUMENT

I. Prignano's role in the procurement of the Total Recall system makes him liable to the plaintiffs under 28 U.S.C. § 2520 and R.I. GEN. LAWS §§ 11-35-21(a) and 9-1-2.

Two of the five counts in plaintiffs' complaint assert that Prignano has violated the state and the federal wiretap statutes — plaintiffs may recover civil damages for the violation of these statutes. In Rhode Island, any person:

> who willfully intercepts, attempts to intercept, or procures any other person to intercept or attempt to intercept, any wire, electronic, or oral communication * * * shall be imprisoned for not more than five (5) years.

R.I. GEN. LAWS § 11-35-21(a) (emphasis added). Under R.I. GEN. LAWS § 9-1-2, victims of this crime may bring a civil suit against the violator for damages.

Under 28 U.S.C. § 2520, the plaintiffs also have a cause of action for the unlawful interception, disclosure or use of their telephone communications from or to the PPSC.

> To make out a cause of action, a plaintiff must establish that the defendant violated 18 U.S.C.A. § 2511. Thus, plaintiff must prove that defendant
> 1. "intentionally" and unlawfully "intercepted" a "wire communication," "oral communication," or "electronic communication" of the plaintiff, i.e., obtained the "contents" of such communication by means of "any electronic, mechanical or other device", or
> 2. "intentionally" disclosed or used the "contents" of such communication, knowing or having reason to know that the communication had been intercepted unlawfully; or
> 3. endeavored or procured any other person to do either of the above.

1 CLIFFORD S. FISHMAN & ANNE T. MCKENNA, WIRETAPPING AND EAVESDROPPING § 4:33, at 4-46 (2d ed. 1995) (emphasis added).[5] Prignano concedes that this is the applicable standard by asserting in his memorandum to this Court that "there is no genuine

5. "'Procure' is generally understood to mean actively bringing about, causing or instigating something to be done." *Flowers v. Tandy Corp.*, 773 F.2d 585, 590 (4th Cir. 1985), citing BLACK'S LAW DICTIONARY 1087 (5th ed. 1979).

issues of material fact that would implicate [Prignano] in any way in the design, procurement, installation, maintenance, use or operation of the 'Total Recall System.'" Prignano's Mem. at 2 (emphasis added). However, as shown by Rosenzweig's deposition testimony, there *are* genuine issues of material fact arising from the evidence that Prignano directed the procurement of a recording system "with all the bells and whistles," i.e., one that would record all calls.[6] Rosenzweig depo. at 40, 47; Depo. exh. 2 at 3; A. 4, 10.

According to Rosenzweig's investigation, Prignano told Vieira that he wanted a system in place at the PPSC that would record almost all incoming and outgoing calls. *Id.* That evidence, viewed in the light most favorable to the nonmoving parties—the plaintiffs—creates a genuine issue of material fact. The factual dispute is genuine because it is "sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." *National Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995). Certainly, a jury might decide to disbelieve Prignano's self-serving denials of involvement. *See Harris v. City of Providence*, 2006 R.I. Super. LEXIS 42 at *43 (R.I. Super. Ct. 2006) (stating that Prignano "is conceded to be unreliable and a liar"). Likewise, a jury might well decide that the statements made about Prignano's involvement by Vieira to the Assistant Police Chief during the inquiry that immediately followed discovery of the recording system are more reliable and truthful than Vieira's subsequent denials made after he became a defendant in this civil suit. Thus, a rational factfinder could resolve in

---

6. This same evidence supports the plaintiffs' other counts against Prignano. Because Prignano acted under color of the law, his actions support plaintiffs' § 1983 claims for the violation of their state and federal constitutional right to be secure against unreasonable search and seizures. Complaint Counts I & II. Prignano's "procurement" activities also form the basis for plaintiffs' claims for the violation of their right to privacy under R.I. GEN. LAWS § 9-1-28.1(b) and the violation of the state's other prohibition of wiretapping under R.I. GEN. LAWS § 12-5.1-13. Complaint Counts V & VII.

plaintiffs' favor the issue whether Prignano procured Vieira to establish the illegal recording system. And, plainly, this fact is material because the dispute over it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

Accordingly, viewing the evidence in the light most favorable to the plaintiffs, this Court should deny Prignano's motion for summary judgment.

II. <u>Prignano's retirement status at the time that he directed Vieira to procure the recording system is irrelevant to his liability under the state and federal wiretap statutes</u>.

Prignano claims that he retired before the facts forming the basis of this action arose. Prignano's retirement date is a red herring; it is irrelevant to a determination of his liability in either his official or individual capacities. A suit against an official in his official capacity is not an action against the official, but rather is a suit against the official's office. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 878 (1985)). Prignano, as Chief of Police, directed Vieira to install the recording system. There is no evidence that this mandate from the Chief of Police was ever countermanded by any subsequent Chief of Police. Thus, if plaintiffs establish at trial, as their evidence proffered on this motion supports, that the Chief of Police (who was Prignano at the time) procured Vieira to install the system when the PPSC was eventually constructed, then they have established their claim against him in his official capacity. That Prignano retired before the directions of the Chief of Police were carried out is simply irrelevant.

Likewise, the claim against Prignano in his individual capacity is unaffected by the date of his retirement as Chief of Police. For plaintiffs to establish Prignano's liability in his

individual they need only show that he "acted personally in the deprivation of the plaintiffs' rights." *Kabir v. F.W. Green*, 2003 WL 24054700, p.7 (E.D. Va. 2003) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir 1977)). Even if Prignano were retired when he directed Vieira to procure the recording system, he still "acted personally in the deprivation of the plaintiffs' rights," *id.*, and is thus personally liable. Certainly, the state and federal wiretap statutes do not require, as a condition of liability, that Prignano was acting as Chief of Police or in any official public capacity. Liability attaches under those statutes to any person who commits a violation of the statutes regardless whether they are public or private actors. *See e.g. Cady v. IMC Mortgage Co.*, 862 A.2d 202 (R.I. 2004) (wiretap suit brought against private employer).

Accordingly, that Prignano may have retired after directing Vieira to install the recording system is irrelevant to his liability, in either his official or individual capacity, under the state and federal wiretap statutes. Thus, the evidence that while he was Chief of Police he directed Vieira to install the illegal recording system requires that Prignano's motion for summary judgment be denied in its entirety.

## CONCLUSION

The evidence, viewed in the light most favorable to plaintiffs, shows that Defendant Prignano, while the Chief of Police, took an active part in the procurement of the Total Recall system. This Court should therefore deny and dismiss Prignano's motion for summary judgment because there exists a genuine issue of material fact whether he

unlawfully procured Vieira, as director of the communications department, to install the illegal recording system.

By their attorneys,

**Murphy & Fay, LLP**
127 Dorrance Street, 2nd Floor
Providence RI 02903
Tel: (401) 490-3200
Fax: (401) 490-3207

Mark A. Fay # 4208

CERTIFICATION

On May 31, 2006 a true copy of the foregoing was served on all counsel of record, listed below, by mail.

Kendra Lima

**Dean G. Robinson, Esq.**
670 Willett Avenue
Riverside RI 02915

**Carolyn A. Mannis, Esq.**
170 Westminster Street, Suite 800
Providence RI 02903

Susan Marcotte Carlin, Esq.
**Famiglietti & Carlin, Ltd.**
205 The Lincoln Center
132 Old River Road
Lincoln RI 02865

~~**George J. West, Esq.**
1500 One Financial Plaza
Providence RI 02903~~

Kevin F. McHugh, Esq.
Assistant City Solicitor
**City of Providence**
275 Westminster Street
Providence RI 02903

George L. Santopietro, Esq.
**Coia & Lepore, Ltd.**
226 South Main Street
Providence RI 02903