UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al.<br>Plaintiffs<br><br>v.<br><br>CITY OF PROVIDENCE, et al.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 04-304S |
| JOHN C. CHMURA, et al.<br>Plaintiffs<br><br>v.<br><br>CITY OF PROVIDENCE, et al.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 04-553S |

STATEMENT OF MATERIAL FACTS IN DISPUTE
IN SUPPORT OF PLAINTIFFS' OBJECTION TO
MANUEL VIEIRA'S SUMMARY-JUDGMENT MOTION

For the purposes of Defendant Manual Vieira's motion for summary judgment only, plaintiffs accept as undisputed facts the following numbered paragraphs of Vieira's Statement of Undisputed Facts: 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, and 38.

Plaintiffs dispute the following facts that Vieira asserts are undisputed in his Statement of Undisputed Facts:

10. Vieira asserts that it is undisputed that "Total Recall had two functions—record lines at central station at the Public Safety Complex, where clerks received service calls, and for a record management system to account for phones in the Public Safety Complex and Communications department."

There is evidence that an additional function of Total Recall was to record essentially all incoming and outgoing calls at the Providence Public Safety Complex [PPSC]. State Police

Forensics Report (providing list of telephone stations recorded and indicating that the Total Recall system had created and archived 754,564 audio files); Deposition of Greg Desmarais [Desmarais depo.] at 37, 39-41, 43-44, 59-60, 112; Appendix [A.] 8-15, 23[1].

12. Vieira asserts that it is undisputed that "[t]he purposes of Total Recall were to record emergency lines and for a records management system which would identify phone abuse."

There is evidence that an additional purpose of Total Recall was to record essentially all incoming and outgoing calls at the PPSC. *Id.*

21. Vieira asserts that it is undisputed that "[i]n early to mid January, 2003, Manuel Vieira realized, after a conversation with Fire Chief Dutra, that a line other than the central station or emergency lines may have been recorded."

There is evidence that Vieira intended Total Recall to record essentially all incoming and outgoing calls at the PPSC and knew prior to January 2003 that the system was doing that. *Id.*; *see also* Moise State Police statement Q. 28-32; Parente State Police statement Q. 25-31; A. 47-48, 49-50.

24. Vieira asserts that it is undisputed that "Manuel Vieira never spoke to Tony Desmarais about recording the lines except for central station and the management system."

There is evidence that Vieira told Tony Desmarais that he wanted all the lines recorded. Desmarais depo. at 37, 39-41, 43-44, 112; A. 8-13, 23.

---

1. Attached to this Statement is an appendix of the documents relied upon by plaintiffs in opposing Vieira's summary-judgment motion, consisting of excerpts of deposition transcripts and reports and witness statements subpoenaed from the State Police. The pages of the appendix have been consecutively numbered in the lower right corner for ease of reference.

25. Vieira asserts that it is undisputed that "Tony Desmarais did not indicate to Manuel Vieira that other lines were being recorded."

There is evidence that Vieira stated to Assistant Police Chief Andrew Rosenzweig during his inquiry that Desmarais and Frank Parfume would tell him lines that were recorded and should be taken off the recording system, thus informing Vieira that other lines were being recorded. Deposition of Andrew Rosenzweig [Rosenzweig depo.] at 46-47 (relating Vieira's statements); Desmarais depo. at 61-62; Haroian State Police statement Q. 55-57; A. 28-29, 16-17, 51-52.

26. Vieira asserts that it is undisputed that "Manuel Vieira did not realize that more lines were being recorded until February 2003."

There is evidence that Vieira intended Total Recall to record essentially all incoming and outgoing calls at the PPSC and knew prior to January 2003 that the system was doing that. Rosenzweig depo. at 25-27, 49, 100; Desmarais depo. at 37, 39-41, 43-44, 61-61, 112; Moise State Police statement Q. 28-32; Parente State Police statement Q. 25-31; A. 25-27, 30, 33, 8-13, 23, 47-48, 49-50.

39. Vieira asserts that it is undisputed that "[o]ne would have to use a terminal in the computer room and a password in order to retrieve phone recordings on the Total Recall system."

There is evidence that one could access the server with the Total Recall system from any computer with a web browser. Haroian State Police statement Q. 119-20, 129; Garza State Police statement Q. 24-27; Lambert State Police statement Q. 28-29, 59; A. 52-54, 56, 58, 59.

Accordingly, to the extent that Vieira's Statement of Undisputed Facts conflict with the evidence cited above, the plaintiffs dispute those facts.

In addition, plaintiffs assert that the following additional facts are either undisputed or disputed facts:

40. The recording of all lines in the PPSC was in violation of the city's policies and procedures. Deposition of Manuel Vieira [Vieira Depo.] at 149, 155-56; A. 39, 41-42.

41. The installation and use of the Total Recall system to record essentially all lines at the PPSC was not in the ordinary course of business of the communications department. Vieira Depo. at 156; A. 42.

42. The communications department was a separate entity from the police and fire departments. Rosenzweig depo. at 116; A. 34.

43. The Total Recall system was not part of the police department's computer network, but was controlled by the communications department. Lambert State Police statement Q. 13-14; A. 57.

44. Vieira never obtained the verbal or written consent of any of the plaintiffs that their phone conversations be recorded. Vieira Depo. at 115-16; A. 37-38.

45. At no time did anyone approach Mary Lennon, the chief of operations of the communications department, and indicate that they were aware that the phone lines were being recorded by the Total Recall system. Deposition of Mary Lennon [Lennon Depo.] at 73; A. 44.

46. Mary Lennon had no knowledge whether any of the employees or individuals working at the PPSC were given knowledge that the recording system had been put in and phone calls were being recorded. Lennon Depo. at 83; A. 45.

47. There was warning or beeping on the recorded lines to let individuals know their phone calls were being recorded. Lennon Depo at 84; A. 46.

48. It was Vieira's job as director of the communications department to know what was going on in regard to the recording of phone conversations. Vieira Depo. at 153; A. 40.

49. The Total Recall system was removed by Desmarais at the direction of Police Chief Esserman after its existence became public, and to Desmarais' knowledge another such system has not been put in since. Desmarais depo. at 63-65; A. 18-20.

By their attorneys,

**Murphy & Fay, LLP**
127 Dorrance Street, 2nd Floor
Providence RI 02903
Tel: (401) 490-3200
Fax: (401) 490-3207

Mark A. Fay # 4208

## CERTIFICATION

On May 31, 2006 a true copy of the foregoing was served on all counsel of record, listed below, by mail.

Kendra Lima

**Dean G. Robinson, Esq.**
670 Willett Avenue
Riverside RI 02915

**Carolyn A. Mannis, Esq.**
170 Westminster Street, Suite 800
Providence RI 02903

Susan Marcotte Carlin, Esq.
**Famiglietti & Carlin, Ltd.**
205 The Lincoln Center
132 Old River Road
Lincoln RI 02865

**George J. West, Esq.**
1500 One Financial Plaza
Providence RI 02903

Kevin F. McHugh, Esq.
Assistant City Solicitor
**City of Providence**
275 Westminster Street
Providence RI 02903

George L. Santopietro, Esq.
**Coia & Lepore, Ltd.**
226 South Main Street
Providence RI 02903