**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al,
Plaintiffs

v. CASE NUMBER: 04-304S

CITY OF PROVIDENCE, et al,
Defendants

JOHN C. CHMURA, et al
Plaintiffs
v. CASE NUMBER: 04-553S

CITY OF PROVIDENCE, et al,
Defendants

**REPLY MEMORANDUM IN SUPPORT**
**OF MOTION FOR SUMMARY JUDGMENT**
**FILED BY MARY LENNON**

Defendant Mary Lennon ("Lennon") submits the within Reply Memorandum of Law in response to the Objection to her Motion for Summary Judgment filed by Plaintiffs on May 31, 2006.

## ARGUMENT

The two complaints filed by Plaintiffs contained statements alleging that Defendants owned and operated a telephone system called the Total Recall System, and that the Total Recall system was installed and maintained by Defendants. Each count of the complaint further alleges that the actions of Defendants violated numerous Federal and Rhode Island constitutional provisions and laws, including the Fourth Amendment of the United States Constitution, by "using, installing and maintaining the Total Recall system." The burden is on Plaintiffs to provide evidence supporting these allegations. Plaintiffs must not only prove that Lennon "used, installed and maintained" the Total Recall System, but also that Plaintiffs (emphasis added) were harmed by such alleged activities.

Lennon has admitted that she worked with the Total Recall system, but only as it pertained to the recording of emergency Police Department telephone lines. Plaintiffs note that Lennon stated in her deposition that she learned that the Total Recall system was recording non-emergency lines, but thus far have failed to produce evidence indicating that Lennon arranged for any alleged recording of such lines, or even that the lines in question were among those lines utilized by Plaintiffs for private conversations. There has also been no evidence presented that Lennon used the Total Recall system to intercept or listen to private conversations of any of the Plaintiffs. In fact, the sole instance wherein Lennon accessed a recording of a telephone conversation stored on the Total Recall system was at the request of her supervisor Joseph Richardson, and it concerned the retrieval of the recording of a threatening telephone call made to Providence Councilman Patrick Butler. That incident clearly did not involve any of the Plaintiffs.

None of the remaining "disputed facts" contained in Plaintiffs' Objection support the allegations in the complaint as they relate to Lennon. The fact that Lennon learned that the Total Recall system was being installed is not in and of itself evidence of liability. Failing to inform the City of Providence law department that certain lines were allegedly being recorded also does not itself constitute liability. Even if all of Plaintiffs' "disputed facts" were true, there has been no evidence presented that relates any of the alleged actions contained therein directly to Plaintiffs. Without this connection Plaintiffs cannot demonstrate that they were harmed in any fashion by Lennon's alleged actions or inactions.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the party moving for summary judgment "has asserted that no genuine issue of material fact exists", the party opposing summary judgment has the burden of pointing to "specific facts demonstrating that there is, indeed, a trialworthy issue." <u>Calero-Cerezo v. U.S. Dept. of Justice</u>, 355 F.3d 6, 19 (1st Cir. 2004). Plaintiffs' own Objection reveals that this burden was not met. Reference was made in the Objection to various federal and state laws allegedly violated by Lennon, and it was stated therein that (i) <u>victims of this crime</u> (emphasis added) may bring a civil suit, and (ii) under 28 U.S.C. 2520 <u>plaintiffs also have a cause of action</u> (emphasis added). There is a complete absence in these cases of any specific facts

indicating that Lennon intercepted and disclosed an oral communication involving any Plaintiff. Since Plaintiffs have not demonstrated that they were the "victims" of a crime committed by Lennon or that they have a cause of action against Lennon there is no genuine issue as to any material fact, and the motion for summary judgment filed by Lennon should therefore be granted.

Mary Lennon
By her attorney,

Dean G. Robinson (#3852)
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540
FAX: (401) 433-1605

**CERTIFICATION**

I certify that on June 9, 2006, I mailed a true copy of the within Reply Memorandum to the following counsel of record:

Carolyn A. Mannis, Esq.
170 Westminster Street
Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center – Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

Kevin F. McHugh, Esq.
Assistant City Solicitor
City of Providence
275 Westminster Street, 2nd Floor
Providence, Rhode Island 02903

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903

Kathleen Wilson