UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al.,
Plaintiffs

v. C.A. No. 04-304S

CITY OF PROVIDENCE, et al.,
Defendants

**ORDER**

As discussed during the July 26, 2006 hearing in this matter, it is hereby ordered that on or before **September 1, 2006,** the following shall be filed with the Court:

1. The City of Providence's Motion for Summary Judgment;

2. Urbano Prignano, Jr.'s Motion for Summary Judgment as to the issue of qualified immunity (objections and replies to both Motions for Summary Judgment shall be filed in accordance with the local rules of this Court);

3. In their memoranda in support of or opposition to these motions, all parties' shall respond to the following questions:

   A. Is the complaint, as drafted, sufficient to allege that Plaintiffs' civil rights were violated as a result of an official "policy or custom" of the City of Providence pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978)?

   B. If a Monell claim is not adequately asserted, what authority is there for concluding that the actions of Urbano Prignano, Jr., Manuel Vieira, and Mary Lennon (which appear to consist of, at most, the initial requisitioning and/or oversight of the

Total Recall system) amounted to a constitutional violation?

C. What evidence is there that any of the individual Defendants acted outside the scope of their authority?

D. Are Plaintiffs able to simultaneously pursue their § 1983 claims as well as their statutory claims under 18 U.S.C. § 2511, R.I. Gen. Laws § 11-35-21, R.I. Gen. Laws § 9-1-28.1(a)(1), and R.I. Gen. Laws § 12-5.1-1 (collectively referred to as "the statutory claims")?

E. Can a municipality be liable for violations of the statutory claims asserted in this case?

F. Can the individual Defendants be liable individually for the statutory claims asserted in this case if each has acted only in the course of their employment with a government agency?

IT IS SO ORDERED.

William E. Smith
U. S. District Judge
Date: July 27, 2006