UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS WALDEN, et al., Plaintiffs, v. CITY OF PROVIDENCE, et al., Defendants. | C.A. No. 04-304S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before this Court are motions by defendant Joseph Richardson ("Richardson") and defendant Vincent A. Cianci, Jr. ("Cianci") (collectively "Defendants" or "movants") for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). Although dismissed from this matter through this Court's entry of individual dismissal stipulations, Defendants now seek the additional assurance of finality that comes from an entry of final judgment.

Richardson, former Deputy Director for the Department of Communications for the City of Providence, was terminated as a party in this matter on April 3, 2006, pursuant to an "Amended Stipulation of Dismissal With Prejudice as to Defendant Joseph Richardson Pursuant to Fed. R. Civ. P. 41(a)(1)(ii)." All parties signed the dismissal stipulation and waived their rights to appeal from the dismissal. On April 7, 2006, Defendant Richardson filed a Motion for Entry of Judgment pursuant to Rule 54(b).

Cianci was terminated as a party in this litigation on April

19, 2006, pursuant to a "Stipulation of Dismissal With Prejudice as to Defendant, Vincent A. Cianci, Jr., Pursuant to Fed. R. Civ. P. 41(a)(1)(ii)." All parties signed the dismissal stipulation and waived their rights to appeal from the dismissal. On June 20, 2006, Cianci filed a Motion for Entry of Judgment pursuant to Rule 54(b).

Defendants argue that, in accordance with Rule 54(b), "there is no just reason for delay" in entering judgment, as entry of judgment "would effectuate the expressed intent of the parties" because all of the parties have stipulated to the dismissals and waived their rights to appeal. Furthermore, Defendants rely upon Willhauck v. Halpin, 919 F.2d 788, 793 (1st Cir. 1990), for the proposition that entry of judgment is necessary because, until judgment is entered, "the trial judge remains free to interpret, alter, modify, or reverse" orders. (Richardson Mem. at 2; Cianci Mem. at 2.) Plaintiffs have not objected to either motion for entry of judgment.

Federal Rule of Civil Procedure 54(b) provides, in relevant part:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Rule 54(b) underscores the "long-settled policy against piecemeal disposition of litigation," Bank of New York v. Hoyt, 108 F.R.D. 184, 187 (D.R.I. 1985), and provides an exception to the principle that "an appeal must await the entry of a final judgment . . . that fully disposes of all claims asserted in the action." Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003).

Rule 54(b) "is designed to be used where the problem and circumstances are of an 'exceptional nature,' . . . in order to avoid some perceptible 'danger of hardship or injustice though delay which would be alleviated by immediate appeal.'" Bank of New York, 108 F.R.D. at 187 (citations omitted). Moreover, "[i]t has been widely recognized that orders under Fed.R.Civ.P. 54(b) 'should not be entered routinely or as a courtesy or accommodation to counsel.'" Bank of New York, 108 F.R.D. at 187 (citing Panichella v. Pa. R.R. Co., 252 F.2d 452, 455 (3d Cir. 1958); see also Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980) ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."). Rather, Rule 54(b) "should be used only 'in the infrequent harsh case.'" Panichella, 252 F.2d at 455.

Defendants provide no authority that requires this Court to enter a Rule 54(b) judgment following a stipulated dismissal. Instead, Defendants furnish this Court with personal reasons as to why they would like final judgement to enter: Richardson seeks to

"put this matter behind him once and for all"; and Cianci desires conclusive closure of the matter.

Rule 54(b) judgments are not meant to be routinely entered after dismissals of individual defendants; rather, the function of the rule is to prevent harsh results that might occur by delaying an appeal on a particular issue until an entire case has been fully decided. In this case, the movants (and the Plaintiffs) have waived their right to appeal the dismissals, and therefore do not need a 54(b) judgment to avoid harsh results. Furthermore, granting a Rule 54(b) motion subsequent to a stipulated dismissal is not this Court's practice. See, e.g., Young v. City of Providence, No. 01-cv-288-S (no entry of judgment following dismissal stipulations for defendants Kenneth Cohen, John Ryan, or Urbano Prignano, Jr.). And the Defendants' motions present nothing exceptional in nature.

While the movants' personal desires to have this matter definitively closed prior to the termination of the entire case are understandable, nothing indicates that Rule 54(b) was intended to be used, or is routinely used, for this purpose. Richardson and Cianci should be confident that their stipulations of dismissal are sufficient to provide the finality they seek. See Citibank, N. A. v. Data Lease Fin. Corp., 703 F. Supp. 80, 82 (S.D. Fla. 1989) (explaining that "stipulation of dismissal under Fed.R.Civ.P. 41(a)(1)(ii) does, in fact, have the legal effect of terminating an

action, without the necessity of an order of the court"); see also 35B C.J.S. Fed. Civ. P. § 750 (2006) ("In the absence of grounds sufficient in law to set it aside, the parties are bound by their stipulation of dismissal . . . . Judicial approval is not necessary.").

Accordingly, Defendant Joseph Richardson's Rule 54(b) Motion for Entry of Judgment is DENIED and Defendant Vincent A. Cianci, Jr.'s Rule 54(b) Motion for Entry of Judgment is DENIED.

ENTER:

WESmith

WILLIAM E. SMITH
United States District Judge

DATE: 8/23/06