UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

THOMAS WALDEN, ET ALS

VS. C. A. NO. 04-304S

CITY OF PROVIDENCE, by and
Through STEVEN T. NAPOLITANO,
Its Treasurer, et als

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT MANUEL VIEIRA**

In this supplemental memorandum, Defendant, Manuel Vieira, will address the issues raised in the order of this Court dated July 27, 2006.

**(A) The Complaint, as drafted, is insufficient to allege that Plaintiffs' civil rights were violated pursuant to Monell v. Dep's of Social Services.**

In their complaint, Plaintiffs allege that by "installing and maintaining the 'Total Recall' system", Defendants violated Plaintiffs' constitutionally protected Fourth Amendment rights. However, Plaintiffs have failed to "identify either an official municipal policy or a widespread custom or practice that caused [their] injur[ies]," as is required to successfully maintain a §1983 action against a municipality. Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.2d 649, 651 (8th Cir. 1998).

It is clear that "in order to state a claim under Monell…a plaintiff must plead and prove: '(1) an official policy or custom that (2) causes the plaintiff to

be subjected to (3) a denial of a constitutional right.'" Fedor v. Kudrak, 421 F.Supp.2d 473, 481 (D.Conn.2006), quoting Zahra v. Town of Southold, 48 F.3d 674, 685 (2nd Cir. 1995). In this case, Plaintiffs have not adduced any evidence to establish that an official policy or custom existed. Moreover, even if Plaintiffs could prove the foregoing elements, their failure to plead them is fatal to their claim under the standard articulated in Fedor v. Kudrak, 421 F.Supp.2d 473.

**(B) Since Plaintiffs have not adequately asserted a Monell claim, there is no authority to conclude that Manuel Vieira violated Plaintiffs' constitutional rights.**

Defendant, Manuel Vieira, relies upon his initial memorandum and maintains that Plaintiffs have not alleged or shown that a municipal policy or custom existed that caused them to be subjected to a denial of a constitutional right. As such, they have failed to establish a cognizable claim under §1983 against not only the Defendant, City of Providence, but also the individual Defendants including Manuel Vieira.

**(C) There is no evidence that Defendant, Manuel Vieira, acted outside the scope of his authority.**

As noted in the memorandum of Defendant, Manuel Vieira, there is no evidence that he acted outside the scope of his position as Director of Communications for the City of Providence. Additionally, a suit against an

official in his official capacity is not an action against the official, but rather is a suit against the official's office. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989). Accordingly, an official acting in his official capacity is not a "person" under §1983 *Id.* at 71.

**(D) Plaintiffs are unable to simultaneously pursue their §1983 claims and claims under 18 U.S.C. §2511, R.I. Gen. Laws §§11-35-21, 9-1-28.1 (a)(1) and 12-5.1-1.**

As previously discussed, since plaintiff's complaint, as drafted, insufficiently alleges that Plaintiffs' civil rights were violated pursuant to Monell, they cannot recover under §1983. Moreover, even if a claim pursuant to §1983 were properly pled, this Court nevertheless should refuse to allow Plaintiffs to pursue the §1983 claim. The US Supreme Court has held that courts should avoid the unnecessary adjudication of constitutional issues. Adams v. City of Battle Creek, 250 F.3d 980, 986 (6th Cir. 2001), citing Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 347 (1936). As to the federal wiretapping statute specifically, the memorandum of the City of Providence noted that the Adams Court explained:

> One application of this doctrine is the principle of statutory construction that states that a comprehensive statute, like the federal wiretapping statute, designed to protect specific constitutional values may be read to provide the exclusive remedies in the field so long as the statute itself suffers no constitutional infirmity. Sutherland Statutory Construction § 499-500 (1984 ed.)…No claim is made that the statute is unconstitutional or that it is less protective of privacy rights than the Fourth Amendment. The plaintiff makes no claim that Fourth Amendment rights, as they relate to wiretapping, are broader or more comprehensive than the federal statute. There is no

difference between the conduct relevant to plaintiff's statutory claim and the conduct relevant to his constitutional claim.

Adams v. City of Battle Creek, 250 F.3d at 986.

The aforesaid factors discussed by the Adams Court are applicable in the instant case. First, Plaintiffs have not asserted that the statutes included in their complaint are unconstitutional or are less protective of privacy rights than the Fourth Amendment. Second, Plaintiffs do not claim "that Fourth Amendment rights, as they relate to wiretapping, are broader or more comprehensive than the federal statute." *Id.* Courts have held that the statutory procedures of Title III comport with the Fourth Amendment. See United States v. Cafero, 473 F.2d 489, 499 (3rd Cir.1973). Finally, here, "there is no difference between the conduct relevant to [Plaintiff's'] statutory claim and the conduct relevant to [their] constitutional claim[s]." Adams v. City of Battle Creek, 250 F.3d at 986.

As further discussed in the City's memorandum, the Plaintiffs cannot simultaneously pursue relief under the federal and state wiretapping statutes. See generally Whitaker v. Garcetti, 291 F.Supp.2d 1132 (C.D.Cal.,2003). In Whitaker, Plaintiffs filed claims under §1983 as well as state and federal wiretapping statutes. The Court held that where "the Defendants are local rather than federal officials and municipalities and…the two wiretapping statutes regulate the same sphere of conduct, the operative directive…is" the state, not federal, wiretapping statute. *Id.* at 1141, citing Pac. Gas & Elec. Co.

v. State Energy Res. Conserv. and Dev. Comm'n, 461 U.S. 190, 212-213 (1983); Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-143 (1963). The Whitaker Court went on to describe the exception to the rule, where there is explicit preemption by Congress:

> It is accepted that Congress has the authority, in exercising its Article I powers, to preempt state law…In the absence of an express statement by Congress that state law is preempted, there are two other bases for finding preemption. First, when Congress intends that federal law occupy a given field, state law in that field is preempted. Pac. Gas at 212-13. Second, even if Congress has not occupied the field, state law is nevertheless preempted to the extent it actually conflicts with federal law; that is, when compliance with both state and federal law is impossible, Florida Lime and Avocado Growers at 142-43, or when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Silkwood v. Kerr-McGee Corp., 464 U.S. 238, 248 (1984); Hines v. Davidowitz 312 U.S. 52, 67 (1941).

See generally Whitaker v. Garcetti, 291 F.Supp.2d at 1141. None of these exceptions apply in the instant case; however, as "[I]t is well accepted that Congress' wiretapping statute was not an attempt to occupy the field, but merely an attempt to establish minimum standards." Id. Here, as in Whitaker, the state statute is more exacting than its federal counterpart. Therefore, Plaintiffs are entitled to pursue relief solely under the Rhode Island wiretapping statute.

In the case at bar, a civil enforcement mechanism for a Title III violation is already in place, and it allows for damages, just as a §1983 action would. As such, there is no reason for Plaintiffs to look to §1983 as "an alternative source

of express congressional authorization of private suits." Wilder v. VA Hospital Ass'n, 496 U.S. 498, 509 n. 9, 110 S. Ct. 2510, 110 L.Ed. 2d 455 (1990). In effect, Plaintiffs would be recovering, if at all, for the exact same claim/violation under two different statutes. See, Anderson v. City of Columbus, 374 F.Supp, 2d 1240, 1253 (2005).

**(E) This issue is not applicable to the individual Defendants.**

**(F) Individual Defendants cannot be liable individually for the statutory claims asserted in this case if each acted only in the course of their employment with a governmental agency.**

Defendant, Manuel Vieira, incorporates all of the arguments and defenses included in his prior memorandum. Based upon the statement of facts, Vieira unequivocally never acted outside the course of his employment with the City of Providence. Hence, he cannot be liable individually for the statutory claims asserted by the Plaintiffs.

In conclusion, the Plaintiffs have failed to sufficiently allege that their constitutional rights were violated as a result of an official "policy or custom" of the City of Providence as prescribed by Monell. Hence, in view of the Plaintiffs' failure to adequately assert a Monell claim, there is no authority to conclude that Vieira's actions constituted a constitutional violation. Moreover, as discussed and analyzed at length in Vieira's original memorandum, there is no evidence that he acted beyond the scope of his authority or outside the course of his employment with the City of Providence. Furthermore, as

previously noted, Plaintiffs cannot simultaneously maintain §1983 as well as statutory claims. Accordingly, Defendant, Manuel Vieira, respectfully requests that his Motion for Summary Judgment be granted and that Plaintiffs' claims be dismissed against him both in his individual as well as official capacity.

Respectfully submitted,
Manuel Vieira

By His Attorneys,
Coia & Lepore, Ltd.

/s/ George L Santopietro
George L. Santopietro, Esq.-#2056
226 South Main Street
Providence, RI 02903
751-5522-Office/331-3758-Fax
gsantopi@coialepore.com

**CERTIFICATION**

The undersigned hereby certifies that he filed the within Memorandum by electronic means this 13th day of September, 2006 to all counsel.

/s/ George L. Santopietro