**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al,
Plaintiffs

v. CASE NUMBER: 04-304S

CITY OF PROVIDENCE, et al,
Defendants

JOHN C. CHMURA, et al
Plaintiffs
v. CASE NUMBER: 04-553S

CITY OF PROVIDENCE, et al,
Defendants

**SUPPLEMENTAL MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**FILED BY DEFENDANT MARY LENNON**

Defendant Mary Lennon ("Lennon") submits the within Supplemental Memorandum of Law, in support of her Motion for Summary Judgment, in response to the Order of this Court dated July 27, 2006.

**A. Alleged Violation of Plaintiffs' Civil Rights.**

Plaintiffs allege in their complaint that by "installing and maintaining the 'Total Recall' system" Defendants "violated Plaintiffs' constitutionally protected Fourth Amendment right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The complaint, however, fails to "identify either an official municipal policy or a widespread custom or practice that caused [their] injur[ies]," as is required to maintain a §1983 action against a municipality. Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th

Cir.1998). This failure prohibits Plaintiffs from recovering from the Municipal Defendants under §1983. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).

"In order to state a claim under Monell…a plaintiff must plead and prove: '(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Fedor v. Kudrak, 421 F.Supp.2d 473, 481 (D.Conn.2006), quoting Zahra v. Town of Southold, 48 F.3d 674, 685 (2nd Cir.1995). "Municipalities are answerable only for their own decisions and policies; they are not vicariously liable for the constitutional tort of their agents." Auriemma v. Rice, 957 F.2d 397, 399 (7th Cir.1992). Even if Plaintiffs could prove the elements listed above, their failure to plead them in the complaint prohibits any claim under the standard articulated in Fedor and Zahra, which makes clear that the elements must be *pled* and *proved*. Fedor v. Kudrak, 421 F.Supp.2d 473.

"The touchstone of [a] §1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution…." Monell v. Department of Social Services of City of New York, 436 U.S. at 690. Here, no such allegation has been properly made. Courts have consistently required that this element be contained in a pleading. See, e.g., Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 36 (2nd Cir.1996) (plaintiff's complaint might have survived motion to dismiss had he alleged that Defendant had a custom or policy regarding the alleged constitutional deprivation of inadequately protecting detainees); Garrett v. Clarke, 147 F.3d 745, 747 (8th Cir. 1998) ("[a] city is not vicariously liable under Section 1983 for the acts of its employees… [Plaintiffs'] complaint fails to state a claim against [Defendant] because it merely names it as a defendant without identifying any such policy, custom, or practice").

**B. Plaintiffs Have Not Produced Evidence to Support Their Allegations.**

Based on the within analysis, it is clear that Plaintiffs cannot assert a Monell claim in either of the above cases. As the memorandum submitted with Lennon's original motion for summary judgment indicates, there has been no evidence produced that the actions of Lennon violated any constitutional rights of the Plaintiffs

**C. Lennon Did Not Act Outside the Scope of Her Authority**

As the memorandum submitted with Lennon's original motion for summary judgment indicates, Plaintiffs proffered any evidence that Lennon acted outside the scope of her authority. Suits against officials in their official capacity is an action against the official's office. Will v. Michigan State Police, 491 U.S. 58 (1989).

**D. Plaintiffs Cannot Simultaneously Pursue Their §1983 Claims and Claims Under 18 U.S.C. §2511, R.I. Gen. Laws §§ 11-35-21, 9-1-28.1 (a)(1) and 12-5.1-1.**

Even if it is determined that Plaintiffs properly pled the elements of a §1983 action, this Court should refuse to allow Plaintiffs to pursue such a claim, as this case should instead be determined under the statutory claims asserted. It has been held that courts should avoid the unnecessary adjudication of constitutional issues. See, e.g. Adams v. City of Battle Creek, 250 F.3d 980, 986 (6th Cir. 2001) which stated "The Court will not pass on a constitutional question, although properly presented by the record, if there is also present some other ground upon which the case may be disposed of."

The decision in Adams is relevant in this case. First, Plaintiffs have not asserted that the statutes referenced in their complaint are unconstitutional or are less protective of privacy rights

than the Fourth Amendment. Second, Plaintiffs make no claim that Fourth Amendment rights, as they relate to wiretapping, are broader or more comprehensive than the federal statute. Courts have held that the statutory procedures of Title III comport with the Fourth Amendment. See, e.g. United States v. Cafero, 473 F.2d 489, 499 (3rd Cir.1973). Finally, here, "there is no difference between the conduct relevant to [Plaintiffs'] statutory claim and the conduct relevant to [their] constitutional claim[s]." Adams v. City of Battle Creek, 250 F.3d at 986.

The Plaintiffs cannot simultaneously pursue claims for relief under both the federal and state wiretapping statutes. See Whitaker v. Garcetti, 291 F.Supp.2d 1132 (C.D.Cal.,2003). In Whitaker, Plaintiffs filed claims under §1983 as well as state and federal wiretapping statutes. The Court held that where "the Defendants are local rather than federal officials and municipalities and…the two wiretapping statutes regulate the same sphere of conduct, the operative directive…is" the state, not federal, wiretapping statute. Id. at 1141, citing Pac. Gas & Elec. Co. v. State Energy Res. Conserv. and Dev. Comm'n, 461 U.S. 190, 212-213 (1983); Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-143 (1963). In this case, as in Whitaker, the state statute is more exacting than its federal counterpart. Therefore, Plaintiffs may pursue relief only under the Rhode Island wiretapping statute.

**E. This Issue Is Not Applicable to Lennon.**

**F. Lennon Has No Personal Liability**

The within actions were brought against Lennon both in her official capacity and personally. In order to prevail in any action against Lennon personally, Plaintiffs must prove that her personal actions deprived the Plaintiffs of their rights. Vinnedge v. Gibbs, 550 F.2d 926 (4th

Cir. 1977). Plaintiffs have, as noted above, to date failed to produce evidence to that effect. In fact, the response to interrogatory number 18 propounded by Lennon and other Defendants reveals that all Plaintiffs lacked personal knowledge to support the allegations contained in their complaints. Accordingly, Defendant Mary Lennon respectfully requests that this Honorable Court grant her Motion for Summary Judgment on all counts of both complaints.

Mary Lennon
By her attorney,

/s/ Dean G. Robinson

Dean G. Robinson, Esq. (#3852)
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540
FAX: (401) 433-1605

**CERTIFICATION**

I certify that on September 14, 2006, I filed the within Supplemental Memorandum by electronic means to all counsel of record.

/s/ Dean G. Robinson