**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et als.**

**VS.** **C.A. NO.: 2004-304 S**

**CITY OF PROVIDENCE, et als.**

***CONSOLIDATED WITH***

**JOHN C. CHMURA, et als.**

**VS.** **C.A. NO.: 04-553S**

**CITY OF PROVIDENCE , et als.**

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, URBANO PRIGNANO, JR.**

## INTRODUCTION

This memorandum is submitted pursuant this Court's order of July 27, 2006 by Defendant, Col. Urbano Prignano, Jr. (Ret.) ("Col. Prignano"). In accordance with that order, this memorandum will address the following issues.

- Qualified Immunity insulates Col. Prignano from trial and any further burdens of litigation in this matter.
- The complaints (included the amended complaints) as drafted fail to allege that their civil rights were violated as a result of any official "policy or custom" as required under *Monell v. Department of Social Services,* 436 U.S. l658 (1978) and progeny.
- The lack of any authority or evidence to support any allegation that Col. Prignano committed any act which amounts to any constitutional violation.

- The lack of any evidence that Col. Prignano acted outside the scope of his authority.

- Plaintiffs' are precluded from simultaneously pursuing their 18 U.S.C. Sec. 1983 claims along with their statutory claims under 18 U.S.C. Sec. 2511, R.I. Gen Laws Sec. 11-35-21, R.I. Gen Laws Sec. 9-1-28.1(a)(1), and R.I. Gen Laws Sec. 12-5.1-1 ("the statutory claims").

- Col. Prignano, as an individual, can not be held liable for any of the statutory claims asserted by Plaintiffs as Col. Prignano acted only in the course of his employment.

For the reasons stated below and those set forth in both the Memorandum in Support of Motion for Summary Judgment of Defendant, Urbano Prignano, Jr. as well as the Reply Memorandum in Support of Motion for Summary Judgment of Defendant, Urbano Prignano, Jr., summary judgment should be granted in favor of this defendant and the complaints filed against him in both his individual and official capacities should be denied.

## ARGUMENT

### <u>A. Qualified Immunity Insulates Col. Prignano from Trial and Any Further Burdens of Litigation in this Matter.</u>

The doctrine of qualified immunity acts to "protect public officials performing discretionary functions 'from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Young v. City of Providence,* 396 F. Supp.2d 125, 131 (D.R.I. 2005) (quoting *Hegarty v . Somerset County,* 53 F.3d 1367, 1373 (1st Cir.) 1995). In other words, it is an " 'entitlement not to stand trial or face the other burdens of litigation.' " *Id.* (quoting *Saucier v. Katz,* 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).

In determining whether qualified immunity applies to a particular claim, courts apply a three pronged ordered approach. *Young v. City of Providence, supra* (citing *Savard v. Rhode Island*, 338 F.3d 23, 27 (1st Cir. 2003). The first inquiry is whether, taken in the light most favorably to the alleged victim, the alleged facts demonstrate that the public official's conduct violated a constitutional right. *Young v. City of Providence, supra* (citing *Saucier v. Katz, supra* at 202). The next inquiry is whether the constitutional right was ***clearly*** established at the time of the violation. *Young v. City of Providence, supra* (citing *Brosseau v. Haugen*, 543 U.S. 194 (2004). The final inquiry is " 'whether a reasonable official, situated similarly to the defendant(s), would have understood that the conduct at issue contravened the clearly established law.' " *Young v. City of Providence, supra* [quoting *Savard v. Rhode Island, supra* (citing *Saucier, supra* at 202)].

When an official is not alleged to have directly violated a right, as may be here what Plaintiffs are alleging with respect to Col. Prignano[1], but is sued on account of the actions of his subordinates, "qualified immunity protects the supervisory official he 'could not reasonably anticipate liability.' " *Young v. City of Providence, supra* (quoting *Camilo-Robles v. Hoyos*, 151 F.3d 1, 6 (1st cir. 1998). In that case, two of the prongs in the qualified immunity analysis "become more particularized. *Young v. City of Providence, supra* at 132. The second prong (the "clearly established" prong) itself

---

[1] As discussed in the Memorandum in Support of Motion for Summary Judgment of Defendant, Urbano Prignano, Jr. ("Col. Prignano's Memorandum") at 6-7 and the Reply Memorandum in Support of Motion for Summary Judgment of Defendant, Urbano Prignano, Jr. (Col. Prignano's Reply Memorandum") at 6, Col. Prignano had retired as Chief of Police on January 31, 2002—approximately one and one-half years before the system alleged to have been used to violate Plaintiffs' rights was ever used—and thus could not have directly violated anyone's rights by using it.

requires a consideration not only of whether the action of the subordinate violated a clearly established right but also whether "it was clearly established that a supervisor would be liable for constitutional violations perpetrated by his subordinates in that context." *Camilo-Robles, supra*; *accord Young v. City of Providence, supra.* Additionally, the third prong of the analysis (the "objective legal reasonableness" prong) requires a determination of "whether the supervisor 'should reasonably have understood that his conduct jeopardized [the plaintiff's clearly established constitutional] rights.' " *Young v. City of Providence, supra* quoting *Camilo-Robles v. Hoyos, supra* at 7.

In the matters here consolidated, Col. Prignano is shielded from liability by the defense of qualified immunity. That is because the constitutional rights which the Plaintiffs claim were violated were far from clearly established at the pertinent times and neither Col. Prignano nor any public official similarly situated could have reasonably anticipated that his conduct or that of anyone of his subordinates would have been in violation of any constitutional right.

In their complaints, Plaintiffs essentially allege that their state and federal constitutional right to be free from unreasonable search and seizure as well as their right to privacy and protections afforded by certain federal and state statutes relating to electronic surveillance were violated because some of their conversations may have been captured[2] by the Total Recall System.[3]

---

[2] There is no evidence that any phone call made by or to any of the Plaintiffs was ever accessed by anyone. *See* Defendants', Dean Esserman, David Cicilline and the City of Providence's Motion for Summary Judgment or, in the Alternative, Motion to Dismiss ("City's Motion") at 4-5 (Document 179).

[3] As discussed Col. Prignano's Memorandum's, "The Total Recall" system is a telephone system which had been installed in 2002 in the "new" Public Safety Complex

As discussed in part C of Defendants', Dean Esserman, David Cicilline and the City of Providence's Motion for Summary Judgment or, in the Alternative, Motion to Dismiss ("City's Motion") the capturing of telephone calls by the Total Recall System is, at least arguably, not a violation of any of the rights asserted by Plaintiffs as the system was being used by law enforcement in the ordinary course of its duties. *See* City's Memorandum at 16-17 and authorities cited therein (Doc. 179). In that, at a minimum, there is a genuine dispute as to whether there was ever a violation of the rights claimed by Plaintiffs, *a fortiori*, it can hardly be said that those alleged rights were clearly established much less that it was clearly established that a supervisor would be liable for failing to take some action that would assist a subordinate avoid any unpredictable violation of those rights.

Moreover, as discussed and established without contradiction, Col. Prignano had left the employ of the Providence Police Department at least six months before any initial meetings were held relating to the needs of the telephone system to be installed in the new Public Safety Complex that was then under construction, some six months before a bid was selected for the telephone system Plaintiffs allege was used to violate their rights, nearly one year before the contract was awarded to a vendor and approximately one and one-half year before the system was installed and used by anyone. *See* Statement of Undisputed Facts in Support of the Motion for Summary Judgment of Defendant, Urbano Prignano, Jr. and Municipal Defendants' Statement of Undisputed Facts (Document 182). It is absurd to propose that Col. Prignano in his retirement failed to take some action that would have assisted the operators of the Total Recall System, who could not have been

---

of the Providence Police Department and which may have been "recording" more calls than the officials had been aware were being recorded.

under his supervision at the time avoid the alleged violations claimed by Plaintiffs. Likewise, it is absurd to propose that before his retirement, Col. Prignano could have taken some unknown action that would assist operators of an as of then unknown system so as to assist the future operators from committing the violations Plaintiffs here allege.

Thus the first two prongs in the qualified immunity inquiry resolve in Col. Prignano's favor. Assuming *arguendo* that they did not, the resolution of the final prong of the qualified immunity analysis involving "objective legal reasonableness" resolves resoundingly so.

The "objective legal reasonableness" analysis explores whether the actor, be it the direct actor or the supervisor, acted in an objectively reasonable manner. *Young v. City of Providence, supra* at 136. For conduct to lose its protection under qualified immunity, the conduct must rise to the level of deliberate indifference. *Id.* (quoting *Camilo-Robles,* 151 F.3d at 8).

The only "evidence" of any conduct attributed to Col. Prignano which could be considered to be the least bit relevant to the subject matter of the complaints was gleaned from hearsay deposition testimony of Andrew Rosenzweig, the former Chief of Police, who conducted what he acknowledged to be a preliminary and incomplete investigation after the Total Recall System was removed from operation. That "evidence" which, according to Chief Rosenzweig, came from one or more interviews with Deputy Director Viera, is the following.

1. Col. Prignano and the Director of Communications, Defendant Manual Vieira, " 'met' (or at least conversed with each other) while Prignano was still Chief of Police, during which time Prignano directed Vieira to install a recording system that would record almost all of the incoming and outgoing calls in the soon-to-be-built Public Safety Complex." (*See* Statement of Material Facts in Dispute in Support of Plaintiffs' Objection to Urbano Prignano's Summary-

Judgment Motion at 2.)

2. Col. Prignano asked Director Vieira for a telephone system with "all the trinkets" and "all the bells and whistles". (*See id.)*

As stated in Col. Prignano's Reply Memorandum, even more than two years after filing the original lawsuit, this is the sum and substance of all the "evidence" that Plaintiffs have been able to garner in a not surprisingly futile attempt to identify some "evidence" that might be "open-ended" enough to create a genuine issue of fact relating to Col. Prignano. This "evidence" fails miserably with respect to the issue of whether Col. Prignano was deliberately indifferent to any "danger" that the telephone recording system that would have to be purchased someday for the new Public Safety Complex posed any risk that operators might violate clearly established rights.

Thus the third and final prong of the "qualified immunity" analysis resolves in favor of Colonel Prignano. Such a resolution, alone, entitles Col. Prignano to the benefits of qualified immunity.

## B. The Complaint as Drafter Failed to Plead any Policy or Custom Resulting in a Constitutional Violation.

It well settled under *Monell v. Department of Social Services* and its progeny that governmental liability under 28 U.S.C. Sec. 1983 can attach only if the constitutional violation results from governmental policy or custom. 436 U.S. 658, 690-91 (1978). Vicarious liability can not be imposed on governmental entities, including municipalities, under theories sounding in *respondeat superior*. Moreover, a failure to plead such an official custom or policy is fatal to a Sec. 1938 claim. *See* Fedor v. Kudrak, 421 F. Supp. 473, 481 (D. Conn. 2006) quoting *Zahara v. Town of Southold,* 48 F.3d 674, 685 (2d Cir. 1995) .

As discussed at length in the City's Memorandum, the complaints in this matter, on their face, do not make out a claim against the municipal defendants and must fail. Very simply, that is because Plaintiffs failed to plead either an official municipal policy or a widespread custom or practice which resulted in the complained of injuries. (*See* The City's Memorandum at 8 through 10 (Document 179); *accord* Supplemental Memorandum in Support of Motion for Summary Judgment of Defendant Manuel Vieira at 1-2 (Document 177); Supplemental Memorandum of Law in Support of Motion for Summary Judgment Filed by Defendant Mary Lennon at 1-2 (Document 178).

**C. There Is No Authority for Concluding that Col. Prignano Committed any Act which Amounts to a Constitutional Violation.**

As discussed in Section A of this memorandum, the only conduct on the part of Col Prignano that Plaintiffs have uncovered that is remotely related to the allegations set forth in these matters involved certain statements that Col. Prignano may have made to Director Vieira to the effect that the new telephone system for the proposed new Public Safety Complex should be the top of the line. Such activity can hardly be said to be no more than a wish that would be of benefit to law enforcement in the City of Providence as well as the citizens of the city. If such a wish did contribute to the acquisition of a system that may have been misused either intentionally or unintentionally to violate rights (a fact that is not here conceded) there simply is no authority or stretch of the imagination that would transform a wish into a constitutional violation.

**D. There Is No Evidence that Col. Prignano Acted Outside**
**E. the Scope of His Authority.**

As stated *supra* the only conduct attributable to Col. Prignano that Plaintiffs' have cited is a hearsay recitation of comments allegedly made to Director Vieira by Col.

Prignano regarding his wish to have a top-notch telephone installed in the new Public Safety Complex. Such wishful thinking on the part of a Chief of Police falls far short of being an action outside the scope of his authority.

**E. Plaintiffs Are Precluded from Simultaneously Pursuing their 18 U.S.C. Sec. 1983 Claims along with Their Statutory Claims.**

Whether or not the Sec. 1983 claims fall because Plaintiffs' failure to plead a municipal policy or custom resulting in constitutional violations, Plaintiffs are precluded from pursuing these claims given the complex statutory schemes designed to control the rights in question and to provide remedies for violations of those rights.[4] That is because as a general rule courts should avoid unnecessary adjudication of constitutional issues especially in light of statutory schemes designed to address the very conduct at issue in the Sec. 1983 claims. *See Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347 (1936) (courts should avoid constitutional questions when there is some other bases upon which the matter could be resolved); *see also Blessing V. Freestone*, 117 S.Ct. 1353,1359-60 (1997) (a federal statutory right may not be pursued under Sec. 1983 where Congress has impliedly precluded recourse to Sec. 1983 by creating a comprehensive enforcement scheme); *accord Adams v. City of Battle Creek*, 250 F.3d 980, 986 (6th Cir. 2001) (comprehensive statutes that do not suffer constitutional infirmities and designed to protect specific constitutional rights provide exclusive remedies for violations of those rights).

[4] In further support of this section, the arguments raised in the City's Memorandum as well as the Supplemental Memorandum In Support of Motion for Summary Judgment of Defendant Manuel Vieira and the Supplemental memorandum of Law in Support of Motion for Summary Judgment Filed by Defendant Mary Lennon are hereby incorporated by reference herein.

Moreover, the Plaintiffs cannot simultaneously pursue their claims for relief under the state and federal wiretap statutes. That is because where a state and a federal statute regulate the same conduct, the local statute preempts, especially where, as is here the case, the local statute is more exacting. *See* Whitaker v. Garcetti, 291 F.Supp.2d 1132 (C.D. Cal. 2003) (given that Defendants are local not federal officials and both statutes regulate the same conduct, the state statute controls); *accord* City's Memorandum at 19 through 22; Supplemental Memorandum In Support of Motion for Summary judgment of Defendant Manuel Vieira at 5-6 and Supplemental Memorandum of Law in Support of Motion for Summary Judgment Filed By Defendant Mary Lennon at 3-4.

**F. Col. Prignano as an Individual Bears No Liability Under the Statutory Claims.**

The statutory claims asserted in the complaints arise under 18 U.S.C. Sec. 2511 ("federal wiretap statute"), R.I. Gen Laws Sec. 11-35-21 ("state wiretap statute) and R.I. Gen Laws Sec. 9-1-28.1 (right to privacy statute). There is no evidence or logic that supports a finding that the sparse actions allegedly connected to Col. Prignano in this matter amount to a violation of any right referenced in any of these statutes.

The federal and state wiretap statutes make it unlawful for a person to, among other things, "willfully" or "intentionally" intercept, endeavor to intercept any wire oral or electronic communication or procure any other person to do so. *Compare* 18 U.S.C. Sec. 2511(1)(a) *with* R.I. Gen Laws Sec. 11-35-21 (a)(1). The federal wiretap statute additionally makes it unlawful for a person to use, endeavor to use, or procure any other person to use or endeavor to use a device to intercept any oral communication. 18 U.S.C. Sec. 2511(1)(b).

As stated in Col. Prignano's Reply Memorandum, there simply is no evidence, much less admissible evidence, that Col. Prignano either personally attempted to or did in fact intercept any telephone communication, nor did he use, endeavor to use or procure any person to attempt to intercept or in fact to intercept a telephone communication; nor did he use or endeavor to use a device to intercept any oral communication; nor did he procure or attempt to procure any person to do so. By no stretch of the imagination can the "wish" of Col. Prignano that the best system available be obtained for the new Public Safety Complex rise to the level of an intentional attempt to personally violate the wiretap statutes or procure someone to do so or to attempt to do so.

Likewise, there is no reliable evidence, that a right specifically protected by the state right to privacy statute was violated by any action of Col. Prignano. Again, a "wish" for a top of the line piece of equipment in and itself does not violate a person's right to privacy.

Moreover, all of the conduct ascribed to Col. Prignano in this memorandum occurred while he was acting within the course of his employment and was within the scope of his employment. Thus, he cannot be held liable for any injuries caused thereby.

## **CONCLUSION**

For these reasons and those set forth in Col Prignano's memorandum in support of his motion for summary judgment as well his reply memorandum, Judgment should enter in favor of Defendant Urbano Prignano, Jr. against all Plaintiffs, and both cases should be dismissed with prejudice as against Col. Prignano.

Defendant,
Urbano Prignano, Jr.
By his Attorneys,

/s/ Stephen R. Famiglietti
Stephen R. Famiglietti, Esq.
RI Bar No. 1305
Famcarltd@aol.com

/s/ Susan Marcotte Carlin
Susan Marcotte Carlin, Esq.
RI Bar No. 2648
Famcarltd@aol.com

**FAMIGLIETTI & CARLIN, LTD.**
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
(401) 335-4550
(401) 335-4515 Fax

Dated: September 14, 2006

## CERTIFICATION

I hereby certify that on September 14, 2006 copies of the within were filed by electronic means to forwarded Mark A. Fay, Esq.; Dean G. Robinson, Esq.,; George L. Santopietro, Esq.; Kevin McHugh, Esq. and Michael Calise, Esq.; and, George J. West, Esq., and by regular mail to Carolyn A. Mannis, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island 02903.

/s/ Susan Marcotte Carlin