**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.

**DEFENDANTS', DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S MOTION IN LIMINE TO EXCLUDE TESTIMONY**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), hereby move in limine to exclude the testimony of Plaintiffs' expert witnesses.

The Municipal Defendants rely on the accompanying memorandum of law in support thereof.

Municipal Defendants,
By their Attorneys:

Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
/s/ Michael A. Calise
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Michael A. Calise (#6715)
Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

**Certificate of Service**

I hereby certify that on this 16th day of August 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

I further certify that on said date, a copy of the foregoing was caused to be served on the following attorney(s) by regular mail, postage prepaid.

Carolyn Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.

**DEFENDANTS', DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY**

Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), move in limine to exclude the testimony of Plaintiffs' expert witnesses.

Rule 26 of the Federal Rules of Civil Procedure in part provides:

> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
>
> (C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).
>
> Fed. R. Civ. Proc. 26 (a)(2)(B); Fed. R. Civ. Proc. 26 (a)(2)(C).

This Court, in its Amended Pretrial Order, dated June 6, 2005, ordered that Plaintiffs make their expert witness disclosures by January 30, 2006. See Amended Pretrial Order, attached as Exhibit 1. Additionally, the Court ordered that by March 14,

2006, a joint proposed scheduling order for expert disclosures be submitted. Id. Subsequently, the parties executed a stipulation, filed with this Court by Plaintiffs' counsel on July 14, 2006 and entered by this Court on July 17, 2006, allowing the Plaintiffs to file their expert reports on or before July 21, 2006. See Stipulation, attached as Exhibit 2. This Court also ordered that all factual discovery be closed by August 1, 2006. As of the date of this pleading, more than one year has passed since the latest of these deadlines, and no report has been provided to the Municipal Defendants on behalf of either of Plaintiffs' experts. It has also been more than one year since the Municipal Defendants cooperated in providing Plaintiff's expert access to the system at issue in this litigation. Plaintiffs' expert examined the system , ran software, and spent almost an entire day doing so. To date, no explanation has been given as to why no report has been provided. This is remarkable since the stipulation signed by counsel provided only one week from the date the stipulation was filed with the Court until the report was to be produced. Since the disclosure requirement under Fed. R. Civ. Proc. 26 (a)(2)(B) is not complete until the written report has been provided, Plaintiffs have failed to comply this Rule.

Where a party fails to comply with Rule 26, the testimony of the expert witness is properly excluded from trial:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. Proc. 37 (c)(1).

The First Circuit recently addressed this very issue. See Pena-Crespo v. Puerto Rico, 408 F.3d 10 (1st Cir. 2005). There, Plaintiff alleged she was subjected to a hostile

work environment on the basis of her national origin, and she brought an employment discrimination suit against her employer. Id. Defendant filed a motion in limine seeking to exclude the testimony of Plaintiff's expert witness, in part because Plaintiff failed to provide a written expert report satisfying the requirements of Fed.R.Civ.P. 26(a)(2)(B). Id. at 12. The motion was granted. Id. Nevertheless, after a bench trial, the District Court concluded that Plaintiff was subjected to a hostile work environment and awarded her damages. Id. Dissatisfied with the Court's calculation of damages, Plaintiff filed a motion to alter or amend the judgment, which the District Court denied. Id. After reviewing the District Court's decision to exclude expert testimony and its award of damages for an abuse of discretion, the First Circuit affirmed the District Court. Id.

More specifically, the First Circuit found that while Plaintiff timely disclosed the identity of their expert witness, Plaintiff failed to provide a written expert report in accordance with Fed.R.Civ.P. 26(a)(2)(B). Id. at 13. The Court noted that "[a] party who fails to disclose the necessary information under Rule 26(a), without substantial justification, is not permitted to present the witness' testimony at trial." Id., citing Fed.R.Civ.P. 37(c)(1). The Court went on to explain that "failure to provide an expert report that satisfies the specific requirements of Rule 26(a)(2)(B) undermines opposing counsel's ability to prepare for trial….Accordingly, 'district courts have broad discretion in meting out ... sanctions for Rule 26 violations ... [and the] [e]xclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a).'" Id. (internal quotation and citation omitted).

Further, the First Circuit went on describe how, in spite of the Plaintiff's submission of a series of documents consisting of her expert's psychiatric evaluation, his resume, and Plaintiff's medical records, such disclosures did not satisfy Rule 26(a), and therefore, the District Court did not abuse its discretion in excluding the witness from testifying as an expert at trial. Id. Here, in the approximately three years since this suit

was filed, and in the thirteen months since the disclosure was overdue, Plaintiffs have failed to provide Defendants with any materials even purporting to be their experts' reports. Rather, Plaintiffs, without any reason offered, and surely not with "substantial justification," completely disregarded the timetables set by this Court and extended by agreement of the parties. Fed.R.Civ.P. 37(c)(1). Expert witnesses' names are not enough; rather, "*each witness* must provide a written report containing the information required under Rule 26." Pena-Crespo v. Puerto Rico, 408 F.3d at 13, citing Prieto v. Malgor, 361 F.3d 1313, 1317-18 (11th Cir.2004) (emphasis added). Now, on the eve of trial, with no reports produced or explanation given by Plaintiffs, the Municipal Defendants seek to have this Court impose what the First Circuit has repeatedly called a "standard sanction for a violation of the duty of disclosure under Rule 26(a)," exclusion of Plaintiffs' experts' testimony. Pena-Crespo v. Puerto Rico, 408 F.3d at 13, citing Laplace-Bayard v. Batlle, 295 F.3d 157, 162 (1st Cir.2002).

Even if this Court is not inclined to exclude Plaintiffs' experts' testimony for failure to comply with the Rules of Civil Procedure, this noncompliance leaves the Court and the parties unable to assess the witnesses' scientific opinion evidence. The Municipal Defendants also move to exclude Plaintiffs' experts' testimony pursuant to Rules 104, 702 and 703 of the Federal Rules of Evidence. See Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

The Daubert test, as it is now commonly known, imposes upon this Court the obligation to serve as a "gatekeeper" for the proposed introduction of scientific opinion evidence. The Court's role is two-fold: (1) to insure that proposed experts are qualified to render the scientific opinion testimony they may proffer, and (2) to determine that proposed scientific testimony is both relevant and reliable. Daubert, 509 U.S. at 589-97. Where a party demonstrates evidentiary flaws in an opposing expert's proposed testimony, Daubert requires the Court to conduct, under Rule 104, a preliminary

assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether the reasoning or methodology properly can be applied to the facts in issue. Daubert, 509 U.S. at 593. Factors to be considered by the Court in making its preliminary assessment include: (1) whether the proffered knowledge can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and, (4) whether the theory or technique has gained general acceptance in the relevant scientific field. Daubert, 509 U.S. at 593-4.

Once this inquiry has been performed, the Court must undertake a second one; whether the proffered scientific evidence is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." Daubert, 509 U.S. at 591. This test is essentially one of relevance.

Here, the Court should not make it to the second inquiry. Plaintiffs' failure to provide their experts' reports constitutes a failure to make a full disclosure, as discussed supra. This failure leaves the Court and the Defendants without any guide as to in what area Plaintiffs' witnesses purport to be experts. Properly, this information should be clearly presented in an expert report. The only information provided thus far was provided in the witnesses' curriculum vitae. See Plaintiffs' Expert Discovery Disclosures, attached as Exhibit 3. The issue that then arises is breadth of the experts' areas of expertise, as provided in their curriculum vitae. For each witness, there are at least 10 areas in which the witness claims to have specialized experience. It is therefore at this time impracticable, if not impossible, for the Defendants to brief the issues which would arise at a Daubert hearing, or for the Court properly to serve as a "gatekeeper." That is, Plaintiffs have failed (and under the Federal Rules of Civil Procedure, foreclosed their ability) to provide enough information for the Court to determine that the proposed scientific testimony is both relevant and reliable. Daubert, 509 U.S. at 589-97.

Plaintiffs' failure to comply with the Rules leaves the Defendants and the Court, in the twilight of pretrial litigation, with no way to assess adequately the purported expertise of these witnesses.

WHEREFORE, the Municipal Defendants pray that their motion in limine to exclude the testimony of Plaintiffs' expert witnesses be granted.

Municipal Defendants,
By their Attorneys:

Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
/s/ Michael A. Calise

Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Michael A. Calise (#6715)
Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

**Certificate of Service**

I hereby certify that on this 16th day of August 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

I further certify that on said date, a copy of the foregoing was caused to be served on the following attorney(s) by regular mail, postage prepaid.

Carolyn Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903

/s/ Kevin F. McHugh
Kevin F. McHugh

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Thomas Walden, et al., Plaintiffs, v. City of Providence, et al. Defendants. | ) | C.A. No. 04-304S Lead Case |
| John C. Chmura, et al. Plaintiffs, v. City of Providence, et al. Defendants. | ) | C.A. No. 04-553S |

**AMENDED PRETRIAL ORDER**

(Civil Case)

The Report and Recommendation of Magistrate Judge David Martin is accepted; pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is ordered that:

1. Fact Discovery Closure. All factual discovery will be closed by **June 1, 2006.**[1]

[1] As stated at the hearing before Magistrate Judge Martin on April 7, 2005, the discovery closure date is the date by which factual discovery must be completed. Merely propounding or noticing discovery prior to the closure date does not

2. Interrogatories. In addition to the interrogatories already served by Defendant Joseph Richardson, the remaining Defendants will serve a uniform set of twenty-five (25) interrogatories by **July 1, 2005.** Plaintiffs shall serve their answers to these interrogatories by **October 3, 2005.**

3. Request for Admissions. No more than twenty (20) requests for admissions shall be submitted by each party with the exception of requests for authenticity of documents.

4. Depositions. Defendants shall be allowed to take more than ten depositions.[2] The depositions of Defendants Prignano, Cianci, Vieira, Lennon, and Richardson shall be completed by **November 7, 2005.**

5. Expert Discovery Disclosures. Plaintiffs shall make their expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by **December 30, 2005.** Defendants shall make their expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by **January 30, 2006.** (Any expert witness not

---

authorize depositions or other discovery to be conducted after that date unless the parties so agree.

[2] The Court refrained from setting a maximum number of depositions which Defendants may conduct because there are 154 plaintiffs. However, any party who believes that the number of depositions being conducted is excessive may bring that circumstance to the Court's attention by filing a motion for a protective order or similar relief.

disclosed by these dates will not be allowed to testify unless authorized by the Court.)

6. Dispositive Motions. Dispositive motions by individual Defendants shall be filed no later than **February 7, 2006**, and by municipal Defendants no later than **May 7, 2006**. To avoid piecemeal filings, counsel are encouraged to file such motions in the three week period preceding these dates. Prior to filing a motion for summary judgment, counsel must request a conference with the Court. Counsel should note the requirements of Local Rule 12.1 with respect to motions for summary judgment.

7. Status Conference. There will be a discovery status conference on September 6, 2005 before Judge Martin.

8. Pretrial Memoranda. Each counsel shall present by **July 17, 2006**, a typewritten memorandum which shall contain the following information:

A.(1) Plaintiff will set forth what is expected to be proven in support of the claim, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

A.(2) Defendant will set forth what is expected to be proven in defense, indicating each witness to

testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

B. A memorandum of supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues. All pertinent citations must be fully briefed.

C. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All such exhibits must be pre-marked by the plaintiff in numerical order and by defendant in alphabetical order.

D. Anticipated motions in limine and proposed date for filing of same.

E. If said captioned case is to be tried before a jury, full and complete proposed jury instructions.

F. A statement as to probable length of trial.

G. Any additional matter which counsel feel will aid the Court in the disposition and/or hearing of said action.

9. Trial Calendar. This case shall be placed on the trial calendar for **the month following the filing of pretrial memoranda**.

10. No Stays Except Upon Motion. The dates contained herein shall not be stayed by the filing of a dispositive motion (i.e. Local Rule 12.1(e) is not in effect) unless approved by the Court upon the filing of a motion setting for the specific reasons for such a stay.

11. Additional Matters. Counsel shall file three (3) copies of all materials (one (1) for the Clerk and two (2) for Chambers).

Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

Except as provided above with respect to motions in limine, after ten (10) days from the close of discovery, no motions shall be filed except by leave of Court.

The case is subject to being called for trial on 48-hour notice, unless otherwise ordered by the Court. A final pretrial conference will be held on a date to be determined shortly before trial. At the final pretrial conference trial counsel must be prepared to discuss in detail the probable

length of the trial, witnesses to be presented, exhibits, jury instructions and any other matter that may assist in the efficient presentation of this case to the jury or the Court.

Every effort should be made to settle the case before jurors are summoned for empanelment. **Counsel are to advise the clerk of any such settlement and file a stipulation of dismissal no later than seven (7) days before the scheduled empanelment date.** Jury costs and/or counsel fees may be assessed against one or more of the parties and/or their counsel if the court determines that the lateness of settlement was due to unreasonable or vexatious conduct or neglect.

By Order,

[signature]
Deputy Clerk

ENTER:

[signature]
William E. Smith
United States District Judge

Date: 6/6/05

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | | |
|---|---|---|---|
| THOMAS WALDEN, ET ALS | : | | |
| VS. | : | C.A. NO.: | 04-304S |
| CITY OF PROVIDENCE, ET ALS | : | | |
| JOHN C. CHMURA, ET ALS | : | | |
| VS. | : | C.A. NO.: | 04-553S |
| CITY OF PROVIDENCE, ET ALS | : | | |

## STIPULATION

By agreement of the parties, Plaintiffs' expert report shall be filed on or before July 21, 2006. Defendants' expert report shall be filed on or before August 25, 2006.

Mark A. Fay, Esquire (#4208)
Murphy & Fay, L.L.P.
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Kevin F. McHugh, Esquire (#3927)
Michael Calise, Esquire, (#6715)
City of Providence Dept. of Law
275 Westminster Street
Providence, RI 02903

ENTER WILLIAM E. SMITH
U.S. DISTRICT JUDGE
DATE 7/17/06

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 14 day of July, 2006, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

[signature]

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, ET ALS :

VS. : C.A. NO.: 04-304S

CITY OF PROVIDENCE, ET ALS :

JOHN C. CHMURA, ET ALS :

VS. : C.A. NO.: 04-553S

CITY OF PROVIDENCE, ET ALS :

K.M. FEB 02 2006

**PLAINTIFFS' EXPERT DISCOVERY DISCLOSURES**

1. Edward A. Baker
   8 Heron Drive
   Londonderry, NH 03053

   (Curriculum Vitae attached as Exhibit A)

2. William F. Odom, III
   Managing Director
   Acquisition Data
   12715 Telge Road
   Cypress, TX 77429

   (Curriculum Vitae attached as Exhibit B)

Plaintiffs,
By their attorney

Mark A. Fay, Esquire #4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903
(401) 490-3200
(401) 490-3207 FAX

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 30 day of January, 2006, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esquire
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esquire
One Turks Head Place, Suite 312
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima

# EXHIBIT A

**Edward A. Baker**
**8 Heron Dr.**
**Londonderry, NH 03053**
**(603) 425-1142**
**eabake@aol.com**

## Objective

To obtain a challenging and satisfying position enabling me to utilize my problem solving skills to their best advantage.

## Summary of Qualifications

- Twenty-eight years in Federal Bureau of Investigation conducting Criminal, Foreign Counter-Intelligence and Counter-Terrorism investigations.
- Established leadership skills.
- Extensive Supervisory and Management experience.
- Self-starter, Team player
- Strong organizational skills

Specialized experience in the following areas:

- Physical and Electronic Surveillance
- Telephone & Data intercepts
- Audio & Video Collection Systems (Digital & Analog)
- Security Access Systems and Alarms
- Threat Assessment
- Crises Management Systems
- Electronic & Physical Countermeasures
- Telephone & Internet Provider Liaison
- Special Weapons and Tactics
- Training Development

## Experience

FEDERAL BUREAU OF INVESTIGATION, (2000-12/31/2004)

**Investigative Technology Supervisor – Technical Squad, Boston, MA**

- Supervise seven Special Agent Technical Investigators, supporting investigations covering Massachusetts, Maine, New Hampshire and Rhode Island.
- Supervise nine Electronic Technicians and five Information Technology Specialists supporting radio, Internet and secure intranet communications.
- Supervised all video and audio collection, internet and radio communications to support the Intelligence Operations Center for the 2004 Democratic National Convention.
- Supervised all aspects of technical support for the EgyptAir 990 investigation.
- Instituted Command Posts and initialized and maintained contact with telephone and Internet service providers during the PENTTBOMB (9/11) investigation.

- Obtained and supervised the installation of over 100 new computers, scanners and peripheral equipment during the first 3 days of the PENTTBOMB investigation.
- Developed and instituted a database to track all technical investigative requests.

**Relief Supervisor-Technical Squad-Boston, MA (1989-2000) (Technically Trained Agent)**

- Install electronic surveillance equipment
- Liaison with telephone service providers
- Maintained Technical database
- Involved in prototyping digital audio collection devices and their testing.
- Developed and conducted training courses at Engineering Research Facility, Quantico, VA for the certification of Technically Trained Agents.

**Special Agent-Boston, MA (1981-1989)**

- Organized first Special Operations Group (Surveillance) in Boston.
- Located and leased undercover off-site for surveillance.
- Developed, purchased, designed video surveillance equipment.
- Conducted White Collar crime as well as governmental fraud investigations resulting in several convictions.
- Wrote Title III affidavit for Labor Fraud case resulting in major convictions.

**Special Agent-Cleveland, OH (1976-1981)**

- Special Weapons And Tactics Team Commander
- Investigated Bombing Matters, Organized Crime and White Collar Crime.

**Honors, Awards**

- 15 Special Incentive Awards
- Numerous commendations and letters

<u>Merrill Lynch & Co</u> (1971-1974)

- Operations Clerk
- Associate Broker

<u>U.S. Army</u> (1968-1971)

- Graduated Infantry Officer Candidate School
- Assigned Military Assistance Command-Vietnam
- Conducted combat operations
- Advised local village officials on home defense and anti-guerilla operations.
- Trained local forces in combat tactics, and basic weapons and marksmanship.

**Honors, Awards**

- Bronze Star
- Combat Infantryman's Badge
- Vietnam Commendation Medal
- Commandant's Award-OCS

**Education**

Siena College, Loudonville, NY
Bachelor Business Administration (BBA), 1975

**Security Clearance**

- Cleared for Top Secret information and granted access to Sensitive Compartmented Information, Current, good until 2006.

EDWARD A. BAKER
SUPERVISORY SPECIAL AGENT (Retired)
FBI BOSTON

Mr. Baker is a 1975 graduate of Siena College, Loudonville, NY, with a Bachelors of Business Administration degree in Accounting.

He is a former U. S. Army Infantry officer, who served as an Advisor in Viet Nam from 1970 – 1971. He entered on duty as an enlistee in April of 1968, attended Basic and Advanced Infantry Training at Fort Dix, NJ. Volunteered for and was accepted to Infantry Officer Candidate School, Ft. Benning, GA in September of 1968. Graduated March 14, 1969 in the top 20% of his class. Was assigned to Ft. Gordon, GA as a Range Officer in Charge, and then attended the Military Assistance Advisor's Course at Ft. Bragg, NC and the Vietnamese Language School at Ft. Bliss, TX, prior to being assigned to Military Assistance Command-Viet Nam (MACV).

He was then assigned as Senior Team Leader, Mobile Advisory Team IV-75, which was attached to Advisory Team 80 (located in the Mekong Delta, IV Corp), An Xuyen (Ca Mau), serving in Quan Long District villages of Hoa Tanh and Tan Loc, as well as with a company of Cambodian refugees assigned to an area of operations bordering the U Minh Forest on the Song Ong Doc River.

He is the holder of a Bronze Star for Meritorious Service in ground combat, Combat Infantryman's Badge, and the Viet Nam Service and Campaign Medals.

He joined the FBI in 1976 and was transferred to Cleveland, Ohio after graduating from the FBI Training Academy, Quantico, VA. While in Cleveland, he worked Organized Crime & White Collar Crime, and was a member of one of the first Special Operations Groups (Surveillance Squad) in the FBI. He was also the Cleveland Special Weapons And Tactics (SWAT) Commander and was a Bomb Investigator.

In 1981, he transferred to Boston and formed the first Boston Special Operations Group as well as working Governmental Crimes, White Collar Crimes and Organized Crime matters.

In 1990, he became certified Technically Trained Agent (TTA).

In February of 2000 he became the Supervisor of the Boston Technical Squad, which was formed in April of 1999.

He has worked actively with the Engineering Research Facility (ERF) in Quantico, VA and was involved in the development of new training methods and techniques as well as the evolution of the FBI's ever changing Technical program.

Mr. Baker and his Squad were responsible for all Court authorized electronic intercept matters for the Boston office, encompassing the states of Massachusetts, Maine, New Hampshire and Rhode Island. He also supervised the Information Technology Specialists and the Electronic Technicians.

# EXHIBIT B

**William F. Odom**
**Managing Director**
**Acquisition Data, Inc., Cypress, Texas**

**(281) 256-4470**
**wodom@acquisitiondata.com**

**PROFESSIONAL SUMMARY**

William Odom is the Managing Director for Acquisition Data, Inc. in Houston specializing in Computer Forensics and Electronic Discovery. William has worked on several high profile projects involved with gathering and protecting electronic evidence. Prior to forming Acquisition Data, William was a Manager with Deloitte & Touche in the Forensic & Investigative Services practice. Prior to joining Deloitte & Touche, William was a Special Agent with the Federal Bureau of Investigation ("FBI") where he received certification through FBI Laboratory as a Computer Forensic Examiner. In addition, he received training in general investigative techniques, computer intrusion and security, national intelligence and counterintelligence matters and defensive tactics. William is also the President of the Texas Gulf Coast Chapter of High Technology Crime Investigation Association ("HTCIA"). In 2003, William founded the International Center for Computer Forensic Accreditation, Standards and Testing ("IC2FAST"). IC2FAST was founded to address the accreditation of computer forensic laboratories.

William has significant experience in the following areas:

- Expert testimony in investigations involving digital evidence
- Training federal, state and local law enforcement in computer forensics and network security
- Acquisition and preservation of electronic evidence
- E-mail recovery and analysis from both user and server based systems
- Recovery of "deleted" files
- Recovery of electronic data from hidden areas of the disk
- Recovery and production of electronic data for litigation matters
- Defeating password protected and encrypted data
- Securing data and computer systems
- Physical security
- Personal protection

William also managed the Computer Forensic Lab for the Houston Office of the FBI. As coordinator of the lab, he was responsible for the daily operations of the lab as well as assignment of the workload to the other field examiners. During his tenure at the FBI, William was involved in computer forensic examinations in nearly all of the 200+ federal matters investigated by the FBI, ranging from white-collar crime to terrorism and national security matters.

**SELECTED EXPERIENCE**

- Testified as an expert witness in both criminal and civil matters in Federal as well as state court systems
- President and Director of IC2FAST
- Executed a civil search warrant for a Fortune 500 corporation and managed the subsequent forensic analysis of electronic evidence related to theft of proprietary information.
- Investigated electronic evidence from large Massachusetts based bank for theft amounting to approximately $1,000,000.
- Managed a litigation matter that involved the imaging and analysis of approximately 130 computers and the recovery of e-mail and electronic documents from 400 backup tapes.
- Managed a litigation matter that involved the production of e-mail and electronic documents from 63 imaged computers.
- Analyzed and recovered deleted data that led the successful recovery of a runaway teenager.
- Traveled to Mexico, Japan, Morocco, England and the Czech Republic to manage computer forensics matters and to recover and preserve electronic evidence.
- Analyzed electronic evidence in Japanese, Chinese, Arabic and Russian.
- Participated in numerous investigations resulting in federal prosecution. Also participated in major investigations including the Oklahoma City and African Embassy bombings.
- Received Top Secret, SCI and Q-clearances.
- Involved in execution of several search warrants as ordered by the court of the Foreign Intelligence Surveillance Act. The nature of these national security matters requires surreptitious entry and security countermeasures.
- Trained law enforcement and private industry, in United States and abroad, on computer forensic and intrusion matters.

## EDUCATION & CERTIFICATIONS

- University of Southern Mississippi - Bachelor of Science with a double major in both Computer Science & Mathematics in 1990
- Federal Bureau of Investigation – Completed New Agent Training in Quantico, VA in 1996
- Federal Bureau of Investigation – Advanced Computer Intrusion Detection and Countermeasures - 1998
- International Association of Computer Investigative Analysts – Basic Computer Forensic Certification in 1998
- Federal Bureau of Investigation – Basic Computer Forensics Certification in 1998
- Federal Bureau of Investigation – Advanced Computer Forensics Certification in 1999
- International Association of Computer Investigative Analysts – Advanced Computer Forensic Training in 2000
- Federal Bureau of Investigation – Instructor Development Course in 2000
- Federal Bureau of Investigation – Basic and Advanced UNIX Forensics Certification in 2000
- Federal Bureau of Investigation – Macintosh Computer Forensics Certification in 2001
- Federal Bureau of Investigation – IBM AS/400 Computer Forensics Certification in 2001
- Deloitte & Touche – EnCase Enterprise Acquisition Training in 2002
- Acquisition Data – EnCase Training in 2003
- Acquisition Data – Stegonagraphy and Malware Training in 2004
- Acquisition Data – EnCase Certified Examiner (EnCE) in 2004
- Acquisition Data - AccessData Forensic Boot Camp Training in 2004
- Acquisition Data – AccessData Internet Forensics Training in 2005
- Acquisition Data – AccessData Windows Forensics Training in 2005
- Acquisition Data – WetStone Technologies Stegonagraphy Certification in 2005