**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, ET ALS.

VS. C.A. NO.: 04-304S

CITY OF PROVIDENCE, ET ALS.

JOHN C. CHMURA, ET ALS.

VS. C.A. NO.: 04-553S

CITY OF PROVIDENCE, ET ALS.

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TESTIMONY**

Now comes the Plaintiffs in the above-entitled matter and hereby move in limine to exclude the testimony of Defendants' expert witnesses.

The Plaintiffs rely on the accompanying memorandum of law in support thereof.

Plaintiffs,
By their Attorneys:

/s/ Mark A. Fay____________________
Mark A. Fay, Esquire (#4208)
Murphy & Fay, LLP
127 Dorrance Street
Providence, RI 02903
(401) 490-3200
(401) 490-3207 Fax
Mark@Murphyandfay.com

/s/ Carolyn A. Mannis________________
Carolyn A. Mannis, Esquire
170 Westminster Street
Providence, RI 02903

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2007 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, ET ALS.

VS. C.A. NO.: 04-304S

CITY OF PROVIDENCE, ET ALS.

JOHN C. CHMURA, ET ALS.

VS. C.A. NO.: 04-553S

CITY OF PROVIDENCE, ET ALS.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY**

Plaintiffs in the above-entitled matter move in limine to exclude the testimony of Defendants' expert witnesses.

Rule 26 of the Federal Rules of Civil Procedure in part provides:

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a compete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trail or be deposition within the preceding four years.

(C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

Fed. R. Civ. Proc. 26 (a)(2)(B); Fed. R. Civ. Proc. 26 (a)(2)(C).

This Court, in its Amended Pretrial Order, dated June 6, 2005, ordered that Defendants make their expert witness disclosures by January 30, 2006. See Amended Pretrial Order, attached as Exhibit 1. Additionally, the Court ordered that by March 14, 2006, a joint proposed scheduling order for expert disclosures be submitted. Id. This Court also ordered that all factual discovery be closed by August 1, 2006. After hearing with Judge Smith, the parties executed a stipulation allowing the Defendants to file their expert reports on or before October 15, 2007. See Stipulation, attached as Exhibit 2. Subsequently, a second Stipulation was executed allowing Defendants to file their expert reports on or before October 22, 2007. See Stipulation, attached as Exhibit 3. As of the date of this pleading, more than four days have passed since the latest of these deadlines, and no report has been provided to the Plaintiffs on behalf of Defendants' experts. To date, no explanation has been given as to why no report has been provided. Since the disclosure requirement under Fed. R. Civ. Proc. 26 (a)(2)(B) is not complete until the written report has been provided. Defendants have failed to comply with this Rule.

Where a party fails to comply with Rule 26, the testimony of the expert witness is properly excluded from trial:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26 (e)(1), or to amend a prior response to discovery as required by Rule 26 (e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37 (b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. Proc. 37 (c)(1).

The First Circuit recently addressed this very issue. See Pena-Crespo v. Puerto Rico, 408 F.3d 10 (1st Cir. 2005). There, Plaintiff alleged she was subjected to a hostile work

environment on the basis of her national origin, and she brought an employment discrimination suit against her employer. Id. Defendant filed a motion in limine seeking to exclude the testimony of Plaintiff's expert witness, in part because Plaintiff failed to provide a written expert report satisfying the requirements of Fed.R.Civ.P. 26(a)(2)(B). Id. at 12. The motion was granted. Id. Nevertheless, after a bench trial, the District Court concluded that Plaintiff was subjected to a hostile work environment and awarded her damages. Id. Dissatisfied with the Court's calculation of damages, Plaintiff filed a motion to alter or amend the judgment, which the District Court denied. Id. After reviewing the District Court's decision to exclude expert testimony and its award of damages for an abuse of discretion, the First Circuit affirmed the District Court. Id.

More specifically, the First Circuit found that while Plaintiff timely disclosed the identity of their expert witness, Plaintiff failed to provide a written expert report in accordance with Fed.R.Civ.P. 26(a)(2)(B). Id. at 13. The Court noted that "[a] party who fails to disclose the necessary information under Rule 26(a), without substantial justification, is not permitted to present the witness' testimony at trial." Id., citing Fed.R.Civ.P. 37(c)(1). The Court went on to explain that "failure to provide an expert report that satisfies the specific requirements of Rule 26(a)(2)(B) undermines opposing counsel's ability to prepare for trial…Accordingly, 'district courts have broad discretion in meting out… sanctions for Rule 26 violations…[and the] [e]xclusion of evidence is a standard for a violation of the duty of disclosure under Rule 26(a)." Id. (internal quotation and citation omitted).

Further, the First Circuit went on to describe how, in spite of the Plaintiffs submission of a series of documents consisting of her expert's psychiatric evaluation, his resume, and Plaintiff's medical records, such disclosures did not satisfy Rule 26(a), and therefore, the District Court did not abuse its discretion in excluding the witness from testifying as an expert at trial. Id. Here, in the approximately three years since this suit was filed, in the thirteen months since the disclosure was overdue, and now and four days past the most recent extension Stipulation deadline, Defendants have failed to provide Plaintiffs with any materials even purporting to be their experts' reports. Rather, Defendants, without

any reason offered, and surely not with "substantial justification," completely disregarded the timetables set by this Court and extended by agreement of the parties. Fed.R.Civ.P. 37(c)(l). Expert witnesses' names are not enough; rather, ***"each*** *witness* must provide a written report containing the information required under Rule 26." Pena-Crespo v. Puerto Rico, 408 F.3d at 13, citing Prieto v. Malgor, 361 F.3d 1313, 1317-18 (11th Cir.2004) (emphasis added). Now, on the eve of trial, with no reports produced or explanation given by Defendants, the Plaintiffs seek to have this Court impose what the First Circuit has repeatedly called a "standard sanction for a violation of the duty of disclosure under Rule 26(a)," exclusion of Plaintiffs' experts' testimony. Pena-Crespo v. Puerto Rico, 408 F.3d at 13, citing Laplace-Bayard v. Batlle, 295 F.3d 157, 162 (1st Cir.2002).

WHEREFORE, the Plaintiffs pray that their motion in limine to exclude the testimony of Defendants' expert witnesses be granted.

Plaintiffs,
By their Attorneys:

/s/ Mark A. Fay____________________
Mark A. Fay, Esquire (#4208)
Murphy & Fay, LLP
127 Dorrance Street
Providence, RI 02903
(401) 490-3200
(401) 490-3207 Fax
Mark@Murphyandfay.com

/s/ Carolyn A. Mannis________________
Carolyn A. Mannis, Esquire
170 Westminster Street
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

✓ in palm

THOMAS WALDEN, et al.

v. C.A. NO. 04-304S

CITY OF PROVIDENCE, et al.

**STIPULATION**

By agreement of the parties, Plaintiffs' expert report shall be filed on or before September 17, 2007. Defendants' expert report shall be filed on or before October 15, 2007.

/s/ Mark A. Fay
Mark A. Fay, Esquire (#4208)
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, RI 02903

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
/s/ Michael A. Calise
Michael A. Calise (#6715)
City of Providence
Law Department
275 Westminster Street
Providence, RI 02903

**Certificate of Service**

I hereby certify that on this 24th day of August 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

I further certify that on said date, a copy of the foregoing was caused to be served on the following attorney(s) by regular mail, postage prepaid.

Carolyn Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

VS. C.A. NO.: 04-304S

CITY OF PROVIDENCE, et al.

**STIPULATION**

By agreement of the parties, Plaintiffs' expert report shall be filed on or before Monday, September 24, 2007. Defendants' expert report shall be filed on or before Monday, October 22, 2007.

/s/ Mark A. Fay
Mark A. Fay, Esquire #4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

/s/ Kevin F. McHugh
Kevin F. McHugh #3927
/s/ Michael A. Calise
Michael A. Calise #6715
City of Providence
Law Department
275 Westminster Street
Providence, RI 02903

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Thomas Walden, et al., Plaintiffs, v. City of Providence, et al. Defendants. | C.A. No. 04-304S Lead Case |
| John C. Chmura, et al. Plaintiffs, v. City of Providence, et al. Defendants. | C.A. No. 04-553S |

**AMENDED PRETRIAL ORDER**

(Civil Case)

The Report and Recommendation of Magistrate Judge David Martin is accepted; pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is ordered that:

1. Fact Discovery Closure. All factual discovery will be closed by **June 1, 2006**.[1]

[1] As stated at the hearing before Magistrate Judge Martin on April 7, 2005, the discovery closure date is the date by which factual discovery must be completed. Merely propounding or noticing discovery prior to the closure date does not

Exhibit 1

2. Interrogatories. In addition to the interrogatories already served by Defendant Joseph Richardson, the remaining Defendants will serve a uniform set of twenty-five (25) interrogatories by **July 1, 2005**. Plaintiffs shall serve their answers to these interrogatories by **October 3, 2005**.

3. Request for Admissions. No more than twenty (20) requests for admissions shall be submitted by each party with the exception of requests for authenticity of documents.

4. Depositions. Defendants shall be allowed to take more than ten depositions.[2] The depositions of Defendants Prignano, Cianci, Vieira, Lennon, and Richardson shall be completed by **November 7, 2005**.

5. Expert Discovery Disclosures. Plaintiffs shall make their expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by **December 30, 2005**. Defendants shall make their expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by **January 30, 2006**. (Any expert witness not authorize depositions or other discovery to be conducted after that date unless the parties so agree.

[2] The Court refrained from setting a maximum number of depositions which Defendants may conduct because there are 154 plaintiffs. However, any party who believes that the number of depositions being conducted is excessive may bring that circumstance to the Court's attention by filing a motion for a protective order or similar relief.

disclosed by these dates will not be allowed to testify unless authorized by the Court.)

6. Dispositive Motions. Dispositive motions by individual Defendants shall be filed no later than **February 7, 2006**, and by municipal Defendants no later than **May 7, 2006.** To avoid piecemeal filings, counsel are encouraged to file such motions in the three week period preceding these dates. Prior to filing a motion for summary judgment, counsel must request a conference with the Court. Counsel should note the requirements of Local Rule 12.1 with respect to motions for summary judgment.

7. Status Conference. There will be a discovery status conference on September 6, 2005 before Judge Martin.

8. Pretrial Memoranda. Each counsel shall present by **July 17, 2006**, a typewritten memorandum which shall contain the following information:

A.(1) Plaintiff will set forth what is expected to be proven in support of the claim, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

A.(2) Defendant will set forth what is expected to be proven in defense, indicating each witness to

testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

B. A memorandum of supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues. All pertinent citations must be fully briefed.

C. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All such exhibits must be pre-marked by the plaintiff in numerical order and by defendant in alphabetical order.

D. Anticipated motions in limine and proposed date for filing of same.

E. If said captioned case is to be tried before a jury, full and complete proposed jury instructions.

F. A statement as to probable length of trial.

G. Any additional matter which counsel feel will aid the Court in the disposition and/or hearing of said action.

9. Trial Calendar. This case shall be placed on the trial calendar for **the month following the filing of pretrial memoranda.**

10. No Stays Except Upon Motion. The dates contained herein shall not be stayed by the filing of a dispositive motion (i.e. Local Rule 12.1(e) is not in effect) unless approved by the Court upon the filing of a motion setting for the specific reasons for such a stay.

11. Additional Matters. Counsel shall file three (3) copies of all materials (one (1) for the Clerk and two (2) for Chambers).

Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

Except as provided above with respect to motions in limine, after ten (10) days from the close of discovery, no motions shall be filed except by leave of Court.

The case is subject to being called for trial on 48-hour notice, unless otherwise ordered by the Court. A final pretrial conference will be held on a date to be determined shortly before trial. At the final pretrial conference trial counsel must be prepared to discuss in detail the probable

length of the trial, witnesses to be presented, exhibits, jury instructions and any other matter that may assist in the efficient presentation of this case to the jury or the Court.

Every effort should be made to settle the case before jurors are summoned for empanelment. **Counsel are to advise the clerk of any such settlement and file a stipulation of dismissal no later than seven (7) days before the scheduled empanelment date.** Jury costs and/or counsel fees may be assessed against one or more of the parties and/or their counsel if the court determines that the lateness of settlement was due to unreasonable or vexatious conduct or neglect.

By Order,

Deputy Clerk

ENTER:

William E. Smith
United States District Judge

Date: 6/6/05