UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - -

THOMAS WALDEN, et al.,

Plaintiffs,

v. CA No. 04-304 S

CITY OF PROVIDENCE, et al.,

Defendants.

- - - - - - - - - - - - - - - -

ORDER ON DEFENDANTS' MOTIONS IN LIMINE FOR
PRETRIAL RULINGS ON DAMAGES

William E. Smith, United States District Judge.

Before the Court are Defendants' Motions in Limine for Pretrial Rulings on Damages. Defendants have requested that this Court rule before trial on the following issues: (1) whether statutory damages for violation of the Federal Wiretapping Act, 18 U.S.C. § 2520(c)(2) are mandatory or at the discretion of the Court; (2) when must Plaintiffs elect the statutory scheme - Rhode Island's wiretapping statute, R.I. Gen. Laws § 12-5.1-13 or the Federal Wiretap Act, 18 U.S.C. § 2520 - under which they intend to recover; (3) the extent of damages available for Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983; (4) the extent to which punitive damages and attorneys' fees are available under the wiretap statutes; and (5) whether the number of calls intercepted, rather than, or in addition to, the number of days on which calls were intercepted is relevant to the calculation of statutory

damages. Having taken into consideration the legal memoranda submitted by the parties and the arguments set forth at the hearing on this matter, the Court rules as follows:

1. Damages under 18 U.S.C. § 2520(c)(2)

Defendants urge this Court to adopt the position taken by the Fourth, Sixth, Eighth, and Eleventh Circuits that courts have discretion as to whether to award statutory damages where there has been a violation of the Federal Wiretap Act. See Nalley v. Nalley, 53 F.3d 649, 650 (4th Cir. 1995) (Section 2520(c)(2) "gives the district court discretion to decline to award damages even though a violation may have occurred"); see generally DIRECTV, Inc. v. Brown, 371 F.3d 814, 818 (11th Cir. 2004); Dorris v. Absher, 179 F.3d 420, 429 (6th Cir. 1999); Reynolds v. Spears, 93 F.3d 428, 434 (8th Cir. 1996). Plaintiffs, on the other hand, advocate the minority position taken by the Seventh Circuit in Rodgers v. Wood, 910 F.2d 444, 448 (7th Cir. 1990) that the language of § 2520(c)(2), coupled with legislative intent, "conflicts with and ultimately defeats an inference that Congress intended to grant district courts the discretion to decide the cases in which the more severe penalties should attach." This Court finds the majority view on this issue persuasive. Based on the plain language of § 2520(c)(2), this Court holds that an award of damages under § 2520(c)(2) is discretionary. DIRECTV, 371 F.3d at 818.

2. Avenue of Recovery

It is well-established and the parties agree that in a case such as this, where "parallel claims are brought under both federal and state laws, and the damages recovered are duplicative, i.e., not segregated into separate federal and state components, a prevailing plaintiff is entitled to select the body of law under which the damages will be paid." Foley v. City of Lowell, Massachusetts, 948 F.2d 10, 17 (1st Cir. 1991). Defendants assert, without providing legal support for their position, that Plaintiffs in this case must elect before trial the statute under which they intend to proceed. This Court finds no support for Defendants' position, and therefore orders that Plaintiffs shall choose at the close of trial between the damages afforded by R.I. Gen. Laws § 12-5.1-13 and those afforded under 18 U.S.C. § 2520.

3. Damages Available Under Section 1983

Defendants apparently assert that because Plaintiffs seek only nominal, rather than compensatory, damages under § 1983, they are not entitled to punitive damages or attorneys' fees. As to Plaintiffs' claim for punitive damages, all parties agree that municipal defendants are immune. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). On the other hand, because "an official, sued in his or her individual capacity may, under the appropriate circumstances, be subject to punitive damages," the individual, non-municipal Defendants do not share the immunity

afforded their co-Defendants. Tang v. State of Rhode Island, 904 F. Supp. 55, 61 (D.R.I. 1995).

The individual Defendants' potential liability for punitive damages is unaffected by Plaintiffs' pursuit of only nominal damages. Powell v. Alexander, 391 F.3d 1, 18 (1st Cir. 2004) ("in order to recover punitive damages, a plaintiff ordinarily must establish[] liability for either compensatory or nominal damages") (internal quotation marks and citation omitted); Robinson v. Cattaraugus County, 147 F.3d 153, 161 (2d Cir. 1998) ("We have long recognized in § 1983 cases that punitive damages may be awarded even in the absence of a compensatory award."). As for attorneys' fees, while "a plaintiff who wins nominal damages is a prevailing party under § 1988," prevailing party status does not automatically entitle one to an award of attorneys' fees under these circumstances. Farrar v. Hobby, 506 U.S. 103, 112 (1992). Rather, while attorneys' fees are available on an award consisting only of nominal damages, the Court may, after considering the degree of success and nature of the award, "lawfully award low fees or no fees." Id. at 115.

4. Punitive Damages and Attorneys' Fees under the Wiretap Statutes.

Both the Federal Wiretap Act and its Rhode Island counterpart allow for the imposition of punitive damages where appropriate.[1]

[1] This Court counsels Plaintiffs that despite the theoretical availability of punitive damages for both the § 1983 and

See R.I. Gen. Laws § 12-5.1-13(a)(2); 18 U.S.C. § 2520(b)(2). Under the Federal Wiretap Act, punitive damages, like statutory damages, are left to the discretion of the court. See § 2520(a) (a prevailing party may be awarded damages "as may be appropriate," including statutory and punitive damages, and attorneys' fees); Shaver v. Shaver, 799 F. Supp. 576, 580-81 (E.D.N.C. 1992).

Plaintiffs assert that the immunity afforded municipal actors under § 1983 does not extend to punitive damages assessed under the wiretapping statutes. This Court disagrees. See Lewis v. Village of Minerva, 934 F. Supp. 268, 272 (N.D. Ohio 1996) ("[t]he long history of exempting municipalities from punitive damages, the lack of an affirmative act by Congress in imposing such liability upon municipalities, and strong public policy considerations" leads to the conclusion that it would be inappropriate to consider a punitive damages claim against a municipal defendant for claims

---

wiretapping counts, the standard for establishing such damages is a strict one. See Gail v. New England Gas Co., 460 F. Supp. 2d 314, 329 (D.R.I. 2006) (Under Rhode Island law, "a party seeking punitive damages has the burden of producing evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amount[s] to criminality, which for the good of society and warning to the individual, ought to be punished.") (internal quotation marks and citations omitted); Smith v. Wade, 461 U.S. 30, 56 (1983) (punitive damages are available in an action under § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others"); Deal v. Spears, 980 F.2d 1153, 1159 (8th Cir. 1992) (punitive damages are unwarranted for violation of the Federal Wiretap Act unless the plaintiff can prove "wanton, reckless or malicious violation") (internal quotation marks and citation omitted). It is by no means apparent that Plaintiffs will be able to clear this hurdle.

arising under the Federal Wiretap Act). Based on the cogent reasoning found in Village of Minerva, this Court finds that punitive damages claims shall not go forward against the municipal Defendants on either the state or federal wiretap counts.

As to the issue of attorneys' fees, reasonable costs and fees are awarded to successful plaintiffs under the Rhode Island wiretap statute. See § 12-5.1-13(a)(3). Under the Federal Wiretap Act, attorneys' fees are an available form of relief where "appropriate." § 2520(a) and (b)(3). However, as is the case with statutory and punitive damages under the Federal Wiretap Act, the Court has discretion over this issue and may, depending on the facts established at trial, conclude that the Plaintiffs are not entitled to recover costs and attorneys' fees. Shaver, 799 F. Supp. at 581.

5. Calculation of Damages

The parties do not dispute that the only relevant figure necessary for calculating damages is the number of days on which a violation occurred as to each Plaintiff. See Desilets v. Wal-Mart Stores, Inc., 171 F.3d 711, 714 (1st Cir. 1999) (pursuant to the plain meaning of the statute, "the facts pertinent to calculating statutory damages in lieu of actual damages" consist of only "the number of days on which any violation occurred"). As the wording of §§ 12-5.1-13(a)(1) and 2520(c)(2) are identical in terms of

calculating damages, this conclusion applies to both the State and Federal wiretapping statutes.

It is so ordered.

WSmith

William E. Smith
U.S. District Judge
Date: 11/29/07