**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al,
Plaintiffs

v. CASE NUMBER: 04-304S

CITY OF PROVIDENCE, et al,
Defendants

JOHN C. CHMURA, et al
Plaintiffs
v. CASE NUMBER: 04-553S

CITY OF PROVIDENCE, et al,
Defendants

**MEMORANDUM OF LAW IN SUPPORT**
**OF OBJECTION TO MOTION IN LIMINE**
**TO EXCLUDE TESTIMONY AND EVIDENCE**
**RELATIVE TO CERTAIN AFFIRMATIVE DEFENSES**

Defendant Mary Lennon ("Lennon") submits the within Memorandum of Law in support of her Objection to Plaintiffs' Motion in Limine to Exclude Testimony and Evidence Relative to Certain Affirmative Defenses.

## FACTS

Lennon began working in the City of Providence Department of Communications in 1999. At that time the Department of Communications was utilizing a "Dictaphone" system to record emergency and certain other calls coming into the Providence Police and Fire Departments.

In 2002 the City acquired a new recording system known as the Total Recall system. The purpose of the Total Recall system was to record emergency lines and to have a records management system in place. Late in 2002 members of the City of Providence Fire Department inquired as to whether conversations on certain non-emergency phone lines were being recorded by the Total Recall system. Word of these alleged recordings eventually reached Dean Esserman, Chief of Police, who ordered the Total Recall system to be taken off line at that time, and requested that the Rhode Island State Police conduct an investigation into the matter.

Certain members of the City of Providence Police and Fire Departments subsequently brought legal action against the City and several individuals. The two complaints (individually the "Walden Complaint" and the "Chmura Complaint" and collectively the "Complaints") allege in their six causes of action that Lennon and the other defendants violated various Federal and Rhode Island constitutional provisions and laws by "using, installing and maintaining the Total Recall system." Lennon pleaded the defense of qualified immunity in her response to the Chmura complaint only. Plaintiffs have now filed the within Motion in Limine seeking to prevent Lennon from utilizing the defense of qualified immunity as it pertains to the Walden Complaint.

## ARGUMENT

Rule 8(c) of the Federal Rules of Civil Procedure requires that a party "affirmatively state any avoidance or affirmative defense, including accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; discharge in bankruptcy; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." Qualified immunity is not included

in this list of affirmative defenses, thus there is some question as to whether it must be affirmatively pleaded by a party.

Even if qualified immunity is considered to be an affirmative defense, however, failure to affirmatively plead this defense does not necessarily result in its waiver. The First Circuit has held that "Under Rule 15 the district court may and should liberally allow an amendment to the pleadings if prejudice does not result." Jakobsen v. Massachusetts Port Authority, 520 F2d 810, 813 (1st Cir. 1975). The purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense will be pursued. Williams v. Ashland Engineering Co., Inc., 45 F.3d 588, 593 (1st Cir. 1995). When a plaintiff clearly anticipates that an issue will be litigated and is not unfairly prejudiced when the defendant raises the issue, a failure to plead the defense more particularly will not constitute a waiver. Williams, p. 593.

In the instant case the Court should deny Plaintiffs' motion and allow Lennon to introduce evidence supporting the defense of qualified immunity as it pertains to all Plaintiffs. The Chmura complaint was filed shortly after the Walden complaint, and it contained the same causes of action against Lennon as those found in the Walden complaint. Thus, Plaintiffs would not be unfairly prejudiced if the within motion is denied as they were provided with notice upon the filing of Lennon's response to the Chmura complaint in April, 2005 that Lennon intended to utilize the defense of qualified immunity. As the Walden and Chmura cases were consolidated by this Court on June 5, 2005, defenses pleaded in the responses to either the Walden or Chmura complaints, including qualified immunity, should be allowed to proceed as to all Plaintiffs at trial.

**CONCLUSION**

Plaintiffs have provided no evidence or authority to prove that they would be unfairly prejudiced if the within motion were to be denied. In such cases courts have been liberal in allowing amendments to pleadings. Accordingly, Defendant Mary Lennon respectfully requests that this Honorable Court deny Plaintiffs' motion in limine to exclude testimony and evidence relative to the defense of qualified immunity, and allow evidence and testimony for such defense at the trial of this matter as to all Plaintiffs.

Mary Lennon
By her attorney,

/s/ Dean G. Robinson

Dean G. Robinson, Esq. (#3852)
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540
FAX: (401) 433-1605

**CERTIFICATION**

I certify that on January 11, 2008, I filed the within memorandum in support of objection to motion in limine by electronic means to all counsel of record.

/s/ Dean G. Robinson