**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, ET ALS.

VS. C.A. NO.: 04-304S

CITY OF PROVIDENCE, ET ALS.

JOHN C. CHMURA, ET ALS.

VS. C.A. NO.: 04-553S

CITY OF PROVIDENCE, ET ALS.

**EMERGENCY MOTION TO CONDUCT PRE-TRIAL RECORDS KEEPER DEPOSITIONS OF THE STATE POLICE AND THE CITY OF PROVIDENCE FIRE DEPARTMENT**

Plaintiffs hereby move for permission of the Court to conduct pre-trial record keeper depositions of the State Police and the City of Providence Fire Department. The documents sought are limited to the State Police report which was compiled as a result of the "total recall investigation" and the log journals for the Providence Fire Department, Special Hazards (Engines 1), Engines 2 through 15, Ladders 1 through 8 and Rescues 1 through 5 for the years 2002 and 2003.

1. **State Police Records Keeper**

All parties agree and consent that the Keeper of Records deposition of the State Police can be conducted prior to the Trial. This will allow counsel the opportunity to review the authenticated report, consult and stipulate as to which documents can be marked as full exhibits in conformity with this Court's Pre-Trial Order.

Wherefore, Plaintiffs request that this Court issue an Order granting its Motion to Conduct a Pre-Trial Deposition of the Keeper of Records for the State Police.

**2. Court Order to the State Police**

It is the usual custom and practice of the State Police that a Court Order is required before it will produce any investigative files. Therefore, Plaintiffs request that this Court issue an Order compelling the State Police to provide the police report requested.

**3. Fire Fighters Work Logs/ Journals**

Plaintiffs recently became aware of the existence of firefighter logs/ journals which memorialize the days the firefighters (plaintiffs) worked within the Providence Fire Department. These logs/journals contain a roll call of each firefighter who was present at the beginning of each shift. As such, these logs/ journals represent the best evidence as to the exact days which some of the Plaintiffs worked during the period in question, May, 2002 through February, 2003.

During the course of preparing the plaintiffs for trial testimony, it became clear that it was difficult for the firefighters to recall the specific dates that they worked. In order to refresh their recollection, firefighters reviewed and sought to review these logs/journals to determine the precise number of days they worked during the relevant time period when the city recorded calls. In fact, some of the plaintiffs successfully reviewed the logs/journals in question.

Plaintiffs intended to subpoena these logs/journals to trial for the purpose of confirming the number of days a particular person was recorded in order to conform with the relevant statutory scheme which awards a per diem amount for each day the person's calls were recorded. This was also intended to assist in the preparation of Plaintiffs' pre-trial memorandum.

This issue was raised at the conference with the Court on January 10, 2008. At that time, counsel for the Municipal Defendants would not consent to allowing the subpoena to issue without a motion. Plaintiffs have since learned that the relevant

logs/journals have been removed from the stations at the request of the Municipal Defendants' legal counsel.

Plaintiffs request they be allowed to subpoena the Keeper of Records for the Providence Fire Department in order to obtain copies of these logs for the period in question, May, 2002 through February, 2003. Interestingly, the logs/journals that were complied prior to 2002 and subsequent to 2003 are still present at the stations. The removal of the relevant logs/journals is impeding the Plaintiffs' ability to prepare for trial testimony and complete their pre-trial memorandum.

Again, in an attempt to comply with this Court's Pre-Trial Order, to pre mark all exhibits prior to Trial it is in the interest of all parties that the records deposition of the Keeper of Records for the Providence Fire Department be conducted prior to Trial. Additionally, an order is sought to immediately return the logs/journals to the stations and to enjoin the Defendants, Defendants' counsel or any other individual from destroying, altering, or tampering with the logs/ journals in any manner.

Wherefore, Plaintiffs request that its Motion for permission to conduct a Pre-Trial Records Deposition of the Keeper of Records of the Providence Fire Department be granted and that the Court order the logs/ journals immediately be returned to the appropriate stations in the same condition as they were when removed.

Moreover, given that the logs/journals have been removed and are prejudicing the Plaintiffs' preparations for trial, an emergency hearing is sought for **Monday, January 14, 2008.**

Plaintiffs,
By their Attorneys:

/s/ Mark A. Fay____________________
Mark A. Fay, Esquire (#4208)
Murphy & Fay, LLP
127 Dorrance Street
Providence, RI 02903
(401) 490-3200
(401) 490-3207 Fax
Mark@Murphyandfay.com

/s/ Carolyn A. Mannis_______________
Carolyn A. Mannis, Esquire (#4275)
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 272-2002
(401) 274-0175 Fax
carolynmannis@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of January, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay