**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al,**
**Plaintiffs**

**v.** **CASE NUMBER: 04-304S**

**CITY OF PROVIDENCE, et al,**
**Defendants**

***CONSOLIDATED WITH***

**JOHN C. CHMURA, et al**
**Plaintiffs**

**v.** **CASE NUMBER: 04-553S**

**CITY OF PROVIDENCE, et al,**
**Defendants**

**PRETRIAL MEMORANDUM OF DEFENDANT URBANO PRIGNANO, JR.**

Now comes Defendant, Urbano Prignano, Jr., and files the following pretrial memorandum.

**INTRODUCTION**

Over 150 plaintiffs are complaining that their civil rights and other rights under both federal and state statutes have been violated because certain unidentified telephone conversations *may* have been captured—not monitored—without permission of one of the parties to the conversations by a telephone system of the Department of Public Safety of the City of Providence ("the City"). Most of the plaintiffs are employees of the Fire Department of the City or members of their families and some of the plaintiffs are employees of the Police Department of the City or members of their families. Of the

more than 150 plaintiffs approximately 30 are present or former police officers or members of their families.

The telephone system in question has been referred to as the "Total Recall System". It was installed in conjunction with the building of a new Public Safety Complex in the City of Providence which complex opened in the summer of 2002. The Total Recall System had the *capacity* to capture all calls made to and from the various lines of the Public Safety Department both within the new Public Safety Complex and in remote locations such as in the various fire stations throughout the City. The Total Recall System was disconnected in early February 2003.

The Plaintiffs, none of whom claim any special damages, are seeking statutory and/or nominal damages from the City of Providence and a few present employees of the City in their official capacities[1] as well as from a few former employees of the City of Providence, not only in their official capacities but also in their **individual** capacities.[2] Plaintiffs also seek punitive damages against the defendants sued in their individual capacities.

One of these individual defendants is Col. Urbano Prignano, Jr. who had retired from the police force on January 31, 2001— some 6 months before the City put out a Request for Proposal for a new telephone system, approximately one year before the City

---

1 Steven T. Napolitano (the Treasurer of the City of Providence), David Cicilline (the Mayor and Acting Public Safety Commissioner of the City of Providence) and Colonel Dean Esserman (Chief of Police of the City of Providence) are sued in their official capacities only.

2 Vincent A. Cianci, Jr. (former mayor of the City of Providence), Urbano Prignano, Jr. (former Chief of Police of the City of Providence), Manuel Vieira (former Communications Director of the City of Providence), Mary Lennon (former Chief of Operations of the Communications Department of the City of Providence) and Joseph Richardson (former Director of the Communications Department) are sued in their former official capacities and individually. Of these defendants, Vincent A. Cianci, Jr. and Joseph Richardson were voluntarily dismissed by Plaintiffs without any stated reason.

awarded the contract for the new telephone system and well over a year before the Total Recall System had been installed in the new Public Safety Complex.

## A. DEFENDANT'S PROOF

### 1. Col. Prignano Had no Role in any Aspect of the Bidding Process, Installation Process or Use of the Total Recall System.

Col. Prignano's principal defense is grounded in undisputed facts. Whether the capturing of certain telephone conversations as alleged by plaintiffs amounts to a violation of any state or federal statute, Col. Prignano can not be found to be liable to anyone as he had no role in either the requisitioning process, the procurements process, the installation or the use of the Total Recall System. He had retired long before any of the events relative to plaintiffs' claims occurred. Simply, he was not there.

The facts will prove that:

- Col. Prignano retired on January 31, 2001.
- The bidding process for the telephone system to be installed in the new Public Safety Complex did not begin until July 30, 2001, the date of the Request for Proposal to "furnish and install telephone and data equipment and cable for new Fire and Police Complex".
- The contract for the new telephone system was not awarded until January 14, 2002.
- The Total Recall System was not installed until sometime in mid to late 2002.
- Col. Prignano played no role in any aspect of the acquisition, installation or use of the Total Recall System.

**2. <u>There is no Evidence that Col. Prignano Conspired to Record Every Telephone Conversation in the Public Safety Department.</u>**

Plaintiffs are expected to argue that some statements attributed to Col. Prignano before he retired somehow implicate him in a conspiracy to record every telephone conversation in the Public Safety Department after his retirement, for some unknown and unimaginable reason. Those hearsay statements were reported during the course of the Police Department's preliminary investigation into the matter. That investigation, among other things, is the subject of one of defendants' pending Motions in Limine which is scheduled to be argued on January 22, 2008.

The particular statements attributed to Col. Prignano are to the effect that he wanted a telephone system with "all the bells and whistles" and/or with a capacity to record every telephone conversation. If these statements are held to be admissible, they still do not support a conspiracy theory. That is because there simply is no evidence that Col. Prignano ever had a meeting of the minds with anyone to commit any unlawful act. Likewise, there is no evidence that Col. Prignano intended or suggested to anyone that any new telephone system should be used in an unlawful manner. It is significant that a telephone system with a capacity to record telephone conversation can be and is usually is used in a lawful manner. After all it is not unlawful to manufacture or possess or wish for a telephone system which has the capacity to record telephone conversations. These systems are, in fact, designed and sold on the open market and are used lawfully by among, other owners, police departments.

At best for plaintiffs, Col. Prignano may have "conspired" to obtain a top of the line telephone system for the police department which may have inadvertently been used

in violation of state and/or federal rights by persons other than Col. Prignano after Col. Prignano had left the employ of the City of Providence.

**3. Col. Prignano Is Immune from any Liability under the Doctrine of Qualified Immunity.**

Col. Prignano's wish for a state of the art telephone system with the capacity to record every conversation is not conduct which violates a clearly established statutory or constitutional or statutory right of which a reasonable person should have been aware. Therefore, he is personally exempt from liability for damages under the doctrine of qualified immunity.

**4. There Is No Evidence of any Criminality on the Part of Col. Prignano.**

Plaintiffs have sought punitive damages against Col. Prignano. However, there are no actions alleged to have been committed by Col. Prignano, whether real or imagined, that reach the level of "criminality" required under state or federal law for the awarding of punitive damages. Despite investigations by the City, the Attorney General's Office and the State Police, no criminal charges have been brought against anyone. Moreover, Col. Prignano has been cleared of any criminal wrongdoing.

**5. Col. Prignano Never had any Authority with Respect to any Telephone System within the Providence Fire Department.**

The vast majority of the plaintiffs have complained that their conversations were "recorded" on Fire Department lines. As Col. Prignano never had any authority over the telephone lines servicing the Fire Department, under no circumstances could he be liable to the more than 100 plaintiffs claiming violations of rights while using Fire Department lines.

### 6. Witnesses in Support of Defenses

Col. Prignano anticipates calling the following witnesses in support of his defenses.

- Col. Prignano will testify as to his retirement date as well as his limited pre-retirement participation in the development of the new Public Safety Complex as well as the Chain of Command within the Public Safety Complex.

- Alan Sepe is expected to testify as to the bidding process for the Total Recall System.

- Robert Bennet is expected to testify as to the police department's move into the new Public Safety Complex.

- Defendant Manuel Vieira, the former Director of Communications for the City of Providence is expected to testify with regard to any conversations he may or may not have had with Col. Prignano regarding the telephone system to be acquired to service the police department in the new Public Safety Complex as well as the chain of command within the Public Safety Department of the City of Providence.

None of the above-witnesses are expected to give expert testimony.

Col. Prignano respectfully reserves the right to call additional witnesses during trial in rebuttal.

## B. MEMORANDUM OF LAW

### 1. 42 U.S.C. Sec. 1983

Plaintiffs' burden in a 1983 claim is to prove that:

- the conduct in question was committed by a person acting under color of law; and

- that conduct deprived the Plaintiff of a right protected by the federal constitution.

*Rodriguez-Cirilo v. Garcia*, 115 F.3d 50, 52 (1st Cir. 1997). In this case the alleged constitutional deprivation was the capturing of certain telephone conversations in violation of the Fourth Amendment to the United States Constitution which, among other

things inscribes a fundamental right to privacy in wire communications. *See Katz v. United States*, 389 U.S. 347 (1967). In order to do so, a plaintiff must prove an actual (subjective) expectation of privacy and the reasonableness of that expectation. *Id.* At 361 (Harlan J. concurring). A determination of whether the subjective expectation is objectively reasonable turns on a balancing of the need for the intrusion against the level of the intrusion. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).

Here, as discussed *supra* the evidence will not support that Col. Prignano had any involvement with the Total Recall System. Even the allegation that he may have suggested that any new telephone system have the capacity to record every single line in the police department, dies not support liability against Col. Prignano as there simply is no evidence that Col. Prignano ever intended that the system capture all lines without any notification to at least one party to the conversations in question.

**2. <u>Title III Claim</u>**

18 U.S.C. Sec. 2510 *et seq.*, provides a private right of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed or intentionally used in violation of this chapter." To show a violation under this act, a plaintiff must prove that defendants "intentionally intercept[ed], endeavor[ed] to intercept, or procure[ed] any other person to intercept or endeavor to intercept, any wire, oral or electronic communication." 18 U.S.C. Sec. 2511(1)(a).

There are two exceptions to the Act that are relevant in this matter. An exception exists for any communications received through a telephone component used "by an investigative or law enforcement officer in the ordinary course of his duties." 18 U.S.C. Sec. 2510(5)(a)(ii); *see Amati v. City of Woodstock*, 176 F.3d 952, 954 (7th Cir. 1999).

Another exception exists where one of the parties to the communication has given "consent" to the interception. 18 U.S.C. Sec. 2511(c). This consent can be implied. *United States v. Lanoue,* 71 F.3d 966, 981 (1st Cir. 1995) *abrogated on other grounds by United States v. Watts,* 519 U.S. 148 (1997).

Here, the evidence will show that the telephone conversations were captured in the normal course of the operation of the Public Safety Department and that the complainants had notice or should have had notice that the calls were being captured. Moreover, there is no evidence that Col. Prignano ever had any intention that all lines be captured or recorded. For that matter, there is no credible evidence that Col. Prignano was even aware of the fact that a telephone system with the capacity to capture and record had been installed in the new Public Safety Complex after his retirement. Accordingly there is no credible evidence that Col. Prignano had any knowledge of the fact that telephone conversations were being captured at all, with or without notification.

**3. Damages**

**a. Discretionary**

Plaintiffs have waived any entitlement to compensatory damages and are seeking statutory damages. In response to pre-trial motions and objections thereto, the Court has ruled that should defendants be found liable under 18 U.S.C. Sec. 2520, the award of damages is discretionary—not mandatory. *See* Order on Defendants' Motion in Limine for a Pretrial Ruling on Damages, dated November 29, 2007; *Accord DIRECTV, Inc. v. Brown*, 371 F.3d 814,818 (11th Cir. 2004). Plaintiffs have already challenged this ruling in the United States Court of Appeals for the First Circuit. However, at least for the present time, the ruling is the law of the case

**b. Punitive**

Plaintiffs are seeking punitive damages against the defendants who have been sued in their individual capacity. In order to obtain punitive damages, a plaintiff must prove that the conduct in question "is motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The First Circuit has explained that the proof requires a showing that defendant acted in the face of a perceived risk that the conduct in question would in fact violate federal law. *Casillas-Diaz v. Palau*, 463 F.3d 77, 84 (1st Cir. 2006). Additionally, the Court in this case has ruled that an award of punitive damages under the Wiretap statute is discretionary. *See* Order on Defendants' Motion in Limine for a Pretrial Ruling on Damages, *supra.*

**c. Attorneys fees and costs**

The Court has also ruled in this case that any award of attorney's fees and/or costs is within the court's discretion depending on the degree of success and nature of the award.

**4. State Law Claims**

**a. Invasion of Right to Privacy**

In order to establish a violation of a right to privacy under R.I. Gen Laws Sec. 9-1-28.1, a plaintiff must show that a defendant engaged in "an invasion of something that is entitled to be private or would be expected to be private," and the invasion must have been "offensive or objectionable to a reasonable man." *See Pontbriand v. Sundlun*, 699 A.2d 856 (R.I. 1977). In other words there must be both a subjective and objective expectation of privacy. *Id.*

In order to prove a violation of their right to privacy, a plaintiff must prove that there was a violation of the right to be secure from publicity that reasonably placed the plaintiff in a false light before the public. *Id.* The Plaintiffs will not be able to make any such proof.

**b. R.I. Gen. Laws Sec. 12-5.1-1**

The Rhode Island wiretap statute provides that "any person whose wire, electronic, or oral communication is intercepted, disclosed, or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses, or uses the communications." R.I. Gen Laws Sec. 12-5.1-13. There is no evidence that Col. Prignano violated this statute.

**c. R.I. Gen. Laws Sec. 11-35-21**

R.I. Gen. Laws Sec. 11-35-21 makes it punishable for any person to "**willfully** intercept, attempt to intercept, or procure any other person to intercept or attempt to intercept, any wire, electronic, or oral communication." (emphasis added.) In order to recover civilly for a violation of this criminal statute, a plaintiff would have to show a willful violation of the criminal statute. None of the defendants have been charged under this statute and no criminality was found following an investigation by the Rhode Island State Police Department.

**5. <u>Qualified Immunity</u>**

The doctrine of qualified immunity shields governmental officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982). The First Circuit Court of Appeals has instructed that qualified immunity claims are evaluated under a three-part test:

- whether defendant's conduct violated a constitutional right;
- whether the constitutional right was clearly established at the time of the alleged violation; and,
- whether a reasonable defendant would have clearly understood that the conduct in question violated the clearly established rule of law.

With respect to Col. Prignano, his only alleged conduct relating to the perceived violation was to express an opinion that any new telephone system to be installed to service the police department be state of the art and have a recording capacity. To conclude that any reasonable person would have clearly understood that such a wish violated a clear rule of law would require a quantum leap.

**C. LIST OF EXHIBITS**

Col. Prignano does not expect to offer any exhibits other than those listed by the Municipal Defendants.

**D. MOTIONS IN LIMINE**

Presently the following motions *in limine* are pending before the Court and scheduled to be heard on January 22, 2008.

a. Defendants' Motions *in Limine* to exclude all evidence relating to incidents after discovery of the Total Recall System;

b. Defendants' Motions *in Limine* to restrict the testimony of plaintiffs' proposed expert witness; and

c. Plaintiffs' Motions *in Limine* seeking to prevent all defendants from utilizing certain defenses to which Defendants have objected.

## E. PRELIMINARY PROPOSED JURY INSTRUCTIONS

**Burden of Proof**

In civil cases of this kind, the law places the burden of proof upon the plaintiff. This means simply that the law imposes upon each particular plaintiff the obligation of proving that which that plaintiff asserts or claims. In other words, speaking generally, under the law, he who advances a proposition has the burden of sustaining its validity.

A defendant is under no obligation to disprove that which the plaintiff asserts or claims. Rather, the plaintiff must prove that which he or she has asserted or claimed.

The law further requires that the plaintiff prove that which he or she asserts or claims by a fair preponderance of the evidence. Where evidence adduced either for or against a given proposition outweighs contrary evidence, such evidence is said to preponderate.

Therefore, proof by a fair preponderance of the evidence means proof by the greater weight of the evidence. So when I say that a plaintiff has the burden of proof on any proposition, by a fair preponderance of the evidence, I mean simply this: I mean you must be persuaded considering all the evidence in the case, that the proposition on which the plaintiff has the burden of proof is more probably true than not.

If a plaintiff fails to establish any essential element of his case by a fair preponderance of the evidence, against any defendant then you must find for the particular defendant.

The burden of proving all elements of the case against the defendant lies with a plaintiff. A defendant need not prove anything.

**Multiple Parties**

In this case there over 150 plaintiffs who have filed various claims against seven defendants. In considering this case, you must assess whether each plaintiff has proved all of the elements of each of those various claims against each of the defendants on an individual basis. In other words, just because you find that one of the plaintiffs has proved one claim against one of the defendants does not end your inquiry. You may, for example, find that one of the plaintiffs proved all elements of one of the claims against one of the defendants but not against all or any other of the defendants or as to any or all of the other claims against that same defendant.

In other words, you cannot lump the defendants or plaintiffs together. You must make findings as to each individual plaintiff with respect to each defendant with respect to each claim.

To aid in your assessment of the various claims by each plaintiff against each of the defendants, I will provide you with a verdict form.

**Section 1983 Liability**

To establish a claim under Sec. 1983, Plaintiffs must establish, by a preponderance of the evidence, each of the following three elements.

1. That the conduct complained of was committed by a person acting under color of state law;
2. that this conduct deprived the Plaintiffs of rights, privileges or immunities secured by the Constitution or laws of the United States; and

3. that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiffs.

I shall now examine each of the three elements in greater detail.

**Color of State Law**

The first element of the plaintiffs' claim is that the defendant acted under color of State law. The phrase "under color of state law' is a shorthand reference to the words of Sec. 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage of any state. The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the Defendant was clothed with the authority of state law, and that the Defendant's action was made possible by virtue of state law.

**Deprivation of Federal Right**

The second element of Plaintiffs' claim is that they were deprived of a federal right by the Defendant. In order for the Plaintiffs to establish the second element, they must show the following by a preponderance of the evidence: first, that the Defendant committed the acts alleged by Plaintiffs; second, that those acts caused the Plaintiffs to

suffer the loss of a federal right; and, third, that, in performing the acts alleged, the Defendant acted intentionally or recklessly.

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the Defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their ;minds and you r belief or disbelief with respect to those facts.

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the Defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you must depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Proximate Cause**

The third element which Plaintiffs must prove is that the Defendant's acts were a proximate cause of the injuries sustained by the Plaintiffs. Proximate cause means that there must be a sufficient causal connection between the act or omission of a Defendant and any injury or damage sustained by the Plaintiffs. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the Defendant's act or omission. In other words, if a Defendant's act or omission had such an effect in

producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for an injury, the plaintiffs must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the defendant has proved, by a preponderance of the evidence that the plaintiffs complain about an injury which would have occurred even in the absence of the defendant's conduct you must find that the defendant did not proximately cause plaintiffs' injury.

A proximate cause need not always be the nearest cause in time or in space. In addition, there may be more that one proximate cause of any injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiffs' injury was caused by a new or independent source of any injury which intervenes between the defendant's act or omission and the plaintiffs' injury and which produces a result which was not reasonably foreseeable by the defendant.

**Title III Claims**

18 U.S.C. Sec. 2520 provides a private right of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." To show a violation, plaintiffs must prove that defendants "intentionally intercept[ed], endeavor[ed] to intercept, or procure[ed] any other person to intercept or endeavor to intercept, any wire, oral or electronic communication." 18 U.S.C. 2511(1)(a). Plaintiffs must establish (1) that Title III is applicable to the

defendant; (2) that defendant intercepted, sought to intercept, or procured another person to intercept their communications through the use of any electronic, mechanical, or other device; (3) Plaintiffs had an expectation that their oral communications were not subject to interception; and (4) if Plaintiffs had such an expectation, the expectation was justified under the circumstances.

Further, defendant is not liable if any exceptions apply. An exception exists for any communications received through a telephone component used "by an investigative or law enforcement office in the ordinary course of his duties." 18 U.S.C. Sec. 2510(5)(a)(ii).

Additionally, a person is permitted to intercept a communication "where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." This consent may be implied, that is not verbal or written. In other words, if under the surrounding circumstances the party is shown to have known about the interception that party may be found to have given an implied consent.

Thus, irrespective of whether the elements of Sec. 2511(1)(a) are met, if a defendant can demonstrate that the recording falls within one of the exceptions, then you must find for that defendant.

**<u>State Law Claims</u>**

**R.I. Gen. Laws Sec. 11-35-21—Unauthorized Interception, Disclosure or Use of Wire, Electronic, or Oral Communication**

To find in favor of a plaintiff against a defendant, under this type of claim, you must find that the defendant intentionally intercepted the wire, electronic, or oral

communication of the plaintiff. The term "intercept" means to acquire aurally the contents of any wire or oral communication through the use of any intercepting device.

**R.I. Gen. Laws Sec. 9-1-28.l1—Right to privacy—Action for deprivation of right**

Under R.I. Gen. Laws Sec. 9-1-28.1, in order to establish a violation of a right to privacy, a plaintiff must show that a defendant engaged in an invasion of something that is entitled to be private or would be expected to be private and the invasion must have been offensive or objectionable to the reasonable man.

**R.I. Gen. Laws Sec. 12-5.1-1**

This statute provides that "[a]ny person whose wire, electronic, or oral communication is intercepted, disclosed, or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses, or uses the communications. As the state wiretap statute is in large part parallel to the federal wiretap statute, the analysis which I gave you for assessing the validity of the federal wiretap statute applies.

**Qualified Immunity**

Even if you find that a defendant did violate constitutional and/or statutory rights of one or more of the plaintiffs, the defendant still may not be liable. This is so because the defendant may be entitled to what is called qualified immunity. If you find that such immunity exists, you may not find that defendant liable.

A defendant will be entitled to a qualified immunity if that defendant neither knew nor should have known that the complained actions were contrary to federal law. In other words, the defendant him- or herself did not know that the complained of

conduct was in violation of the law and if a competent person similarly situated could not have been expected to know that the conduct in question was in violation of law.

**Damages Generally**

In this case none of the plaintiffs are seeking actual damages. Rather they are seeking damages pursuant to the statute. Should you return a verdict in favor of any of the plaintiffs, it will be my responsibility to assess damages in accordance with the statute and the law.

## F. STATEMENT OF PROBABLE LENGTH OF TRIAL

Defendant anticipates that the trial of this matter will last for eight weeks.

## G. PROPOSED JURY VOIR DIRE QUESTIONS

Col. Prignano respectfully requests that the following questions be posed during the jury voir dire.

1. As a result of what you have read or learned regarding Col. Prignano and the testing controversy and/or whether his pension should be affected on account of this alleged conduct, have you formulated any opinion with respect to Col. Prignano?

2. What is your opinion?

3. The issues in this case are completely separate and apart from what may or may not have transpired regarding promotional exams in the City of Providence. Do you understand that this case has nothing to do with that controversy?

4. Likewise, the issues in this case are completely separate and apart from what may or may not have transpired regarding issues involving Col. Prignano’s pension. Do you understand that this case has nothing to do with that controversy?

5. Given what you have read or heard about Col. Prignano, do you think that you can still be fair and impartial in evaluating the evidence which will be introduced in this case in rendering an opinion which is objective and unbiased and based solely on the evidence in this matter?

6. Do you understand that it is your obligation to be fair and impartial and that if you cannot assure the Court of your impartiality that you will not be qualified as a juror in this proceeding?

7. Can you assure the Court that you will be fair and impartial?

8. Is there any reason which has not been covered by the Questionnaires which you filled out a while ago or by the Court or lawyers that would make it difficult for you to render a fair and impartial verdict with respect to Col. Prignano?

9. Is there any reason that would make it difficult for you to consider plaintiffs' claims against each defendant separately?

## H. PROPOSED JURY VERDICT SHEET

Col. Urbano Prignano hereby adopts the proposed jury verdict sheet submitted by the Municipal defendants with one exception. As the plaintiffs have waived any claim for compensatory damages, this defendant would eliminate questions regarding damages. Specifically, this defendant would eliminate items 10, 18 and 19.

Respectfully submitted,

URBANO PRIGNANO, Jr.
By his attorneys,

/s/Stephen R. Famiglietti
Stephen R. Famiglietti, Esq.
R.I. Bar No. 1305

/s/ Susan Marcotte Carlin
Susan Marcotte Carlin, Esq.
R.I. Bar No. 2648

**Famiglietti & Carlin**
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
401 335-4550
401 335-4550
FamCarLtd@aol.com

**CERTIFICATION**

I hereby certify that on this 17th day of January, 2008, copies of the within were served electronically upon:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
401 490-3200
401 490-3207 (fax)
mark@murphyandfay.com

Carolyn Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
401 272-2002
401 274-0175 (fax)
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
401 383-6540
401 433-1605 (fax)
drobinson@drglaw.necoxmail.com

Peter J. Comeford, Esq.
George Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
401 751-5527
401 751-8383 (fax)
pcomerfor@coailepore.com

Kevin F. McHugh, Esq.
Michael A. Calise, Esq.
City of Providence Department of Law
275 Westminster Street
Providence, Rhode Island 02903
401 421-7740
401 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

____________________________
Susan Marcotte Carlin, Esq.