**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al,**
**Plaintiffs**

**v.** **CASE NUMBER: 04-304S**

**CITY OF PROVIDENCE, et al,**
**Defendants**

***CONSOLIDATED WITH***

**JOHN C. CHMURA, et al**
**Plaintiffs**

**v.** **CASE NUMBER: 04-553S**

**CITY OF PROVIDENCE, et al,**
**Defendants**

**FILING OF DEFENDANT URBANO PRIGNANO PURSUANT TO "TRIAL NOTICE" DATED JANUARY 24, 2008**

**STATEMENT OF THE FACTS**

Over 150 plaintiffs are complaining that their civil rights and other rights under both federal and state statutes have been violated because certain unidentified telephone conversations *may* have been captured—not monitored—without permission of one of the parties to the conversations by a telephone system of the Department of Public Safety of the City of Providence ("the City"). Most of the plaintiffs are employees of the Fire Department of the City or members of their families and some of the plaintiffs are employees of the Police Department of the City or members of their families. Of the more than 150 plaintiffs approximately 30 are present or former police officers or members of their families.

The telephone system in question has been referred to as the "Total Recall System". It was installed in conjunction with the building of a new Public Safety Complex in the City of Providence which complex opened in the summer of 2002. The Total Recall System had the *capacity* to capture all calls made to and from the various lines of the Public Safety Department both within the new Public Safety Complex and in remote locations such as in the various fire stations throughout the City. The Total Recall System was disconnected in early February 2003.

The Plaintiffs, none of whom claim any special damages, are seeking statutory and/or nominal damages from the City of Providence and a few present employees of the City in their official capacities[1] as well as from a few former employees of the City of Providence, not only in their official capacities but also in their **individual** capacities. Plaintiffs also seek punitive damages against the defendants sued in their individual capacities.

One of these individual defendants is Col. Urbano Prignano, Jr. who had retired from the police force on January 31, 2001— some 6 months before the City put out a Request for Proposal for a new telephone system, approximately one year before the City awarded the contract for the new telephone system and well over a year before the Total Recall System had been installed in the new Public Safety Complex.

[1] Steven T. Napolitano (the Treasurer of the City of Providence), David Cicilline (the Mayor and Acting Public Safety Commissioner of the City of Providence) and Colonel Dean Esserman (Chief of Police of the City of Providence) are sued in their official capacities only.

**VOIR DIRE QUESTIONS**

Col. Prignano respectfully requests that the following questions be posed during the jury voir dire.

1. As a result of what you have read or learned regarding Col. Prignano and the testing controversy and/or whether his pension should be affected on account of this alleged conduct, have you formulated any opinion with respect to Col. Prignano?

2. What is your opinion?

3. The issues in this case are completely separate and apart from what may or may not have transpired regarding promotional exams in the City of Providence. Do you understand that this case has nothing to do with that controversy?

4. Likewise, the issues in this case are completely separate and apart from what may or may not have transpired regarding issues involving Col. Prignano's pension. Do you understand that this case has nothing to do with that controversy?

5. Given what you have read or heard about Col. Prignano, do you think that you can still be fair and impartial in evaluating the evidence which will be introduced in this case in rendering an opinion which is objective and unbiased and based solely on the evidence in this matter?

6. Do you understand that it is your obligation to be fair and impartial and that if you cannot assure the Court of your impartiality that you will not be qualified as a juror in this proceeding?

7. Can you assure the Court that you will be fair and impartial?

8. Is there any reason which has not been covered by the Questionnaires which you filled out a while ago or by the Court or lawyers that would make it difficult for you to render a fair and impartial verdict with respect to Col. Prignano?

9. Is there any reason that would make it difficult for you to consider plaintiffs' claims against each defendant separately?

Respectfully submitted,

URBANO PRIGNANO, Jr.
By his attorneys,

/s/Stephen R. Famiglietti
Stephen R. Famiglietti, Esq.
R.I. Bar No. 1305
/s/ Susan Marcotte Carlin
Susan Marcotte Carlin, Esq.
R.I. Bar No. 2648

**Famiglietti & Carlin**
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
401 335-4550
401 335-4550
FamCarLtd@aol.com

**CERTIFICATION**

I hereby certify that on this 29th day of January, 2008, copies of the within were served electronically upon:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
401 490-3200
401 490-3207 (fax)
mark@murphyandfay.com

Carolyn Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
401 272-2002
401 274-0175 (fax)
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
401 383-6540
401 433-1605 (fax)
drobinson@drglaw.necoxmail.com

Peter J. Comeford, Esq.
George Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
401 751-5527
401(fax) 751-8383 (fax)
pcomerfor@coailepore.com

Kevin F. McHugh, Esq.
Michael A. Calise, Esq.
City of Providence Department of Law
275 Westminster Street
Providence, Rhode Island 02903
401 421-7740
401 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

/s/ Susan Marcotte Carlin, Esq.