**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, ET ALS.

VS. C.A. NO.: 04-304S

CITY OF PROVIDENCE, ET ALS.

JOHN C. CHMURA, ET ALS.

VS. C.A. NO.: 04-553S

CITY OF PROVIDENCE, ET ALS.

# PLAINTIFFS' MOTION TO CONTINUE TRIAL

Plaintiffs hereby move this Honorable Court for a one week extension from February 11, 2008 to February 19, 2008 for the beginning of trial.

As grounds therefore, Plaintiffs rely on their Memorandum of Law filed contemporaneously herewith.

Plaintiffs
By their Attorneys,

/s/ Mark A. Fay
Mark A. Fay #4208
MURPHY & FAY, LLP
127 Dorrance Street
Providence, RI 02903
401-490-3200 Tel.
401-490-3207 Fax

/s/ Carolyn A. Mannis
Carolyn A. Mannis #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002 Tel.
401-275-0175 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, ET ALS.

VS. C.A. NO.: 04-304S

CITY OF PROVIDENCE, ET ALS.

JOHN C. CHMURA, ET ALS.

VS. C.A. NO.: 04-553S

CITY OF PROVIDENCE, ET ALS.

**PLAINTIFFS' MEMORANDUM
IN SUPPORT OF THEIR MOTION
TO CONTINUE**

## I. Introduction.

Plaintiffs in the above captioned matter are before this Honorable Court seeking a one week extension to begin trial. Trial is presently scheduled to begin on February 11, 2008. The Court is closed on February 12, 2008 for the visit by Chief Supreme Court Justice Roberts. Monday February 18, 2008 is a holiday (Washington's Birthday) and the courts are closed on that day as well.

Wherefore, Plaintiffs respectfully request that this Honorable Court grant a one week (4 Trial days) extension to the beginning of trial for the reasons set forth below.

## II. Argument.

Plaintiffs have encountered a number of difficulties which have delayed their full preparation for trial. Thus, under the circumstances, the one week extension is not unreasonable

and will not prejudice the Defendants in any way. The difficulties encountered and reasons for the one week extension includes:

1. The documents produced by the State Police.
2. The production of the Fire Logs/Journals which were removed from the Fire Stations by the City's attorney.
3. The additional Motion in Limine filed by the City relative to John T. D'Amico, Jr.; and
4. The time needed for the Plaintiffs' expert to prepare the courtroom for computer generated visuals.

1. **State Police Records.**

Plaintiffs received several years ago a copy of the State Police Investigation file from the City of Providence. Prior to the inception of trial, Plaintiffs took the Keeper of Records deposition of the State Police in order to authenticate the documents previously received from the City. To the Plaintiffs' amazement, the State Police produced nearly 8,000 pages of documents, several thousand more than the City previously supplied. Plaintiffs are still in the process of reviewing these documents and preparing them for introduction in accordance with the Pre-Trial Order. The deposition went forward on January 23, 2008. Despite requesting an expedited version of the copies of the documents, the court reporting service was unable to supply copies until January 29, 2008.

Plaintiffs' counsel has been reviewing, organizing and comparing the 8,000 documents produced by the State Police with previously produced records from the City of Providence. Once the review is completed, it is the intention of Plaintiffs' counsel to mark the State Police file as an exhibit for identification to be used at the time of Trial. Once the final compilation is

completed, the entire record still needs to be copied twice, re-marked and bound in accordance with the Pre-Trial Order.

Plaintiffs' counsel has been unable to complete this task to date due to the fact that counsel has had to address Defendants' most recent filed Motion in Limine and review and compilation of the fire logs produced by the City on January 25, 2008. Further, Plaintiffs' counsel anticipates losing one if not two days this week for the jury selection process on February 5, 2008 and possible February 6, 2008. Even though, Plaintiffs' counsel is making all efforts to complete the compilation and marking of the State Police file, it is unlikely that the documents can be organized, copied, bound and marked by the Court deadline of February 8, 2008.

Thus, in combination with the reasons stated below, a one week extension to the beginning of trial is reasonable.

**2. <u>Fire Logs/Journals.</u>**

Plaintiffs also encountered difficulties relative to documenting the number of days the firefighter plaintiffs worked during the time period when their telephone calls were recorded by the Total Recall System. During the course of witness preparation, Plaintiff firefighters were asked to check fire log/journals to confirm the number of days their calls were recorded. Suddenly, the relevant journals were missing. Plaintiffs had to move this court on an emergency basis to obtain copies of the logs/journals. These were produced to Plaintiffs by the City in accordance with the Court's order on January 25, 2008, a Friday afternoon. Plaintiffs brought the only copy of these records they had to a commercial copier who provided copies of these records to Plaintiffs on the following Monday (January 28, 2008).

During the Court's final pre-trial conference, Defendants agreed to stipulate to the number of days each Plaintiff firefighter worked during the relevant time frame (August 2002 – February 2003) after verifying the number of days claimed by the Plaintiffs. Plaintiffs are now in the process of compiling this information in a manner that will allow the City to verify the number of days in question for the firefighters in question.

The documents produced totaled in excess of 3,000 documents. Each firefighter has to be checked against each document. Initially, Plaintiffs' counsel contemplated reviewing the documents against each firefighter over the course of the Trial as the Plaintiffs testified. Now, in an attempt to streamline the trial and testimony, Plaintiffs are attempting to check each firefighter against each fire log document this week in order to provide defense counsel a complete record of each firefighters number of days worked as per the fire logs. This expedited and priority review of the fire logs is consuming the majority of Plaintiffs' counsels' time in the week before Trial. However, if the number of days worked per firefighter is stipulated to by the Defendants, this will ultimately save a significant amount of Court time. If the number of days the firefighters worked is stipulated to by Defendants, the saving in Court time could be measured in weeks, much more than the one week extension ( 4 Trial days) which the Plaintiffs are seeking in this Motion.

**3. Motion in Limine re John T. D'Amico, Jr.**

Plaintiffs have also been hampered by the late filing of the Motion in Limine relative to John T. D'Amico, Jr. Plaintiffs did not receive a copy of the motion until January 29, 2008. Their objection is due on February 6, 2008. The hearing is scheduled for Friday, February 8, 2008. In order to prepare the objection and prepare for the arguments, trial preparation is further

limited. Defendants do not have the burden of going forward at the beginning of trial and are not prejudiced as the Plaintiffs are by the late occurrence of this motion.

**Computer-Generated Visuals.**

During the last pre-trial conference with the Court, Plaintiffs (and Defendants) were informed that they should coordinate computer-generated visuals with court personnel (James Webb). Plaintiffs have learned that their expert is unable to meet with Mr. Webb this week, but is available the following week. Thus, an additional week is requested to accomplish this.

## III. Conclusion.

For the foregoing reasons, Plaintiffs respectfully urge this Court to grant Plaintiffs' request for a one week extension to the beginning of trial. Thus, trial would begin on Tuesday, February 19, 2008. Again, this short continuance of one week (4 Trial days) could ultimately lessen the length of the Trial by weeks.

Plaintiffs

By their attorneys,

/s/ Mark A. Fay______
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street
Providence, RI 02903
(401) 272-2002
(401) 274-0175 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay