UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-553S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

**PLAINTIFFS' STATEMENT OF THE CASE**

The 150 Plaintiffs in this lawsuit, comprised of Firefighters, Police Officers, public employees and their family members allege the City of Providence, Ex Police Chief of the City of Providence, Urbano Prignano, Jr., Ex Communications Director for the City of Providence, Manuel Vieira, and Ex Chief of Operations of the Communications Department for the City of Providence, Mary Lennon, violated their federal and state statutory and constitutional rights by procuring, installing, operating and maintaining a telephone recording system at the Providence Public Safety Complex.

The telephone recording system, known as the Total Recall System, was installed within the Providence Public Safety Complex and became operational on May 23, 2002. The Total Recall System recorded and stored every telephone conversation running through the Providence Public Safety Complex until February 10, 2003 at which time the system was removed. During the nine month period the system was operating within the Providence Public Safety Complex more than seven hundred fifty thousand (750,000)

telephone calls were recorded and stored. The only lines not recorded were twenty (20) lines specifically removed by the Defendants. These lines included some of the Defendants own lines within the Providence Public Safety Complex. The other approximately six hundred twenty (620) lines within the Providence Public Safety Complex were recorded.

As well as recording all telephone conversations coming through the lines at the Providence Public Safety Complex, the Total Recall System also recorded the Plaintiff Firefighters and family members telephone conversations from a private line located within the fire station at Providence Public Safety Complex. The private line was put in at the request of the firefighters, paid for by the Firefighters and was for their private use. The private line installed for the benefit of the Firefighters and their families was not used for any City related activity, but solely used by the Firefighters and their families for their private telephone conversations. This private line located within the fire station at the Providence Public Safety Complex was the only line which the Firefighters had at their disposal to make outside calls to their families while working their extended shifts (3 or 4 days at a time) at the fire station.

None of the Plaintiff Firefighters or their family members were made aware by the City of Providence or the Defendants that the Total Recall System was recording and storing all of their telephone conversations on their private line or any of the other approximately 620 lines within the Providence Public Safety Complex. None of the Plaintiff Firefighters or their family members consented to the recording of their private telephone conversations on the private lines or any of the other lines within the Providence Public Safety Complex. The Plaintiff Public Employees, Police Officers and

their family members also never consented to the recording of any of their telephone calls by the Total Recall System on any of the lines which they used at the Providence Public Safety Complex.

As a result of Defendants' actions, all Plaintiffs are seeking statutory damages in the amount of One Hundred ($100.00) Dollars per day their telephone conversations were recorded by the Total Recall System. Under the law it is not necessary for the Plaintiffs to prove that any of the recorded telephone conversations were listened to by the Defendants. Rather, if you find the Defendants were involved in the recording of the telephone conversations that the act of recording the telephone conversations in of itself is a violation of the law.

Plaintiffs will also be seeking punitive damages against the individual Defendants, Urbano Prignano, Manual Vieira and Mary Lennon for their willful, malicious and criminal involvement in the recording of the Plaintiffs' telephone conversations including but not limited to the telephone conversations recorded from the Plaintiffs' private line located within the Providence Public Safety Complex.

Plaintiffs,
By their Attorneys

/s/ Mark A. Fay_____________

Mark A. Fay, Esquire #4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903
(401) 490-3200
(401) 490-3207 FAX

/s/ Carolyn Mannis__________
Carolyn Mannis, Esquire #4275
128 Dorrance Street
Providence, RI 02903
(401) 272-2002
(401) 275-0175 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay