UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| v. | : | C.A. No. 04-304A |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

**MEMORANDUM AND ORDER**

Before the Court are Defendants' Motions in Limine to Limit the Testimony of John T. D'Amico, Jr. (Document Nos. 267, 268, 270 and 274 in C.A. No. 04-304; and Document Nos. 109, 110, 112 and 116 in C.A. No. 04-553). Plaintiffs object. (Document No. 279 in C.A. No. 04-304; and Document No. 121 in C.A. No. 04-553). A hearing was held on February 8, 2008.

**Discussion**

Defendants seek to limit the testimony of former Senior Assistant City Solicitor John T. D'Amico, Jr. and to prevent the introduction into evidence of Mr. D'Amico's letter to Providence Fire Department Chief Guy Lanzi, dated January 22, 2003. Plaintiffs identified Mr. D'Amico in their pretrial memorandum as a witness regarding "his knowledge of the Total Recall System within the Public Safety Complex." (Document No. 258 at 11). Defendants contend that the letter is protected by the attorney-client privilege (Fed. R. Evid. 501) and, alternatively, that the letter is irrelevant and unduly prejudicial. (Fed. R. Evid. 401 and 403). In response, Plaintiffs contend that the attorney-client privilege has been waived as to "the document and related testimony" (Document No. 279-1 at 1), and that such evidence is relevant and not unduly prejudicial.

**A. Privilege**

Although the parties have differing opinions as to the legal consequence, there is no dispute that Plaintiffs obtained the document in question from the City of Providence in response to a subpoena duces tecum dated March 11, 2005 and issued to the Providence Police Department Keeper of Records.[1] There is also no dispute that the letter and "related testimony" from Mr. D'Amico would normally be protected by the attorney-client privilege and that such privilege would be held by the City of Providence, Mr. D'Amico's client at the time.

In Corvello v. New England Gas Co., Inc., 243 F.R.D. 28 (D.R.I. 2007), Senior Judge Torres recently analyzed the issue of the attorney-client privilege and waiver in the context of subpoena practice under Fed. R. Civ. P. 45. He held that the party claiming privilege bears the burden of establishing both that the privilege applies and that it has not been waived. Id. at 32 (citing In re Keeper of Records, 348 F.3d 16, 22 (1st Cir. 2003)). He further noted that the "universally accepted means" of claiming that requested documents are privileged is to identify them in a privilege log. Id. at 33 (quoting In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir. 2001)); see also Fed. R. Civ. P. 45(d)(2)(A). Finally, he stated that "most courts, including the First Circuit, have held that a privilege may be lost or impliedly waived by inadvertently disclosing privileged documents and/or by failing to take prompt corrective action upon learning of the error." Id. at 35 (citations omitted).

At the hearing, Defendants' counsel directed the Court's attention to the case of Amgen, Inc. v. Hoechst Marion Roussel, Inc., 190 F.R.D. 287 (D. Mass. 2000), which dealt with the inadvertent disclosure of privileged documents. However, neither in the Motion in Limine nor at the hearing

---

[1] Plaintiffs' subpoena demanded production of: the entire file including, but not limited to, any and all reports, documents, memos, computer entries, pictures, statements and objects pertaining to the investigation of possible wire tapping activities regarding the Total Recall System conducted at the Providence Public Safety Complex, One Communications Plaza, Providence, RI 02903.

did Defendants' counsel claim that the D'Amico letter was inadvertently produced. To the contrary, Defendants' counsel argued that he was precluded from withholding the D'Amico letter because it was an exhibit to the State Police report. At the hearing, Defendants' counsel stated that:

> There was no way that I know of that I could respond to a subpoena to the Police Department for records to withhold the D'Amico letter when we were responding to a subpoena sent. It actually was not being given over by us but had been given to us by the Rhode Island State Police. But, there was a third party involved.
>
> If the letter only had been in the possession of the City, then I would have filed a motion and privilege log for the letter. However, I didn't see how I could possibly do that when it was coming in to us through the State Police. And, in fact, the Plaintiffs also got it from the State Police.

Defendants' argument that it could not have asserted privilege as to the D'Amico letter when it was produced is both unsupported and unconvincing. The subpoena does not seek State Police records. It is directed to the Providence Police Keeper of Records and seeks the "entire file" regarding the investigation of the Total Recall System. The D'Amico letter was not solely in the possession of a third party at the time. It was a document authored by a lawyer for the City, and it was a document in the City's possession when produced. The fact that the document was also an exhibit to the State Police report did not preclude the City from asserting the privilege and identifying it in a privilege log.[2]

---

[2] Defendants offer no insight as to the circumstances under which the D'Amico letter was provided to the State Police – by D'Amico? by the City? compelled? voluntarily produced? The only circumstance I can surmise where Defendants' counsel would be precluded from asserting privilege is if the privilege had already been waived by disclosure to a third party and there was no good faith basis upon which to withhold the document and claim privilege. See, e.g., United States v. Textron, 507 F. Supp. 2d 138, 151 (D.R.I. 2007) (voluntary disclosure to third party waives attorney-client privilege); and United States v. Mass. Inst. of Tech., 129 F.3d 681, 684 (1st Cir. 1997) (attorney-client privilege waived by disclosure to Government auditor).

Defendants produced the D'Amico letter to Plaintiffs in response to a subpoena duces tecum nearly three years ago and did not take any timely steps to assert the attorney-client privilege. At the time it was produced, the D'Amico letter was also in the possession of the State Police, and Plaintiffs independently received another copy of the D'Amico letter from the State Police in connection with a recent Keeper of Records deposition. Under these circumstances, Defendants have not met their burden of establishing that the D'Amico letter remained privileged when produced in 2005 or, if so, that such privilege has not been waived as to the D'Amico letter and directly-related testimony. See Corvello, 243 F.R.D. at 33 ("A failure by the party claiming privilege to adequately describe the documents at issue, to sufficiently explain the basis for the privilege, or to assert the privilege in a timely manner, may be grounds for rejecting the claim.").[3]

**B. Relevance**

Defendants' second line of defense to admission of such evidence is that it is irrelevant (Fed. R. Evid. 401) and unfairly prejudicial (Fed. R. Evid. 403). While I agree with Defendants that the letter is not relevant to the ultimate issue of the legality of the recording, it is relevant to notice. Mr. D'Amico does not render a definitive opinion as to the recording and states, in part, that "[d]epending on circumstances (e.g., which telephones are being recorded), the recording may be unlawful." However, he brings the issue to the attention of a member of the Administration of the City Fire Department and references prior discussions with City Officials. This takes place before the taping system was shut down and thus it is relevant to the issue of when City Officials became aware that the scope of the recording "may be unlawful."

---

[3] Defendants also argue that the D'Amico letter is protected as attorney work product. However, they provide no basis upon which to conclude that the letter was drafted "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3); see also Maine v. United States Dep't of the Interior, 298 F.3d 60, 69 (1st Cir. 2002) (the issue is whether it can be fairly said that, under the circumstances, the document was prepared "because of" the prospect of litigation).

Finally, Defendants have not established that the probative value of this evidence is "substantially outweighed" by the danger of unfair prejudice. See Fed. R. Evid. 403. As noted above, the letter is equivocal as to the legality of the recording and is relevant only to the issue of notice. In order to reduce the danger of "unfair prejudice," Defendants may request a limiting instruction to the jury regarding the relevance of the D'Amico letter and any directly-related testimony.

**Conclusion**

For the reasons discussed above, Defendants' Motions in Limine (Document Nos. 267, 268, 270 and 274 in C.A. No. 04-304; and Document Nos. 109, 110, 112 and 116 in C.A. No. 04-553) are DENIED. However, since I have found a limited waiver of the attorney-client privilege solely as to the D'Amico letter dated January 22, 2003 and directed-related testimony, this denial is without prejudice to the City's assertion of the attorney-client privilege as to other documents or testimony.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 11, 2008