**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**
**Plaintiffs,**

**v.** **C.A. No. 04-304S**

**CITY OF PROVIDENCE, et al.**
**Defendants.**

**PLAINTIFFS' OBJECTION TO**
**MOTION TO QUASH OR IN THE ALTERNATIVE,**
**FOR A PROTECTIVE ORDER**
**RELATIVE TO DEAN ESSERMAN**

Plaintiffs hereby object to Defendants' Motion to Quash the subpoena which commands a party Defendant, namely the Chief of Police for the City of Providence, Dean Esserman to testify at trial. The motion alternatively seeks a protective order pursuant to Rules 45 and 26 or the Federal Rules of Civil Procedure to which the Plaintiffs argue should be denied.

In support of their objection and arguments, Plaintiffs rely on the accompanying memorandum of law.

Plaintiffs
By their attorneys,

/s/ Mark A. Fay______
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200

401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street
Providence, RI 02903
401-272-2002
401-275-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay

Mark A. Fay

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**THOMAS WALDEN, et al.**
**Plaintiffs,**

**v.** **C.A. No. 04-304S**

**CITY OF PROVIDENCE, et al.**
**Defendants.**

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO DEFENDANTS' MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER RELATIVE TO DEFENDANT DEAN ESSERMAN**

## I. Introduction.

Plaintiffs in the above captioned matter, object to Defendants' motion to quash or in the alternative for a protective order relative to the trial testimony of a party Defendant the Chief of Police for the City of Providence, Dean Esserman. Contrary to Defendants' argument, the subpoena at issue is not unduly burdensome and there is no basis in fact or law to quash the subpoena. Moreover Rule 26(c) has no application to this subpoena in fact or in law and thus the motion in this regard is frivolous and the court should award attorney's fees and costs in that regard.

## II. Plaintiffs' Subpoena to Dean Esserman, a Party Defendant is not Unduly Burdensome.

Under Rule 45(c)(3)(A)(iv) of the Federal Rues of Civil Procedure, a court may quash a subpoena if it "subjects a person to undue burden." Here, the subpoena is not unduly

burdensome. As indicated on the subpoena, it seeks testimony relative to this Defendant's knowledge (or lack thereof) regarding the Total Recall System. It is specific in time and date (March 5, 2008 at 9:00 a.m.). In fact, the testimony of other witnesses, including Mayor David N. Cicilline which is also the subject of a motion to quash or in the alternative for protective order is also scheduled for the same date. Clearly, Plaintiffs are not seeking to unduly burden Chief Esserman in this case. His testimony, however, is relevant, probative and admissible.

There is nothing in the Court's Order dated January 23, 2008 which precludes Chief Esserman's testimony at trial. Moreover, if the Defendants wanted to preclude Chief Esserman from testifying at trial, they could have and should have moved *in limine* to limit not only "evidence" but preclude certain witnesses. The Defendants did not move *in limine* to preclude the testimony of either Mayor Cicilline or Chief Esserman. The order only applies to "post incident evidence." See Defendants' Attachment "B" at p. 1. Chief Esserman was in office prior to his ordering the dismantling of the Total Recall system. He appears to have been the person with authority. Chief Esserman had to have had some knowledge prior to ordering the system dismantled. That knowledge is relevant, probative and admissible. Additionally, when Chief Esserman obtained his knowledge is relevant, probative and admissible. Further, this Court specifically stated "in the event any such 'post incident evidence' becomes relevant or admissible during the course of the trial or is offered for a narrower purpose than generally establishing culpable conduct, Plaintiffs may seek the admission of such evidence and it will be considered by the Court on a case-by-case basis in the context of trial." See *id*. at p. 4.

A search of relevant case law on this issue found not one case where a party defendant was entitled to quash a subpoena for that individual's testimony at trial and the defendants do not cite to any. Even the sitting President of the United States was not permitted to avoid litigation.

*Clinton v. Jones*, 520 U.S. 681 (1997). Here, the testimony sought at trial would likely take less than a day. If the President of the United States can be forced to give testimony over several days, here the trial testimony is not unduly burdensome. No one else can offer testimony with respect to the Chief's knowledge in this case.

Defendants rely on *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004). *Positive Black Talk* involves a case where a recording company that released a rap music artist's album brought action against another rap artist, defendant artist's recording company, and distributor alleging copyright infringement. Defendants counterclaimed pursuant to *inter alia* copyright laws. Following a jury verdict for the defendants, all parties appealed including the defendants who were not awarded all of their requested attorneys' fees. One of the issues on appeal was the District Court's order quashing the subpoena of John Joyce an expert who refused to be deposed. Gayle Murchinson was retained as an expert by the defendants. Joyce and Murchinson were both professors at Tulane University. Joyce was tenured, while Murchinson was not. Joyce learned that he would serve on the committee that evaluated Murchinson's tenure and decided under the circumstances to withdraw as an expert witness because he perceived a conflict of interest. Positive Black Talk (PBT) and the defendants subpoenaed Joyce for deposition but Joyce through counsel moved to quash the subpoena. The Magistrate Judge granted the motion and the District Court affirmed. The District Court subsequently granted the defendants' motion *in limine* to exclude Joyce's testimony because he had refused to be deposed. PBT appealed the district court's decision to affirm the grant of the motion to quash and the defendant's motion to exclude.

The witness at issue in *Postive Black Talk* was not a party. Moreover, the motion to quash was relative to a deposition subpoena not a trial subpoena. The testimony at trial was

refused because the witness had no personal knowledge and another person could have been retained as an expert. In fact, in *Positive Black Talk*, PBT produced another qualified expert witness whose testimony largely replicated what Joyce would have offered. *Positive Black Talk*, at 378. Here, Chief Esserman is the only person who can state his knowledge relative to the facts in this case. Moreover, because Chief Esserman is the person who ordered the system dismantled it is clear that he has personal knowledge with regard to the facts at issue in this case.

Defendants' citation to *Practice Commentaries* is equally specious.[1] The citation indicates that a party may not have to testify at trial where that party is a decedent's representative with no personal knowledge or an assignee. See Defendants' Memorandum at p. 4. This is not analogous to the fact that the Chief is only sued in his official capacity. Here, the Chief is the only one who can testify as to the Chief's role in this matter. He is the only one who can testify as to what he knew and did not know. This is particularly true here because the Defendants in their opening statements told the jury it was common public knowledge that the calls at the Providence Public Safety Complex were being recorded. Plaintiffs are mindful of the Court's order which does not preclude **any** parties or witnesses from testifying at trial. It precludes the introduction of specific evidence after February 10, 2003 offered to show culpable conduct. See Defendants' Memorandum, Attachment "B".

## III. <u>Rule 26(c) does not apply to this Subpoena.</u>

In addition to seeking to quash the subpoena as issue, Defendants also moved pursuant to Rule 26(c) for a protective order. See Defendants' Motion and Memorandum. Pursuant to Rule 26(c), a Court may issue a protective order to a "party or any person **from whom discovery** is sought…" The subpoena at issue here is for trial testimony only. The subpoena does not seek a

[1] Notably, the only reference Defendants make is to a treatise's interpretation of Committee notes. There is not one case to support the Defendants' argument.

deposition, nor does it seek production of documents. Thus, reliance by the Defendants on Rule 26(c) are out of context, inappropriate and violative of Rule 11.[2]

**IV. <u>Reasonable Attorneys' Fees and Costs.</u>**

This court may award the Plaintiffs their attorneys' fees and costs pursuant to Rule 37(a)(5).[3]

Rule 37(a)(5)(B) provides that when the court denies a motion for protective order pursuant to Rule 26(c):

> The court may issue any protective order authorized under Rule 26(c) and **must**, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Here, the motion was not substantially justified as it is clear that the subpoena is not for a deposition or discovery. Nor, is an award of expenses unjust under the circumstances. Instead, it appears that the motion was designed to subvert the Plaintiffs' attorneys from preparing their case for trial.

**IV. <u>Conclusion.</u>**

For the foregoing reasons, Plaintiffs respectfully ask this Court to deny Defendants' motion to quash and deny the motion for a protective order. Additionally, Plaintiffs seek an award of their reasonable attorneys' fees in opposing the motion for protective order.

---

[2] Rule 11(b) provides that a motion is a certification by an attorney "that to the best of the person's knowledge information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; …." While Rule 11(d) makes the Rule inapplicable to Rules 26 and 37 motions, here the argument is that the Rule 26 motion was inapplicable. Thus, it is unclear whether fees and costs are appropriate pursuant to Rule 11 or Rule 37 under the circumstances presented.

[3] See Rule 26(c)(3).

Plaintiffs
By their attorneys,

/s/ Mark A. Fay______
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street
Providence, RI 02903
(401) 272-2002

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire

Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay