UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| v. | : | C.A. No. 04-304A |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

**MEMORANDUM AND ORDER**

Pending before the Court for determination is the Municipal Defendants' Motions to Quash, or in the Alternative, for a Protective Order. (Document Nos. 285 and 286 in C.A. No. 04-304A; and Document Nos. 128 and 129 in C.A. No. 04-553). The Motions are joined by Defendant Mary Lennon. (Document Nos. 287 and 288 in C.A. No. 04-304A; and Document Nos. 130 and 131 in C.A. No. 04-553A). Plaintiffs object. (Document Nos. 289 and 290 in C.A. No. 04-304; and Document Nos. 132 and 133 in C.A. No. 04-553). The Motions were heard on March 4, 2008. For the reasons summarized below, Defendants' Motions to Quash are GRANTED.

**Discussion**

On February 26, 2008, Plaintiffs served subpoenas on Providence Mayor David Cicilline and Providence Police Chief Dean Esserman to compel their attendance as trial witnesses in this case. Plaintiffs have only sued Mayor Cicilline and Chief Esserman in their official capacities. In other words, Plaintiffs are not suing them in their individual capacities and thus are not seeking to impose personal liability upon them for actions taken by them under color of state law. Hafer v. Melo, 502 U.S. 21, 25 (1991). A suit against a municipal official in his or her official capacity is the equivalent, "in all respects other than name," of a suit against the municipality itself. Kentucky v.

Graham, 473 U.S. 159, 166 (1985).[1]  Such a claim generally requires "Monell-type" proof of an official policy or custom as the legal cause of the violation.  See Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978).

Here, Plaintiffs' claims all arise out of a telephone recording system purchased and installed in 2002 and operational through February 10, 2003.  Both Mayor Cicilline and Chief Esserman did not begin as Providence officials until January 2003.  Further, District Judge Smith previously ruled in this case that the City's liability on Plaintiffs' Section 1983 claim is premised on the actions, as a final policymaker, of former Police Chief Prignano.  Walden v. City of Providence, 495 F. Supp. 2d 245, 258 n.17 (D.R.I. 2007).  He also ruled as a matter of law that "the municipal Defendants adequately established that the current Police Chief Dean Esserman shut down the recording system as soon as he discovered it was operational, thereby absolving him from liability as a final policymaker."  Id. at 258-259.

In 2006, Judge Smith issued a Pretrial Order that directed Plaintiffs to file a pretrial memorandum which identified "each witness to testify with a brief summary of his/her testimony." (Document No. 119).  After several extensions, Plaintiffs' pretrial memorandum was filed on January 17, 2008 (Document No. 258) which identified both Mayor Cicilline and Chief Esserman as trial witnesses.  As to both of them, Plaintiffs indicated that they would be

> called to testify as to [their] investigation of the Total Recall System, [their] investigations findings and recommendations taken as a result of that investigation. [Their] testimony is relevant in that all the Defendants have denied knowledge of the system, any wrong doing

---

[1] In fact, Rule 25(d), Fed. R. Civ. P., provides that a public officer sued in an official capacity may be identified by "official title rather than by name" and that, when a public officer sued in his official capacity dies while suit is pending, "the action does not abate and the officer's successor is automatically substituted as a party." see also Kentucky v. Graham, 473 U.S. at 166 n.11.

> in regard to the installatlion or use of the system within the Public Safety Complex.

Id.

Subsequently, on January 23, 2008, I granted Defendants' Motion in Limine to exclude post-incident evidence, i.e., evidence not in existence when the recording system was shut down including the various investigations.  Walden v. City of Providence, No. 04-304A, 2008 WL 191285 (D.R.I. Jan. 23, 2008).  Thus, since Plaintiffs' pretrial memorandum indicated that Mayor Cicilline and Chief Esserman would be called solely to testify about their investigations, their proposed testimony was barred by my ruling on the Motion in Limine.  Undeterred by my ruling, Plaintiffs' final witness list submitted on the eve of trial contained a revised and expanded description of the purpose of calling Mayor Cicilline and Chief Esserman.  In particular, Plaintiffs stated as follows:

> Dean Esserman will be called to testify with respect to his knowledge of the Total Recall System – when he learned about the system – what he did about it – when he acted – who he spoke to about the system.  Additionally, if permitted he will testify as to his investigation of the Total Recall System, his investigation's findings and recommendations taken as a result of that investigation.  Dean Esserman may be questioned with respect to his knowledge of the policies and practices of the City of Providence with respect to the recording of employee telephone calls.
>
> David Cicilline will be called to testify as to his investigation of the Total Recall System, his investigation's findings and recommendations taken as a result of that investigation. Mayor Cicilline will also be called to testify with respect to his knowledge of the Total Recall System – when he learned about the system – what he did about it – when he acted – who he spoke to about the system. Mayor Cicilline may be questioned with respect to his knowledge of the policies and practices of the City of Providence with respect to the recording of employee telephone calls.

The purpose of the pretrial memoranda required by the Court's Pretrial Order is to permit the parties and the Court to make final trial preparations.  This includes the pretrial identification

and resolution of evidentiary disputes by way of motions in limine. Here, Defendants were successful in excluding certain evidence by Motion in Limine and Plaintiffs will not be permitted to end run my ruling by substantially expanding the description of proposed witness testimony in the eleventh hour.

Plaintiffs have not established the relevance of testimony from either Mayor Cicilline or Chief Esserman to the claims at issue in this trial. Even if there is any relevance, Plaintiffs' Pretrial Memorandum only proposed to present such witnesses to testify as to the post-incident investigation, and Plaintiffs are held to that proposal – a proposal which is barred by my ruling on Defendants' Motion in Limine. See Glismann v. AT&T Tech., Inc., 827 F.2d 262, 267 (8th Cir. 1987) ("Because the pretrial order measures the dimensions of a lawsuit, a party may not offer evidence or advance theories during trial which violate the terms of a pretrial order."); and Bronk v. Ineichen, 54 F.3d 425, 432 (7th Cir. 1995) (trial judge did not err by excluding testimony of witness not disclosed on pretrial witness list required by Court's pretrial order). Plaintiffs' eleventh-hour effort to shift gears is a transparent attempt to undo my prior ruling and will not be countenanced.

For the foregoing reasons, Defendants' Motions to Quash the witness subpoenas served on Mayor Cicilline and Chief Esserman are GRANTED.

SO ORDERED.

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 4, 2008