**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MOTION FOR A STAY OF ENFORCEMENT ACTION PENDING APPEAL**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby move, pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, for an order staying any enforcement action of either the judgment entered against the Municipal Defendants on March 27, 2008 or the amended judgment entered on April 3, 2008 without being required to post a supersedeas bond.

In support thereof, the Municipal Defendants rely on the accompanying memorandum of law.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 10th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A STAY OF ENFORCEMENT ACTION PENDING APPEAL**

The Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), move, pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, for an order staying any enforcement action of the judgment entered against the Municipal Defendants on March 27, 2008 and the amended judgment entered on April 3, 2008 without being required to post a supersedeas bond.

**I. Background**

This is an action filed under various federal and state statutes, as well as the United States and Rhode Island Constitutions. The case was tried for six weeks in February and March of 2008. The Jury returned a verdict for the Plaintiff. The amount of the verdict is approximately $525,000.00.

Judgment was entered against the Defendants remaining in the suit on March 27, 2008; subsequently, on April 3, 2008, for reasons unrelated to the instant motion, an amended judgment was entered against the Defendants. The Municipal Defendants will appeal the Judgments entered, as well as other matters. The Municipal Defendants now seek to have this Court stay the proceedings to enforce the judgment without being required to post a supersedeas bond.

**II. Argument**

Rule 62(d) of the Federal Rules of Civil Procedure, "Stay with Bond on Appeal," provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Rule 62(d) operates only to provide that an appellant in all cases may obtain a stay as a matter of right by filing a supersedeas bond and does not prohibit the district court from exercising a sound discretion to authorize unsecured stays in cases it considers appropriate. See Federal Presentation Service, Inc. v. American Pharmaceutical Association, 636 F.2d 755 (D.C. Circuit 1980).

> The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution. Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable. In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery.

Id. at 760-761.

The First Circuit has not directly addressed the question of when a district court may allow a stay that is unsecured by a supersedeas bond. Cipes v. Mikasa, Inc., 404 F.Supp.2d 367, 369-370 (D.Mass.2005), citing Trustmark Ins. Co. v. Gallucci, 193 F.3d 558, 559 n. 1 (1st Cir.1999). The Cipes Court, recognizing the First Circuit's lack of precedent, noted the Seventh Circuit's consideration of the issue:

> The Seventh Circuit Court of Appeals has laid out five criteria that district courts in that circuit are to consider in making waiver decisions:
> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir.1988) (citations omitted). That court has also indicated that the bond requirement is inappropriate in two sorts of case [sic]: where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and--the opposite case ...--where the requirement would put the defendant's other creditors in undue jeopardy. Olympia Equip. Leasing Co. v. W. Union Telegraph Co., 786 F.2d 794, 796 (7th Cir.1986).

Cipes v. Mikasa, Inc., 404 F.Supp.2d at 369 -370.

Here, the Municipal Defendants are a municipality duly organized under the laws of the State of Rhode Island and two City officials, David N. Cicilline and Dean Esserman, who were sued in their official capacities. As this Court has noted, "[a] suit against a municipal official in his or her official capacity is the equivalent, 'in all respects other than name,' of a suit against the municipality itself." Walden v. City of Providence, 2008 WL 625014 at 1 (D.R.I.2008), quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985). The City of Providence is solvent, with a General Fund balance of $22,164,000.00 and primary government net assets totaling $245,047,000.00 for fiscal year 2007. See pages 70 and 73 of the City of Providence, Rhode Island Comprehensive Annual Financial Report Fiscal Year Ended June 30, 2007, attached as Exhibit 1. Thus, there is no risk whatsoever to the Plaintiffs that the money will not be available if the appeal is unsuccessful. Any ultimate recovery is backed by the full faith and credit of the City of Providence. Should the City balk at paying the amount of the Judgment, the

Court can hold it in contempt. Since the Defendant is a municipality, no obstacles exist to find and serve the Defendant.

If the money is distributed now and the appeal is successful, there is no guarantee that the Appellant will be able to collect the money from all of the Plaintiffs who were awarded statutory damages. The Municipal Defendants would have no protection once the money is distributed.

Additionally, a bond would cost approximately $8,000. The Plaintiffs face no risk if a bond is not posted, and the expense would be a waste of money. As noted *supra*, the bond requirement is inappropriate here, since the Municipal Defendants' "ability to pay the judgment is so plain that the cost of the bond would be a waste of money…." Cipes v. Mikasa, Inc., 404 F.Supp.2d at 370.

**III. Conclusion**

In the interest of justice and equity, any enforcement proceeding should be stayed pending appeal without a bond being required.

WHEREFORE, the Municipal Defendants pray that this Honorable Court grant their motion.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 10th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh

# CITY OF PROVIDENCE, RHODE ISLAND
# COMPREHENSIVE ANNUAL FINANCIAL REPORT
# FISCAL YEAR ENDED JUNE 30, 2007








DEPARTMENT OF FINANCE
25 DORRANCE STREET
PROVIDENCE, RI 02903

## CITY OF PROVIDENCE, RHODE ISLAND

### Schedule 1
### Net Assets By Component
### Last Six Fiscal Years*
***(accrual basis of accounting)***
***(in thousands)***

| | Fiscal Year | | | | | |
|---|---|---|---|---|---|---|
| | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 |
| Governmental activities: | | | | | | |
| Invested in capital assets, net of related debt | $ 53,605 | $ 41,960 | $ 52,962 | $ 34,042 | $ 22,435 | $ 51,350 |
| Unrestricted | (28,531) | (43,153) | (18,473) | (4,820) | 11,285 | 765 |
| **Total governmental activities net assets** | $ 25,074 | $ (1,193) | $ 34,489 | $ 29,222 | $ 33,720 | $ 52,115 |
| Business-type activities: | | | | | | |
| Invested in capital assets, net of related debt | $ 122,073 | $ 130,055 | $ 137,962 | $ 147,543 | $ 157,507 | $ 165,284 |
| Restricted | 11,532 | 22,650 | 16,411 | 16,193 | 17,515 | 19,470 |
| Unrestricted | 6,888 | (1,004) | 3,967 | (888) | 7,431 | 8,178 |
| **Total business-type activities net assets** | $ 140,493 | $ 151,701 | $ 158,340 | $ 162,848 | $ 182,453 | $ 192,932 |
| Primary government: | | | | | | |
| Invested in capital assets, net of related debt | $ 175,678 | $ 172,015 | $ 190,924 | $ 181,585 | $ 179,942 | $ 216,634 |
| Restricted | 11,532 | 22,650 | 16,411 | 16,193 | 17,515 | 19,470 |
| Unrestricted | (21,643) | (44,157) | (14,506) | (5,708) | 18,716 | 8,943 |
| **Total primary government net assets** | $ 165,567 | $ 150,508 | $ 192,829 | $ 192,070 | $ 216,173 | $ 245,047 |

* GASB Statement No. 34 Implemented in Fiscal Year 2002

**CITY OF PROVIDENCE, RHODE ISLAND**

**Schedule 3**
**Fund Balances, Governmental Funds**
**Last Ten Fiscal Years**
***(modified accrual basis of accounting)***
***(in thousands)***

| | Fiscal Year | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 |
| General Fund: | | | | | | | | | | |
| Designated for future uses | $ 2,285 | $ 403 | $ 403 | $ - | $ 10,200 | $ 900 | $ 2,290 | $ 401 | $ 433 | $ 550 |
| Unreserved | 3,228 | 5,243 | 6,462 | 7,323 | 8,328 | 10,226 | 12,532 | 16,706 | 19,251 | 21,614 |
| **Total General Fund** | $ 5,513 | $ 5,646 | $ 6,865 | $ 7,323 | $ 18,528 | $ 11,126 | $ 14,822 | $ 17,107 | $ 19,684 | $ 22,164 |
| All Other Governmental Funds: | | | | | | | | | | |
| Reserved | $ 32,478 | $ 33,848 | $ 74,409 | $ 67,467 | $ 71,557 | $ 51,922 | $ 10,264 | $ 11,758 | $ 10,885 | $ 10,157 |
| Unreserved: | | | | | | | | | | |
| Designated for future uses | - | - | - | - | - | - | 11,035 | 11,146 | 11,146 | 16,026 |
| Undesignated: | | | | | | | | | | |
| Capital Projects | 63,876 | 24,501 | 26,367 | 21,133 | - | - | 26,942 | 24,930 | 23,541 | 14,513 |
| Special Revenue | (4,788) | (944) | 11,761 | 1,923 | 24,579 | 20,702 | 26,833 | 57,228 | 95,918 | 76,976 |
| Permanent Trust | - | - | - | - | 14,440 | 18,048 | 20,673 | - | - | 18,223 |
| **Total all other governmental funds** | $ 91,566 | $ 57,405 | $ 112,537 | $ 90,523 | $ 110,576 | $ 90,672 | $ 95,747 | $ 105,062 | $ 141,490 | $ 135,895 |