**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**DEFENDANTS', DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S, POSITION STATEMENT RELATING TO THIS COURT'S ORDER DATED MARCH 27, 2008**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby submit their position statement pursuant to this Court's Order dated March 27, 2008, attached as Exhibit 1.

## I. Background

"Immediately prior to returning their verdict, the jury delivered a final note to the Court which reads as follows: We the jury would like to see all the information contained in the Total Recall System destroyed." Exhibit 1. This Court instructed the parties to file position statements that "address what action, if any, the Court should take in response to the request made in the jury's final note." Id. The Court should take no action and disregard the inappropriate request.

## II. Argument

### A. The Jury's Request, If Granted, Would Constitute an Equitable Remedy

Plaintiffs, in their complaint, sued for money damages. The complaint contained no demand or request for any equitable relief. An equitable remedy is "[a] remedy, usu. a nonmonetary one such as an injunction or specific performance, obtained when available

legal remedies, usu. monetary damages, cannot adequately redress the injury." BLACK'S LAW DICTIONARY (8th ed. 2004), remedy. Here, Plaintiffs sued under various federal and state statutes, as well as under the United States and Rhode Island Constitutions. Therefore, the jury rightly was not charged with making determinations as to any equitable remedy. A jury is "[a] group of persons selected according to law and given the power to decide questions of fact and return a verdict in the case submitted to them." BLACK'S LAW DICTIONARY (8th ed. 2004), equitable. Since the jury's request does not pertain to a matter submitted to it, the request is not encompassed within its power to decide questions of fact and to return a verdict. See id.

The jury's main function is to return a verdict. Courts may, as this Court did, respond to questions from the jury as the Court deems appropriate. There is, however, no source of law that the Municipal Defendants can locate which stands for the proposition that a jury's request be granted or even entertained when the request is outside of the purview within which the jury was empanelled. The jury's request therefore is a nullity.

The destruction of the Total Recall System would not redress the injuries alleged in Plaintiffs' complaint; rather, the laws under which Plaintiffs sued provide specific legal remedies to accomplish that end. See e.g., R.I. Gen Laws § 12-5.1-13.

**B. The Total Recall System Is a Trial Exhibit**

The Total Recall System was marked as an exhibit in full at trial and thus became evidence. As evidence, it may bear on the appeal which will be filed in this action. In fact, as evidence, the Total Recall System will physically be sent to the First Circuit during the appeal, pursuant to Rule 10 of the Federal Rules of Appellate Procedure,

which in part provides:

> (a) Composition of the Record on Appeal. The following items constitute the record on appeal:
> (1) the original papers and exhibits filed in the district court;
> (2) the transcript of proceedings, if any; and
> (3) a certified copy of the docket entries prepared by the district clerk.

Id. To act on the jury's request would require the destruction of evidence. Furthermore, were this Court to grant the jury's request, there would be no mechanism to appeal this ruling or to undo the action taken. Finally, the Total Recall System and its contents is the property of the City of Providence. There is no authority by which this Court is empowered to destroy it, as the Total Recall System's destruction was not demanded in the suit over which this Court has jurisdiction.

## III. Conclusion

For the foregoing reasons, the position of the Municipal Defendants is that this Court should take no action in response to the jury's final note and disregard it.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

**Certificate of Service**

I hereby certify that on this 10th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

Carolyn Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

/s/ Kevin F. McHugh
Kevin F. McHugh

Case 1:04-cv-00304-LDA Document 321-2 Filed 04/10/2008 Page 1 of 1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| v. | : | C.A. No. 04-304A |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

| | | |
|---|---|---|
| JOHN CHMURA, et al. | : | |
| | : | |
| v. | : | C.A. No. 04-553A |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

**ORDER**

Immediately prior to returning their verdict, the jury delivered a final note to the Court which reads as follows:

> We the jury would like to see all the information contained in the Total Recall System destroyed.

The parties shall, on or before April 9, 2008, file position statements with the Court which address what action, if any, the Court should take in response to the request made in the jury's final note.

SO ORDERED. ENTER:

/s/ Jeannine Noel
Deputy Clerk

BY ORDER:

/s/ Lincoln D. Almond
United States Magistrate Judge
March 27, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**DEFENDANTS', DEAN ESSERMAN, DAVID CICILLINE AND THE CITY OF PROVIDENCE'S, POSITION STATEMENT RELATING TO THIS COURT'S ORDER DATED MARCH 27, 2008**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby submit their position statement pursuant to this Court's Order dated March 27, 2008, attached as Exhibit 1.

## I. Background

"Immediately prior to returning their verdict, the jury delivered a final note to the Court which reads as follows: We the jury would like to see all the information contained in the Total Recall System destroyed." Exhibit 1. This Court instructed the parties to file position statements that "address what action, if any, the Court should take in response to the request made in the jury's final note." Id. The Court should take no action and disregard the inappropriate request.

## II. Argument

### A. The Jury's Request, If Granted, Would Constitute an Equitable Remedy

Plaintiffs, in their complaint, sued for money damages. The complaint contained no demand or request for any equitable relief. An equitable remedy is "[a] remedy, usu. a nonmonetary one such as an injunction or specific performance, obtained when available

legal remedies, usu. monetary damages, cannot adequately redress the injury." BLACK'S LAW DICTIONARY (8th ed. 2004), remedy. Here, Plaintiffs sued under various federal and state statutes, as well as under the United States and Rhode Island Constitutions. Therefore, the jury rightly was not charged with making determinations as to any equitable remedy. A jury is "[a] group of persons selected according to law and given the power to decide questions of fact and return a verdict in the case submitted to them." BLACK'S LAW DICTIONARY (8th ed. 2004), equitable. Since the jury's request does not pertain to a matter submitted to it, the request is not encompassed within its power to decide questions of fact and to return a verdict. See id.

The jury's main function is to return a verdict. Courts may, as this Court did, respond to questions from the jury as the Court deems appropriate. There is, however, no source of law that the Municipal Defendants can locate which stands for the proposition that a jury's request be granted or even entertained when the request is outside of the purview within which the jury was empanelled. The jury's request therefore is a nullity.

The destruction of the Total Recall System would not redress the injuries alleged in Plaintiffs' complaint; rather, the laws under which Plaintiffs sued provide specific legal remedies to accomplish that end. See e.g., R.I. Gen Laws § 12-5.1-13.

**B. The Total Recall System Is a Trial Exhibit**

The Total Recall System was marked as an exhibit in full at trial and thus became evidence. As evidence, it may bear on the appeal which will be filed in this action. In fact, as evidence, the Total Recall System will physically be sent to the First Circuit during the appeal, pursuant to Rule 10 of the Federal Rules of Appellate Procedure,

which in part provides:

> (a) Composition of the Record on Appeal. The following items constitute the record on appeal:
> (1) the original papers and exhibits filed in the district court;
> (2) the transcript of proceedings, if any; and
> (3) a certified copy of the docket entries prepared by the district clerk.

Id. To act on the jury's request would require the destruction of evidence. Furthermore, were this Court to grant the jury's request, there would be no mechanism to appeal this ruling or to undo the action taken. Finally, the Total Recall System and its contents is the property of the City of Providence. There is no authority by which this Court is empowered to destroy it, as the Total Recall System's destruction was not demanded in the suit over which this Court has jurisdiction.

**III. Conclusion**

For the foregoing reasons, the position of the Municipal Defendants is that this Court should take no action in response to the jury's final note and disregard it.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

**Certificate of Service**

I hereby certify that on this 10th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
Famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

Carolyn Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

/s/ Kevin F. McHugh
Kevin F. McHugh