**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**

**v.** **C.A. No. 04-304**

**CITY OF PROVIDENCE, et al.**

**JOHN CHMURA, et al.**

**v.**

**C.A. No. 04-553**

**CITY OF PROVIDENCE, et al.**

**PLAINTIFFS' RULE 59(e), 60(a) and 59(a) MOTION TO ALTER OR AMEND THE JUDGMENT, CORRECT THE JUDGMENT OR ORDER A NEW TRIAL REGARDING THE AMOUNT OF DAMAGES AWARDED TO PLAINTIFF CHMURA**

Plaintiffs hereby move in accordance with Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment that was entered on March 27, 2008, as amended on April 3, 2008 or in the alternative to correct the judgment pursuant to Rule 60(a) or to order a new trial pursuant to Rule 59(a) solely on the issue of the amount of damages awarded to Plaintiff Chmura. Plaintiffs rely on the accompanying memorandum of law in support of their motion.

Plaintiffs,
By their attorneys,

/s/ Mark A. Fay______
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Peter J. Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**

**v.** **C.A. No. 04-304**

**CITY OF PROVIDENCE, et al.**

**JOHN CHMURA, et al.**

**v.** **C.A. No. 04-553**

**CITY OF PROVIDENCE, et al.**

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' RULE 59(e), 60(a) and 59(a) MOTION TO ALTER OR AMEND OR CORRECT THE JUDGMENT OR ORDER A NEW TRIAL RELATIVE TO THE AWARD TO PLAINTIFF CHMURA**

Plaintiffs hereby move in accordance with Rule 59(e) and 60(a) of the Federal Rules of Civil Procedure to alter or amend the judgment or correct the judgment based on clerical mistakes, oversights and omissions that was entered on March 27, 2008 as amended on April 3, 2008, or in the alternative to order a new trial pursuant to Rule 59(a) solely on the issue of the amount of damages awarded to Plaintiff John C. Chmura. Plaintiffs argue that the number of days contained in the jury verdict form relative to Plaintiff Chmura was inadvertently entered as "10" days when it should have read "102" days. And thus, Plaintiff Chmura should have been awarded $10,200.00 in damages pursuant to the state wiretap statutes instead of $1,000.00.

Case law has generally recognized four grounds for altering or amending a judgment: 1) to incorporate an intervening change in the law, 2) to reflect new evidence not available at the time of trial, 3) to correct a clear legal error and 4) to prevent a manifest injustice. *Id.* In particular, a Rule 59(e) motion is appropriate where the court misunderstood the facts, a party's arguments, or the controlling law, where the original judgment failed to provide the relief which the court found a party entitled to receive or where the party seeks a post-judgment award of pre-judgment interest. ***See Servants of Paraclete v. Does,*** 204 F.3d 1005, 1012 (10th Cir. 2000); ***Continental Cas. Co. v. Howard***, 775 F.2d 876 (7th Cir. 1985); ***Osterneck v. Ernst & Whinney***, 489 U.S. 169 (1989). Here, the award fails to provide the relief the party is entitled to receive and therefore should be altered or amended to correct a clear legal error and/or to prevent a manifest injustice.

With respect to Rule 60(a) of the Federal Rules of Civil Procedure changing the judgment to correct clerical error or mistakes arising from oversight or omission is appropriate. Rule 60(a) errors are minor and ministerial ones. ***See Hale Container Line, Inc. v. Houston Sea Packing Co.***, 137 F.3d 1455, 1474 (11th Cir. 1998) (correcting damages award containing erroneous mathematical computation). Here, it is clear that a scrivener's error occurred whereby the "2" on the end of the "10" was dropped inadvertently.

Finally, Rule 59(a) would permit a new trial solely on the issue of damages pursuant to the state wiretap statutes in that the amount awarded ($1,000.00 based upon 10 days) is against the weight of the evidence. ***See Rivera Castillo v. Autokirey, Inc.,*** 379 F.3d 4

(1st Cir. 2004). Additionally, a new trial would be appropriate in that the verdict as it relates to Plaintiff Chmura is inadequate. ***Id***.

A review of the Chmura verdict form, clearly demonstrates that each Plaintiff (with the exception of Chmura) was awarded the number of days listed in Exhibit 11. The only explanation for the discrepancy in the jury's calculation of Chmura's number of days awarded when compared to the amount of days as stipulated in Exhibit 11 is that the jury inadvertently wrote "10" instead of "102."

Wherefore, Plaintiff Chmura should have been awarded $10,200.00 in damages pursuant to the state wiretap statutes instead of $1,000.00 and the judgment should be altered or amended pursuant to Rule 59(e) or corrected pursuant to Rule 60(a) to reflect the proper award. Alternatively, Plaintiff Chmura should be awarded a new trial Pursuant to Rule 59(a) solely on the amount of damages to be awarded for the Defendants' violation of the state wiretap statutes.

Plaintiffs
By their attorneys,

/s/ Mark A. Fay______
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Peter J. Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay