**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**

**v.** **C.A. No. 04-304**

**CITY OF PROVIDENCE, et al.**

**JOHN CHMURA, et al.**

**v.**

**C.A. No. 04-553**

**CITY OF PROVIDENCE, et al.**

**PLAINTIFFS' RULE 59(e), 60(a) and 59(a) MOTION TO ALTER OR AMEND OR CORRECT THE JUDGMENT OR TO ORDER A NEW TRIALTO HAVE SEPARATE DAMAGES AWARDED TO PLAINTIFFS FROM BOTH LIABLE DEFENDANTS**

Plaintiffs hereby move in accordance with Rule 59(e) and 60(a) of the Federal Rules of Civil Procedure to alter or amend the judgment or correct the judgment that was entered on March 27, 2008 as amended on April 3, 2008, or in the alternative to order a new trial pursuant to Rule 59(a) on the issue of damages each Plaintiff is entitled to from each liable Defendant. Plaintiffs rely on the accompanying memorandum of law in support of their motion.

Plaintiffs,
By their attorneys,

/s/ Mark A. Fay______
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Peter J. Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**THOMAS WALDEN, et al.**

**v.** **C.A. No. 04-304**

**CITY OF PROVIDENCE, et al.**

**JOHN CHMURA, et al.**

**v.** **C.A. No. 04-553**

**CITY OF PROVIDENCE, et al.**

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' RULE 59(e), 60(a) and 59(a) MOTION TO ALTER OR AMEND OR CORRECT THE JUDGMENT OR ORDER A NEW TRIAL RELATIVE TO SEPARATE DAMAGES AWARDS TO ALL PLAINTIFFS FROM BOTH OF THE LIABLE DEFENDANTS**

Plaintiffs hereby move in accordance with Rule 59(e) and 60(a) of the Federal Rules of Civil Procedure to alter or amend or correct the judgment that was entered on March 27, 2008 as amended on April 3, 2008 or in the alternative to order a new trial on the issue of separate damages awards to all Plaintiffs from both of the liable Defendants with respect to Count VI. Plaintiffs argue that the judgment does not accurately reflect the law as applied to the jury's verdict.

Case law has generally recognized four grounds for altering or amending a judgment: 1) to incorporate an intervening change in the law, 2) to reflect new evidence not

available at the time of trial, 3) to correct a clear legal error and 4) to prevent a manifest injustice. *Id.* In particular, a Rule 59(e) motion is appropriate where the court misunderstood the facts, a party's arguments, or the controlling law, where the original judgment failed to provide the relief which the court found a party entitled to receive or where the party seeks a post-judgment award of pre-judgment interest. ***See Servants of Paraclete v. Does,*** 204 F.3d 1005, 1012 (10th Cir. 2000); ***Continental Cas. Co. v. Howard***, 775 F.2d 876 (7th Cir. 1985); ***Osterneck v. Ernst & Whinney***, 489 U.S. 169 (1989). Here, the award fails to provide the relief the plaintiffs are entitled to receive and therefore should be altered or amended to correct a clear legal error and/or to prevent a manifest injustice.

With respect to Rule 60(a) of the Federal Rules of Civil Procedure changing the judgment to correct clerical error or mistakes arising from oversight or omission is appropriate. Rule 60(a) errors are minor and ministerial ones. ***See Hale Container Line, Inc. v. Houston Sea Packing Co.***, 137 F.3d 1455, 1474 (11th Cir. 1998) (correcting damages award containing erroneous mathematical computation). Here, the damages awarded to the Plaintiff should be awarded against each of the liable Defendants separately.

Finally, Rule 59(a) would permit a new trial solely on the issue of the amount of damages awarded against each Defendant separately pursuant to the state wiretap statute in that the judgment as it exists is against the weight of the evidence. ***See Rivera Castillo v. Autokirey, Inc.,*** 379 F.3d 4 (1st Cir. 2004). Additionally, a new trial would be appropriate in that the verdict is inadequate. ***Id***.

**I. Introduction.**

A jury's charge is to determine liability and damages, and it is the Court's role to enter appropriate judgments. The issue of "joint and several" liability on a *judgment* is different from joint and several liability based upon a *joint tortfeasor* statute or the common law. In the first instance, the *Court* is tasked with crafting the correct legal result based upon the jury's findings of fact (including the amount of damages resulting from a tort or other liability-producing event). In the second instance, the issue is whether more than one party came together in the commission of the event — a determination for a jury or factfinder.

It is the Court's duty, not the jury's, to craft a judgment which permits full recovery of damages from any or all liable parties. That effort requires the Court to analyze what torts, common law or statutory infractions each party is liable for, and for each, what damages the jury found flowed from those violations. Plaintiffs argue that the judgment in this matter did not properly reflect the jury's award. ***Robinson v. Watts Detective Agency,*** 685 F.2d 729, 742 (lst Cir. 1982). Simply put, the Court erred in entering judgment divided among the liable Defendants with respect to Count VI as opposed to separately as found by the jury. Thus, this Court should alter or amend the judgment to reflect the separate liability of Defendant Vieira and the Municipal Defendants and award the Plaintiffs separate damages awards and judgments against each.[1]

[1] Indeed, if this Court sees fit to award a new trial relative Count VI against Defendant Lennon without a separate award of damages, such a new trial would be an act of futility and clearly not was intended by the R.I. Wiretap Act.

## II. The Jury's Verdict was not "Joint and Several" as to Defendant Vieira and the Municipal Defendants with respect to the Violations of the State Wiretap Statutes.

The verdict forms this Court gave to the jury, requested them to separately assess the relative liabilities of Defendant Manuel Vieira ("Vieira"), Mary Lennon ("Lennon") and the Municipal Defendants (the City of Providence, Mayor David Cicilline and Colonel Dean Esserman, in their official capacities). Specifically, the jury was *separately* asked whether Defendant Vieira, Defendant Lennon and/or the Municipal Defendants had violated the relevant wiretap statutes.[2] The jury was openly invited by virtue of the separate questions on the verdict forms to deliberate and determine whether each Defendant acted in violation of these laws:

**Counts IV and VI/Statutory Claims**

1. On the claim that Defendant Manuel Vieira intentionally intercepted, sought to intercept or procured another to intercept any of Plaintiffs' telephone calls made or received at the Providence Public Safety Complex, we the jury find:

   A. For Plaintiffs ____X____
   B. For Defendant Manuel Vieira __________

2. On the claim that Defendant Mary Lennon intentionally intercepted, sought to intercept or procured another to intercept any of Plaintiffs' telephone calls made or received at the Providence Public Safety Complex, we the jury find:

   A. For Plaintiffs __________
   B. For Defendant Mary Lennon _____X____

3. On the claim that the "Municipal Defendants" (that is, the City of Providence and Mayor David Cicilline and Colonel Dean Esserman, in their official capacities) intentionally intercepted, sought to intercept or procured another to intercept any of Plaintiffs' telephone calls made or received at the Providence Public Safety Complex, we the jury find:

---

[2] Indeed, the jury found in Lennon's favor with respect to these statutes. As Plaintiffs believe this was clear error a new trial in this regard is sought via a separate motion.

A. For Plaintiffs ____X____
B. For the Municipal Defendants _________

Defendants consented to the use of this style for the verdict forms. Defendants cannot now be heard to complain that the jury treated the parties separately – as counsel for Defendants explicitly treated them during the trial and on the verdict forms. In fact, the Defendants specifically requested a jury instruction in this regard which the Court accepted.[3] Notably, each Defendant is represented by separate counsel, and both Vieira and Lennon were sued in both their individual as well as official capacities. Clearly, the jury viewed the conduct of Defendants separate and distinct from each other as they were instructed to by the Court at the request of the Defendants. Separate damages awards for each Plaintiff for Count VI against Defendant Vieira and the Municipal Defendants is the only appropriate judgment based upon the facts presented during trial, the jury instructions and the verdict forms and thus this Court should alter and/or amend the judgments to reflect the separate damages awards to each Plaintiff from each Defendant (Vieira and the Municipal Defendants).

## III. Nothing on the Verdict Forms Indicated that an Award Against One Defendant would be divided between all Defendants.

As contained in the jury instructions, the verdict forms and as litigated at trial, the liability of each defendant was separate. Thus, with respect to each Plaintiffs' damages award in Count VI, a separate judgment should enter against each liable Defendant.

[3] The Jury was instructed, "Liability of Each Defendant to be Separately Considered. I want to emphasize here that, throughout your deliberations, you must consider Plaintiffs' claims against each Defendant separately. Plaintiffs must prove each element of their claims, by a preponderance of the evidence, against each Defendant before you can find liability as to that Defendant. Therefore, you must make a separate find with regard to each Defendant."

Rhode Island Supreme Court precedence in this regard controls as the statutes at issue are identical. In ***Cady v. IMC Mortgage Co***. an employee who was discharged after his employer's president surreptitiously listened to the employee's private telephone conversations, brought an action against the employer, president, and the employer's parent corporation for violation of federal and state wiretapping statutes, *inter alia.* 862 A.2d 202 (R.I. 2004). After the jury rendered a verdict for the plaintiff, a dispute arose as to whether the president and corporate defendants should be jointly liable for the damages awarded by the jury with respect to the wiretapping counts. The Rhode Island Supreme Court determined that the liability of each Defendant was separate and that the Plaintiff was entitled to the individual calculation of damages for each defendant. ***Cady, supra,*** 862 A.2d 202, 222.

The same should be true in the instant case based upon the facts and the law involved. Given that the damages are liquidated and based upon the separate liability of each defendant, separate judgments should flow from their separate liability. To hold otherwise would mean that if 100 people violated the act, each would only be liable for $1.00 per day. Clearly, this is not the intent of the statute.

Therefore, damages should be awarded in Count VI to each Plaintiff for Vieira's violations. Additionally, damages should be awarded in Count VI to each Plaintiff for the Municipal Defendants' violations separately. It was abundantly clear on the verdict forms that the jury was finding liability with respect to each Defendant, as it was also abundantly clear that each Defendant's actions were independent of each other. At no time did any party suggest that that the award would be the obligation of all Defendants. Indeed, it is likely that the jury absolved Defendant Lennon for this improper reason that

they believed she would have to pay the amount awarded to Plaintiffs in Count VI. Therefore, judgments for damages awarded to each Plaintiff in Count VI, the wiretap act violations must be assessed against Manuel Vieira as well as the City of Providence separately.

**IV. Conclusion.**

For the foregoing reasons, Plaintiffs urge this Court to alter or amend or correct the judgment that was entered on March 27, 2008 as amended on April 3, 2008, or in the alternative order a new trial on the issue of the amount of damages awarded to each Plaintiff separately against each liable Defendant for the wiretap statute violations. Specifically, each Plaintiff requests a separate award of damages from each liable defendant.

Plaintiffs
By their attorneys,

/s/ Mark A. Fay______
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Peter J. Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay