**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**

**v.** **C.A. No. 04-304**

**CITY OF PROVIDENCE, et al.**

**JOHN CHMURA, et al.**

**v.**

**C.A. No. 04-553**

**CITY OF PROVIDENCE, et al.**

**PLAINTIFFS' RULE 59(e) and 60(a)**
**MOTION TO ALTER OR AMEND OR CORRECT**
**THE JUDGMENT WITH RESPECT TO PREJUDGMENT INTEREST**

Plaintiffs hereby move in accordance with Rule 59(e) and 60(a) of the Federal Rules of Civil Procedure to alter or amend or correct the judgment that was entered on March 27, 2008 as amended on April 3, 2008 to include prejudgment interest on the jury's award in Count VI. Plaintiffs rely on the accompanying memorandum of law in support of their motion.

Plaintiffs,
By their attorneys,

/s/ Mark A. Fay

Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Peter J. Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**

**v.** **C.A. No. 04-304**

**CITY OF PROVIDENCE, et al.**

**JOHN CHMURA, et al.**

**v.**

**C.A. No. 04-553**

**CITY OF PROVIDENCE, et al.**

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' RULE 59(e) and 60(a) MOTION TO ALTER OR AMEND OR CORRECT THE JUDGMENT WITH RESPECT TO PREJUDGMENT INTEREST**

Plaintiffs hereby move in accordance with Rule 59(e) and 60(a) of the Federal Rules of Civil Procedure to alter or amend or correct the judgment that was entered on March 27, 2008 as amended on April 3, 2008 to include prejudgment interest on the jury's award of damages in Count VI. Pursuant to Rule 59(e) post judgment claims of prejudgment interest are appropriate in order to avoid piecemeal appellate review of a judgment. ***Crowe v. Bolduc,*** 365 F.3d 86, 92 (lst Cir. 2004). Case law has generally recognized four grounds for altering or amending a judgment: 1) to incorporate an intervening change in the law, 2) to reflect new evidence not

available at the time of trial, 3) to correct a clear legal error and 4) to prevent a manifest injustice. *Id.* In particular, a Rule 59(e) motion is appropriate where the court misunderstood the facts, a party's arguments, or the controlling law, where the original judgment failed to provide the relief which the court found a party entitled to receive or where the party seeks a post-judgment award of pre-judgment interest. ***See Servants of Paraclete v. Does,*** 204 F.3d 1005, 1012 (10th Cir. 2000); ***Continental Cas. Co. v. Howard***, 775 F.2d 876 (7th Cir. 1985); ***Osterneck v. Ernst & Whinney***, 489 U.S. 169 (1989). Here, the award fails to provide the relief the party is entitled to receive and therefore should be altered or amended to correct a clear legal error and/or to prevent a manifest injustice in that the clerk omitted prejudgment interest on the damages awarded to Plaintiffs in Count VI.

With respect to Rule 60(a) of the Federal Rules of Civil Procedure changing the judgment to correct clerical errors or mistakes arising from oversight or omission is appropriate. Rule 60(a) errors are minor and ministerial ones. ***See Pfizer Inc. v. Uprichard***, 422 F.3d 124, 129-30 (3d Cir. 2005) (correcting judgment to include prejudgment interest proper but order to sign settlement agreement was not) ***See also DiLuglio v. Providence Auto Body, Inc.,*** (holding that a mistake in awarding prejudgment interest from the wrong date could be corrected pursuant to Rule 60(a) at any time). Here, it is clear that an error occurred whereby prejudgment interest on Plaintiffs damages awarded in Count VI was not included.

## I. Introduction.

Rhode Island's statute pertaining to prejudgment interest on civil actions reads in relevant part:

> In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein.

R.I. Gen. Laws § 9-21-10

Because, the Rhode Island statute providing for prejudgment interest is procedural and remedial in nature it is applicable to actions involving both federal and state claims. ***Holmes v. Bateson,*** 434 F.Supp. 1365 (D.C.R.I. 1977) *affirmed in part* 583 F.2d 542 (lst Cir. 1978). The act of awarding prejudgment interest is a purely ministerial act to be performed by the clerk without judicial intervention. ***Barbato v. Paul Revere Life Ins. Co.***, 794 A.2d 470 (R.I. 2002). ***See also DiMeo v. Philbin,*** 502 A.2d 825 (R.I. 1986) (holding that prejudgment interest is purely statutory and is peremptorily added to jury verdict by clerk of court by ministerial act, without contemplating judicial intervention) and ***Paola v. Commercial Union Assur. Co.***, 461 A.2d 935 (R.I. 1983) (finding legislative directive of prejudgment interest contains no condition and that once claim for damages is reduced to judgment, interest is added automatically). The Clerk of the Court erred in not applying the Rhode Island statutory rate to the damages awarded to the Plaintiffs in Count VI by the jury from the date their cause of action accrued.

## II. Plaintiffs' Damages Award against Defendant Vieira should be Amended, Altered or Corrected to Include Rhode Island Statutory Prejudgment Interest on the Judgment.

The above statute is clear, prejudgment interest should be applied to each Plaintiffs' damages award in Count VI at a rate of 12% per annum from the date the cause of action accrued. ***See R.I. Gen. Laws*** § 9-21-10. ***See also Zawatsky v. Cohen,*** 463 A.2d 210 (1983) (holding that Plaintiff was entitled to 12% interest from date of accrual of cause of action). Moreover, a cause of action accrues on the first date an injured party has a right to seek judicial relief. ***Metropolitan Property and Cas. Ins. Co. V. Barry,*** 892 A.2d 915 (R.I. 2006). While case law is clear that prejudgment interest does not apply to awards for punitive damages or

nominal damages[1], there is no prohibition against the award of prejudgment interest with respect to liquidated damages. In fact, an award of prejudgment interest is consistent with the statutory intent. Prejudgment interest was added as a device to encourage settlement, not just to provide compensation for loss of use of money. ***LaPlante v. American Honda Motor Co., Inc.,*** 27 F.3d 731 (1st Cir. 1994) ***See also Barbato v. Paul Revere Life Ins. Co.***, 794 A.2d 470 (R.I. 2002) (legislature's primary intention in enacting the prejudgment interest statute was not to add interest, but to establish a device to encourage settlements of cases) and ***Blue Ribbon Beef Co., Inc. v. Napolitano***, 696 A.2d 1225 (R.I. 1997) (holding that prejudgment interest promotes early settlements).

Defendant Vieira may argue that he is immune to prejudgment interest by erroneously attempting to assert that the City's immunity extends to him as an agent and shields him both from an assessment of prejudgment interest or, in the alternative that the immunity granted to them through a City ordinance or collective bargaining agreement affords them prejudgment interest immunity. Rhode Island Supreme Court precedent rejects this argument.

. In the seminal case of ***Pridemore v. Napolitano,*** 689 A.2d 1053, 1056 (R.I.1997), the Supreme Court held that "the exemption from prejudgment interest for municipalities that we recognized in ***Andrade*** [448 A.2d 1293 (1982)]and that derived from the residual sovereign immunity that survived the limited waiver of such immunity established by the Governmental Tort Liability Act . . . does not extend to government employees who are liable in tort." In ***Pridemore***, the plaintiff suffered injuries as a result of a collision between the car in which she was a passenger and a city-owned vehicle operated by a Providence police officer on his way to

---

[1] ***See Ondine Shipping Corp. v. Cataldo***, 24 F.3d 353 (1st Cir. 1994) (holding that yacht owner was not entitled to recover prejudgment and postjudgment interest on nominal damages award where relevant statute excluded both punitive and nominal damages). ***See also Murphy v. United Steelworkers of America Local No. 5705, AFL-CIO,*** 507 A.2d 1342 (R.I. 1986) (finding that "pecuniary damages" are compensatory, rather than punitive or nominal, damages for purposes of the prejudgment interest statute).

work. The plaintiff sued both the City and the officer. A verdict was rendered in the plaintiff's favor and against both the City and the officer. The trial court excluded prejudgment interest with respect to the City, but added it to the judgment against the officer. *Id.* at 1055. In his appeal, the officer argued that because the City would not be liable for prejudgment interest, he should not be either, reasoning that under Rhode Island law, "a master and servant or principal and agent shall be considered a single tortfeasor," and that the principal's immunity extends to its agent and shields them both from an assessment of prejudgment interest. *Id.* at 1056 (*quoting* R.I. Gen. Laws § 10-6-2). The Supreme Court disagree with the defendant's interpretation of the statute, and concluded that the purpose and effect of the above-mentioned language was to "unify master and servant or principal and agent for purposes of assigning liability, so that a release of the servant or agent from liability for tortious conduct would serve to release the master or principal whose liability was only derivative, but not to extend to the tortfeasor any special immunity enjoyed by the master or principal." *Id.* at 1056.

After ***Pridemore,*** the Court addressed a factually similar situation in ***Gelsomino v. Mendonca***, 723 A.2d 300 (R.I.1999). In that case, a vehicle driven by an on-duty Central Falls police officer collided with a trailer that was serving temporarily as an elementary school classroom. The plaintiff classroom teacher was injured and sued both the officer and the city. After a jury awarded damages, the court clerk added prejudgment interest, which the trial justice later struck. *Id.* at 301. This Court found the trial justice's preclusion of prejudgment interest against the defendant police officer to be in contravention with ***Pridemore***, and reiterated that "the police officer is not entitled to the residual effect of sovereign immunity recognized by this Court in ***Andrade*** . . . ." *Id.* at 303. As in ***Pridemore,*** the Court's discussion in ***Gelsomino*** neither rested on nor referred to the capacity in which the officer was sued.

More recently in ***Andrade v. Perry*** the Supreme Court trekked through this issue once again. 863 A.2d 1272 (R.I. 2004). The defendant urged the effect of the indemnification statute is to render the holding in ***Andrade v. State*** nugatory, because municipalities commonly indemnify employees either through ordinance or collective bargaining agreements. R.I. Gen. Laws § 45-15-16 provides in pertinent part that:

> Any town or city council or any fire district *may,* by ordinance or otherwise, indemnify any and all elected or appointed fire district officials, public employees, fire district employees, officials, members of boards, agencies and commissions appointed by town councils or any fire district or by any other person exercising appointing authority delegated to them by the town council; whether or not the elected or appointed fire district officials, employees, officials, or members are paid, from all loss, cost, expense, and damage, including legal fees and court costs, if any, arising out of any claim, action, compromise, settlement, or judgment by reason of any intentional tort . . . (*Emphasis added.*)

Therefore, the defendant argued, the net result is that he was immune to prejudgment interest. However, the Court reasoned it was clear from the language of the indemnification statute that municipalities were not mandated to pay judgments rendered against their employees. "When applying the plain meaning rule, this Court has previously stated that the word 'may' connotes permission. ***In re Barnacle,*** 623 A.2d 445, 450 (R.I.1993). 'May' is not synonymous with 'must.' It is precatory, not mandatory, language. *See id.* Therefore, the statute neither provides an employee with the right to indemnification nor orders indemnification to take place."

The Court further held:

> We are not satisfied that the application of prejudgment interest to judgments against individual tortfeasors who happen to be state or municipal employees frustrates or contravenes the purpose of the Governmental Tort Liability Act. Enacted in 1970 to abolish sovereign immunity in Rhode Island, the act now limits damages against the state and its municipalities to $100,000. Sections 9-31-2, 9-31-3, as enacted by P.L. 1970, ch. 181, § 2. However, the cap

> does not apply to individual tortfeasors, nor does it apply when the state voluntarily indemnifies its employees. When an individual is found to be negligent, his own liability does not disappear simply by virtue of his status as a state or municipal employee. Therefore, the limitations of the Governmental Tort Liability Act are not implicated. In summary, there is no public policy argument that would justify our abandonment of the principles set out in ***Pridemore*** and ***Gelsomino***.

***Andrade,*** 863 A.2d 1272, 1277.

Therefore, it is well settled through the consistent holdings of the Rhode Island Court that Defendants cannot enjoy prejudgment interest immunity. Prejudgment interest calculation must be applied on all damages awarded based on the liability of the individual Defendant as well. Here, prejudgment interest should be calculated with respect to the damages awarded to the Plaintiff against Defendant Vieira in Count VI.

## III. The Rhode Island Civil Wiretap Statute provides Liquidated Damages that are Compensatory in Nature, allowing the Application of Prejudgment Interest for the Damages awarded to the Plaintiffs.

The Rhode Island Supreme Court in ***Murphy v. United Steelworkers of America Local*** noted that § 9-21-10 called for the imposition of interest on a civil action in which a verdict or a decision awards "pecuniary damages." 507 A.2d 1342 (R.I. 1986). The Court recognized three categories of damages: compensatory, punitive and nominal, further defining compensatory damages as those "awarded to a person in satisfaction of or in response to a loss or injury sustained." Further, for the sake of clarity, the Court concluded the term "pecuniary" was a synonym for "compensatory," bringing damages that allow an individual for a loss or injury within the scope of the prejudgment statute.

In interpreting the state prejudgment statute, the First Circuit has recognized that the Rhode Island Supreme Court has frequently pointed out that "the Legislature's primary intention

[in enacting the prejudgment interest statute] was not to add interest but to establish a device to encourage settlements of cases sounding in tort without undue delay." ***Laplante v. American Honda Motors, Co.,*** 27 F.3d 731 (1st Cir. 1994).

With respect to the wiretap statute at issue here, there exist practical enforcement issues peculiar to both the federal and state statutes and the kind of activity the statute seeks to prevent makes a liquidated damages clause particularly appropriate. As in this case, it is sometimes difficult, if not impossible, to determine actual damages caused by wiretapping, the valuation of damages becomes difficult. Recognizing this difficulty in assessing damages, the legislature devised liquidated statutory damages as a necessary and consistent, predictable surrogate for otherwise uncertain actual damages. Therefore, liquidated damages were intended as compensation for the plaintiff's injury — an alternative when it was difficult to determine damages in order to compensate the plaintiff.

The language of the Rhode Island wiretap statute provides recovery for actual or liquidated damages, punitive damages, reasonable attorneys' fees and the costs of litigation. R.I. Gen. Laws §12-5.1-13. This delineation succinctly sets forth that the liquidated damages awarded are compensatory in nature, or otherwise "pecuniary" in nature. Because the statute refers to punitive damages in a separate subsection distinct from the actual and liquidated damages section under the statute, there is no question that the liquidated damages are not punitive in nature, placing them within the scope of the prejudgment interest statute.

The application of prejudgment interest is the only means of complete compensation for Plaintiffs, and a deterrent for the undue delay that existed in this matter. Therefore awarding both liquidated damages and prejudgment interest under this statute is not an improper multiple recovery, but the only means of fully and justly compensating Plaintiffs:

> In our opinion the statute is neither ambiguous nor equivocal. It speaks imperatively and directly not to the court but to the clerk who is ordered to add "to the amount of damages, interest thereon...." This is a purely ministerial act; it contemplates no judicial intervention. The legislative fiat is explicit and admits of no conditions or reservations. The claim for damages having been duly reduced to judgment the addition of interest is peremptory.

***Pray v. Narragansett Imp. Co.,*** 434 A.2d 923, 931 (R.I.1981).

**IV. Prejudgment Interest Applies against the Municipal Defendants as the Maintaining and Monitoring of Telephone Communications is not a Governmental Function.**

Although R.I. Gen. Laws §§ 9-31-1 through 9-31-3, which limit the tort liability of the state and its political subdivisions, generally prohibit the award of prejudgment interest in cases against these entities, *see, e.g.*, ***L.A. Ray Realty v. Town Council of Cumberland,*** 698 A.2d 202, 209 (R.I. 1997); ***Andrade v. State,*** 448 A.2d 1293, 1295 (R.I. 1982), it is well settled that neither the state nor its political subdivisions are so shielded when the function performed that gave rise to the tort liability was proprietary rather than governmental in nature. **See, e.g.,** ***Matarese v. Dunham,*** 689 A.2d 1057, 1058 (R.I. 1997) (per curiam); ***Rucco v. Rhode Island Public Transit Authority,*** 525 A.2d 43, 45 (R.I. 1987).

The Governmental Tort Liability Act provides:

> In any tort action against any city or town or any fire district, any damages recovered therein shall not exceed the sum of one hundred thousand dollars ($100,000); provided, however, that *in all instances in which the city or town or fire district was engaged in a proprietary function in the commission of the tort, the limitation of damages set forth in this section shall not apply. (Emphasis added.)*

R.I.Gen. Laws § 9-31-3.

The public duty doctrine only shields a governmental entity from liability and prejudgment interest when that entity engages in activity that an individual ordinarily would not perform. ***Martinelli v. Hopkins,*** 787 A.2d 1158, 1167 (R.I. 2001); ***see also Andrade v. State,*** 448 A.2d 1293, 1295 (R.I. 1982). The Supreme Court has held that "a proprietary function is one which is not 'so intertwined with governing that the government is obligated to perform it only by its own agents or employees.'" ***Lepore v. Rhode Island Public Transit Authority,*** 524 A.2d 574, 575 (R.I. 1987) (*quoting* ***Xavier v. Cianci,*** 479 A.2d 1179, 1182 (R.I. 1984)). The appropriate inquiry is "whether the activity [at issue] was one that a private person or corporation would be likely to carry out." ***DeLong v. Prudential Property and Casualty Insurance Co.,*** 583 A.2d 75, 76 (R.I. 1990).

Although the underlying function of the Public Safety Complex is governmental in nature, that being to uphold the safety and welfare of the public, the function at issue here, namely, the task of maintaining telephone communication systems is proprietary in nature. The Rhode Island Supreme Court has held that a governmental entity can function in governmental and proprietary capacities simultaneously. *See, e.g.*, ***Parent v. Woonsocket Housing Authority,*** 143 A.2d 146, 148 (1958) ("Housing authorities have a dual nature which partakes of a public as well as a private character. They function in an area which is public and governmental in character as well as in an area which is proprietary or private"). The conclusion that the function at issue here, maintaining and monitoring communication systems, is proprietary in nature accords with the Supreme Court's holdings pertaining to proprietary functions, *see, e.g.*, ***DeLong,*** 583 A.2d at 76 (operation of a beach is a proprietary function); ***Lepore,*** 524 A.2d at 575 (maintaining a public transportation authority is a proprietary function); ***Xavier,*** 479 A.2d at 1182 (street sweeping is a proprietary function); ***City of Providence v. Hall,*** 49 R.I. 230, 235,

142 A. 156, 158 (1928) (furnishing water is a proprietary function). Whereas the Court has found other functions that remain purely governmental. *See, e.g.*, ***L.A. Ray Realty**,* 698 A.2d at 208 (adoption and application of a zoning ordinance); ***Chakuroff v. Boyle,*** 667 A.2d 1256, 1258 (R.I. 1995) (per curiam) (operation and maintenance of a public school); ***Saunders v. State,*** 446 A.2d 748, 751 (R.I. 1982) (maintaining correctional facilities); ***Parent,*** 143 A.2d at 148 (housing authorities' exercise of power to make investigations and power of eminent domain).

As in the ***Lepore*** case, "Section 9-31-2 does not place a limit on the amount of damages recoverable in the instant action because the government is performing a proprietary function. As a result, our holding in *Andrade* does not apply to this situation. Because it appears from §9-31-2 that the Legislature did not intend to limit recovery in cases wherein the state is performing a proprietary function, we believe that the trial justice appropriately awarded prejudgment interet in the case at bar." The same analysis applies in the instant case.

**IV. Conclusion.**

Therefore, for the foregoing arguments Plaintiffs urge this court to alter or amend or correct the Judgment entered March 27, 2008 as amended on April 3, 2008 with respect to the damages awarded in Count VI to include prejudgment interest from the date the cause of action accrued.

Plaintiffs,
By their attorneys,

/s/ Mark A. Fay______

Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Peter J. Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay