**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS WALDEN, et al.** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **C.A. No. 04-304** |
| | : | |
| **CITY OF PROVIDENCE, et al.** | : | |
| **Defendants.** | : | |
| **JOHN C. CHMURA, et al.** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **vs.** | : | **C.A. No. 04-553** |
| | : | |
| **CITY OF PROVIDENCE, et al.** | : | |
| **Defendants.** | : | |

# PLAINTIFFS' MOTION FOR NEW TRIAL

Now come the Plaintiffs in the above captioned matter seek a new trial in this case pursuant to Rule 59(a) of the Federal Rules of Civil Procedure in two respects. First, Plaintiffs seek a new trial against Defendant Mary Lennon solely on Counts IV and VI. Second, Plaintiffs seek a new trial relative to Count VI with respect to the Walden Plaintiffs who were not awarded the proper amount of days by the jury.[1]

[1] These plaintiffs are: Linda Walden, Michelle A. Barrett, Susan M. Kenyon, Paige M. Kenyon, Kory Z. Kenyon, Darlene Belhumeur-Payne, Bethany Payne, Andrea Payne, Laura Belhumeuer, Stephanie Doughty, Laura Doughty, Rebecca Doughty, Margaret Reddington, Brendan Reddington, Daniel Reddington, Teresa Mellor, Lori Leonard, Deborah Molis, Jeanne M. Petit, Kathleen A. Dubuque, Brandon Reilly, Jordan Reilly, Kerrin Swann, Kara E. Randall, Carolyn M. Kennedy, Laura Kennedy, Lori A. Rathbone, Daniel Rathbone, Colleen F. McMichael, Peter K. McMichael III, Janet D. Robinson, Abigail Robinson, Emma Robinson, Linda S. Young, Kimberly E. Picozzi, Mary Ellen Robert, Kyle Robert, Ashlee Robert and Jackie Robert, Sarah Good, Susan M. Segee, David Neri, Belkys A. Carvalho, Garrick Carvalho, Angelique Carvalho, Diane K. Bretanha, Lauren Bretanha, Leanne Bretanha, Joshetta Gabbidon, Steven Ruhle Jr., Kayla Ruhle, Amy L. Brodeur, Megan Brodeur, Michaela Brodeur, Mary M. Vingi, Joseph Vingi III, Sohpia Vingi, Kathleen Greenwell, Colleen E. O'Halloran, Carol O'Brien, Carol M. Serbst, Desiree Rinaldi, Ashley Rinaldi, Jennifer Cataldo, Anthony Cataldo, Christina Cataldo, Joseph Cataldo, and Diane G. Celani.

In support of their motion, Plaintiffs rely on their memorandum of law filed contemporaneously herewith.

Plaintiffs
By their attorneys,

/s/ Mark A. Fay
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Peter Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THOMAS WALDEN, et al.** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **C.A. No. 04-304** |
| | : | |
| **CITY OF PROVIDENCE, et al.** | : | |
| **Defendants.** | : | |
| **JOHN C. CHMURA, et al.** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **vs.** | : | **C.A. No. 04-553** |
| | : | |
| **CITY OF PROVIDENCE, et al.** | : | |
| **Defendants.** | : | |

**PLAINTIFFS' MEMORANDUM**
**IN SUPPORT OF THEIR MOTION FOR NEW TRIAL**

## I. Introduction.

Plaintiffs in the above captioned matter seek a new trial in this case pursuant to Rule 59(a) of the Federal Rules of Civil Procedure in two respects. First, Plaintiffs are seeking a re-trial against Defendant Mary Lennon solely on Counts IV and VI. Second, Plaintiffs seek a new trial relative to Count VI with respect to the Walden Plaintiffs who were not awarded the proper amount of days by the jury (hereinafter referred to as the "amount of days" issue).[1]

[1] These plaintiffs are: Linda Walden, Michelle A. Barrett, Susan M. Kenyon, Paige M. Kenyon, Kory Z. Kenyon, Darlene Belhumeur-Payne, Bethany Payne, Andrea Payne, Laura Belhumeuer, Stephanie Doughty, Laura Doughty, Rebecca Doughty, Margaret Reddington, Brendan Reddington, Daniel Reddington, Teresa Mellor, Lori Leonard, Deborah Molis, Jeanne M. Petit, Kathleen A. Dubuque, Brandon Reilly, Jordan Reilly, Kerrin Swann, Kara E. Randall, Carolyn M. Kennedy, Laura Kennedy, Lori A. Rathbone, Daniel Rathbone, Colleen F. McMichael, Peter K. McMichael III, Janet D. Robinson, Abigail Robinson, Emma Robinson, Linda S. Young, Kimberly E. Picozzi, Mary Ellen Robert, Kyle Robert, Ashlee Robert and Jackie Robert, Sarah Good, Susan M. Segee, David Neri, Belkys A. Carvalho, Garrick Carvalho, Angeliqu Carvalho, Dian K. Bretanha, Lauren Bretanha, Leanne Bretanha, Joshetta Gabbidon, Steven Ruhle Jr., Kayla Ruhle, Amy L. Brodeur, Megan Brodeur, Michaela Brodeur, Mary M. Vingi, Joseph Vingi III, Sohpia Vingi, Kathleen Greenwell, Colleen E. O'Halloran, Carol O'Brien, Carol M. Serbst,

Rule 59(a) provides the Court with sound discretion to provide a new trial on all or some of the issues to any party. Case law has generally recognized five categories for granting a new trial: 1) where the jury verdict is against the weight of the evidence,[2] 2) where the jury verdict is excessive or inadequate,[3] 3) where there is newly discovered evidence[4] 4) where there has been improper conduct by counsel or the court[5] and 5) where there has been improper conduct affecting the jury.[6]

Here the jury's finding in favor of Mary Lennon on Counts IV and VI is against the weight of the evidence, is inadequate was likely the product of improper ruling of the court and improper conduct affecting the jury. With respect to the amount of days issue, the jury's award was against the weight of the evidence and was inadequate. Additionally, Plaintiffs submit that the inadequate award was based on improper conduct by the Court in its response to Question 6 during jury deliberations and thus improper conduct affecting the jury.

## II. ARGUMENT

### A. Plaintiffs are Entitled to a New Trial on Counts IV and VI as against Defendant Mary Lennon.

With respect to all other claims against Mary Lennon, the jury spoke. It found Mary Lennon liable for violating the Plaintiffs Fourth Amendment rights. It found that punitive damages were warranted in that regard. Moreover, the jury also found that Mary Lennon violated the Plaintiffs' statutory right to privacy. And, in that regard, the jury found that punitive damages were appropriate but did not award an additional amount to Plaintiffs.

---

Desiree Rinaldi, Ashley Rinaldi, Jennifer Cataldo, Anthony Cataldo, Christina Cataldo, Joseph Cataldo, and Diane G. Celani.

[2] ***See Rivera Castillo v. Autokirey, Inc.,*** 379 F.3d 4 (1st Cir. 2004).

[3] ***See id***.

[4] ***See Colon-Millin v. Sears Roebuck De Puerto Rico, Inc.,*** 455 F.3d 30 (1st Cir. 2006).

[5] ***See Aggarwal v. Ponce Scho. Of Med.,*** 837 F.2d 17 (1st Cir. 1988).

[6] ***See Susan Wakeen Doll Co. v. Ashton Drake Galleries***, 272 F.3d 441 (7th Cir. 2001).

The, finding in favor of Lennon with respect to Count IV and VI is inconsistent with the remainder of the verdict and against the great weight of the evidence in the case. Thus, the lack of a verdict against Lennon with respect to Counts IV and VI is inadequate. Plaintiffs believe that when the Court answered the jury's question with regard to Question 6, it resulted in the jury acting based on sympathy and not on the evidence. On March 26, 2008, the jury asked the Court, "Question 6 – Why are we putting in the number of day worked?" In response, the court answered, in part, over the objection of the Plaintiffs, that the "reason for Question 6 is that the state wiretap statute (R.I. Gen. Laws § 12-5.1-13) provides that 'any person whose wire, electronic, or oral communication is intercepted, disclosed, or used in violation of the chapter…shall be entitled to recover from that person…liquidated damages, computed at the rate of $100.00 per day for each day of violation…." This information was not necessary for the jury's deliberation and apparently prejudiced the jury whereby despite the overwhelming evidence and the verdicts with respect to all other counts including claims for punitive damages, the jury incorrectly found for Lennon with respect to Counts IV and VI.

Further, the additional information provided by the Court was law, which if appropriate, should have been included in the jury instructions by the Court. By not including the additional language from the Rhode Island Wire Tap statute in the jury instructions, Plaintiffs' counsel did not and could not address the issue of liquidated damages in closing argument. As such, Plaintiffs' counsel only addressed the issue of nominal and punitive damages, not liquidated damages. Therefore, the jury could have been prejudice against Plaintiffs in the award of damages as the jury could have perceived Plaintiffs' counsel lack of addressing liquidating damages as an attempt to hide that fact from the jury members.

Thus, the Plaintiffs should be granted a new trial with respect to Counts IV and VI pursuant to Rule 59(a)

B. Plaintiffs are Entitled to a New Trial on the Amount of Days Issue.

Plaintiffs also seek a new trial relative to those Plaintiffs (as listed in footnote 1) on Count VI of the Complaint. For the same reason that Plaintiffs believe the jury voted in favor of Defendant Lennon on Counts IV and IV, Plaintiffs believe the jury did not award the proper amount of days to the family and close friends of the Walden Plaintiff firefighters. Plaintiffs believe that the jury was trying to control the amount of damages awarded to the Plaintiffs by awarding "0" days to the friends and family of the firefighters. This is true despite the overwhelming evidence to the contrary. Indeed, if the jury simply did not believe that the spouses, children and significant others spoke to their loved ones every day they worked, the jury would have awarded at least one day to these plaintiffs. Indeed, some of the plaintiff family members described in detail some of the conversations they had with their spouses during the relevant time period. Thus, the only explanation is that the jury was improperly influenced by the answer the Court gave with respect to Question 6.

Thus, the Plaintiffs enumerated in footnote 1 should be granted a new trial pursuant to Rule 59(a).

Plaintiffs
By their attorneys,

/s/ Mark A. Fay
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Peter Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay