**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MOTION FOR AN EXTENSION OF TIME**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby move for an extension of time to object to Plaintiffs' Motion for an Award of Attorney's Fees up to and including 60 days from the Municipal Defendants' receipt of Plaintiffs' responses to the Municipal Defendants' request for production of documents.

In support thereof, the Municipal Defendants rely on the accompanying memorandum of law.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 15th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR AN EXTENSION OF TIME**

The Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), move for an extension of time to object to Plaintiffs' Motion for an Award of Attorney's Fees up to and including 60 days from the Municipal Defendants' receipt of Plaintiffs' responses to the Municipal Defendants' Request for Production of Documents.

"[A] failure to document time 'might merit disallowal, or at least drastic reduction, of a fee award.' " Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir.1984), quoting Souza v. Southworth, 564 F.2d 609, 612 (1st Cir.1977). Courts "look to the documents submitted to the courts and to the hours claimed to determine whether a reasonable number of hours was spent, given the nature of the task at hand and the results achieved." Grendel's Den, Inc. v. Larkin, 749 F.2d at 952.

Here, it is wholly appropriate for the Municipal Defendants to have the benefit of all materials necessary to analyze and respond to Plaintiffs' request for attorney's fees.[1]

[1] Courts have long allowed discovery to be conducted in connection with litigation regarding requests for attorney's fees. See Hirschey v. F.E.R.C., 760 F.2d 305, 310 (D.C. Cir.1985) ("[P]etitioner must provide this court with adequate documentation to support her request for attorney's fees….The Government will have thirty days following the submission of the petitioner's documentation within which to conduct any necessary discovery….").

Plaintiffs have requested that that this Court award $658,661.11 in attorney's fees, in addition to costs. Aside from the staggering amount of these requests, the Municipal Defendants must be availed to whatever materials are necessary to determine the accuracy and reasonableness of this request. Discovery is an appropriate means to obtain this information. See Hirschey v. F.E.R.C., 760 F.2d 305, 310 (D.C. Cir.1985). The Municipal Defendants have filed a Request for Production of Documents to that end. See Request for Production of Documents, attached as Exhibit 1. Only when having the benefit of an analysis of the substantiating materials will the Municipal Defendants be properly situated to respond to Plaintiffs' request.

WHEREFORE, the Municipal Defendants pray that this Honorable Court grant their Motion for an Extension of Time.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 15th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh

On the basis of these pleadings filed by the government in the district court, we can only conclude that the government was limiting its discovery request exclusively to the amount of attorney's fees. The government did not communicate any desire to conduct discovery on matters relating to the determination of Sablan's “prevailing party” status to the district court with sufficient clarity to warrant the court's consideration.
Because the government does not challenge on appeal the reasonableness of the award of the attorney's fee, the government cannot object to the lack of discovery on that issue. On the “prevailing party” issue which the government does raise on appeal, no request for discovery was made. Thus, there can be no abuse of discretion. Sablan v. Department of Finance of Com. of Northern Mariana Islands, 856 F.2d 1317, 1322 (9th Cir. 1988).

and to respond. Following the Commission's response, the petitioner will have ten days within which to log her reply. We will then make our determination as to the amount of fees due. Hirschey v. F.E.R.C., 760 F.2d 305, 310 (D.C. Cir.1985)

In March, 1980, Toni moved in the trial court for an award of attorney's fees against the Fund pursuant to ERISA, 29 U.S.C. s 1132(g) for fees incurred in her defense against the Fund's appeal in 5 Civil No. 3575. The court concluded that the award of attorney's fees would be proper under ERISA and granted Toni leave to conduct discovery to determine the reasonableness of fees. The Fund petitioned for a peremptory writ from the California Court of Appeal to restrain Toni from any further action in seeking attorney's fees. The appellate*673 court denied the petition. Carpenters Pension Trust Fund v. Superior Court, 5 Civil No. 5725 (Cal. Ct. App. July 26, 1980). The trial court ordered the Fund to pay Toni $8,500 as an award for attorney's fees. The Fund has appealed this order and the case is currently pending before the California Court of Appeal. Carpenters Pension Trust Fund v. Reyes, 5 Civil No. 5725.

Board of Trustees of Carpenters Pension Trust Fund For Northern California v. Reyes 688 F.2d 671, 672 (C.A.Cal., 1982)

Stokes v. City of Omaha 23 F.3d 1362 C.A.8 (Neb.),1994.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby request that Plaintiffs produce and permit the Municipal Defendants to inspect and copy the following items in the Plaintiffs' possession, custody, or control, within thirty days after being served:

**Request 1:**

All contemporaneously made timekeeping, billing and/or other related records relating to legal services rendered on Plaintiffs' behalf, either directly or indirectly, in connection with this action or as referenced in Plaintiffs' Motion and Memorandum for an Award of Attorney's Fees and the accompanying affidavits, including but not limited such records relating to services rendered by Mark A. Fay, Esq. (Murphy & Fay, LLP), Carolyn A. Mannis, Esq., Steven H. Crawford, Esq., Lauren Jones, Esq. (Jones Associates), David Krech, Esq., and Maurene Souza, Esq.

**Request 2:**

All receipts, invoices, or other materials that relate to or substantiate costs incurred in connection with the litigation of this action or otherwise relating to Plaintiffs' Motion and Memorandum for an Award of Attorney's Fees, the accompanying affidavits, or Plaintiffs' request for costs.

**Request 3:**

All documents, records, or materials that relate to or substantiate the costs and attorney's fees referenced in Plaintiffs' Motion and Memorandum for an Award of Attorney's Fees, the accompanying affidavits, or Plaintiffs' request for costs., save for those protected by privilege.

**Request 4:**

All documents, records, or materials that relate to or substantiate the costs and/or attorney's fees associated with the litigation of this action against of Vincent A. Cianci, Jr.

**Request 5:**

All documents, records, or materials that relate to or substantiate the costs and/or attorney's fees associated with the litigation of this action against of Joseph Richardson.

**Request 6:**

All documents, records, or materials that relate to or substantiate the costs and/or attorney's fees associated with the litigation of this action against of Urbano Prignano, Jr.

**Request 7:**

All documents, records, or materials that relate to or substantiate the costs and attorney's fees associated with Plaintiffs' appeal to the First Circuit Court of Appeals.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

I hereby certify that on the 15th day of April 2008 I mailed a copy of the within document to the above-listed attorneys.

_______________________________