**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THOMAS WALDEN, et al | : | |
| | : | |
| v. | : | C.A. No: 04-304S |
| | : | |
| CITY OF PROVIDENCE, et al | : | |

| | | |
|---|---|---|
| JOHN C. CHMURA, et al | : | |
| | : | |
| v. | : | C.A. No: 04-553S |
| | : | |
| CITY OF PROVIDENCE, et al | : | |

**DEFENDANT, MANUEL VIEIRA'S MOTION FOR A STAY OF ENFORCEMENT ACTION PENDING APPEAL**

Now comes the Defendant in the above-entitled matter, Manuel Vieira, and hereby moves, pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, for an order staying any enforcement action of either the judgment entered against the Defendant on March 27, 2008 or the amended judgment entered on April 3, 2008 without being required to post a supersedeas bond.

In support thereof, the Defendant relies on the accompanying memorandum of law.

Manuel Vieira,
By His Attorneys,

/s/Peter J. Comerford, #3588
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
(401)751-5522
(401)751-8383 fax
E-mail pcomerfo@coialepore.com

Certificate of Service

I hereby certify that on this 18th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic means upon counsel of record.

/s/ Peter J. Comerford

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THOMAS WALDEN, et al | : | |
| | : | |
| v. | : | C.A. No: 04-304S |
| | : | |
| CITY OF PROVIDENCE, et al | : | |

| | | |
|---|---|---|
| JOHN C. CHMURA, et al | : | |
| | : | |
| v. | : | C.A. No: 04-553S |
| | : | |
| CITY OF PROVIDENCE, et al | : | |

**DEFENDANT, MANUEL VIEIRA MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A STAY OF ENFORCEMENT ACTION PENDING APPEAL**

The Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), have moved, pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, for an order staying any enforcement action of the judgment entered against the Municipal Defendants on March 27, 2008 and the amended judgment entered on April 3, 2008 without being required to post a supersedeas bond. Defendant, Manuel Vieira ("Vieira") joins in the said Motion, since he is jointly liable with them in the judgment, and will be indemnified by them.

## I. Background

This is an action filed under various federal and state statutes, as well as the United States and Rhode Island Constitutions. The case was tried for six weeks in February and March of 2008. The Jury returned a verdict for the Plaintiff. The amount of the verdict is approximately $525,000.00.

Judgment was entered against the Defendants remaining in the suit on March 27, 2008; subsequently, on April 3, 2008, for reasons unrelated to the instant motion, an amended judgment was entered against the Defendants. The Defendant, Manuel Vieira will appeal the Judgments entered, as well as other matters. The Defendant, Manuel Vieira now joints in seeking to have this Court stay the proceedings to enforce the judgment without being required to post a supersedeas bond.

## II. Argument

Rule 62(d) of the Federal Rules of Civil Procedure, "Stay with Bond on Appeal," provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Rule 62(d) operates only to provide that an appellant in all cases may obtain a stay as a matter of right by filing a supersedeas bond and does not prohibit the district court from exercising a sound discretion to authorize

unsecured stays in cases it considers appropriate. *See Federal Presentation Service, Inc. v. American Pharmaceutical Association*, 636 F.2d 755 (D.C. Circuit 1980).

> The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution. Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable. In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery.

Id. at 760-761.

The First Circuit has not directly addressed the question of when a district court may allow a stay that is unsecured by a supersedeas bond. *Cipes v. Mikasa, Inc.*, 404 F.Supp.2d 367, 369-370 (D.Mass.2005), citing *Trustmark Ins. Co. v. Gallucci,* 193 F.3d 558, 559 n. 1 (1st Cir.1999). The *Cipes* Court, recognizing the First Circuit's lack of precedent, noted the Seventh Circuit's consideration of the issue:

> The Seventh Circuit Court of Appeals has laid out five criteria that district courts in that circuit are to consider in making waiver decisions: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Dillon v. City of Chicago,* 866 F.2d 902, 904-05 (7th Cir.1988) (citations omitted). That court has also indicated that the bond requirement is inappropriate in two sorts of case [sic]: where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and--the opposite case ...-- where the requirement would put the defendant's other creditors in undue jeopardy. *Olympia Equip. Leasing Co. v. W. Union Telegraph Co.,* 786 F.2d 794, 796 (7th Cir.1986).

*Cipes v. Mikasa, Inc.*, 404 F.Supp.2d at 369 -370.

Here, the Municipal Defendants are a municipality duly organized under the laws of the State of Rhode Island and two City officials, David N. Cicilline and Dean Esserman, who were sued in their official capacities. As this Court has noted, "[a] suit against a municipal official in his or her official capacity is the equivalent, 'in all respects other than name,' of a suit against the municipality itself." *Walden v. City of Providence*, 2008 WL 625014 at 1 (D.R.I.2008), quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The City of Providence is solvent, with a General Fund balance of $22,164,000.00 and primary government net assets totaling $245,047,000.00 for fiscal year 2007. See pages 70 and 73 of the City of Providence, Rhode Island Comprehensive Annual Financial Report Fiscal Year Ended June 30, 2007, attached as Exhibit

1 to the Memorandum filed by the Municipal Defendants. Thus, there is no risk whatsoever to the Plaintiffs that the money will not be available if the appeal is unsuccessful. Any ultimate recovery is backed by the full faith and credit of the City of Providence. Should the City balk at paying the amount of the Judgment, the Court can hold it in contempt. Since the Defendant city is a municipality, no obstacles exist to find and serve the Defendant.

The Defendant, Manuel Vieira was sued in both his individual and official capacities. The judgment does not specify the capacity in which Vieira was found liable. The Municipal Defendants are liable in the same amount and in the same court as Vieira regarding the vast bulk of the judgment. Moreover, the city has expressly agreed to indemnify Vieira regarding this objection as a result, Vieira's obligation is in effect guaranteed by the city. Therefore, to the extent that the city's fiscal viability seems to excuse it from posting a bond, so too should it excuse Vieira.

If the money is distributed now and the appeal is successful, there is no guarantee that the Appellants will be able to collect the money from all of the Plaintiffs who were awarded statutory damages. The Defendants would have no protection once the money is distributed.

Additionally, a bond would cost approximately $8,000. The Plaintiffs face no risk if a bond is not posted, and the expense would be a waste of money. As noted *supra*, the bond requirement is inappropriate here, since the

Defendants' "ability to pay the judgment is so plain that the cost of the bond would be a waste of money…." *Cipes v. Mikasa, Inc.*, 404 F.Supp.2d at 370.

## III. Conclusion

In the interest of justice and equity, any enforcement proceeding should be stayed pending appeal without a bond being required.

WHEREFORE, the Defendant, Vieira prays that this Honorable Court grant his motion.

Manuel Vieira,
By His Attorneys,

/s/Peter J. Comerford, #3588
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
(401)751-5522
(401)751-8383 fax
E-mail pcomerfo@coialepore.com

Certificate of Service

I hereby certify that on this 18th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic means upon counsel of record.

/s/ Peter J. Comerford