UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. NO. 04-304-A |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et al. | : | |
| | : | |
| vs. | : | C.A. NO. 04-553-A |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

**PLAINTIFFS' OBJECTION**
**TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME**

Plaintiffs hereby object to the motion filed by the Defendants seeking an extension of time to object to Plaintiffs' Motion for an Award of Attorneys' Fees. Plaintiffs respectfully request that this Court deny Defendants' motion as it is improper under the circumstances.

In support of their objection, Plaintiffs rely on the accompanying memorandum of law.

Plaintiffs,
By their attorneys,

/s/ Mark A. Fay______
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21ST day of April, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Peter J. Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. NO. 04-304-A |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et al. | : | |
| | : | |
| vs. | : | C.A. NO. 04-553-A |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR OBJECTION**
**TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME**

## I. Introduction

This matter is before the court on Plaintiffs' objection to the motion filed by the Defendants seeking an extension of time to object to Plaintiffs' Motion for an Award of Attorneys' fees. Plaintiffs respectfully request that this Court deny Defendants' motion, as it is improper under the circumstances.

## II. Background

In accordance with the rules, Plaintiffs as prevailing parties timely submitted their motion seeking an award of attorneys' fees and costs. Included with the Motion was a detailed description of the work performed on this case since its inception. This description includes the date the work was performed, who the work was performed by and the length of time it took to complete the work performed. Additionally, the Plaintiffs submitted affidavits of the Attorneys

responsible for the work performed. An additional affidavit was submitted by an independent attorney (V. Edward Formisano) attesting to the reasonableness of the hourly fee rate sought as required by the rule. The backup also includes an accounting of costs expended in this litigation. This information was also included in the materials Plaintiffs submitted with their Motion regarding taxing costs to the Defendants.

In response to the Plaintiffs' Motion and Memorandum for an Award of Attorneys' Fees and Costs, the Defendants filed the instant motion for an extension of time seeking an extension until 60 days from the receipt of Plaintiffs' responses to the Defendants request for production of documents within which to file their objection to Plaintiffs' request for an award of attorneys' fees. The sole basis for the extension of time sought is contingent upon Plaintiffs' response to the purported Rule 34 Request for Production of Documents. Because Plaintiffs are under no legal obligation to respond to the Rule 34 Request for Production of Documents, this Court should deny the Defendants' request.

## III. Argument

On or about April 15, 2008 Defendants sent to Plaintiffs a "Request for Production of Documents." In it, it states that Defendants are making the request "pursuant to Rule 34 of the Federal Rules of Civil Procedure." This Rule is a pre-trial discovery Rule and does not apply to post-trial motions. Additionally, as this Court is aware, discovery in this case has been closed for a long time (June 1, 2006). In support of their purported Rule 34 request, Defendants cite ***Hirschey v. FERC***, 760 F.2d 305, 310 (D.C. Cir. 1985) for the proposition that discovery is an appropriate means to obtain information relative to a motion for an award of attorneys' fees. The ***Hirschey*** case, however, is not on point.

In ***Hirschey***, Plaintiff sought an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA). There was a significant dispute in that case whether fees would be awarded at all. ***Id.*** at 309. Having found that an award of fees was appropriate pursuant to the EAJA in ***Hirschey***, the court stated:

> FERC, however, has requested a period of discovery in the event we determine – as we do here – that Hirschey is entitled to an award of attorney's fees. The petitioner has assented to the Government's request for discovery, and we approve.

***Id.*** at 310.

Here, in stark contrast, there was no request to the Court to conduct discovery. Nor, did the Plaintiffs assent to discovery. Moreover, given the length of the case and the detail provided in support of their request for attorneys' fees and costs, absent some specific need for narrow discovery, this Court should not condone the "fishing expedition" the purported Rule 34 Request seeks to endeavor. In ***Herschey***, the Plaintiff only provided "certain documentation." Here, Plaintiffs have provided extensive and detailed documentation.

Thus, because the Request for Production served on Plaintiffs is improper, Plaintiffs have no obligation to provide any documents so requested. Thus, an extension until 60 days from the date of Plaintiffs response would unduly delay the awarding of attorneys' fees. Accordingly, this Court should deny Defendants' request, as it will not aid in a resolution of the pending motion relative to attorneys' fees and costs.

## IV. Conclusion

For the reasons stated herein, this Court should deny Defendants' Motion for an Extension of Time within which to Object to Plaintiffs' Motion for an Award of Attorneys' Fees.

Plaintiffs,
By their attorneys,

/s/ Mark A. Fay______
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21ST day of April, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Peter J. Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay