**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al,
Plaintiffs

v. CASE NUMBER: 04-304S

CITY OF PROVIDENCE, et al,
Defendants

JOHN C. CHMURA, et al
Plaintiffs
v. CASE NUMBER: 04-553S

CITY OF PROVIDENCE, et al,
Defendants

**DEFENDANT MARY LENNON'S OBJECTION TO PLAINTIFFS' MOTION FOR NEW TRIAL**

Defendant Mary Lennon ("Lennon") hereby objects to the Plaintiffs' Motion for New Trial. In support thereof, Lennon relies on the accompanying memorandum of law.

Mary Lennon
By her attorney,

/s/ Dean G. Robinson
Dean G. Robinson, Esq. (#3852)
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540
FAX: (401) 433-1605
drobinson@dgrlaw.necoxmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al,
Plaintiffs

v. CASE NUMBER: 04-304S

CITY OF PROVIDENCE, et al,
Defendants

JOHN C. CHMURA, et al
Plaintiffs
v. CASE NUMBER: 04-553S

CITY OF PROVIDENCE, et al,
Defendants

**MEMORANDUM OF LAW IN SUPPORT**
**OF OBJECTION TO MOTION FOR NEW TRIAL**

Defendant Mary Lennon ("Lennon") submits the within Memorandum of Law in support of her Objection to Plaintiffs' Motion for New Trial. Said motion was brought pursuant to Rule 59(a) of the Rules of Civil Procedure by Plaintiffs seeking (i) a re-trial against Lennon solely on Counts IV and VI, and (ii) a new trial with respect to certain plaintiffs who allegedly were not awarded the correct amount of damages under Count VI.

## ARGUMENT

### I. Time for Filing Motion

Rule 59(b) of the Rules of Civil Procedure, which sets down the time within which a motion for new trial may be filed, states as follows:

(b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 10 days after the entry of judgment.

In the instant case, judgment was entered by the Court on March 27, 2008. This judgment was amended on April 3, 2008 solely to include entry of judgment in favor of defendant Urbano Prignano, Jr. which had been omitted from the original judgment. The motion for new trial was filed by Plaintiffs on April 10, 2008, but did not state whether it was related to the judgment or the amended judgment. It would appear, therefore, that Plaintiffs were operating under the assumption that the ten day period required by Rule 59(b) commenced on April 3, 2008, the date of filing of the amended judgment, but offered no case law to support such a conclusion. At least one Court has held that an amended judgment triggers a new ten day period only where the amended judgment altered the legal rights and obligations of the parties. Walker v. Bain, 257 F.3d 660, 670 (6th Cir. 2001). The amended judgment in this case was identical to the original judgment except for the entry of judgment in favor of Urbano Prignano, Jr. This amendment did not alter the legal rights and obligations of the remaining parties to this action. The Rule 59(b) deadline, therefore, should have commenced on March 27, 2008, and since Plaintiffs' motion for new trial was not filed within ten days of that date it should be disregarded by the Court.

**II. Standard Under Rule 59(a)**

In the event that Plaintiffs' motion for new trial is accepted as a valid filing, it is Lennon's contention that said motion should not be granted. Rule 59(a) of the Rules of Civil Procedure provides as follows:

> (a) In General.
>
> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:
>
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.

Courts have recognized different grounds to justify granting a motion for a new trial, including that the jury verdict is against the weight of the evidence, and where improper conduct by counsel or the Court occurred. The First Circuit articulated the standard to be utilized in reviewing a motion for a new trial when it held that "District Courts may set aside a jury's verdict and order a new trial only if the verdict is so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice." Federico v. Order of Saint Benedict in Rhode Island, 64 F.3d 1 (1st Cir. 1995). The motion for new trial in this case concerns two separate issues, each of which will be examined in turn.

**A. New Trial Against Lennon**

Following the trial of the within matter, the jury found that Lennon was not liable under Counts IV and VI of the complaint, the so-called state wiretap statutes. Plaintiffs

argue that they are entitled to a new trial against Lennon on these Counts, alleging that this finding in favor of Lennon was "against the great weight of evidence in the case." In support of this allegation Plaintiffs point to the fact that the jury found Lennon liable under the remaining three counts. This argument is specious, however, as it could just as easily be asserted under the circumstances that the finding of liability against Lennon on Counts I, II and V was against the weight of the evidence. The split verdict here indicates that the jury struggled with the issue of liability, and concluded simply that the evidence did not support a finding against Lennon under the state wiretap statutes. This verdict clearly does not constitute a "manifest miscarriage of justice."

Plaintiffs also argue that the manner in which the Court answered the jury's question (Number 6) concerning number of days worked "apparently prejudiced the jury", leading to a verdict in Lennon's favor on these counts. The response to this question provided by the Court, which was basically a recitation of the language of R.I.G.L. §12-5.1-13, could hardly be deemed prejudicial despite Plaintiffs' claim to the contrary. Plaintiffs argue, however, that the Court committed error by providing this response. In a civil case, the party asserting error bears the burden of demonstrating that the error was harmful, i.e., that it affected that party's substantial rights. Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 102 (1st Cir. 1997). Plaintiffs have clearly failed to meet that burden. In addition, this entire argument is rendered meaningless by virtue of the fact that under the same circumstances (and after the same response to Question 6) the jury found defendant Manuel Vieira liable under both Counts IV and VI.

**B. Number of Days – Count VI**

A new trial is also being sought by Plaintiffs regarding the jury's verdict under Count VI as it related to those plaintiffs specifically identified in the motion for new trial. This group of plaintiffs, consisting of family and friends of the firefighter plaintiffs, were, in the opinion of Plaintiffs' counsel, "not awarded the proper number of days" by the jury. According to Plaintiffs, this was due to the fact that "the jury was improperly influenced by the answer the Court gave with respect to Question 6". As noted above, the Court's response to this question did not prejudice Plaintiffs and at worst represented "harmless error" which should be ignored pursuant to Rule 61. Plaintiffs' request should also be denied on the ground that the action they seek constitutes an invasion of the province of the jury.

Plaintiff's assertion that the jury was "improperly influenced" is completely without merit as it is not possible to ascertain the jury's reasoning that led to the verdict on Count VI. In all likelihood, failure by the jury to award damages to any of the firefighters' family members and friends under this Count was due to the jury's conclusion that (i) the firefighters' "private line" had not been recorded, and (ii) this group of plaintiffs did not possess an expectation of privacy. No evidence has been provided by Plaintiffs' proving that the jury's verdict in Count VI was against the weight of the evidence, thus a new trial is not justified.

**CONCLUSION**

Plaintiffs did not file their motion for new trial within the ten day period mandated by Rule 59(b), and did not provide evidence in their memorandum indicating that the jury's verdict in the areas in question constituted a manifest miscarriage of justice. Accordingly, Defendant Mary Lennon respectfully requests that this Honorable Court deny Plaintiffs' motion for new trial.

Mary Lennon
By her attorney,

/s/ Dean G. Robinson

Dean G. Robinson, Esq. (#3852)
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540
FAX: (401) 433-1605
drobinson@dgrlaw.necoxmail.com

**CERTIFICATION**

I certify that on April 24, 2008, I filed the within objection to motion for new trial and supporting memorandum therein by electronic means to all counsel of record.

/s/ Dean G. Robinson