UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al | : | |
| | : | |
| v. | : | C.A. No: 04-304S |
| | : | |
| CITY OF PROVIDENCE, et al | : | |

| | | |
|---|---|---|
| JOHN C. CHMURA, et al | : | |
| | : | |
| v. | : | C.A. No: 04-553S |
| | : | |
| CITY OF PROVIDENCE, et al | : | |

**DEFENDANT, MANUEL VIEIRA'S,**
**MEMORANDUM OF LAW**
**IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO CORRECT OR AMEND**
**THE JUDGMENT TO ADD INTEREST**

The plaintiffs have moved this court for an order pursuant to Rule 59(e) and Rule 60(a) to add interest to the jury award pursuant to Count VI of the Complaint (Document 328). This would be an appropriate vehicle for relief if plaintiffs were entitled to interest but as set forth at length below, they are not so entitled.

The plaintiffs have asked the court to add prejudgment interest pursuant to R.I.G.L. §9-21-10, to the statutory damage award against the defendant, Manuel Vieira, ("Vieira"); as well as against the Municipal Defendants, awarded after the plaintiffs stipulated that they had no actual, provable claim for compensatory damages. This request must be denied.

Vieira was sued in both his individual and official capacities, though the verdict form does not distinguish between the two as regards the claim at issue under Rhode Island's wiretap statute. Notably, the Court has ruled that as a matter of law, Vieira is a final policy maker with final authority to establish municipal policy with respect to the policies and protocols concerning recording of telephone conversations at the Providence Public Safety Complex[1].

There is no evidence that Vieira personally did any of the acts complained of; indeed, it is undisputed that he had no password and did not know how to access the system. His actions were undertaken following a series of meetings and a bidding process open to the public. As noted in the Court's instruction to the jury finding Vieira to be a final policy maker, his decision to acquire this system for the police and fire departments was a decision of the municipality itself. An action against a municipal actor in his official capacity is no different from an action against the municipality itself. *Hafer v. Melo*, 502 U.S. 25, 31 (1991). It is clear under Rhode Island law that prejudgment interest is not available against municipal officials sued in their official capacity. *Andrade v. Perry,* 863 A.2d 1272 (R.I. 2004), citing *Feeney v. Napolitano,* 825 A.2d 1 (2003).

---

[1] Indeed, plaintiffs needed and relied upon this finding when it became clear there was no evidence to support their theory against their *quondam* policy maker, Colonel Prignano.

Secondly, the plaintiffs' argument on this issue is predicated entirely on case law arising from the imposition of liability based on tort law principles. Such an analysis is entirely inapposite to the instant case. To the extent that this would be viewed as a tort case, Vieira would be immune from liability, since he was undertaking a governmental function and acting in a discretionary manner. *Gray v. Derderian*, slip op. at 20 (D.R.I. November 18, 2005) (Lagueux, J.).

What is at issue in this case is the policy decision of the final policy maker (as found by the Court) to install as part of the public safety division of the city, a telephone system capable of recording certain lines. The city as an entity was found by the jury to have undertaken this course of conduct.[2] It was undertaken under color of law, a notion agreed upon by stipulation. Little could be more fundamental to even the most pared-down idea of governance than the provision of police and fire protection. *Cf., Webster v. Perrotta,* 774 A.2d 68 (R.I. 2001), *Barratt v. Burlingham,* 492 A. 2d 1219 (R.I. 1985). Moreover, the imposition of interest against the government is strictly construed. *In re Sherman,* 565 A.2d 870 (R.I. 1989). For these same reasons, prejudgment

[2] Thus the jury rejected the notion that this was an action of "rogue" officials, despite unfounded and defamatory assertions in the press to the contrary.

interest is unavailable against the Municipal Defendants as well as against Vieira, as they were both carrying out a governmental function.[3]

Even if statutory pre-judgment interest *were* available against Vieira as a general proposition, R.I.G.L. §9-21-10 does not provide for interest on statutory damages of the type awarded in this case. The interest statute provides:

> **§ 9-21-10 Interest in civil actions. –** (a) In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein. Post-judgment interest shall be calculated at the rate of twelve percent (12%) per annum and accrue on both the principal amount of the judgment and the prejudgment interest entered therein. This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided.

In *Murphy v. United Steelworkers of America,* 507 A.2d 1342 (R.I. 1986) the Rhode Island Supreme Court addressed the meaning of this statute, and its limitation to awards of pecuniary damages. The court examined the purpose and context of this statute at some length:

> We are reminded that § 9-21-10 calls for the imposition of interest in any "civil action" in which a verdict or a decision awards "pecuniary damages." There are three recognized categories of damages; they are compensatory, punitive, or nominal damages. Compensatory damages

[3] The adoption of these arguments is in no way meant to accept or affirm either the validity or the veracity of the jury's verdict, but simply to point out that even if it *were* the policy of the city to record all calls in and out of the Public Safety Complex, such a policy would be an exercise of discretion in the course of governance and not just a business decision.

> are awarded to a person in satisfaction of or in response to a loss or injury sustained. *Proffitt v. Ricci*, 463 A.2d 514, 517 (R.I. 1983). Recently, in *Greater Providence Deposit Corp. v. Jenison*, 485 A.2d 1242, 1245 (R.I.1984), we emphasized that punitive damages are awarded to punish the defendant and to deter any future misconduct rather than to compensate the plaintiff. **Nominal damages are awarded where it is clear that the plaintiff has sustained a loss but has failed to present evidence upon which a factfinder could ascertain the damages sustained by the plaintiff.** *Zuccaro v. Frenze*, 76 R.I. 391, 394, 71 A.2d 277, 278 (1950). We have no doubt that the Legislature, in employing the term "pecuniary," was using it as a synonym for "compensatory. Again, in *Rhode Island Turnpike & Bridge Authority v. Bethlehem Steel Corp.*, 446 A.2d 752, 757 (R.I.1982), in upholding the constitutionality of our prejudgment-interest statute, we noted that the statute serves two purposes: it promotes early settlements, and more importantly, it compensates persons for the loss of use of money that was rightfully theirs. Consequently, it is our belief that § 9-21-10 was never intended to encompass an award of either punitive or nominal damages.
>
> [Emphasis added]
>
> *Id.* at 1346.

The First Circuit has noted this holding with approval and adopted it in *Ondine Shipping Corp. v. Cataldo,* 24 F. 3d 353 (CA 1st, 1994).

As noted above, the plaintiffs have stipulated that they are not entitled to and cannot prove compensatory damages, and each plaintiff has so stated in his or her answers to interrogatories. It is because of their inability to show that

they were actually harmed that they have availed themselves of the statutory damage provisions of R.I.G.L. § 12-5.1-13. [4]

In *Joe Hand Productions, Inc. v. Marius,* 2007 WL 2351065 (S.D.N.Y.), Magistrate Judge Katz issued a report and recommendation in which he opined that to add prejudgment interest to statutory damages would result in a windfall to the plaintiff, which was not deprived of the use of funds equivalent to the statutory damages being awarded. This is consistent with the holding in *Murphy, supra, (and the cases cited therein)* that nominal damages are those that are awarded when actual damages cannot be proven.

These statutory damages are really a special type of nominal damages and, as such, are not subject to the imposition of prejudgment interest.

Similarly, the Court of Appeals of Utah held, in *Winters v. Schulman,* 2001 WL 357124 (Utah App.), 2001 UT App 105 (2001), that statutory damages are not subject to the imposition of interest under that state's statute, since the purpose of interest is to restore the plaintiff to the *status quo,* including losses

---

[4] Nominal damages are damages awarded for the infraction of a legal right, where the extent of the loss is not shown, or where the right is one not dependent upon loss or damage, as in the case of rights of bodily immunity or rights to have one's material property undisturbed by direct invasion. The award of nominal damages is made as a judicial declaration that the plaintiff's right has been violated.

BLACK'S LAW DICTIONARY (8th ed. 2004) damages; quoting Charles T. McCormick, *Handbook on the Law of Damages* § 20, at 85 (1935).

arising from a delay in compensation, and statutory damages are given in cases where there is no such provable loss. The First Circuit reached a similar result in *John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.,* 322 F.3d 2003 (CA 1st 2003), in the context of a copyright infringement case. In that case, the circuit court upheld the trial court's denial of a request for prejudgment interest on an award of disgorged profits from the infringer. Because the plaintiff never had those funds and, thus, did not lose the use of them, the court held that an award of prejudgment interest may properly be denied.

In the case at bar, the plaintiffs did not suffer an actual loss, and have so stipulated. They were not aware of even the "constitutional injury" until after it had stopped, the offending system removed, and the individual defendants separated from city service. To add interest to the statutory award represents a pure windfall justified by neither the facts nor the law.

## CONCLUSION

Since there has been neither a mistake nor a miscarriage of justice as a result of the omission of prejudgment interest in the judgment herein, the motion to alter or amend the judgment ought to be denied.

Manuel Vieira,
By His Attorneys,

/s/Peter J. Comerford, #3588
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
(401)751-5522
(401)751-8383 fax
E-mail pcomerfo@coialepore.com

## Certificate of Service

I hereby certify that on this 25th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic means upon counsel of record.

/s/ Peter J. Comerford