**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' OBJECTION TO PLAINTIFFS' RULE 59(e), 60(a) AND 59(a) MOTION TO ALTER OR AMEND OR CORRECT THE JUDGMENT OR ORDER A NEW TRIAL RELATIVE TO SEPARATE DAMAGES AWARDS TO ALL PLAINTIFFS FROM BOTH OF THE LIABLE DEFENDANTS**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby object to Plaintiffs' Rule 59(e) and 60(a) Motion To Alter or Amend or Correct the Judgment or Order a New Trial Relative to Separate Damages Awards to All Plaintiffs from Both of the Liable Defendants. In support thereof, the Municipal Defendants rely on the accompanying memorandum of law.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 28th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' RULE 59(e), 60(a) AND 59(a) MOTION TO ALTER OR AMEND OR CORRECT THE JUDGMENT OR ORDER A NEW TRIAL RELATIVE TO SEPARATE DAMAGES AWARDS TO ALL PLAINTIFFS FROM BOTH OF THE LIABLE DEFENDANTS**

## I. Introduction

The Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), submit this memorandum of law in support of their objection to Plaintiffs' Rule 59(e) and 60(a) Motion To Alter or Amend or Correct the Judgment or Order a New Trial Relative to Separate Damages Awards to All Plaintiffs from Both of the Liable Defendants.

Plaintiffs, in their memorandum in support of the present motion, argue that "the Court erred in entering judgment divided among the liable Defendants with respect to Count VI as opposed to separately as found by the jury." This argument is not based on a fair reading of the relevant statute or the cases in which those statutes have been construed.

**II. Argument**

**A. Plaintiffs Are Not Entitled to the Relief Sought.**

A Rule 60(a) motion is only appropriate in cases where the intentions of the parties are clearly defined and "all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake." Pfizer Inc. v. Uprichard, 422 F.3d 124, 130 (3rd Cir. 2005). However, when the motion would require research into law or "planetary excursions into facts," "Rule 60(a) will not be available to salvage [a party's] blunders." Id. When dealing with a mathematical computation, the court will inquire as to whether the computation left for the clerk was "clear, simple, and mechanical." Aubin v. Fudala, 782 F.2d 287, 289 (1st Cir. 1986), *overruled on other grounds*. "It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a)." Pfizer Inc. v. Uprichard, 422 F.3d at 130. Here, there simply was no error in mathematical calculation or other mechanical errors to which Plaintiffs can point.

Under Rule 59(a), district courts may set aside a jury's verdict and order a new trial only if the verdict is "so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice." Federico v. Order of Saint Benedict in Rhode Island, 64 F.3d 1, 5 (1st Cir.1995). Only if the verdict exceeds "any rational appraisal or estimate of damages that could be based on the evidence before the jury" should a Rule 59(a) motion be granted. Glazer v. Glazer, 374 F.2d 390, 413 (5th Cir.). Deferential review is essential when considering whether a verdict is against the weight of the evidence because district courts are "able to observe the witnesses and follow the trial in a way that [the reviewing court] cannot replicate by reviewing a cold record." Greenleaf v. Garlock, Inc., 174 F.3d

352, 366 (3rd Cir. 1999). Here, Plaintiffs have not and cannot prove the elements necessary to merit this relief.

New trials may properly be ordered where the verdict is against the weight of the evidence only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience. Greenleaf v. Garlock, Inc., 174 F.3d 352, 366 (3rd Cir. 1999). Courts are not entitled to substitute their view of the evidence for the verdict reached by the jury. Rivera Castillo v. Autokirey, Inc. 379 F.3d 4 (1st Cir. 2004). In assessing the damages awarded to one of the plaintiffs in the case, the Rivera Castillo Court found that the damages were "grounded in evidence adduced at trial," and while they were "generous" in light of this evidence, they did not "shock the conscience" of the court. Id. at 13. The second plaintiff in that case succeeded on the Rule 59(a) motion when the court found that the jury's award had absolutely no "rational basis in evidence." Id., citing O'Brien v. Papa Gino's of America, Inc., 780 F.2d 1067, 1076 (1st Cir.1986).

Plaintiffs' argument that, under Rule 59 (e), "the award fails to provide the relief the plaintiffs are entitled to receive and therefore should be altered or amended to correct a clear legal error and/or to prevent a manifest injustice" is without merit. "Rule 59(e) motions are granted only where the movant shows a manifest error of law or newly discovered evidence." Kansky v. Coca-Cola Bottling Co. of New England, 492 F.3d 54 (1st Cir. 2007), citing Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir.2005) (Rule 59(e) motions are generally unlikely to succeed because the movant must "clearly establish a manifest error of law" or provide newly discovered evidence); see also Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n. 2 (1st Cir.2004).

Here, any liability found against the Municipal Defendants or Defendant Manuel Vieira is the result of the exact same conduct by the same individual. Vieira's actions as (what this Court ruled) a final policymaker are one of the two mechanisms by which the Municipal Defendants may be liable. The other is by Vieira's actions as an employee, under the theory of *respondeat superior*. This Court has not addressed (and there is scant, if any, treatment elsewhere, as many jurisdictions have held that municipalities are not liable under the federal wiretap act) what is the nexus between the violation of the wiretap act (either state or federal) and a municipality. Whether it is based on *respondeat superior* or, as in §1983 actions, policy implementation by a final policymaker, here, the exact same actions or inaction gave rise to both Vieira's and the Municipal Defendants' liability. For Plaintiffs to argue that double recovery is appropriate, indeed the basis for a new trial or an amended judgment, where (as the jury here found) one actor's intent resulted in the liability of two parties, is preposterous.

**B. Assuming, *Arguendo*, That Multiple Recoveries Are Available Under the State Wiretap Act, Plaintiffs' Arguments As to Why This Court Erred in Not Including Multiple Recoveries in the Judgment Nevertheless Fail.**

Plaintiffs cite Cady v. IMC Mortg. Co., 862 A.2d 202 (R.I. 2004) as the controlling law with respect to joint and several liability under the wiretapping statutes. Plaintiffs misinterpret the opinion in this case. The Rhode Island Supreme Court did not engage in a statutory construction of the wiretapping statute.

The Cady opinion regards the intent of the jury and not the issue of statutory damages. The Section of the opinion entitled "Joint and Several Liability," to which Plaintiffs cite, actually begins with the Rhode Island Supreme Court noting: "As we have clearly explained throughout, a jury's award will stand absent a showing that the award

was based on prejudice or passion or that the award shocks the conscience." Id. at 221. From there, rather than endeavoring to construe the statute to determine what were the proper statutory damages, the Court immediately begins a discussion of the nature of the verdict forms. Id. The Court placed a great deal of emphasis on the fact that the jury received separate verdict sheets for each of the defendants in the case.

> For each count, the jury was asked whether that defendant was liable for the count against it and, if so, whether damages should be assessed and in what amount. Nothing in the separate verdict sheets would have indicated to an ordinarily intelligent lay person that the award granted on one verdict sheet would be the obligation of all defendants. Additionally, if the jury had intended to award damages against corporate defendants for the charge of violating the federal wiretapping statute, which they found corporate defendants had violated, then the jury would not have written "none" on the line left to assess damages. Nothing on the verdict sheets indicated that an award assessed against Struck would be shared by corporate defendants.
>
> Id. at 222.

The result in Cady is not transferable to the facts of the instant matter, as the verdict form used in the present case differs substantively from the form utilized in Cady. There, as quoted in the first sentence of the preceding paragraph, the jury was asked whether that defendant was liable for the count against it **and, if so,** whether damages should be assessed and in what amount. Id. The Walden verdict form was organized in such a way that the essential damages component, the number of days, was **not** organized on a per defendant basis; rather, this component was listed once, without reference to any one specific defendant. Applying the logic of Cady to the form used in the instant case, it can be said that *nothing in the **single** verdict sheet would have indicated to an ordinarily intelligent lay person that the award granted on that verdict sheet would be the obligation of each defendant separately*. Here, the jury could not have intended to provide the number of days of violation caused by each defendant separately; i.e., there is

nothing so inherently clear in the form that would have "indicated to an ordinarily intelligent lay person" that the damages were to be applied individually. Id. Plaintiffs' instant motion should be denied, as the relief sought is inappropriate here. In light of this analysis, Plaintiffs' concerns regarding the form are not an issue that can be addressed at this time, much less in the form of a motion to alter judgment or for a new trial.

**III. Conclusion**

Plaintiffs' position, that this Court erred by not including multiple damages, is incorrect. If the Court were to grant the requested relief, it would be creating a finding that the jury did not intend, thereby substituting its own judgment for the jury's in this fact-finding role. This Court's role is not to divine the jury's intent from the verdict form in a manner that best comports with what Plaintiffs deem to be their rightful recovery.

WHEREFORE, the Municipal Defendants pray that Plaintiffs' motion be denied.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 28th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh