**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR NEW TRIAL**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby object to Plaintiffs' Motion for a New Trial.

In support thereof, the Municipal Defendants rely on the accompanying memorandum of law.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 28th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION FOR A NEW TRIAL**

## I. Introduction

The Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), submit this memorandum of law in support of their objection to Plaintiffs' Motion for a New Trial. The Municipal Defendants adopt and incorporate by reference the arguments made by Defendant Mary Lennon in her memorandum of law, and write separately to address and to highlight certain issues.

## II. Argument

### A. Plaintiffs Are Not Entitled to a Retrial against Defendant Mary Lennon on Counts IV and VI.

Plaintiffs are seeking a re-trial against Defendant Mary Lennon solely on Counts IV and VI. The Municipal Defendants adopt the arguments made by Defendant Mary Lennon in her memorandum of law on this issue.

**B. Plaintiffs Are Not Entitled to a Retrial on the So-called "Amount of Days" Issue.**

As indicated in their memorandum of law, Plaintiffs also "seek a new trial relative to Count VI with respect to the Walden Plaintiffs who were not awarded the proper amount of days by the jury," i.e., the "amount of days" issue.

"In the ordinary course, a district court may order a new trial under Federal Rule of Civil Procedure 59(a) 'only if the verdict is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice.' " Crowe v. Marchand, 506 F.3d 13, 18 -19 (1st Cir. 2007), quoting Casillas-Díaz v. Palau, 463 F.3d 77, 81 (1st Cir.2006). "[A] district court may exercise its discretion to grant a Rule 59 motion if 'the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.' " Rivera Castillo v. Autokirey, Inc., 379 F.3d 4 (1st Cir. 2004), quoting Cigna Fire Underwriters Co. v. MacDonald & Johnson, Inc., 86 F.3d 1260, 1262-63 (1st Cir.1996); Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). Indeed, "courts are not entitled to substitute their view of the evidence for the verdict reached by the jury," and "[w]here credibility of witnesses is at issue, special care should be taken not to invade the province peculiarly pertaining to the jury." Rivera Castillo v. Autokirey, Inc., 379 F.3d at 13. In assessing the damages awarded to one of the plaintiffs in the case, the Rivera Castillo Court found that the damages were "grounded in evidence adduced at trial," and while they were "generous" in light of this evidence, they did not "shock the conscience" of the court. Id. at 13. The second plaintiff in that case succeeded on the Rule 59(a) motion when the court found that the jury's award had

absolutely no "rational basis in evidence." Id., citing O'Brien v. Papa Gino's of America, Inc., 780 F.2d 1067, 1076 (1st Cir.1986). The determination of how many days of violation there were per Plaintiff properly was left to be made by the jury, as it involved the determination of facts and credibility of witnesses, within the province of the jury.

Plaintiffs' contention, that the "jury did not award the proper amount of days" is supported by no meaningful reasoning and a complete lack of citation to analogous or otherwise supporting case law. It is based only on Plaintiffs' psychic techniques, which lead to the belief that "the jury was trying to control the amount of damages awarded." The jury heard the testimony of many witnesses, including more than 100 Plaintiffs who were differently situated and whose credibility the jury was charged to assess. More plausible is the argument raised by Defendant Manuel Vieira, with which the Municipal Defendants agree, that the jury's findings were in part based on their belief that the private lines were not recorded. This logic squares with the commonalities among the Plaintiffs affected by the instant motion. None were employees; all were friends or relatives of firefighters; none alleged they made calls from within the Public Safety Complex; and none were found to have had their rights under the state wiretap statute violated for one or more days. These attributes are not shared by the other Plaintiffs, all of whom alleged they made calls from within the Public Safety Complex. Nevertheless, it is not for this Court to determine either what the jury's thinking was or what caused the jury to so find, much less to grant the relief sought based on this determination.

**III. Conclusion**

For the Court to exercise its discretion and grant the relief sought would be to contravene the limited purpose for which Rule 59 has been used throughout the First

Circuit; courts have repeatedly held that Rule 59(a) motions should only be granted if the verdict is "so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice." Federico v. Order of Saint Benedict in Rhode Island, 64 F.3d 1, 5 (1st Cir.1995).

WHEREFORE, the Municipal Defendants pray that Plaintiffs' motion be denied.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 28th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh