**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

Consolidated with:

JOHN C. CHMURA, et al.

VS. C.A. NO. 04-553A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' OBJECTION TO PLAINTIFFS' RULE 59(e) AND 60(a) MOTION TO ALTER OR AMEND OR CORRECT THE JUDGMENT WITH RESPECT TO PREJUDGMENT INTEREST**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby object to Plaintiffs' Rule 59(e) and 60(a) Motion to Alter or Amend or Correct the Judgment with Respect to Prejudgment Interest. In support thereof, the Municipal Defendants rely on the accompanying memorandum of law.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 28th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

Consolidated with:

JOHN C. CHMURA, et al.

VS. C.A. NO. 04-553A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION TO CORRECT OR AMEND THE JUDGMENT TO ADD INTEREST**

Now come the Defendants in the above entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and through its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby submit this memorandum of law in support of their objection to Plaintiffs' Rule 59(e) and 60(a) Motion to Alter or Amend or Correct the Judgment with Respect to Prejudgment Interest.

Plaintiffs have asked the court to add prejudgment interest, pursuant to R.I. Gen. Laws §9-21-10, to the statutory damage award against the Municipal Defendants and Defendant Manuel Vieira after Plaintiffs stipulated that they had no actual claim for compensatory damages. This request must be denied.

Plaintiffs' argument on this issue is predicated entirely on case law arising from the imposition of liability based on tort law principles. Under Rhode Island law, prejudgment interest does not apply in actions against municipalities. See Andrade v.

Perry, 863 A.2d 1272, 1274-1275 (R.I. 2004). In Andrade, the Rhode Island Supreme Court affirmed its earlier ruling in Andrade v. State, 448 A.2d 1293 (R.I. 1982), where the issue of whether prejudgment interest applies in actions against the state was one of first impression for the Rhode Island Supreme Court. Id. The Court held that because the governmental tort legislation "effectively waived the common law concept of sovereign immunity for tort damages claimed against the state, that statute should be strictly construed" and that "interest is not an element of damages, and because the act 'expressly and consistently refers to the liability of the state in terms of damages only,' interest would not be added to judgments against the state." Andrade v. Perry, 863 A.2d at 1275, quoting from Andrade v. State, 448 A.2d at 1295.

In their memorandum of law, Plaintiffs argue, by quotation:

> The Supreme Court has held that "a proprietary function is one which is not 'so intertwined with governing that the government is obligated to perform it only by its own agents or employees.'" Lepore v. Rhode Island Public Transit Authority, 524 A.2d 574, 575 (R.I. 1987) (quoting Xavier v. Cianci, 479 A.2d 1179, 1182 (R.I. 1984)).

Also in their memorandum, Plaintiffs admit that "the underlying function of the Public Safety Complex is governmental in nature, that being to uphold the safety and welfare of the public, the function at issue here, namely, the task of maintaining telephone communication systems is proprietary in nature." The Rhode Island Supreme Court has held that "the operation and the maintenance of a public school is a governmental function and not a proprietary one." Chakuroff v. Boyle, 667 A.2d 1256, 1258 (R.I.1995), citing Saunders v. State, 446 A.2d 748, 751 (R.I.1982) (maintenance of a correctional institution is a governmental function, not a proprietary function). In Chakuroff, the Rhode Island Supreme Court held that the trial justice properly

determined that the Defendants' failure to take any action to control excessive wood-dust levels in the school workshop, which ultimately caused plaintiff to contract occupational asthma, disabled him, and caused him a variety of permanent health problems, was not a failure to commit a proprietary function that would render the limitations on damages under § 9-31-2 applicable. Id.

If the maintenance and control (or lack thereof) of dust in a school workshop is the sort of function that is not proprietary for purposes of the immunity at issue here, it is implausible that the communications aspect of law enforcement or other public safety functions would be proprietary. Little could be more fundamental to even the most pared-down idea of governance than the provision of police and fire protection. Webster v. Perrotta, 774 A.2d 68 (R.I. 2001); Barratt v. Burlingham, 492 A. 2d 1219 (R.I. 1985). Even in spite of the jury's verdict, it cannot be said that Defendants ever entrusted the maintenance or contents of the Total Recall System to non-employees at any time subsequent to the initial installation. This reality (uncontroverted by any offered or admitted evidence) squares with the proposition that communications to, from, and within a public safety center are most certainly not proprietary in nature (or at all delegable to non-employees), certainly no more so (actually far less than) the maintenance of a school workshop. Finally, the imposition of interest against the government is strictly construed. In re Sherman, 565 A.2d 870 (R.I. 1989).

As Defendant Manuel Vieira argued in his memorandum of law, an argument which the Municipal Defendants adopt, "even if it were the policy of the city to record all calls in and out of the Public Safety Complex, such a policy would be an exercise of

discretion in the course of governance and not just a business decision." Both Defendant Manuel Vieira and the Municipal Defendants adopt this argument not to accept or affirm either the validity or the veracity of the jury's verdict, but simply to point out its effect on the instant motion.

Also of note is Plaintiffs' concession of municipal immunity, as contained in their memorandum of law, that "Defendant Vieira may argue that he is immune to prejudgment interest by erroneously attempting to assert that the City's immunity extends to him…."

Even if this Court disagrees that the above cited proposition applies to the instant action, R.I. Gen. Laws § 9-21-10 does not provide for interest on the type of damages awarded in this case. That statute provides in pertinent part:

> In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein. Post-judgment interest shall be calculated at the rate of twelve percent (12%) per annum and accrue on both the principal amount of the judgment and the prejudgment interest entered therein. This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided.

R.I. Gen. Laws § 9-21-10 (a).

In Murphy v. United Steelworkers of America, 507 A.2d 1342 (R.I. 1986) the Rhode Island Supreme Court addressed the meaning of this statute, and its limitation to awards of pecuniary damages. The court examined the purpose and context of this statute at some length.

> We are reminded that § 9-21-10 calls for the imposition of interest in any "civil action" in which a verdict or a decision awards "pecuniary damages." There are three recognized categories of damages; they are compensatory, punitive, or nominal damages. Compensatory damages are awarded to a person in satisfaction of or in response to a loss or injury sustained. Proffitt v. Ricci, 463 A.2d 514, 517 (R.I.1983). Recently, in Greater Providence Deposit Corp. v. Jenison, 485 A.2d 1242, 1245 (R.I.1984), we emphasized that punitive damages are awarded to punish the defendant and to deter any future misconduct rather than to compensate the plaintiff. Nominal damages are awarded where it is clear that the plaintiff has sustained a loss but has failed to present evidence upon which a factfinder could ascertain the damages sustained by the plaintiff. Zuccaro v. Frenze, 76 R.I. 391, 394, 71 A.2d 277, 278 (1950). We have no doubt that the Legislature, in employing the term "pecuniary," was using it as a synonym for "compensatory. Again, in Rhode Island Turnpike & Bridge Authority v. Bethlehem Steel Corp., 446 A.2d 752, 757 (R.I.1982), in upholding the constitutionality of our prejudgment-interest statute, we noted that the statute serves two purposes: it promotes early settlements, and more importantly, it compensates persons for the loss of use of money that was rightfully theirs. Consequently, it is our belief that § 9-21-10 was never intended to encompass an award of either punitive or nominal damages.

Murphy v. United Steelworkers of America Local No. 5705, AFL-CIO, 507 A.2d at 1346. The First Circuit has noted this holding with approval and adopted it in Ondine Shipping Corp. v. Cataldo, 24 F.3d 353 (1st Cir. 1994). In Ondine Shipping Corp., the First Circuit noted:

> [T]he Rhode Island Supreme Court held that section 9-21-10 does not apply to awards for punitive damages. The court reasoned that, in limiting the statute to "pecuniary damages," the legislature meant "pecuniary" to be synonymous with "compensatory," thus excluding both punitive and nominal damages. Since a state's highest court is the best authority on the meaning of a state statute, we accept the Rhode Island Supreme Court's conclusion that R.I.Gen.Laws § 9-21-10 does not pertain to nominal damage awards, and we so hold…To be sure, insofar as the statement in Murphy encompasses nominal damages, it is dictum-but it is considered dictum and, thus, worthy of our trust.

Ondine Shipping Corp. v. Cataldo, 24 F.3d at 357; n 4 (internal citations omitted).

As noted above, Plaintiffs stipulated that they are not entitled to compensatory damages, and each Plaintiff declared so under oath in his or her answers to interrogatories. It is because of their inability to show that they were actually harmed that

Plaintiffs have availed themselves of the statutory damage provisions of R.I. Gen. Laws §12-5.1-13. Furthermore, of the three types of damages recognized by the Rhode Island Supreme Court, the one that best applies to Plaintiffs' damages are nominal.

> Nominal damages are damages awarded for the infraction of a legal right, where the extent of the loss is not shown, or where the right is one not dependent upon loss or damage, as in the case of rights of bodily immunity or rights to have one's material property undisturbed by direct invasion. The award of nominal damages is made as a judicial declaration that the plaintiff's right has been violated.

BLACK'S LAW DICTIONARY (8th ed. 2004), damages; quoting Charles T. McCormick, *Handbook on the Law of Damages* § 20, at 85 (1935).

> Nominal damages are awarded if the plaintiff establishes a breach of contract or a tort of the kind that is said to be 'actionable per se' but fails to establish a loss caused by the wrong. In the case of tort not actionable per se as, for example, negligence, if the plaintiff fails to establish a loss, the action will be dismissed. The practical significance of a judgment for nominal damages is that the plaintiff thereby establishes a legal right. The judgment has the effect of a declaration of legal rights and may deter future infringements or may enable the plaintiff to obtain an injunction to restrain a repetition of the wrong. The obtaining of nominal damages will also, in many cases, entitle a plaintiff to costs .... [Also,] nominal damages might serve as a peg upon which to hang an award of exemplary damages.

BLACK'S LAW DICTIONARY (8th ed. 2004), damages; quoting S.M. Waddams, *The Law of Damages* 477-78 (3d ed. 1997).

Since an award of prejudgment interest is appropriate under Rhode Island law only for pecuniary damages, which is synonymous with compensatory damages, and Plaintiffs waived all such claims, Plaintiffs motion for an award of prejudgment interest must be denied.

In Joe Hand Productions, Inc. v. Marius, 2007 WL 2351065 (S.D.N.Y. 2007), Magistrate Judge Katz issued a report and recommendation in which he opined that

"because Plaintiff is recovering statutory damages, not its actual damages, an award of prejudgment interest would result in a windfall, since Plaintiff was not deprived of the use of funds equivalent to the statutory damages being awarded."[1] Id. at 5. This is consistent with the holding in Murphy, *supra*, (and the cases cited therein) that nominal damages are those that are awarded when actual damages cannot be proven. These statutory damages are really a special type of nominal damages and, as such, are not subject to the imposition of prejudgment interest. Similarly, the Court of Appeals of Utah held, in Winters v. Schulman, 2001 WL 357124 (Utah App.) 2001 UT App 105 (2001), that statutory damages are not subject to the imposition of interest under that state's statute, since the purpose of interest is to restore the plaintiff to the *status quo,* including losses arising from a delay in compensation, and statutory damages are given in cases where there is not such provable loss. The First Circuit reached a similar result in John G. Danielson, Inc. v. Winchester-Conant Properties, Inc., 322 F.3d 2003 (1st Cir. 2003), in the context of a copyright infringement case. In that case, Court upheld the trial court's denial of a request for prejudgment interest on an award of disgorged profits from the infringer. Because the plaintiff never had those funds and, thus, did not lose the use of them, the court held that an award of prejudgment interest may properly be denied.

For purposes of Plaintiffs' award under §1983, Plaintiffs similarly are barred from recovering any prejudgment interest.

---

[1] Of note is Magistrate Judge Katz' differentiation between statutory damages and actual damages, i.e., they are not the same thing. Couple this differentiation with actual damages' synonymy with compensatory damages and compensatory damages' synonymy with pecuniary damages and this calculus yields but one result – that statutory damages are not pecuniary damages, and therefore are not a vehicle by which prejudgment interest may be awarded under R.I. Gen. Laws § 9-21-10. See BLACK'S LAW DICTIONARY (8th ed. 2004), damages (defining actual damages as "[a]n amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses. -- Also termed *compensatory damages*; *tangible damages*; *real damage*.").

> In a suit for relief under section 1983 alone, in which a jury is demanded, it is the jury that must decide whether prejudgment interest is warranted. See Cordero v. De Jesus-Mendez, 922 F.2d 11, 13 (1st Cir.1990). Thus, if a plaintiff fails to request prejudgment interest from the jury in such a case, he is barred from subsequently seeking it from the judge. Id.

Foley v. City of Lowell, Mass., 948 F.2d 10, 17 (1st Cir. 1991). Here, Plaintiffs never requested that the jury decide whether interest be awarded, and the jury was not charged in this regard. Therefore, no prejudgment interest should be awarded by the Court.

WHEREFORE, the Municipal Defendants pray that Plaintiffs' motion be denied.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 28th day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh