**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.
(Plaintiffs)

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.
(Defendants)

JOHN C. CHMURA, ET AL
(Plaintiffs)

VS C.A. No. 04-553A

CITY OF PROVIDENCE, ET AL
(Defendants)

**MUNICIPAL DEFENDANTS' OBJECTION TO PLAINTIFF'S RULE 59 (e) AND 59(A) MOTION TO ALTER OR AMEND OR CORRECT THE JUDGMENT OR ORDER A NEW TRIAL RELATIVE TO THE AWARD TO PLAINTIFF CHMURA**

Now come the Municipal Defendants in the above entitled matter and hereby object to Plaintiffs' Rule 59(e) and 59(a) Motion to Alter or Amend or Correct the Judgment or Order a New Trial Relative to the Award to Plaintiff Chmura. Defendants submit the accompanying memorandum in support thereof.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

__________________________________

Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

______________________________
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915

drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.
(Plaintiffs)

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.
(Defendants)

JOHN C. CHMURA, ET AL
(Plaintiffs)

VS C.A. No. 04-553A

CITY OF PROVIDENCE, ET AL
(Defendants)

**MUNICIPAL DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF' RULE 59 (e) AND 59(A) MOTION TO ALTER OR AMEND OR CORRECT THE JUDGMENT OR ORDER A NEW TRIAL RELATIVE TO THE AWARD TO PLAINTIFF CHMURA**

Plaintiffs seek to amend the Judgment as to Plaintiff Chmura to increase the number of days his calls were recorded from 10 to "102." That change would result in Chmura's Judgment increasing tenfold from $1,000.00 to $10,200.00.

Plaintiff claims without any support whatsoever that the jury "inadvertently entered as '10' days when it should have read '102' days." They base this on the fact that Chmura worked 102 days during the period in question. They refer to "10" as a "scrivener's error."

Although given the opportunity to poll the jury, the Plaintiffs refused that opportunity. Although the clerk had offered the number of days recorded entered for each plaintiff, the Plaintiffs never objected to the "10" days recorded for Chmura.

The "10" days came as no surprise to the Plaintiffs since it was read aloud in the Court. Yet they never objected until after judgment was entered.

In short, the Plaintiffs had an opportunity to "correct" the "10" days before judgment was entered. They just never took that opportunity.

There is another plausible explanation for the "10" other than what the Plaintiffs have offered. That is that John Chmura was the only Plaintiff who was a Providence Police Patrol Officer. Chmura was extensively cross examined by the Defendants as to the duties and responsibilities of a patrolman as well as the times a patrol officer goes into the police station.

Chmura testified that he did not have an office at the public safety complex. He reported there for roll call at the beginning of his shift and returned to his cruiser at the end of his shift. The majority of his shift was spent on patrol out on the street. He did not have a cell phone from which to call the station.

The jury could easily have concluded from this evidence that Chmura did not make a call from inside the station on every day he worked. Such a finding is in their purview. It was not automatic that the jury had to find that on all the days the Plaintiff worked that he made calls to or from the station. To grant the Plaintiffs' motion would be assuming that the jury made a mistake. To make that determination would be to invade the province of the jury.

The Court should also deny the motion for a new trial under Rule 59.

New trials, because the verdict is against the weight of the evidence, are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience. Greenleaf v. Garlock, Inc., 174 F.3d 352 at 366, (3rd Cir. 1999). The court has consistently declined to play "Monday morning quarterback in a reviewing a jury's assessment of damages." McDonald v. Federal Laboratories, 724 F.2d 243 at 246, (1st Cir. 1984). The Court, in Rivera Castillo v. Autokirey, Inc, 379 F.3d 4, (1st Cir. 2004), a case which Plaintiff cites, clearly upholds the judicial view that courts should not substitute their view of the evidence for the verdict reached by the jury. In this case, the jury was ordered to listen to the testimony of the witnesses, and determine, based on the weight of the evidence, whether, and how many times communications were improperly intercepted in violation of the statute. The verdict form clearly asked, in question number 6, "on how many particular days, if any (emphasis added), between May 23, 2002 and February 10, 2003, has each Plaintiff established by a preponderance of the evidence that he or she made or received phone calls to and/or from the Providence Public Safety Complex which were intercepted?" The jury was charged with making a judgment based on the evidence presented and clearly made a determination that while a preponderance of the evidence proved that some individuals made or received phone calls; other individuals had not proved as much. Accordingly, the jury weighed the evidence and came to a conclusion, a conclusion that is clearly stated in response to question number 6. It would be improper for this court to take the fact-finding function that was specifically delegated to the jury and impute its own view of the evidence based on a cold record.

Accordingly, this court should deny Plaintiffs a new trial under Rule 59(b) on the amount of days issue.

Granting the motion would be an invasion of the province of the jury.

WHEREFORE, Defendants pray that Plaintiff's Motion to Alter, Amend or Correct the Judgment or Order a New Trial be denied.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this day of April 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:


Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center
132 Old River Road, Suite 205
Lincoln, Rhode Island 02865
famcarltd@aol.com

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com