UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al | : | |
| | : | |
| v. | : | C.A. No: 04-304S |
| | : | |
| CITY OF PROVIDENCE, et al | : | |

| | | |
|---|---|---|
| JOHN C. CHMURA, et al | : | |
| | : | |
| v. | : | C.A. No: 04-553S |
| | : | |
| CITY OF PROVIDENCE, et al | : | |

**DEFENDANT, MANUEL VIEIRA'S,**
**REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF HIS**
**MOTION FOR STAY OF ENFORCEMENT**

In their memorandum filed in opposition[1] to the motion for a stay under Rule 62(d) filed by Defendant Manuel Vieira ("Vieira"), plaintiffs assert that the defendants have failed to renew their motions for judgment as a matter of law as required by Rule 50(b). This assertion is factually inaccurate. As the court will well recall, the defendants argued at length at the close of plaintiffs' case that there was a fatal failure of proof as to each count and as to each defendant. The court granted Defendant Prignano's motion and reserved ruling on the other motions.

[1] Document 355-2

At the end of the case, each of the remaining defendants renewed their motions, adopted by reference their earlier arguments, and advanced further arguments based upon the evidence adduced during the defense portion of the case. At that point, the court again reserved decision and allowed the matter to proceed to the jury.

The motions were further discussed during the charge conference, particularly regarding the request to charge on punitive damages, as the submission of that issue to a jury required a threshold finding by the court that there is sufficient evidence to even merit such submission. The court again reserved decision.

As soon as the verdict was announced and as the jury was barely out the door, counsel for each of the remaining defendants *again* rose and *again renewed* the Rule 50 motions on the record. The court promptly acknowledged that the motions had been renewed. Vieira again specifically alluded to this fact in his position statement (Document 322). [2]

It is troubling that plaintiffs would assert and rely on statements that are directly contradicted by the record. Moreover, it is worthy of mention that

---

[2] That pleading noted:
"While a judgment has entered, there are still pending motions pursuant to Rule 50 for judgment as a matter of law. Moreover, the defendants will likely appeal the judgment in the event that the Rule 50 motions are not granted within the appeal period. Thus, these items need to be preserved in the event of a re-trial of these matters."

pursuant to Rule 62(b), the mere pendency of these motions, along with the various Rule 59 and Rule 60 motions filed by the plaintiffs, is itself a ground for a stay of enforcement of this judgment.

For these reasons, as well as those set forth at length in the prior memoranda filed in support of this request, this court should stay enforcement of the judgment herein, at least during the pendency of the post-trial motions, and should waive the requirement of the posting of a supersedeas bond as a condition thereof.

Manuel Vieira,
By His Attorneys,

/s/Peter J. Comerford, #3588
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
(401)751-5522
(401)751-8383 fax
E-mail pcomerfo@coialepore.com

**CERTIFICATION**

I hereby certify that on this 29th day of April, 2008, I filed this document electronically and served it by electronic means upon counsel of record.

/s/ Peter J. Comerford