**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**

**v.** **C.A. No. 04-304-A**

**CITY OF PROVIDENCE, et al.**

**JOHN CHMURA, et al.**

**v.** **C.A. No. 04-553-A**

**CITY OF PROVIDENCE, et al.**

**PLAINTIFFS' OBJECTION TO MUNICIPAL DEFENDANTS' MOTION TO STRIKE OBJECTION OR IN THE ALTERNATIVE TOCOMPEL PRODUCTION OF DOCUMENTS**

Plaintiffs hereby object to the Motion filed by the Municipal Defendants seeking to strike Plaintiffs' objection or in the alternative to compel production pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure. Plaintiffs urge this court to deny the motion.

In support of their objection, Plaintiffs rely on the accompanying memorandum of law.

Plaintiffs,
By their attorneys,

/s/ Mark A. Fay
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Peter J. Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**

**v.** **C.A. No. 04-304-A**

**CITY OF PROVIDENCE, et al.**

**JOHN CHMURA, et al.**

**v.** **C.A. No. 04-553-A**

**CITY OF PROVIDENCE, et al.**

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR**
**OBJECTION TO MUNICIPAL DEFENDANTS'**
**MOTION TO STRIKE OR IN THE ALTERNATIVE**
**TO COMPEL PRODUCTION OF DOCUMENTS**

## I. Introduction

This matter is before this Honorable Court on the Plaintiffs objection to the Motion filed by the Municipal Defendants seeking to strike or compel production pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure. Plaintiffs urge this court to deny the motion.

## II. Argument

### A. Plaintiffs' objection should be sustained.

Plaintiffs timely objected to the production of a narrow group of documents that contain attorney/client privileged information and attorney work product for other clients having no involvement in this case. A true copy of the Initial Response to the Request for Production is attached as Exhibit 1 to the Memorandum in Support of Plaintiffs' Objection to Municipal Defendants' Motion to Compel.

The interposed objection relates solely to Attorney Carolyn A. Mannis's time records kept from the inception of this case until February 2007. All other records were produced. In fact, Plaintiffs produced sample redacted records that demonstrate why it was impracticable to redact the entire set of records that were not produced. See Exhibit B to Exhibit 1 attached to the Memorandum in Support of Plaintiffs' Objection to Municipal Defendants' Motion to Compel. In fact, in the request for an award of attorneys' fees, Attorney Mannis's time totaled 843.2 hours. The records produced in response to the request for production include nearly 600 hours of Attorney Mannis's time. Thus, the records that were withheld because of privilege include only a small percentage of the overall records.

Attorney Mannis is a solo practitioner. The amount of time it would take her to redact and copy the documents at issue would be cost prohibitive. The probative value of the documents would not justify crippling the running of Attorney Mannis's office. This is especially true given that the Municipal Defendants have had the opportunity to review the complete run down of time taken from these records and have offered no justification or need to verify the documents at issue.

In accordance with this Court's text order, Attorney Mannis attempted to confer in good faith with both attorneys of record for the City, Kevin McHugh and Michael Calise.[1] It was a frustrating process to say the least. Mr. Calise would not discuss it as he deferred the matter to Mr. McHugh. Mr. McHugh who did not return repeated phone calls was finally reached after many days of attempts. He also would not discuss the matter. He simply stated he was entitled to the records and other than the suggestions offered by the court, he was unwilling to accept anything less. In fact, Attorney Mannis

[1] Plaintiffs submit that they attempted to confer in good faith but that the Municipal Defendants did not.

had offered that he provide a list of perhaps 20 specific days from this time period that could be produced in redacted form. Attempts were made to explain why the documents could not be dedacted, but frankly it appeared that Mr. McHugh was not even listening. It was a frustrating process. Moreover, attempts were made to explain why a confidentiality order was not appropriate under the circumstances. Again, it appeared that Mr. McHugh was not listening.

In light of the memorandum that was filed, Plaintiffs believe in fact that Mr. McHugh was not listening for two reasons. First, the Municipal Defendants claim that Plaintiffs' objections were "*de facto* overruled."[2] Second, the claim that the documents not being readily redactable was made "without further elaboration." Attorney Mannis attempted to explain at length to both Mr. Calise and Mr. McHugh why the documents were not readily redactable. Moreover, an explanation was included in the motion seeking a hearing on this matter prior to the production at issue.

**III. Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the motion to strike or in the alternative to compel production of documents.

Plaintiffs,
By their attorneys,

/s/ Mark A. Fay
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

---

[2] The idea that the text order overruled the objection is unsupported by the facts. If the court wanted to overrule the objection, it simply would have done so.

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Peter J. Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay