**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' OBJECTION TO THE TAXATION OF COSTS**

Now come the Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby object, pursuant to Rule 54(d) of the Local Rules of the United States District Court for the District of Rhode Island and Rule 54(d)(1) of the Federal Rules of Civil Procedure, to the Bill of Costs taxed by the Clerk on June 12, 2008 (Document 386), and as requested by Plaintiffs in their Motion for an Award of Costs Pursuant to Rule 54(d) and Local Rule 54. In support thereof, the Municipal Defendants rely on the accompanying memorandum of law.

Municipal Defendants,
By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 17th day of June 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

v. C.A. NO. 04-304A

CITY OF PROVIDENCE, et al.

**MUNICIPAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION FOR AN AWARD OF COSTS PURSUANT TO RULE 54(d) AND LOCAL RULE 54**

## I. Introduction

The Defendants in the above-entitled matter, David N. Cicilline, Dean Esserman and the City of Providence, by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), object, pursuant to Rule 54(d) of the Local Rules of the United States District Court for the District of Rhode Island and Rule 54(d)(1) of the Federal Rules of Civil Procedure, to the Bill of Costs taxed by the Clerk on June 12, 2008 (Document 386), and as requested by Plaintiffs in their Motion for an Award of Costs Pursuant to Rule 54(d) and Local Rule 54.

Local Rule 54(d) provides:

> Objections to Costs.
> The taxation of costs by the Clerk shall be final unless modified by the Court. Any objection to the costs taxed by the Clerk shall be served and filed within five (5) days after notification and shall be supported by a memorandum of law stating the reason for the objection and the authorities upon which the objector relies.

Furthermore, "[o]n motion served within the next 5 days, the court may review the clerk's action." Fed.R.Civ.Proc. Rule 54(d)(1). "Under the well-established Rule 54(d)(1) case law, the district court is charged with making a *de novo* review of the clerk's determination of the costs issue." In re Paoli R.R. Yard PCB Litigation, 221 F.3d

449, 461 (3rdCir.2000), citing 10 MOORE'S FEDERAL PRACTICE § 10 (3d ed.1999), §54.100[3], at 54-145; Farmer v. Arabian Am Oil Co., 379 U.S. 227, 233 (1964).

Here, the Clerk has taxed costs in amount of $19,745.94 against the Defendants. See Bill of Costs.

**II. Argument**

**A. This Court Has Wide Discretion in Awarding Plaintiffs Costs.**

Federal Rule of Civil Procedure 54(d) provides that "costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" In ruling on a motion for an award of costs, "district courts enjoy wide latitude in shaping the contours of such awards." See In re Fidelity/Micron Securities Litigation, 167 F.3d 735, 736 (1st Cir.1999), citing In re Thirteen Appeals-San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 309 (1st Cir.1995). In fact, "lawyers are not necessarily entitled to the quantum of reimbursement to which they aspire. To the contrary, they must establish the reasonableness of their requests." Id. at 738.

"The assessment ("taxation") of costs is governed by the tandem operation of a federal statute, 28 U.S.C. section 1920, and Rule 54(d)(1) of the Federal Rules of Civil Procedure….The awarding of costs is not mandatory and is left to the sound discretion of the district court." Gochis v. Allstate Ins. Co., 162 F.R.D. 248, 250 (D.Mass.1995), citing Heddinger v. Ashford Memorial Community Hosp., 734 F.2d 81, 86 (1st Cir.1984). 28 U.S.C. § 1920, "Taxation of costs," provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

**B. Any Costs Relating to Plaintiffs' Litigation of Claims Against Defendants Vincent A. Cianci, Jr., Urbano Prignano, or Joseph Richardson Should Not Be Bourne by Defendants.**

Vincent A. Cianci, Jr., Urbano Prignano, and Joseph Richardson ("the dismissed Defendants") were dismissed from this action before the case reached the jury. Early in the case, Plaintiffs voluntarily dismissed Defendants Cianci and Richardson. This Court found, at the close of Plaintiffs' case, that there was no evidence to support Plaintiffs' claims against Defendant Prignano. Nevertheless, Plaintiffs requested that this Court award them costs for the following expenses that relate to the litigation of claims against the dismissed Defendants:

| Date | Service | Amount | Document/Page | |
|---|---|---|---|---|
| 9/23/04 | Service to Joseph Richardson, Jr. | 40.00 | 323-3, Page 7 of 68 | |
| | Corrected address | 10.00 | 323-3, Page 7 of 68 | |
| 10/19/04 | Service to Urbano Prignano, Jr. | 40.00 | 323-3, Page 7 of 68 | |
| | Corrected address | 10.00 | 323-3, Page 7 of 68 | |
| 11/2/04 | Attempted summons & complaint re Vincent Cianci, Jr. | 75.00 | 323-3, Page 7 of 68 | |
| | Subpoena service fee | 40.00 | 323-3, Page 7 of 68 | |
| 3/2/06 | Depo.Transcript Urbano Prignano | 178.60 | 323-3, Page 8 of 68 | |
| 3/8/06 | Depo.Transcript Joseph Richardson, Jr. | 300.45 | 323-3, Page 8 of 68 | |

Since these all claims against the dismissed Defendants failed, the Municipal Defendants should not be taxed these costs. More generally, since the Plaintiffs who

prevailed at trial did so against only three of six named Defendants[1] sued in this action, all costs taxed against these remaining Defendants should be diminished proportionally.

C. **Some Costs Are Not Adequately Documented or Were Unnecessary**

The Defendants were taxed costs for fees for the court reporter, which were taxed in the amount of $2,973.05 and relate to transcripts that Plaintiffs ordered. See Document 323-3, Page 34 of 68. However, Plaintiffs have failed to describe how (and the supporting invoice fails to provide any reason why) these costs were "necessarily incurred in the case." 28 U.S.C. § 1924. Since Plaintiffs have not offered any reason as to why these costs were necessary, these costs should not have been taxed against the Defendants.

Similarly, Plaintiffs sought an award for the costs associated with printing in the amount of $8,587.56. See Document 323-3, Page 8 of 68. Some of these expenses, as exemplified below, are for large sums.

| Date of Invoice | Vendor | Amount | Document/Page | Description |
|---|---|---|---|---|
| 6/1/06 | WarRoom Document Solutions of RI | 353.60 | 323-3Page 38 of 68 | Medium Litigation |
| 2/28/07 | WarRoom Document Solutions | 799.72 | 323-3 Page 39 of 68 | Medium Litigation; tabs; custom tabs |

Here, too, Plaintiffs failed to describe how these costs were necessarily incurred in the case. 28 U.S.C. § 1924. Therefore, these costs should not have been taxed against the Defendants.

1 As this Court as previously noted, "[a] suit against a municipal official in his or her official capacity is the equivalent, 'in all respects other than name,' of a suit against the municipality itself." See Memorandum and Order, dated March 4, 2008 (Document 291), quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985). Put another way, this action against the City of Providence, its Mayor and its Chief of Police is the equivalent of an action against the City alone.

The Defendants were taxed costs for an item listed in Plaintiffs' submission as "8/6/04: Vincent Pellegrino Ins. Adj. – Adj. Services $250.00." Document 323-3, Page 10 of 68. The Defendants also were taxed costs for an item listed in Plaintiffs' submission as "9/07/05: Staples – supplies $334.16." Id. How these costs relate to the instant matter is not at all evident.

**III. Conclusion**

WHEREFORE, the Municipal Defendants pray that this Court "review the clerk's action" and diminish the costs taxed against the Municipal Defendants by $12,838.82, to $6,907.12. Fed.R.Civ.Proc. Rule 54(d)(1).

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 17th day of June 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh