**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**
**Plaintiffs,**

**v.** **C.A. No. 04-304**

**CITY OF PROVIDENCE, et al.**
**Defendants.**

**PLAINTIFFS' OBJECTION TO THE CLERK'S DENIAL OF CLAIMS RELATED TO EXPERT WITNESS FEES AND REPLY TO DEFENDANTS' OBJECTION TO COSTS AWARDED TO PLAINTIFFS**

Plaintiffs hereby object to the taxation of costs by the Clerk of the Court with respect to the disallowance of reimbursement for expert witness fees and other costs. Plaintiffs also respond to Defendants' objection to costs awarded to Plaintiffs by the Clerk of the Court. Plaintiffs rely on the accompanying memorandum of law in support of their objection.

Plaintiffs
By their attorneys,

/s/ Mark A. Fay______

Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

/s/ Mark A. Fay
Mark A. Fay

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**
**Plaintiffs,**

**v.** **C.A. No. 04-304**

**CITY OF PROVIDENCE, et al.**
**Defendants.**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' OBJECTION TO THE CLERK'S DENIAL OF CLAIMS RELATED TO EXPERT WITNESS FEES AND REPLY TO DEFENDANTS' OBJECTION TO COSTS AWARDED TO PLAINTIFFS**

Plaintiffs hereby object to the denial of claims for expert witness fees as well as "other costs" by the Clerk of the Court pursuant to Rule 54(d) of the Local Rules of the United States District Court for the District of Rhode Island and Rule 54(d)(1) of the Federal Rules of Civil Procedure. Plaintiffs' request to the Clerk to tax fees for expert witnesses at $60,540.22 was denied, as well as Plaintiffs' request for "other costs" totaling $786.95. Plaintiffs also respond to Defendants' objection to costs awarded to Plaintiffs by the Clerk of the Court.

**I. Introduction.**

Under Rule 54(d)(1), the prevailing party is presumed to be entitled to an award of costs. ***Fernandez & HNOS, Inc. v. Kellogg USA, Inc.,*** 516 F.3d 18 (lst Cir. 2008); ***In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation,*** 994 F.2d 96 (lst Cir. 1993). Because of the presumption in favor of an award of costs, the district court must explain any denial of costs. ***Contreras v. City of Chicago,*** 119 F.3d 1286, 1295-1296 (7th Cir. 1997).

Plaintiffs argue they are entitled to expert witness fees as well as other costs of litigation for the reasons marshaled below.

## II. Argument.

### A. Expert Assistance was Necessary, Essential, and Crucial to the Resolution of this Matter.

The usual rule in civil litigation in the federal courts is that expert witness fees are not taxable costs recoverable by prevailing parties and that the fees of experts are taxable only at the same rate as other witness fees as statutorily provided in 28 U.S.C.A. §1821. ***Henkel v. Chicago St.P., M.& O. Ry, Co.,*** 284 U.S. 444 (1932). However, a multitude of federal courts have held or recognized that expert witness fees may be recovered by the prevailing party as costs where the testimony of the expert witnesses is necessary, essential, or crucial to the resolution of a case or to the presentation of a case by the prevailing party. The courts in some cases rely on the case of ***Farmer v. Arabian American Oil Co.,*** in which the Supreme Court indicated that federal courts have some discretion in taxing costs with reference to expenses not specifically allowed by statute. 379 U.S. 227 (1964). *See* ***Coleman v. Omaha,*** 714 F.2d 804, 809 (8th Cir.1983) (full expert witness fees must be awarded, even without prior court approval, if testimony crucial to issues; remanding for factual determination); ***Paschall v. Kansas City Star Co.,*** 695 F.2d 322, 338-39 & n. 20 (8th Cir.1982) (expert witness fees may be awarded, even without prior court approval, if expert's testimony was crucial or indispensable); ***Thornberry v. Delta Air Lines, Inc.,*** 676 F.2d 1240, 1245 (9th Cir.1982) (concluding that awards of consulting and expert witness fees "are largely a matter of the reasonable needs of the party in the context of the litigation"); ***Berry v. McLemore,*** 670 F.2d 30 (5th Cir.1982) (reversing district court in civil rights case for abuse of discretion in failing to award expert witness fee); ***Roberts v. S.S.***

***Kyriakoula D. Lemos*****,** 651 F.2d 201, 205-06 (3d Cir.1981) (holding that district court has "equitable discretion to award expert fees when the expert's testimony is indispensable to determination of the case" and remanding for exercise of discretion); ***Dekro v. Stern Brothers*****,** 571 F.Supp. 97, 107 (W.D.Mo.1983) (expert witness fees recoverable when testimony crucial to resolution of case); ***Coble v. Texas Dept. of Corrections*****,** 568 F.Supp. 410, 415 (S.D.Tex.1983) (expert fees can be awarded if testimony helpful); ***Feher v. Dept. of Labor & Industrial Relations*****,** 561 F.Supp. 757, 768 (D.Hawaii 1983) (allowing expert witness fees because expert was helpful to court and played an important role in resolving issues); ***McMurray v. Phelps*****,** 533 F.Supp. 742, 774 (W.D.La.1982) (indicating that expert witness fees would be recoverable by prevailing plaintiff challenging panoply of prison conditions); ***Welsch v. Likins*****,** 68 F.R.D. 589, 597 (D.Minn.), *aff'd per curiam*, 525 F.2d 987 (8th Cir.1975) (allowing expert witness fees in excess of § 1821 amounts because the witnesses were "indispensable part of this trial").[1]

Here, Plaintiffs had engaged two experts to assist in the presentation of the matter. Edward A. Baker was a special agent for the FBI for 28 years and conducted criminal, foreign counter-intelligence and counter terrorism investigations. He was in charge of court-authorized electronic intercept matters for the Boston FBI office for a number of years. Mr. Baker acting as a consulting expert assisted counsel to Plaintiffs with understanding how the Total Recall System ("TRS") operated. Notably, Mr. Baker's assistance was indispensable as Defendants' technicians were familiar only with the basics of the TRS, gleaned from a very brief training session with the system's manufacturer. Mr. Baker would have testified in this matter; however he was called to special duty in Iraq prior to trial.

---

[1] Cases collected in *Taxation of Costs and Awards of Expenses in Federal Court*, by Laura B. Bartell at 101 F.R.D. 553.

Plaintiffs then retained William F. Odom III to assist in the case. He is a computer forensics expert and former FBI agent. His qualifications were never challenged by Defendants. As Plaintiffs were prohibited from accessing the actual recordings of the system, Mr. Odom's testimony was indispensable to establishing each and every count of Plaintiffs' case in chief. Mr. Odom determined that 754,672 phone calls were recorded and logged by the TRS between May 23, 2002 and February 10, 2003. Additionally, Mr. Odom was able to establish that TRS recorded all incoming and outgoing calls, with listed exceptions, on every hard-wired phone line located within the Providence Public Safety Complex.

Clearly, Mr. Odom's testimony helped the Court as well as the jury understand the means employed by Defendants to violate Plaintiff's statutory and civil rights by the unauthorized recording of their telephone conversations. The early assistance of Mr. Baker and the testimony of Mr. Odom, were the centerpiece of this matter. The involvement of the experts was necessary, crucial and essential to the litigation of this matter – otherwise, there literally would have been no case because of the restraints place on Plaintiffs with respect to accessing the data from the TRS. Therefore, due to these exceptional circumstances the Court must exercise its equitable discretionary authority and tax as costs the fees of these expert witnesses in excess of the statutory allowances established in § 1821.

### B. Expert Witness Fees are Recoverable by Prevailing Plaintiffs in Civil Rights Litigation to Allow Recovery for the Cost of Vindicating their Rights.

As in this case, where the testimony and assistance of expert witnesses was necessary or helpful to the presentation of a plaintiff's civil rights action, federal courts have held that expert witness fees were recoverable by prevailing plaintiffs. The Fifth Circuit in ***Jones v. Diamond,*** asserted that in most civil rights litigation, and in ***Jones*** in particular, expert testimony was a

vital ingredient in the proper presentation and decision of a case. 636 F.2d 1364 (5th Cir. 1981). In ***Jones,*** prisoners held in a county jail challenged the condition of their confinement and sought damages for the violation of their civil rights. The court emphasized that without the ability to recover expert witness fees, plaintiffs would be unable to bring such cases, indicating Congress had manifested an intention that a different rule be applied in civil rights litigation. In the court's view, for private citizens to be able to assert their civil rights and for those who violate the nation's fundamental laws not to proceed with impunity, then citizens must have the opportunity to recover the costs to vindicate their rights in court.

Again in ***Berry v. McLemore***, the Fifth Circuit noted the importance of expert witness testimony. 670 F.2d 30 (5th Cir. 1982). The district court below expressly found that the expert witness' testimony related to an issue in the action as to the position of the parties when the defendant pulled the trigger and fired the shot that injured the plaintiff. The circuit court stated that a review of the record was sufficient to establish that the expert witness testimony was an important part of the plaintiff's case. Accordingly, the court reversed the denial of the expert witness fee and assessed against the defendant such fee as additional costs. Likewise, awarding expert witness fees to the prevailing plaintiffs in a civil rights action, the court in ***Wallace v House,*** 377 F. Supp 1192 (W.D. La. 1974) *affd in part and revd in part on other grounds,* 515 F.2d 619 (5th Cir. 1975) reasoned that where courts had found an award of attorney's fees appropriate in civil rights and voting rights cases on a private attorney general theory as benefitting the public, they had also found an award of litigation expenses such as expert witness fees, transportation for expert witnesses, and other special services to be taxable as costs. *See also* ***Ramos v. Lamm,*** 713 F.2d 546, (10th Cir. 1983) (in civil rights action challenging the constitutionality of conditions in a maximum security unit of a penitentiary, court affirmed

conclusion that expert witnesses testimony was reasonably necessary and expert fees were taxable.)

Similarly, the expert consultation and testimony in Plaintiff's action for violation of their Fourth Amendment rights under §1983, was not only necessary and helpful, but essential and crucial to the litigation as explained above. The expert witness fees must be taxable as a cost because as in ***Jones***, without the ability to recover the costs of vindication, plaintiffs would not be able to bring these cases that ultimately benefit the public interest. Failure to award expert witness fees would foster a chilling effect on plaintiffs who believe they have a bona fide civil rights cause of action.

### C. Plaintiff's Recovery is Based on a State Law Claim making the Restrictions of §1821 Inapplicable.

Similar to the instant matter, in ***Freeman v. Packaging Machinery Co.*** the plaintiff brought and recovered on parallel federal and state claims. 865 F.2d 1331 (lst Cir. 1988). Despite the doubt ***Crawford*** cast over the district court's ability to award expert witness fees in excess of the ceiling under federal laws, the First Circuit held that the rule of ***Crawford*** did not constrain state law. ***Crawford Fitting Co., v. J.T. Gibbons, Inc.,*** 482 U.S. 437, 439 (1987). In ***Crawford*** the Supreme Court explained that §1821[2] limits the amount of witness fees awardable, and §1920 allows a court to tax such fees as costs only within those limits. However, the ***Freeman*** court asserted that ***Crawford*** was applicable only in the absence of statutory or contractual authorization for more generous payments.

The court further held because Freeman recovered under state law as well as federal law for age discrimination, unlike the federal law, there was no cap on the amount of witness fees

[2] 28 U.S.C. §1821 states in pertinent part: "**Except as otherwise provided by law,** a witness in attendance at any court of the United States . . . shall be paid the fees and allowances provided by this section." (Emphasis added.)

awardable as costs under the state law of Massachusetts. The court held the district court had discretion to act under the state statute and award expert witness fees. "The court indicated its awareness of Freeman's eligibility for the succor of state law in authorizing the filing of his fee-and costs application." 865 F.2d 1331,1349.

Here, Plaintiffs recovered damages for wire tap violations under R.I. Gen Law §12-5.1-13 which provided, *inter alia,* that Plaintiffs "shall be entitled to recover . . . reasonable attorneys' fees and other litigation disbursements reasonably incurred." As the ***Freeman*** court espoused, a substantive remedy created by state law applies when a federal court proceeds to hear and determine the state law claim. *See also* ***Northern Heel Corp. v. Compo Industries Inc***. 851 F.2d 456, 475 (lst Cir. 1988) (entitlement to counsel fees "comprised a substantive part of the state-law remedy for a state-law cause of action, the proper rule of decision governing the award should have been derived from [state] law, rather than federal law." ).

In sum, because Plaintiffs' recovery is an integral part of the substantive state-law remedy of §12-5.1-13, the state wiretap statute, the provisions of the state statute should override the restrictions of §1821. Simply put, an award of expert fees in this civil rights case is proper because it is not made as a taxation of costs pursuant to 28 U.S.C. §1821, but as a "litigation disbursement" under R.I. Gen. Laws §12-5.1-13.

## III. Argument in Response to Defendants' Objection to the Taxation of Costs.

As mentioned previously, the court generally reviews cost awards with a presumption favoring an award of costs to the prevailing party. ***Fernandez & HNOS, Inc. v. Kellogg USA, Inc.,*** 516 F.3d 18 (lst Cir. 2008); ***In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation,*** 994 F.2d 96 (lst Cir. 1993). A second consequence of the presumption

created by F.R.C.P. 54(d) is that the losing party must overcome the presumption. ***Wellman v. Faulkner,*** 713 F.2d 269, 277 (7th Cir. 1983). Defendants have failed to rebut the award-of-costs presumption in their objection to the taxation of costs.

Furthermore, as a threshold issue, the argument set forth above with respect to cost-shifting under the damages clause of R.I.Gen. Laws §12-5.1-13 with respect to expert witness fees, pertains as well to the "litigation disbursements" that Defendants object to as well. Taxable costs are not constrained by §1920, as they are compensable under the Rhode Island wiretap statute §12-5.1-13.

**A. Fees Associated with Defendants Dismissed from the Matter.**

Defendants contend that any costs relating to Plaintiffs' litigation of claims against Defendants Cianci, Prignano or Richardson should not be shouldered by the Defendants that remained in the matter. However, because all Defendants were "inextricably intertwined," costs associated with the dismissed Defendants need not be prorated. *See* ***Freeman***, 865 F.2d 1331, 1350 (costs associated with claims that are inextricably intertwined need not be prorated.) Or as Defendants admit in their memorandum in support of their objection, this Court has previously noted "suit against a municipal official in his or her official capacity is the equivalent . . . of a suit against the municipality itself." Therefore, Defendants are one and the same and the costs Defendants complaint of were appropriately taxed against the remaining Defendants.

**B. Fees to Court Reporter Relating to Ordered Transcripts.**

In their objection Defendants argue that costs associated with fees for the court reporter which were in the amount of $2,973.05 relating to transcripts that Plaintiff ordered should not

have been taxed against Defendants. Taxation of costs for the fees of a court reporter who prepares any "stenographic transcript necessarily obtained for use in the case" is permitted under §1920. A transcript will be found to be "necessarily obtained" if "it was necessary to counsel's effective performance and proper handling of the case. ***Marcoin, Inc. v. Edwin K. William & Co.,*** 88 F.R.D. 588, 590 (E.D.Va.1980). In reaching its decision the court should look to the length and complexity and the need of the court and parties for the transcripts. ***Cooke v. Universal Pictures,*** 135 F. Supp. 480 (S.D.N.Y. 1955).

The transcripts in question were ordered by counsel for Plaintiff to memorialize the testimony of adverse witnesses for impeachment purposes later in the trial. Clearly, in a case that spanned over a month this was not a frivolous expenditure, as the transcripts were an aid both to the court as well as to the litigants to review the witnesses' testimony. Therefore, the costs of these transcripts were properly taxed against Defendants as "necessarily obtained for use in the case."

**C. Fees Associated with Printing Costs.**

Defendants assert the award Plaintiffs received for costs associated with printing/copying in the amount of $8,587.56 should have not been taxed against Defendants. Significantly, the First Circuit has broadened its interpretation of the provisions of §1920 to include copying costs incurred which were "reasonably necessary to the maintenance of the action." ***Rodriguez-Garcia v. Davila,*** 904 F.2d 90,100 (lst Cir. 1990). Clearly, copying costs related to this matter were necessary to maintain the action. For example, one of the expenses for copying that Defendants exemplify in their memorandum that totaled $799.72, was necessarily incurred to copy the firemen's logs so Plaintiff could review them during the litigation. These copies of the logs

ultimately determined the calculation of damages. Therefore, Defendants' objection to the award of printing costs is meritless and the award must stand.

### D. Fees Associated with "Other Costs."

Defendants argue that fees categorized as "other costs" should not have been taxed against Defendants. In actuality, these fees were wrongly disallowed by the Clerk of the Court. The submission titled "Vincent Pellegrino Ins. Adj.—Adj. Services $250.00" were actually services rendered by an insurance adjuster acting as an investigator retained to discover addresses of Defendants for the purpose of serving summons. Furthermore, charges for supplies for $334.16 from Staples are compensable as they would not regularly be absorbed by the overhead of the firm. These expenses were specific to the needs of the litigation and are legitimate "litigation disbursements" in accordance with the §12-5.1-13. Therefore, these costs should be taxed against Defendants as well.

## IV. Conclusion.

For the foregoing reasons, the Clerk's decision to deny Plaintiffs' claims for an award of expert witness fees as well as fees related to "other costs" must be set aside and awarded to Plaintiffs by this Court. Furthermore, the legitimate "litigation disbursements" Defendants complain of in their objection and that have been awarded to Plaintiffs should not be disturbed.

Plaintiffs
By their attorneys,

/s/ Mark A. Fay______
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Peter Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
gsantopi@coilepore.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

/s/ Mark A. Fay
Mark A. Fay