**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, ET AL

VS C.A. NO. 04-304A

CITY OF PROVIDENCE, ET AL

**MUNICIPAL DEFENDANTS' OBJECTION TO THE PLAINTIFFS' APPLICATION FOR ATTORNEY'S FEES AND COSTS**

Now come the Municipal Defendants in the above entitled matter and hereby object to Plaintiffs' Application for Attorney's Fees and Costs. Defendants submit the accompanying Memorandum in support of said objection.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, ET AL

VS C.A. NO. 04-304A

CITY OF PROVIDENCE, ET AL

**MUNICIPAL DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO THE PLAINTIFFS' APPLICATION FOR ATTORNEY'S FEES AND COSTS**

## I. STATEMENT OF FACTS

These consolidated cases involve 135 Plaintiffs, all of whom are City of Providence employees or their friends or relatives. The cases are brought under 42 U.S.C. §1983, Federal and State wiretapping statutes and the state privacy statutes.

Recognizing the absence of a cause of action against Defendant Richardson, the Plaintiffs voluntarily dismissed Richardson from the case on March 30, 2006. A copy of the dismissal stipulation is attached hereto as Exhibit "A." Similarly recognizing the absence of a cause of action against Defendant Cianci, the Plaintiffs voluntarily dismissed him from the case on April 19, 2006. A copy of the dismissal stipulation is attached hereto as Exhibit "B."

Recognizing a complete absence of evidence against Defendant Prignano, at the close of the Plaintiffs' case, the court granted Prignano's Motion for Judgment as a matter of law and entered judgment on behalf of Prignano on April 3, 2008. A copy of the Amended Judgment is attached hereto as Exhibit "C."

The cases were tried from February 13, 2008 to March 24, 2008. The jury commenced deliberations on March 25, 2008 and returned its verdicts on March 26, 2008.

The Jury found in favor of Plaintiffs on their constitutional claims (Counts I and II) and awarded nominal damages. The Jury found in favor of the Plaintiffs on their invasion of privacy claim (Count V) and awarded nominal damages. Finally, the jury found in favor of the Plaintiffs and against Defendants Vieira and City of Providence on their state wiretap claims (Count VI).

The jury awarded 72 Plaintiff's, (a majority of Plaintiffs) $0.00 under the wiretapping act in that they found no days of violation.

The Plaintiffs filed a Motion for a New Trial as to these Plaintiffs. On May 15, 2008, the Court denied their Motion.

On April 10, 2008, the Plaintiff filed an application for attorneys' fees seeking $577,588.00.

The Plaintiffs seek the following fees for the following attorneys:

| | | |
|---|---|---|
| - | Mark A. Fay | $ 221,125.00 |
| - | Carolyn A. Mannis | $ 210,800.00 |
| - | Steven H. Crawford | $ 16,200.00 |
| - | Lauren Jones | $ 2,950.00 |
| - | David L. Krech | $ 39,420.00 |
| - | Mark L. LaBollita | $ 640.00 |
| - | Robert S. Thurston | $ 15,300.00 |
| - | Maureen Souza | $ 26,750.00 |

And the following Paralegals:

| | | |
|---|---|---|
| - | Kendra L. Kima | $ 26,928.00 |
| - | Donna M. Rogers | $ 18.00 |
| - | Debra C. Mannis | $ 13,725.00 |

Defendants seek to reduce the attorneys' fees based on four issues: (1) the Plaintiffs are not prevailing parties as to Defendants Cianci, Prignano and Richardson; (2) much of the fees sought are for duplicative work; (3) contemporaneous time sheets are lacking for all Attorneys Fay's and for many of Attorney Mannis' fees; (4) the 72 Plaintiffs who were awarded nominal damages are not prevailing parties.

The Defendants will deal with these issues ad seriatim

## II. ARGUMENT

### A. The Plaintiffs are not entitled to any fees for work performed regarding Defendants Cianci, Richardson and Prignano as the Plaintiffs are not the prevailing parties as to those Defendants

The Trial Court's starting point in fee-shifting cases is to calculate a lodestar. Typically, a court proceeds to compute the lodestar amount by ascertaining the time counsel spent on the case and then subtracting from that figure hours which were duplicative, unproductive, excessive or otherwise unnecessary. Lipsett v. Blanco, 975 F. 2d 934 (1st Cir. 1992), at 937. The Court then applies hourly wages to the constituent tasks, taking into account the prevailing rates in the community for comparably qualified attorneys. Id. at 937.

Under 42 U.S.C. §1988, a prevailing party is entitled to recover attorneys' fees unless "special circumstances would render such an award unjust." Pontarelli v. Stone, 781 Supp. 114, 119 (D.R.I. 1992) appeal dismissed, 978 F. 2d, 773 (1st Cir. 1992). Plaintiffs are defined as prevailing when they "succeed" on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978), overruled on other grounds by Richardson v. Miller, 279 F.3d 1, 4 (1st Cir. 2002). In short, "a plaintiff must be able

to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed. 866 (1989); see also Farrar v. Hobby, 506 U.S. 103, 111-12, 113 S.Ct. 566, 121 L.Ed 2d 494 (1992) ("In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.")

In the case at bar, the litigation did not alter the legal relationship between the Plaintiffs and Defendants Cianci and Richardson. Realizing the lack of evidence against either of these defendants, the Plaintiffs voluntarily dismissed them from the case.

Nor did the litigation alter the relationship between the Plaintiffs and Defendant Prignano. Finding that there was no evidence against Defendant Prignano, the Magistrate Judge granted Prignano's Motion for Judgment as a matter of law at the close of the Plaintiffs' case.

Therefore, the Plaintiffs are not the prevailing party against Defendants Cianci, Richardson, and Prignano and any fees or costs attributable to those defendants should be disallowed. The Defendants have identified the following fees attributable to those three Defendants:

| | |
|---|---|
| **Defendant Cianci:** | **$10,762.50** |
| **Defendant Richardson:** | **$18,143.00** |
| **Defendant Prignano** | **$21,401.00** |
| **Total:** | **$50,306.50** |

The Defendants have segregated the fees attributable to these Defendants in their exhibits which are detailed below:

Exhibit D- fees attributable to Defendant Cianci;

Exhibit E – fees attributed to Defendant Richardson;

Exhibit F- fees attributable to Defendant Prignano.

Thus, there should be an immediate deduction of $50,306.50.

**B. The Plaintiffs are not entitled to any attorneys' fees as to the seventy-two (72) Plaintiffs who received no damage awards under the State Wiretapping Act as these Plaintiffs are not prevailing parties.**

More than half of the Plaintiffs in this case received no monetary award under the wiretapping statute.

Those Plaintiffs had a commonalty - friends and relatives of Walden firefighters Plaintiffs. All of these Plaintiffs testified that they called in on the firefighter's private line. One could infer, based on that, that the jury believed the Defendants that the private line was not recorded.

In any event, these Plaintiffs received neither a monetary award nor an injunction. By filing out zero next to their name (a copy of the verdict sheet is attached hereto as Exhibit "G"), the jury was stating that the Plaintiffs' calls were never recorded. Thus, there was no violation of the wiretapping act. For the purpose of this motion the Defendants have included the dismissed Plaintiffs also. In Exhibit "H," a copy of which is attached hereto, the Defendants have identified the legal work related to those Plaintiffs who received zero under the wiretap statute and who were dismissed. The total amount of these fees is $38,163.00. Thus, that amount should be deducted from the application for attorney's fees.

Even though those seventy-two (72) Plaintiffs received $1.00 under 42 U.S.C. §1983, that is insufficient to make them prevailing parties under 42 U.S.C. §1988 for fees and costs.

Assuming, *arguendo*, that Plaintiffs are the prevailing parties in this case, they are not necessarily entitled to fees and costs. In Farrar v. Hobby, 506 U.S. 103, 570 (1992), the United States Supreme Court held that although a civil rights plaintiff who recovers damages in any amount qualifies as a "prevailing party" under 42 U.S.C. 1988, courts should evaluate the degree of a plaintiff's success in awarding attorney's fees. The Plaintiffs in Farrar were not awarded money damages or declaratory relief but were awarded $1.00 in nominal damages for violations of their civil rights. See id at 571. The Supreme Court denied the plaintiff's attorneys fees, however, in part because "This litigation accomplished little beyond giving petitioners 'the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated' in some unspecified way." Farrar, citing Hewitt v. Helms, 482 U.S. 755, 762 (1987).

The holding in Farrar is analogous to the case at bar because Plaintiffs' award of $1.00 represented their *de minimis* success in establishing that the Municipal Defendants violated their constitutional right. Carey v. Piphus, 435 U.S. 247 (1978). In essence, those plaintiffs received a nominal award in acknowledgment that their civil rights had been violated. Plaintiffs failed to obtain an injunction and failed to obtain a declaratory judgment that the wiretapping was in violation of law.

**C. The Application for Attorneys' Fees for Attorneys Fay and Mannis Should be Reduced Because of the Lack of Contemporaneous Time Records**

District Courts have discretion when awarding fees and expenses under 42 U.S.C. §1988. See Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 1941(1983). The attorney's account of the value of the legal services and the amount of time spent must be scrutinized with care. King v. Greenblatt, 560 F. 2d 1024, 1027 (1st Cir. 1977), cert denied, 430 U.S. 916, 98 S.Ct. 3146, 57 L.Ed. 2d 1161 (1978).

The existence of contemporaneous time records is an important factor in determining the amount of attorneys' fees to be rewarded.

A failure to document time might merit disallowance or at least drastic reduction of a fee award. Souza v. Southworth, 564 F.2d 609, 612 (1st Cir. 1977).

**1. Attorney Mark Fay:**

At the hearing on the Defendants' Motion to Compel Production of Contemporaneous Time Records, Attorney Mannis admitted on the record that Attorney Fay has no contemporaneous time records. Part of the exchange between Attorney Mannis and the Magistrate Judge was as follows:

> So are there underlying records of Mr. Fay, given that he's one of the primary billers in this matter, are there underlying contemporaneous records of Mr. Fay that we used to produce t his?
> **Mannis:** No. That is the document, which was created from other people's contemporaneous time records.
> **The Court:** So how did they find what Mr. Fay's time was?
> **Ms. Mannis:** From my records, from Mr. Crawford's records, from the documents that exist, the docket. But there are very few entries that are just Mr. Fay's entries.
> **The Court:** Okay. So—and your records will have entries of work that Mr. Fay did?
> **Ms. Mannis:** Correct.
> **The Court:** All right. **(Tr. pg. 12)**
>
> **The Court:** Well, I'm not getting in to what whether or not what you've provided the Court is sufficient to support your fee request. That's not before the Court today.
> What's before the Court is they've asked for contemporaneous records, and you're indicating that they've been provided, to the extent they exist. If they don't exist, then the parties can argue the relevance of that—
> **Ms. Mannis.** Right.
> **The Court:** --If any, to the ultimate award of fees.
> So, as to Attorney Fay, whatever contemporaneous records there are, if any, have been produced?
> **Ms. Mannis:** Correct. **Tr. pg. 13)**

> **The Court:** All right. What I'm going to do is I'm going to grant the Defendant's motion to compel in part. I'm denying their motion to strike.
> Defendants shall, within one week, identify 50 entries in Exhibit A of Ms. Mannis' time, produce those 50 dates to Ms. Mannis, and she can redact 50 sample entries form that group, and that should be a sufficient amount to give you a check that there is a consistency between her contemporaneous records and what's included in Exhibit A.
> As to the request as it relates to time sheets for Attorney Fay, Ms. Mannis represented on the record that there are not original time sheets, that his time was included in Exhibit A from other records which have been produced in the matter. You can argue whatever you want based on that, but that's her representation, so I'm not going to issue an order to compel that. **( Tr. pgs. 23 -24**)

A copy of the cited transcript pages are attached hereto as Exhibit "I."

Given the fact that Attorney Mannis, co-counsel, (Attorney Fay was not present at the hearing) admitted that Attorney Fay has no contemporaneous records, his fees should be substantially reduced. The Defendants propose a 50% reduction from $221,125.00 to $110,562.50.

**<u>2. Attorney Carolyn Mannis:</u>**

In a text order dated June 10, 2008, the Court ordered the Defendant to give Attorney Mannis fifty dates for which they sought contemporaneous time records. The Defendants did so, but the Attorney Mannis did not have records for seventeen of those.

The Defendants have compiled a record of the dates, the work alleged to have been done and the fees sought for those dates. A copy is attached hereto as Exhibit "J." The total sought for those dates is $10,375.00. Thus, her fee should be reduced a minimum of $10,375.00 from $210,800.00 to $200,425.00.

Moreover, because she did not produce any other contemporaneous time sheets, the Defendants propose reducing the remainder by 25% from $200,425.00 to $150,318.75.

Even though the Court didn't order Attorney Mannis to produce more than the records for fifty dates, the Court still has the discretion to reduce the fees because she never produced the others. The Court is in the unenviable position of having a reduced number of contemporaneous time records for Attorney Mannis and none for Attorney Fay.

In Wojtkowski v. Cade, 725 F.2d 127 (1st Cir. 1984) at 130, the First Circuit advised attorneys to maintain detailed contemporaneous time records. After this, the First Circuit stated that for fee applications filed after December 5, 1984, the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance. Grendel's Den, Inc V. Larkin 749 F.2d 445 (1st Cir. 1984) at 951.

**D. The application should be reduced because much of the fees sought are for duplicative work**

The Defendants have identified multiple tasks performed by the Plaintiffs which involve two or more lawyers. The Defendants have segregated and totaled these entries in Exhibit "K" attached hereto.

The total is $91,745**.** The Defendants arrived at this figure in the following manner:

> Anywhere on Exhibit A to the Plaintiffs' Memorandum where there were entries for more than one lawyer with the exception of court appearances, the Defendants deducted the time for one of the lawyers, always deferring to the lead counsel. Moreover,

anywhere on Exhibit "A" where there was an entry of lawyers meeting together; the Defendant deducted the entire entry.

The time for two or three lawyers in a courtroom or conference where one would do may be discounted. Hart v.Bourque, 798 F. 2d 519 (1st Cir. 1986) at 523. In fact, a Trial Court should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism. Id. at 938. The same should apply here.

The Defendants have not reduced the fees of the Plaintiff for two attorneys in Court, only for out of court time.

Many of the deductions entered are for the Plaintiffs' attorneys speaking to themselves. Many of the others are for two attorneys receiving the same set of interrogatories or orders.

To determine the number of hours reasonably spent, one must first determine the number of hours actually spent and then subtract or secure from that figure hours which were duplicative, unproductive, excessive or otherwise unnecessary. Grendel's Den, Inc. vs. Larkin, 749 F.2d 945 (1st Cir. 1984) citing Hensley v. Eckerhart, 103 S.Ct. at 1939-50; Wojtkowski v. Cade, 725 F.2d at 130 (1st Cir. 1984). Furtado v. Bishop, 635 F. 2d 915, 919-20 (1st Cir. 1980).

The Defendants propose a reduction of $91,745.00 for duplicative work.

**E. The Requested Hourly Rates Should Be Reduced**

Reasonable rates under 42 U.S.C. §1988 are calculated according to the prevailing market rates in the relevant community, i.e. those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. Grendel's Den, Inc. vs. Larkin, 749 F.2d 945 (1st Cir. 1984) citing Blum v. Stenson, 465 U.S. 886,

104 S.Ct. 1541, 1547 & n. 11, 79 L.Ed. 891 (1984). Below are the requested rates of the Attorneys involved and the Municipal Defendants' suggested rates:

| **Attorney** | **Requested Rate** | **Suggested Rate** |
|---|---|---|
| Mark Fay | $250.00 | $200.00 |
| Carolyn Mannis | $250.00 | $175.00 |
| Steven H. Crawford | $150.00 | $150.00 |
| Lauren Jones | $250.00 | $150.00 |
| David Krech | $200.00 | $150.00 |
| Mark LaBollita | $200.00 | $150.00 |
| Robert S. Thurston | $200.00 | $150.00 |
| Maureen Souza | $250.00 | $150.00 |

Here, Plaintiffs have indicated:

> [T]he proposed rates for Attorney (sic) Fay, Mannis, Jones and Souza of $250.00 per hour and for Attorneys Krech, LaBollita and Thurston of $200.00 per hour, and for Attorney Steven Crawford at $150.00 per hour are at or below the market rates for attorneys with comparable experience and competence in Rhode Island.

Plaintiffs' Memorandum of Law in Support of Plaintiff's (sic) Motion for an Award of Attorneys' Fees at 8.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437. As the First Circuit noted in Andrade v. Jamestown Housing Authority, 82 F.3d 1179 (1st Cir.1996):

> In determining a reasonable hourly rate, the Supreme Court has recommended that courts use "the prevailing market rates in the relevant community" as the starting point. While an attorney may inform the court's analysis by providing evidence of her customary billing rate and of prevailing rates in the community, the court is not obligated to adopt that rate. Moreover, the court is entitled to rely upon its own knowledge of attorney's fees in its surrounding area in arriving at a reasonable hourly rate, as well as the defense attorneys' rates.

Id. at 1190, (internal citations omitted), citing Blum, 465 U.S. at 895, n. 11.

In O'Rourke v. City of Providence, 235 F.3d 713 (1st Cir. 2001), the First Circuit affirmed the district court's conclusion that one attorney's work was "analogous to the role of an 'associate,' [and] should be compensated at a lower rate…[than] the 'partner,' who did all of the witness questioning and arguments at trial." Id. at 737. Here, since Attorneys Fay and Mannis alone were trial counsel, the rates of all other attorneys should be lower than theirs under the rubric of O'Rourke. See id. Plaintiffs' contention that Attorneys Jones and Souza should be entitled to the same rate as trial counsel is in conflict with the First Circuit's holding in O'Rourke. In fact, save for Attorneys Fay, Mannis, and Krech (who argued at one hearing and entered a very limited entry of appearance), no other attorneys entered their appearance in this case or appeared before this Court in any capacity during the course of this litigation. Their hourly rates should therefore be lowered considerably, to a maximum of $150.00 each.

Similarly, Attorney Mannis' rate should be lowered to $175.00, as she was not lead counsel during the trial. Attorney Fay made both the opening statement and the closing argument and generally took the lead during the course of the trial.

In Grendel's Den, the First Circuit held that Harvard Law Professor Laurence Tribe's hourly rate of $275.00 was excessive and lowered it to $175.00. See Grendel's Den, 749 F.2d at 956. In holding the rate excessive, the First Circuit considered Professor Tribe's experience as a litigator, the simplicity of the case's factual elements, and the complexity of the legal issues. See id. Here, that the instant matter's factual elements are uncomplicated warrants a lower hourly rate than Plaintiffs have requested. See id. Attorney Fay's proposed rate of $250.00 should be reduced to $200.00, as was awarded in O'Rourke. Despite the later date of this trial, the rate is appropriate since

Attorney Fay is less experienced than Attorney DeMaria was at that time. In O'Rourke, the First Circuit affirmed the District Court's rulings relating to the attorneys' hourly rates.

> Magistrate Judge Lovegreen noted that DeMaria "is recognized as a well-established, highly-regarded trial attorney in the Rhode Island legal community. He has had substantial trial experience both in the federal and state courts for over twenty years. He has tried many and substantial civil matters, including civil rights matters, to verdict and is deserving of the high end of the appropriate range. In this matter, he entered his appearance just prior to trial, came up to speed quickly and conducted a successful, albeit flawed, first trial and a successful second trial." Consequently, relying on "information learned at settlement conferences, other reports and recommendations issued by this Court as to awards of attorney fees, and decisions of other courts in attorney fee award cases[,]" Magistrate Judge Lovegreen concluded that $200 per hour was a reasonable rate.

O'Rourke v. City of Providence, 77 F.Supp.2d 258, 269 (D.R.I.1999) (internal citations omitted), rev'd on other grounds, O'Rourke v. City of Providence, 235 F.3d 713. Attorney Fay's experience, detailed in his affidavit, does not rise to the level of Attorney DeMaria's as described in O'Rourke. Attorneys Fay and Mannis indicated in their respective affidavits that they have been practicing law for fewer than twenty years – not the case with Attorney DeMaria, who not only had, at the relevant time, practiced law for a longer period, but also had "tried many and substantial civil matters, including civil rights matters, to verdict and is deserving of the high end of the appropriate range." O'Rourke v. City of Providence, 77 F.Supp.2d at 269.

Therefore, the Municipal Defendants request that this Court disregard the rates suggested by Plaintiffs and utilize the rates of $200.00 for Attorney Fay, 175.00 for Attorney Mannis, and a maximum of $150.00 for all other attorneys for whom this Court makes an award.

**F. Expert Witness Fees Should Not Be Included as a Part of the Attorney's Fee.**

Plaintiffs requested $60,540.22 in reimbursements for the cost associated with the testimony and analysis by three witnesses, William Odom, Alex Lefferts, and Edward Baker, whom Plaintiffs maintained were experts ("expert costs"). The Bill of Costs taxed by the Clerk (Document 386) omitted the taxation of these expert costs. To the extent that Plaintiffs have moved this Court to award expert costs in the instant motion, the Municipal Defendants object.[1]

Even if, potentially, an award were proper here, portions of Mr. Odom's deposition and trial testimony, significant in both time and relevance, related to the alleged recording of the firefighters' "private line." Essentially, Mr. Odom relied on a "speculative basis" in theorizing that the private line was recorded; he utilized "a multi-step process of elimination." Memorandum and Order dated May 15, 2008 (Document 369), at 10.

The jury found that the Rhode Island Wiretap Act was not violated by the Municipal Defendants with regard to 72 of the 135 Plaintiffs remaining in the case at the time of the verdict. As this Court has noted, it is a "plausible explanation" that "[t]he jury concluded that Plaintiffs did not prove that the firefighters' 'private' phone line was recorded." Id. This Court went on to note:

> Although Plaintiff firefighters testified as to use of both the "private" line and the Fire Department's business lines, the family/friend Plaintiffs testified that they utilized only the "private" line. If the jury found that Plaintiffs failed to prove that the "private" line was intercepted and

[1] Plaintiffs posit that "to the extent Plaintiffs receive their requested costs in their Bill of Costs, their claim here should be reduced accordingly." See Plaintiffs' Memorandum of Law in Support Of Plaintiff's Motion for an Award of Attorneys' Fees at 9, n.5 (Document 330-2). Presumably, Plaintiffs' position is that expert costs should be awarded pursuant to 42 U.S.C. § 1988 since the expert costs were not taxed by the Clerk in the Bill of Costs.

> recorded, then it makes perfect sense that they would find no days of violation as to the family/friends. Plaintiffs' only evidence as to the recording of the "private" line came from their expert, Mr. Odom. Mr. Odom did not specifically discuss the recording of the "private" line in his expert report dated September 24, 2007. In his deposition on December 18, 2007, Mr. Odom identified two recorded extensions (2090 and 6090) which he equated to the "private" line. Mr. Odom reached his conclusion based on a multi-step process of elimination. Defendants unsuccessfully moved in limine to preclude Mr. Odom from offering his opinion on the "private" line. See Document No. 245. However, Defendants' counsel thoroughly cross-examined Mr. Odom as to both the timing of and speculative basis for this portion of his opinion. Based on the evidence, it is quite plausible that the jury exercised its prerogative to disregard Mr. Odom's opinion on the recording of the "private" line. If so, it makes perfect sense that the jury would find no days of violation as to those Plaintiffs whose claims were based solely on interception of the "private" line.

Memorandum and Order dated May 15, 2008 (Document 369), at 10-11.

Since the recording of the private line was such a significant part of Plaintiffs' proof in this case, and it appears that the jury concluded that the private line was not recorded, the costs associated with this failed endeavor should not be borne by the Defendants. The Municipal Defendants pray that this Court exercise the wide discretion it has in the instant matter and diminish the amount to be borne by the Defendants.

Finally, even if this Court were to disagree with the Municipal Defendants' position, *supra*, there are other reasons to diminish any potential award. No receipts, whether for lodging, transportation, or other expenses, were provided. Rather, Plaintiffs provided only the bills their counsel received. In Grendel's Den, the First Circuit held:

> Nor do we see any effort to minimize costs in his taking a three-bedroom suite at an expensive hotel. Accordingly, we find that the compensable room and board for Professor Tribe and his assistant should not have exceeded $400 for a reasonable stay of two days and one night.

Grendel's Den, 749 F.2d at 956. There, the First Circuit noted that costs should be minimized and reasonable. Here, Plaintiffs seek to be awarded costs that are not

reasonable. For example, the cost of Mr. Odom's lodging for two nights in May of 2006 was $494.94, or $247.47 per night. See Document 323-3, page 59 of 68. Doubtless, more modest accommodations were available. In December 2007, Mr. Odom had two meals, each of which exceeded $90.00, and for which Plaintiffs seek reimbursement from the Defendants. See id., page 64 of 68. The reasonableness of costs that the First Circuit required in Grendel's Den is lacking here; in fact, the documents provided by Plaintiffs which list the expert costs are littered with unreasonable costs. See Document 323-3, page 59 of 68 (a single meal charge of $75.21); page 64 of 68 (single night hotel charges of $256.21, $359.34, $253.03, and $260.21). The Defendants should not be required to pay for Plaintiffs' witness's five-star lodging and meals, *even if* Plaintiffs were wholly successful as to each Defendant on every claim (which was *not* the case here).

At some unknown point and without explanation, Mr. Odom's hourly rate increased 30%, from $250.00 to $325.00. See id. at 60 and 63 of 68. Both rates applied to non-testimony time. The Municipal Defendants should not be required to pay for an unwarranted and unilaterally decided rate increase, much less of one to the degree at issue here. Even the lower of these rates is unreasonable, especially when compared to the rate of Mr. Baker, the expert Plaintiffs initially retained in this matter, who "would have testified in this matter," but did not because "he was called to special duty in Iraq." Plaintiffs' Memorandum in Support of Plaintiffs' Objection to the Clerk's Denial of Claims Related to Expert Witness Fees and Reply to Defendants' Objection to Costs Awarded to Plaintiffs (Document 394-2) at 3. Since the reason he did not testify had nothing to do with his qualifications, it is plainly unreasonable that Mr. Odom's rate is 325% of Mr. Baker's rate. The cost of Plaintiffs' extravagance in choosing to utilize the

services of such an expensive expert, when one could have been retained for a third of the cost, should not be borne by the Defendants. For reasons discussed *infra*, the Municipal Defendants are not able to determine the number of hours for which each rate applied.

Most egregiously, there are discrepancies in the billing provided. There are several instances of retainers being billed in the expense compilation Plaintiffs provided, but these sums are never credited against the charges, but instead are merely added to the sum Plaintiffs seek from the Defendants. See Document 323-3, page 9 of 68. Retainers are not charges; they are advance payments. Despite this, Plaintiffs seek the retainers' reimbursement as separate charges, totaling $9,000.00.

Further, Plaintiffs seek reimbursement for what appear to be duplicate expenses. Mr. Odom billed for the period of December 1, 2007 to January 31, 2008. See id. at 62 of 68. He also billed for the period of November 21, 2007 to March 31, 2008. See id. at 66 of 68. Plaintiffs, it appears, seek to be reimbursed for the whole of both of these costs, even where there is overlap. The scant and inadequate bills provided do not contain enough information for the Municipal Defendants to detect where (if not everywhere) there is overlap.

With regard to Mr. Baker, Plaintiffs indicate that he "assisted counsel to Plaintiffs with understanding how the Total Recall System operated." Id. This assistance, which occurred very early in this litigation, is claimed to have cost $4,033.97. See Document 323-3, page 9 of 68. Mr. Baker never testified and never produced any writing that would be provided to the Defendants; Plaintiffs have produced nothing to substantiate how these costs were necessary to litigate this case. As such, they should not be allowed. Similarly, Plaintiffs seek reimbursement for the services of Alex Lefferts, a coworker of

Mr. Odom. The Municipal Defendants are left to guess why they should be required to pay $1,626.00 for the services he reportedly rendered. See id. at 62-63 ($325.00 charged for one hour of "Preparation for Deposition by the City of Providence," though Mr. Lefferts was not deposed). This hourly rate of $325.00 is wholly unsubstantiated since the Defendants know nothing of Mr. Leffert's credentials, much less how they are triply superior to Mr. Baker's.

## III. CONCLUSION

The Application for Attorneys' fees is just one more chapter in the long tortuous history of this case.

The Court has been put in the unenviable position of wading through voluminous documents detailing time spent on this case by numerous attorneys, the majority of which never entered their appearance in this case. Those voluminous documents are chuck full of records of conferences between the Plaintiffs' attorneys.

The records are also full of duplicative work. This is to say, more than one attorney billing for the same task, i.e. review of interrogatories.

In addition, lead counsel for the Plaintiffs, Mark Fay, has no contemporaneous time records in contravention of the First Circuit's edict in Grendel's Den, Inc. vs. Larkin, 749 F.2d 945 (1st Cir. 1984). Moreover, Ms. Mannis has produced almost no contemporaneous time records.

Seventy Two (72) of the Walden Plaintiffs received only nominal damages, but still seek attorneys' fees.

The Plaintiffs recognized the lack of evidence against Defendants Cianci and Richardson voluntarily dismissing them from the case, yet they seek attorney's fees for

work done relative to them. The Court recognized the complete lack of evidence against Defendant Prignano and dismissed him out of the case at the close of the Plaintiffs' case. The Plaintiffs persist in seeking attorneys' fees for the work related to him, anyway. "[T]he extent of [Plaintiffs'] success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." Hensley, 461 U.S. at 440.

As to costs, the Plaintiffs want the Defendants to pay for high priced meals of their expert as well as for an expert who never testified.

The attorneys' fees sought are in excess of the judgment obtained.

All of the aforementioned factors should be considered by the Court in exercising its discretion in ruling on the attorneys' fees application.

The Defendants have presented several alternatives to the Court for reducing the sought after fees. The Defendants request that the Court substantially reduce the sought after fees and costs in accordance with these alternatives.

Municipal Defendants,

By their Attorneys:
Joseph M. Fernandez, City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor

/s/ Michael A. Calise
Michael A. Calise (#6715)
Assistant City Solicitor

City of Providence Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 ext. 333
(401) 351-7596 (fax)
kevin_mc1950@hotmail.com
mcalise@providenceri.com

Certificate of Service

I hereby certify that on this 10th day of July 2008, I filed **Municipal Defendants' Objection and Memorandum in Support of Their Objection to the Plaintiffs' Application for Attorney's Fee and Costs** electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903
mark@murphyandfay.com

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, Rhode Island 02903
carolynmannis@hotmail.com

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915
drobinson@dgrlaw.necoxmail.com

George L. Santopietro, Esq.
Peter J. Comerford, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, Rhode Island 02903
gsantopi@coilepore.com
pcomerfo@coialepore.com

/s/ Kevin F. McHugh
Kevin F. McHugh

**List of Exhibits**

| | |
|---|---|
| Exhibit "A" | Richardson Dismissal Stipulation |
| Exhibit "B" | Cianci Dismissal Stipulation |
| Exhibit "C" | Amended Judgment |
| Exhibit "D" | Cianci Attorney Fees |
| Exhibit "E" | Richardson Attorney Fees |
| Exhibit "F" | Prignano Attorney Fees |
| Exhibit "G" | Jury Verdict Form |
| Exhibit "H" | Dismissed Plaintiffs' Attorney Fees |
| Exhibit "I" | Transcript dated June 10, 2008 |
| Exhibit "J" | Mannis Billing |
| Exhibit "K" | Duplicative Billing |

**UNITED STATE DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als,

v. C.A. No. 04-304S

RECEIVED
Clerk, U.S. District Court
District of Rhode Island

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**Consolidated With**

JOHN C. CHMURA, et. als

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**AMENDED STIPULATION OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT JOSEPH RICHARDSON PURSUANT TO FED. R. CIV. P. 41(a)(1)(ii)**

Now come the parties, by and through their Attorneys, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), and hereby Agree and Stipulate that Defendant **JOSEPH RICHARDSON**, a named Defendant in each of the above captioned (consolidated) cases, may be **HEREBY DISMISSED WITH PREJUDICE**, in BOTH his individual capacity and in his (former) official capacity as an employee of the City of Providence, with no award of interest, costs, or sanctions, in BOTH of the above-captioned consolidated cases. It is further Agreed and Stipulated by the parties that all parties' respective rights to appeal from said Dismissals are hereby **WAIVED.**

Plaintiffs,
By Their Attorneys,

Mark A. Fay, Esq. #4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor

Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP



Exhibit A

Providence, RI 02903
(401) 490-3200; fax 490-3207

Dated: 1-31-06

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466; fax 351-3914

Dated: 1-31-06

Defendants City of Providence,
David Cicilline, and Dean Esserman,
by Their Attorneys,

Kevin F. McHugh, Esq. #3927
Michael Calise, Esq. #6715
City of Provience Department of Law
275 Westminster Street
Providence, RI 02903
(401) 421-7740, ext. 333; fax 351-7596

Dated: 3/30/06

Defendant Mary Lennon,
by Her Attorney,

Dean Robinson, Esq., #3852
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540; fax 433-1605

Dated: 3/30/06

362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

Dated: MARCH 29, 2006

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th floor
Providence, RI 02903
(401) 521-7977; fax 521-6901
Dated: 3/29/06

Defendant Manuel Vieira,
By His Attorney,

George L. Santopietro, Esq. #2056
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
(401) 751-5522; fax 331-3758

Dated: MARCH 29, 2006

Defendant Urbano Prignano, Jr.
By His Attorney,

Susan Carlin, Esq., #2648
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
(401) 335-4550; fax 335-4515

Dated: 3/29/06

Defendant Vincent A. Cianci, Jr.
By His Attorney,

George L. West, Esq. #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2215
(401) 861-9042; fax 861-0330

Dated: 3/30/06

ENTER:

**CERTIFICATION**

I certify that on March 29, 2006, I mailed and faxed a true copy of the within, postage prepaid, to all counsel of record, listed above, at the addresses and fax numbers listed above.

**BRENNAN, RECUPERO, CASCIONE, SCUNGIO & MCALLISTER, LLP**
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP
362 BROADWAY
PROVIDENCE, RHODE ISLAND 02909

TEL. (401) 453-2300 FAX (401) 453-2345

EDMUND J. BRENNAN, JR.*
RONALD F. CASCIONE°
KEVIN J. MCALLISTER°
JOSEPH J. RECUPERO°
BENJAMIN M. SCUNGIO°

ANDREW HENNEOUS°
MICHAEL J. POLAK'
LAUREN F. VERNI^
KATHERINE J. MCALLISTER°

THOMAS S. HEMMENDINGER°
OF COUNSEL
PETER J. FURNESS°
OF COUNSEL

° ADMITTED IN RI & MA
* ADMITTED IN MA
' ADMITTED IN MA & ME
^ ADMITTED IN RI, MA & CT

March 31, 2006

# FAX COVER SHEET

| | | |
|---|---|---|
| To: | Mark A. Fay, Esq. | 490-3207 |
| | Carolyn A. Mannis, Esq. | 351-3914 |
| | Kevin McHugh, Esq. ( & Mr. Calise, Esq.) | 351-7596 |
| | George Santopietro, Esq. | 331-3758 |
| | George West, Esq. | 861-0330 |
| | Thomas Cronin, Esq. | 521-6901 |
| | Susan Carlin, Esq. | 335-4515 |
| | Dean Robinson, Esq. | 433-1605 |

From: Kevin J. McAllister, Esq.

**MESSAGE: Re: Walden & Chmura v. City of Providence Matter, C.A. 04-304S &04-553S**

**Total Pages: 4**

**CONFIDENTIALITY NOTICE**

This page and any documents accompanying this facsimile contain information which is or may be privileged and confidential. The information transmitted herewith is intended only for the use of the person or persons named as recipients on this cover sheet. If you are not the intended recipient, please be advised that any disclosure, copying, or distribution of these materials, or the information contained within these materials, is strictly prohibited. If you have received this facsimile transmission in error, please notify us immediately by telephone at (401) 453-2300, so that we may arrange for the return or disposal of this facsimile. Thank you for your cooperation.

RECEIVED
APR 10 2006
Property of U.S. District Court
District of Rhode Island

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.:

v. C.A. No. 04-304-S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**Consoliated With**

JOHN C. CHMURA, et Als.:

v. C.A. No. 04-553-S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**STIPULATION OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT, VINCENT A. CIANCI, JR., PURSUANT TO FED. R. CIV. P. 41(a)(1)(ii)**

Now come the parties, by and through their Attorneys, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), and hereby Agree and Stipulate that the actions against the Defendant, **VINCENT A. CIANCI, JR.**, a named Defendant in each of the above-captioned (consolidated) cases, may be **HEREBY DISMISSED WITH PREJUDICE**, in BOTH his individual capacity and in his (former) office capacity as Mayor of the City of Providence, with no award of interest, costs, or sanctions, in BOTH of the above-captioned consolidated cases. It is further Agreed and Stipulated by the parties that all parties' respective rights to appeal from said Dismissals are hereby **WAIVED**.

Plaintiffs,
By Their Attorneys,

Mark A. Fay, Esq. #4208
MURPHY & FAY, LLP
127 Dorrance Street, 2nd Floor

Defendant, Vincent A. Cianci, Jr.
By His Attorney,

George J. West, Esq., #3052
One Turks Head Place, Suite 312
Pr[redacted] RI 02903-2215

ENTER
WILLIAM E. SMITH
U.S. DISTRICT JUDGE
DATE 4/19/06

Exhibit B

Providence, RI 02903
Telephone: 401-490-3200
Facsimile: 401-490-3207

Dated: April 6, 2006

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466; fax 351-3914

Dated: April 6, 2006

Defendants City of Providence, David Cicilline, and Dean Esserman
By Their Attorneys

Kevin F. McHugh, Esq. #3927
Michael Calise, Esq. #6715
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
(401) 421-7740, ext. 333; fax 351-7596

Dated: 4/10/06

Defendant Mary Lennon
By Her Attorney,

Dean Robinson

Dean Robinson, Esq., #3852
670 Willett Avenue
East Providence, RI 02915
(401) 383-6540; fax 433-1605

Dated: 4/10/06

Telephone: 401-861-9042
Facsimile: 401-861-0330

Dated: 4/5/06

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: 04/06/06

Defendant Manuel Vieira
By His Attorney,

George L. Santopietro, Esq. #2056
Cota & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
(401) 751-5522; fax 331-3758

Dated: 4/6/06

Defendant Urbano Prignano, Jr.
By His Attorney,

Susan Carlin

Susan Carlin, Esq., #2648
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865
(401) 335-4550; fax 335-4515

Dated: 4/6/06

Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister

Kevin J. McAllister, Esq., #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

Dated: 4/10/06

ENTER:

CERTIFICATION

I certify that on April 10, 2006, I mailed a true copy of the within postage prepaid, to all counsel of record, listed above, at the addresses listed above.

George J. West

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| v. | : | C.A. No. 04-304A |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

| | | |
|---|---|---|
| JOHN CHMURA, et al. | : | |
| | : | |
| v. | : | C.A. No. 04-553A |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

## AMENDED JUDGMENT

**[X]** Decision by the Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**[X]** Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**IT IS ORDERED AND ADJUDGED:**

Thomas Walden, et al. v. City of Providence, et al.
C.A. No. 04-304A

In accordance with the Court's decision on March 17, 2008 granting the Defendant's Motion for Judgment as a Matter of Law, judgment shall enter in favor of Defendant Urbano Prignano, Jr. and against Plaintiffs on all counts.

In accordance with the jury's verdict on March 26, 2008, judgment shall enter as follows:

**Count I**
In favor of Plaintiffs and against Defendants in the nominal amount of $1.00 per Plaintiff. Punitive Damages are also awarded against Defendants Manuel Vieira and Mary Lennon each in the amount of $1.00 per Plaintiff.

**Count II**
In favor of Plaintiffs and against Defendants in the nominal amount of $1.00 per Plaintiff. Punitive Damages are also awarded against Defendants Manuel Vieira and Mary

Exhibit C

Lennon each in the amount of $1.00 per Plaintiff.

**Count IV**
In favor of Plaintiff and against Defendants Manuel Vieira and the City of Providence in the nominal amount of $1.00 per Plaintiff.

In favor of Defendant Mary Lennon and against Plaintiffs.

**Count V**
In favor of Plaintiffs and against Defendants in the nominal amount of $1.00 per Plaintiff.

**Count VI**
In favor of Plaintiffs and against Defendants Manuel Vieira and the City of Providence with the following awarded as statutory damages pursuant to R.I. Gen. Laws § 12-5.1-13:

| | |
|---|---|
| Thomas Walden | $ 8,100.00 |
| Robert J. Barrett | $ 8,700.00 |
| William R. Kenyon, Jr. | $ 9,500.00 |
| Philip E. Payne | $ 6,600.00 |
| Paul A. Doughty | $ 5,300.00 |
| Frank Reddington | $ 7,400.00 |
| Joseph Mellor | $ 4,100.00 |
| Patrick Leonard | $ 100.00 |
| Joseph Molis | $ 1,400.00 |
| E. Christopher Petit | $ 100.00 |
| Donald J. Dubuque | $ 9,100.00 |
| Robert Reilly | $ 9,200.00 |
| Paul Buteau | $ 5,800.00 |
| Matthew L. Randall | $ 9,300.00 |
| Edward S. Kennedy | $ 8,600.00 |
| Donald Rathbone | $ 7,900.00 |
| Peter K. McMichael, Jr. | $ 2,800.00 |

| | |
|---|---|
| Frederick A. Robinson, Jr. | $ 7,500.00 |
| Ernest E. Young IV | $ 7,400.00 |
| Craig Martin | $ 6,900.00 |
| Paul M. Picozzi | $ 7,400.00 |
| Ernest Robert | $ 6,600.00 |
| Michael Bates | $ 8,100.00 |
| Paul A. Wentworth | $ 8,000.00 |
| William J. Higginson, Jr. | $ 5,900.00 |
| Michael C. Segee | $ 8,500.00 |
| Donna Luce | $ 4,000.00 |
| Bonnie Benson | $ 200.00 |
| Gerald P. Carvalho | $ 300.00 |
| Joseph W. Bretanha | $ 9,200.00 |
| Roger D. Richards, Jr. | $ 8,000.00 |
| Steven G. Ruhle | $ 8,700.00 |
| Daniel J. Brodeur | $ 9,000.00 |
| Joseph R. Vingi, Jr. | $ 8,500.00 |
| Kenneth G. Greenwell | $ 8,700.00 |
| Christoher P. O'Halloran | $ 9,000.00 |
| James J. Rock | $ 9,800.00 |
| William L. Serbst, III | $ 8,700.00 |
| Daniel V. Rinaldi | $ 9,200.00 |
| Robert Cataldo | $ 500.00 |
| Peter J. Celani | $ 9,100.00 |
| Vincent P. Clements | $ 9,200.00 |
| John J. Hannon | $ 9,800.00 |
| Robert D. Crellin | $ 8,000.00 |

| | |
|---|---|
| Christopher S. Wagner | $ 2,300.00 |

In favor of Defendant Mary Lennon and against Plaintiffs.

John Chmura, et al. v. City of Providence, et al.
C.A. No. 04-553A

In accordance with the Court's decision on March 17, 2008, granting the Defendant's Motion for Judgment as a Matter of Law, judgment shall enter in favor of Defendant Urbano Prignano, Jr. and against Plaintiffs on all counts.

In accordance with the jury's verdict on March 26, 2008, judgment shall enter as follows:

**Count I**
In favor of Plaintiffs and against Defendants in the nominal amount of $1.00 per Plaintiff. Punitive Damages are also awarded against Defendants Manuel Vieira and Mary Lennon each in the amount of $1.00 per Plaintiff.

**Count II**
In favor of Plaintiffs and against Defendants in the nominal amount of $1.00 per Plaintiff. Punitive Damages are also awarded against Defendants Manuel Vieira and Mary Lennon each in the amount of $1.00 per Plaintiff.

**Count IV**
In favor of Plaintiff and against Defendants Manuel Vieira and the City of Providence in the nominal amount of $1.00 per Plaintiff.

In favor of Defendant Mary Lennon and against Plaintiffs.

**Count V**
In favor of Plaintiffs and against Defendants in the nominal amount of $1.00 per Plaintiff.

**Count VI**
In favor of Plaintiffs and against Defendants Manuel Vieira and the City of Providence with the following awarded as statutory damages pursuant to R.I. Gen. Laws § 12-5.1-13:

| | |
|---|---|
| Andrea Baker | $10,500.00 |
| Jamie Araujo | $11,500.00 |
| Theresa J. Mancini | $13,800.00 |

| | |
|---|---|
| Arleen Ann Pullon | $13,100.00 |
| Melissa Melvin | $11,300.00 |
| Eugenia M. Pattek | $13,700.00 |
| Laurie Gannon | $11,800.00 |
| Robin Owens | $13,100.00 |
| Donna M. Pietrunti | $12,800.00 |
| Maria Bianco (Drohan) | $15,600.00 |
| Emilia Grover | $11,800.00 |
| Julia D. Goins | $ 10,200.00 |
| Susan Harrington | $ 11,700.00 |
| Margaret Burns | $ 11,200.00 |
| Debra L. Silva-Rocha | $ 13,600.00 |
| Sandra Manning | $ 12,900.00 |
| Yvonne Giragosian | $ 10,500.00 |
| John C. Chmura | $ 1,000.00 |
| Maribel Patino | $ 10,300.00 |

In favor of Defendant Mary Lennon and against Plaintiffs.

ENTER:

/s/ Jeannine Noel
Jeannine Noel, Deputy Clerk

Dated:

April 3, 2008

# Cianci Attorney Fees

| Date | Description | Attorney/ Paralegal Initials | Rate/ Hour | Hours | | |
|---|---|---|---|---|---|---|
| 12/9/04 | Receive and review Cianci's stipulation to extend time to respond to complaint | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50<br>50 | |
| 1/13/05 | Receive and review show cause order re Cianci; conference re order to show cause; receive and review stipulation re Cianci answer to complaint | CAM<br>MAF | 250<br>250 | .8<br>.8 | 200 | |
| 1/14/05 | Receive and review entry of appearance on behalf of Cianci; receive and review answer to complaint filed by Cianci | CAM<br>MAF | 250<br>250 | 1.2<br>1.2 | 300<br>300 | |
| 4/26/05 | Receive and review answer to (Chmura) Complaint filed by Cianci | MAF | 250 | .8 | 200 | |
| 4/27/05 | Prepare objection to motion for protective order, motion to adjudge in contempt and memorandum of law in support of same; file same; legal research re same; receive and review answer from Cianci to second complaint; conference re same | CAM<br>MAF | 250<br>250 | 3.5<br>3.5 | 875<br>875<br>¼<br>637.50 | |
| 8/16/05 | Prepare for and attend meeting w/Ted Baker (expert witness prep); correspondence to Kevin McHugh re hard drive; prep req. for production re same; prep depo. notices re Vieira, Prignano, Lennon, Richardson and Cianci | CAM<br>MAF | 250<br>250 | 4.2<br>6.0 | 1050<br>1500 | |
| 8/30/05 | Receive and review motion re protective order filed by Cianci | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>125 | |
| 9/7/05 | Prepare and file Plaintiffs' objection to defendant Cianci's motion for protective order; prepare plaintiffs' memorandum of law in support of their objection to defendant Cianci's Motion for Protective Order | CAM<br>MAF | 250<br>250 | 1.5<br>.5 | 375<br>125 | |
| 9/13/05 | Conference re: strategy of Order re: sameness; Expert testimony; Mirror image and Depositions re Vieira and Cianci protective order | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 | ½<br>37.50 |
| 9/22/05 | Prepare for and attend hearing re Cianci's motion for protective order; meeting re strategy for motion for leave of court re Cianci depo; meeting re answers to interrogatories and request for production and extension of time re same; receive and review order granting defendant Cianci's motion for protective order | CAM<br>MAF | 250<br>250 | 3.6<br>2.0 | 900<br>500 | |
| 9/23/05 | Receive/review order re protective order of Cianci; prepare plaintiffs' motion for leave of court to take deposition; prepare motion and memo of support re contempt and order compelling city re hardware, revise file re same; review and prepare exhibits re same; file same | CAM<br>MAF | 250<br>250 | 2.6<br>1.0 | 650<br>250 | |
| 9/28/05 | Receive and review order re Cianci deposition re Young case | CAM | 250 | .3 | 75 | |
| 10/3/05 | Receive and review objections and memoranda re Cianci deposition (Cianci and City) | CAM<br>MAF | 250<br>250 | 1.6<br>1.6 | 400<br>400 | |
| 10/4/05 | Receive/review notice re hearing re Cianci depo | CAM | 250 | .8 | 200 | |

Exhibit D

| | | | | | | |
|---|---|---|---|---|---|---|
| | and motion to enlarge time; meeting re discovery responses | MAF | 250 | .8 | 200 | |
| 10/6/05 | Prepare for hearing on Cianci deposition and motion to enlarge submission re AG subpoena; conference and attention to file re same | CAM<br>MAF | 250<br>250 | 1.6<br>.5 | 400<br>125 | |
| 10/7/05 | Prepare correspondence to Judge Martin re AG subpoena; conference and preparation re motion for leave to take depo of Cianci | CAM<br>MAF | 250<br>250 | 2.6<br>.5 | 650<br>125 | |
| 10/11/05 | Receive/review order re motion to enlarge time and order re Cianci deposition; conference with Mark Fay re strategy for AG documents and meeting re same | CAM<br>MAF | 250 | .6<br>.6 | 150<br>150 | |
| 10/14/05 | Conference re strategy on AG documents, Cianci deposition and motion re hard drive; attention to file re same | CAM<br>MAF | 250<br>250 | .6<br>.3 | 160<br>75 | |
| 10/24/05 | Prepare and file stipulation re discovery by all plaintiffs and Cianci | MAF | 250 | .3 | 75 | |
| 10/25/05 | Receive/review executed stipulation re extension re Cianci answers re interrogatories | CAM | 250 | .2 | 75 | |
| 1/12/06 | Prepare and file stipulation re Cianci answers to depo questions | CAM<br>MAF | 250<br>250 | .3<br>.2 | 75<br>50 | |
| 2/27/06 | Receive, review and sign stipulation re entry for defendant Vincent Cianci | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>125 | |
| 3/1/06 | Receive and review stipulation extending time for Cianci to file motion and answer to interrogatories | CAM<br>MAF | 250<br>250 | .3<br>.1 | 75<br>25 | |
| 3/22/06 | Receive and review stipulation re extending time for Vieira, Cianci and Prignano to file motions for summary judgment | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 | 1/3<br>50 |
| 4/19/06 | Receive and review stipulation re dismissal re Cianci order | CAM<br>MAF | 250<br>250 | .3<br>.1 | 75<br>25 | |
| 6/20/06 | Receive and review motion and memorandum re motion for final judgment re Cianci | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50<br>50 | |
| **Total:** | | | | | **10,762.50** | |

Richardson Attorney Fees

| Date | Description | Attorney/Paralegal Initials | Rate/Hour | Hours | |
|---|---|---|---|---|---|
| 10/12/2004 | Receive and review correspondence from McAllister re Joseph Richardson Answer; conference w/opposing counsel re extension to answer complaint | CAM<br>MAF | 250<br>250 | .4<br>.2 | 100<br>50 |
| 10/12/2004 | Receive and review correspondence and entry of appearance on behalf of Joseph Richardson | CAM<br>MAF | 250<br>250 | .2<br>.2 | 500<br>500 |
| 10/13/2004 | Receive and review correspondence and stipulation re Richardson answer; execute same; meeting w/opposing counsel re same | CAM<br>MAF | 250<br>250 | .4<br>.4 | 100<br>100 |
| 10/14/2004 | Receive and review stipulation extending time for defendant J. Richardson to respond to complaint signed by Judge Smith | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50<br>50 |
| 10/25/2004 | Receive and review answer to complaint filed by defendant J. Richardson | CAM<br>MAF | 250<br>250 | .1<br>.1 | 250<br>250 |
| 11/23/2004 | Receive and review petition for court excusal re K. McAllister | CAM | 250 | .2 | 50 |
| 12/22/2004 | Conference re Kevin McAllister; receive and review correspondence and discovery propounded to Plaintiffs | CAM<br>MAF | 250 250 | .3<br>.3 | 75<br>75 |
| 1/5/2005 | Receive and review motion to compel all plaintiffs to answer first set of interrogatories filed by defendant Richardson | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 1/5/2005 | Receive and review motion to compel all plaintiffs to produce requested documents field by defendant Richardson | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 1/14/2005 | Hearing re motion to compel all plaintiffs to produce documents requested by Richardson | CAM<br>MAF | 250<br>250 | 1.0<br>1.0 | 250<br>250 |
| 1/28/2005 | Meeting w/Craig Martin re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 1.5 | 135 |
| 1/28/2005 | Meeting w/Robert M. Cataldo and family re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 2 | 180 |
| 1/28/2005 | Meeting w/William L. Serbst, III and wife re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 1.5 | 135 |

Exhibit E

| | | | | | |
|---|---|---|---|---|---|
| 1/31/2005 | Continue working on plaintiffs' response to defendant Joseph Richardson's first set of interrogatories | CAM<br>MAF | 250<br>250 | 2.0<br>2.0 | 500<br>500 |
| 1/31/2005 | Meeting w/Bonnie J. Benson re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 1.0 | 9 |
| 1/31/2005 | Meeting w/Edward S. Kennedy and wife, Joseph Molis and wife, Thomas Walden and wife, J. Rock and C. O'Brien, Paul Picozzi and wife, P. Wentworth and wife re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 6.5 | 585 |
| 2/3/2005 | Meeting w/Joseph Vingi, Jr. and family, Joseph Bretanha and family, Matthew Randall and wife re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 4.5 | 405 |
| 2/4/2005 | Meeting w/Phillip E. Payne and family, Chris Wagner and Gerald Carvalho and family re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 5.0 | 450 |
| 2/7/2005 | Meeting w/Joseph P. Moreino, Jr. and wife, Peter Celani and wife, Donald Rathbone and family, and Kenneth Greenwell and wife re review of and signing of interrogatories from Defendant Richardson | KLL/SHC | 150 | 6.0 | 900 |
| 2/10/2005 | Meeting w/Daniel V. Rinaldi and family, Steven Ruhle and family, and Chris Petit and wife re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 4.5 | 405 |
| 2/11/2005 | Meeting w/Kenneth G. Greenwell and wife re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 1.5 | 135 |
| 2/14/2005 | Meeting w/Ernest Young and wife, Robert Barrett and wife and Frank Reddington and family re review of and signing | KLL/SHC | 150 | 5.5 | 825 |
| 2/15/2005 | Meeting w/John J. Hannon, William R. Kenyon and family, Mark Randall and wife, Frederick Robinson and family re review of and signing of interrogatories from Defendant Richardson | KLL/SHC | 150 | 6.5 | 975 |
| 2/22/2005 | Meeting w/Vincent P. Clements re review of and signing of interrogatories from Defendant Richardson | KLL/SHC | 150 | 1.5 | 225 |

| | | | | | |
|---|---|---|---|---|---|
| 3/3/2005 | Meeting w.Chris O'Halloran and wife, re review of and signing of interrogatories from Defendant Richardson | KLL/SHC | 150 | 4.5 | 675 |
| 6/14/2005 | Receive and review notice re hearing re motion to compel production; receive and review correspondence from K. McAllister re meet and confer requirements re discovery requests | CAM<br>MAF | 250 250 | .5<br>.5 | 125<br>125 |
| 6/27/2005 | Conference re Richardson discovery request and meeting re amended complaint | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 6/28/2005 | Prepare and file stipulation re motion to compel | CAM | 250 | .1 | 125 |
| 6/30/2005 | Phone call re Richardson | CAM | 250 | 0.1 | 25 |
| 7/5/2005 | Receive and review motion to dismiss, motion to compel answers to first set of interrogatories and requested documents by Richardson | CAM<br>MAF | 250 250 | 1.5<br>1.5 | 375<br>375 |
| 7/11/2005 | Conference re motion to dismiss re discovery filed by Richardson | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>125 |
| 7/21/2005 | Receive and review K. McAllister's court excusal | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50<br>50 |
| 8/15/2005 | Meeting w/Paul Buteau re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 1.5 | 375 |
| 8/24/2005 | Meeting w/Robert J. Reilly and family re review of and signing of interrogatories form Defendant Richardson | KLL/SHC | 150 | 1.5 | 225 |
| 8/25/2005 | Meeting w/ Robert D. Crellin and Donald Dubuque and wife re review of and signing or interrogatories | KLL/SHC | 150 | 3.0 | 450 |
| 9/12/2005 | Meeting w/Roger Richards Jr. and Joshetta Gabbidon re review of and signing of interrogatories from Defendant Richardson | KLL/SHC | 150 | 1.5 | 225 |
| 9/16/2005 | Meeting w/Joseph F. Mellor and wife Paul Doughty and daughters re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 3.3 | 297 |
| 9/19/2005 | Meeting w/Michael Segee and wife re review of and signing | KLL | 90 | 1.5 | 135 |
| 9/27/2005 | Meeting w/ Mark Tillman re review of and signing of interrogatories | KLL | 90 | 1.5 | 135 |
| 10/11/2005 | Receive and review faxed correspondence from K. McAllister re Richardson deposition | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50<br>50 |
| 10/12/2005 | Receive correspondence re Richardson deposition | CAM<br>MAF | 250<br>250 | NC | |
| 10/13/2005 | Receive/review correspondence from K. McAllister re available depo dates for J. Richardson | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |

| | | | | | |
|---|---|---|---|---|---|
| 10/17/2005 | Receive and review correspondence re court filing re Richardson; receive and review motion for entry of judgment and memorandum of law in support of same; receive and review motion to exceed page limit; receive and review motion to dismiss and memorandum of law re Chmura interrogatories; receive and review motion to dismiss and memorandum of law re Chmura production; attention to file re same | CAM<br>MAF | 250<br>250 | 1.5<br>1.5 | 375<br>375 |
| 11/1/2005 | receive faxed correspondence from K. McAllister re Chmura response to production | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50<br>50 |
| 11/2/2005 | Receive correspondence from K. McAllister re Chumra response to production | CAM<br>MAF | 250<br>250 | .2<br>.2 | NC |
| 11/7/2005 | Receive/review notice re discovery motion hearings and correspondences from K. McAllister re production responses | CAM | 250 | .3 | 75 |
| 1/3/2006 | Prepare stipulation re defendant Joseph Richardson's motion for entry of judgment of dismissal against 27 plaintiffs in Chmura complaint | CAM | 250 | .6 | 150 |
| 1/3/2006 | Prepare stipulation re defendant Joseph Richardson's motion for entry of judgment of dismissal re Tibbetts, Mancini, Isherwood, Derobbio, Calcagni, Bates, Manning and Hughes | CAM<br>MAF | 250 250 | .4<br>.4 | 100<br>125 |
| 2/9/2006 | Conference re deposition schedules; receive/review motion to dismiss from K. McAllister re Michael Bates and Michael Hughes | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>125 |
| 2/15/2006 | Call from S. Carlin re Prignano deposition; receive/review motion to dismiss from K. McAllister re Michael Bates and Michael Hughes | CAM<br>MAF | 250<br>250 | .5<br>.4 | 112.5<br>112.5 |
| 2/16/2006 | Prepare fro and conduct deposition of Urbano Prignano, Jr.; conference re expert affidavit | CAM<br>MAF | 250<br>250 | 3.0<br>.3 | 750<br>75 |
| 2/27/2006 | Prepare for and conduct deposition of Joseph P. Richardson, Jr. | CAM | 250 | 3.8 | 950 |
| 3/14/2006 | Receive/review fax re dismissal stipulation of J. Richardson | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50<br>50 |
| 3/29/2006 | Receive, review, and sign amended stipulation of dismissal re defendant Joseph Richardson | CAM<br>MAF | 250 | .3<br>.3 | 75<br>75 |
| 4/3/2006 | Receive and review amended stipulation of dismissal order | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50<br>50 |

| | | | | | |
|---|---|---|---|---|---|
| 4/7/2006 | Receive and review Joe Richardson's Motion for Entry of Judgment and memo in support of same | CAM<br>MAF | 250<br>250 | 1.5<br>1.0 | 375<br>250 |
| | | | | | **18,143.50** |

# Prignano Attorney Fees

| Date | Description | Attorney/ Paralegal Initials | Rate/ Hour | Hours | |
|---|---|---|---|---|---|
| 12/3/04 | Receive and review faxed correspondence from S. Carlin re extension re complaint answer (Walden) | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50<br>50 |
| 12/7/04 | Call to and from attorney Susan Carlin re continuance | CAM | 250 | .2 | 50 |
| 12/17/04 | Receive and review answer to complaint filed by Prignano | CAM<br>MAF | 250<br>250 | 1.0<br>1.0 | 250<br>250 |
| 5/2/05 | Receive Urbano Prignano's answer to second amended complaint; receive and review M. Vieira's response to plaintiffs' request for production of documents; meeting re same | CAM<br>MAF | 250<br>250 | 2.0<br>2.0 | 500 1/2<br>500 250 |
| 8/16/05 | Prepare for and attend meeting w/Ted Baker (expert witness prep); correspondence to Kevin McHugh re hard drive; prep req. for production re same; prep depo. notices re Vieira, Prignano, Lennon, Richardson and Cianci | CAM<br>MAF | 250<br>250 | 4.2<br>6.0 | 1060 1/4<br>1500<br>637.50 |
| 2/15/06 | Call from S. Carlin re Prignano deposition; receive/review motion to dismiss from K. McAllister re Michael Bates and Michael Hughes | CAM<br>MAF | 250<br>250 | .5<br>.4 | 125 1/2<br>100 112.5[illegible] |
| 3/22/06 | Receive and review stipulation re extending time for Vieira, Cianci and Prignano to file motions for summary judgment | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 1/3 50<br>75 |
| 4/4/06 | Conference w/Susan Carlin re dismissal of Prignano; conference re same | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>125 |
| 4/6/06 | Receive and review motions and memoranda re summary judgment and statements of undisputed facts re Lennon, Vieira and Prignano | CAM<br>MAF | 250<br>250 | 6.5<br>6.5 | 1625 1/3<br>1625 1083 |
| 4/13/06 | Prepare stipulation re time in which plaintiffs may file responses, objections, memoranda of law and affidavits re defendant Vieira, Prignano and Lennon's motions for summary judgment | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 1/3 58<br>50 |
| 4/17/06 | Receive and review stipulation extending time for plaintiffs to respond to Vieira, Prignano and Lennon's motions for summary judgments order | CAM<br>MAF | 250<br>250 | .1<br>.1 | 25 1/3 16<br>25 |
| 5/9/06 | Conf w/RST re Prignano and Lennon motions; continue analysis; legal research re use of hearsay in opposition to summary judgment; being drafting statement of disputed facts | DLK | 200 | 2.6 | 520 |
| 5/17/06 | Review RST draft of Prignano memorandum; conf w/RST re official and individual capacity suits; continue drafting Vieira memorandum; add'l research re 1983 actions | DLK | 200 | 2.2 | 440 ½ 220 |
| 5/18/06 | Legal research; revise/edit Prignano memorandum; conf w/DLK | RST | 200 | 6.3 | 1260 |
| 5/19/06 | Conf w/DLK; review LEJ memo; legal research; revise/edit Prignano memorandum; conf w/DLK | RST | 200 | 3.0 | 600 |

Exhibit F

| | | | | | |
|---|---|---|---|---|---|
| 5/29/06 | Revise/edit Prignano facts and memorandum, Lennon facts and memorandum and Vieira facts, email from/to LEJ; continue drafting/revising Vieira memorandum | DLK | 200 | 7.2 | 1440 1/3<br>480 |
| 5/30/06 | T/c M.Fay; construct appendices for Prignano and Lennon memoranda using materials collected by Kendra and supplementing them; draft covers for appendices; number pages of appendices; insert appendix cites into disputed statement of facts and memoranda; draft Rule 11 memorandum and objection; emails to/from DLK,LEJ; revise/edit Rule 11 memorandum; multiple conf w/LEJ | RST | 200 | 8.4 | 1680<br>½<br>840 |
| 6/28/06 | Receive and review reply memo re Prignano re motion for summary judgment | CAM<br>MAF | 250<br>250 | .4<br>.2 | 100<br>50 |
| 7/1/06 | Review Prignano opposition memorandum | LEJ | 250 | .2 | 50 |
| 9/14/06 | Receive and review supplemental memo re Prignano in support of motion for summary judgment | MAF | 250 | .3 | 75 |
| 9/15/06 | Receive/review Prignano's supplemental memorandum; continue research and analysis | DLK | 200 | .8 | 160 |
| 10/22/06 | Draft objection to City's motion; revise/supplement statement of disputed facts for City's motion; prepare appendix to statement of disputed facts; prepare supplemental appendix for memorandum in response to Lennon's supplemental memorandum; edit memoranda (City, Lennon, Vieira); draft response to Prignano's supplement al memorandum; memo to LEJ | DLK | 200 | 9.2 | 1840<br>¼<br>460 |
| 10/23/06 | Revise/supplement response to Prignano's supplemental memorandum; edit/revise other memoranda; prepare supplemental appendix for memorandum in response to Lennon's supplemental memorandum; edit memoranda (City, Lennon, Vieira); draft response to Prignano's supplemental memorandum; memo to LEJ | DLK | 200 | 6.4 | 1280 |
| 8/18/07 | Receive and review motion in limine re Prignano re expert | CAM<br>MAF | 250<br>250 | .3<br>.5 | 75<br>75 |
| 8/21/07 | Prepare fax to Susan Carlin w/attached letter addressed to Kevin McHugh and William Odom's preliminary report; review file re same | KLL | 90 | .4 | 36 1/3<br>12 |
| 9/7/07 | Receive and review motions in limine re damages filed by Lennon, Vieira, and Prignano; conferences and attention to file re same | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 1/3<br>125 83 |
| 12/7/07 | Receive and review notice of depo re William Odom filed by Lennon, Prignano and Vieira | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 1/3<br>50 33 |
| 1/11/08 | Receive and review response to motion in limine to exclude testimony and evidence related to certain defenses relative to all defendants filed by Urbano Prignano | CAM<br>MAF | 250 | 1.5 | 375 |
| 1/14/08 | Receive and review objections to motions in limine filed by Manuel Vieira and City; receive and review motion in limine re expert re City and | CAM<br>MAF | 250<br>250 | 3.2<br>3.2 | 800 1/4<br>800 400 |

| | | | | | |
|---|---|---|---|---|---|
| | Prignano; receive and review objection re emergency motion for discovery re City and memorandum re same | | | | |
| 1/15/08 | Receive and review objections re discovery motion re Prignano and Lennon; receive and review motion in limine re expert testimony re Vieira; attention to file re same; receive and review order | CAM<br>MAF | 250<br>250 | 1.0<br>1.0 | 250 1/3<br>250 166 |
| 1/17/08 | Receive Mary Lennon, City of Providence, Vieira and Prignano's Pre-trial memoranda | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 1/4<br>125 62 |
| 1/18/08 | Review City of Providence's Lennon's, Vieira's, and Prignano's pretrial memoranda | MAF | 250 | 2.3 | 575 1/4<br>143 |
| 1/19/08 | Review City of Providence's Lennon's, Vieira's, and Prignano's pretrial memoranda | CAM | 250 | 7.4 | 1850 1/4<br>462.50 |
| 1/29/08 | Receive and review motions in limine and memoranda re John D'Amico re City, Prignano and Vieira; receive and review proposed voir dire re Lennon, Vieira and Prignano; attention to file re same | CAM<br>MAF | 250<br>250 | 2.7<br>2.7 | 675 1/4<br>675<br>337.50 |
| 3/01/08 | Review trial exhibits and preparation for next trial attendance; work on testimony of upcoming defendant witnesses; Prignano, Vieira, Lennon, Esserman, Cicilline | CAM<br>MAF | 250<br>250 | 6.0<br>11.0 | 1500 1/5<br>2750 850 |
| 3/6/08 | Prepare for and attend trial; continue preparation re upcoming witnesses Vieira, DesMarais, Prignano, Parente, Haroian and D'Amico, work with MS re admissibility issues re Prignano liability | CAM<br>MAF | 250<br>250 | 8.5<br>6.5 | 2125 1/2<br>1625 1875 |
| 3/6/08 | Discussion w/client regarding testimony concerning Prignano; review J. Smith's order regarding admissibility of statement; research cases cited in order | MS | 250 | .6 | 150 |
| 3/10/08 | Prepare for and attend trial; continue trial preparation re Vieira, Prignano, Desmarais, Parente, Haroian, Parfume, Sepe; review trial exhibits and preparation for next trial attendance | CAM<br>MAF | 250<br>250 | 11.5<br>9.5 | 2875 1/5<br>2375 1050 |
| 3/1/08 | Review rules of evidence pertaining to hearsay; review advisory committee notes; review first circuit cases pertaining to party opponent admissions; review response to Prignano's motion for summary judgment; review Federal Rules of Evidence Handbook; draft brief regarding hearsay to assist client | MS | 250 | 4.2 | 1050 |
| 3/17/08 | Prepare for and attend trial; continue preparation re cross-examination re defense witnesses; analysis and legal research re appealability re Prignano; receive and review draft jury instruction and verdict forms; work on motion to preclude defendant's exhibits and memorandum of law re same | CAM<br>MAF | 250<br>250 | 10.0<br>10.0 | 2500<br>2500 |
| **Total:** | | | | | **21,401.00** |

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| v. | : | C.A. No. 04-304A |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |

This verdict form applies to the claims made by the so-called "Walden" Plaintiffs who consist of current or former employees of the Providence Fire Department and members of their families. In particular, they are:

Thomas Walden
Linda Walden
Robert J. Barrett
Michelle A. Barrett
William R. Kenyon, Jr.
Susan M. Kenyon
Paige M. Kenyon
Kory Z. Kenyon
Philip E. Payne
Darlene Belhumeur-Payne
Bethany Payne
Andrea Payne
Laura Belhumeur
Paul A. Doughty
Stephanie Doughty
Laura Doughty
Rebecca Doughty
Frank Reddington
Margaret Reddington
Brendan Reddington
Daniel Reddington
Joseph Mellor
Teresa Mellor
Patrick Leonard
Lori Leonard
Joseph Molis
Deborah Molis
E. Christopher Petit
Jeanne M. Petit
Donald J. Dubuque
Kathleen A. Dubuque
Robert Reilly
Brandon Reilly
Jordan Reilly
Kerrin Swann
Paul Buteau
Matthew L. Randall
Kara E. Randall
Edward S. Kennedy
Carolyn M. Kennedy
Laura Kennedy
Donald Rathbone
Lori A. Rathbone
Daniel Rathbone
Peter K. McMichael, Jr.
Colleen F. McMichael
Peter K. McMichael III
Frederick A. Robinson, Jr.
Janet D. Robinson
Abigail Robinson
Emma Robinson
Ernest E. Young IV
Linda S. Young
Craig Martin
Paul M. Picozzi
Kimberly E. Picozzi
Ernest Robert
Mary Ellen (Dubaldo) Robert
Kyle Robert
Ashley Robert
Jackie Robert
Michael Bates
Sarah Good
Michael J. Hughes
Deborah McIntyre-Hughes
Paul A. Wentworth
William J. Higginson, Jr.
Michael C. Segee
Susan M. Segee
Donna Luce
David Neri
Bonnie Benson
Gerald P. Carvalho
Belkys A. Carvalho
Garrick Carvalho
Angelique Carvalho
Joseph W. Bretanha
Diane K. Bretanha
Lauren Bretanha
Leanne Bretanha
Mark Tillman
Roger D. Richards, Jr.
Joshetta Gabbidon
Steven G. Ruhle
Steven Ruhle Jr.
Kayla Ruhle
Daniel J. Brodeur
Amy L. Brodeur
Megan Brodeur
Michaela Brodeur
Joseph R. Vingi, Jr.
Mary M. Vingi

Joseph Vingi III
Sophia Vingi
Kenneth G. Greenwell
Kathleen Greenwell
Christopher P. O'Halloran
Colleen E. O'Halloran
James J. Rock

Carol O'Brien
William L. Serbst, III
Carol M. Serbst
Daniel V. Rinaldi
Desiree Rinaldi
Ashley Rinaldi
Robert Cataldo
Jennifer Cataldo
Anthony Cataldo

Christina Cataldo
Joseph Cataldo
Peter J. Celani
Diane G. Celani
Vincent P. Clements
John J. Hannon
Robert D. Crellin
Christopher S. Wagner

**Counts I and II / Constitutional Claims**

1. On the claim that Defendant Manuel Vieira violated Plaintiffs' constitutional right to be free from unreasonable searches and seizures, we the jury find:

   A. For Plaintiffs X

   B. For Defendant Manuel Vieira ________

2. On the claim that Defendant Mary Lennon violated Plaintiffs' constitutional right to be free from unreasonable searches and seizures, we the jury find:

   A. For Plaintiffs X

   B. For Defendant Mary Lennon ________

3. On the claim that the "Municipal Defendants" (that is, the City of Providence and Mayor David Cicilline and Colonel Dean Esserman, in their official capacities) violated Plaintiffs' constitutional right to be free from unreasonable searches and seizures pursuant to a municipal policy or long-standing City custom or practice of the City, we the jury find:

   A. For Plaintiffs X

   B. For the Municipal Defendants ________

4. If you found in favor of Plaintiffs on either Questions 1, 2 or 3 above, you shall award $1.00 to each Plaintiff as nominal damages.

5(a). If you found in favor of Plaintiffs on Question 1 above regarding Defendant Manuel Vieira, you may award punitive damages to Plaintiffs. On Plaintiffs' claim for punitive damages against Manuel Vieira, we the jury find:

   A. For Plaintiffs X; and award punitive damages in the amount of $ 1.00 for each Plaintiff.

   B. For Defendant Manuel Vieira _____; and award no punitive damages.

5(b). If you found in favor of Plaintiffs on Question 2 (page 1) regarding Defendant Mary Lennon, you may award punitive damages to Plaintiffs. On Plaintiffs' claim for punitive damages against Defendant Mary Lennon, we the jury find:

A. For Plaintiffs X; and award punitive damages in the amount of $ 1.00 for each Plaintiff.

B. For Defendant Mary Lennon _____; and award no punitive damages.

---

**Counts IV and VI / Statutory Claims**

1. On the claim that Defendant Manuel Vieira intentionally intercepted, sought to intercept or procured another to intercept any of Plaintiffs' telephone calls made or received at the Providence Public Safety Complex, we the jury find:

A. For Plaintiffs X

B. For Defendant Manuel Vieira _____

2. On the claim that Defendant Mary Lennon intentionally intercepted, sought to intercept or procured another to intercept any of Plaintiffs' telephone calls made or received at the Providence Public Safety Complex, we the jury find:

A. For Plaintiffs _____

B. For Defendant Mary Lennon X

3. On the claim that the "Municipal Defendants" (that is, the City of Providence and Mayor David Cicilline and Colonel Dean Esserman, in their official capacities) intentionally intercepted, sought to intercept or procured another to intercept any of Plaintiffs' telephone calls made or received at the Providence Public Safety Complex, we the jury find:

A. For Plaintiffs X

B. For the Municipal Defendants _____

4. If you found for Plaintiffs on either Questions 1, 2 or 3 (page 2); on the defense that such interceptions were done by an investigative or law enforcement officer in the ordinary (that is, routine and noninvestigative) course of his duties, we the jury find:

A. For Plaintiffs X

B. For Defendants ____

5. If you found for Plaintiffs on either Question 1, 2, or 3 (page 2), and you found for Plaintiffs on Question 4 above (page 3), do you find that any Plaintiffs consented to the interception of their telephone calls made or received at the Providence Public Safety Complex?

Yes ____

No X

If yes, please identify by name each Plaintiff who consented? ____

6. If you found for Plaintiffs on either Question 1, 2 <u>or</u> 3 (page 2), <u>and</u> you found for Plaintiffs on Question 4 (page 3), on how many particular days, if any, between May 23, 2002 and February 10, 2003 has each Plaintiff established by a preponderance of the evidence that he or she made or received telephone calls to and/or from the Providence Public Safety Complex which were intercepted?

Thomas Walden / Number of Days: 81
Linda Walden / Number of Days: 0

Robert J. Barrett / Number of Days: 87
Michelle A. Barrett / Number of Days: 0

William R. Kenyon, Jr. / Number of Days: 95
Susan M. Kenyon / Number of Days: 0
Paige M. Kenyon / Number of Days: 0
Kory Z. Kenyon / Number of Days: 0

Philip E. Payne / Number of Days: 66
Darlene Belhumeur-Payne / Number of Days: 0
Bethany Payne / Number of Days: 0
Andrea Payne / Number of Days: 0
Laura Belhumeuer / Number of Days: 0

Paul A. Doughty / Number of Days: 53
Stephanie Doughty / Number of Days: 0
Laura Doughty / Number of Days: 0
Rebecca Doughty / Number of Days: 0

Frank Reddington / Number of Days: 74
Margaret Reddington / Number of Days: 0
Brendan Reddington / Number of Days: 0
Daniel Reddington / Number of Days: 0

Joseph Mellor / Number of Days: 41
Teresa Mellor / Number of Days: 0

Patrick Leonard / Number of Days: 1
Lori Leonard / Number of Days: 0

Joseph Molis / Number of Days: 14
Deborah Molis / Number of Days: 0

E. Christopher Petit / Number of Days: 1
Jeanne M. Petit / Number of Days: 0

Donald J. Dubuque / Number of Days: 91
Kathleen A. Dubuque / Number of Days: 0

Robert Reilly / Number of Days: 92
Brandon Reilly / Number of Days: 0
Jordan Reilly / Number of Days: 0
Kerrin Swann / Number of Days: 0

Paul Buteau / Number of Days: 58

Matthew L. Randall / Number of Days: 93
Kara E. Randall / Number of Days: 0

Edward S. Kennedy / Number of Days: 86
Carolyn M. Kennedy / Number of Days: 0
Laura Kennedy / Number of Days: 0

Donald Rathbone / Number of Days: 79
Lori A. Rathbone / Number of Days: 0
Daniel Rathbone / Number of Days: 0

Peter K. McMichael, Jr. / Number of Days: 28
Colleen F. McMichael / Number of Days: 0
Peter K. McMichael III / Number of Days: 0

Frederick A. Robinson, Jr. / Number of Days: 75
Janet D. Robinson / Number of Days: 0
Abigail Robinson / Number of Days: 0
Emma Robinson / Number of Days: 0

Ernest E. Young IV / Number of Days: 74
Linda S. Young / Number of Days: 0

Craig Martin / Number of Days: 69

Paul M. Picozzi / Number of Days: 74
Kimberly E. Picozzi / Number of Days: 0

Ernest Robert / Number of Days: 66
Mary Ellen (Dubaldo) Robert / Number of Days: 0
Kyle Robert / Number of Days: 0
Ashlee Robert / Number of Days: 0
Jackie Robert / Number of Days: 0

Michael Bates / Number of Days: 81
Sarah Good / Number of Days: 0

Michael J. Hughes / Number of Days: 0
Deborah McIntyre-Hughes / Number of Days: 0

Paul A. Wentworth / Number of Days: 80

William J. Higginson, Jr. / Number of Days: 59

Michael C. Segee / Number of Days: 85
Susan M. Segee / Number of Days: 0

Donna Luce / Number of Days: 40
David Neri / Number of Days: 0
Bonnie Benson / Number of Days: 2

Gerald P. Carvalho / Number of Days: 3
Belkys A. Carvalho / Number of Days: 0
Garrick Carvalho / Number of Days: 0
Angelique Carvalho / Number of Days: 0

Joseph W. Bretanha / Number of Days: 92
Diane K. Bretanha / Number of Days: 0
Lauren Bretanha / Number of Days: 0
Leanne Bretanha / Number of Days: 0

Mark Tillman / Number of Days: 0

Roger D. Richards, Jr. / Number of Days: 80
Joshetta Gabbidon / Number of Days: 0

Steven G. Ruhle / Number of Days: 87
Steven Ruhle Jr. / Number of Days: 0
Kayla Ruhle / Number of Days: 0

Daniel J. Brodeur / Number of Days: 90
Amy L. Brodeur / Number of Days: 0
Megan Brodeur / Number of Days: 0
Michaela Brodeur / Number of Days: 0

Joseph R. Vingi, Jr. / Number of Days: 85
Mary M. Vingi / Number of Days: 0
Joseph Vingi III / Number of Days: 0
Sophia Vingi / Number of Days: 0

Kenneth G. Greenwell / Number of Days: 87
Kathleen Greenwell / Number of Days: 0

Christopher P. O'Halloran / Number of Days: 90
Colleen E. O'Halloran / Number of Days: 0

James J. Rock / Number of Days: 98
Carol O'Brien / Number of Days: 0

William L. Serbst, III / Number of Days: 87
Carol M. Serbst / Number of Days: 0

Daniel V. Rinaldi / Number of Days: 92
Desiree Rinaldi / Number of Days: 0
Ashley Rinaldi / Number of Days: 0

Robert Cataldo / Number of Days: 5
Jennifer Cataldo / Number of Days: 0
Anthony Cataldo / Number of Days: 0
Christina Cataldo / Number of Days: 0
Joseph Cataldo / Number of Days: 0

Peter J. Celani / Number of Days: 91
Diane G. Celani / Number of Days: 0

Vincent P. Clements / Number of Days: 92

John J. Hannon / Number of Days: 98

Robert D. Crellin / Number of Days: 80

Christopher S. Wagner / Number of Days: 23

7(a). If you found in favor of Plaintiffs on Question 1 (page 2) regarding Defendant Manuel Vieira, and Question 4 (page 3), you may award punitive damages to Plaintiffs. On Plaintiffs' claim for punitive damages against Defendant Manuel Vieira, we the jury find:

A. For Plaintiffs X; and award punitive damages in the amount of $ 0 for each Plaintiff.

B. For Defendant Manuel Vieira ____; and award no punitive damages.

7(b). If you found in favor of Plaintiffs on Question 2 (page 2) regarding Defendant Mary Lennon, and Question 4 (page 3), you may award punitive damages to Plaintiffs. On Plaintiffs' claim for punitive damages against Defendant Mary Lennon, we the jury find:

A. For Plaintiffs ____; and award punitive damages in the amount of $______ for each Plaintiff.

B. For Defendant Mary Lennon X; and award no punitive damages.

---

**Count V / Right to Privacy Claim**

1. On the claim that Defendant Manuel Vieira violated Plaintiffs' state law right to privacy, we the jury find:

For Plaintiffs X

For Defendant Manuel Vieira ______

2. On the claim that Defendant Mary Lennon violated Plaintiffs' state law right to privacy, we the jury find:

For Plaintiffs X

For Defendant Mary Lennon ______

3. On the claim that the Municipal Defendants (the City of Providence and Mayor David Cicilline and Colonel Dean Esserman, in their official capacities) violated Plaintiffs' state law right to privacy, we the jury find:

For Plaintiffs X

For the Municipal Defendants ______

4. If you find in favor of Plaintiffs on Questions 1, 2 or 3 (page 9), you shall award $1.00 to each Plaintiff as nominal damages.

| Date | Description | Attorney/ Paralegal Initial | Rate/ Hour | Hours | |
|---|---|---|---|---|---|
| 1/28/2005 | Meeting w/William L. Serbst, III and wife re review of and signing of interrogatories from defendant Richardson | KLL | 90 | 1.5, 1/2 | 135<br>67.5 |
| 1/28/05 4/5 | Meeting w/ Robert M. Cataldo and family re review and signing of interrogatories from Defendant Richardson | KLL | 90 | 2 | 180<br>90 |
| 1/31/2005 | Meeting w/ Edward S. Kennedy and wife, Joseph Molis and wife, Thomas Walden and wife, J. Rock and C. O'Brien, Paul Picozzi and wife, P. Wentworth and wife re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 6.5 | 585<br>292.5 |
| 1/31/2005 | Prepare correspondance to R. Crellin, M/M Bretanha, M. Tillman, M/M Randall, M/M Moreino, M/M Vingi re draft interrogatories and production responses | MAF | 250 | 0.8 | 200<br>100 |
| 2/2/2005 | Prepare correspondance to M/M Robinson, M/M Moreino, M/M Rathbone, M/M Celani and M/M Greenwell re draft interrogatories and production | MAF | 250 | 0.7 | 175<br>87.5 |
| 2/3/2005, 3/4; 3/4 | Meeting w/ Joseph Vingi, Jr. and family, Joseph Bretanha and family, Matthew Randall and wife re review of an signing of interrogatories from Defendant Richardson | KLL | 90 | 4.5 | 405<br>202.5 |
| 2/4/05 4/5; 4/5 | Meeting w/ Phillip E. Payne and family, Chris Wagner and Gerald Carvalho and family re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 5 | 450<br>225 |
| 2/7/05 2/3 | Meeting w/ Joseph Moreino Jr. and wife, Peter Celani and wife, Donald Rathbone and wife re review and signing of interrogatories from Defendant Richardson | KLL/SHC | 150 | 6 | 900<br>450 |
| 2/9/2005 | Prepare correspondance to M/M Reddington and M/M Barrett re draft interrogatories and production responses | MAF | 250 | 0.4 | 100, 50 |
| 2/10/2005 2/3; 2/3 | Meeting w/ Daniel Rinaldi and family, Steven Ruhle and family, Chris Petit and wife re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 4.5 | 405<br>202.5 |
| 2/10/2005 | Prepare correspondance to Mr. Hannon, M/M Randall, Ms. Luce and Mr. Neri re draft interrogatories and production responses | MAF | 250 | 0.3 | 75<br>37.5 |
| 2/11/2005 | Meeting w/Kenneth G. Greenwell and wife re review of and signing of interrogatories from Defendant Richardson | KLL | 90 | 1.5 | 135<br>67.5 |

[redacted]

Exhibit H

| | | | | | |
|---|---|---|---|---|---|
| 2/14/05 3/4 | Meeting w/ Ernest Young and wife, Robert Barrett and wife and Frank Reddington and family re review of and signing | KLL/SHC | 150 | 5.5 | 825<br>412.5 |
| 2/15/05 3/4;3/4 | Meeting w/John J. Hannon, William R. Kenyon and family, Mark Randal and wife, Frederick Robinson and family re review of and signing of interrogatories from Defendant Richardson | KLL/SHC | 150 | 6.5 | 975<br>487.5 |
| 3/3/2005 2/5 | Meeting w/ Chris O'Halloran and wife, Peter McMichael and family and William Higginson and wife re review of and Motion to Enlarge Time and Order re | KLL/SHC | 150 | 4.5 | 675<br>337.5 |
| 10/11/2005 | Meeting w/Robert J.Reilly and family and Donald Rathbone and family re review and of and signing of interrogatories from all Defendant | KLL | 90 | 3 | 270<br>135 |
| 10/12/05 3/4 2/3 | Meeting w/ Donald J. Dubuque and wife, Frank Reddington and family, and Steven Ruhle and family re review of and signing of interrogatories from all Defendant | KLL | 90 | 5.5 | 495<br>247.5 |
| 10/13/2005 | Meeting w/ Thomas Walden and wife Joseph Moreino and wife and Mark Randall and wife re review of and signing of interrogatories from all Defendants | KLL | 90 | 4.5 | 405<br>202.5 |
| 10/14/2005 3/4 | Meeting w/ Joseph Bretanha and family re review of and signing of interrogatories from all Defendants | KLL | 90 | 1.5 | 135<br>67.5 |
| 10/17/2005 2/3 | Meeting w/Peter K. McMichael, Jr. and family and Paul Wentworth and wife re review of and signing of all interrogatories from all Defendants | KLL | 90 | 3.5 | 315<br>157.5 |
| 10/18/05 3/4 | Meeting w/William R. Kenyo and family, Michael Segee and wife and Paul M. Picozzi and wife re review of and signing of interrogatories from all Defendants | KLL/SHC | 150 | 4.5 | 675<br>335.5 |
| 10/18/2005 | Receive returned receipt re M. Bianco and M. Patino correspondance; prepare correspondance to M/M Hughes re interrogatories | KLL | 90 | 0.5 | 45 |
| 10/19/2005 | Meeting w/Maribel Patino, Bonnie Benson, and Chris Petit and wife re review of and signing of interrogatories from all Defendants | KLL | 90 | 4.5, 1/4 | 405<br>101.25 |
| 10/20/2005 | Receive returned receipt re DeRobbio and M. Melvin correspondance and unclaimed correspondance and unclaimed correspondance re S. Manning | KLL | 90 | .3, 1/3 | 27<br>18 |
| 10/20/2005 | Meeting w/ Daniel V. Rinaldi and family and Peter Celani and wife re review of and signing of interrogatories from all Defendants | KLL | 90 | 3 | 270<br>235 |

| | | | | | |
|---|---|---|---|---|---|
| 10/21/2005 | Meeting w/ Christopher P/ Ohalloran and wife re review of and signing of interrogatories from all Defendants | KLL | 90 | 3 | 270<br>135 |
| 10/24/2005 | Meeting w/John Hannon and Roger Richards, Jr. and Joshetta Gabbidon re review od and signing of interrogatories from all Defendants | KLL | 90 | 3.0 1/3 | 270<br>180 |
| 10/25/2005 3/4 | Meeting w/Gerald P. Carvalho and family re review of and signing of interrogatories from all Defendants | KLL | 90 | 1.5 | 135<br>67.5 |
| 10/26/05 3/4 | Meeting w/Frederick A. Robinson Jr. and family, Robert D. Crellin and Robert J. Barrett Jr. and wife; re review of and igning of interrogatories from all Defendants | SHC | 90 | 4.5 | 405<br>202.5 |
| 10/27/05 4/5 | Meeting w/Edward Kennedy and wife, Chris Wagner, Ernest J. Roberet and family re review of and signing of interrogatories from all Defendants | KLL | 90 | 5.5 | 495<br>247.5 |
| 10/27/2005 | Receive returned receipt re S. Buote and S. Harrington correspondance | KLL | 90 | 0.2 | 18 |
| 10/28/2005 | Meeting w/Kenneth G. Greenwell and wife re review of and signing of interrogatories from all Defendants | KLL/SHC | 150 | 1.5 | 225,<br>112.5 |
| 10/28/2005 | Conference with L. Isherwood re dismissal; attention to file re same | KLL | 90 | 0.2 | 18 |
| 10/28/2005 | Prepare correspondance to L. Isherwood re dismissal | MAF | 250 | 0.2 | 50 |
| 10/31/2005 4/5 | Meeting w/Philip P. Payne and family re review of and signing of interrogatories from all Defendants | KLL | 90 | 1.5 | 135<br>67.5 |
| 11/1/2005 | Meeting w/Joseph Mellor and wife re review of and signing of interrogatories from all Defendants | | | | |
| 11/7/2005 | Meeting w/James Rock and Carol O'Brien re review of and signing of interrogatories from all Defendants | KLL/SHC | 150 | 1.5 | 225<br>112.5 |
| 11/9/2005 | Receive returned receipt re Isherwood dismissal | KLL | 90 | 0.1 | 9 |
| 11/10/2005 | Meeting w/Joseph Molis and wife and Matthew Randall and wife re review of and signing of interrogatories from all defendants | KLL | 90 | 3 | 270<br>135 |
| 11/7/05 3/4 | Meeting w/Craig Martin, Vincent P. Clements Daniel J. Brodeu and family and Andrea Baker re review of and signing of interrogatories from all defendants | KLL | 90 | 5 | 450<br>225 |
| 11/18/2005 | Meeting w/David Neri re review of and signing of interrogatories from all Defendants | KLL | 90 | 1.5 | 135 |
| 11/21/05 4/5 | Meeting w/Robert Cataldo and family re review of and signing of interrogatories from all Defendants | KLL/SHC | 150 | 1.5 | 225<br>112.5 |

| | | | | | |
|---|---|---|---|---|---|
| 11/22/05 3/4 | Meeting w/Joseph Vingi, Jr. and family Michael Bates and Sarah Good, Robert Hughes, Laurie Gannon and Marie Bianco, Robert Owens and Sandra Buote re review of and signing of interrogatories from all Defendants | KLL | 90 | 8.5 | 765<br>382.5 |
| 11/30/2005 | Meeting w/William Higginson Jr. and wife re review of and signing of interrogatories from all Defendants | KLL/SH<br>C | 150 | 1.5 | 225,<br>112.5 |
| 1/3/2006 | Prepare stipulation re Defendant Joseph Richardson's Motion for Entry of Judgment of Dismissal re Tibbetts Mancini, Isherwood, DeRobbio, Calcagni, Bates Manning and Hughes | CAM<br>MAF | 250<br>250 | .4 .5 | 100<br>125 |
| 1/27/2006 | Meeting w/Debra L. Silva -Rocha, Ernest Young and wife, Emilia Grover and Richard Hughes and family re review of and signing of interrogatories from all Defendants | KLL | 90 | 6 | 540<br>270 |
| 1/31/2006 | Meeting w/ Carol Hughes re review of and signing of interrogatories from all Defendants | KLL | 90 | 1.5 | 135 |
| 2/1/2006 | Meeting w/Michael Lescault re review of and signing of interrogatories from all Defendants | KLL | 90 | 5-Jan | 135 |
| 2/2/06 3/4 | Meeting w/Paul A. Doughty and family re review of and | KLL/SH<br>C | 150 | 1.5 | 112.50<br>225 |
| 2/6/2006 | Meeting w/Irene Lescault re review of and signing of interrogatories from all Defendants | KLL | 90 | 1.5 | 135 |
| 1/7/2008 | Initial trial preparation with Patrick & Lori Leonard, James Rock and Carol O'Brien | KLL<br>MAF | 90<br>250 | 2.0 .5 | 180, 90,<br>125, 62.5 |
| 1/8/2008 | Initial trial preparation with Joseph Bretanha, Robert Crellin, Frederick & Janet Robinson Joseph and Deborah Mollis | MAF<br>KLL | 250<br>90 | 1.0 6.0 | 250, 540,<br>750, 125,<br>270 |
| 1/8/2008 | Initial trial preparation w/Donald and Kathleen Dubuque, Robert Owens, Laurie Gannon | CAM | 250 | 3.0 3/4 | 562.5 |
| 1/9/2008 | Initial trial preparation w/ David Neri and Ernie Young | CAM | 250 | 2 | 500 250 |
| 1/10/2008 | Initial trial preparation w/ Arleen Pullon, Michael & Susan Segee, Linda Young | KLL<br>MAF | 90<br>250 | 3.5 .5 | 315, 125,<br>157.5, 62.5 |
| 1/11/2008 | Initial trial preparation with Emilia Grover, Mark Tillman | KLL<br>MAF | 90<br>250 | 2.0 .4 | 180, 100,<br>90, 50 |
| 1/16/2008 | Initial trial preparation w/ Ashlee, Jackie, Mary Ellen, Kyle and Ernest Robert | MAF | 250 | 2 | 500, 225 |
| 1/18/2008 | Initial trial preparation with Roger Richards, Andrea Baker, Maribel Patino, Joseph Moreino, Edward and Caroline Kennedy and Deborah & Michael Hughes | KLL<br>MAF | 90<br>250 | 6.0 1.0 | 220, 125,<br>540, 250 |
| 1/24/2008 | Initial trial preparation with Yvonne Giargosian, Christopher & Colleen O'Halloran, Debra Silva-Rocha, Michael Bates, Sarah Good, work on trial preparation re civilian employees facts for testimony | CAM | 250 | 7.2 | 900 1800 |

| | | | | | |
|---|---|---|---|---|---|
| 1/24/2008 | Initial trial preparation w/ Maria Bianco Drohan, Robert Hughes | KLL<br>MAF | 90<br>250 | 2.0 .4 | 180, 90,<br>100, 50 |
| 1/29/2008 | Initial trial preparation with Mary Vingi, Joseph Vingi, William Serbst, Carol Serbst, and Sandra Manning | KLL<br>MAF | 90<br>250 | 3.0 .5 | 270, 135,<br>125, 62.5 |
| 1/30/2008 | Initial trial preparation with Gerald Carvalho, Belkys Carvalho, Garrick Carvalho, and Angelique Carvalho | MAF | 250 | 1.0 1/4 | 250 62.5 |
| 1/30/08 4/5 | Initial trial preparation with John Chmura and Cataldo family | CAM | 250 | 2.2 | 275, 550 |
| 1/31/2008 | Initial trial preparation with Carolyn Wentworth, Paul Wentworth, Donald Rathbone, Dan Rathbone, and Lori Rathbone | KLL<br>MAF | 90<br>250 | 2.4 .4 | 216, 108,<br>100, 50 |
| 1/31/2008 | Initial trial preparation with Carol Hughes, M/M Randall, T. Mancini, E. Pattek | CAM | 250 | 4.4 | 1100<br>550 |
| 2/1/2008 | Initial trial preparation with Peter Celani, Diane Celani | KLL<br>MAF | 90<br>250 | 1.0 .2 | 90, 45,<br>50, 25 |
| 2/4/2008 | Initial trial preparation with William Higginson, Ramona Higginson, Paul Picozzi, Kim Picozzi, Donna Pietrunti, Daniel Rinaldi, Desiree Rinaldi, Ashley Rinaldi | KLL<br>MAF | 90<br>250 | 4.0 .5 | 360, 180,<br>125, 62.50 |
| 2/5/2008 | Initial trial preparation with Chris Wagner, Thomas Walden, Linda Walden, Chris Petit, Jeanne Petit | KLL | 90 | 3 | 270<br>135 |
| 2/6/2008 | Prepare and mail letter to Madelaine DeRobbio re dismissal; preparation re important plaintiffs, strategy re order of witnesses, consider testimony re potential witnesses re elements of consent, knowledge, expectation of privacy | MAF<br>CAM | 250<br>250 | 7.0 5.0 | 1750<br>1250 |
| 2/7/2008 | Initial trial preparation with Kenneth Greenwell, Daniel Brodeur, Megan Brodeur, Michaela Brodeur | KLL | 90 | 2.0 1/4 | 180, 45 |
| 2/12/2008 | Trial Preperation with Thomas Walden & wife and Chris O'Halloran and wife | MAF | 250 | 2.5 | 625, 312.50 |
| 2/13/2008 | Prepare for and attend trial; continue trial preparation with James Rock, Carol O'Brien, Robert Reilly, Vincent Clements and Chris Wagner, review related exhibits | CAM<br>MAF | 250<br>250 | 10.5, 10.5 | 2625 525<br>2625 525 |
| 2/14/08 2/3 | Prepare for and attend trial; trial preparation with Robert Crellin, Peter Celani & wife, Rinaldi family & William Serbst & wife; review related exhibits | CAM<br>MAF | 250<br>250 | 3.5. 11.5 | 875 437.5<br>2875<br>1437.5 |
| 2/18/08 3/4; 3/4; 4/5 | Trial preparation with Paul Doughty & family, Bill Kenyon and family, Robert Barrett & wife and Phillip Payne & family; review related exhibits; continue preparation | CAM<br>MAF | 250<br>250 | 7.5<br>7.5 | 1875 937.5<br>1875 937.5 |
| 2/19/2008 | Prepare and mail letter to Mr. and Mrs. Joseph re dismissal | MAF | 250 | 0.3 | 75 |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | 2375 |
| 2/19/08 2/3 | Prepare and attend trial day 4; trial preparation with Donald Luce, Edward Kennedy and Family; review related exhibits | CAM<br>MAF | 250<br>250 | 9.5,<br>9.5 | 1187.5<br>2375<br>1187.5 |
| 2/20/2008 | Trial preparation with Robert Cataldo & family | CAM | 250 | 6.5 | 1625 812.5 |
| 4/5; 3/4 | Frank Reddington & family, Mark Randall & wife, Joe Mellor & wife and Mark Tillman; review related exhibits | MAF | 250 | 9 | 2250 1125 |
| 2/21/2008 | Prepare for and attend trial; trial preparation with Ken Greenwell & wife, Donald Rathbone & wife, Craig Martin, David Neri, Mat Randall & wife; review related exhibits | CAM<br>MAF | 250<br>250 | 10.5<br>10.5 | 2625<br>1312.5<br>2625<br>1312.5 |
| 2/22/2008 | Prepare for and attend trial; trial preparation with Joe Bretanha & family, Paul Picozzi and wife; review related exhibits ; attention to file re status and strategy | CAM<br>MAF | 250<br>250 | 6.5,<br>10.5 | 1625 812.5<br>2625<br>1312.5 |
| 2/23/2008<br>3/4; 3/4 | Trial preparation with Michael Bates, Sarah Good, Geral Carvalho & family, Joe Vingi & family; review related exhibits; continue preparation re upcoming witnesses; review re state police statements and other documents for use on defendant witnesses | CAM<br>MAF | 250<br>250 | 7.5<br>10.5 | 1875 937.5<br>2500 1250 |
| 2/25/2008 | Prepare for and attend trial; trial preparation with Donal Dubuque & wife, Chris Petit & wife, Sandra Buote, Linda Young & Paul Buteau; review related exhibits, continue preparation | CAM<br>MAF | 250<br>250 | 11.5<br>10.0 | 2875<br>1437.5<br>2500 1250 |
| 2/27/08 2/3;<br>4/5; 3/4; 1/2 | Prepare for and attend trial; trial preparation with Donna Piettrunti; Steven Ruhle & family, Ernest Robert & family, Andrea Baker, Yvonne Giragosian, Debra Silva-Rocha, Sandra Manning, Emilia Grover, Maribel Patino, Daniel Brodeur & family, Micheal Segee & family; review related exhibits | CAM<br>MAF | 250<br>250 | 7.5<br>12.5 | 1875 937.5<br>3125<br>1562.5 |
| 2/28/2008 | Prepare for and attend trial (CAM only); trial preparation with Fred Robinson & family, Bonnie Benson, Jamie Araujo, Teresa Mancini, Eugenia Pattek, Maria Drohan, Julia Goins, Laurie Gannon, Peter McMichael & family, Melissa Melvin, Arleen Pullon, Susan Harrington, Margaret Burns, Robin Owens & Paul Wentworth; review related exhibits | CAM<br>MAF | 250<br>250 | 11.5<br>12.0 | 2875<br>1437.5<br>3000 1500 |
| | | | | **Total:** | **38,163** |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | * | C.A. NO. 04-304 |
| | * | |
| THOMAS WALDEN, et al | * | |
| | * | JUNE 10, 2008 |
| VS. | * | 10:17 A.M. |
| | * | |
| CITY OF PROVIDENCE, et al | * | |
| | * | |
| Consolidated with: | * | |
| | * | C.A. NO. 04-553A |
| JOHN C. CHMURA, et al | * | |
| | * | |
| VS. | * | |
| | * | |
| CITY OF PROVIDENCE, et al | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | PROVIDENCE, RI |

BEFORE THE HONORABLE LINCOLN D. ALMOND,

MAGISTRATE JUDGE

(Municipal Defendants' Motion to Strike Objection or, in the Alternative, to Compel Production; Compel Production of Documents)

FOR THE PLAINTIFFS:

CAROLYN A. MANNIS, ESQ.
128 Dorrance Street
Suite 400
Providence, RI 02903

[redacted]

Exhibit I

FOR THE MUNICIPAL DEFENDANTS:

KEVIN F. McHUGH, ESQ.
City of Providence
Department of Law
275 Westminster Street
Suite 200
Providence, RI 02903

FOR THE DEFENDANT, MANUEL VIEIRA:

GEORGE L. SANTOPIETRO, ESQ.
Coia & LePore, Ltd.
226 South Main Street
Providence, RI 02903

FOR THE DEFENDANT, MARY LENNON:

DEAN G. ROBINSON, ESQ.
670 Willett Avenue
East Providence, RI 02915

Court Reporter: Debra D. Lajoie, RPR, FCRR, CRI

Proceeding reported and produced by computer-aided stenography

attorneys' fees is stronger than if you try to reconstruct it after the fact.

So what the Defendants have asked for in this litigation is they want to check what you're asking for now against what your records were as time was proceeding, i.e., contemporaneously with the work being done, to assure the accuracy of it.

So are there underlying records of Mr. Fay, given that he's one of the primary billers in this matter, are there underlying contemporaneous records of Mr. Fay that we used to produce this?

MS. MANNIS: No. That is the document, which was created from other people's contemporaneous time records.

THE COURT: So how did they find what Mr. Fay's time was?

MS. MANNIS: From my records, from Mr. Crawford's records, from the documents that exist, the docket. But there are very few entries that are just Mr. Fay's entries.

THE COURT: Okay. So-- and your records will have entries of work that Mr. Fay did?

MS. MANNIS: Correct.

THE COURT: All right.

MS. MANNIS: And just to distinguish Grendel's Den, in that case, there were no contemporaneous time records, none, not one attorney. And what they did was they

submitted a bill that said, Pretrial, X amount of hours, pretrial discovery, this amount of hours, you know, trial, this amount of hours. They didn't break it up by day, by time, just--

THE COURT: Well, I'm not getting in to what-- whether or not what you've provided the Court is sufficient to support your fee request. That's not before the Court today.

What's before the Court is they've asked for contemporaneous records, and you're indicating that they've been provided, to the extent they exist. If they don't exist, then the parties can argue the relevance of that--

MS. MANNIS: Right.

THE COURT: -- if any, to the ultimate award of fees.

So, as to Attorney Fay, whatever contemporaneous records there are, if any, have been produced?

MS. MANNIS: Correct.

THE COURT: All right. So, now, what has not been produced as to your records?

MS. MANNIS: I have them with me today, and they're kept-- and I tried to explain this to Mr. McHugh. Every month, I would keep handwritten notes of not only this case, but every other case that I work on.

case--

MS. MANNIS: Well, he hasn't pointed you to a case that says--

THE COURT: He pointed me to the Grendel's case that talks about this being an important factor to consider, so how do you consider it, unless you look at the records?

MS. MANNIS: That's not what the Grendel's case said. It said that it's important to consider when you're given this time sheet that says, pretrial, I did 500 hours, post-trial I did 200 hours, and during the trial, I did 300 hours. That's what the Grendel's Den case said.

It didn't say that Defendants, therefore, are entitled to see every single contemporaneous time record that exists in order to scrutinize them to support a fee application.

THE COURT: All right. Thank you. I've heard enough.

All right. What I'm going to do is I'm going to grant the Defendant's motion to compel in part. I'm denying their motion to strike.

Defendants shall, within one week, identify 50 entries in Exhibit A of Ms. Mannis' time, produce those 50 dates to Ms. Mannis, and she can redact 50 sample entries from that group, and that should be a sufficient amount to give you a check that there is a consistency between her

contemporaneous records and what's included in Exhibit A.

As to the request as it relates to time sheets for Attorney Fay, Ms. Mannis has represented on the record that there are not original time sheets, that his time was included in Exhibit A from other records which have been produced in the matter. You can argue whatever you want based on that, but that's her representation, so I'm not going to issue an order to compel on that.

And then when-- what I'd like to do is to get the motion for attorneys' fees briefed. Ms. Mannis, how long do you think it would take you to redact 50 pages?

MS. MANNIS: If I had the specific list of 50 dates, I would imagine I could get that done within a week.

THE COURT: All right. So within a week, produce the 50 days. Within a week after that, provide the redacted records, and then, as I indicated in the text order I previously issued, after you receive that information, Mr. McHugh, I'd like to see an objection to the motion for fees within two weeks thereafter. You've had this fee application for quite some time, so I don't think it should be that difficult for you to finalize your objections after you get this last bit.

MR. McHUGH: Well, I've been working on this since the day I got it and continue to work on it, it's obviously a heavy-duty job, but did Your Honor say two weeks after I

Mannis

| Date | Description | Attorney/ Paralegal Initials | Rate/Hour | Hours | |
|---|---|---|---|---|---|
| 3/21/05 | Finalize and file plaintiffs' proposed discovery plan | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>125 |
| 4/6/05 | Receive and review Answer to Second Amended (Chmura) Complaint filed by City of Providence; receive and review request for production | CAM<br>MAF | 250<br>250 | 1.0<br>1.0 | 250<br>250 |
| 4/7/05 | Receive and review report and recommendation by Judge Martin re proposed discovery Order | CAM<br>MAF | 250<br>250 | .4<br>.4 | 100<br>100 |
| 4/7/05 | Prepare for and attend hearing re proposed discovery plan before Judge Martin | CAM<br>MAF | 250<br>250 | 2.0<br>2.0 | 500<br>500 |
| 4/13/05 | Receive and review Motion for Protective Order from Mark Fay re: AG | CAM | 250 | .6 | 150 |
| 8/8/05 | Receive and review executed Order | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 9/7/05 | Prepare and file Plaintiffs' objection to defendant Cianci's motion for protective order; prepare plaintiffs' memorandum of law in support of their objection to defendant Cianci's Motion for Protective Order | CAM<br>MAF | 250<br>250 | 1.5<br>.5 | 375<br>125 |
| 10/17/05 | Receive and review correspondence re court filing re Richardson; receive and review motion for entry of judgment and memorandum of law in support of same; receive and review motion to exceed page limit; receive and review motion to dismiss and memorandum of law re Chmura interrogatories; receive and review motion to dismiss and memorandum of law re Chmura production; attention to file re same | CAM<br>MAF | 250<br>250 | 1.5<br>1.5 | 375<br>375 |
| 10/18/05 | Receive and review Order re motion to adjudge in contempt or alternatively to compel | CAM<br>MAF | 250<br>250 | NC | |
| 10/18/05 | Receive and review Order granting motion for leave to file excess pages | CAM<br>MAF | 250 | .1 | 25<br>25 |
| 10/18/05 | Conference re: strategy of discovery; Receive/review Order re Motion re: Providence Police subpoena | CAM | 250 | .4 | 100 |
| 11/8/05 | Receive and review objection and memorandum filed by city re plaintiffs' motion objecting to Order | CAM<br>MAF | 250 | .4 | 100 |

[redacted]

Exhibit J

| | | | | | |
|---|---|---|---|---|---|
| | re motion to adjudge in contempt | | | | |
| 11/17/05 | Conference re outstanding discovery issues, subpoena issues re AG and state police, deposition and new discovery requests to be drafted; receive and review fax draft Orders re conditional orders of dismissal | CAM<br>MAF | 250<br>250 | .9<br>.9 | 225<br>225 |
| 11/30/05 | Receive and review Order re objection re Martin Decision | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 1/27/06 | Receive and review amended pre-trial order re fact discovery and dispositive motions; attention to file re same | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>125 |
| 1/10/08 | Prepare for and attend status conference re juror questionnaires; post conference meeting re strategy re jury and pending matters; receive and review notice re status conference of juror questionnaires set for 1/16/08 | CAM<br>MAF | 250<br>250 | 3.0<br>3.0 | 750<br>750 |
| 1/10/08 | Initial trial preparation with: Robert and Michelle Barrett and John Hannon | CAM | 250 | 2.5 | 625 |
| | **TOTAL** | | | | **10,375** |

**Duplicative Billing**

| Date | Description | Attorney/ Paralegal Initials | Rate/Hour | Hours | |
|---|---|---|---|---|---|
| 6/2/03 | Initial meeting regarding strategy of lawsuit, civil liability, state and federal violations and APRA requests, conference w/Steven Crawford regarding legal research | CAM<br>SHC | 250<br>250 | 1.6<br>1.6 | 400<br>240 |
| 6/9/03 | Conference w/Mark Fay regarding claims of illegal wiretapping and strategy regarding remedies | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50<br>50 |
| 8/6/03 | Meeting with Carolyn Mannis and Mark Fay re case strategy | CAM<br>MAF<br>SHC | 250<br>250<br>250 | 1.8<br>1.8<br>1.8` | 450<br>450<br>270 |
| 9/19/03 | Records review at Providence City Hall | CAM<br>SHC | 250<br>250 | 2.2<br>2.2 | <br>350 |
| 9/19/03 | Meeting held at firefighters hall to meet with firefighters as potential plaintiffs to said lawsuit | CAM<br>MAD<br>SHC | 250<br>250<br>250 | 2.5<br>2.5<br>2.5 | 625<br><br>375 |
| 1/27/04 | Prepare for and attend meeting re potential lawsuit, legal research re same | CAM<br>MAF | 250<br>250 | 3.6<br>2.0 | 900<br>500 |
| 2/2/04 | Conference with Mark Fay re preparation of lawsuit | CAM<br>MAF | 250<br>250 | 1.7<br>1.7 | 425<br>425 |
| 3/5/04 | Conference with Mark Fay re revisions to Complaint | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>125 |
| 4/2/04 | Conferences w/Mark Fay re case strategy | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>50 |
| 4/5/04 | Conference with Mark Fay re additional plaintiffs to add to lawsuit and lawsuit strategy | CAM<br>MAF | 250<br>250 | .6<br>.6 | 150<br>150 |
| 10/8/04 | Receive and review Answer to Complaint filed by City of Providence | CAM<br>MAF | 250<br>250 | 2.0<br>2.0 | 500 |
| 10/12/04 | Receive and review Answer to Complaint re Manuel Vieira | CAM<br>MAF | 250<br>250 | 1.0<br>1.0 | 250 |
| 11/10/04 | Prepare and file plaintiff's motion and memorandum to extend time for service of process, attention to file re same | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>125 |
| 11/12/04 | Receive and review Order granting motion to extend time for service | CAM<br>MAF | 250<br>250 | .1<br>.1 | 25 |
| 11/15/04 | Receive and review Answer to Complaint re Mary Lennon | CAM | 250 | .4 | 100 |
| 11/22/04 | Receive and review request for | CAM | 250 | .5 | 125 |

Exhibit K

| | | | | | |
|---|---|---|---|---|---|
| | production and interrogatories re Walden case | MAF | 250 | .5 | |
| 12/3/04 | Receive and review faxed correspondence from S. Carlin re extension re Complaint Answer (Walden) | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 1/3/05 | Meeting with Mark Fay re outstanding discovery strategy | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>125 |
| 1/6/05 | Receive anonymous call re S. Moise as defendant in Walden Complaint; conference w/Mark Fay re strategy | CAM<br>MAF | 250<br>250 | .3<br>.2 | 75 |
| 1/14/05 | Conference with Mark Fay re Arizona plaintiffs' strategy re amending complaint; receive and review notice re pre-trial conference | CAM<br>MAF | 250<br>250 | 1.0<br>1.0 | 250<br>250 |
| 1/21/05 | Receive returned subpoena on Stephen Moise | CAM<br>MAF | 250<br>250 | .1<br>.1 | 25 |
| 1/25/05 | Receive and review notice re motion to compel; conference re same; conference w/court clerk re new date; receive and review amended notice re same; receive and review second amended notice re same | CAM<br>MAF | 250<br>250 | .5<br>.4 | 125 |
| 1/27/05 | Receive and review request for production of documents | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 2/1/05 | Receive and review Orders re motions to compel | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 2/2/05 | Receive and review executed Orders re motions to compel; receive and review revised notice re pre-trial conference | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 2/15/05 | Work on pre-trial conference statement; legal research re elements re rights to privacy, civil liability for crimes and offenses, violations of civil rights, fourth amendment, federal and state wire tap acts; prepare and file same; conference w/Mark Fay re same; attention to file re summons re 2nd action | CAM<br>MAF | 250<br>250 | 2.6<br>.4 | 650 |
| 2/16/05 | Conference re strategy for pre-trial conference; calls to and conference with opposing counsel re same | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>50 |
| 3/9/05 | Conference w/Mark Fay re discovery plan; fax discovery plan to Mark Fay | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 3/10/05 | Meeting re summons and subpoenas | CAM<br>MAF | 250<br>250 | .4<br>.4 | 100<br>100 |
| 3/11/05 | Receive and review defendants' discovery plan; conference re strategy re same | CAM<br>MAF | 250<br>250 | .8<br>.8 | 200 |

| | | | | | |
|---|---|---|---|---|---|
| 3/18/05 | Work on discovery plan; draft and file same; prepare correspondence re service of process; conference re defendants' discovery plan | CAM<br>MAF | 250<br>250 | 2.2<br>.3 | 550 |
| 3/21/05 | Finalize and file plaintiffs' proposed discovery plan | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 3/23/05 | Receive and review notice from court re conference re discovery plans | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 3/29/05 | Receive and review Answer to (Chmura) Complaint filed by Manuel Vieira | CAM<br>MAF | 250<br>250 | 1.0<br>1.0 | 250 |
| 3/31/05 | Receive and review response by RI State Police in opposition to served subpoena | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 4/5/06 | Receive and review Order | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 4/6/05 | Receive and review Answer to Second Amended (Chmura) Complaint filed by City of Providence; receive and review request for production | CAM<br>MAF | 250<br>250 | 1.0<br>1.0 | 250 |
| 4/7/05 | Receive and review report and recommendation by Judge Martin re proposed discovery Order | CAM<br>MAF | 250<br>250 | .4<br>.4 | 100 |
| 4/8/05 | Receive hard copy re report and recommendation | CAM<br>MAF | 250<br>250 | NC | |
| 4/8/05 | Receive and review Answer to (Chmura) Complaint filed by Richardson | CAM<br>MAF | 250<br>250 | .8<br>.8 | 200 |
| 4/11/05 | Receive and review Answer to (Chmura) Complaint filed by Mary Lennon | CAM<br>MAF | 250<br>250 | .8<br>.8 | 200 |
| 4/29/05 | Receive and review pre-trial Order | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 5/2/05 | Receive and review Motion and Memo by AG re timeliness; conference re same | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 5/4/05 | Receive/review Notice re hearing re motion for protective order and motion to strike; calls to and from court clerk re conflict; conference re same; receive and review interrogatories | CAM<br>MAF | 250<br>250 | .7<br>7 | 175 |
| 5/6/05 | Finalize and file plaintiffs' objection to motion to strike objection and memorandum of law in support of same | CAM<br>MAF | 250<br>250 | 1.5<br>1.5 | 375 |
| 5/6/05 | Receive and review request for production | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 5/11/05 | Receive and review motion and | CAM | 250 | 1.5 | 375 |

| | | | | | |
|---|---|---|---|---|---|
| | memo by Vieira to amend answer; receive and review amended answer; receive and review interrogatories re Chmura plaintiffs | MAF | 250 | 1.5 | |
| 5/12/05 | Receive and review interrogatories and request for production of documents | CAM<br>MAF | 250<br>250 | .2<br>1.5 | 50 |
| 5/17/05 | Conference re strategy re objection to Magistrate Judge's Order re motion for protective order and motion to strike objection; receive/review city's answer to second amended complaint | CAM<br>MAF | 250<br>250 | 1.0<br>1.0 | 250<br>250 |
| 5/18/05 | Conference re case strategy; receive and review notice re pre-trial conference | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>125 |
| 5/26/05 | Prepare and file objection re motion to amend re Vieira; receive/review Order re same | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 5/27/05 | Receive/review motion to compel production of documents; receive/review memorandum re defendants' objection to plaintiffs' objection re Mag. Judge's Order; conference re same; attention to file re same | CAM<br>MAF | 250<br>250 | .8<br>.8 | 200 |
| 5/31/05 | Receive/review revised memorandum re defendants' objection to plaintiffs' objection re Mag. Judge's Order and correspondence re same | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 6/1/05 | Prepare pre-trial conference statement; file same | CAM<br>MAF | 250<br>250 | 2.2<br>1.0 | 550 |
| 6/1/05 | Prepare and file motion for extension of time to responses due on 6/15/05 | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 6/6/05 | Receive and review amended pre-trial order and order re consolidation of cases (Walden and Chmura Complaints) attention to file re same | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 6/9/05 | Conference re request for production of documents and objection re motion to compel same | CAM<br>MAF | 250<br>250 | .4<br>.4 | 100 |
| 6/10/05 | Receive and review amended pre-trial order | CAM<br>MAF | 250<br>250 | NC<br>NC | |
| 6/13/05 | Receive and review objection re motion to enlarge time | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 6/15/05 | Receive and review correspondence from opposing counsel re answers to interrogatories | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 6/16/05 | Prepare and file motion for extension of time to answer interrogatories | CAM<br>MAF | 250<br>250 | .7<br>.2 | 175 |
| 6/22/05 | Receive/review stipulation and correspondence re motion to compel | CAM<br>MAF | 250<br>250 | .3<br>.2 | 75 |

| | | | | | |
|---|---|---|---|---|---|
| | production of documents; execute and reply to same; conference and attention to file re same | | | | |
| 6/24/05 | Receive and review Order re motion for extension of time re interrogatories | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 7/1/05 | Receive and review interrogatories to plaintiffs; attention to file re same | CAM<br>MAF | 250<br>250 | .4<br>.8 | 100 |
| 7/12/05 | Conference re deadline to objection to motion to compel and motion to dismiss re discovery | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 7/13/05 | Conference re strategy of complaint and discovery; prepare objections and memos re Richardson discovery motions | CAM<br>MAF | 250<br>250 | 21.<br>.5 | 525<br>125 |
| 7/19/05 | Receive and review notice re motions to compel re Chmura; attention to file re same | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 7/20/05 | Receive/review notices re hearing on discovery motions re Walden and Chmura | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 7/25/05 | Conference re hearing on discovery motions | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 7/26/05 | Conference re resolution of discovery motions and case strategy; call to and from Dean Robinson re discovery motions | CAM<br>MAF | 250<br>250 | .4<br>.2 | 100<br>50 |
| 7/27/05 | Receive and review Orders granting motion to compel production of documents; answers to interrogatories and motions to dismiss; attention to file re same | CAM<br>MAF | 250<br>250 | .8<br>.8 | 200 |
| 7/28/05 | Conference with Mark Fay re hearing re objection to Mag.. Order re protective order; receive/review Order re discovery motions; conference with Dean Robinson re Mary Lennon | CAM<br>MAF | 250<br>250 | .6<br>.4 | 150<br>100 |
| 8/3/05 | Conference re expert, witnesses, claims, discovery and strategy; revise memo re criminal liability Attorney General's investigation; finalize consent order and file same | CAM<br>MAF | 250<br>250 | 3.1<br>1.5 | 775<br>375 |
| 8/8/05 | Receive and review executed Order | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 8/9/05 | Conference and meeting re strategy for meeting w/Ted Baker re expert testimony | CAM<br>MAF | 250<br>250 | .8<br>.8 | 200<br>200 |
| 8/10/05 | Conference re meetings for expert witnesses | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50<br>50 |
| 8/11/05 | Conference re strategy re experts | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |

| | | | | | |
|---|---|---|---|---|---|
| 8/15/05 | Receive and review court excusal re Dean Robinson | CAM<br>MAF | 250<br>250 | .1<br>.1 | 25 |
| 8/23/05 | Receive and review faxed correspondence from G. West re draft motion for protective order/meet and confer obligation; attention to file re same | CAM<br>MAF | 250<br>250 | .4<br>.4 | 100 |
| 8/30/05 | Receive and review Order re protective order filed by RI State Police | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 9/6/05 | Prepare documents and correspondence to Mag. Judge Martin re in camera review re subpoena for AG and state police | CAM<br>MAF | 250<br>250 | 1.2<br>.5 | 300 |
| 9/7/05 | Meeting w/Ted Baker re expert review; conference with Kevin McHugh re inspection and mirror copy of hard drive; conference re outstanding case matters | CAM<br>MAF | 250<br>250 | 32.<br>4.5 | 800<br>1125 |
| 9/14/05 | Receive and review notice re hearing re motion for protective order; attention to file re same | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 9/20/05 | Conference re meeting, depositions, and interrogatory answers | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 9/26/05 | Prepare motion and memo in support of extension of time re deposition of individual defendants and interrogatories; receive/ review privilege log | CAM<br>MAF | 250<br>250 | 3.1<br>.5 | 775 |
| 9/29/05 | Receive and review correspondence, objection and memorandum of law re motion to enlarge; attention to file re same | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 9/29/05 | Conferences w/Mark Fay re strategy and pending matters | CAM<br>MAF | 250<br>250 | .4<br>.4 | 100<br>100 |
| 9/30/05 | Receive and review objection to motion to adjudge in contempt and memorandum of law re same | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 9/30/05 | Meeting w/Mark Fay re discovery responses; conference w/R. Woolley re extension; prepare correspondence to Mag. Judge Martin re same | CAM<br>MAF | 250<br>250 | 1.7<br>1.0 | 425 |
| 10/5/05 | Receive and review faxed correspondence from Mag. Judge Martin re extension re Order re motion for protective order; attention to file re same | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 10/5/05 | Conference re strategy re motion for protective order; strategy re discovery | CAM<br>MAF | 250<br>250 | .4<br>.2 | 100<br>50 |
| 10/6/05 | Receive and review notice re motion to adjudge in contempt re AG | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |

| | | | | | |
|---|---|---|---|---|---|
| | documents; attention to file re same | | | | |
| 10/7/05 | Prepare correspondence to Judge Martin re AG subpoena; conference and preparation re motion for leave to take depo of Cianci | CAM<br>MAF | 250<br>250 | 2.6<br>.5 | 650 |
| 10/14/05 | Receive and review motion for leave to file excess pages re defendant's memo in support of motion for entry of judgment of dismissal filed by Richardson, motion for entry of judgment of dismissal against all plaintiffs for failure to comply with conditional order of dismissal or alternative motion to strike w/attached memo | CAM<br>MAF | 250<br>250 | 1.5<br>1.5 | 375 |
| 10/18/05 | Receive and review Order re motion to adjudge in contempt or alternatively to compel | CAM<br>MAF | 250<br>250 | NC | |
| 10/18/05 | Receive and review Order granting motion for leave to file excess pages | CAM<br>MAF | 250 | .1<br>.1 | 25 |
| 10/21/05 | Prepare written interrogatories; legal research re business exception; meeting re same; stipulation re extensions; conference with M. Saucier re same | CAM<br>MAF | 250<br>250 | 2.7<br>2.5 | 675<br>625 |
| 10/26/05 | Prepare plaintiffs' objection to Magistrate Judge David Martin's Order denying in part and granting in part plaintiffs' motion to adjudge in contempt or alternatively to compel and memo in support of same; conference re expert testimony | CAM<br>MAF | 250<br>250 | 2.2<br>.7 | 550 |
| 10/28/05 | Finalize and file objections to motion to dismiss re Chmura and Walden plaintiffs and motions for entry of judgment | CAM<br>MAF | 250<br>250 | 2.0<br>1.0 | 500 |
| 11/4/05 | Receive and review notice re motions re discovery | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 11/8/05 | Receive and review objection and memorandum filed by city re plaintiffs' motion objecting to Order re motion to adjudge in contempt | CAM<br>MAF | 250<br>250 | .4<br>.4 | 100 |
| 11/14/05 | Conference re hearings on discovery motions | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 11/17/05 | Conference re outstanding discovery issues, subpoena issues re AG and state police, deposition and new discovery requests to be drafted; receive and review fax draft Orders re conditional orders of dismissal | CAM<br>MAF | 250<br>250 | .9<br>.9 | 225 |
| 11/18/05 | Receive and review conditional order | CAM | 250 | .5 | 125 |

| | | | | | |
|---|---|---|---|---|---|
| | re motion to dismiss signed by Judge Martin (by fax); attention to file and conference re same | MAF | 250 | .5 | |
| 11/19/05 | Receive/review Orders re Chmura plaintiffs' order re discovery motions re interrogatories | CAM<br>MAF | 250 | NC | |
| 11/30/05 | Receive and review Order re objection re Martin Decision | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 12/1/05 | Receive/review Order denying objection to Mag. Judge's decision; conference re same; conference re extension of discovery deadline | CAM<br>MAF | 250<br>250 | .6<br>.3 | 150 |
| 12/5/05 | Meeting re strategy; prepare joint motion for extension of time and pre-trial memoranda; file same | CAM<br>MAF | 250<br>250 | 31.<br>2.0 | 775<br>500 |
| 12/9/05 | Receive/review Order re joint motion to extend discovery deadline | CAM<br>MAF | 250<br>250 | .1<br>.1 | 25 |
| 12/20/05 | Receive and review motion for entry of judgment, motion for leave to exceed page limit; conference and attention to file re same | CAM<br>MAF | 250<br>250 | 1.5<br>1.0 | 375 |
| 12/21/05 | Receive and review Order granting motion for leave to file excess pages | CAM<br>MAF | 250<br>250 | .1<br>.1 | 25 |
| 1/10/06 | Prepare and file objection re motion for final judgment and memo of law in support of same | CAM<br>MAF | 250<br>250 | 2.0<br>1.0 | 500 |
| 1/13/06 | Receive and review stipulation/Order of court | CAM<br>MAF | 250<br>250 | .1<br>.1 | 25 |
| 1/18/06 | Receive and review stipulation filed by Richardson | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 1/26/06 | Prepare and file stipulation re motion for entry of judgment or alternative motion to strike final judgment | CAM<br>MAF | 250<br>250 | 1.5<br>1.0 | 375 |
| 1/27/06 | Receive and review amended pre-trial order re fact discovery and dispositive motions; attention to file re same | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 1/31/06 | Conference re answers to interrogatories and deposition schedule; receive/review e-mail re same | CAM<br>MAF | 250<br>250 | .4<br>.4 | 100 |
| 2/2/06 | Telephone conference re forensic exam of computer hardware | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125<br>125 |
| 2/2/06 | Conference re expert; review answers to interrogatories | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 2/3/06 | File joint motion re discovery | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 2/6/06 | Conference re and work on outstanding discovery, affidavit re expert inspection, discovery to defendants, and deposition schedules | CAM<br>MAF | 250<br>250 | 2.6<br>2.0 | 650<br>250 |
| 2/7/06 | Conference to edit and finalize | CAM | 250 | 2.2 | 550 |

| | | | | | |
|---|---|---|---|---|---|
| | answers to interrogatories | MAF | | | |
| 2/21/06 | Prepare and file objection to motion for final judgment | CAM<br>MAF | 250<br>250 | 1.5<br>1.0 | 375 |
| 2/28/06 | Receive and review motion for extension of time for expert disclosure filed by the City of Providence | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 3/1/06 | Receive and review order granting motion for extension of time to make expert disclosure stipulation extending time for Cianci to file motion and answer to interrogatories | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 3/3/06 | Receive and review report and recommendation re Judge Martin | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 3/9/06 | Prepare stipulation re deposition of Manuel Vieira; file same | CAM<br>MAF | 250<br>250 | .5<br>.3 | 125 |
| 3/15/06 | Receive/review expert disclosures re City of Providence | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 3/28/06 | Receive and review stipulation re Lennon to file motion for summary judgment | CAM<br>MAF | 250<br>250 | .1<br>.1 | 25 |
| 5/3/06 | Receive and review motion for sanctions re Mary Lennon; conference and attention to file re same | CAM<br>MAF | 250<br>250 | 1.0<br>1.0 | 250 |
| 5/4/06 | Receive, review and sign stipulation re plaintiffs' expert report | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 5/5/06 | Conference re strategy of depositions re Rosenzweig, Desmarais & Esserman; legal research re same; prepare draft re motion to extend time to respond re motion for summary judgment and affidavit in support of same | CAM<br>MAF | 250<br>250 | 1.9<br>.5 | 475<br>125 |
| 5/8/06 | Prepare and file motion to extend time to respond to defendants' motions for summary judgment | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 5/10/06 | Receive and review objection re motions for extension of time to respond to defendants' motions for summary judgment filed by Mary Lennon; conference and attention to file re same | CAM<br>MAF | 250<br>250 | 1.0<br>1.0 | 250 |
| 5/11/06 | Receive and review objection re motion for extension of time to respond to defendants' motions for summary judgment re Manuel Vieira | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 5/12/06 | Multiple conf. w/DKL re status; conf. w/MLL re status; e-mail M. Fay re extension | LEJ | 250 | .3 | 75 |
| 5/12/06 | Multiple conf. w/RST, MLL, LEJ; t/c | DLK | 200 | 5.8 | 1160 |

| | | | | | |
|---|---|---|---|---|---|
| | M. Fay; continue research and drafting memo in opposition to Vieira's motion for summary judgment; memo to MLL | | | | |
| 5/12/06 | Review memo from DLK; review Lennon summary judgment memorandum; review Lennon depo; conf w/LEJ; multiple conf w/DLK; legal research | MLL | 200 | 2.8 | 560 |
| 5/12/06 | Conf w/DLK; revise disputed facts; draft supporting memorandum; legal research | RST | 200 | 6.2 | 1240 |
| 5/16/06 | Prepare and file motion to extend time to respond to Mary Lennon's motion for sanctions under Rule 11 | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 5/17/06 | Conf w/DLK; legal research re bases of other complaint counts; revise/edit drafts; organize supporting materials into files | RST | 200 | 4.3 | 860 |
| 5/19/06 | Receive and review motion to extend time to respond to Plaintiffs' objection to Vieira's | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 5/19/06 | Receive and review motion to extend time to respond to plaintiffs' objection to Vieira's motion for summary judgment | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 5/22/06 | Conf w/RST re exhibits; conf w/LEJ re status; outline rest of Vieira memorandum | DLK | 200 | .8 | 160 |
| 5/22/06 | Review/analyze Lennon depo, various state police statements, and Lennon's m/summary judgment and supporting memorandum; begin drafting disputed facts and memorandum re Lennon; conf w/DLK | RST | 200 | 7.0 | 1400 |
| 5/24/06 | Conf w/DLK | LEJ | 250 | .1 | 25 |
| 5/24/06 | Review RST draft of Lennon facts and memorandum; memo to RST; continue drafting Vieira memorandum; conf w/LEJ; t/c M. Fay; add'l | DLK | 200 | 6.2 | 1240 |
| 5/25/06 | Multiple conf. w/DLK, RST; review draft memo, statement of disputed facts re M. Lennon; conf w/DLK | LEJ | 250 | .8 | 200 |
| 5/25/06 | Review/edit RST draft of Lennon memorandum; multiple conf w/LEJ; t/c M. Fay; receive/review/annotate Desmarais' depo; revise Vieira fact statement; continue drafting/revising Vieira memorandum; e-mail M. Fay; conf w/LEJ | DLK | 200 | 6.7 | 1340 |

| | | | | | |
|---|---|---|---|---|---|
| 5/25/06 | Review DLK notes; revise/edit supporting memorandum; multiple conf w/LEJ | RST | 200 | 3.0 | 600 |
| 5/26/06 | Multiple conf. w/DLK, RST | LEJ | 250 | .4 | 100 |
| 5/26/06 | Revise/edit memoranda; multiple conf w/LEJ; conf w/DLK | RST | 200 | 1.4 | 280 |
| 5/26/06 | Continue drafting Vieira memorandum; add'l research re 1983 and related issues; t/c M. Fay; conf w/M. Fay; conf w/RST; multiple cont w/LEJ; continue drafting | DLK | 200 | 4.2 | 840 |
| 5/29/06 | Revise/edit Prignano facts and memorandum, Lennon facts and memorandum and Vieira facts, email from/to LEJ; continue drafting/revising Vieira memorandum | DLK | 200 | 7.2 | 1440 |
| 5/30/06 | Email from DLK; email RST; multiple conf w/RST | LEJ | 250 | .4 | 100 |
| 5/30/06 | T/c M. Fay; construct appendices for Prignano and Lennon memoranda using materials collected by Kendra and supplementing them; draft covers for appendices; number pages of appendices; insert appendix cites into disputed statement of facts and memoranda; draft Rule 11 memorandum and objection; emails to/from DLK, LEJ; revise/edit Rule 11 memorandum; multiple conf. w/LEJ | RST | 200 | 8.4 | 1680 |
| 5/31/06 | Edit/revise RST draft of Rule 11 memorandum; review all memoranda prepared by DLK, RST; email DLK; multiple conf w/RST re status of memoranda, final preparation, etc; conf w/RST re finalizing, filing memoranda and objections | LEJ | 250 | 1.8 | 450 |
| 5/31/06 | Edit/revise RST draft of Rule 11 memorandum; review all memoranda prepared by DLK, RST; email DLK,; multiple conf w/RST re status of memoranda, final preparation, etc; conf w/RST re finalizing, filing memoranda and objections | LEJ | 250 | 1.8 | 450 |
| 5/31/06 | Review and file objection and memorandum re sanctions; review and file objection and memorandum and statement of disputed facts re motions for summary judgment | CAM<br>MAF | 250<br>250 | 5.0<br>5.0 | 125 |
| 6/8/06 | Receive and review Order granting motion for extension of time to | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |

| | | | | | |
|---|---|---|---|---|---|
| | respond to objection for summary judgment | | | | |
| 5/31/06 | Email from LEJ; t/c RST re memorandum; email from/to RST | DLK | 200 | .3 | 60 |
| 5/31/06 | T/c DLK; email to/from DLK; revise/edit Vieira memorandum; t/c M. Fay; t/c C. Mannis (x2); email to/from C. Mannis; multiple conf w/LEJ; construct appendix for Vieira disputed statement of facts and memorandum; construct appendix for Vieira Rule 11 motion; insert appendix cities into memoranda; revise/edit Rule 11 memorandum, objection Rule 11 motion, bring corrected pages to M. Fay's ofc. | RST | 200 | 5.5 | 1100 |
| 6/12/06 | Receive and review reply memo re Mary Lennon in support of Motion for summary judgment | CAM<br>MAF | 250<br>250 | .8<br>.8 | 200 |
| 6/20/06 | Receive and review reply memo filed by Manuel Vieira in support of motion for summary judgment | CAM<br>MAF | 250<br>250 | 1.0<br>1.0 | 250 |
| 7/18/06 | Receive and review stipulation re expert reports Order | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 7/24/06 | Receive and review notice of appearance by David Krech | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 7/24/06 | Conf w/DLK re oral arg | LEJ | 250 | .2 | 50 |
| 7/24/06 | Conf w/LEJ; t/c M. Fay; begin oral arg preparation | DLK | 200 | 1.1 | 220 |
| 7/31/06 | Receive and review Order re City of Providence's Motion for summary judgment | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 7/6/07 | Receive and review Opinion and Order re decision re motions for summary judgment and motion for sanctions (Lennon); attention to file re same | CAM<br>MAF | 250<br>250 | 3.5<br>3.5 | 875 |
| 7/24/07 | Receive and review notice of withdrawal of David Krech | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 8/1/07 | Receive and review notice re Trial Calendar Call and Trial Notice; attention to file re same | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 8/16/07 | Receive and review notice of appearance by Peter Comerford on behalf of Manuel Vieira | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 8/16/07 | Receive and review motion in limine to exclude testimony w/supporting memo filed by City of Providence | CAM<br>MAF | 250<br>250 | 1.2<br>1.2 | 300 |
| 8/17/07 | Receive and review motion in limine filed by Mary Lennon | CAM<br>MAF | 250<br>250 | .8<br>1.0 | 200 |
| 8/24/07 | Receive and review stipulation re | CAM | 250 | .2 | 50 |

| | | | | | |
|---|---|---|---|---|---|
| | extension of time to file expert report filed by City of Providence | MAF | 250 | .2 | |
| 8/29/07 | Receive and review supplemental scheduling Order | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 9/4/07 | Receive and review settlement conference notice and order re Almond | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 9/6/07 | Receive and review motion in limine and memorandum re damages filed by the City of Providence | CAM<br>MAF | 250<br>250 | 1.7<br>.5 | 425 |
| 9/12/07 | Conferences re status re objection memorandum re motion in limine re damages and strategy re same | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 9/14/07 | Prepare and file stipulation re plaintiffs' expert report | CAM<br>MAF | 250<br>250 | .2<br>.5 | 50 |
| 9/14/06 | Conf w/DLK | LEJ | 250 | .1 | 25 |
| 9/14/06 | Receive/review city's motion and memorandum; conf w/LEJ; t/c M. Fay; receive/review Lennon's supplemental | DLK | 200 | 3.3 | 660 |
| 9/21/07 | Review, Finalize and file objection and memorandum re motion in limine re damages | CAM<br>MAF | 250<br>250 | 1.4<br>1.0 | 350 |
| 9/22/06 | Email M. Fay | DLK | 200 | .1 | 20 |
| 9/24/07 | Conference re contents of expert report disclosure | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75<br>75 |
| 9/25/06 | T/c M. Fay re issues extension; t/c Kendra re extension; continue research re 1983 pleading, policy, custom; begin drafting response to Lennon's supplemental memorandum | DLK | 200 | 2.5 | 500 |
| 9/28/06 | Continue drafting response to Lennon's supplemental memorandum; receive notice that m/extension granted; t/c Kendra; re Vieira and Lennon answers; add'l research re qualified immunity, ordinary course of business; receive/review fax from Kendra w/Vieira and Lennon answers; revise response to Lennon's supplemental memorandum | DLK | 200 | 5.2 | 1040 |
| 10/3/07 | Receive and review notice rescheduling settlement conference and revised notice of hearing | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 10/5/06 | T/c M. Fay; begin drafting response to Vieira's supplemental memorandum | DLK | 200 | 2.8 | 560 |
| 10/18/06 | Review DLK drafts of memoranda (Vieira's, City's); conf w/DLK re memoranda, comments | LEJ | 250 | .8 | 200 |
| 10/18/06 | Review LEJ comments; conf w/LEJ; | DLK | 200 | 5.3 | 1060 |

| | | | | | |
|---|---|---|---|---|---|
| | t/c M. Fay; continue memorandum in opposition to City's m/summary judgment; add'l legal research; receive fax of Moise depo | | | | |
| 10/19/06 | Review Moise depo; continue drafting memorandum in opposition to City's m/summary judgment; t/c Kendra re status; add'l legal research | DLK | 200 | 6.4 | 1280 |
| 10/20/06 | Continue drafting memorandum in opposition to City's m/summary judgment; add'l legal research; t/c M. Fay [NILM]; email draft of memorandum in opposition to City's m/summary judgment to M. Fay | DLK | 200 | 6.2 | 1240 |
| 10/23/07 | Receive and review notice re status conference on 11/13/07 | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 11/9/07 | Receive and review stipulation re motion in limine withdrawing motion in limine | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 11/10/06 | T/c Kendra re City's reply memorandum | DLK | 200 | .1 | 20 |
| 11/13/07 | Receive and review notice of hearings; status conference set for 12/5/07; second status conference set for 1/3/08; attention to file re same | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 11/13/07 | Receive and review Order re deadline for pre-trial memoranda; attention to file re same | CAM<br>MAF | 250<br>250 | .1<br>.1 | 25 |
| 11/13/07 | Prepare and file joint stipulation | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 11/13/07 | Receive and review Order re stipulation | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 11/14/07 | Receive and review notice of depo of William Odom; attention to file re same | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 11/30/07 | Receive and review Order | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 12/18/07 | Receive and review motion in limine re subsequent remedial issues and memorandum of law in support of same; attention to file re objection re same | CAM<br>MAF | 250<br>250 | 1.2<br>1.2 | 300 |
| 12/19/07 | Receive and review Order re defendants filed motions and plaintiffs' objections re same | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 12/21/07 | Receive and review motions in limine re post incident events and memorandum of law in support of same; Lennon and Vieira | CAM<br>MAF | 250<br>250 | .4<br>.4 | 100 |
| 12/26/07 | Receive and review motion in limine and memorandum to exclude post | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |

| | | | | | |
|---|---|---|---|---|---|
| | incident events re Prignano | | | | |
| 1/4/08 | Prepare and file motion in limine to exclude testimony and evidence relative to certain defenses of all defendants; prepare and file motion in limine to exclude testimony and evidence relative to certain defenses of Mary Lennon; meeting re pre-trial issues and strategies re motions in limine and pre-trial matters; work on pre-trial memorandum | CAM<br>MAF | 250<br>250 | 4.8<br>4.8 | 1200 |
| 1/8/08 | Receive and review motion for extension of time within which defendants can file motions in limine filed by City of Providence; attention to file re same | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 1/11/08 | Receive and review objections and memoranda re Lennon and city | CAM<br>MAF | 250<br>250 | .7<br>.7 | 175 |
| 1/11/08 | Receive and review Order re motions for extension of time; attention to file re same | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 1/11/08 | Prepare emergency motion to conduct pre-trial records keeper deposition of state police and City of Providence Fire Department | CAM<br>MAF | 250<br>250 | 1.5<br>1.5 | 375 |
| 1/11/08 | Finalize and file plaintiffs' objection and memorandum re defendants' motion in limine to exclude all evidence relating to incidents after the discovery of the Total Recall System | CAM<br>MAF | 250 | 5.8<br>1.0 | 1450 |
| 1/14/08 | Receive and review objections to motions in limine filed by Manuel Vieira and City; receive and review motion in limine re expert re City and Prignano; receive and review objection re emergency motion for discovery re city and memorandum re same | CAM<br>MAF | 250<br>250 | 3.2<br>3.2 | 800 |
| 1/14/08 | Receive and review notice re hearing re motion for discovery set for 1/16/08 | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 1/16/08 | Receive and review motion in limine to restrict the testimony of plaintiffs' expert filed by Mary Lennon | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 1/17/08 | Receive and review Order re motion for discovery | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 1/17/08 | Finalize plaintiffs' pre-trial memorandum and file same | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 1/23/08 | Receive and review memorandum and Order re post incident events; | CAM<br>MAF | 250<br>250 | 2.0<br>2.5 | 500 |

| | | | | | |
|---|---|---|---|---|---|
| | attention to file re same; strategy re exhibits at trial and restriction | | | | |
| 1/24/08 | Receive and review Motion to Withdraw/Motion to Vacate Discovery Order by RI State Police | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 1/24/08 | Receive and review Order re withdrawing motion to vacate | CAM<br>MAF | 250<br>250 | .1<br>.1 | 25 |
| 1/24/08 | Receive and review trial notice – empanelment scheduled for 2/5/08 | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 1/28/08 | Receive and review proposed voir dire filed by the City of Providence | CAM<br>MAF | 250<br>250 | .4<br>.4 | 100 |
| 1/29/08 | Meeting re pre-trial preparation status and strategy and division of labor re opening statement, plaintiffs' testimony, defendants' testimony, other witnesses | CAM<br>MAF | 250<br>250 | 4.5<br>4.5 | 1125<br>1125 |
| 1/29/08 | Prepare plaintiffs' proposed voir dire questions and brief statement of facts; file same | CAM<br>MAF | 250<br>250 | 1.1<br>1.5 | 275 |
| 1/30/08 | Receive and review Order re deadline for motions in limine | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 1/30/08 | Receive and review motion in limine and memorandum re John D'Amico re Mary Lennon | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 1/30/08 | Receive and review amended answer to complaint filed by Mary Lennon; conference re same | CAM<br>MAF | 250<br>250 | .3<br>.3 | 75 |
| 2/4/08 | Continuing work re trial, jury selection issues, voir dire questions; legal issues and defenses; legal research re same; review re Smith decision re MSJ; motion in limine | CAM<br>MAF | 250<br>250 | 8.0<br>7.5 | 2000 |
| 2/4/08 | Receive and review hearing notice re jury selection set for 2/5/08 and Motion in Limine re John D'Amico | CAM<br>MAF | 250<br>250 | .2<br>.2 | 50 |
| 2/6/08 | Finalize and file plaintiffs' objection and memorandum re motion in limine re D'Amico | CAM<br>MAF | 250<br>250 | 1.0<br>.5 | 250 |
| 2/7/08 | Receive and review statement of facts re City of Providence | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 2/11/08 | Receive and review memorandum and Order re D'Amico; attention to file re same and testimony use at trial | CAM<br>MAF | 250<br>250 | .5<br>.5 | 125 |
| 2/14/08 | Continue working on number of days worked for firefighters | CAM<br>MAF | 250<br>250 | 3.5<br>11.5 | 875 |
| 2/16/08 | Continue work on testimony of witnesses; review deposition transcripts re defendants | CAM<br>MAF | 250<br>250 | 5.0<br>7.0 | 1250 |
| 2/17/08 | Work on testimony of firefighters and family testimony and revise same; attention re same; review testimony | CAM<br>MAF | 250<br>250 | 5.0<br>5.0 | 1250 |

| | | | | | |
|---|---|---|---|---|---|
| | for use and revision re Chmura plaintiffs | | | | |
| 3/13/08 | Finalize and file objection and memorandum re motion to quash re subpoena of Rosenzwweig w/supporting memo | CAM<br>MAF | 250<br>250 | 2.0<br>.6 | 500 |
| 3/15/08 | Work on Rule 50 arguments re 1983, municipal liability, qualified immunity, individual | CAM<br>MAF | 250<br>250 | 5.0<br>10.0 | 1250 |
| 3/27/08 | Receive and review judgment in favor of plaintiffs; conference and attention to file re same | CAM<br>MAF | 250<br>250 | .4<br>.4 | 100 |
| **Total:** | | | | | **91,745.00** |