**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**

**v.** **C.A. No. 04-304-A**

**CITY OF PROVIDENCE, et al.**

**JOHN CHMURA, et al.**

**v.** **C.A. No. 04-553-A**

**CITY OF PROVIDENCE, et al.**

**PLAINTIFFS' REPLY TO OBJECTION OF MUNICIPAL DEFENDANTS' TO PLAINTIFFS' APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS AND REQUEST FOR ORAL ARGUMENT**

Plaintiffs hereby file the attached memorandum of law in support of their reply to the Municipal Defendants' Objection to the Plaintiffs' Application for an Award of Attorneys' Fees and Costs.

Pursuant to LR Cv 7(e) Plaintiffs request oral argument. Plaintiffs estimate that approximately one hour is necessary for such a hearing.

Plaintiffs incorporate by reference all arguments raised in their earlier filing in support of their Application for an Award of Attorneys' Fees and Costs.

Plaintiffs,
By their attorneys,

/s/ Mark A. Fay
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Peter J. Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
41 Power Road, Suite 202
Pawtucket, RI 02860
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THOMAS WALDEN, et al.**

**v.** **C.A. No. 04-304-A**

**CITY OF PROVIDENCE, et al.**

**JOHN CHMURA, et al.**

**v.** **C.A. No. 04-553-A**

**CITY OF PROVIDENCE, et al.**

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR**
**REPLY TO OBJECTION OF MUNICIPAL DEFENDANTS'**
**TO PLAINTIFFS' APPLICATION FOR AN AWARD**
**OF ATTORNEYS' FEES AND COSTS**

In reply to the Municipal Defendants' Objection to Plaintiffs' Application for an Award of Attorneys' Fees Plaintiffs raise the following:

1. Plaintiffs are entitled to fees for work performed on other Defendants.
2. All Plaintiffs Were Prevailing Parties.
3. The Time Records Support the Application for an Award of Attorneys' Fees.
4. None of the Duplicative Work was Unnecessary in this case.
5. The Hourly Rates are Reasonable in this case.
6. Expert Fees Should be Awarded to the extent they are not taxed as a Bill of Cost.

These items are discussed seriatim below.

**1. Plaintiffs are entitled to fees for work performed on other Defendants.**

The Municipal Defendants' argument that work performed on other Defendants' cases (Cianci, Prignano and Richardson) should not be compensated is inconsistent with case law. In *Lipsett v. Blanco*, 975 F.2d 934 (1st Cir. 1992) the First Circuit found that claims by a medical student in her civil rights action against medical school and school officials were sufficiently interrelated with claims on which she did prevail to make time spent by her attorneys on unsuccessful claims compensable. Since the claims were based on common facts and the student prevailed on her most significant claims, the time was allowed.

> Similarly, appellants calumnize the district court's allowance of time spent by plaintiff's legal team in jousting with those defendants who managed to escape liability and in fruitlessly pursuing a procedural due process claim. Because we find no abuse of discretion in the trial court's determination that the work done on these unsuccessful claims was sufficiently interconnected with the causes of action upon which appellee prevailed, we refuse to grant the requested reductions.

*Lipsett*, at 940.

Here, because all the claims on which Plaintiffs lost were related to the successful ones and had "a common core of facts" and were "based on related legal theories" the award should include compensation for legal work performed on the unsuccessful claims. *See id*.

Looking at the full facts and circumstances in this case, it should be noted that with respect to Defendants Richardson and Cianci, no other Defendant objected to their dismissal. The work performed was still necessary to the case in that these Defendants provided discoverable and admissible evidence. In fact, the Municipal Defendants listed former Defendant Richardson as a witness on their pre-trial memorandum. Moreover,

even if the Plaintiffs had proceeded against Richardson and Cianci and prevailed at trial, while litigation costs including attorneys fees would have increased, the damage award (under the wiretap act) would not have increased given the manner in which the award was calculated.

Finally, it was the Municipal Defendants that implicated Prignano following the discovery of the Total Recall System. It was also the Municipal Defendants that terminated Richardson following the discovery of the Total Recall System. Cianci was the Mayor at the time the Public Safety Complex was proposed. He was convicted on felony charges of corruption stemming from other unrelated matters. *See* Providence Journal Articles attached hereto as Exhibit A.

The U.S. Supreme Court has recognized that in civil rights cases only when the plaintiff presents distinctly different claims for relief that are based on different facts and legal theories will the attorney's work be considered unrelated for purposes of disallowing fees pursuant to the Civil Rights Attorney's Fees Awards Act. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). "Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

Thus, this Court should decline to reduce Plaintiffs' fee request because no judgment was obtained against Prignano, Richardson or Cianci as all claims brought were interrelated in accordance with *Lipsett* and *Hensley*.

**2. All Plaintiffs were prevailing parties.**

The Municipal Defendants argue at length that somehow the Plaintiffs who were not awarded damages pursuant to the Wiretap Act were not prevailing parties. Nothing

could be farther from the truth. Instead, these Plaintiffs prevailed on all their claims, however, apparently the jury could not determine the number of days the Defendants violated the Act. Importantly, these Plaintiffs succeeded on all their claims. They were awarded both nominal and punitive damages. They were not awarded damages on the Wiretap Act claim, however, they did prevail on proving that the Municipal Defendants and Vieira violated the Act as it relates to them. They also succeeded on their Civil Rights claim and their Right to Privacy claim. In fact, the U.S. Supreme Court in *Farrar v. Hobby*, 506 U.S. 103, 112-113 (1992) held that a civil rights plaintiff who recovers damages in any amount, whether it compensatory or nominal, qualifies as a "prevailing party" under the civil rights attorney fee provision and reversed the Court of Appeals for the Fifth Circuit. Moreover, Plaintiffs do not need to prevail on each and every claim to be entitled to their attorneys' fees. Parties are considered prevailing parties if they succeed on **any significant issue in litigation** which achieves some of the benefit the parties sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Coalition For Basic Human Needs v. King, 691 F.2d 597, 599 (1st Cir. 1992); Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978). Here, that is plainly the case as all plaintiffs succeed on the significant issue in litigation.

While the Municipal Defendants cite *Farrar* at length in support of their argument that these Plaintiffs only had a *de minimus* success, the cases are clearly distinguishable. First, the Plaintiffs here succeeded on all their claims including punitive damages. Second, in *Farrar* the plaintiffs sued for $17 million in money damages and the jury gave them nothing. Id. at 107. Here, the Plaintiffs were not seeking and did not expend attorneys' time on an illusive compensatory damages claim. It was made clear that this

was a statutory damages and nominal damages claim. If the Municipal Defendants wanted to stop the fees, they should have made an offer of judgment pursuant to Rule 68. To this day the Defendants have not acknowledged their liability. For that reason, trial was necessary and the fees incurred were as a direct result of the Defendants actions and inactions. The Municipal Defendants' argument that some of the Plaintiffs did not prevail is thus contrary to both the facts and the law.

**3. The Time Records Support the Application for an Award of Attorneys' Fees.**

Another argument raised by the Municipal Defendants that is easily rebutted is that the time records produced by the Plaintiffs are not sufficient to substantiate the application for attorneys' fees and costs. The Court has before it a very detailed accounting of time for all those involved in this case.

With respect to Attorney Mark Fay, time was billed according to other peoples' contemporaneous time sheets, the court docket, and the file itself. Mr. Fay was aware that others were maintaining time records that would for the most part substantiate his time. Contemporaneous records from other attorneys substantiate the majority of the work he performed. (Contemporaneous time records of Attorney Crawford, the Law Offices of Lauren Jones, Attorney Mannis (as ordered by the Court) and Attorney Souza were provided to the Municipal Defendants). The documents in the file and the court records substantiate some of the rest of the work he performed. At the same time, there is much work Mr. Fay performed that was not billed because it could not be captured. Mr. Fay only billed for time he could substantiate through billing records, the file and court records. Defendants propose a 50% fee reduction without taking into account the contemporaneous records that support his fee application including others' time sheets,

the court file and the Plaintiffs file. This is an arbitrary amount and not tied to any argument that the fees requested by Mr. Fay are somehow unreasonable. The Municipal Defendants took part in this litigation. If there were amounts and charges that were unreasonable, unwarranted or inaccurate, they would have identified those entries. The truth of the matter is that Mr. Fay performed all the work detailed in the Application for an Award of Attorneys' Fee and Costs. Moreover that work was done efficiently and reasonably in light of the circumstances of the case. If anything, his lack of contemporaneous time sheets has already reduced his claim significantly. Thus, this court should reject the Municipal Defendants' arbitrary suggestion of a 50% fee reduction for Mr. Fay's time.

With respect to Attorney Carolyn Mannis, contemporaneous time records were maintained. While Attorney Mannis attempts to keep complete records, some of her time is not captured as she runs a one person office. Moreover, because this is not a case where a client was paying her, at times her records are not completed. With respect to the 50 days requested, contemporaneous records were provided for each entry. If there was no written time entry, a court document or copy of a file record was supplied to substantiate the request. A true copy of Plaintiffs' Second Supplemental response to Defendants' Request for Production of Documents is attached hereto as Exhibit B.

Likewise, Municipal Defendants have proposed an arbitrary reduction in Attorney Mannis' time. They propose 25% without any allegation that the time entries supplied were unreasonable or inaccurate (that the work wasn't performed). This is not a case of having an absence of detailed contemporaneous time records. And while the Municipal Defendants would have this Court believe that Attorney Mannis only provided

contemporaneous time records for thirty-three days, this is totally untrue. Attorney Mannis provided the back-up for all 50 dates sought by the Municipal Defendants. Additionally, Attorney Mannis on May 6, 2008, provided contemporaneous time records for more than one hundred days in response to Defendants' Request for Production of Documents. A true copy of Plaintiffs' Response to Defendants' Request for Production of Documents is Attached hereto as Exhibit C.

Therefore, this Court should reject the Municipal Defendants' request for a fee reduction as the materials provided more than substantiate the time Ms. Mannis spent on the case. This time was fair and reasonable.

**4. None of the Duplicative Work was Unnecessary in this case.**

Municipal Defendants also argue that time should be reduced for work performed by two or more lawyers. This is not in accordance with accepted case law or billing practices. The Court in *Lipsett, supra*, found that a medical student's representation by multiple lawyers, plus paralegal, in a civil rights action brought against medical school officials did not require a reduction of attorneys' fees awarded to the prevailing plaintiff in view of the complexity of litigation and the considerable burdens it placed upon the plaintiff's attorney, the number of defendants in the case, and defendants' staffing patterns. *Lipsett* at 938-939. Here, the unavoidability of multiple representation and duplicative time is even more obvious. Not only were the issues complex and the case bitterly contested (as in *Lipsett*) but the case involved over one hundred plaintiffs. The fact that the work was performed with so few attorneys and paralegals is remarkable. If each plaintiff or even family hired separate counsel, the case would have not only been unmanageable, but surely would have resulted in fee requests totaling far in excess of that

sought here. It was imperative that the attorneys be prepared and fully versed on all the issues involved in the case. To the extent possible only one attorney (or at times one paralegal) performed certain tasks. However, none of the duplicative time was unproductive, excessive or otherwise unnecessary. Interestingly, the work isolated by the Municipal Defendants is not all duplicative. (See Municipal Defendants' Exhibit J). For example, the entry on March 13, 2008 has an entry for Attorney Mannis in the amount of 2.0 hours, while Attorney Fay billed .6. It is clear that these are not duplicative times. The work performed was separate. Again on March 15, 2008 an entry is 5.0 hours for Attorney Mannis and 10.0 hours for Attorney Fay. While both attorneys were working on the same things (the Rule 50 arguments) the time is not duplicative. This is true for many of the entries contained in Municipal Defendants' Exhibit J.

Accordingly, this Court should reject Municipal Defendants' request for a reduction for duplicative time in that to the extent some of the time was duplicative, it was necessary not excessive or unproductive.

**5. The Hourly Rates are Reasonable in this case.**

In support of their fee application, Plaintiffs submitted the affidavit of V. Edward Formisano, Esq. "In determining a reasonable hourly rate, the Supreme Court has recommended that courts use 'the prevailing market rates in the relevant community' as the starting point." *Andrade v. Jamestown Hous. Auth.*, 82 F.3d 1179, 1190 (1st Cir. 1996) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). Attorney Formisano opined in his affidavit, which is unchallenged by the Municipal Defendants that "an hourly rate of $250 per hour for Attorneys Mark Fay, Carolyn Mannis, Lauren Jones and Maurene Souza, and $200 per hour for Attorneys David Krech, Mark LaBollita and

Robert Thurston, and $150 per hour for Attorney Steven Crawford is at or below the prevailing market rate charged by attorneys with comparable experience and competence in this community…"

Additionally, a Court "may rely upon its own knowledge of attorney's fees in its surrounding area in arriving at a reasonable hourly rate." *Id.*

Municipal Defendants' analysis on the rate misses the point. In the first instance their reliance on *O'Rourke v. City of Providence*, 235 F.3d 713 (1st Cir. 2001) is misplaced. In *O'Rourke* the "associate" did none of the actual questioning of witnesses and did not present arguments at trial. While Municipal Defendants would like this Court to believe that Attorney Mannis fulfilled that role, having presided at the trial, the Court is well aware of the contribution of Ms. Mannis to the trial proceedings. She questioned witnesses. She cross-examined witnesses. She presented arguments (especially with respect to the Defendants' Rule 50 motions). Ms. Mannis' contribution was on par with Mr. Fay's. They acted as co-counsel. With respect to Attorneys Jones and Souza, their specialized knowledge and expertise justifies their billing rates. They were used discreetly as needed. Given the breath of work to be performed in this case, their expertise was used sparingly.

Municipal Defendants' suggestion of lowering Mr. Fay's hourly rate (without any supporting expert affidavit) is similarly misplaced. They compare his work to that of lead counsel in *O'Rourke*. *O'Rourke* was a case that was decided in 2001 for work that occurred many years prior (her lawsuit was filed in June 1995). Rates have obviously increased since that time. Moreover, Plaintiffs suggest that the complexity of issues and the manageability of the case warrants a greater hourly rate in this case.

Municipal Defendants' citation to Professor Tribe's court-reduced rate from $275.00 to $175.00 is similarly inapplicable as the case was not even decided by the appellate court until 1984 (the underlying lawsuit was filed in November 1977). *See Grendel's Den, Inc. v. Larkin*, 749 F.2d 945 (1st Cir. 1984).

Accordingly, Municipal Defendants proposed fee reduction should be rejected.

**6. Expert Fees Should be Awarded to the extent they are not taxed as a Bill of Cost.**

The Plaintiffs could not have met their burden of proof without the use of expert testimony. Defendants were unwilling to stipulate that the calls were recorded. Plaintiffs were without alternatives and had to rely on expert testimony to prove Defendants' liability in this case. Some of the experts were support staff. Others, most notably Edward Baker educated Plaintiffs' counsel on telephone systems and provided information and expertise that permitted Plaintiffs to identify the expert needed for testimony at trial to prove the violations.

Each of the statutory schemes permits the award of expert fees as part of the attorney's fee award. On the civil rights claim 42 USC § 1988(c) provides the court with discretion to include expert fees as part of the award. Likewise the State Wiretap Act provides that prevailing plaintiffs be awarded reasonable attorneys' fees **and other litigation disbursements** reasonably incurred. Gen. Laws § 12-5.1-13(a)(3) provides that a person whose wire communication is intercepted shall be entitled to recover "Reasonable attorneys' fees and other litigation disbursements reasonably incurred." Additionally pursuant to the Privacy Act, R.I. Gen. Laws § 9-1-28.1(b) provides that the

court may award reasonable attorneys' fees and court costs to the prevailing party. Those costs logically include expert fees.

Thus, to the extent expert fees are not permitted as part of the taxation of costs in this case, they should be permitted as part of the attorneys' fees application in accordance with statutory authority and the overwhelming necessity of such expertise in this case.

In conclusion, the fee application as requested should be granted without reduction. Moreover, Plaintiffs intend to supplement their time and request to include time spent on the case since the filing of the post-trial motions as indicated in their original motion seeking an award of attorneys' fees and costs.

Plaintiffs,
By their attorneys,

/s/ Mark A. Fay
Mark A. Fay, #4208
Murphy & Fay, LLP
127 Dorrance St., 2nd Floor
Providence, RI 02903
401-490-3200
401-490-3207 (Fax)

/s/ Carolyn A. Mannis
Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
401-272-2002
401-274-0175 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July, 2008 I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915
drobinson@dgrlaw.necoxmail.com

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
City of Providence Department of Law
275 Westminster Street
Providence, RI 02903
kevin_mc1950@hotmail.com

Peter J. Comerford, Esquire
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903
pcomerfo@coialepore.com

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, Ltd.
41 Power Road, Suite 202
Pawtucket, RI 02860
famcarltd@aol.com

/s/ Mark A. Fay
Mark A. Fay

projo.com The Providence Journal

# Secret system taping public-safety calls in Providence removed

**02/13/2003**

**Associated Press**

PROVIDENCE / Updated 6:45 p.m. -- Mayor David N. Cicilline and Police Chief Dean Esserman announced today that they have removed a system from the city's public safety complex that was secretly recording all incoming and outgoing calls in the police and fire departments.

Cicilline said Esserman discovered the system as part of a review which began last week . The system also recorded calls in the city's municipal and housing courts.

Esserman was at the mayor's side during the announcement at the Public Safety Complex. Also on hand was City Council President John J. Lombardi, who had served as acting mayor before Cicilline was inaugurated and after former Mayor Vincent A. Cianci Jr. was sentenced on a federal corruption charge last September.

Cicilline, who took office last month and appointed Esserman as chief soon after, called the system's use a "despicable invasion of privacy, if not a violation of law."

He said while the investigation is ongoing under the eye of state Atty. Gen. Patrick Lynch, a preliminary review suggests the system was ordered by former acting Police Chief Urbano Prignano Jr.

*-- With reports from Journal staff reporter Amanda Milkovits*

**CORRECTION:** An earlier version of this report incorrectly said Lynch was at the announcement today.

---

Online at: http://www.projo.com/digitalbulletin/content/projo-20030213-system_.7d552dd.html

P 000970

projo.com The Providence Journal

# Secret phone-tap system found at police complex

**An outraged Providence Mayor David N. Cicilline orders the system removed from the new building, and an investigation into its installation begins.**

**02/14/2003**

**BY AMANDA MILKOVITS**
**Journal Staff Writer**

PROVIDENCE -- A computer system that has secretly recorded nearly every call placed to or from the new public safety complex was discovered Monday morning during a routine review of the city's communications system.

The computer was immediately ripped out by order of the police chief, and an outraged Mayor David N. Cicilline asked the attorney general to review the matter.

"This is a despicable invasion of privacy, if not a violation of law," Cicilline said during a public announcement yesterday. "I'll do everything to make sure we get to the bottom of this."

The public safety complex, which opened last July, includes police and fire headquarters and the municipal and housing courts.

From inmates in the cell block talking to their lawyers, to judges, firefighters, detectives, and crime victims -- just about anyone using the phone lines in the $50-million building -- potentially had their calls surreptitiously recorded by this computer. The system was installed in a second-floor telephone closet on the police side of the building. It's not known how long the system had been in place. The hardware was installed with other computer components in the small room, Police Chief Dean Esserman said.

There was a handful of phone extensions that weren't recorded, Esserman said. He refused to say who would have used those extensions.

Those who call the emergency numbers at the police or fire headquarters hear a dispatcher's greeting: "This line is being recorded." However, there's no such message on any of the nonemergency phone lines at the complex. Employees didn't know their conversations were being recorded, Cicilline said.

There must be a reasonable expectation of privacy for the employees and those who are calling the complex, Esserman said. State law on unauthorized interception, disclosure or use of wire, electronic or oral communication says that a violation is a felony, punishable by five years in prison.

Cicilline asked Atty. Gen. Patrick Lynch yesterday for a review of the discovery, and he will ask the same of the U.S. Attorney's office this morning.

"I think we all should be furious about this," Cicilline said.

P 000971

Meanwhile, the Police Department is launching a forensic audit to find out who may have accessed the recording system and what calls may have been intercepted, Esserman said. The audit may take several weeks, he said.

Investigators have already collected the signed work orders for the computer system's installation and are looking into who requested the system, Esserman said.

The system was ordered as the building was being constructed, Cicilline said. "We feel it was ordered at the request of [retired] Colonel Prignano," he said.

Stephen Famiglietti, the lawyer for Urban Prignano Jr., vehemently denied that the retired chief knew about the computer recording system.

"He has absolutely nothing to do with it," Famiglietti said by phone yesterday.

The city is already considering whether to discontinue Prignano's pension for dishonorable service after he admitted in federal court to helping several officers cheat on their promotional exams. Prignano retired from a 34-year career at the department in January 2001.

Famiglietti said that linking Prignano's name to the computer system was just a "political move."

"It's shameful that his name is being raised. How much more can this man take before he just collapses?" Famiglietti said. "Everything that goes wrong [at the Police Department] is automatically Colonel Prignano's problem?"

Prignano was an expert in wiretapping, and he won kudos when he became the first city officer authorized to independently conduct court-ordered wiretap operations.

But as chief, Prignano was accused of secretly recording the activities of his own officers. In 1999, a sergeant cleaning a clock in the Dupont Street's substation's roll-call room found a surveillance camera that had been secretly installed inside.

Police officials said they installed the clock to catch vandals. The rank-and-file didn't believe them. The union leaders said that Prignano wanted to catch who was posting unflattering fliers and a cartoon about him.

The camera's discovery led to "blue flu" -- multiple sick days -- among nearly all officers on the first two shifts -- and a stinging no-confidence vote in Prignano at the time.

For years, there were rumors that all phone lines were secretly being recorded, said Lt. Hugh Clements, vice president of the Fraternal Order of Police Lodge No. 3.

Knowing the rumors were true brought back that anger and mistrust, he said. "The members are outraged," Clements said.

The city's Communications Division deals with all public safety-related voice and data transmissions. Technicians from the division have been interviewed by the investigators, the chief said.

Communications Director Manuel Vieira didn't immediately return a call seeking comment last night.

P 000972

Esserman said that Fire Chief James Rattigan told him he didn't order the computer system and he didn't know it existed. Calls to firefighters' union president David Peters weren't immediately returned last night.

Esserman also interviewed Maj. Richard T. Sullivan and Maj. Guido A. Laorenza, both former chiefs, about the computer system. He declined comment on what they said.

Prignano had been involved in the planning for the new station, Famiglietti said. However, the retired chief didn't ask for or include this system in his plans, the lawyer said.

If Prignano had known, he would have done something about it, Famiglietti said. "He is outraged. He is beyond outraged," Famiglietti said. "This man did not do anything wrong."

The state does allow a "one-party" consent to tape phone conversations, meaning that one party in a conversation can tape without another's consent, said Steven Brown, executive director of the Rhode Island chapter of the American Civil Liberties Union.

But in this case, there were many people using the phones, apparently unaware that their conversations were recorded, he said.

"It's a wholesale invasion of privacy of the rights of thousands of people, potentially," Brown said.

---

Online at: http://www.projo.com/news/content/projo_20030214_tape14.b28d8.html

P 000973

projo.com The Providence Journal

# Cicilline ousts top communications officials

## The department, which handles all telephone and radio dispatching for the Police and Fire Departments, was badly mismanaged, the mayor says.

**02/19/2003**

**BY AMANDA MILKOVITS**
**Journal Staff Writer**

PROVIDENCE -- Mayor David N. Cicilline forced out the top three administrators at the city's Department of Communications yesterday, saying an internal review found the department was rife with mismanagement.

Director Manuel M. Vieira was fired when he refused to resign at the mayor's request. Deputy Director Joseph P. Richardson Jr. and Chief of Operations Mary F. Lennon both stepped down when asked to resign.

A mayoral task force uncovered a management system with no accounting for cell phones, city vehicles, spending, or department overtime. Communications is in charge of all telephone and radio dispatching in the police and fire departments.

The purge in the Communications Department came less than a week after Cicilline announced that a computer system in the nearby Public Safety Complex may have secretly recorded most of the phone lines there.

Cicilline said yesterday he didn't know whether Vieira, Richardson, or Lennon were responsible for ordering the recording system discovered by the task force last week in a locked telephone closet at the complex. The attorney general's office is heading a criminal investigation of that discovery.

"But there is no question that what we uncovered last week further illustrates the importance of having leadership in that department that I have confidence in and that shares my vision of what we need to do in city government and how we need to change the old ways of doing things," Cicilline said.

He placed state police Inspector William Trinque temporarily in charge of the department, along with Providence police officials, as the task force continues its review. All city departments are being reviewed by the new mayor.

The task force started its work Feb. 3 -- and discovered serious management problems in comunications in less than a week, Cicilline said.

"What the task force found -- and did not find -- was disturbing," Cicilline said.

Overtime wasn't accounted for in the 85-member department on West Exchange Street. Neither were cell phones or the use of city vehicles, said John Enright, chief intelligence officer of the U.S. Attorney's office, who heads the task force. There were no records of who was using the phones or the vehicles, or

P 000978

even where some of the vehicles had come from, he said.

Cell-phone records were being shredded, Enright said. Vieira told him he ordered the records destroyed -- although the shredding stopped after convicted former Mayor Vincent A. Cianci Jr. left office, Enright said. No motive for the shredding was given. The task force has contacted the phone companies and requested records going back at least three years, he said.

The department was also buying supplies without documentation -- such as $14,000 spent at a local Staples store that no one could account for, Cicilline said.

Enright said that Vieira and Richardson offered some explanations for the activities, but their responses fell short. The task force has not determined whether the irregularities constitute criminal conduct.

That was the first week of the review. By last Monday, as the task force was preparing to brief Cicilline, it uncovered a computer system that was secretly recording nearly all the phone lines at the new Public Safety Complex. Police Chief Dean Esserman, also a task force member, pulled the plug on the computer system and called the mayor.

Investigators are seeking to determine who ordered the system and why. A forensic audit has been commissioned to figure out how long the system has been recording calls and who may have accessed it. The secret recording of phone conversations is a felony under state law.

When asked about the recording system yesterday morning, Vieira said he had no comment.

"It's under investigation," he told The Journal. "Just let it be. Let it all come out."

An hour later, Vieira left his office at the communications building for a meeting with Cicilline -- where he was promptly fired.

"As mayor of this city I want people in public service to demonstrate a commitment to honest and accountable government," Cicilline said.

Vieira, Richardson and Lennon served at the pleasure of the mayor. Vieira, who started working for the city 30 years ago, had a $94,048 salary. Richardson was paid $81,379, and Lennon was paid $42,868, according to the mayor's office. Neither Richardson nor Lennon could be reached for comment yesterday.

Vieira was part of the inner circle of Cianci and Frank Corrente, the convicted former city director of administration. Vieira had worked as a cable foreman and assistant deputy state fire marshal, until Cianci promoted him in 1991 as deputy communications director.

Trinque, the acting director of communications, has been in charge of assuring that various state police units use computers appropriately, maintain proper paperwork, follow policies and procedures. He is on loan full-time until Cicilline finds a new director.

The investigation into the recording system is expected to be lengthy. "Any investigation that involves computers or the use of computers becomes protracted because of the type of work that needs to be done," said state police Maj. Brendan P. Doherty.

Six state police detectives and one Providence police officer are conducting the investigation, Doherty

said. The state police contingent includes members of the cyber crimes unit, the financial crimes unit, and detectives assigned to the Providence area, he said.

The city official who oversaw the construction of the $50-million Public Safety Complex said that he didn't know about the recording system.

Joseph Abbate, the former deputy director of the city's Department of Planning and Development, said computer equipment orders came from the Communications Department, and "we had no knowledge of what they were ordering."

Former Commissioner of Public Safety John J. Partington, who resigned in October, said he didn't know about the recording device.

"As commissioner, I should have known, but no one told me about it," Partington said yesterday.

Staff reports from Paul Edward Parker, W. Zachary Malinowski, and Gregory Smith.

---

Online at: http://www.projo.com/news/content/projo_20030219_taping19.93ac0.html

P 000980

projo.com
The Providence Journal

# Secret computer recorded all but 20 phone lines

## The police chief, the fire chief and other top fire administrators were excluded from the system, but the municipal court and public safety commissioner's office, among others, were not.

**02/21/2003**

**BY AMANDA MILKOVITS and PAUL EDWARD PARKER**
**Journal Staff Writers**

PROVIDENCE -- Just 20 phone extensions -- among hundreds -- were exempt from being secretly recorded by a computer system inside the new Providence Public Safety Complex.

Half of those unrecorded lines belong to all of the top fire chiefs and fire administrators based at headquarters. Eight others were extensions into the Communications Department in another building. But at the Police Department, every line, with the exception of two into the chief's office, was tied into the system.

That would apparently include lines used by internal affairs investigators, domestic violence and narcotics detectives, the department's five majors -- even the public safety commissioner's office.

In addition to the Police and Fire Departments, the safety complex includes two municipal courts. Those lines were tied into the recording system. So were phones used by prisoners in the cell block. An extension to the police union hall was connected.

The excluded extensions were listed in a document provided yesterday by the mayor's office at The Journal's request.

Mayor David N. Cicilline dismissed the top three Communications Department administrators on Tuesday and put a state police inspector in their place after a task force that he appointed found "serious mismanagement" there. The recording system, ordered by the Communications Department, was discovered through the task force's review.

Fire Chief James Rattigan, who was involved in planning the complex, which opened last summer, said yesterday that he didn't remember the phone recording system being discussed.

Rattigan couldn't say last night why his phone extension and those belonging to his top chiefs weren't among those being recorded. He declined to comment because of the ongoing criminal investigation.

"When all the factors are known, the investigators will speak," Rattigan said.

Rattigan was assigned by Cicilline to the task force that was involved in the discovery of the recording equipment.

In addition to Rattigan, the unrecorded extensions belonged to Assistant Chiefs Gary Mulcahy and

P 000993

William Giannini; Deputy Assistant Chief James Cotter (recently retired), Battalion Chiefs Richard Deuso (recently retired) and Guy Lanzi; Fire Marshal David Costa, Deputy Fire Marshal George Farrell, and Deputy Assistant Chief of Emergency Medical Services Michael Dutra.

A phone extension in the chief's area was also unrecorded. The only two fire administrators who don't have extensions happen to work in other buildings.

The unrecorded Communications Department lines belonged to Director Manuel Vieira, Deputy Director Joseph P. Richardson Jr. and an administrative assistant. Viera, Richardson and Chief of Operations Mary F. Lennon were forced out of their jobs Tuesday.

Also excluded were a conference room and kitchens used by the police and fire dispatchers and an extension identified as "director's house."

Police Maj. Richard T. Sullivan, who was police chief when the system was ordered and installed, has denied knowing about the system. Retired police Chief Urbano Prignano Jr., who was in charge during some of the planning for the building, has adamantly denied having anything to do with the recording system.

Former Public Safety Commissioner John J. Partington, whose office the planning meetings were held in, has also denied knowing anything about the recording system.

A criminal investigation by state and Providence police is seeking to determine whether the recording equipment was used in violation of any state and federal wiretapping laws.

---

Online at: http://www.projo.com/metro/content/projo_20030221_theline2.88771.html

P 000994

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

VS. C.A. NO.: 04-304 A

CITY OF PROVIDENCE, et al.

JOHN C. CHMURA, et al.

VS. C.A. NO.: 04-553 A

CITY OF PROVIDENCE, et al.

**PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to the Court's Text Order of June 10, 2008 and correspondence dated June 17, 2008, Plaintiffs hereby supplement their Production of Documents to include the back-up for Attorney Carolyn A. Mannis's time entries for:

June 2, 2003
February 23, 2004
March 24, 2004
March 26, 2004
April 5, 2004
April 8, 2004
December 28, 2004
January 6, 2005
January 14, 2005
March 21, 2005
April 6, 2005
April 7, 2005
April 13, 2005
May 6, 2005
May 23, 2005
May 27, 2005
May 31, 2005
June 7, 2005
July 6, 2005
July 28, 2005
August 3, 2005
August 8, 2005
August 10, 2005
September 7, 2005
September 15, 2005
September 26, 2005
October 7, 2005
October 12, 2005
October 17, 2005
October 18, 2005
October 21, 2005
October 27, 2005
November 8, 2005
November 14, 2005
November 17, 2005
November 30, 2005
December 5, 2005
January 27, 2006
February 2, 2006
February 6, 2006
March 3, 2006
August 22, 2007
September 19, 2007
December 5, 2007
December 18, 2007
January 8, 2008
January 10, 2008
January 11, 2008
February 25, 2008
March 28, 2008

Supplemental Response:

See attached documents Bates Stamp 000001-000183.

Plaintiffs
By their Attorneys:

Mark A. Fay, #4208
Murphy & Fay, LLP
127 Durance Street – 2nd Floor
Providence, Rhode Island 02903
Telephone: 401-490-3200
Facsimile: 401-490-3207

Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
Telephone: 401-272-2002
Facsimile: 401-274-0175

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 25th day of June, 2008, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02915

Peter Comerford, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
41 Power Road, Suite 202
Pawtucket, RI 02860

# DAILY TIME AND TELEPHONE LOG

ATTORNEY CAM

DATE June 2nd 2003

| CLIENT NAME | TIME | DESCRIPTION |
| --- | --- | --- |
| Prov Firefighter | 1.6 | mtg w S Crawford re SOR re lawsuit re civil lia state + fed + APRA reg; conf w S. Crawford re LR |

000001

'04

**DAILY TIME AND TELEPHONE LOG**

ATTORNEY ____________ DATE Feb 23

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Prow FF | 1.2 | cont w/o C |

04

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ____________ DATE 3/24

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Prov Firefighters | 5.3 | cont w/o C; LR re clm against City; w/o same |

000003

3/26/04

Firefighters .4 cont w/o re edits to C; rec + rev e-mail fr S. Crawford re same; call to same re same

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ______________

DATE April 5

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Prov Firefighters | .6 | further conf w M Feeney re add'l plaintiffs + STR re lawsuit |

4/8/04

Prov Firefighters .4 conf w J. Azevedo
re rep of S. Valy
in lawsuit; call
to S. Valy re same

000006

# DAILY TIME AND TELEPHONE LOG

DATE Dec 28

ATTORNEY

| CLIENT NAME | TIME | DESCRIPTION |
| --- | --- | --- |
| Prov FF wiretap | 1.5 | cont w/D Walden : C |

000007

05

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ______________

DATE 1/6

| CLIENT NAME | TIME | DESCRIPTION |
| --- | --- | --- |
| Prov FF wiretap | .3 | rec. anonymous call re S. Morse as D re Walden C; conf w M. Fay re STK re same |

000008

req for deferment

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ____________ DATE 1/14

000009

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | .6 | rec + rev an to C esp as it relates to service of process; rec + rev N re Ms to cmpl (over) |

Wiretap confs w M. Fay re same + re Arizona plaintiffs stip re amending C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, ET AL. | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 04-304S |
| CITY OF PROVIDENCE, ET AL. | ) | |
| Defendants. | ) | |

**NOTICE**

A pretrial conference regarding the above case will be held on **March 3, 2005 at 9:30 a.m.** before U.S. District Judge William E. Smith.

**At least two (2) days prior to the conference,** counsel for each party asserting a claim (including a counterclaim and/or cross claim) shall deliver to the Court and opposing counsel a written statement enumerating the elements that must be proved to sustain such claim together with citations to the relevant authorities upon which counsel relies.

In order to facilitate an informed discussion of the merits of the case and the prospects for settlement, lead trial counsel (and local counsel, if any) are required to attend the conference.

Plaintiff(s) counsel shall contact Defendant(s) counsel prior

to the conference for the following purposes (See Fed. R. Civ. P. 26(f)):

1. Exchanging relevant information and documents;
2. Identifying the facts that are in dispute;
3. Identifying the legal issues;
4. Identifying as precisely as possible the nature of the discovery contemplated by each party;
5. Exploring the possibility of settlement before substantial expenditures of time and money are made;
6. Determining whether this case is candidate for referral to ADR.

Counsel are instructed to notify the undersigned clerk immediately if counsel for any party has been omitted from the list of counsel receiving this notice.

Counsel shall be prepared to inform the court whether they desire referral to the ADR Administrator or Conference with Magistrate Judge.

Alba-Sue Mercurio
Deputy Clerk

Date: **January 14, 2005**

**Notice sent to: Mark A. Fay, Esq.; Carolyn A. Mannis, Esq.; Kevin F. McHugh, Esq.; Susan M. Carlin, Esq.; George J. West, Esq.; George L. Santopietro, Esq.; Dean G. Robinson, Esq.; Kevin J. McAllister, Esq.; and Thomas J. Cronin, Esq.**

United States District Court
District of Rhode Island

ADR INFORMATION SUMMARY

**INTRODUCTION:** The United States District Court for the District of Rhode Island provides this Information Summary as an overview of the Court's Alternative Dispute Resolution Program available to litigants, beginning February 1, 1995. The Court's ADR Program was developed in 1993 as part of it's Civil Justice Reform Act Expense and Delay Reduction Plan (hereafter "the Plan"). On February 8, 1995, the Plan was amended. The Plan is designed to give litigants ready access to case evaluation/and or modern ADR settlement techniques. The program seeks to encourage a mutually satisfactory resolution to disputes in the early stages of litigation. Such early case resolution is likely to increase litigant satisfaction with the judicial process and more efficient use of judicial and private resources. Referral to ADR does not constitute a waiver of any requirement established by statute, local rule, or procedure required by the Court as a whole or the individual district judges of this court.

**CASES SUBJECT TO ADR:** All civil cases filed (except those specifically exempted by the assigned district judge, upon Application to the Court or by Order of this Court) in this district shall be submitted to a settlement conference before a judicial

officer within 120 days of a responsive pleading to the Complaint or a Motion to Dismiss pursuant to Rule 12(b)(whichever is filed first) unless the parties elect to participate voluntarily in an approved ADR option offered by the Court. Approved forms of alternative dispute resolution shall include: early neutral evaluation, summary jury and bench trials, mediation and court-annexed arbitration. These alternatives are voluntary, and are not binding (except to the extent that parties may agree to binding arbitration under the Federal Arbitration Act).

**DEFINITIONS**

1. "***Mandatory Settlement Conference***" is a non-binding settlement process involving a neutral (in most cases a magistrate judge), who works with the parties and their counsel to identify issues, promote settlement dialogue and, if possible, resolve the dispute in a mutually acceptable way. The fundamental goal of this process is to help the parties overcome obstacles to effective negotiation and settlement.

2. "**Early Neutral Evaluation**" (ENE) is a pre-trial process involving a neutral evaluator who meets with the parties early in the development of the litigation to help parties and their counsel focus on the issues, organize discovery, prepare the case for trial and, to the extent possible, aid in the settlement of the case. The evaluator provides an expert assessment of disputed legal and

factual issues and estimates the perceived value of the case.

3. "***Summary Jury/Bench Trial***" is a non-binding process in which the parties present an abbreviated version of their respective cases to a mock jury or before a judicial officer. In a summary jury trial, the parties use the decision of the jury and information about the jurors' reactions to the parties' legal and factual arguments as an aid to settlement. A summary bench trial works in the same way, except there is no jury. The Court has already conducted summary jury trials with some success. They are sometimes referred to in this jurisdiction as "mini-trials."

4. "***Mediation***" is a voluntary, non-binding process in which the parties, with the help of a neutral mediator, identify underlying interests and develop acceptable means of addressing those interests and settling differences. The focus in mediation is on the pragmatic needs of parties and the preservation of any relationship that may exist between them.

5. "***Arbitration***" is a non-binding (though parties may agree to binding arbitration under the Federal Arbitration Act), adjudicative process in which a neutral decides the rights and obligations of parties and imposes an appropriate remedy in the form of an award.

**PANEL OF NEUTRAL INTERVENORS:** The Court established a panel of

neutral intervenors comprised of individuals whose education, experience, training and character qualify them to act as neutrals in one or more of the ADR options implemented by the Court. Magistrate judges presiding over settlement conferences and the ADR Administrator, serving in the capacity of mediator upon referral of cases by the Court, shall serve without compensation. ADR Panel Members serving as neutral intervenors receive no compensation for the first hour of their service. Thereafter, the parties are equally responsible for an intervenor's compensation at a rate agreed to by the parties, but not to exceed $150 per hour.

**REQUIREMENT TO MEET AND CONFER REGARDING REFERRAL TO ADR:** Prior to a Rule 16(b) Pre-Trial Conference, held pursuant to the Federal Rules of Civil Procedure, the Notice and Order advising the parties of the date and time of the Conference, and any requirements established by the district judge in order to further the objectives of the Conference, as set forth in Rule 16 (a), shall, in addition to any present requirements, include a requirement that parties attending, be prepared to discuss possible referral to the Court's ADR Program. In the case of a district judge who may choose to conduct such conferences by telephone, the parties shall be prepared to discuss whether the parties wish to opt for referral to ADR. The Court shall include with the Notice and Order, this summary ADR Information.

N:\WPDOCS\JUDGE SMITH\Pretrial Conf. Notice.wpd

**PROCESS OF REFERRAL TO ADR**: If the parties express an interest in referral to ADR, the parties shall be advised by the district judge to contact the ADR Administrator, in order to arrange a mutually convenient time for the parties and the Administrator to meet and to discuss the following: (1) the Court's ADR Program in greater detail; (2) the facts and issues in the case (3) selection of an ADR method most likely to be of value to the parties, and (4) the selection of an ADR Panel Neutral.

**REFERRAL TO ADR PRIOR TO THE RULE 16 CONFERENCE**: Parties may request referral to ADR prior to the Rule 16 Conference. In such cases the parties should contact the ADR Administrator.

**FOR ADDITIONAL INFORMATION PLEASE WRITE OR CALL**: Berry B. Mitchell, Ph.D., ADR Administrator, United States District Court, District of Rhode Island, 1 Exchange Terrace, Room 519, Providence, RI 02903: (401) 752-7229 • Fax: (401) 528-5112

N:\WPDOCS\JUDGE SMITH\Pretrial Conf. Notice.wpd

*UNITED STATES DISTRICT COURT*
*District of Rhode Island*

# *NOTICE*

*THOMAS WALDEN, ET AL*

*V.* *CA 04-304S*

*CITY OF PROVIDENCE, ET AL*

*PLEASE TAKE NOTICE THAT THE PROCEEDING LISTED BELOW HAS BEEN SCHEDULED IN THE ABOVE ENTITLED CASE BEFORE U.S. DISTRICT COURT MAGISTRATE JUDGE DAVID L. MARTIN*

*TYPE OF PROCEEDING:* *Defendant Richardson's Motion to Compel all Plaintiffs to Answer Interrogatories and a Motion to Compel all Plaintiffs to Produce Documents*

*PLACE:* *U.S. District Court*
*Courtroom B - Room 260*
*John O. Pastore Federal Building*
*Two Exchange Terrace*
*Providence, RI 02903*

*DATE:* *Monday, January 24, 2005*

*TIME:* *10:00 A.M.*

*David A. DiMarzio, Clerk of Court*

*Martha Saucier*

Martha Saucier
Deputy Clerk
Date: January 14, 2005 ✓

**NOTICE SENT TO:** **Fay, Mannis, McHugh, Oredugba, Famiglietti, Carlin, Santopietro, Robinson, McAllister, Cronin**

N.B. COUNSEL ARE DIRECTED TO NOTIFY THE CLERK'S OFFICE AT 752-7218 IF THE NAME OF COUNSEL FOR ANY PARTY IS OMITTED FROM THIS NOTICE.

RECEIVED
JAN 14 2005
J WILLIAM W HARSCH

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THOMAS WALDEN, ET AL

V. CASE NUMBER: 04-304

CITY OF PROVIDENCE, ET AL

ENTRY OF APPEARANCE

I, George J. West, Esq., hereby enter my appearance for the defendant, VINCENT A. CIANCI, JR., in the above matter.

George J. West

George J. West, #3052
One Financial Plaza, Suite 1500
Providence, RI 02903
Telephone: 401-861-9042
Facsimile: 401-861-0330

DATE: 1/13/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et. als.

V. CA. No. 04-3045

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

ANSWER OF DEFENDANT VINCENT A. CIANCI, JR.

Now comes the Defendant, Vincent A. Cianci, Jr. , named as a Defendant in the Complaint in his official capacity as the former Mayor of the City of Providence and individually, by and through his attorney, and denies each and every allegation of the complaint not specifically admitted herein below and hereby further answers the Complaint as follows:

PARTIES

1. Defendant, Vincent A. Cianci, Jr., is without knowledge or information sufficient to form a belief as to the truth of the facts averred in Paragraphs 1 through 89 inclusive, and leaves Plaintiffs to their proof of same. The allegations aforesaid are otherwise denied.

2. Allegations made in Paragraphs 90 through 93 inclusive, and paragraphs 95 through 98 inclusive are addressed to Co-Defendants. Plaintiffs are left to their proof of same. The allegations aforesaid are otherwise denied.

3. As to Paragraph 94 of the Complaint, Defendant, Vincent A. Cianci, Jr., admits that he is the former Mayor of the City of Providence. As to the remaining allegations of the paragraph, which consist of legal opinions or characterizations, they are neither admitted nor denied, and Plaintiffs are left to their proof of same. The allegations aforesaid are otherwise denied.

JURISDICTION

4.Defendant, Vincent A. Cianci, Jr., states as to the allegations contained in Paragraphs 99 through 100 inclusive that he neither admits or denies the allegations but is without sufficient information to form an opinion as to the truth of the allegations and leaves the Plaintiffs to their proof. The allegations aforesaid are otherwise denied.

VENUE

5. Defendant, Vincent A. Cianci, Jr., as to the allegations contained in Paragraph 101 that he neither admits or denies the allegations but is without sufficient information to form an opinion as to the truth of the allegations and leaves the Plaintiffs to their proof.

BACKGROUND FACTS

6.As to Paragraph 102, Defendant, Vincent A. Cianci, Jr., acted under color of law at all times while serving as the Mayor of the City of Providence and otherwise while employed by the City of Providence. Defendant, Vincent A. Cianci, Jr., is without sufficient information to respond to the allegation contained therein stating: "At all relevant times", and leaves Plaintiffs to its proof. Defendant, Vincent A. Cianci, Jr., makes no response to the allegations addressed to other Defendants and leaves Plaintiffs to their proof thereon. The allegations aforesaid are otherwise denied.

7. As to Paragraph 103, allegations are denied to the extent they seek to apply to Defendant, Vincent A. Cianci, Jr.. Defendant, Vincent A. Cianci, Jr., and he neither admits or denies the remaining allegations but is without sufficient information to form an opinion as to the truth of the allegations and leaves the Plaintiffs to their proof. The allegations aforesaid are otherwise denied.

8. As to Paragraph 104, allegations are denied to the extent they seek to apply to Defendant, Vincent A. Cianci, Jr. . Defendant, Vincent A. Cianci, Jr., neither admits or denies the remaining allegations but is without sufficient information to form an opinion as to the truth of the allegations and leaves the Plaintiffs to their proof. The allegations aforesaid are otherwise denied.

9. As to Paragraph 105, Defendant, Vincent A. Cianci, Jr., neither admits or denies the allegations but is without sufficient information to form an opinion as to the truth of the allegations and leaves the Plaintiffs to their proof. The allegations aforesaid are otherwise denied.

10. As to Paragraph 106, Defendant, Vincent A. Cianci, Jr., that he neither admits or denies the allegations but is without sufficient information to form an opinion as to the truth of the allegations and leaves the Plaintiffs to their proof. The allegations aforesaid are otherwise denied.

11. As to Paragraph 107, to Defendant, Vincent A. Cianci, Jr., that he neither admits or denies the allegations but is without sufficient information to form an opinion as to the truth of the allegations and leaves the Plaintiffs to their proof. The allegations aforesaid are otherwise denied.

12. As to Paragraph 108, to Defendant, Vincent A. Cianci, Jr., that he neither admits or denies the allegations but is without sufficient information to form an opinion as to the truth of the allegations and leaves the Plaintiffs to their proof. The allegations aforesaid are otherwise denied.

13. As to Paragraphs 109 through 114, inclusive, Defendant, Vincent A. Cianci, Jr, that he neither admits or denies the allegations but is without sufficient information to form an opinion as to the truth of the allegations and leaves the Plaintiffs to their proof. The allegations aforesaid are otherwise denied.

COUNT ONE

14, As to Paragraph 115, Denied.

15. As to Paragraph 116, Denied.

WHEREFORE, Defendant, Vincent A. Cianci, Jr., demands that the relief sought by Plaintiffs against him in his official capacity and individually be denied and dismissed, that judgment be entered on his behalf, and that he be awarded his costs, his

reasonable attorneys fees and such other and further relief as the Court deems appropriate.

COUNT TWO

16. As to Paragraph 117, Denied.

17. As to Paragraph 118, Denied,

WHEREFORE, Defendant, Vincent A. Cianci, Jr., demands that the relief sought by Plaintiffs against him in his official capacity and individually be denied and dismissed, that judgment be entered n his behalf, and that he be awarded his costs, his reasonable attorneys fees, and such other and further relief as the Court deems appropriate.

COUNT THREE

18. As to Paragraph 119, Denied.

19. As to Paragraph 120, Denied.

WHEREFORE, Defendant, Vincent A. Cianci, Jr., demands that the relief sought by Plaintiffs against him in his official capacity and individually be denied and dismissed, that judgment be entered on his behalf, and that he be awarded his costs, his reasonable attorneys fees, and such other and further relief as the Court deems appropriate.

COUNT FOUR

20. As to Paragraph 121, Denied.

21. As to Paragraph 122, Denied.

WHEREFORE, Defendant, Vincent A. Cianci, Jr., demands that the relief sought by Plaintiffs against him in his official capacity and individually be denied and dismissed, that judgment be entered on his behalf, and that he be awarded his costs, his reasonable attorneys fees, and such other and further relief as the Court deems appropriate.

COUNT FIVE

22. As to Paragraph 123, Denied.

23. As to Paragraph 124, Denied.

WHEREFORE, Defendant, Vincent A. Cianci, Jr., demands that the relief sought by Plaintiffs against him in his official capacity and individually be denied and dismissed, that judgment be entered on his behalf, and that he be awarded his costs, his reasonable attorneys fees, and such other and further relief as the Court deems appropriate.

COUNT SIX

24. As to Paragraph 125, Denied.

25. As to Paragraph 126, Denied.

WHEREFORE, Defendant, Vincent A. Cianci, Jr., demands that the relief sought by Plaintiffs against him in his official capacity and individually be denied and dismissed, that judgment be entered on his behalf, and that he be awarded his costs, his reasonable attorneys fees and such other and further relief as the Court deems appropriate.

AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which relief may be granted against this Defendant in both his official capacity and in his individual capacity.

2. Defendant pleads immunity as an affirmative defense.

3. Defendant pleads qualified immunity as an affirmative defense.

4. Upon information and belief based on the times which form the basis of the allegations of the complaint the same appear to have occurred after the Defendant left office and at any rate the Defendant was not involved with the procurement, selection, installation, maintenance, supervision and/or operation of the so-called "Total Recall" system.

5. Defendant pleads the governmental ordinary course of business exemption/privilege as an affirmative defense.

6. Defendant pleads the common carrier installation exemption privilege as an affirmative defense.

7. Defendant pleads as an affirmative defense that at all times he acted in good faith and the reasonable belief he was in compliance with all applicable federal and state laws, and no unlawful intent whatsoever.

8. Defendant pleads the public safety and or law enforcement exemption/privilege as an affirmative defense.

9. The Complaint fails to state a claim for which relief may be granted as the complaint fails to allege facts demonstrating publication or disclosure of any of Plaintiffs' herein alleged protected communications, and therefore no actual harm to Plaintiffs, nor any damages to Plaintiffs.

10. Defendant pleads as an affirmative defense that Plaintiffs had no reasonable expectation of privacy in the use of workplace telephones.

11. Defendant pleads license as an affirmative defense.

12. Defendant pleads consent as an affirmative defense.

13. Defendant pleads waiver/estoppel as an affirmative defense.

14. Defendant pleads accident/mistake as an affirmative defense.

15. Plaintiffs' claim for punitive damages fails to state a claim for which relief may be granted.

16. Without Defendant asserting that any wrongdoing as alleged in the Complaint was done by anyone, Plaintiffs have failed to join indispensable parties as defendants.

17. Without asserting that any wrongdoing as alleged in the Complaint was done by anyone, Defendant pleads the affirmative defense that persons other than this Defendant were responsible for any such potential wrongdoing.

18. Defendant pleads unclean hands on the part of Plaintiffs as an affirmative defense.

19. Defendant pleads as an affirmative defense that Plaintiffs had notice of the installation of the "Total Recall" system as its procurement and installation by the City was open

and notorious.

20. Plaintiffs' claims for injunctive relief are moot.

21. The Complaint fails to state a claim for which relief may be granted against this Defendant in his individual capacity as no facts are alleged against him seeking to establish that he was acting outside of the scope of his official position with the City of Providence or that he was acting within his individual capacity at any time relevant to his suit.

22. The Complaint fails to state a claim for which relief may be granted against this Defendant in his official capacity because a suit against a governmental official in his or her official capacity is not a suit against the official, but rather a suit against the official's office and/or the municipality itself. Given that the City of Providence is a named Defendant, Defendant, Vincent A. Cianci, Jr.'s, inclusion as a Defendant in the suit is inappropriate and redundant.

23. Defendant, Vincent A. Cianci, Jr., pleads the statute of limitations as an affirmative defense.

24. Defendant, Vincent A. Cianci, Jr., invokes the Public Duty Doctrine as an affirmative defense.

25. Defendant asserts the affirmative defense of laches.

DEFENDANT, Vincent A. Cianci, Jr., CLAIMS A TRIAL BY JURY ON ALL COUNTS AND DEFENSES AMENABLE TO JURY TRIAL.

Defendant Vincent A. Cianci, Jr.
By His Attorney,

George J. West, Esq. #3052
One Financial Plaza Ste. 1500
Providence, R.I. 02903
Tel. 401-861-9042
Fax. 401-861-0330

CERTIFICATE

I hereby certify that a copy of the within Answer was sent

by regular mail addressed to Mark A. Fay, Esq., Murphy & Fay, LLP, 127 Dorrance Street, 2d Floor, Providence, Rhode Island 02903 and Carolyn A. Mannis, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island 02903 on this 13th day of January, 2005.

000026

| | | |
|---|---|---|
| 01/14/2005 | √ | Motion hearing re: [14-1] motion to Compel all plaintiffs to produce the documents and materials requested in defendant Richardson's first request for production at 10:00 1/24/05, [13-1] motion to Compel all plaintiffs to answer first set of interrogatories propounded and served on November 17, 2004 at 10:00 1/24/05 before Magistrate Judge David Martin (Saucier, M) (Entered: 01/14/2005) |
| 01/14/2005 | √ | Rule 16 Conference set 9:30 3/3/05 Before Judge William E. Smith (Mercurio, A) (Entered: 01/14/2005) |
| 01/18/2005 | | Rule 16 Conference set 10:30 3/3/05 Before Judge William E. Smith (Mercurio, A) (Entered: 01/18/2005) |
| 01/18/2005 | 22 | NOTICE by Thomas Walden, Christopher P. O'Halloran, Donald J. Dubuque, Robert J. Reilly, Robert M. Cataldo, Paul Buteau, Matthew L. Randall, Edward S. Kennedy, Donald Rathbone, Bonnie J. Benson, Vincent P. Clements, James J. Rock, Peter K. McMichael Jr., Frank Reddington Jr., Joseph L. Molis, William L. Serbst III, Frederick A. Robinson Jr., Ernest E. Young IV, Robert J. Barrett Jr., Joseph P. Moreino Jr., Craig . Martin, William R. Kenyon Jr., Paul M. Picozzi, Joseph F. Mellor, John J. Hannon, Ernest Robert, Paul A. Wentworth, Daniel V. Rinaldi, William J. Higginson Jr., Michael C. Segee, Peter J. Celani, Donna Luce, Mark R. Randall, Gerald P. Carvalho, Robert D. Crellin, Joseph W. Bretanha, Paul A. Doughty, Patrick J. Leonard, Mark Tillman, Roger D. Richards Jr., Steven G. Ruhle, Daniel J. Brodeur, Christopher S. Wagner, Philip E. Payne, Joseph R. Vingi Jr., Kenneth G. Greenwell, E. Christopher Petit, Joshetta Gabbidon, Linda E. Walden, Colleen E. O'Halloran, Kathleen A. Dubuque, Robert J. Reilly, Jennifer Cataldo, Kara E. Randall, Carolyn M. Kennedy, Lori A. Rathbone, Carol . O'Brien, Colleen F. McMichael, Margaret M. Reddington, Deborah L. Molis, Carol M. Serbst, Janet D. Robinson, Linda S. Young, Michelle A. Barrett, Jacquelyn L. Moreino, Susan M. Kenyon, Kimberly E. Picozzi, Teresa A. Mellor, Mary Ellen Dubaldo, Ernest Robert, Carolyn A. Wentworth, Desiree Rinaldi, Ramona Higginson Mitris, Susan M. Segee, Diane G. Celani, Tina L. Randall, Belkys A. Carvalho, Diane K. Bretanha, Paul A. Doughty, Lori A. Leonard, Steven G. Ruhle, Amy L. Brodeur, Darlene Belhumeur-Payne, Philip E. Payne, Mary M. Vingi, Joseph R. Vingi Jr., Jeanne M. Petit, Kathleen Greenwell, David Neri to take deposition of Steven Moise on January 31, 2005 at 10:00 a.m. (Baldinelli, D) (Entered: 01/18/2005) |
| 01/21/2005 | 23 | SUBPOENA Returned Subpoena served on Steven Moise (Baldinelli, D) (Entered: 01/21/2005) |
| 01/25/2005 | | Deadline updated; Motion Hearing set for 2:00 1/31/05 for [14-1] motion to Compel all plaintiffs to produce the documents and materials requested in defendant Richardson's first request for production, set for 2:00 1/31/05 for [13-1] motion to Compel all plaintiffs to answer first set of interrogatories propounded and served on November 17, 2004 before |

000027

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al. :
:
vs. : C.A. No. 04-304-S
:
CITY OF PROVIDENCE, et al. :

**PLAINTIFFS' PROPOSED DISCOVERY PLAN**

## I. Introduction

The matter was before the court on February 17, 2005 for a Rule 16 conference. The Court suggested that given the unique nature of the case and the issues and number of parties involved, that the parties should meet and determine if a joint discovery plan could be submitted. Thereafter the Defendants' counsel met. Kevin McHugh, attorney for the City of Providence, Dean Esserman and David Cicilline telephoned Carolyn Mannis, one of the attorneys for the plaintiffs and inquired if a meeting could be held on Monday March 7, 2005 to discuss a proposed discovery plan. As that date was unavailable for Ms. Mannis, Tuesday, March 8, 2005 at 2:30 p.m. was chosen. Mr. McHugh, however, failed to notify Mark Fay, the other attorney for the plaintiffs.

Mr. Fay was not available at that date and time. Ms. Mannis went to the meeting in his absence and was handed the Defendants' Discovery Plan that was filed with this Court on March 10, 2005. At that time, Ms. Mannis indicated that Mr. Fay was unavailable and that the proposed plan would need to be discussed with him. At the meeting, Ms. Mannis also indicated that some of the dates in the Defendants' proposal were not acceptable.

Without further inquiry or conversation with either of the Plaintiffs' counsel, the Defendants submitted their discovery plan. Plaintiffs hereby submit the following discovery plan in response to the plan proposed by the Defendants.

## II. Proposed Discovery Plan

1. **Closure Date.** Plaintiffs recommend that discovery in this case should be closed as of July 1, 2006.

2. **Time for Discovery.** Plaintiffs suggest that on or before the Closure Date, all interrogatories and requests for production must be served, and all depositions and other discovery must be propounded. This date should only be extended by agreement of all counsel or by order of the Court. On motion, the party seeking to extend the closure date should identify the discovery sought, the reasons it is necessary, and the reasons why it was not done prior to the Closure Date. Plaintiffs are under an order to answer interrogatories and requests for production of documents by June 1, 2005 with respect to Defendant Richardson. Plaintiffs suggest that Defendants propound one combined uniform set of twenty-five interrogatories to be answered by Plaintiffs and that no additional interrogatories be permitted to be filed by Defendants without consent of all counsel or by order of the Court. On motion, the party seeking additional interrogatories should identify the additional interrogatories sought, the reasons why they are necessary and the reasons why they were not originally propounded. Plaintiffs agree with Defendants suggestion that no more than twenty (20)

000029

requests for admission be submitted by each party with the exception of requests for authenticity of documents. Plaintiffs agree that Defendants should be allowed to take more that ten (10) depositions in this case. Plaintiffs disagree strongly, however, that the depositions of Prignano, Cianci, Vieira, Lennon and Richardson be taken by July 31, 2005. Instead, Plaintiffs suggest the Closure Date as the applicable deadline in this case.

3. **Expert Witnesses.** Plaintiffs suggest that parties intending to utilize the testimony of an expert witness shall, upon request disclose the identity of such witness promptly. If the expert is retained after the request, disclosure shall be made immediately after retention and before the Closure Date.

4. **Time for Motions.** Plaintiffs recommend that this Court order that all motions to dismiss relative to the liability of the individual Defendants be filed on June 1, 2006. Plaintiffs recommend that they be permitted to file their objection to said motion(s) on August 30, 2006.

5. **Prerequisites to Filing Motions for Summary Judgment.** Plaintiffs suggest that no motion for summary judgment be filed until counsel proposing to file such motion has, first, conferred with the court and other counsel for the purpose of discussing the need for and the utility of the proposed motion.

6. **Addition of Parties.** If any party is to be added to the case after the court issues the discovery order, Plaintiffs suggest that the counsel for

the party responsible for adding the party to promptly serve a copy of the discovery order upon such party or its counsel.

7. **Mediation/Arbitration.** Plaintiffs suggest that the Court order mediation/non-binding arbitration within twenty days of the closure of discovery.

8. **Pretrial Memoranda.** Plaintiffs suggest that pretrial memoranda be filed within 90 days of the Closure Date.

9. **Additional Status Conferences.** Plaintiffs suggest that an additional status conference take place on or before August 15, 2005. At that time it is recommended that additional status conferences be explored and the deadlines ordered to date be examined.

Plaintiffs
By their Attorneys:

Mark A. Fay #4208
MURPHY & FAY, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903
401.490.3200 Tel.
401.490.3207 Fax

Carolyn A. Mannis #4275
170 Westminster St., Suite 800
Providence, RI 02903
401.454.4466 Tel.
401.351.3914 Fax

CERTIFICATION

I hereby certify that on the 18 day of March, 2005, that I mailed postage prepaid a true copy of the within to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

George L. Santopietro, Esq.
226 South Main Street
Providence, RI 02903

Michael A. Calise, Esq.
Kevin F. McHugh, Esq.
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima

| | | |
|---|---|---|
| | | Desiree Rinaldi, Ramona Higginson Mitris, Susan M. Segee, Diane G. Celani, Tina L. Randall, Belkys A. Carvalho, Diane K. Bretanha, Paul A. Doughty, Lori A. Leonard, Steven G. Ruhle, Amy L. Brodeur, Darlene Belhumeur-Payne, Philip E. Payne, Mary M. Vingi, Joseph R. Vingi Jr., Jeanne M. Petit, Kathleen Greenwell, David Neri to take deposition of Keeper of Record/Dept of the Attorney General on April 11, 2005 at 10:00 a.m. (Baldinelli, D) (Entered: 03/14/2005) |
| 03/14/2005 | 31 | NOTICE by Thomas Walden, Christopher P. O'Halloran, Donald J. Dubuque, Robert J. Reilly, Robert M. Cataldo, Paul Buteau, Matthew L. Randall, Edward S. Kennedy, Donald Rathbone, Bonnie J. Benson, Vincent P. Clements, James J. Rock, Peter K. McMichael Jr., Frank Reddington Jr., Joseph L. Molis, William L. Serbst III, Frederick A. Robinson Jr., Ernest E. Young IV, Robert J. Barrett Jr., Joseph P. Moreino Jr., Craig . Martin, William R. Kenyon Jr., Paul M. Picozzi, Joseph F. Mellor, John J. Hannon, Ernest Robert, Paul A. Wentworth, Daniel V. Rinaldi, William J. Higginson Jr., Michael C. Segee, Peter J. Celani, Donna Luce, Mark R. Randall, Gerald P. Carvalho, Robert D. Crellin, Joseph W. Bretanha, Paul A. Doughty, Patrick J. Leonard, Mark Tillman, Roger D. Richards Jr., Steven G. Ruhle, Daniel J. Brodeur, Christopher S. Wagner, Philip E. Payne, Joseph R. Vingi Jr., Kenneth G. Greenwell, E. Christopher Petit, Joshetta Gabbidon, Linda E. Walden, Colleen E. O'Halloran, Kathleen A. Dubuque, Robert J. Reilly, Jennifer Cataldo, Kara E. Randall, Carolyn M. Kennedy, Lori A. Rathbone, Carol . O'Brien, Colleen F. McMichael, Margaret M. Reddington, Deborah L. Molis, Carol M. Serbst, Janet D. Robinson, Linda S. Young, Michelle A. Barrett, Jacquelyn L. Moreino, Susan M. Kenyon, Kimberly E. Picozzi, Teresa A. Mellor, Mary Ellen Dubaldo, Ernest Robert, Carolyn A. Wentworth, Desiree Rinaldi, Ramona Higginson Mitris, Susan M. Segee, Diane G. Celani, Tina L. Randall, Belkys A. Carvalho, Diane K. Bretanha, Paul A. Doughty, Lori A. Leonard, Steven G. Ruhle, Amy L. Brodeur, Darlene Belhumeur-Payne, Philip E. Payne, Mary M. Vingi, Joseph R. Vingi Jr., Jeanne M. Petit, Kathleen Greenwell, David Neri to take deposition of Keeper of Records/Providence Police Department on April 11, 2005 at 12:00 p.m. (Baldinelli, D) (Entered: 03/14/2005) |
| 03/16/2005 | 32 | SUBPOENA Returned Subpoena served on Providence Police Department, Keeper of Records (Baldinelli, D) (Entered: 03/17/2005) |
| 03/16/2005 | 33 | SUBPOENA Returned Subpoena served on Rhode Island State Police, Keeper of Records (Baldinelli, D) (Entered: 03/17/2005) |
| 03/16/2005 | 34 | SUBPOENA Returned Subpoena served on Department of the Attorney General (Baldinelli, D) (Entered: 03/17/2005) |
| 03/21/2005 | | Plaintiff's Proposed Discovery Plan forwarded to chambers (Mercurio, A) (Entered: 03/21/2005) |
| 03/21/2005 | | Defendants' Discovery Plan forwarded to chambers (Mercurio, A) (Entered: 03/21/2005) |

000033

| | | |
|---|---|---|
| 02/28/2005 | | SINCE Judge William E. Smith has determined that this case, in fact, is related to C.A.No. 04-304S , this case is permanently assigned to Judge William E. Smith . Assigned to Magistrate Judge Lincoln D. Almond (Mercurio, A) (Entered: 02/28/2005) |
| 03/29/2005 | 4 | ANSWER to Complaint by Manuel Vieira (Attorney George L. Santopietro), (Baldinelli, D) (Entered: 03/30/2005) |
| 04/06/2005 | 5 | ANSWER by City of Providence (Attorney Kevin F. McHugh) to Second amended complaint (Baldinelli, D) (Entered: 04/06/2005) |
| 04/08/2005 | 6 | ANSWER by Joseph Richardson (Attorney Kevin J. McAllister) to Second amended complaint; jury demand (Baldinelli, D) (Entered: 04/11/2005) |
| 04/11/2005 | | 2 SUMMONS(ES) issued (McCabe, F) (Entered: 04/11/2005) |
| 04/11/2005 | 7 | ANSWER by Mary Lennon (Attorney Dean G. Robinson) to Second amended complaint; jury demand (Baldinelli, D) (Entered: 04/11/2005) |
| 04/26/2005 | 8 | ANSWER by Vincent A. Cianci Jr. (Attorney George J. West) to Second Amended Complaint; jury demand (Baldinelli, D) (Entered: 04/27/2005) |
| 05/02/2005 | 9 | ANSWER by Urbano Prignano Jr. (Attorney Stephen R. Famiglietti, Susan M. Carlin) to Second amended complaint; jury demand (Baldinelli, D) (Entered: 05/02/2005) |
| 05/16/2005 | 10 | ANSWER by David N. Cicilline, Dean Esserman (Attorney Kevin F. McHugh) to Second amended complaint (Baldinelli, D) (Entered: 05/16/2005) |
| 05/18/2005 | | Rule 16 Conference set 2:00 6/3/05 Before Judge William E. Smith (Mercurio, A) (Entered: 05/18/2005) |
| 06/01/2005 | | Plaintiff's Rule 16 Statement forwarded to chambers (Mercurio, Alba-Sue) (Entered: 06/01/2005) |
| 06/03/2005 | | Minute Entry for proceedings held before Judge William E Smith : In Chambers Conference held on 6/3/2005. (Baldinelli, Doreen) (Entered: 06/03/2005) |
| 06/03/2005 | 12 | NOTICE of Appearance by David A. Ursillo on behalf of Manuel Vieira (Baldinelli, Doreen) (Entered: 06/06/2005) |
| 06/06/2005 | 11 | ORDER - Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the above cases are hereby consolidated. As of this date, all documents are to be filed in the lead case, CA04-304S. Signed by Judge William E Smith on 06/06/2005. (Baldinelli, Doreen) (Entered: 06/06/2005) . Forwarded to all Counsel of Record - Modified on 8/24/2005 (Baldinelli, Doreen). Modified on 8/24/2005 (Baldinelli, Doreen). (Entered: 06/06/2005) |
| 07/05/2005 | 13 | MOTION to Dismiss With Attached Memo by Joseph Richardson. Responses due by 7/22/2005 Associated Cases: |

000034

RECEIVED
APR 0 6 2005
J WILLIAM W HARSCH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN C. CHMURA, YVONNE GIRAGOSIAN, LINDA A. ISHERWOOD, DONNA M. PIETRUNTI, LAURIE GANNON, KAREN TIBBETTS, SUSAN HARINGTON, EMILIA GROVER, JULIA D. GOINS, ANDREA BAKER, EUGENIA M. PATTEK, THERESA J. MANCINI, MARIA BIANCO, SONDRA BUOTE, ROBIN OWENS, MADELAINE DEROBBIO, JAMIE ARAUJO, DEBRA L. SILVA-ROCHA, MARGARET BURNS, ARLEEN ANN POLLON, EILEEN CALCAGNI, MELISSA MELVIN, MARIBEL PATINO, MICHAEL BATES, SARAH GOOD, SANDRA MANNING, RICHARD J. HUGHES, LAURIE-ANN HUGHES, STEPHEN J. HUGHES, MICHAEL J. HUGHES, DEBORAH MCINTYRE-HUGHES, ROBERT P. HUGHES, CAROLE A. HUGHES, IRENE B. LESCAULT, and MICHAEL G. LESCAULT

Plaintiffs

VS. : C.A. 04-553-S

CITY OF PROVIDENCE, by and through STEVEN T. NAPOLITANO, its Treasurer, DAVID N. CICILLINE, its Mayor and Acting Public Safety Commissioner, DEAN ESSERMAN in his capacity as Chief of Police; URBANO PRIGNANO, JR., individually and in his capacity as former Chief of Police; VINCENT A. CIANCI, JR., individually and in his capacity as former Mayor; MANUEL VIEIRA, individually and in his former capacity as Communications Director; MARY LENNON individually and in her former capacity as Chief of Operations of the Communications Department; JOSEPH RICHARDSON, individually and in his former capacity as Deputy Director of Communications; and John Does 1-25

**DEFENDANT CITY OF PROVIDENCE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Now comes the Defendant City of Providence in the above-entitled matter and hereby answers Plaintiffs' Second Amended Complaint ("Complaint") as follows:

PARTIES

1. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

4. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

5. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

6. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

7. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

8. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

9. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

10. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

11. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

12. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

13. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

14. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

15. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

16. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

17. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

18. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

19. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

20. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

21. Defendant admits the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

23. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

24. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

25. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

26. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 26 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

27. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 27 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

28. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 28 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

29. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 29 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

30. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 30 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

31. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 31 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

32. Defendant admits the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Defendant admits the allegations contained in Paragraph 33 of Plaintiffs' Complaint

34. Defendant admits the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Defendant admits the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. Defendant admits the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. Defendant admits the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. Defendant admits the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. Defendant admits the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40. Paragraph 40 of Plaintiffs' Complaint does not require a response from this Defendant.

JURISDICTION

41. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 41 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

42. Defendant admits the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

VENUE

43. Defendant admits the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

BACKGROUND FACTS

44. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 44 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

45. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 45 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

46. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 46 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

47. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 47 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

48. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 48 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

49. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 49 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

50. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 50 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

51. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 51 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

52. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 52 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

53. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 53 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

54. Defendant neither admits nor denies but is without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 54 of Plaintiffs' Complaint and leaves Plaintiffs to their proof thereof.

COUNT ONE
(Fourth Amendment/42 U.S.C. § 1983)

55. Defendant denies generally and specifically the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56. Defendant denies generally and specifically the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

COUNT TWO
(Article 1, Section 6 of the Rhode Island Constitution)

57. Defendant denies generally and specifically the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58. Defendant denies generally and specifically the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

COUNT THREE

59. Defendant denies generally and specifically the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60. Defendant denies generally and specifically the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

COUNT FOUR
(R.I. Gen. Laws § 11-35-21)

61. Defendant denies generally and specifically the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62. Defendant denies generally and specifically the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

COUNT FIVE
(R.I. Gen. Laws § 9-1-28.1 Right to Privacy)

63. Defendant denies generally and specifically the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64. Defendant denies generally and specifically the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

COUNT SIX
(R.I. Gen. Laws § 12-5.1-1 *et seq.*)

65. Defendant denies generally and specifically the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66. Defendant denies generally and specifically the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.
2. Defendant pleads the defense of estoppel.
3. Plaintiffs' action is barred by the passing of the statute of limitations.
4. The City of Providence is limited in liability by Rhode Island General Laws § 9-31-3.
5. The City of Providence is not subject to punitive damages.
6. The Defendant pleads the defenses of waiver.
7. Defendant pleads the defense of no Reasonable Expectation of Privacy in the Use-of-Work-Place Telephones.

000044

8. The Defendant pleads the defense of the Public Duty Doctrine.

9. The Defendant pleads the defense of Ordinary Course of Business Exemption/Privilege.

10. The Plaintiffs had no expectation of privacy.

11. Defendant at all times acted in good faith and with the reasonable belief that they were acting in the interest of the public safety exemption.

12. The Plaintiffs have not suffered any damages.

13. Defendant pleads the defense of insufficiency of process.

WHEREFORE, Defendant prays that Plaintiffs' Complaint be denied and dismissed, that judgment enter for this Defendant and that Defendant be granted its costs and attorneys fees.

Defendant,
City of Providence

By its Attorney:

JOSEPH M. FERNANDEZ
CITY SOLICITOR

Kevin F. McHugh, (#3927)
Assistant City Solicitor
City of Providence – Law Department
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 Fax

000045

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to the Attorneys of Record as listed below on this 4th day of April, 2005.

Mark A. Fay, Esquire
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903

Carolyn A. Mannis, Esquire
170 Westminster Street, Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esquire
Coia & Lepore
226 South Main Street
Providence, Rhode Island 02903

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street 7th Floor
Providence, Rhode Island 02903

Kevin J. McAllister, Esquire
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, Rhode Island 02909

George J. West, Esquire
1500 Bank Boston Plaza
Providence, RI 02903

Stephen R. Famiglietti, Esquire
132 Old River Road
Lincoln, RI 02865

Carolyn M. Ranucci

000046

RECEIVED
APR 0 6 2005
J WILLIAM W HARSCH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN C. CHMURA, YVONNE GIRAGOSIAN, LINDA A. ISHERWOOD, DONNA M. PIETRUNTI, LAURIE GANNON, KAREN TIBBETTS, SUSAN HARINGTON, EMILIA GROVER, JULIA D. GOINS, ANDREA BAKER, EUGENIA M. PATTEK, THERESA J. MANCINI, MARIA BIANCO, SONDRA BUOTE, ROBIN OWENS, MADELAINE DEROBBIO, JAMIE ARAUJO, DEBRA L. SILVA-ROCHA, MARGARET BURNS, ARLEEN ANN POLLON, EILEEN CALCAGNI, MELISSA MELVIN, MARIBEL PATINO, MICHAEL BATES, SARAH GOOD, SANDRA MANNING, RICHARD J. HUGHES, LAURIE-ANN HUGHES, STEPHEN J. HUGHES, MICHAEL J. HUGHES, DEBORAH MCINTYRE-HUGHES, ROBERT P. HUGHES, CAROLE A. HUGHES, IRENE B. LESCAULT, and MICHAEL G. LESCAULT
Plaintiffs

VS. : C.A. 04-553-S

CITY OF PROVIDENCE, by and through STEVEN T. NAPOLITANO, its Treasurer, DAVID N. CICILLINE, its Mayor and Acting Public Safety Commissioner, DEAN ESSERMAN in his capacity as Chief of Police; URBANO PRIGNANO, JR., individually and in his capacity as former Chief of Police; VINCENT A. CIANCI, JR., individually and in his capacity as former Mayor; MANUEL VIEIRA, individually and in his former capacity as Communications Director; MARY LENNON individually and in her former capacity as Chief of Operations of the Communications Department; JOSEPH RICHARDSON, individually and in his former capacity as Deputy Director of Communications; and John Does 1-25

**DEFENDANT CITY OF PROVIDENCE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Now comes the Defendant City of Providence in the above-entitled matter and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby requests Plaintiffs to produce for copying and inspection within thirty (30) days hereof at the City of Providence Law Department, 275 Westminster Street, Suite 200, Providence, Rhode Island 02903, the following documents:

1. Copies of any and all documents which document any calls you made to the Providence Public Safety Complex during the calendar years 2002 and 2003.

2. Any and all medical records for treatment you received or sought as a result of the incident complained of in the Second Amended Complaint.

3. Any and all bills for medical treatment you sought or received as a result of the incident complained of in the Second Amended Complaint.

Defendant,
City of Providence

By its Attorney:

JOSEPH M. FERNANDEZ
CITY SOLICITOR

Kevin F. McHugh, (#3927)
Assistant City Solicitor
City of Providence – Law Department
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 Fax

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to the Attorneys of Record as listed below on this 5th day of April, 2005.

Mark A. Fay, Esquire
Murphy & Fay, LLP
127 Dorrance Street, 2nd floor
Providence, Rhode Island 02903

Carolyn A. Mannis, Esquire
170 Westminster Street, Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esquire
Coia & Lepore
226 South Main Street
Providence, Rhode Island 02903

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street 7th Floor
Providence, Rhode Island 02903

Kevin J. McAllister, Esquire
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, Rhode Island 02909

George J. West, Esquire
1500 Bank Boston Plaza
Providence, RI 02903

Stephen R. Famiglietti, Esquire
132 Old River Road
Lincoln, RI 02865

Carolyn M. Ranucci

# Facsimile Cover Page

***US District Court***
***District of Rhode Island***
***One Exchange Terrace***
***Federal Building & Courthouse***
***Providence, RI 02903***

## To:

Organization Name: CAROLYN MANNIS

Fax Number: 351-3914

Phone Number:

## From:

Sender: Martha Saucier

Phone Number: 752-7218

Fax Number: 752-7265

*Note: You may send a Fax directly to your party by dialing:*
*752-7255#and then the last four digits of your party's phone number##*
*Example: 752-7255#7237##*
*Please remember the pound (#) symbols are important in routing the fax properly.*

**Total Number Pages including cover:** 4

## Message:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al., :
Plaintiffs, :
:
v. : CA 04-304S
:
CITY OF PROVIDENCE, et al., :
Defendants. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter came before the court on April 7, 2005, for a hearing on Plaintiffs' Proposed Discovery Plan and Defendants' Discovery Plan (the "Plans"). The Plans have been referred to this Magistrate Judge for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and D.R.I. Local R. 32(a) to resolve certain differences between the Plans. After reviewing the Plans and listening to argument from counsel, I recommend that these differences be resolved by including the following provisions in the Pretrial Order:

1. **Fact Discovery Closure.** All factual discovery will be closed by June 1, 2006.[1]

2. **Interrogatories.** In addition to the interrogatories already served by Defendant Joseph Richardson, the remaining Defendants will serve a uniform set of twenty-five (25)

[1] As stated at the hearing on April 7, 2005, this Magistrate Judge views the discovery closure date as the date by which factual discovery must be completed. Merely propounding or noticing discovery prior to the closure date does not authorize depositions or other discovery to be conducted after that date unless the parties so agree.

37

interrogatories by May 1, 2005. Plaintiffs shall serve their answers to these interrogatories by October 3, 2005.[2]

3. **Requests for Admissions.** No more than twenty (20) requests for admissions shall be submitted by each party with the exception of requests for authenticity of documents.

4. **Depositions.** Defendants shall be allowed to take more than ten depositions.[3] The depositions of Defendants Prignano, Cianci, Vieira, Lennon, and Richardson shall be completed by November 7, 2005.

5. **Expert Discovery Disclosures.** Plaintiffs shall make their expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by December 30, 2005. Defendants shall make their expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2) by January 30, 2006.

6. **Dispositive Motions.** Dispositive motions by individual Defendants shall be filed no later than February 7, 2006, and by municipal Defendants no later than May 7, 2006. To avoid piecemeal filings, counsel are encouraged to file such motions in the three week period preceding these dates.

7. **Status Conference.** There will be a status conference on September 6, 2005.

8. **Pretrial Memoranda.** Each counsel shall present by July 17, 2006, a typewritten memorandum addressing the matters specified in paragraph 4 of Judge Smith's standard Pretrial Order.

---

[2] The court was informed at the April 7, 2005, hearing that there are now 154 plaintiffs in the action.

[3] The court refrained from setting a maximum number of depositions which Defendants may conduct because there are 154 plaintiffs. However, any party who believes that the number of depositions being conducted is excessive may bring that circumstance to the court's attention by filing a motion for a protective order or similar relief.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin
United States Magistrate Judge
April 7, 2005

| | | |
|---|---|---|
| 03/31/2005 | 35 | RESPONSE by RI State Police in opposition to [33-1] service subpoena (Baldinelli, D) (Entered: 04/01/2005) |
| 04/07/2005 | | Civil Hearing re: Parties Proposed Discovery Plan held before Magistrate Judge David L. Martin. Mark Fay for plaintiffs; Kevin McHugh and George West for defendants. All counsel of record present. Both sides address various issues regarding discovery plan. Court to issue a Report and Recommendation. (Saucier, M) (Entered: 04/07/2005) |
| 04/07/2005 | 36 | Minute entry: Hearing held on Parties Proposed Discovery Plan before Magistrate Judge David Martin (Saucier, M) (Entered: 04/07/2005) |
| 04/07/2005 | 37 | REPORT AND RECOMMENDATIONS of Magistrate Judge David L. Martin Re: Proposed Discovery Order; Motion no longer referred Objections to R and R due by 4/25/05 faxed and mailed to all counsel of record (Saucier, M) (Entered: 04/07/2005) |
| 04/11/2005 | 38 | MOTION and memorandum by RI State Police, RI Department of Attorney General for Protective Order (Baldinelli, D) Modified on 04/12/2005 (Entered: 04/12/2005) |
| 04/25/2005 | | Motion(s) referred: [38-1] motion for Protective Order referred to Magistrate Judge David L. Martin (Mercurio, A) (Entered: 04/25/2005) |
| 04/26/2005 | | MJ Almond's R&R dated April 7, 2005 forwarded to chambers along with work papers (Mercurio, A) Modified on 04/26/2005 (Entered: 04/26/2005) |
| 04/27/2005 | 39 | OBJECTION and Memorandum by Thomas Walden, Christopher P. O'Halloran, Donald J. Dubuque, Robert J. Reilly, Robert M. Cataldo, Paul Buteau, Matthew L. Randall, Edward S. Kennedy, Donald Rathbone, Bonnie J. Benson, Vincent P. Clements, James J. Rock, Peter K. McMichael Jr., Frank Reddington Jr., Joseph L. Molis, William L. Serbst III, Frederick A. Robinson Jr., Ernest E. Young IV, Robert J. Barrett Jr., Joseph P. Moreino Jr., Craig . Martin, William R. Kenyon Jr., Paul M. Picozzi, Joseph F. Mellor, John J. Hannon, Ernest Robert, Paul A. Wentworth, Daniel V. Rinaldi, William J. Higginson Jr., Michael C. Segee, Peter J. Celani, Donna Luce, Mark R. Randall, Gerald P. Carvalho, Robert D. Crellin, Joseph W. Bretanha, Paul A. Doughty, Patrick J. Leonard, Mark Tillman, Roger D. Richards Jr., Steven G. Ruhle, Daniel J. Brodeur, Christopher S. Wagner, Philip E. Payne, Joseph R. Vingi Jr., Kenneth G. Greenwell, E. Christopher Petit, Joshetta Gabbidon, Linda E. Walden, Colleen E. O'Halloran, Kathleen A. Dubuque, Robert J. Reilly, Jennifer Cataldo, Kara E. Randall, Carolyn M. Kennedy, Lori A. Rathbone, Carol . O'Brien, Colleen F. McMichael, Margaret M. Reddington, Deborah L. Molis, Carol M. Serbst, Janet D. Robinson, Linda S. Young, Michelle A. Barrett, Jacquelyn L. Moreino, Susan M. Kenyon, Kimberly E. Picozzi, Teresa A. Mellor, Mary Ellen Dubaldo, Ernest Robert, Carolyn A. Wentworth, Desiree Rinaldi, Ramona Higginson Mitris, Susan M. Segee, Diane G. Celani, Tina L. Randall, Belkys A. |

000054

# MURPHY & FAY, L.L.P.

ATTORNEYS AT LAW

William J. Murphy
Mark A. Fay

Norman L. Landroche, Jr.
Steven H. Crawford

127 Dorrance Street
2nd Floor
Providence, Rhode Island 02903
Telephone 401-490-3200
Facsimile 401-490-3207
E-mail: murphyandfay@aol.com

## FAX TRANSMITTAL SHEET

**TO:** Carolynn Mannis, Esquire **FAX:** 401-351-3914

**FROM:** Mark A. Fay, Esquire

**RE:** *Walden et als Vs. City of Providence et als*

**DATE:** April 13, 2005

**PAGES:**

due Wed April 27th

(INCLUDING THIS ONE)

## CONFIDENTIALITY NOTICE

The pages comprising this facsimile transmission contain confidential information. This information is intended solely for use by the individual or entity named as the recipient hereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is PROHIBITED. If you have received this transmission in error, please notify us by telephone immediately so we may arrange to retrieve this transmission at no cost to you.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Thomas Walden, et al. | : | |
| Plaintiff | : | |
| v. | : | C.A. No.: 04-304S |
| City of Providence, et al. | : | |
| Defendants | : | |

**MOTION FOR PROTECTIVE ORDER**

Now comes counsel for the Rhode Island Department of Attorney General and the Rhode Island State Police pursuant to Federal Court Rules of Civil Procedure 45 (C) and hereby moves this Court for a Protective Order prohibiting Plaintiff in this action from compelling production and/or disclosure of the information sought in the attached subpoenas. The grounds for this motion are set forth in the memorandum submitted herewith.

RHODE ISLAND DEPARTMENT
OF ATTORNEY GENERAL and
RHODE ISLAND STATE POLICE
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Richard B. Woolley

Richard B. Woolley #1452
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2293
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing document was mailed, postage prepaid, on this 11th day of April, 2005 to those indicated below:

Carol Collins

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
Providence, RI 02903

Carol Wolff Fallon
Counsel
Rhode Island State Police Headquarters
311 Danielson Pike
North Scituate, RI 02857

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Thomas Walden, et al. | : | |
| Plaintiff | : | |
| v. | : | C.A. No.: 04-304S |
| City of Providence, et al. | : | |
| Defendants | : | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Now comes counsel for the Rhode Island Department of Attorney General and the Rhode Island State Police and pursuant to Federal Court Rules of Civil Procedure 45 (C) hereby moves for a Protective Order in response to those Subpoenas dated March 11, 2005, returnable April 11, 2005, copies of which are attached hereto. Counsel objects on the following grounds:

The subpoenas seek the entire record of the State Police and Attorney General investigation into possible wiretapping activities at the Providence Public Safety Complex. Although the investigation did not result in any criminal charges, it is our understanding that matter remains under investigation by the Providence Police Department and that information contained in the recordings and/or documents may identify pending criminal investigations and/or conversations with/or telephone numbers of confidential informants in addition to general privacy concerns about the contents of phone conversations. The Rhode Island State Police have previously denied public records requests based on the following:

Any release of the State Police investigation or Department of Attorney General files could hamper any ongoing investigations by the Providence Police department and could reasonably be expected to constitute an unwarranted invasion of personal privacy, could reasonably be expected to disclose the identity of any confidential sources or information furnished by confidential sources, or would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions or could reasonably be expected to endanger the life or physical safety of any individual. (RIGL § 38-2-2(4)(i)(D)).

Additionally, to the extent the records contain information identifiable to individuals, the information would also be exempt from disclosure pursuant to RIGL § 38-2-2(4)(i)(A)(I). Where the records or documents requested include recordings of telephone lines which would include telephone conversations concerning criminal investigations and other privileged law enforcement work product, such recordings would be exempt under RIGL § 38-2-2(4)(i)(K) in addition to the law enforcement exemptions set forth in RIGL § 38-2-2(4)(i)(D). In circumstances where recordings or information contained in a particular recording is required to be kept confidential in accordance with federal law or regulation or state law, RIGL § 38-2-2(4)l(i)(S) would apply as well. As there are numerous laws pertaining to the confidentiality of telephone calls and specific statutory procedures restricting the release of the content of telephone conversations absent consent or specific statutory or authorization by a court, recordings of telephone conversations at the Providence Public Safety Complex would clearly not be considered a

public record. Any public interest in the content is outweighed by the substantial privacy and confidentiality concerns set forth above.

**Any Records Regarding the Thought Process, Impressions or Decisions of Members of the Department of Attorney General Regarding the Institution of Criminal Charges are Protected by the Deliberative Process Privilege.**

Permitting unrestricted access to Attorney General's investigation and potential pursuit of criminal charges and the investigation by the State Police is prohibited by the deliberative process privilege. Federal courts have long recognized a policy against exploring into the mental process of governmental decision makers N.O. v. Callahan, 110 F.R.D. 637, 642 (D. Mass. 1986); Gomez v. City of Nashua New Hampshire, 126 F.R.D. 432 (D. N.H. 1989). This privilege is known as the "governmental," or "deliberative process" privilege. Rodgers v. Hyatt, 91 F.R.D. 399, 404 (D. Colorado 1980); Kinoy v. Mitchell, 67 F.R.D. 1, 10-11 (S.D.N.Y. 1975). The purpose of this long-standing privilege is to prevent injury to the quality of governmental decisions. The United States Supreme Court has described the scope and rational of the privilege as follows:

> the cases uniformly rest the privilege on the policy of protecting the "decision making process of government agencies and focus on documents" reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decision and policies are formulated."

N.L.R.B. v. Sears Roebuck and Company, 421 U.S. 132, 150 (1975) (citations omitted).

Under the deliberative process privilege, the opinions, recommendations, and evaluations which may or may not have been made by the Attorney General, or any other individual within the Department of Attorney General, are immune from discovery. The parties have made no showing of need or relevance. The parties should be precluded

from delving into prosecutorial decisions made during the investigation of the case and the reasoning as to the filing or not filing of criminal charges. Such disclosure would improperly divulge mental process protected by the privilege.

The deliberative process privilege promotes candor in internal government deliberations and decisions. The purpose of the privilege is to promote the public interest by encouraging a free flow of communication within the government regarding the formulation of policy. The privilege "encourages frank discussion of ideas and policies, thereby ensuring the quality of governmental decision making." Mobil Oil Corp., v. Department of Energy, 102 F.R.D. 1, 5 (N.D.N.Y. 1983) (citing NLRB. v. Sears, Roebuck & Co., supra.). The other important reason underlying the privilege is the separation of powers. The courts have ruled that the deliberative process privilege serves to insulate the mental process of executive or administrative officers from judicial review. "Thus, the exemption protects not only communications which, if revealed, would expose to public view the deliberative process of an agency." Russell v. Dept. of the Air Force, 682 F.2d 1045, 1048 (D.C. Cir. 1982).

The Attorney General must have the benefit of the free and candid input of attorneys and staff in the Department in determining the relative merit and the decision to institute criminal charges. Thus, all communications between Attorney General, attorneys and staff within the Department contained in its files and those of the State Police are subject to and protected by the deliberative process privilege.

The Board should also note that there has been a long accepted intolerance towards judicial inquiry into the process by which government litigation decisions are formulated. For example, in United States v. American Tel. and Tel. Co., 524 F.Supp.

1381, 1389 (D.D.C. 1981) the court held that United States Justice Department attorneys could not be interrogated as to why they changed their position in a lawsuit. One of the leading cases on this matter is Carl Zeiss Shiftung v. V.E.B. Carl Zeiss, Jenna, 40 F.R.D. 318 (D.D.C. 1966) aff'd sub nom.V.E.B. Carl Zeiss, Jenna v. Clark, 384 F.2d 979 (D.C. Cir. 1967) cert. denied 389 U.S. 952 (1967), where the court notes "the privilege subserves a preponderating policy of frank expression and discussion among those whom rests the responsibility of making the determinations that enable government to operate . . ." Id. at 324. The court went on to note that in order for the department to function adequately, it "must depend heavily upon candid exchange of ideas, not only among its own staff but also, particularly because of the institutional nature of its decisions, with other agencies whose interests are involved. Id. at 324-325.

**The Law Enforcement Privilege Protects Prosecutorial Discretion and Decision Making Of The Department of Attorney General and The State Police and Prohibits Disclosure in this Case.**

Any information pertaining to the Attorney General's and State Police's investigation, impressions and decision whether to file criminal charges is protected by the law enforcement privilege.

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure "Privileged matters are, of course, outside the scope of discovery." *Dowd v. Calabrese*, 101 F.R.D. 427, 430 (D.D.C. 1984). The law enforcement privilege is among the panoply of privileges, "routed in common sense as well as common law, . . . [which] share with each other and the constitutional privileges, the common matrix of pragmatic adjustment to the needs of sound government." *Black v. Sheridan Corporation of America*, 564 F.2d 531, 542 (D.C. Cir. 1977).

The law enforcement privilege has been incorporated into various state and federal Freedom of Information Acts. Its purpose:

> . . . is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.

*In re: Dept. of Investigations of City of New York*, 856 F.2d 481, 484 (2nd Cir. 1988) (Emphasis added). Application of this privilege is committed to the sound discretion of the trial court, *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970), *United States v. Green*, 670 F.2d 1148, 1156 (D.C. Cir. 1981), and may be interpreted "in the light of reason and experience." Fed. R. Evid. 501. The privilege is qualified, rather than absolute. When the claim of privilege is made, the demanding party has burden of showing his or her need for disclosure. In addressing whether or not disclosure should be made the court should address the following issues:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1345 (D.C. Cir. 1984).

The documents sought are protected from disclosure by the law enforcement privilege, the deliberative process privilege, the informant privilege, and are otherwise privileged and/or protected from disclosure and no exception or waiver applies thereto.

Compliance with these overbroad Subpoenas would impose an undue burden on State law enforcement agencies without good reason.

**WHEREFORE**, the Department of Attorney General and Rhode Island State Police pray that a Protective Order be granted.

Respectfully Submitted,

RI DEPARTMENT OF
ATTORNEY GENERAL and
RI STATE POLICE
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Richard B. Woolley

Richard B. Woolley #1452
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2293
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing document was mailed, postage prepaid, on this 12th day of April, 2005 to those indicated below:

Carol Collins

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
Providence, RI 02903

Carol Wolff Fallon
Counsel
Rhode Island State Police Headquarters
311 Danielson Pike
North Scituate, RI 02857

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ____________

DATE May 6

| CLIENT NAME | TIME | DESCRIPTION |
| --- | --- | --- |
| Prov FT | 1.5 | w/o obj to m to S & Memo |
| Wiretap | | of 2 150 same |

BRENNAN, RECUPERO, CASCIONE, SCUNGIO & MCALLISTER, LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP
362 BROADWAY
PROVIDENCE, RHODE ISLAND 02909

TEL. (401) 453-2300 FAX (401) 453-2345

RECEIVED
MAY 0 6 2005
J WILLIAM W HARSCH

EDMUND J. BRENNAN, JR.*
RONALD F. CASCIONE◇
KEVIN J. MCALLISTER◇
JOSEPH J. RECUPERO◇
BENJAMIN M. SCUNGIO◇

ANDREW HENNEOUS◇
MICHAEL J. POLAK+
LAUREN F. HANKE◇

THOMAS S. HEMMENDINGER◇
OF COUNSEL
PETER J. FURNESS◇
OF COUNSEL

◇ ADMITTED IN RI & MA
* ADMITTED IN MA
+ ADMITTED IN MA & ME

May 5 , 2005

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Re: John C. Chmura et al v. City of Providence, et al, C.A. No. 04-553-S; U.S. District Court for District of Rhode Island; Defendant Joseph Richardson

Dear Attorneys Fay and Mannis:

Enclosed please find Defendant Richardson's First Request for Production of Documents to all Plaintiffs in the above-captioned matter.

Please advise me of when you plan to move to consolidate this case with the Walden case, as you have represented to the Court. I certainly believe consolidation to be appropriate.

Thank you for your attention to this matter.

Sincerely,

Kevin J. McAllister

KJM/sc
enclosure

cc: counsel of record

000067

MASSACHUSETTS OFFICE
ONE CHURCH GREEN, P. O. BOX 488, TAUNTON, MA 02780 TEL. (508) 822-0178 FAX (508) 824-3647

**UNITED STATE DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553-S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**DEFENDANT JOSEPH RICHARDSON'S FIRST REQUEST FOR PRODUCTION TO ALL PLAINTIFFS**

Now comes the Defendant, Joseph Richardson, by and through his Attorneys, pursuant to Rule 34 of the Federal Rules of Civil Procedure, and hereby requests all of the Plaintiffs to produce the following documents and materials at the offices of Brennan, Recupero, Cascione, Scungio & McAllister, LLP, 362 Broadway, Providence, RI 02909, in conformance with all requirements of said Rule 34, including but not limited to the time and form of response requirements, and in conformance with all other applicable requirements of the Fed. R. Civ. P.

1. Copies of any and all documents, records, statements, or other materials which support in any way the inclusion in Plaintiffs' Second Amended Complaint of the Defendant Joseph Richardson as named Defendant in his former official capacity as Deputy Director of the ~~Communications Department for the City of Providence.~~

2. Copies of any and all documents, records, statements, or other materials which support in any way the inclusion in Plaintiffs Second Amended Complaint of the Defendant Joseph Richardson as a named Defendant *individually.*

3. Copies of any and all documents, records, statements, or other materials which evidence in any way Defendant Richardson's involvement or participation in the procurement,

selection, installation, maintenance, supervision and/or operation of the so-called "Total Recall" system referenced in Plaintiffs' Second Amended Complaint.

4. Copies of any and all documents, records, statements, or other materials which document or support the occurrence of each and every instance in which each and/or any of the Plaintiffs had a telephone conversation, or a portion thereof, that was actually listened-to by anyone who was *not* a party to the telephone conversation, either contemporaneously or subsequently, and that is related in any way to the allegations in Plaintiffs' Second Amended Complaint.

5. Copies of any and all documents, records, statements, or other materials which document or support the occurrence of each and every instance in which each and/or any of the Plaintiffs had a telephone conversation, or a portion thereof, that was actually listened-to by Defendant Joseph Richardson, or by anyone acting on his behalf, either contemporaneously or subsequently, and that is related in any way to the allegations in Plaintiffs' Second Amended Complaint.

6. Copies of any and all documents, records, statements, or other materials which describe or refer to Defendant Joseph Richardson's official duties and assignments with the City of Providence for the period of time between September 28, 2001 and February 18, 2003.

7. Copies of any and all documents, records, statements, or other materials which describe or refer to Defendant Joseph Richardson's individual activities, i.e. activities outside the scope of his official duties and assignments with the City of Providence, for the period of time between September 28, 2001 and February 18, 2003, that relate in any way to the subject matter of Plaintiffs' Second Amended Complaint.

8. Copies of any and all documents, records, statements, or other materials which support

or evidence any occasion in which Defendant Joseph Richardson acted outside of the scope of his official capacity with the City of Providence at any time and in any way that relates the to the subject matter of Plaintiffs' Second Amended Complaint.

9. Copies of any and all documents, records, statements, or other materials which bear Defendant Joseph Richardson's signature and that relate in any way to the subject matter of Plaintiffs' Second Amended Complaint.

10. Copies of any and all documents, records, statements, or other materials which are, or appear to be, exculpatory in nature as to the Defendant Joseph Richardson relative to the any or all of the allegations of wrongdoing made in Plaintiffs' Second Amended Complaint.

11. Copies of all documents, correspondence, meeting minutes, flyers or other materials relating to the matters referred to in Plaintiffs' Second Amended Complaint and that were generated, sent or received by, or on behalf of, any City of Providence employee bargaining units, or their respective boards of directors, officers or members.

12. Copies of all documents, correspondence, meeting minutes, notices, flyers, "sign-up" papers or other materials which in any way recruited, invited or otherwise gave notice to City of Providence employees or former employees that the opportunity existed to participate as a Plaintiff in the instant action.

13. Copies of any and all statements made by any Defendant, including but not limited to the Defendant Richardson, which is or could be construed as an admission by a party the instant matter, or which relates in any way to the subject matter of Plaintiffs' Second Amended Complaint.

14. Copies of any and all documents, medical records, medical bills, records and/or other materials which support, document or relate to the claims of *personal injury* made by any

and/or all Plaintiffs as alleged in Paragraphs 56, 58, 60, 62, 64, and/or 66 of Plaintiffs' Complaint.

15. Copies of any and all documents, records, correspondence, statements and other materials which support, document or relate to the claims of *other damages* alleged to have been incurred by any and/or all Plaintiffs as alleged in Paragraphs 56, 58, 60, 62, 64, and/or 66 of Plaintiffs' Complaint.

16. Copies of any and all documents, records, correspondence, statements and other materials which support, document or relate to the claims for compensatory damages made in Counts One through Six of the Complaint.

Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

and

Thomas J. Cronin, Esq., #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: May 5 , 2005

**CERTIFICATION**

I certify that on May 5, 2005, I mailed a true copy of the within First Request for Production to all Plaintiffs, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

[signature]

# DAILY TIME AND TELEPHONE LOG

DATE May 23

ATTORNEY ______________

| CLIENT NAME | TIME | DESCRIPTION |
| --- | --- | --- |
| Wiretap | 4.7 | fp w/o obj re Magis Judge's or + memo of L iso same; prep + b same; rec + rev add'l docs re subpoena fr prov pol. |

000073

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ____________ DATE May 27

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | .8 | rec + rev ltr to CHPL proof of class; |
| | | rec + rev memo re obj to obj |
| | | re Magistrate Judge's OK |

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ____________ DATE May 31

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | .3 | rec + rev memo (revised) re obj re obj to Magistrate Judge's OK. |

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ____________ DATE June 7

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | .7 | conf w M. Fay re results re Rule 16 conf |

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ____________ DATE July 6

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretaps | .3 | conf w M. Fay re STR re |
| | | C + disc |

**DAILY TIME AND TELEPHONE LOG**

DATE 7/28

ATTORNEY

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | .6 | conf w M. Fay's off re Mags re obj to Magis OR re PO; rec + rev Or'd re disc M's; conf w D Robinson re M. Lennon |

000078

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ______________ DATE Aug 3

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | 3.1 | mtg w/ M. Fay re exp, witn, clms, |
| | | disc, STT + STR; rev memo re |
| | | crim lia re AG inv |

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
AUG 05 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| vs. | : | C.A. No. 04-304-S |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et al. | : | |
| vs. | : | C.A. No. 04-553-S |
| CITY OF PROVIDENCE, et al. | : | |

CONSENT ORDER

The matter came on for hearing on Friday, July 29, 2005, before the Honorable Judge William E. Smith on the Plaintiffs' objection pursuant to Fed. R. Civ. P. 72(a) to the order issued by Magistrate Judge David L. Martin on May 13, 2005 relative to the Department of Attorney General and Rhode Island State Police's (collectively referred to as the "State") Motion for Protective Order and Motion to Strike Objection as Untimely.

By agreement of counsel, it is hereby:

ORDERED, ADJUDGED AND DECREED

1. The State withdraws its Motion to Strike the Plaintiffs' Objection to the State's Motion for Protective Order as untimely;
2. The Plaintiffs withdraw their Request to Adjudge the State in Contempt;
3. The Plaintiffs waive all arguments relative to the timeliness of the State's objection to the Plaintiffs' subpoena(s); and

4. The matter shall be referred back to Magistrate Judge David L. Martin for consideration on the merits of the State's Motion for Protective Order.

Plaintiffs
By their attorney:

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466 (Tel.)
(401) 351-3914 (Fax)

Dept. of Atty. General and State Police
By their Attorney:

Richard B. Woolley (cam)

Richard B. Woolley, Esq. #1452
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 est. 2293 (Tel.)
(401) 222-2995 (Fax)

ENTER:

Smith, J.
Dated: 8/8/05

ORDER:

Clerk

CERTIFICATION

I hereby certify that on the 3 day of August, 2005, I mailed a true copy of the within to:

Kevin J. McAllister, Es.
Brennan, Recupero, Cascione,
Scungio & McAllister LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

000081

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ________________ DATE Aug 10

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | .2 | conf w. M. Fay re mtg re exp with |

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ____________ DATE 9/7

| CLIENT NAME | TIME | DESCRIPTION |
| --- | --- | --- |
| Wiretap | 3.2 | mtg w E Baker re exp rev of drs; conf w K. McHugh re insp + mirror copies re hard drive mtg w M. Fay re outstanding matters; prep obj re M for PO + memo of L iso same |

| | | |
|---|---|---|
| 08/08/2005 | 72 | ORDER - 1. The State withdraws its Motion to Strike the Plaintiffs' Objection tot he State's Motion for Protective Order as untimely; 2. The Plaintiffs withdrwaw their request to adjudge the State in contempt; 3. Plaintiffs waive all arguments relative to the timeliness of the State's objection to the Plaintiffs' subpoena(s); and 4. The matter shall be referred back to Magistrate Judge David L. Martin for consideration on the merits of the State's Motion for Protective Order (faxed to counsel of record) . Signed by Judge William E Smith on 8/8/05. (Mercurio, Alba-Sue) Additional attachment(s) added on 8/8/2005 (Mercurio, Alba-Sue). (Entered: 08/08/2005) |
| 08/08/2005 | | [38] Motion for Protective Order REFERRED to MJ Martin. (Mercurio, Alba-Sue) (Entered: 08/08/2005) |
| 08/18/2005 | 73 | NOTICE to Take Deposition of Vincent Cianci, Jr. on Friday, October 7, 2005 at 11:00 a.m.; Joseph Richardson on Thursday, October 6, 2005 at 11:00 a.m.; Mary Lennon on Wednesday, October 5, 2005 at 11:00 a.m.; Urbano Prignano, Jr. on Tuesday, October 4, 2005 at 11:00 a.m. and Manuel Vieira on Thursday, September 29, 2005 at 11:00 a.m. by Thomas Walden.(Baldinelli, Doreen) (Entered: 08/19/2005) |
| 08/19/2005 | | Set/Reset Deadlines as to [38] Motion for Protective Order. Motion Hearing set for 8/29/2005 02:00 PM in Courtroom B before Magistrate Judge David L. Martin. (Saucier, Martha) Modified on 8/30/2005 (Theall, Jeannine). (Entered: 08/19/2005) |
| 08/29/2005 | 74 | MOTION for Protective Order by Vincent A. Cianci, Jr. Responses due by 9/12/2005 Associated Cases: 1:04-cv-00304-S,1:04-cv-00553-S(Baldinelli, Doreen) (Entered: 08/29/2005) |
| 08/29/2005 | 75 | Minute Entry for proceedings held before Magistrate Judge David L. Martin : Motion Hearing held on 8/29/2005 re [38] Motion for Protective Order filed by RI State Police,. (Saucier, Martha) (Entered: 08/29/2005) |
| 08/30/2005 | 76 | ORDER re [38] Motion for Protective Order filed by RI State Police, . Signed by Magistrate Judge David L. Martin on 8/30/05. Forwarded to all counsel of record(Saucier, Martha) (Entered: 08/30/2005) |
| 09/07/2005 | | 74 MOTION for Protective Order REFERRED to MJ Martin. (Mercurio, Alba-Sue) (Entered: 09/07/2005) |
| 09/07/2005 | 77 | RESPONSE in Opposition re 74 MOTION for Protective OrderWITH ATTACHED MEMO filed by Thomas Walden. (Baldinelli, Doreen) (Entered: 09/08/2005) |
| 09/08/2005 | 78 | ORDER OF DETERMINATION OF ESSENTIAL SAMENESS AND ORDER RE:Motion for Protective Order (document #76). Signed by Magistrate Judge David L. Martin on 9/8/05. Forwarded to all counsel of record(Saucier, Martha) (Entered: 09/09/2005) |

000084

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
SEP 07 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al. | : | |
| | : | |
| vs. | : | C.A. No. 04-304-S |
| | : | |
| CITY OF PROVIDENCE, et al. | : | |
| JOHN C. CHMURA, et als. | : | |
| | : | |
| vs. | : | C.A. No. 04-553-S |
| | : | |
| CITY OF PROVIDENCE | : | |

PLAINTIFFS' OBJECTION TO
DEDFENDANT VINCENT A. CIANCI, JR.'S
MOTION FOR PROTECTIVE ORDER

Now come the Plaintiffs in the above-captioned matter and hereby object to Defendant Vincent A. Cianci, Jr.'s Motion for Protective Order regarding the Notice of Deposition issued on Cianci for a deposition at the Law Offices of Murphy & Fay on October 7, 2005.

As grounds therefore, Plaintiffs submits that the Notice of Deposition was proper. In support of their objection, Plaintiffs rely on their attached memorandum of law.

Plaintiffs
By their attorneys:

Mark A. Fay (cam)

Mark A. Fay, Esq. # 4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
(401) 490-3200 (Tel)
(401) 490-3207 (Fax)

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466 (Tel.)
(401) 351-3914 (Fax)

000086

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 7th day of Sept., 2005, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esquire
One Financial Plaza, Suite 1500
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
SEP 0 7 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al. :
:
vs. : C.A. No. 04-304-S
:
CITY OF PROVIDENCE, et al. :

PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR OBJECTION TO
DEFENDANT VINCENT A. CIANCI JR.'S
MOTION FOR PROTECTIVE ORDER

I. **Introduction**

This matter is before this Court on the Motion of Defendant Vincent A. Cianci, Jr. ("Cianci") seeking a protective order relative to the deposition notice issued upon Cianci. Cianci claims that the notice is "irregular and out of order and ought to be striken." Because the deposition notice is proper and not out of order the motion should be denied.

II. **Argument**

Cianci is a defendant in this consolidated lawsuit and was named both in is former official capacity and personally. As part of this Court's Pre-Trial Order and Amended Pre-Trial Order, the Plaintiffs were ordered by this court that the "depositions of Defendants Prignano, Cianci, Vieira, Lennon, and Richardson **shall** be completed by **November 7, 2005.**" The court will recall that the parties proposed different pre-trial orders and the matter was referred to Magistrate Judge Martin who issued a proposed pre-trial order. No one objected to proposed pre-trial order and it entered as an order of the court.

Thereafter the parties met with the Court pursuant to Rule 16 on the companion case which the Court, without objection consolidated with the original matter and issued the Amended Pre-Trial Order which is essentially identical to the original order except some dates were changed. Again, Cianci did not object to the order.

In order that the Plaintiffs comply with the Court's order, deposition notices were sent out on or about August 16, 2005 for (in the case of Cianci) a deposition to occur on October 7, 2005.

Cianci's only objection to the deposition is that it does not comply with Rule 30(a)(2) which requires leave of court, "which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Here, leave of court was granted in the Pre-trial order and the Amended Pre-trial order.

Because the notice is proper and appropriate, Cianci motion for a Protective Order wherein he seeks to have the notice of deposition ruled "out of order" and "stricken" should not be allowed.

III. **Conclusion**

Wherefore, Plaintiffs submit that this Court should enter an order denying the motion for protective order.

Plaintiffs
By their attorneys:

Mark A. Fay (cam)

Mark A. Fay, Esq. # 4208
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, Rhode Island 02903
(401) 490-3200 (Tel)
(401) 490-3207 (Fax)



000053

Carolyn A. Mannis, Esq. #4275
170 Westminster Street, Suite 800
Providence, RI 02903
(401) 454-4466 (Tel.)
(401) 351-3914 (Fax)

000090

**CERTIFICATION**

I, the undersigned, hereby certify that I have this 7th day of Sept, 2005, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

George J. West, Esquire
One Financial Plaza, Suite 1500
Providence, RI 02903

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

George L. Santopietro, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima

TELEPHONE LOG

ATTORNEY ____________ DATE 9/15

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | .3 | conf w K. Wooley re list re privileged log; rec + rev corr fr K. McHugh re mirror image |

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ____________________ DATE Sept 26

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | 3.1 | prep M + memo of L re ext of T re depos re ind def + re stand rep, rec + rev privilege log |

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ____________

DATE Oct 7

| CLIENT NAME | TIME | DESCRIPTION |
| --- | --- | --- |
| Wiretap | 2.6 | Wlu ceri to J. Martin re AG subpoena; conf/st mtg w M. Fay re M re leave to take depo re Cianci |

000094

| | | |
|---|---|---|
| | | Dean Esserman. (Baldinelli, Doreen) (Entered: 09/30/2005) |
| 09/30/2005 | 87 | RESPONSE in Opposition re 82 MOTION for Leave to FileWITH ATTACHED MEMO filed by Vincent A. Cianci, Jr. (Baldinelli, Doreen) (Entered: 09/30/2005) |
| 09/30/2005 | | 82 MOTION for Leave to File REFERRED to Judge Martin. (Baldinelli, Doreen) (Entered: 10/03/2005) |
| 10/04/2005 | | Set/Reset Deadlines as to 81 MOTION to Adjudge in Contempt, 82 MOTION for Leave to Take Deposition. Motion Hearing set for 10/7/2005 11:00 AM in Courtroom B before Magistrate Judge David L. Martin. (Saucier, Martha) (Entered: 10/04/2005) |
| 10/06/2005 | | Set/Reset Deadlines as to 81 MOTION to Adjudge in Contempt. Motion Hearing set for 10/14/2005 10:00 AM in Courtroom B before Magistrate Judge David L. Martin. (Saucier, Martha) (Entered: 10/06/2005) |
| 10/07/2005 √ | | Minute Entry for proceedings held before Magistrate Judge David L. Martin : Motion Hearing held on 10/7/2005 re 82 MOTION for Leave to Take Deposition filed by Thomas Walden,, 83 MOTION for Extension of Time to Complete Discovery filed by Thomas Walden,. All counsel of record present: Mark Fay for plaintiffs; George West, Kevin McHugh, Dean Robinson, THomas Cronin, Kevin McAllister and Geroge Santopietro for the defendants. Mr. Fay argues motion for leave to take deposition; Mr. West and Mr. McHugh state objections. Court grants in part and denies in part the motion for leave to take deposition. Mr. Fay argues motion to enlarge time ; Mr. McAllister states objections; Court grants in part and denies in part the motion to enlarge time. Court to prepare an order. (Saucier, Martha) (Entered: 10/07/2005) |
| 10/11/2005 | 88 | ORDER granting in part and denying in part 83 Motion for Extension of Time to Complete Discovery . Signed by Magistrate Judge David L. Martin on 10/7/05. Forwarded to all counsel of record (Saucier, Martha) (Entered: 10/11/2005) |
| 10/11/2005 | 89 | ORDER granting in part and denying in part 82 Motion for Leave to Take Depostion. Signed by Magistrate Judge David L. Martin on 10/7/05. Forwarded to all counsel of record (Saucier, Martha) (Entered: 10/11/2005) |
| 10/13/2005 | | Reset Hearings: re 81 MOTION to Adjudge in Contempt filed by Thomas Walden, Motion Hearing set for 10/17/2005 02:00 PM in Courtroom B before David L. Martin. (Saucier, Martha) (Entered: 10/13/2005) |
| 10/14/2005 | 90 | MOTION for Leave to File Excess Pages of one (1) page in connection with Exhibit A to said Defendant's Memorandum in Support of Motion for Entry of Judgment of Dismissal by Joseph Richardson. Associated Cases: 1:04-cv-00304-S,1:04-cv-00553-S(Baldinelli, Doreen) (Entered: 10/14/2005) |

000095

10/12/05

BRENNAN, RECUPERO, CASCIONE, SCUNGIO & MCALLISTER, LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP
362 BROADWAY
PROVIDENCE, RHODE ISLAND 02909

TEL. (401) 453-2300 FAX (401) 453-2345

EDMUND J. BRENNAN, JR.*
RONALD F. CASCIONE◇
KEVIN J. MCALLISTER◇
JOSEPH J. RECUPERO◇
BENJAMIN M. SCUNGIO◇

ANDREW HENNEOUS◇
MICHAEL J. POLAK+
LAUREN F. HANKE◇

THOMAS S. HEMMENDINGER◇
OF COUNSEL

PETER J. FURNESS◇
OF COUNSEL

◇ ADMITTED IN RI & MA
* ADMITTED IN MA
+ ADMITTED IN MA & ME

October 11, 2005

**By Facsimile and Mail**

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Re: Thomas Walden et al and John C. Chmura et al v. City of Providence, et al, C.A. Nos. 04-304S and 04-553-S; (Defendant Joseph Richardson)

Dear Attorneys Fay and Mannis:

In follow up to the Court's Order regarding your taking of Defendant Richardson's deposition prior to November 7, 2005, please be advised that **the following dates between now and then are unavailable** due to either my schedule, Mr. Cronin's schedule, or Mr. Richardson's pre-booked business schedule: **October 21, 25, 26 & 31; November 6 & 7, 2005.**

We would appreciate your scheduling the deposition on a date other than those indicated above, presumably on one of the remaining available business days prior to November 7, which includes October 17, 18, 19 & 20*, October 24, 27, 28, and November 1, 2, 3 or 4. (*I should also tell you that I am on a 24 hour notice to start a trial with Judge Torres that my best guess will be sometime next week, but I cannot state that with any certainty.) In any event, we will be happy to work with you to arrange for a mutually convenient date. Please advise. Thank you.

Sincerely,

Kevin J. McAllister

KJM/sc

000096

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THOMAS WALDEN, et al., Plaintiffs, | : | |
| v. | : | CA 04-304 S |
| CITY OF PROVIDENCE, et al., Defendants. | : | |

**ORDER**
**DENYING IN PART**
**AND GRANTING IN PART PLAINTIFFS' MOTION**
**TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL**

Before the court is Plaintiffs' Motion to Adjudge in Contempt or Alternatively to Compel Production of Documents (Document ("Doc.") #81) (the "Motion"). The Motion seeks to adjudge the City of Providence and/or the Providence Police Department in contempt for failure to comply with a subpoena issued on or about March 11, 2005. Alternatively, the Motion seeks an order compelling the production of the matters sought in Plaintiffs' Request for Production of Documents served on the City of Providence on or about August 16, 2005. See Motion, Exhibit ("Ex.") C (Plaintiffs' First Request for Production Addressed to Defendant City of Providence). Defendants City of Providence, David N. Cicilline, and Dean Esserman have filed an objection to the Motion. See Objection of the Defendants, the City of Providence, David N. Cicilline and Dean Esserman, to the Plaintiffs' Motion to Adjudge in Contempt or Alternatively to Compel Production of Documents (Doc. #85). A hearing was held on October 17, 2005.

**The Motion is denied to the extent that it seeks to adjudge the City of Providence and/or the Providence Police Department in contempt for failure to comply with a subpoena issued on or about March 11, 2005.** The court finds that the City made a good faith

effort at compliance and that the omission about which Plaintiffs now complain was not initially apparent to either Plaintiffs' or Defendants' counsel. Rather, it was initially noticed by Plaintiffs' expert, who informed Plaintiffs, and Plaintiffs then raised the matter with Defendants' counsel, Kevin F. McHugh, in a letter dated August 16, 2005. See Motion, Ex. B (Letter from Mannis to McHugh of 8/16/05). The September 14, 2005, reply of Mr. McHugh to Plaintiffs' letter, while somewhat tardy, offered to allow Plaintiffs' expert to examine "the machine." Id., Ex. D (Letter from McHugh to Mannis of 9/14/05). The court finds that this offer was a sufficient attempt at compliance to make the imposition of any sanctions unjust.

**The Motion is granted to the extent that Defendants shall allow Plaintiffs' expert to inspect the Total Recall Servers, any and all hardware relating to the Total Recall System, and the original hard drive of the Total Recall System (the "System") at issue.**[1] To the extent the Motion seeks that Plaintiffs be provided with a copy of the hard drive of the Total Recall System (or that they be allowed to make a copy), the Motion is denied for the following reasons. The court is not persuaded from what Plaintiffs have presented that the information which Plaintiffs seek cannot be obtained from an on-site inspection. The court is also concerned that such copying may violate or infringe upon the privacy rights of third parties who are not represented by either

[1] The court intends that Plaintiffs' expert may do more than make a simple visual inspection of the Total Recall System. Plaintiffs' expert is authorized to conduct tests on the System to determine the information which Plaintiffs seek. However, Plaintiffs' expert must ensure that the tests do not damage or alter the System (or information in the System) and that he not listen to any recorded conversations without further authorization from the court.

Plaintiffs or Defendants.[2] A confidentiality order executed by Plaintiffs and Defendants may not adequately protect the privacy interests of these third parties.

If, after examining the System, Plaintiffs' expert determines that it is impossible to obtain the necessary information without making a mirror image of the hard drive, Plaintiffs may renew their request for permission to obtain such a copy. Such a request should be supported by an affidavit from Plaintiffs' expert, explaining the specific information which Plaintiffs seek to obtain from a mirror image of the hard drive and why this information cannot be obtained from an on-site examination of the System itself. The affidavit should also address what measures could be taken to protect the privacy rights of third parties whose conversations may have been recorded.

So ordered.

ENTER:

David L. Martin
United States Magistrate Judge
October 17, 2005

BY ORDER:

Deputy Clerk

[2] The court has been given to understand that the Total Recall System contains upwards of 750,000 recorded telephone conversations.

# *Facsimile Cover Page*

*US District Court*
*District of Rhode Island*
*One Exchange Terrace*
*Federal Building & Courthouse*
*Providence, RI 02903*

## To:

Organization Name: MARK A. FAY

Fax Number: 4903207

Phone Number:

## From:

Sender: Martha Saucier

Phone Number: 752-7218

Fax Number: 752-7265

*Note: You may send a Fax directly to your party by dialing:*
*752-7255#and then the last four digits of your party's phone number##*
*Example: 752-7255#7237##*
*Please remember the pound (#) symbols are important in routing the fax properly.*

**Total Number Pages including cover:** 4

## Message:

| | | |
|---|---|---|
| 10/14/2005 | 91 | MOTION for Entry of Judgment of Dismissal against all Plaintiffs (in walden) for Failure to Comply with conditional Order of Dismissal or Alternative Motion to Strike WITH ATTACHED MEMO by Joseph Richardson. Responses due by 10/28/2005 Associated Cases: 1:04-cv-00304-S,1:04-cv-00553-S(Baldinelli, Doreen) Additional attachment(s) added on 10/14/2005 (Baldinelli, Doreen). (Entered: 10/14/2005) |
| 10/17/2005 | | Reset Hearings: re 81 MOTION to Adjudge in Contempt filed by Thomas Walden, Motion Hearing set for 11/17/2005 02:00 PM in Courtroom B before Magistrate Judge David L. Martin. (Saucier, Martha) (Entered: 10/17/2005) |
| 10/17/2005 | | Minute Entry for proceedings held before Magistrate Judge David L. Martin : Motion Hearing held on 10/17/2005 re 81 MOTION to Adjudge in Contempt or in the Alternative to Compel Production of Documents filed by Thomas Walden,. Carolyn Mannis for the plaintiffs; Kevin McHugh for the defendant City of Providence. Both sides argue; Court grants in part and denies in part the Motion to Adjudge in Contempt or in the Alternative to Compel Production of documents; Court to prepare an order (Saucier, Martha) (Entered: 10/17/2005) |
| 10/17/2005 | 92 | MOTION to Dismiss the Complaint WITH ATTACHED MEMO by Joseph Richardson. Responses due by 11/3/2005 Associated Cases: 1:04-cv-00304-S,1:04-cv-00553-S(Baldinelli, Doreen) (Entered: 10/18/2005) |
| 10/17/2005 | 93 | MOTION to Dismiss the ComplaintWITH ATTACHED MEMO by Joseph Richardson. Responses due by 11/3/2005 Associated Cases: 1:04-cv-00304-S,1:04-cv-00553-S(Baldinelli, Doreen) (Entered: 10/18/2005) |
| 10/18/2005 | 94 | ORDER granting in part and denying in part 81 Motion to Adjudge in Contempt or Alternatively to Compel . Signed by Magistrate Judge David L. Martin on 10/17/05. Forwarded to all counsel of record (Saucier, Martha) (Entered: 10/18/2005) |
| 10/18/2005 | 95 | ORDER granting 90 Motion for Leave to File Excess Pages . Signed by Judge William E Smith on 10/17/05. (faxed to counsel of record)(Mercurio, Alba-Sue) (Entered: 10/18/2005) |
| 10/24/2005 | 96 | STIPULATION regarding discovery by All Plaintiffs and Vincent A. Cianci, Jr. (signed by Judge William E. Smith) (faxed to counsel of record)(Mercurio, Alba-Sue) (Entered: 10/25/2005) |
| 10/26/2005 | 97 | APPEAL OF MAGISTRATE JUDGE DAVID L. MARTIN'S ORDER by Thomas Walden re 94 Order on Motion to Adjudge in Contempt. WITH ATTACHED MEMO(Baldinelli, Doreen) Modified on 10/26/2005 (Baldinelli, Doreen). Additional attachment(s) added on 10/26/2005 (Baldinelli, Doreen). (Entered: 10/26/2005) |

000101

ATTORNEY ____________ DATE Oct 17

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | 2.2 | prep for and att hrg re 4 re hard drive and mirror image copy |

BRENNAN, RECUPERO, CASCIONE, SCUNGIO & MCALLISTER, LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP
362 BROADWAY
PROVIDENCE, RHODE ISLAND 02909

TEL. (401) 453-2300 FAX (401) 453-2345

RECEIVED
OCT 17 2005

EDMUND J. BRENNAN, JR.*
RONALD F. CASCIONE◇
KEVIN J. MCALLISTER◇
JOSEPH J. RECUPERO◇
BENJAMIN M. SCUNGIO◇

ANDREW HENNEOUS◇
MICHAEL J. POLAK+
LAUREN F. HANKE◇

THOMAS S. HEMMENDINGER◇
OF COUNSEL

PETER J. FURNESS◇
OF COUNSEL

◇ ADMITTED IN RI & MA
* ADMITTED IN MA
+ ADMITTED IN MA & ME

October 14, 2005

Clerk, United States District Court
for the District of Rhode Island
Federal Building and Courthouse
One Exchange Terrace
Providence, RI 02903

Re: Thomas Walden, et al, v. City of Providence, et al, C.A. No. 04-304 S, (consolidated with C.A. 04-553S)

Dear Clerk:

Enclosed please find the original (and one copy) of: (1) "Defendant Joseph Richardson's Rule 37(b)(2)(C) and 37(d) Motion to Dismiss the Complaint by all Plaintiffs [in Chmura] for Failure to Comply with July 27, 2005 Court Order Compelling Answers to Interrogatories" and (2) "Defendant Joseph Richardson's Rule 37(b)(2)(C) and Rule 37(d) Motion to Dismiss the Complaint by all Plaintiffs [in Chmura] for Failure to Comply with July 27, 2005 Court Order Compelling Production". Also enclosed are the originals (and two copies) of the Memoranda in Support of Motions (1) and (2) referenced above.

Kindly file the same. Thank you.

Sincerely,

Kevin J. McAllister

KJM/sc
enclosures

cc: all counsel of record

000103

MASSACHUSETTS OFFICE
ONE CHURCH GREEN, P. O. BOX 488, TAUNTON, MA 02780 TEL. (508) 822-0178 FAX (508) 824-3647

RECEIVED
OCT 17 2005

**UNITED STATE DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**DEFENDANT JOSEPH RICHARDSON'S RULE 37(b)(2)(C) MOTION FOR ENTRY OF JUDGMENT OF DISMISSAL AGAINST ALL PLAINTIFFS [IN WALDEN] FOR FAILURE TO COMPLY WITH CONDITIONAL ORDER OF DISMISSAL OR ALTERNATIVE MOTION TO STRIKE**

Now comes the Defendant Joseph Richardson, by and through his attorneys, and pursuant to Fed. R. Civ. P. 37(b)(2)(C), hereby moves the Court for Entry of Judgment of Dismissal against each of the 118 Plaintiffs in the Walden case, C.A. No. 04-304S, for Plaintiffs' failure to Comply with the Court's July 27, 2005 Conditional Order of Dismissal requiring said Plaintiffs to answer the interrogatories served upon them on November 17, 2004 by October 1, 2005 (extended by agreement to October 4, 2005). It is submitted that the answers to interrogatories submitted by all of said Plaintiffs are so improper, both as to form and as to content, that they are insufficient to purge the Plaintiffs from the automatic dismissal of their Complaint required by the terms of the Court's July 27, 2005 Order.

In the alternative, also pursuant to Fed. R. Civ. P. 37(b)(2)(C), Plaintiffs move to strike as

unresponsive and improper that portion of said Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 15, 16, 17 & 18, which apparently seek to shield from disclosure the sought-after facts by using the phrase "other than privileged information provided to me by my attorneys" after each Plaintiff has stated that he or she has no personal knowledge of any facts responsive to the interrogatory.

All 118 Walden Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 16, 17 & 18 are identical. A representative copy of the set of the answers to interrogatories served upon all Walden Plaintiffs is appended as Exhibit A to the accompanying Memorandum of Law.

A Memorandum of Law in support of the instant motion is filed simultaneously herewith.

Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: October 14, 2005

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

[signature]

RECEIVED
OCT 17 2005
J WILLIAM W HARDSON

**UNITED STATE DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**DEFENDANT JOSEPH RICHARDSON'S RULE 37(b)(2)(C) MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT OF DISMISSAL AGAINST ALL PLAINTIFFS [IN WALDEN] FOR FAILURE TO COMPLY WITH CONDITIONAL ORDER OF DISMISSAL OR ALTERNATIVE MOTION TO STRIKE**

Now comes the Defendant Joseph Richardson, by and through his attorneys, and pursuant to Fed. R. Civ. P. 37(b)(2)(C), hereby supports his Motion Court for Entry of Judgment of Dismissal against each of the 118 Plaintiffs in the Walden case, C.A. No. 04-304S, for Plaintiffs' failure to Comply with the Court's July 27, 2005 Conditional Order of Dismissal requiring said Plaintiffs to answer the interrogatories served upon them on November 17, 2004 by October 1, 2005 (extended by agreement to October 4, 2005). This Memorandum is also intended to support Defendant Richardson's alternative Motion to Strike pursuant to Fed. R. Civ. P. 37(b)(2)(C) as unresponsive and improper that portion of said Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 15, 16, 17 & 18, which apparently seek to shield from disclosure the sought-after facts by using the phrase "other than privileged information provided

to me by my attorneys" after each Plaintiff has stated that he or she has no personal knowledge of any facts responsive to the interrogatory. (See Exhibit A hereto.)

**Introduction**

Defendant Richardson was named as a Defendant in both his former official capacity as the Deputy Director of the Department of Communications for the Defendant City of Providence, and also in his individual capacity. No facts are alleged in the Complaint supporting Defendant Richardson's joinder as a Defendant in either capacity. Defendant Richardson propounded interrogatories to all 118 Plaintiffs in the Walden case on November 17, 2004. No response of any kind was forthcoming. A Motion to Compel answers to interrogatories was filed by Defendant Richardson and granted by Order dated February 2, 2005. This Order required Plaintiffs to file answers to the interrogatories on or before June 1, 2005. After the Walden Plaintiffs failed to file any answers to interrogatories by June 1, 2005 as ordered, Defendant Richardson sought and received an Order dated July 27, 2005 which stated that all Walden Plaintiffs' Complaint would be dismissed automatically unless said Plaintiffs filed their answers to interrogatories on or before October 1, 2005. (Defendant Richardson, on request of Plaintiffs' counsel, agreed to extend the time for compliance with the Conditional Order of Dismissal up to and including October 4, 2005.) On October 4, 2005, all 118 Walden Plaintiffs served their "answers" to Defendant Richardson's interrogatories.

These "answers" to the interrogatories, except for interrogatory 1, are identical for all of the 118 Walden Plaintiffs. Exhibit A hereto is representative of each of the 118 sets of "answers" to interrogatories for these Plaintiffs. Defendant Richardson is now asking the Court to review these "answers" to interrogatories in order to determine if they are sufficient, in both form and substance, for Plaintiffs to purge themselves of the automatic dismissal of their

Complaint against Defendant Richardson for failing to serve responsive answers to his interrogatories as ordered on July 27, 2005. In the alternative, the instant Motion asks the Court to strike the phrase "other than privileged information provided by my attorneys" in answers to interrogatories numbered 2, 3, 4, 7, 14, 15, 17, & 18 by all 118 Walden Plaintiffs.

**Argument**

**1. The Court Should Enter a Judgment of Dismissal Against the Walden Plaintiffs as to Defendant Richardson For Failure to Comply with the July 27, 2005 Conditional Order.**

**(a.) Improper Claims of Privilege in Withholding Discoverable Facts**

Under Fed. R. Civ. P. 37(b)(2)(C) the Court has authority to enter judgment of default or dismissal against a party who has disobeyed one or more discovery orders. The same Rule 37(a) and (b)(2)(C) gives the Court the authority to strike the whole or parts of pleadings, or in this case, answers to interrogatories if they are sanctionable following disobedience to an Order of the Court. Both sanctions are appropriate in this case. Defendant Richardson has been waiting for almost one year since propounding his interrogatories upon the Walden Plaintiffs to determine why he was sued and what facts, if any, Plaintiffs have which support his joinder as a Defendant in either his former official capacity or individually. Almost eleven months after asking for this discovery, and following two Orders of the Court compelling the Walden Plaintiffs to furnish these facts, Defendant Richardson still has no idea why he has been sued. The court's attention is invited to Plaintiff Walden's answer to interrogatory 2 (Exhibit A), which is the same for all other 117 Walden Plaintiffs, and which reads as follows:

> *2. Please set forth all of the facts which support in any way your inclusion of Joseph Richardson as a named Defendant in your Complaint and addressed specifically to his former official capacity as Deputy Director of the Communications Department for the City of Providence.*

*Answer No. 2:* ***I have no personal knowledge of any facts which support the inclusion of Joseph Richardson as a named defendant in the Complaint other than privileged information provided to me by my attorneys.*** (Emphasis added.)

The same answer was given to interrogatory 3 by all Walden Plaintiffs in response to a request for all facts supporting the joinder of Defendant Richardson in his individual capacity. (See Exhibit A). Identical answers were given to several other interrogatories seeking discovery of facts and witnesses. (See answers to interrogatories 4, 7, 14, 15, 16, 17 & 18.)

It is respectfully submitted that a statement by each Walden Plaintiff, under oath, that he or she has no personal knowledge of any facts supporting their joinder of Defendant Richardson is outrageous on its face. Fed. R. Civ. P. 11 (b), *inter alia,* does not permit allegations or other factual contentions with no evidentiary support, particularly after a reasonable opportunity for discovery of such evidentiary support. See also Fed. R. Civ. P. 26(g)(1) which requires all discovery responses to be complete and correct as of the time they are made. The attempt to buffer this complete lack of factual or evidentiary support for their allegations against Defendant Richardson by adding the phrase "other than privileged information provided by my attorneys" to the answers to interrogatories cited above, is both improper and unresponsive to the Rules of Civil Procedure and, more importantly, to the Court's Orders of February 2, 2005 and July 27, 2005.

Fed. R. Civ. P. 33(b)(1) requires that each interrogatory be answered "fully" unless objected to. It should be noted that none of Defendant Richardson's interrogatories were objected to and no claim of privilege was asserted in the manner required by Fed. R. Civ. P. 26 (b)(5). [Indeed, any opportunity to object or claim privilege was waived by Plaintiffs by their failure to do so within the thirty day period required by Fed. R. Civ. P. 33(b)(3) and by the entry

of the Court's Orders of February 2 and July 27, 2005.] It is axiomatic that when answering interrogatories requiring the disclosure of material facts known to either the represented party or to that party's attorneys, those facts must be disclosed in the answers to interrogatories. See, e.g., Hickman v. Taylor, 329 U.S. 495, 504 (1947); and General Dynamics Corp. v. Selb Mfg. Co., 481 F. 2d 1204, 1210-11 (8th Cir. 1973), cert. denied, 414 U.S. 1162 (1974).

Either there are no facts known to Plaintiffs and their attorneys supporting the allegations against Defendant Richardson, or there are such facts. If there are such facts, they must be disclosed, particularly when they are specifically requested. There is no basis for the Court to assume there are such facts in existence that might be privileged. Even if there was a basis for such an assumption, any such claim of privilege connected to these answers to interrogatories has been waived by Plaintiffs, and the requested material facts should have been identified in their "answers". Plaintiffs specifically acknowledged to the Court that they had no objections to Defendant Richardson's interrogatories. (See Plaintiffs' Memorandum of Law in Support of Their Objection to Defendant Richardson's Motion to Compel Answers to Interrogatories dated January 11, 2005 at page 1, which states "Plaintiffs do not object to answering the onerous interrogatories interposed by Richardson".) In the "answers" that were filed, no objections were interposed. Having waived any objections by failing to provide timely responses, Plaintiffs now attempt to make the passing reference to privilege – not objections – in answers numbered 2, 3, 4, 7, 14, 16, 17 & 18 in an attempt to avoid saying they have no facts, or in an attempt to now shield material facts through an improper mechanism. It is axiomatic that a claim of privilege can only be raised through a timely objection that is accompanied by sufficient information to allow the court to rule intelligently on the privilege claimed. Marx v. Kelly, Hart & Hallman, 929 F. 2d 8, 12 (1st 1991). Plaintiffs have failed in both regards.

Having failed to provide complete answers to interrogatories as required by the Federal Rules of Civil Procedure, and by the Court's Orders of February 2, 2005 and July 27, 2005, the 118 Walden Plaintiffs have failed to submit proper answers to interrogatories as ordered. Accordingly, the automatic dismissal of the Walden Complaint as to Defendant Richardson should be deemed to have occurred on October 4, 2005. The Court should enter Final Judgment on behalf of Defendant Richardson and against all Walden Plaintiffs under the terms of the July 27, 2005 Order on this basis alone.

**(b.) Lack of Factual Support for Other Allegations by All (Walden) Plaintiffs**

The Court's attention also is invited to the Walden Plaintiffs' answers to interrogatories 9, 10, and 19 (Exhibit A), which state in response to queries concerning the personal injuries all 118 Walden Plaintiffs claimed in paragraphs 116, 118 120, 122, 124, and 126 of their Complaint, that "I am not claiming any personal injuries". These answers beg the question: why were personal injuries asserted by all 118 Walden Plaintiffs when none of them are claiming personal injuries? This appears to be a variation of the same problem Plaintiffs encountered in supporting their Complaint by giving their responses to interrogatories 2, 3, 4, 7, 14, 15, 16, 17, and 18. Deficient as they may reveal Plaintiffs' compliance with Fed. R. Civ. P. 11, in terms of factual support for the Complaint's allegations of personal injuries to be, at least these answers to interrogatories 9, 10 and 19 are far more candid than those given in response to interrogatories 2, 3, 4, 7, 14, 15, 16, 17 & 18.

**(c.) Other Deficiencies in the Form of the Served Answers to Interrogatories**

The facial and substantive deficiencies of the Walden Plaintiffs' answers to interrogatories do not stop there. The Court should examine the 118 Walden Plaintiffs' (identical) answers to interrogatory 13 (see Exhibit A), which refer explicitly to the Court's June

6, 2005 Amended Pre-trial Order signed by Judge Smith. Of the 118 sets of answers to interrogatories, **90 of them – 76% – were signed and notarized *prior to* the creation and entry of Judge Smith's June 6, 2005 Amended Pre-trial Order.** (The answers to interrogatories 5 and 6 also include time specific events that in many cases also occurred after many of the 90 sets of answers to interrogatories were signed and notarized.) The use of this mechanism of altering or amending answers to interrogatories after they were signed under oath by 90 of the Plaintiffs before a notary public, with no explanation or attempt to demonstrate that each of the 90 Plaintiffs in question ratified the amended response(s) after signature and notarization, constitutes in each case a serious transgression and a self-explanatory breach of the Rules of Civil Procedure, among other legal standards that are obvious and need not be further identified for purposes of this filing. For purposes of this Motion, however, the 90 sets of answers to interrogatories in question should be stricken on their face, which in turn should trigger the July 27, 2005 Conditional Order of Dismissal's entry of judgment as to the 90 Plaintiffs whose "answers" were signed and notarized prior to June 6, 2005.

**2. Alternatively, the Court Should Strike a Portion of Plaintiffs' Answers to Interrogatories 2, 3, 4, 7, 14, 16, 17 & 18 As Improper and Non-Responsive.**

For the reasons and authorities set forth above, and in the absence of the Court's entering a Judgment of Dismissal as to Defendant Richardson and against all of the Walden Plaintiffs, Defendant Richardson asks that the Court Order that the phrase "other than privileged information provided by my attorneys" be ordered stricken from all of the 118 Walden Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 16, 17 & 18.

## Conclusion

For all of the reasons set forth above, the Defendant Richardson asks the Court to enter a

Judgment of Dismissal as against all 118 Walden Plaintiffs, or in the alternative, against the 90 Plaintiffs whose "answers" were signed and notarized prior to June 6, 2005 hereto. In the absence of either of these prayed-for judgments, the Defendant Richardson requests that the Court order stricken from the Walden Plaintiffs' answers to interrogatories numbered 2, 3, 4, 7, 14, 16, 17 & 18 the phrase "other than privileged information provided by my attorneys", and that it award Defendant Richardson such other and further relief as it deems appropriate..

Respectfully submitted,
Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

and

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: October 14, 2005

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

EXHIBIT A

**UNITED STATE DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THOMAS WALDEN, ET ALS | : | |
| VS. | : | C.A. NO.: 04-304S |
| CITY OF PROVIDENCE, ET ALS | : | |
| JOHN C. CHMURA, ET ALS | : | |
| VS. | : | C.A. NO.: 04-553S |
| CITY OF PROVIDENCE, ET ALS | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT JOSEPH RICHARDSON'S FIRST SET OF INTERROGATORIES**

1. Please state your name, other names you have gone by, home address, marital status, occupation(s) and current place of work.

ANSWER NO.1: **Thomas Walden; 103 Central Pike, Foster, RI 02825; Married; Firefighter; City of Providence.**

2. Please set forth all of the facts which support in any way your inclusion of Joseph Richardson as a named Defendant in your Complaint and addressed specifically to his former official capacity as Deputy Director of the Communications Department for the City of Providence.

ANSWER NO.2: **I have no personal knowledge of any facts which support the inclusion of Joseph Richardson as a named defendant in the Complaint other than privileged information provided to me by my attorneys.**

3. Please set forth all of the facts which support in any way your inclusion of Joseph Richardson as a named Defendant in your Complaint and addressed specifically to his being names individually as a Defendant.

ANSWER NO.3: **I have no personal knowledge of any facts which support the inclusion of Joseph Richardson, individually, as a named defendant in the Complaint other than privileged information provided to me by my attorneys.**

4. Please set forth all of the facts in your possession, custody and/or control which support in any way Defendant Richardson's alleged involvement or participation in the procurement, selection, installation, maintenance, supervision and/or operation of the so-called "Total Recall" system referenced in Plaintiffs' Complaint.

**ANSWER NO.4: I have no personal knowledge of any facts which support Defendant Richardson's alleged involvement or participation in the procurement, selection, installation, maintenance, supervision and/ or operation of the so called "Total Recall" system other than privileged information provided to me by my attorneys**

5. Please describe by date and by identity of the participants involved, each and every occasion on which you and/ or any of the Plaintiffs had a telephone conversation, or a portion thereof, that was actually listened to by anyone who was not a party to the telephone conversation, either contemporaneously or subsequently, and that is related in any way to the allegations in Plaintiffs' Complaint.

**ANSWER NO.5:` Discovery is not yet complete. Upon conclusion of discovery this answer will supplemented. Plaintiffs' counsel has requested documentation and computer files from the City of Providence in regard to the "Total Recall" system which will provide more information in regard to the above interrogatory. To date, the City of Providence has failed to provide the documentation and/ or information.**

6. Please describe by date and by identity of the participants involved, each and every occasion on which you and/ or any of the Plaintiffs had a telephone conversation, or a portion thereof, that was actually listened to by Defendant Joseph Richardson, or by anyone acting on his behalf, either contemporaneously or subsequently, and that is related in any way to the allegations in Plaintiffs' Complaint.

**ANSWER NO.6: Discovery is not yet complete. Upon conclusion of discovery this answer will supplemented. Plaintiffs' counsel has requested documentation and computer files from the City of Providence in regard to the "Total Recall" system which will provide more information in regard to the above interrogatory. To date, the City of Providence has failed to provide the documentation and/ or information.**

7. Please give a detailed factual description of every occasion in which Defendant Joseph Richardson acted outside of the scope of his official capacity with the City of Providence at any time and in any way that relates the to the subject matter of Plaintiffs' Complaint.

**ANSWER NO.7: I have no personal knowledge in regard to on what occasions Defendant Richardson acted outside the scope of his official capacity with the City of Providence other than privileged information provided to me by my attorneys.**

8. Please identify each and every statement made by Defendant Joseph Richardson which pertains to the subject matter of the instant Complaint, and for each statement so identified, provide the date of the statement, the place of the statement, the substance of the statement, and the identity (by name and address) of each person present when each such statement allegedly was made by Defendant Richardson.

**ANSWER NO.8: The Defendant Joseph Richardson did not personally make any statements to me which pertain to the subject matter of this Complaint.**

9. Please describe in detail the nature of each component and/ or symptom of personal injury you experienced as a result of the Defendants' actions and as alleges in the Complaint, and for each such component and/ or symptom of personal injury, please identify by name, address and specialty each and every health care provider you consulted, treated with, or otherwise visited as a result of said personal injury, and provide the dates of each such consultation, treatment or visit.

**ANSWER NO.9: I am not claiming any personal injuries as a result of the allegations contained in the Complaint.**

10. With regard to each component and/ or symptom of personal injury described in your response to Interrogatory 9, above, please state whether or not you had ever experienced any similar component and/ or symptom of personal injury prior to your discovery of the matters described in your Complaint related to the "Total Recall" system, and if your answer is in the affirmative, identify each previously experienced component and/ or symptom of personal injury, its cause and origin, and provide the name, address, and dates of treatment of each and every health care provider with whom you consulted, treated or visited as a result of said prior similar component and/ or symptom of personal injury.

**ANSWER NO.10: I am not claiming any personal injuries as a result of the allegations contained in the Complaint.**

11. Please describe in detail the facts that support your claims for any "other damages" and for "compensatory damages" that have been incurred by you as alleged in Paragraphs 116, 118, 120, 122, 124 and/ or 126 of the Complaint, and in Counts One through Six of Plaintiffs' Complaint.

**ANSWER NO.11: I am not claiming any compensable personal injury damages. I am claiming all applicable State and Federal statutory damages, punitive damages, nominal damages and attorney's fees.**

12. Provide an itemized list of all non-punitive damages you are claiming against the Defendants.

ANSWER NO.12: **I am not claiming any compensable personal injury damages. I am claiming all applicable State and Federal statutory damages, punitive damages, nominal damages and attorney's fees.**

13. Please provide the name, address, field of expertise and qualifications of each and every expert Plaintiffs expect to present at Trial, and for each such expert, identify the subject matter upon which each expert is expected to testify, and state the substance of the facts and opinions to which each expert is expected to testify and provide a summary of the grounds for each such opinion each expert will present.

ANSWER NO.13: **The Amended Pre-trial Order signed by Judge Smith on June 6, 2005, indicates that Plaintiffs shall make their expert witnesses disclosures required by Fed. R. Civ. P. 26 (a) (2) by December 30, 2005. This answer will be supplemented in accordance with the Amended Pre-trial Order prior to December 30, 2005.**

14. Please state the names, residence address, and business address of each party and non party witness who you believe has knowledge of any of the facts of circumstances alleged and described in your Complaint as they pertain to Defendant Richardson.

ANSWER NO.14: **I have no personal knowledge of the names and addresses of each party and non party witness who has knowledge of any of the facts or circumstances alleged and described in the Complaint as they pertain to Defendant Richardson other than privileged information provided to me by my attorneys.**

15. Please state the names, residence address and business address of each party and non party witness who you believe has knowledge of any of the facts or circumstances alleged and described in your Complaint other than those identified in your response to the preceding interrogatory.

ANSWER NO.15: **I have no personal knowledge of the names and addresses of each party and non party witness who has knowledge of any of the facts or circumstances alleged and described in the Complaint as they pertain to Defendant Richardson other than privileged information provided to me by my attorneys.**

16. For each witness identified to interrogatory 14, state the subject matter of, and otherwise describe each fact and/ or circumstance known to the witness relating to this matter.

**ANSWER NO.16:** **I have no personal knowledge of the names and addresses of each party and non party witness who has knowledge of any of the facts or circumstances alleged and described in the Complaint as they pertain to Defendant Richardson other than privileged information provided to me by my attorneys.**

17. For each witness identified to interrogatory 15, state the subject matter of, and otherwise describe each fact and/ or circumstance known to the witness relating to this matter.

**ANSWER NO.17:** **I have no personal knowledge of the names and addresses of each party and non party witness who has knowledge of any of the facts or circumstances alleged and described in the Complaint as they pertain to Defendant Richardson other than privileged information provided to me by my attorneys.**

18. Please describe each and every fact in your possession, custody or control that supports your claim for punitive damages against Defendant Richardson.

**ANSWER NO.18:** **I have no personal knowledge other than privileged information provided to me by my attorneys.**

19. Please identify by name, address and provider number each insurer or third party payer for any of the health care services provided to you that are included in your response to interrogatory 9 herein, and itemize the amount(s) paid by each insurer or third party payer.

**ANSWER NO.19:** **None. I am not alleging personal injuries in this case.**

20. Please state everything you knew about the telephone communications system(s) installed in the Providence Public Safety Complex from the time you first placed or received a telephone call from that location until February 13, 2003, including but not limited to all details of your knowledge of any tape recording taking place during that time and the source or sources of that knowledge.

**ANSWER NO.20:** **I had no personal knowledge that the Total Recall System had been installed at the Providence Safety Complex or that any phone conversations were being recorded.**

THOMAS WALDEN

Subscribed and sworn to before me on the 31 day of January, 2005.

Notary Public
My Commission Expires: 6/20/05

CERTIFICATION

I hereby certify that on the 4th day of October 2005, a copy of the within document was sent to:

Kevin J. McAllister, Esquire
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

Thomas J. Cronin, Esquire
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

RECEIVED
OCT 1 7 2005
J WILLIAM W HARSCH

**UNITED STATE DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**DEFENDANT JOSEPH RICHARDSON'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATION ON EXHIBITS BY ONE PAGE**

Now comes the Defendant Joseph Richardson, by and through his attorneys, hereby moves the Court for Leave to Exceed by one (1) page the Court's five (5) page limitation on exhibits in connection with Exhibit A to said Defendant's Memorandum in Support of Motion for The Entry of Judgment of Dismissal against each of the 118 Plaintiffs in the Walden case, C.A. No. 04-304S, for Plaintiffs' failure to Comply with the Court's July 27, 2005 Conditional Order of Dismissal requiring said Plaintiffs to answer the interrogatories served upon them on November 17, 2004 by October 1, 2005 (extended by agreement to October 4, 2005).

Defendant is required to attach as an exhibit one copy of the "answers" to interrogatories it is asking the Court to review in order for the Court to determine if said "answers" are in compliance with the Court's Orders. Since the sample set of Plaintiffs' answers to interrogatories is six (6) pages long, it is essential that Defendant Richardson be allowed to

exceed the five (5) page limitation set forth in Amended General Order #2002-01 by one (1) page.

No Memorandum of Law is required to support the instant Motion as the need for the leave to file a complete set of answers to interrogatories is apparent on its face.

Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: October 14, 2005

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

**UNITED STATE DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

RECEIVED
1 7 2005

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**DEFENDANT JOSEPH RICHARDSON'S RULE 37(b)(2)(C) and 37(d) MOTION TO DISMISS THE COMPLAINT BY ALL PLAINTIFFS [IN CHMURA] FOR FAILURE TO COMPLY WITH JULY 27, 2005 COURT ORDER COMPELLING ANSWERS TO INTERROGATORIES**

Now comes the Defendant Joseph Richardson, by and through his attorneys, and pursuant to Fed. R. Civ. P. 37(b)(2)(C) and Rule 37(d), and hereby moves the Court for an Order dismissing the Complaint against him (in his official and individual capacities) filed by each of the 35 Plaintiffs in the CHMURA case, C.A. No. 04-553S for failure to answer interrogatories as Ordered. Each of the said Chmura Plaintiffs were served interrogatories on May 10, 2005. Each Chmura Plaintiff was compelled to Answer said interrogatories by October 1, 2005 by Order of the Court dated July 27, 2005. No answers to said interrogatories have been filed to date by any of the Chmura Plaintiffs.

A Memorandum of Law in support of this Motion is filed simultaneously herewith in compliance with Local Rule 12(1).

Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: October 14 , 2005

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

[signature]

**UNITED STATE DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

RECEIVED
OCT 17 2005
JUDITH SAMWH... [illegible]

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**MEMORANDUM IN SUPPORT OF DEFENDANT JOSEPH RICHARDSON'S RULE 37(b)(2)(C) and 37(d) MOTION TO DISMISS THE COMPLAINT BY ALL PLAINTIFFS [IN CHMURA ] FOR FAILURE TO COMPLY WITH JULY 27, 2005 COURT ORDER COMPELLING ANSWERS TO INTERROGATORIES**

Now comes the Defendant Joseph Richardson, by and through his attorneys, and pursuant to Fed. R. Civ. P. 37(b)(2)(B) and Rule 37(d), and hereby supports his Motion to the Court for an Order dismissing the Complaint against him (in his official and individual capacities) filed by each of the 35 Plaintiffs in the Chmura case, C.A. No. 04-553S, for failure to answer interrogatories as Ordered.

**ARGUMENT**

Each of the said Chmura Plaintiffs were served interrogatories on May 10, 2005. Each Chmura Plaintiff was compelled to Answer said interrogatories propounded by Defendant Richardson on or before October 1, 2005 by Order of the Court dated July 27, 2005. No answers to said interrogatories have been filed to date.

Fed. R. Civ. P. 37(b)(2)(C) provides, *inter alia,* that if a party fails to comply with a Court Order compelling discovery, that the Court may enter an order "dismissing the action or proceeding or any part thereof ... against the disobedient party". Id. Similarly, Fed. R. Civ. P. 37(d) incorporates the availability to the Court of the sanctions set forth in Rule 37(b)(2)(C) by reference. Id.

In this case, dismissal of the Complaint against the Chmura Plaintiffs is a particularly appropriate sanction for failure to comply with the Court's July 27, 2005 Order. In all, Plaintiffs have already been given an extraordinary five months by the Court to answer these interrogatories, primarily based upon the argument that Plaintiffs' counsel had to process and prepare answers to 35 sets of interrogatories – one for each Chmura Plaintiff – an administrative difficulty. The prejudice to Defendant Richardson caused by this delay should be considered by the Court. Mr. Richardson has now had to wait five months to learn from the Chmura Plaintiffs if there is any factual basis whatsoever for him being sued in his individual capacity, as well as in his former official capacity, by the 35 Chmura Plaintiffs. That prejudice to him – and the continuing burden and expense to him being left in the dark as to why he has been sued – is obvious and significant. The promises made on behalf of these Plaintiffs made after the entry of the May 10, 2005 Order to furnish the answers to interrogatories have gone unfulfilled. Dismissal of the Complaint under the circumstances is the appropriate Rule 37 sanction. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976).

Fed. R. Civ. P. 37(b) and (d) both provide for other sanctions as well, should the Court deem it appropriate. Nevertheless, at a minimum, Defendant Richardson requests that a Conditional Order of Dismissal be entered against all Plaintiffs in the Chmura case so that in the event any or all of said Chmura Plaintiffs fail to fully answer said interrogatories within thirty

(30) days of the entry of said Conditional Order of Dismissal, that the Complaint by all of said noncompliant Plaintiffs' against the Defendant Richardson automatically will be dismissed with prejudice upon the expiration of said thirty (30) days.

## CONCLUSION

For all of these reasons, the Defendant Richardson respectfully requests that the Court enter an Order of Dismissal against all of the Chmura Plaintiffs pursuant to Fed. R. Civ. P. 37(b)(2)(C) and (d) and/or afford such other and further relief as the Court deems appropriate.

Respectfully submitted,
Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: October 14, 2005

## CERTIFICATE OF SERVICE

I certify that on October 14, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

RECEIVED
OCT 17 2005

**UNITED STATE DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**DEFENDANT JOSEPH RICHARDSON'S RULE 37(b)(2)(C) and 37(d) MOTION TO DISMISS THE COMPLAINT BY ALL PLAINTIFFS [IN CHMURA] FOR FAILURE TO COMPLY WITH JULY 27, 2005 COURT ORDER COMPELLING PRODUCTION**

Now comes the Defendant Joseph Richardson, by and through his attorneys, and pursuant to Fed. R. Civ. P. 37(b)(2)(C) and Rule 37(d), and hereby moves the Court for an Order dismissing the Complaint against him (in his official and individual capacities) filed by each of the 35 Plaintiffs in the Chmura case, C.A. No. 04-553S, for failure to produce the documents and materials as Ordered by the Court on July 27, 2005. Each of the said Chmura Plaintiffs were served with Defendant Richardson's First Request for Production on May 5, 2005. Each Chmura Plaintiff was compelled to produce the documents and materials requested by October 1, 2005 by Order of the Court dated July 27, 2005. No documents or materials response to Defendant Richardson's First Request for Production to the Chmura Plaintiffs have been served to date.

**UNITED STATE DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

1 7 2005

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**MEMORANDUM IN SUPPORT OF DEFENDANT JOSEPH RICHARDSON'S RULE 37(b)(2)(C) and 37(d) MOTION TO DISMISS THE COMPLAINT BY ALL PLAINTIFFS [IN CHMURA] FOR FAILURE TO COMPLY WITH JULY 27. 2005 COURT ORDER COMPELLING PRODUCTION**

Now comes the Defendant Joseph Richardson, by and through his attorneys, and pursuant to Fed. R. Civ. P. 37(b)(2)(B) and Rule 37(d), and hereby supports his Motion to the Court for an Order dismissing the Complaint against him (in his official and individual capacities) filed by each of the 35 Plaintiffs in the Chmura case, C.A. No. 04-553S, for failure to produce documents and materials as Ordered by the Court on July 27, 2005.

**ARGUMENT**

Defendant Richardson's First Request for Production addressed to all of the Chmura Plaintiffs was served on May 5, 2005. Each Chmura Plaintiff was compelled to produce the documents and materials described in said Request by Defendant Richardson on or before October 1, 2005 by Order of the Court dated July 27, 2005. The Chmura Plaintiffs have not

produced any documents or materials in response to the original request for production or in response to the Order compelling the same.

Fed. R. Civ. P. 37(b)(2)(C) provides, *inter alia,* that if a party fails to comply with a Court Order compelling discovery, that the Court may enter an order "dismissing the action or proceeding or any part thereof ... against the disobedient party". Id. Similarly, Fed. R. Civ. P. 37(d) incorporates the availability to the Court of the sanctions set forth in Rule 37(b)(2)(C) by reference. Id.

In this case, dismissal of the Complaint against the Chmura Plaintiffs is a particularly appropriate sanction for failure to comply with the Court's July 27, 2005 Order. In all, Plaintiffs have already been given an extraordinary five months by the Court to produce the documents and materials requested by Defendant Richardson, primarily based upon the argument that Plaintiffs' counsel had to process and prepare these materials constitute an administrative difficulty. The prejudice to Defendant Richardson caused by this delay should be considered by the Court. Mr. Richardson has now had to wait more than five months to learn if there is any factual basis or documentation whatsoever for him being sued in his individual capacity, as well as in his former official capacity, by the 35 Chmura Plaintiffs. That prejudice to him – and the continuing burden and expense to him being left in the dark as to why he has been sued – is obvious and significant. Dismissal of the Complaint under the circumstances is the appropriate Rule 37 sanction. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976).

Fed. R. Civ. P. 37(b) and (d) both provide for other sanctions as well, should the Court deem it appropriate. Nevertheless, at a minimum, Defendant Richardson requests that a Conditional Order of Dismissal be entered against all Plaintiffs in the Chmura case so that in the event any or all of said Chmura Plaintiffs fail to produce the documents and materials in question

within thirty (30) days of the entry of said Conditional Order of Dismissal, that the Complaint by all of said noncompliant Chmura Plaintiffs against the Defendant Richardson automatically will be dismissed with prejudice upon the expiration of said thirty (30) days.

## CONCLUSION

For all of these reasons, the Defendant Richardson respectfully requests that the Court enter an Order of Dismissal against all of the Chmura Plaintiffs pursuant to Fed. R. Civ. P. 37(b)(2)(C) and (d) and/or afford such other and further relief as the Court deems appropriate.

Respectfully submitted,
Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: October 14 , 2005

## CERTIFICATE OF SERVICE

I certify that on October 14, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

# *Facsimile Cover Page*

***US District Court***
***District of Rhode Island***
***One Exchange Terrace***
***Federal Building & Courthouse***
***Providence, RI 02903***

## To:

Organization Name: MARK A. FAY

Fax Number: 4903207

Phone Number:

## From:

Sender: Martha Saucier

Phone Number: 752-7218

Fax Number: 752-7265

*Note: You may send a Fax directly to your party by dialing:*
*752-7255#and then the last four digits of your party's phone number##*
*Example: 752-7255#7237##*
*Please remember the pound (#) symbols are important in routing the fax properly.*

**Total Number Pages including cover:** 4

## Message:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al., :
Plaintiffs, :
:
v. : CA 04-304 S
:
CITY OF PROVIDENCE, et al., :
Defendants. :

**ORDER**
**DENYING IN PART**
**AND GRANTING IN PART PLAINTIFFS' MOTION**
**TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL**

Before the court is Plaintiffs' Motion to Adjudge in Contempt or Alternatively to Compel Production of Documents (Document ("Doc.") #81) (the "Motion"). The Motion seeks to adjudge the City of Providence and/or the Providence Police Department in contempt for failure to comply with a subpoena issued on or about March 11, 2005. Alternatively, the Motion seeks an order compelling the production of the matters sought in Plaintiffs' Request for Production of Documents served on the City of Providence on or about August 16, 2005. See Motion, Exhibit ("Ex.") C (Plaintiffs' First Request for Production Addressed to Defendant City of Providence). Defendants City of Providence, David N. Cicilline, and Dean Esserman have filed an objection to the Motion. See Objection of the Defendants, the City of Providence, David N. Cicilline and Dean Esserman, to the Plaintiffs' Motion to Adjudge in Contempt or Alternatively to Compel Production of Documents (Doc. #85). A hearing was held on October 17, 2005.

**The Motion is denied to the extent that it seeks to adjudge the City of Providence and/or the Providence Police Department in contempt for failure to comply with a subpoena issued on or about March 11, 2005.** The court finds that the City made a good faith

effort at compliance and that the omission about which Plaintiffs now complain was not initially apparent to either Plaintiffs' or Defendants' counsel. Rather, it was initially noticed by Plaintiffs' expert, who informed Plaintiffs, and Plaintiffs then raised the matter with Defendants' counsel, Kevin F. McHugh, in a letter dated August 16, 2005. See Motion, Ex. B (Letter from Mannis to McHugh of 8/16/05). The September 14, 2005, reply of Mr. McHugh to Plaintiffs' letter, while somewhat tardy, offered to allow Plaintiffs' expert to examine "the machine." Id., Ex. D (Letter from McHugh to Mannis of 9/14/05). The court finds that this offer was a sufficient attempt at compliance to make the imposition of any sanctions unjust.

**The Motion is granted to the extent that Defendants shall allow Plaintiffs' expert to inspect the Total Recall Servers, any and all hardware relating to the Total Recall System, and the original hard drive of the Total Recall System (the "System") at issue.**[1] To the extent the Motion seeks that Plaintiffs be provided with a copy of the hard drive of the Total Recall System (or that they be allowed to make a copy), the Motion is denied for the following reasons. The court is not persuaded from what Plaintiffs have presented that the information which Plaintiffs seek cannot be obtained from an on-site inspection. The court is also concerned that such copying may violate or infringe upon the privacy rights of third parties who are not represented by either

[1] The court intends that Plaintiffs' expert may do more than make a simple visual inspection of the Total Recall System. Plaintiffs' expert is authorized to conduct tests on the System to determine the information which Plaintiffs seek. However, Plaintiffs' expert must ensure that the tests do not damage or alter the System (or information in the System) and that he not listen to any recorded conversations without further authorization from the court.

Plaintiffs or Defendants.[2] A confidentiality order executed by Plaintiffs and Defendants may not adequately protect the privacy interests of these third parties.

If, after examining the System, Plaintiffs' expert determines that it is impossible to obtain the necessary information without making a mirror image of the hard drive, Plaintiffs may renew their request for permission to obtain such a copy. Such a request should be supported by an affidavit from Plaintiffs' expert, explaining the specific information which Plaintiffs seek to obtain from a mirror image of the hard drive and why this information cannot be obtained from an on-site examination of the System itself. The affidavit should also address what measures could be taken to protect the privacy rights of third parties whose conversations may have been recorded.

So ordered.

ENTER:

David L. Martin
United States Magistrate Judge
October 17, 2005

BY ORDER:

Deputy Clerk

[2] The court has been given to understand that the Total Recall System contains upwards of 750,000 recorded telephone conversations.

# Facsimile Cover Page

*US District Court*
*District of Rhode Island*
*One Exchange Terrace*
*Federal Building & Courthouse*
*Providence, RI 02903*

## To:

Organization Name: MARK A. FAY

Fax Number: 4903207

Phone Number:

## From:

Sender: Mercurio, Alba-Sue

Phone Number: 752-7213

Fax Number: 752-7247

*Note: You may send a Fax directly to your party by dialing:*
*752-7255#and then the last four digits of your party's phone number##*
*Example: 752-7255#7237##*
*Please remember the pound (#) symbols are important in routing the fax properly.*

**Total Number Pages including cover:** 3

## Message:

000141

Case 1:04-cv-00304-S Document 95-1 Filed 10/18/2005 Page 1 of 2

**UNITED STATE DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

FILED
OCT 14 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**DEFENDANT JOSEPH RICHARDSON'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATION ON EXHIBITS BY ONE PAGE**

Now comes the Defendant Joseph Richardson, by and through his attorneys, hereby moves the Court for Leave to Exceed by one (1) page the Court's five (5) page limitation on exhibits in connection with Exhibit A to said Defendant's Memorandum in Support of Motion for The Entry of Judgment of Dismissal against each of the 118 Plaintiffs in the Walden case, C.A. No. 04-304S, for Plaintiffs' failure to Comply with the Court's July 27, 2005 Conditional Order of Dismissal requiring said Plaintiffs to answer the interrogatories served upon them on November 17, 2004 by October 1, 2005 (extended by agreement to October 4, 2005).

Defendant is required to attach as an exhibit one copy of the "answers" to interrogatories it is asking the Court to review in order for the Court to determine if said "answers" are in compliance with the Court's Orders. Since the sample set of Plaintiffs' answers to interrogatories is six (6) pages long, it is essential that Defendant Richardson be allowed to

GRANTED
William E. Smith
U.S. District Judge
10/17/05

exceed the five (5) page limitation set forth in Amended General Order #2002-01 by one (1) page.

No Memorandum of Law is required to support the instant Motion as the need for the leave to file a complete set of answers to interrogatories is apparent on its face.

Defendant Joseph Richardson,
By His Attorneys,

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
(401) 453-2300; fax 453-2345

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: October 14, 2005

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

# DAILY TIME AND TELEPHONE LOG

DATE Oct 18

ATTORNEY

| CLIENT NAME | TIME | DESCRIPTION |
| --- | --- | --- |
| Wiretap | .4 | conf w M. Fay re STR re disc; rec & rev OR re H re prov pol subpoena |

# DAILY TIME AND TELEPHONE LOG

DATE Oct 21

ATTORNEY ______

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | 2.7 | w/o written resp; LR re business |
| | | except: mtg w M Fay re same |
| | | and stip re ext; conf w M. |
| | | Saucier re same |

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ____________

DATE Oct 27

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | 3.3 | w/o obj re resp re Chmura + memo of L ISO same; w/o obj re prod re Chmura + memo of L ISO same; w/o obj re entry of J or to strike + memo of L ISO same |

[redacted]

000146

RECEIVED
NOV 0 8 2005
J WILLIAM W HARSCH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al.
Plaintiffs

vs. C.A. NO. 04-304 S

CITY OF PROVIDENCE, et al.
Defendants

---

**OBJECTION OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, TO THE PLAINTIFFS' MOTION OBJECTING TO MAGISTRATE JUDGE DAVID L. MARTIN'S ODRER, DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL**

Now come the Defendants, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby object to the Plaintiffs' Motion Objecting to Magistrate Judge David L. Martin's Order, Denying in Part and Granting in Part Plaintiffs' Motion to Adjudge in Contempt or Alternatively to Compel. The Municipal Defendants rely on the accompanying memorandum of law in support of their objection.

Defendants,

DAVID N. CICILLINE, DEAN ESSERMAN
AND THE CITY OF PROVIDENCE

By their Attorneys:

Joseph M. Fernandez,
City Solicitor

Kevin F. McHugh, (#3927)
Senior Assistant City Solicitor
Michael Calise (#6715)
Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Second Floor
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 (fax)

000148

**CERTIFICATION**

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
Providence, Rhode Island 02903

Carolyn A. Mannis, Esq.
170 Westminster Street Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd
226 South Main Street
Providence, Rhode Island 02903

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

George J. West, Esq.
1500 Bank Boston Plaza
Providence, Rhode Island 02903

Dean Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street 7th Floor
Providence, Rhode Island 02903

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, Rhode Island 02909

I hereby certify that on the 4th day of November, 2005 I caused a true copy of the OBJECTION OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, TO THE PLAINTIFFS' MOTION OBJECTING TO MAGISTRATE JUDGE DAVID L. MARTIN'S ODRER, DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL to be mailed to the above-listed attorneys.

Walden (CA#04-304S)\obj to P's obj to Martin's order



000149

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al.
Plaintiffs

vs. C.A. NO. 04-304 S

CITY OF PROVIDENCE, et al.
Defendants

---

**MEMORANDUM OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, IN SUPPORT OF THEIR OBJECTION TO THE PLAINTIFFS' MOTION OBJECTING TO MAGISTRATE JUDGE DAVID L. MARTIN'S ODRER, DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL**

Now come the Defendants, David N. Cicilline, Dean Esserman and the City of Providence by and though its Treasurer, Stephen T. Napolitano ("Municipal Defendants"), and hereby submit this memorandum of law in support of their objection to the Plaintiffs' Motion Objecting to Magistrate Judge David L. Martin's Order, Denying in Part and Granting in Part Plaintiffs' Motion to Adjudge in Contempt or Alternatively to Compel.

Additionally, the Municipal Defendants rely on the previously submitted *Memorandum of the Defendants, the City of Providence, David N. Cicilline and Dean Esserman, in Support of Their Objection to the Plaintiffs' Motion To Adjudge in Contempt or Alternatively To Compel Production of Documents.*

Plaintiffs argue that the Municipal Defendants have not properly responded to Plaintiffs' subpoena and/or their Request for Production of Documents. However, the Municipal Defendants fully and timely responded, both in producing all responsive

documents in their possession, custody and control and in making the "Total Recall System" hard drive available for inspection. Magistrate Judge David L. Martin recognized the completeness of these responses in his Order dated October 17, 2005 ("the Order").

Rule 72 of the Federal Rules of Civil Procedure in pertinent part provides that, upon a timely objection to the order of a magistrate judge, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See Fed R. Civ. Proc. 72(a). Plaintiffs have failed to articulate, in any sense, how the standard applies here or how the Order is "clearly erroneous." No cases have been cited that reference a finding of clear error in a similar ruling or order. In fact, no authority whatsoever was cited that could guide the Court in making this determination, save for a bald recitation of the applicable standard under Rule 72.

Magistrate Judge Martin's ruling that the Municipal Defendants' counsel's in court statements, correspondence and written responses contained in pleadings constituted a substantive response and objection to Plaintiffs' Request for Production of Documents does not begin to approach the status of being a "clearly erroneous" ruling. Under Rule 72(a), "considerable deference [is owed] to the determinations of magistrates." In re Search Warrants Issued Aug. 29, 1994, 889 F.Supp. 296, 298 (S.D.Ohio 1995), citing 7 *Moore's Federal Practice* § 72.03 [7.-3]. Further, "[a] finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." In re Search Warrants, 889 F.Supp. at 298, citing Heights Community

Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir.1985), cert. denied, 475 U.S. 1019 (1986).; Shivers v. Grubbs, 747 F.Supp. 434 (S.D.Ohio 1990).

It is a mystery, then, as to how the Plaintiffs wish the Court to determine whether the Order is clearly erroneous when they lend no guidance as to what constitutes a clear error. Perhaps this absence of authority supporting their position is attributable to the discretion given a magistrate under the Rules, and the Plaintiffs' recognition that their objection is without merit under a true reading of Rule 72. To find clear error, the district court should have a "definite and firm conviction that a mistake has been committed." See Toth v. Alice Pearl, 158 F.R.D. 47, 50 (D.N.J.1994), quoting from United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Indeed, the clear error standard "plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). The Municipal Defendants contend that there is no error contained in the Order, much less a clear error.

Plaintiffs vociferously argue that possession of a copy of the hard drive is needed to supply flesh and blood to their case. Whether, and the degree to which, that is true, has precisely no bearing on the objection now before the Court, nor on the applicable standard under which this objection must be decided. Further, by inviting the Plaintiffs to suggest a date and time to inspect the Total Recall System, the Municipal Defendants fully responded to the Plaintiffs' Request for Production of Documents, in accordance with the letter and the spirit of Rule 34.

With regard to the Plaintiffs' position that, to comply fully with their discovery requests, the Municpal Defendants' must allow the Plaintiffs' expert to take a "mirror

image" of the "Total Recall" system hard drive, the Municipal Defendants objected. As grounds for this objection, the Municipal Defendants averred that this would allow the Plaintiffs' expert to listen to the recordings of the Total Recall System, which may constitute a violation of the very same statutes relied upon in the Plaintiffs' Complaint, and would be contrary to public policy. The Municipal Defendants should not be required to respond in a way that could lead to additional claims being made against them. Members of the Rhode Island State Police have listened to the contents of three conversations, but only upon the receipt of releases from the conversation participants. If the Order were to allow the taking of this mirror image, *that* would be contrary to law, but Magistrate Judge Martin carefully weighed the issues and rightly decided them.

WHEREFORE, for the forgoing reasons, the Municipal Defendants pray that this Court deny Plaintiffs' objection to the Magistrate Judge's Order.

Defendants,

DAVID N. CICILLINE, DEAN ESSERMAN
AND THE CITY OF PROVIDENCE

By their Attorneys:

Joseph M. Fernandez,
City Solicitor

Kevin F. McHugh, (#3927)
Senior Assistant City Solicitor
Michael Calise (#6715)
Assistant City Solicitor
City of Providence Department of Law
275 Westminster Street, Second Floor
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 (fax)

**CERTIFICATION**

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
Providence, Rhode Island 02903

Carolyn A. Mannis, Esq.
170 Westminster Street Suite 800
Providence, Rhode Island 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd
226 South Main Street
Providence, Rhode Island 02903

Susan M. Carlin, Esq.
Stephen R. Famiglietti, Esq.
Famiglietti & Carlin, Ltd
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, Rhode Island 02865

George J. West, Esq.
1500 Bank Boston Plaza
Providence, Rhode Island 02903

Dean Robinson, Esq.
670 Willett Avenue
East Providence, Rhode Island 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, Rhode Island 02903

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, Rhode Island 02909

I hereby certify that on the 4th day of November, 2005 I caused a true copy of the MEMORANDUM OF THE DEFENDANTS, THE CITY OF PROVIDENCE, DAVID N. CICILLINE AND DEAN ESSERMAN, IN SUPPORT OF THEIR OBJECTION TO THE PLAINTIFFS' MOTION OBJECTING TO MAGISTRATE JUDGE DAVID L. MARTIN'S ODRER, DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION TO ADJUDGE IN CONTEMPT OR ALTERNATIVELY TO COMPEL to be mailed to the above-listed attorneys.

Walden (CA#04-304S)\memo - obj to P's obj to Martin's order

000154

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ______________

DATE Nov 14

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | .2 | conf w M. Fay re hrgs re disc motions |

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ____________ DATE Nov 17 [illegible]

| CLIENT NAME | TIME | DESCRIPTION |
| --- | --- | --- |
| Wiretap | .4 | conf w M. Fay re outstanding disc issues subpoena issues re AG + state pol, depositions and new disc req to be drafted |

000156

BRENNAN, RECUPERO, CASCIONE, SCUNGIO & MCALLISTER, LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP
362 BROADWAY
PROVIDENCE, RHODE ISLAND 02909

TEL. (401) 453-2300 FAX (401) 453-2345

EDMUND J. BRENNAN, JR.*
RONALD F. CASCIONE°
KEVIN J. MCALLISTER°
JOSEPH J. RECUPERO°
BENJAMIN M. SCUNGIO°

ANDREW HENNEOUS°
MICHAEL J. POLAK*
LAUREN F. HANKE°

THOMAS S. HEMMENDINGER°
OF COUNSEL
PETER J. FURNESS°
OF COUNSEL

° ADMITTED IN RI & MA
* ADMITTED IN MA
* ADMITTED IN MA & ME

November 17, 2005

# FAX COVER SHEET

| | | |
|---|---|---|
| To: | Mark A. Fay, Esq. | 490-3207 |
| | Carolyn A. Mannis, Esq. | 351-3914 |
| | Thomas Cronin, Esq. | 521-6901 |

From: Kevin J. McAllister, Esq.

**MESSAGE: Re: Walden & Chmura v. City of Providence Matter, C.A. 04-304S**

**As discussed and agreed yesterday, and as directed by Magistrate Judge Martin, I have drafted the enclosed two (2) 30-day conditional Orders of dismissal on behalf of Defendant Richardson. If I do not hear from you by 12:00 Noon tomorrow (Friday, 11/18/05), I will assume you are in agreement with them and I will file them with the Court. Thank you.**

**Total Pages: 7**

CONFIDENTIALITY NOTICE

This page and any documents accompanying this facsimile contain information which is or may be privileged and confidential. The information transmitted herewith is intended only for the use of the person or persons named as recipients on this cover sheet. If you are not the intended recipient, please be advised that any disclosure, copying, or distribution of these materials, or the information contained within these materials, is strictly prohibited. If you have received this facsimile transmission in error, please notify us immediately by telephone at (401) 453-2300, so that we may arrange for the return or disposal of this facsimile. Thank you for your cooperation.

**UNITED STATE DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**ORDER**

This matter was scheduled for hearing before Magistrate Judge David L. Martin on November 16, 2005 on Defendant Joseph Richardson's Rule 37(b)(2)(C) and Rule 37(d) Motion to Dismiss the Complaint by All Plaintiffs [in Chmura] for Failure to Comply with July 27, 2005 Court Order Compelling Answers to Interrogatories. By agreement of the parties, it is hereby ORDERED:

1. The defendant Joseph Richardson's Motion is Granted.

2. Said dismissal shall be automatically vacated without further order of this Court if the Chmura plaintiffs shall comply with the previous order of this Court by furnishing answers to defendant, Joseph Richardson's interrogatories on or before December 16, 2005.

3. If any of the Chmura plaintiffs shall fail to provide answers to defendant, Joseph Richardson's interrogatories on or before December 16, 2005, this order of dismissal shall become final without further motion and hearing thereon.

ENTER: BY ORDER OF:

_______________________ _______________________________

Dated: ________________

Presented by:

Defendant Joseph Richardson,
By His Attorneys,

_______________________________

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
401) 453-2300; fax 453-2345

_____________________________

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: November 18, 2005

## CERTIFICATE OF SERVICE

I certify that on November 18, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record, after also faxing a copy of the same to Plaintiffs' counsel:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800

Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

**UNITED STATE DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et. als.

v. C.A. No. 04-304S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**CONSOLIDATED WITH:**

JOHN C. CHMURA, et. als.

v. C.A. No. 04-553S

CITY OF PROVIDENCE, by and through
STEVEN T. NAPOLITANO, its Treasurer, et als.

**ORDER**

This matter was scheduled for hearing before Magistrate Judge David L. Martin on November 16, 2005 on Defendant Joseph Richardson's Rule 37(b)(2)(C) and Rule 37(d) Motion to Dismiss the Complaint by All Plaintiffs [in Chmura] for Failure to Comply with July 27, 2005 Court Order Compelling Production. By agreement of the parties, it is hereby ORDERED:

1. The defendant Joseph Richardson's Motion is Granted.

2. Said dismissal shall be automatically vacated without further order of this Court if the Chmura plaintiffs shall comply with the previous order of this Court by furnishing responses to defendant, Joseph Richardson's request for production of documents on or before December 16, 2005.

3. If any of the Chmura plaintiffs shall fail to provide responses to defendant, Joseph Richardson's request for production of documents on or before December 16, 2005, this order of dismissal shall become final without further motion and hearing thereon.

ENTER: BY ORDER OF:

____________________ ______________________________

Dated: ______________

Presented by:

Defendant Joseph Richardson,
By His Attorneys,

____________________________

Kevin J. McAllister, Esq. #2641
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
401) 453-2300; fax 453-2345

____________________________

Thomas J. Cronin, Esq. #5302
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903
(401) 521-7977; fax 521-6901

Dated: November 18, 2005

**CERTIFICATE OF SERVICE**

I certify that on November 18, 2005, I mailed a true copy of the within, postage prepaid, to the following counsel of record, after also faxing a copy of the same to Plaintiffs' counsel:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Carolyn A. Mannis, Esq.
170 Westminster Street, Suite 800

Providence, RI 02903

Kevin McHugh, Esq.
Assistant City Solicitor
City of Providence Law Department
275 Westminster Street, 2nd Floor
Providence, RI 02903

George L. Santopietro, Esq.
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

Dean G. Robinson, Esq.
670 Willett Avenue
East Providence, RI 02915

Thomas J. Cronin, Esq.
Gunning & LaFazia, Inc.
56 Pine Street, 7th Floor
Providence, RI 02903

Susan Marcotte Carlin, Esq.
Famiglietti & Carlin, Ltd.
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

George J. West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS WALDEN, et al.,

Plaintiffs,

v. C.A. No. 04-304 S

CITY OF PROVIDENCE, et al.,

Defendants.

**ORDER**

Before this Court is Plaintiffs' Objection to Magistrate Judge Martin's Order, dated October 17, 2005, denying in part and granting in part Plaintiffs' Motion to Adjudge in Contempt or Alternatively Compel. Defendants have objected to Plaintiffs' Objection. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, this Court's review is limited. The District Court only "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." After review of Plaintiffs' Objection to the Order and Defendants' Objection to Plaintiffs' Objection, this Court finds that Magistrate Judge Martin's Order is neither clearly erroneous nor contrary to law.

Judge Martin first determined that Defendants should not be adjudged in contempt for failing to comply fully with a subpoena

because Defendants made good faith efforts to comply and confusion initially existed regarding exactly what Plaintiffs had requested. Judge Martin next decided that Plaintiffs' expert may inspect the Total Recall Servers, all hardware related to the Total Recall System, and the original hard drive of the Total Recall System. Although Plaintiffs presently seek a copy of the hard drive, Judge Martin determined that a more appropriate course of action would be to first allow for an inspection. If this inspection fails to provide Plaintiffs with the information they seek, then Plaintiffs may renew their request for a copy. Judge Martin's Order specifically sets forth his expectations concerning the request for a copy, should one be needed. Judge Martin appropriately reasoned that this course of action would better protect the privacy rights of third parties.

Additionally, Plaintiffs have requested that this Court "retain control" and specifically "hear and determine all future pre-trial motions and matters involving this case." In this District, pre-trial matters, especially discovery disputes, are routinely handled by Magistrate Judges. The fact that one party is displeased with the outcome of such a dispute is no reason to abandon this tried-and-true formula for case management. Moreover, the unspoken implication of this request is that Judge Martin acted improperly in some way. Nothing could be further from the truth. Judge Martin exercised both diligence and good judgment in resolving this discovery dispute, balancing the interests of all

parties in a fair and even-handed manner.

For all of the foregoing reasons, Plaintiffs' objection is DENIED and Judge Martin's Order, dated October 17, 2005, and the reasoning set forth therein, is hereby adopted.

So Ordered.

ORDER:

By: [signature]
Deputy Clerk

ENTER:

[signature]
William E. Smith
U.S. District Judge

Date: 11/30/05

45

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ______

DATE Dec 5

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | 3.1 | mtg w M. Fay re STT & STR; prep Joint ltr re cert of T |

000167

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Thomas Walden, et al., Plaintiffs, v. City of Providence, et al. Defendants. | C.A. No. 04-304S Lead Case |
| John C. Chmura, et al. Plaintiffs, v. City of Providence, et al. Defendants. | C.A. No. 04-553S |

**AMENDED PRETRIAL ORDER**

(Civil Case)

The Report and Recommendation of Magistrate Judge David Martin is accepted; pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is ordered that:

1. Fact Discovery Closure. All factual discovery will be closed by **August 1, 2006**.[1]

[1] As stated at the hearing before Magistrate Judge Martin on April 7, 2005, the discovery closure date is the date by which factual discovery must be completed. Merely propounding or noticing discovery prior to the closure date does not

2. Interrogatories. In addition to the interrogatories already served by Defendant Joseph Richardson, the remaining Defendants will serve a uniform set of twenty-five (25) interrogatories by **July 1, 2005**. Plaintiffs shall serve their answers to these interrogatories by **February 6, 2006**.

3. Request for Admissions. No more than twenty (20) requests for admissions shall be submitted by each party with the exception of requests for authenticity of documents.

4. Depositions. Defendants shall be allowed to take more than ten depositions.[2] The depositions of Defendants Prignano, Cianci, Vieira, Lennon, and Richardson shall be completed by **March 9, 2006**.

5. Expert Discovery Disclosures. Plaintiffs shall disclose the names and curriculum vitae of their expert witnesses as required by Fed. R. Civ. P. 26(a)(2) by **January 30, 2006**. Defendants shall disclose the names and curriculum vitae of its expert witnesses as required by Fed. R. Civ. P. 26(a)(2) by **February 28, 2006**. The parties shall submit by

---

authorize depositions or other discovery to be conducted after that date unless the parties so agree.

[2] The Court refrained from setting a maximum number of depositions which Defendants may conduct because there are 154 plaintiffs. However, any party who believes that the number of depositions being conducted is excessive may bring that circumstance to the Court's attention by filing a motion for a protective order or similar relief.

Case 1:04-cv-00304-S Document 119-1 Filed 01/27/2006 Page 3 of 6

**March 14, 2006**, a joint proposed scheduling order for expert disclosures and for the depositions of the expert witnesses. (Any expert witness not disclosed by these dates will not be allowed to testify unless authorized by the Court.)

6. Dispositive Motions. Dispositive motions by individual Defendants shall be filed no later than **March 23, 2006**, and by municipal Defendants no later than **May 7, 2006**. To avoid piecemeal filings, counsel are encouraged to file such motions in the three week period preceding these dates. Prior to filing a motion for summary judgment, counsel must request a conference with the Court. Counsel should note the requirements of Local Rule 12.1 with respect to motions for summary judgment.

7. Pretrial Memoranda. Each counsel shall present by **September 17, 2006**, a typewritten memorandum which shall contain the following information:

A.(1) Plaintiff will set forth what is expected to be proven in support of the claim, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

A.(2) Defendant will set forth what is expected to be proven in defense, indicating each witness to

Case 1:04-cv-00304-S Document 119-1 Filed 01/27/2006 Page 4 of 6

testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

B. A memorandum of supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues. All pertinent citations must be fully briefed.

C. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All such exhibits must be pre-marked by the plaintiff in numerical order and by defendant in alphabetical order.

D. Anticipated motions in limine and proposed date for filing of same.

E. If said captioned case is to be tried before a jury, full and complete proposed jury instructions.

F. A statement as to probable length of trial.

G. Any additional matter which counsel feel will aid the Court in the disposition and/or hearing of said action.

9. Trial Calendar. This case shall be placed on the trial calendar for the month following the filing of pretrial memoranda.

10. No Stays Except Upon Motion. The dates contained herein shall not be stayed by the filing of a dispositive motion (i.e. Local Rule 12.1(e) is not in effect) unless approved by the Court upon the filing of a motion setting for the specific reasons for such a stay.

11. Additional Matters. Counsel shall file three (3) copies of all materials (one (1) for the Clerk and two (2) for Chambers).

Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

Except as provided above with respect to motions in limine, after ten (10) days from the close of discovery, no motions shall be filed except by leave of Court.

The case is subject to being called for trial on 48-hour notice, unless otherwise ordered by the Court. A final pretrial conference will be held on a date to be determined shortly before trial. At the final pretrial conference trial counsel must be prepared to discuss in detail the probable

length of the trial, witnesses to be presented, exhibits, jury instructions and any other matter that may assist in the efficient presentation of this case to the jury or the Court.

Every effort should be made to settle the case before jurors are summoned for empanelment. **Counsel are to advise the clerk of any such settlement and file a stipulation of dismissal no later than seven (7) days before the scheduled empanelment date.** Jury costs and/or counsel fees may be assessed against one or more of the parties and/or their counsel if the court determines that the lateness of settlement was due to unreasonable or vexatious conduct or neglect.

By Order,

Deputy Clerk

ENTER:

William E. Smith
United States District Judge

Date: 1/27/06

# DAILY TIME AND TELEPHONE LOG

ATTORNEY ____________

DATE Feb 2

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| Wiretap | .3 | Conf w H. Fay re exp rev + ans to resp |

000174

2-6-06
cont.

Wiretap 2.6 w/w MF re outstanding
disc ; aff re exp
re insp ; our disc to
D's ; depo schedule

| | | |
|---|---|---|
| 02/03/2006 | | Minute Entry for proceedings held before Magistrate Judge David L. Martin : Hearing held on 2/3/2006 regarding forensic examination of computer hardware. Mark Fay for the plaintiffs; Kevin McHugh, George West, George Santopietro, Dean Robinson, Kevin McAllister and Thomas Cronin for defendants; Counsel address the court; Plaintiff makes a oral request to modify order entered on 10/17/05; Court denies the oral request (Saucier, Martha) (Entered: 02/03/2006) |
| 02/03/2006 | 120 | Exhibit List for Hearing held before Magistrate Judge David Martin on 2/3/06. (Saucier, Martha) Additional attachment(s) added on 2/17/2006 (Saucier, Martha). (Entered: 02/03/2006) |
| 02/03/2006 | 121 | STIPULATION re: discovery filed by plaintiffs and defendants. (Mercurio, Alba-Sue) (Entered: 02/03/2006) |
| 02/15/2006 | 122 | MOTION for Entry of Judgment of DismissalWITH SUPPORTING MEMO by Joseph Richardson. Responses due by 3/6/2006 (Attachments: # 1 Exhibit Stipulation# 2 Exhibit Stipulation)Associated Cases: 1:04-cv-00304-S,1:04-cv-00553-S(Baldinelli, Doreen) (Entered: 02/15/2006) |
| 02/21/2006 | | 122 MOTION for Final Judgment REFERRED to MJ Martin. (Mercurio, Alba-Sue) (Entered: 02/21/2006) |
| 02/21/2006 | 123 | RESPONSE in Opposition re 122 MOTION for Final Judgment filed by Michael J. Bates. (Baldinelli, Doreen) (Entered: 02/21/2006) |
| 02/28/2006 | 124 | MOTION for an Extension of Time up to and including March 13, 2006 within which to make their Expert Disclosure. by City of Providence. Responses due by 3/17/2006 Associated Cases: 1:04-cv-00304-S,1:04-cv-00553-S(Baldinelli, Doreen) (Entered: 02/28/2006) |
| 03/01/2006 | 125 | STIPULATION extending time for deft. Cianci to file motion, answer or other responsive pleading through and including February 28, 2006. Signed by Judge William E Smith on 3/1/06. (faxed to counsel of record) (Mercurio, Alba-Sue). (Entered: 03/01/2006) |
| 03/01/2006 | 126 | ORDER granting 124 Motion for Extension of Time Within Which to Make Their Expert Disclosure. Signed by Judge William E Smith on 3/1/06. (faxed to counsel of record) (Mercurio, Alba-Sue) (Entered: 03/02/2006) |
| 03/03/2006 | 127 | REPORT AND RECOMMENDATIONS re 108 MOTION for Final Judgment filed by Joseph Richardson,, 91 MOTION for Entry of Judgment of Dismissal against all Plaintiffs (in walden) for Failure to Comply with conditional Order of Dismissal or Alternative Motion to Strike filed by Joseph Richardson,, 122 MOTION for Final Judgment filed by Joseph Richardson,, 109 MOTION for Final Judgment filed by Joseph Richardson, ; recommending that all 4 motions be granted Objections to R&R due by 3/17/2006. Signed by Judge David L. Martin |

000176

**CAROLYN A. MANNIS, ESQ.**
**128 Dorrance St., Suite 400**
**Providence, RI 02903**
**401.272.2002 (Tel.)**
**401.274.0175 (Fax)**

July/August/September 2007

STATEMENT

For Legal Services
Relative to **Wiretap Litigation**

ATTORNEY TIME:

| | | |
|---|---|---|
| July 6, 2007 | 3.5 | receive and review Opinion and Order re Smith decision re Motions for Summary Judgment and Motion for Sanctions (Lennon); attention to file re same |
| July 24, 2007 | .2 | receive and review notice of withdrawal of David Krech |
| August 1, 2007 | .2 | receive, retrieve and review notice re trial calendar call |
| August 16, 2007 | 1.4 | receive and review notice of appearance re P. Comerford; receive and review Motion in Limine and memorandum to Exclude Testimony re Expert re City |
| August 17, 2007 | .8 | receive and review Motion in Limine re Lennon |
| August 18, 2007 | .3 | receive and review motion in limine re Prignano re expert exclusion |
| August 21, 2007 | .2 | receive and review Notice of Conference tomorrow |
| August 22, 2007 | 2.4 | prepare for and attend chambers conference re pre-trial issues; meetings with MAF re same |
| August 24, 2007 | .2 | receive and review Stipulation re extension of time to file expert report |
| August 29, 2007 | .2 | receive and review supplemental scheduling Order |

| | | |
|---|---|---|
| September 4, 2007 | .2 | receive and review Settlement Conference Notice and Order re Almond |
| September 6, 2007 | 1.7 | receive and review Motion in Limine and memorandum re damages |
| September 7, 2007 | .5 | receive and review Motions in Limine re Damages re Lennon, Vieira, and Prignano; conference with MAF re same and attention to file re same |
| September 12, 2007 | .3 | conferences with MAF re status re objection memorandum re motion in limine re damages and strategy re same |
| September 14, 2007 | .2 | attention to file re stipulation re: Plaintiffs' Expert Report |
| September 17, 2007 | .4 | retrieve legal research re damages issue; conference with M. Fay re same and expert disclosure issues; attention to dates re damages opposition, settlement conference, settlement conference statement and damages hearing |
| September 19, 2007 | 3.0 | review legal research and memo prepared by M. Souza re damages issue; conference with same re same; receive and review Order re: Stipulation re Expert Report |
| September 20, 2007 | 5.8 | legal research re nominal damages/ punitive damages issue, duplicative recovery, number of days vs. number of calls; draft opposition re same; coordinate with M. Souza; calls, conferences and e-mails with same |
| September 21, 2007 | 1.1 | finalize work on opposition, calls and conferences with MAF re same and expert report; e-mail exchange with M. Souza re proper defendant; conferences with Kendra re filing issues |
| September 24, 2007 | .3 | conference with MAF re contents of expert report/disclosure |

# CAROLYN A. MANNIS, ESQ.

**128 Dorrance St., Suite 400**
**Providence, RI 02903**
**401.272.2002 (Tel.)**
**401.274.0175 (Fax)**


December 2007

---

## STATEMENT

For Legal Services
Relative to **Wiretap Litigation**

ATTORNEY TIME:

| | | |
|---|---|---|
| December 5, 2007 | 1.5 | Prepare for and attend Court Conference re Jury questionnaire; Receive and review Trial Notice |
| December 7, 2007 | .2 | Receive and review Notice of Deposition re Expert |
| December 18, 2007 | 1.2 | Receive and review Motion in Limine and memorandum of law in support of same; attention to file re objection re same |
| December 19, 2007 | .2 | Receive and review Order re Defendants' Motions and Plaintiffs' Objections re same |
| December 21, 2007 | .4 | Receive and review Motions in Limine and memorandum of law in support of same re Lennon and Vieira |
| December 26, 2008 | .2 | Receive and review Motion in Limine and memorandum re Prignano |

**CAROLYN A. MANNIS, ESQ.**
**128 Dorrance St., Suite 400**
**Providence, RI 02903**
**401.272.2002 (Tel.)**
**401.274.0175 (Fax)**

January 2008

---

STATEMENT

For Legal Services
Relative to **Wiretap Litigation**

ATTORNEY TIME:

| | | |
|---|---|---|
| January 3, 2008 | 4.0 | Prepare for and attend court conference re juror questionnaires; Receive Notice of Conference re: Juror Questionnaires set for 1/10/08 and Notice re Motions in Limine; Receive and review Order re filing dates for Pre-Trial Memoranda; Receive and review Notice re Final Pre-Trial Conference; Receive and review Order re deadline for filing Motions; post conference meeting with MAF re strategy and status re pre-trial memorandum, motions to be filed and juror selection |
| January 4, 2008 | 4.8 | Prepare and file Motion in Limine to exclude testimony and evidence relative to certain defenses of all Defendants; Prepare and file Motion in Limine to exclude testimony and evidence relative to certain defenses of Mary Lennon; Meeting with MAF re Pre-Trial issues and strategies re Motions in Limine and other Pre-Trial matters; work on pre-trial memorandum; attention to file re outstanding matters and strategy re client meetings |
| January 7, 2008 | 6.0 | Initial Trial Preparation with Bonnie Benson and Donna Luce; Research and review of file in preparation for trial and pre-trial memorandum; review pertinent sections re Wiretap Treatice |
| January 8, 2008 | 7.7 | Receive and review Motion for Extension of time re Defendants Motions in Limine; attention to file re same; Initial Trial Preparation with: Donald & Kathleen Dubuque, |

| | | |
|---|---|---|
| | | Robin Owens, Laurie Gannon; Continue work re pre-trial matters including standard of proof and statutory claims elements and relevant language in statutes and case law |
| January 9, 2008 | 7.5 | Initial Trial Preparation with David Neri & Ernie Young; Continue pre-trial preparation; legal research re expert testimony re ordinary course of business re wiretap statute defense; attention to file re same |
| January 10, 2008 | 8.0 | Prepare for and attend Status Conference re Juror Questionnaires; Post conference meeting with MAF re strategy re jury and pending matters; Receive and review Notice re Status Conference of Juror Questionnaires; Initial Trial Preparation with Robert and Michelle Barrett and John Hannon |
| January 11, 2008 | 11.3 | Receive and review Objections and memoranda re: Lennon and City; Receive and review Order re: Motions for Extension of time; attention to file re same; Initial Trial Preparation with Steven Ruhle, Kayla Ruhle and Steven Ruhle, Jr.; Prepare Motions and Memoranda re Records Keeper Deposition re State Police and City of Providence Fire Department; Finalize and file Plaintiffs' Objection and memorandum re: Defendants' Motion in Limine to exclude all evidence relating to incidents after the discovery of the Total Recall System; Receive and review Objection to Plaintiffs' Motion in Limine re Prignano |
| January 14, 2008 | 3.4 | Receive and review Objections to Motions in Limine re Vieira and City; Receive and Review Motion in Limine re expert re City and Prignano; Receive and review Objection and memorandum re Emergency Motion for Discovery re City; Receive and review notice re hearing re Plaintiffs' Motion for Discovery |
| January 15, 2008 | 6.5 | Receive and review Objections re: Discovery Motion re: Prignano and Lennon; Receive and review Motion in Limine re Expert Testimony re Vieira; attention to file re same; Receive and review Order; Continue legal research re pre-trial memorandum, jury instructions; 1983 issues re liability; verdict form; jury voir dire questions |
| January 16, 2008 | .2 | Receive and review Lennon Motion in Limine re Plaintiffs' Expert |

| | | |
|---|---|---|
| February 21, 2008 | 10.5 | Prepare for and attend Trial; Trial preparation with M/M Greenwell, M/M Rathbone, Craig Martin, David Neri, and M/M Matthew Randall; Review related exhibits |
| February 22, 2008 | 6.5 | Prepare for and attend Trial; Trial preparation with Joe Bretanha & family, M/M Picozzi; Review related exhibits; attention to file re status and strategy |
| February 23, 2008 | 7.5 | Trial preparation with Michael Bates, Sarah Good, Gerald Carvalho & family, Joe Vingi & family; Review related exhibits; continuing preparation re upcoming witnesses; review re state police statements and other documents for use on defendants as witnesses |
| February 24, 2008 | 6.5 | Continue work on trial preparation; witness testimony; testimony re Chmura plaintiffs; revisions re same; review expert report; review state police file |
| February 25, 2008 | 11.5 | Prepare for and Attend Trial; Trial preparation with M/M Dubuque, M/M Petit, Sandra Buote, Linda Young & Paul Buteau; Review related exhibits; continue preparation |
| February 26, 2008 | 11.5 | Review trial exhibits and preparation for next Trial attendance; preparation re subpoenas re witnesses and defendants: work on same; work on exhibits re witnesses; preparation re testimony re Chmura Plaintiffs; review Police File re references to clients; preparation re Simoneau e-mail |
| February 27, 2008 | 7.5 | Prepare for and attend Trial; Review testimony re next day witnesses and exhibits |
| February 28, 2008 | 11.5 | Prepare for and attend Trial; Trial preparation with Fred Robinson & family, Bonnie Benson, Jamie Araujo, Teresa Mancini, Eugenia Pattek, Maria Drohan, Julia Goins, Laurie Gannon, Peter McMichael & family, Melissa Melvin, Arleen Pullon, Susan Harrington, Margaret Burns, Robin Owens & Paul Wentworth; Review related exhibits |
| February 29, 2008 | 2.6 | Receive and review Motions and Memoranda re Quash re Cicilline and Esserman testimony; attention to file re same |

| | | |
|---|---|---|
| March 23, 2008 | 6.0 | finalize work on closing arguments; prepare re objections re jury instructions and verdict forms |
| March 24, 2008 | 5.5 | prepare for and attend trial re closing arguments and charge to the jury |
| March 25, 2008 | 4.5 | attend trial re jury deliberations; attention re same |
| March 26, 2008 | 7.5 | attend trial re jury deliberations; obtain jury verdict |
| March 27, 2008 | .4 | Receive and review judgment; conference with MAF re same; attention to file re same |
| March 28, 2008 | .2 | receive and review fax from opposing counsel re juror contact |
| March 31, 2008 | .2 | receive and review fax from Judge re opposing counsel juror contact |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS WALDEN, et al.

VS. C.A. NO.: 04-304 A

CITY OF PROVIDENCE, et al.

JOHN C. CHMURA, et al.

VS. C.A. NO.: 04-553 A

CITY OF PROVIDENCE, et al.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS**

**Request 1:**

All contemporaneously made timekeeping, billing and/or other related records relating to legal services rendered on Plaintiffs' behalf, either directly or indirectly, in connection with this action or as referenced in Plaintiffs' Motion and Memorandum for an Award of Attorney's Fees and the accompanying affidavits, including but not limited such records relating to services rendered by Mark A. Fay, Esq. (Murphy & Fay, LLP), Carolyn A. Mannis, Esq., Steven H. Crawford, Esq., Lauren Jones, Esq. (Jones Associates), David Krech, Esq., and Maurene Souza, Esq.

**Response 1:**

**In addition to the copies of the contemporaneous documents already produced in connection with the motion, memorandum and affidavits see attached Exhibit A.**

**Objection. With respect to the contemporaneously made timekeeping records for Carolyn A. Mannis, Esq. objection is made to producing all such records in that the request is overly broad and unduly burdensome. Additionally, the contemporaneous documents of Carolyn A. Mannis, Esq. prior to March 2007 contain attorney/client privileged information for other clients and work product for other clients and are in a manner that is not readily redactable. Without waiving the objection, two sample redacted time sheets are produced as Exhibit B to demonstrate why the request is overly broad and unduly burdensome.**

**Request 2:**

All receipts, invoices, or other materials that relate to or substantiate costs incurred in connection with the litigation of this action or otherwise relating to Plaintiffs' Motion and Memorandum for an Award of Attorney's Fees, the accompanying affidavits, or Plaintiffs' request for costs.

**Response 2:** **See attached Exhibit C.**

Plaintiffs
By their Attorneys:

Mark A. Fay, #4208
Murphy & Fay, LLP
127 Durance Street – 2nd Floor
Providence, Rhode Island 02903
Telephone: 401-490-3200
Facsimile: 401-490-3207

Carolyn A. Mannis, #4275
128 Dorrance Street, Suite 400
Providence, RI 02903
Telephone: 401-272-2002
Facsimile: 401-274-0175

ATTORNEY CERTIFICATION

I hereby certify that in accordance with this Court's text order dated May 6, 2008 I conferred in good faith with Attorney Kevin McHugh in an attempt to resolve the production issues raised in the request for a hearing motion.

Carolyn A. Mannis

# CERTIFICATION

I, the undersigned, hereby certify that I have this 16th day of May, 2008, mailed a copy of the foregoing, first class mail, postage prepaid, to:

Dean G. Robinson, Esquire
670 Willett Avenue
East Providence, RI 02903

Peter Comerford, Esquire
226 South Main Street
Providence, RI 02903

Kevin F. McHugh, Esquire
Michael A. Calise, Esquire
275 Westminster Street
Providence, RI 02903

Susan Marcotte Carlin, Esquire
Famiglietti & Carlin, LTD
The Lincoln Center, Suite 205
132 Old River Road
Lincoln, RI 02865

Kendra Lima

# EXHIBIT A

Public Safety Complex wiretaps

Stephen [illegible], Esq.
Murphy & Fay LLP
127 Dorrance St
Prov RI 02903

(1)

| Date | Event | Hours |
|---|---|---|
| 6/2/03 | Initial meeting to discuss case & possible lawsuit (any civil liability) Research Stat / Federal Regs Access to Pub records Review Conference w/ Carolyn Mann esq | 1.6 |
| 6/3/03 Tues | DRAFT Letter & mail to City of Prov Re: Public Records Request Re: Investigations into wiretaps | .6 |
| 8/6 | meet with Carolyn Mann & Mark Fay regarding Strategy Research Statutes Case/law | 1.8 |
| Sept 19 '03 FRI | · Go to Prov legal Dept Westminster St. w/ Carolyn to review any records they have relating to investigation | 2.2 |
| | · Meeting at Firefighters Hall to meet with Potential Plaintiffs. Numerous people present | 2.5 |

| Date | Event | Hours |
|---|---|---|
| 2/7/2005 | Review & Sign Interrog w/ Various Clients: Moreno, Coleman, Rathbone Grammell (½ meet each w/ spouse) | 6 |
| Feb 14 05 Monday. | Sign & Review Interrog w/ Clients & family: Young, Barrett, Robert Reddington - Discuss Case | 6 |
| Feb 15 05 | Review Interrog w/ Hanson, Kleyn Randall, Robinson - Review & Discuss Case | 6 |
| 2/22/05 | meeting w/ Clients (Sign & Review) | 1.5 |
| 3/3/05 Thurs | meet w/ O'Halloran, McMichael, Higginson + spouses (Review, Int + Sign) | 4.5 |
| August 24 05 | meet w/ Reilly & Family Re Case | 1.5 |
| Aug 25 05 | Clients: Cullen, Dubuque + wife Sign & Discuss Review | 3 |
| 9/12/05 | Richards & Gabbidon Review & Discuss | 1½ |

| Date | Event | Hours |
| --- | --- | --- |
| Oct 18 05 Tues | Clients: Kenyon, Segel, Picozzi Review & Sign Intake | 4/2 |
| 10/26 Wed | Clients: Robinson, Cullin, Barrett & wife Review, discuss, Sign Intake | 4.5 |
| 10/28 | meet w/ Ken Greenwell & wife re case | 1.3 |
| Nov 7 2005 | meet with Jim Rock & O'Brien Review & Sign | 1 1/2 |
| 11/21/05 | Bob Castaldo & family Discuss, Review Sign | 1.3 |
| 11/30 | Higginson & wife Discuss case | 1.5 |

4.

| Date | Event | Hours |
|---|---|---|
| 2/2/06 | Met with Paul Doughty & family re interrogatories & review case | 1.5 |
| Feb 4, 2008 | Phone call to Union Hall: Re: their work schedules, copies of Calendars: Begin calculation of days worked by each Firefighter Client | 2.4 |
| Feb 8 '08 | Con't calculation of number of days worked for firefighters from Subpoenaed Log books | 2.8 |
| 2/9 | Continued calculating # of days worked for F.F from Log Books | 3.2 |
| 2/10 | " Contin' Calculations " | 2.6 |
| 2/11 | " Continue Calculations | 3.4 |

| Date | Event | Hours |
|---|---|---|
| 2/13/08 | 1st Day Trial attendance/assist | 1 |
| 2/13/08 | Continue working on # days worked FF Logs | 1.9 |
| 2/14/08 | Work on calculating days worked for FF from Log Books | 1.8 |
| 2/15/08 | work on Log Books & # days FF | 2.6 |
| 2/19 | Attend trial & assist Mark & Carlyn | 2 |
| | – work on FF days worked re: Log Books | 1.5 |
| 2/21 | Attend trial / assist | 3.5 |
| | – Continue working on Days worked (Logs) | .8 |
| 2/25/08 | Attend trial | 3 |
| | Work on days of FF Re: Logs | 1.4 |
| 2/27/08 | work on Logs – FF days | 1.2 |

6

| Date | Event | Hours |
|---|---|---|
| Mar 3 08 | Attend and Assist at Trial | 4.5 |
| | . work on # days for FF (Logs) | 1.4 |
| 3/5/08 | Attend trial/assist | 1 |
| | . work on Log book Rec'd days worked | 1.8 |
| 3/14/08 | Attend/assist trial | 4.5 |
| 3/24/08 | Closing → Attend trial assist | 4.5 |

# TIME SHEETS

CLIENT: Mark Fay MATTER Walden V. Providence MONTH: 9/07 $100

| DATE | NARRATIVE | Breakdown | TOTAL TIME |
|---|---|---|---|
| 9/7/2007 | Review complaint, amended complaint, court decision, pertinent statutes and Defendant's motion; discussion with client; review wiretap treatise at State Law Library; online research with respect to law reviews and ALR reports regarding wiretapping; download cases cited in motion and in legal treatises. | | 6.7 |
| 9/9/07 | Review cases cited in Defendant's motion; review ALR on damages. | | 3.3 |
| 9/10/07 | Conduct research regarding wiretap cases and damages; review cases interpreting RIGL 9-2-1; partial draft of memorandum. | | 1.5 |
| 9/11/07 | Conduct on line research regarding duplicative damages; keycite ***Woods*** case and review cases listed as positive regarding discretion; review law review regarding the case for mandatory statutory damages; review Cause of Action regarding wiretap cases and damages; review other favorable 7th Circuit cases; review Am. Jur and various cases regarding duplicative recovery. | 1.80 library copies | 2.4 |
| 9/12/07 | Draft memorandum to client; review and revise same; discussion with client; review cases granting court discretion with respect to jury instructions; locate contact information for DirecTV attorney for client to make contact; e-mail memorandum and pertinent case law and secondary authority to client. | | 4.5 |
| 9/19/07 | Discussion with client; discussion with C. Mannis; draft memorandum in response to Defendant's memorandum supporting motion for pretrial damage hearing. | | 5.5 |
| 9/20/07 | Discussion with C. Mannis; review and revise response to memorandum; e-mail response to client, C. Mannis at 2 p.m.; subsequent discussion with client and C. Mannis; review and revise blended memorandum; e-mail final memo to client, C. Mannis. | | 4.5 |
| | | | |
| | | | |
| | | | |
| | | **TOTAL:** | |

# TIME SHEETS

CLIENT: Mark Fay MATTER Walden V. Providence MONTH: 1/08 $120

| DATE | NARRATIVE | Breakdown | TOTAL TIME |
|---|---|---|---|
| 1/08/08 | Review Defendant's motion in limine regarding exclusion of evidence; review cases cited in brief; conduct research regarding admissible evidence in §1983 context; research regarding remedial measures; discussion with client regarding matter and purpose of submitting evidence; review Miller and Wright regarding admissibility of post-incident evidence; review law review regarding admission of investigative reports in §1983 cases. | | 3.5 |
| 1/09/08 | Review cases regarding admissibility of investigatory reports; on line research regarding admissibility of newspapers. | | 1.5 |
| 1/10/08 | Outline pertinent points for memorandum; draft objection; draft memorandum in support of objection to Defendant's motion in limine; review and revise same. | | 6.5 |
| 1/16/2008 | Meeting with client regarding coverage on pre-trial memorandum; draft elements of counts for pretrial memorandum; research standard of review for jury challenges; research jury instructions from other jurisdictions. | | 6 |
| 1/17/08 | Draft jury instructions; review motion in limine regarding expert testimony; review Moore's Federal Practice. | | 6.1 |
| 1/18/08 | Draft objection and response to motion in limine; e-mail to client for review. | | 5.6 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | **TOTAL:** | |

# TIME SHEETS

CLIENT:Fay MATTER Walden MONTH: 2/08 $120

| DATE | NARRATIVE | Breakdown | TOTAL TIME |
|---|---|---|---|
| 1/31/07 | Review Defendant's motion in limine regarding D'Amico; review State v. von Bulow; review law related to Rule 403; begin draft of response. | | 2.8 |
| 2/1/08 | Complete draft of response and motion; review and revise; e-mail to client. | | 2 |
| 2/6/2008 | Review and revise response to Motion in Limine per C. Mannis. | | .5 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | TOTAL: | |

# TIME SHEETS

CLIENT:Fay MATTER Walden MONTH: 3/08 $120

| DATE | NARRATIVE | Breakdown | TOTAL TIME |
|---|---|---|---|
| 3/6/08 | Discussion with client regarding testimony regarding Prigano; review J. Smith's order regarding admissibility of statement; research cases cited in order. | | .6 |
| 3/7/08 | Online research First Circuit cases regarding law of the case doctrine; research treatises regarding same; review cases; draft e-mail to client summarizing findings; e-mail pertinent cases to client. | | 2.8 |
| 3/10/08 | Review Rules of Evidence pertaining to hearsay; review advisory committee notes; review First Circuit cases pertaining to party opponent admissions; review response to Prigano's motion for summary judgment; review Federal Rules of Evidence Handbook; draft brief regarding hearsay rules to assist client. | | 4.2 |
| 3/11/08 | Discussion with client regarding motion to quash Rosenzweig testimony; review Rule 45 and advisory notes; review motion, orders; formulate argument. | | 1.5 |
| 3/12/08 | Draft memo in response to motion to quash; review lst Circuit cases on point; discussion with client regarding standing, including hearsay argument; fax rough draft to client. | | 4.6 |
| 3/13/08 | Review and revise memorandum and objection to motion to quash; review memorandum in view of comments by client regarding evidence of investigation; begin research regarding importance of final policymaker in the case. | | 5.7 |
| 3/14/08 | Research treatises regarding policymaker in §1983 actions; review cases in other Circuits regarding same; search proof of facts; review First Circuit cases regarding municipal liability; draft memorandum to client regarding avenues of recovery on 1983 actions. | | 4.5 |
| 3/15/08 | Draft document specifying elements of proof on all counts and supporting authority; research concerning the meaning of "intentionally" in context of wiretap statute—no mens rea; research; | | 7.1 |
| 3/17/08 | Research online regarding preclusion of last minute discovery; draft memorandum and objection to admission of memoranda by city; revise in accordance with clients comments. | | 3.9 |
| 3/18/08 | Review jury instructions and verdict form for bias and error; draft comments for client. | | 2.3 |
| | | **TOTAL:** | |

G:\SOUZA, MAURENE\Timesheets - blank.doc

TIME SHEETS

CLIENT: MATTER MONTH:

| DATE | NARRATIVE | Breakdown | TOTAL TIME |
|---|---|---|---|
| 3/19/08 | Research whether qualified immunity is decided as a matter of law, input to client; research regarding application of Fourth Amendment to children; research ordinary course of business in relationship to wiretap statute; research use of term "non investigative;" e-mail pertinent cases and comments to client. | | 3 |
| 3/28/08 | Research whether Defendants are joint and severally liable or if they are liable individually; begin research on public duty doctrine; e-mail comments and cases to client regarding individual liability. | | 4.4 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | **TOTAL:** | |

G:\SOUZA, MAURENE\Timesheets - blank.doc

# TIME SHEETS

CLIENT: Mark Fay MATTER Walden
MONTH: 04-08 Rate: $120/Hour

| DATE | NARRATIVE | Breakdown | TOTAL TIME |
|---|---|---|---|
| 4/1/2008 | Conduct research regarding public duty doctrine in RI. | | 3.5 |
| 4/2/2008 | Draft motion and memorandum of law regarding joint and several liability versus individual liability with respect to damages on wire tap statute | | 4.5 |
| 4/3/2008 | Review and revise memorandum regarding separate liability; e-mail to client for review; begin draft of memorandum regarding prejudgment interest on judgment; conduct research pertaining to egregious conduct exception to public duty doctrine. | | 5.8 |
| 4/4/2008 | Review and revise memorandum regarding interest; review cases concerning ADEA liquidated damages; e-mail memorandum and motion to client; discuss revisions to memorandum; review cases applying interest to liquidated damages; review RI cases regarding prejudgment interest; draft new section to insert into memorandum regarding same; e-mail to client. | | 6.8 |
| 4/7/2008 | Draft affidavit in support of motion for award of attorney's fees. | | 1.3 |
| 4/8/08 | Revise affidavit according to direction C. Mannis. | | .6 |
| | | $32.48 Pacer downloads | |
| | | | |
| | | | |
| | | | |
| | | **TOTAL:** | |

# CAROLYN A. MANNIS, ESQ.

**128 Dorrance St., Suite 400**
**Providence, RI 02903**
**401.272.2002 (Tel.)**
**401.274.0175 (Fax)**


July/August/September 2007

---

STATEMENT

For Legal Services
Relative to **Wiretap Litigation**

ATTORNEY TIME:

| | | |
|---|---|---|
| July 6, 2007 | 3.5 | receive and review Opinion and Order re Smith decision re Motions for Summary Judgment and Motion for Sanctions (Lennon); attention to file re same |
| July 24, 2007 | .2 | receive and review notice of withdrawal of David Krech |
| August 1, 2007 | .2 | receive, retrieve and review notice re trial calendar call |
| August 16, 2007 | 1.4 | receive and review notice of appearance re P. Comerford; receive and review Motion in Limine and memorandum to Exclude Testimony re Expert re City |
| August 17, 2007 | .8 | receive and review Motion in Limine re Lennon |
| August 18, 2007 | .3 | receive and review motion in limine re Prignano re expert exclusion |
| August 21, 2007 | .2 | receive and review Notice of Conference tomorrow |
| August 22, 2007 | 2.4 | prepare for and attend chambers conference re pre-trial issues; meetings with MAF re same |
| August 24, 2007 | .2 | receive and review Stipulation re extension of time to file expert report |
| August 29, 2007 | .2 | receive and review supplemental scheduling Order |

| | | |
|---|---|---|
| September 4, 2007 | .2 | receive and review Settlement Conference Notice and Order re Almond |
| September 6, 2007 | 1.7 | receive and review Motion in Limine and memorandum re damages |
| September 7, 2007 | .5 | receive and review Motions in Limine re Damages re Lennon, Vieira, and Prignano; conference with MAF re same and attention to file re same |
| September 12, 2007 | .3 | conferences with MAF re status re objection memorandum re motion in limine re damages and strategy re same |
| September 14, 2007 | .2 | attention to file re stipulation re: Plaintiffs' Expert Report |
| September 17, 2007 | .4 | retrieve legal research re damages issue; conference with M. Fay re same and expert disclosure issues; attention to dates re damages opposition, settlement conference, settlement conference statement and damages hearing |
| September 19, 2007 | 3.0 | review legal research and memo prepared by M. Souza re damages issue; conference with same re same; receive and review Order re: Stipulation re Expert Report |
| September 20, 2007 | 5.8 | legal research re nominal damages/ punitive damages issue, duplicative recovery, number of days vs. number of calls; draft opposition re same; coordinate with M. Souza; calls, conferences and e-mails with same |
| September 21, 2007 | 1.1 | finalize work on opposition, calls and conferences with MAF re same and expert report; e-mail exchange with M. Souza re proper defendant; conferences with Kendra re filing issues |
| September 24, 2007 | .3 | conference with MAF re contents of expert report/disclosure |

# CAROLYN A. MANNIS, ESQ.

**128 Dorrance St., Suite 400**
**Providence, RI 02903**
**401.272.2002 (Tel.)**
**401.274.0175 (Fax)**


October 2007

---

STATEMENT

For Legal Services
Relative to **Wiretap Litigation**

ATTORNEY TIME:

| | | |
|---|---|---|
| October 3, 2007 | .2 | Receive and review notice re-scheduling settlement conference and revised notice of hearing |
| October 19, 2007 | 7.0 | Prepare for and Attend Hearing re: Motion re Damages filed by Defendants; Attend Settlement Conference; Meetings with MAF pre and post conference re strategy |
| October 23, 2007 | .2 | Receive and review Notice re Status Conference |

**CAROLYN A. MANNIS, ESQ.**
**128 Dorrance St., Suite 400**
**Providence, RI 02903**
**401.272.2002 (Tel.)**
**401.274.0175 (Fax)**

November 2007

---

STATEMENT

For Legal Services
Relative to **Wiretap Litigation**

ATTORNEY TIME:

| | | |
|---|---|---|
| November 9, 2007 | .2 | Receive and review Stipulation |
| November 13, 2007 | .7 | Receive and review Notice of Hearings; Status Conference set for 12/5/07; Second Status Conference set for 1/3/08; attention to file re same; Receive and review Order re: deadline for Pre-Trial Memoranda; attention to file re same; Attention to file re Joint Stipulation; Receive and review Order re: Stipulation |
| November 14, 2007 | .2 | Receive and review notice of deposition re expert |
| November 30, 2007 | .3 | Receive and review Order |

# CAROLYN A. MANNIS, ESQ.

**128 Dorrance St., Suite 400**
**Providence, RI 02903**
**401.272.2002 (Tel.)**
**401.274.0175 (Fax)**


December 2007

---

STATEMENT

For Legal Services
Relative to **Wiretap Litigation**

ATTORNEY TIME:

| | | |
|---|---|---|
| December 5, 2007 | 1.5 | Prepare for and attend Court Conference re Jury questionnaire; Receive and review Trial Notice |
| December 7, 2007 | .2 | Receive and review Notice of Deposition re Expert |
| December 18, 2007 | 1.2 | Receive and review Motion in Limine and memorandum of law in support of same; attention to file re objection re same |
| December 19, 2007 | .2 | Receive and review Order re Defendants' Motions and Plaintiffs' Objections re same |
| December 21, 2007 | .4 | Receive and review Motions in Limine and memorandum of law in support of same re Lennon and Vieira |
| December 26, 2008 | .2 | Receive and review Motion in Limine and memorandum re Prignano |

# CAROLYN A. MANNIS, ESQ.

**128 Dorrance St., Suite 400**
**Providence, RI 02903**
**401.272.2002 (Tel.)**
**401.274.0175 (Fax)**


January 2008

---

STATEMENT

For Legal Services
Relative to **Wiretap Litigation**

ATTORNEY TIME:

| | | |
|---|---|---|
| January 3, 2008 | 4.0 | Prepare for and attend court conference re juror questionnaires; Receive Notice of Conference re: Juror Questionnaires set for 1/10/08 and Notice re Motions in Limine; Receive and review Order re filing dates for Pre-Trial Memoranda; Receive and review Notice re Final Pre-Trial Conference; Receive and review Order re deadline for filing Motions; post conference meeting with MAF re strategy and status re pre-trial memorandum, motions to be filed and juror selection |
| January 4, 2008 | 4.8 | Prepare and file Motion in Limine to exclude testimony and evidence relative to certain defenses of all Defendants; Prepare and file Motion in Limine to exclude testimony and evidence relative to certain defenses of Mary Lennon; Meeting with MAF re Pre-Trial issues and strategies re Motions in Limine and other Pre-Trial matters; work on pre-trial memorandum; attention to file re outstanding matters and strategy re client meetings |
| January 7, 2008 | 6.0 | Initial Trial Preparation with Bonnie Benson and Donna Luce; Research and review of file in preparation for trial and pre-trial memorandum; review pertinent sections re Wiretap Treatice |
| January 8, 2008 | 7.7 | Receive and review Motion for Extension of time re Defendants Motions in Limine; attention to file re same; Initial Trial Preparation with: Donald & Kathleen Dubuque, |

| | | |
|---|---|---|
| | | Robin Owens, Laurie Gannon; Continue work re pre-trial matters including standard of proof and statutory claims elements and relevant language in statutes and case law |
| January 9, 2008 | 7.5 | Initial Trial Preparation with David Neri & Ernie Young; Continue pre-trial preparation; legal research re expert testimony re ordinary course of business re wiretap statute defense; attention to file re same |
| January 10, 2008 | 8.0 | Prepare for and attend Status Conference re Juror Questionnaires; Post conference meeting with MAF re strategy re jury and pending matters; Receive and review Notice re Status Conference of Juror Questionnaires; Initial Trial Preparation with Robert and Michelle Barrett and John Hannon |
| January 11, 2008 | 11.3 | Receive and review Objections and memoranda re: Lennon and City; Receive and review Order re: Motions for Extension of time; attention to file re same; Initial Trial Preparation with Steven Ruhle, Kayla Ruhle and Steven Ruhle, Jr.; Prepare Motions and Memoranda re Records Keeper Deposition re State Police and City of Providence Fire Department; Finalize and file Plaintiffs' Objection and memorandum re: Defendants' Motion in Limine to exclude all evidence relating to incidents after the discovery of the Total Recall System; Receive and review Objection to Plaintiffs' Motion in Limine re Prignano |
| January 14, 2008 | 3.4 | Receive and review Objections to Motions in Limine re Vieira and City; Receive and Review Motion in Limine re expert re City and Prignano; Receive and review Objection and memorandum re Emergency Motion for Discovery re City; Receive and review notice re hearing re Plaintiffs' Motion for Discovery |
| January 15, 2008 | 6.5 | Receive and review Objections re: Discovery Motion re: Prignano and Lennon; Receive and review Motion in Limine re Expert Testimony re Vieira; attention to file re same; Receive and review Order; Continue legal research re pre-trial memorandum, jury instructions; 1983 issues re liability; verdict form; jury voir dire questions |
| January 16, 2008 | .2 | Receive and review Lennon Motion in Limine re Plaintiffs' Expert |

| | | |
|---|---|---|
| January 17, 2008 | 7.5 | Receive and review Order re Plaintiffs' Motion for Discovery; Finalize Plaintiffs' Pre-Trial Memorandum and file same; Finalize Plaintiffs' Pre-Trial Memorandum and file same; Receive Defendants' Pre-Trial Memoranda |
| January 19, 2008 | 7.4 | Review Defendants' Pre-Trial Memoranda |
| January 22, 2008 | 6.7 | Prepare and attend hearing re Motions in Limine re: Odom and Post Incidents and Plaintiffs' Motions in Limine; Receive and review Order re same (except post incidents); Initial Trial Preparation with Robert Reilly, Brandon Reilly; Work on Trial Preparation re Review of State Police Report re Investigation |
| January 23, 2008 | 9.0 | Prepare for and attend Keeper of Records Deposition for State Police; attention to file re copies of documents for use at trial as exhibits; conferences with MAF re same; continue work on pre-trial preparation; work on testimony of firefighter plaintiffs; Receive and review Memorandum and Order re post incident events; attention to file re same and analysis and strategy re exhibits at trial and restriction re ruling and any available appellate review |
| January 24, 2008 | 7.7 | Initial Trial Preparation with: Yvonne Giragosian, Christopher & Colleen O'Halloran, Debra Silva-Rocha, Michael Bates, Sarah Good; Work on Trial Preparation re civilian employee facts for testimony; Receive and review Motion to Withdraw/ Motion to Vacate Discovery Order by RI State Police; Receive and review Order re same; Receive and review Trial Notice |
| January 25, 2008 | 8.4 | Continue Trial Preparation; Review State Police Statements re Desmarais, Moise, Lennon, Haroian, and Parfume |
| January 28, 2008 | 7.4 | Initial Trial Preparation with Philip Payne; continuing pre-trial preparation re organization of witness testimony and timing re number of days; continue work on firefighter testimony and spouse and children testimony; Receive and review City's Proposed Voir Dire |
| January 29, 2008 | 8.3 | Receive and review Motions in Limine and memoranda re: D'Amico; Receive and review proposed voir dire re: Lennon, Vieira and Prignano; Attention to file re same; |

| | | |
|---|---|---|
| | | Meeting with MAF re Pre-trial preparation status and strategy and division of labor re opening statement, Plaintiffs' testimony, Defendants' testimony, other witnesses; Prepare Plaintiffs' proposed Voir Dire Questions and Brief Statement of Facts; File same |
| January 30, 2008 | 8.4 | Receive and review Order re: deadline for Motions in Limine; Initial Trial Preparation re Chmura and Cataldos; Receive and review Lennon Motion in Limine and memorandum re D'Amico; Receive and review amended answer to Complaint re Lennon; conference with MAF re same; Continue Pre-Trial Preparation re exhibits and review of bidding process |
| January 31, 2008 | 4.4 | Initial Trial Prep with Carole Hughes, M/M Randall, T. Mancini, E. Pattek |

# CAROLYN A. MANNIS, ESQ.

**128 Dorrance St., Suite 400**
**Providence, RI 02903**
**401.272.2002 (Tel.)**
**401.274.0175 (Fax)**


February 2008

---

STATEMENT

For Legal Services
Relative to **Wiretap Litigation**

ATTORNEY TIME:

| | | |
|---|---|---|
| February 1, 2008 | 4.8 | Receive and review draft memorandum re objection re motion in limine re waiver re attorney privilege, conference with MAF re same and additional arguments re waiver re work product privilege and standing issue; legal research re same; conference with MS re same; revise memorandum re same |
| February 4, 2008 | 8.2 | Continuing work re trial preparation re jury selection issues, voir dire questions; legal issues and defenses; legal research re same; review re Smith decision re MSJ; motion in limine re damages; Receive and review hearing notice re: jury selection set for 2/5/08 and Motion in Limine re: John D'Amico |
| February 5, 2008 | 8.5 | Prepare for and attend Jury Selection; Meeting with MAF re: jury panel |
| February 6, 2008 | 6.0 | Meeting with MAF re preparation re testimony important plaintiffs, strategy re order of witnesses, testimony re potential witnesses re elements re consent, knowledge, expectation of privacy; Finalize and file Plaintiffs' Objection and memorandum re: Motion in Limine re: D'Amico |
| February 7, 2008 | 8.4 | Trial preparation w/ Reddington family; Receive and review Statement of Facts re: City; Review and revise Plaintiffs' Statement of facts; Continue work re pre-trial preparation; |

| | | |
|---|---|---|
| | | elements re testimony and proof from witnesses; exhibits, deposition transcripts; attention to same |
| February 8, 2008 | 1.8 | Prepare for and attend Hearing re Motion in Limine re D'Amico; attention to file re same |
| February 9, 2008 | 7.0 | Initial preparation re Plaintiffs' opening statement; outline arguments, testimony, proof, damages |
| February 11, 2088 | 7.0 | Receive and review Memorandum and Order re D'Amico; attention to file re same and testimony use at trial; Analysis and continuing work re opening statement; work on witness testimony and questions re firefighters and spouses and children; attend court re instruction re use of Elmo; work on exhibits; meeting with Expert |
| February 12, 2008 | 10.0 | Final pre-trial preparation re opening statement and initial witness testimony |
| February 13, 2008 | 10.5 | Prepare for and attend Trial; continue trial preparation and witness preparation meetings with James Rock, Carol O'Brien, Robert Reilly, Vincent Clements and Chris Wagner re testimony; Review related exhibits |
| February 14, 2008 | 3.5 | Prepare for and attend Trial |
| February 16, 2008 | 5.0 | Continue work on testimony of witnesses; review deposition transcripts re defendants |
| February 17, 2008 | 5.0 | Work on testimony of firefighters and family testimony and revise same; attention re same; review testimony for use and revision re Chmura Plaintiffs |
| February 18, 2008 | 7.5 | Trial preparation with Paul Doughty & family, Bill Kenyon & family, M/M Barrett, and Phillip Payne & family; Review related exhibits; continue preparation |
| February 19, 2008 | 9.5 | Prepare for and attend Trial; Trial preparation with Donna Luce, Edward Kennedy & family; Review related exhibits |
| February 20, 2008 | 6.5 | Trial preparation with Robert Cataldo & family, Frank Reddington & family, M/M Mark Randall, M/M Mellor and Mark Tillman ; Review related exhibits |

| | | |
|---|---|---|
| February 21, 2008 | 10.5 | Prepare for and attend Trial; Trial preparation with M/M Greenwell, M/M Rathbone, Craig Martin, David Neri, and M/M Matthew Randall; Review related exhibits |
| February 22, 2008 | 6.5 | Prepare for and attend Trial; Trial preparation with Joe Bretanha & family, M/M Picozzi; Review related exhibits; attention to file re status and strategy |
| February 23, 2008 | 7.5 | Trial preparation with Michael Bates, Sarah Good, Gerald Carvalho & family, Joe Vingi & family; Review related exhibits; continuing preparation re upcoming witnesses; review re state police statements and other documents for use on defendants as witnesses |
| February 24, 2008 | 6.5 | Continue work on trial preparation; witness testimony; testimony re Chmura plaintiffs; revisions re same; review expert report; review state police file |
| February 25, 2008 | 11.5 | Prepare for and Attend Trial; Trial preparation with M/M Dubuque, M/M Petit, Sandra Buote, Linda Young & Paul Buteau; Review related exhibits; continue preparation |
| February 26, 2008 | 11.5 | Review trial exhibits and preparation for next Trial attendance; preparation re subpoenas re witnesses and defendants: work on same; work on exhibits re witnesses; preparation re testimony re Chmura Plaintiffs; review Police File re references to clients; preparation re Simoneau e-mail |
| February 27, 2008 | 7.5 | Prepare for and attend Trial; Review testimony re next day witnesses and exhibits |
| February 28, 2008 | 11.5 | Prepare for and attend Trial; Trial preparation with Fred Robinson & family, Bonnie Benson, Jamie Araujo, Teresa Mancini, Eugenia Pattek, Maria Drohan, Julia Goins, Laurie Gannon, Peter McMichael & family, Melissa Melvin, Arleen Pullon, Susan Harrington, Margaret Burns, Robin Owens & Paul Wentworth; Review related exhibits |
| February 29, 2008 | 2.6 | Receive and review Motions and Memoranda re Quash re Cicilline and Esserman testimony; attention to file re same |

**CAROLYN A. MANNIS, ESQ.**
**128 Dorrance St., Suite 400**
**Providence, RI 02903**
**401.272.2002 (Tel.)**
**401.274.0175 (Fax)**

March 2008

---

STATEMENT

For Legal Services
Relative to **Wiretap Litigation**

ATTORNEY TIME:

| | | |
|---|---|---|
| March 1, 2008 | 6.0 | Review trial exhibits and preparation for trial; work on testimony re Prignano, Vieira, Lennon, Esserman and Cicilline |
| March 3, 2008 | 10.5 | Prepare for and attend trial; prepare and file objection and memorandum re motion to quash; review trial exhibits and prepare re trial; begin work on testimony question re Parente, Sepe, Haroian, Parfume, Rosenzweig and D'Amico |
| March 4, 2008 | 12.5 | Prepare for and attend trial; receive and review decision re motion to quash re Esserman and Cicilline; continue trial preparation; work on testimony re S. Moise; review file re same and exhibits; review deposition transcript; review police statements re preparation re same |
| March 5, 2008 | 6.5 | Prepare for and attend trial; preparation re M. Vieira testimony, review deposition transcript; review re T. Desmarais and D'Amico; meeting with MAF re same |
| March 6, 2008 | 8.5 | Prepare for and attend trial; continue preparation re Vieira, DesMarais, Prignano, Parente, Haroian and D'Amcio; attention to |

| | | |
|---|---|---|
| | | file re admissibility issues re Prignano testimony |
| March 8, 2008 | 10.0 | Continue work on trial preparation re Vieira,, D'Amico, Parente, Haroian, Parfume, Sepe, DesMarais and Prignano witness testimony and strategy re same |
| March 9, 2008 | 7.0 | continue work on trial preparation re same and exhibits, statements, transcripts and bid documents |
| March 10, 2008 | 11.5 | Prepare for and attend trial; continue trial preparation re Vieira, Prignano, DesMarais, Parente, Haroian, Parfume, Sepe; Review trial exhibits and work on trial preparation |
| March 11, 2008 | 12.0 | Prepare for and attend trial; continue work on trial preparation re witnesses Prignano, Rosensweig, Haroian, Parfume, and DesMarais; review police statements, deposition transcripts, exhibits re same; receive and review motions and memoranda re Rosensweig |
| March 12, 2008 | 12.5 | Prepare for and attend trial; continue work on preparation re Haroian, Parfume, Sepe, Prignano; conduct legal research re prior bad acts; prepare testimony re same |
| March 13, 2008 | 11.0 | Prepare for and attend trial; continue work on trial preparation re Odum and Rosensweig testimony; begin work on Rule 50 issues; Finalize and file objection and memorandum re Rosensweig subpoena |
| March 14, 2008 | 6.5 | Prepare for and attend trial; meeting with MAF re strategy re work to be completed and Rule 50 motion strategy |
| March 15, 2008 | 15.5 | work on Rule 50 arguments re Section 1983, municipal liability, qualified immunity, individual capacity, policy, custom, practice, policymaker liability, supervisor liability, |

| | | |
|---|---|---|
| | | wiretap statutes, consent, expectation of privacy, intentionality, right to privacy, standard of proof; work on exhibits 10 and 11 and stipulations re same |
| March 16, 2008 | 10.0 | continue work re Rule 50 arguments; preparation re cross examination re defense witnesses |
| March 17, 2008 | 10.0 | prepare for and attend trial; continue preparation re cross-examination re defense witnesses; analysis and legal research re appealability re Prignano; receive and review draft jury instructions and verdict forms; work on motion and memorandum re preclusion re defendants' exhibits |
| March 18, 2008 | 8.0 | prepare for and attend trial; prepare re renewal re Rule 50 motions; finalize and file motion and memorandum re preclusion re defendants' exhibits; preparation re jury instructions and verdict forms |
| March 19, 2008 | 15.0 | prepare for and attend trial; prepare arguments re motion to preclude exhibits, renewed motions and arguments re Rule 50, election or remedies issue; meeting with MAF re closing arguments strategy, jury instructions and verdict forms |
| March 20, 2008 | 6.0 | Prepare for and attend trial; attend conference re jury instructions and verdict forms; attention re same and legal research re disputed jury instructions |
| March 21, 2008 | 5.0 | review final jury instructions and verdict forms; preparation re closing arguments |
| March 22, 2008 | 5.0 | work on closing arguments; review trial transcripts re Vieira, DesMarais in preparation re same; review and prepare outline re elements of proof, defendants' case sucks, our case is good, and facts re important witnesses |

| | | |
|---|---|---|
| March 23, 2008 | 6.0 | finalize work on closing arguments; prepare re objections re jury instructions and verdict forms |
| March 24, 2008 | 5.5 | prepare for and attend trial re closing arguments and charge to the jury |
| March 25, 2008 | 4.5 | attend trial re jury deliberations; attention re same |
| March 26, 2008 | 7.5 | attend trial re jury deliberations; obtain jury verdict |
| March 27, 2008 | .4 | Receive and review judgment; conference with MAF re same; attention to file re same |
| March 28, 2008 | .2 | receive and review fax from opposing counsel re juror contact |
| March 31, 2008 | .2 | receive and review fax from Judge re opposing counsel juror contact |

# EXHIBIT B

[redacted]

DAILY TIME AND TELEPHONE LOG

ATTORNEY CAM

DATE June 2nd 2003

| CLIENT NAME | TIME | DESCRIPTION |
|---|---|---|
| [redacted] | [redacted] | [redacted] |
| | | |
| [redacted] | | |
| | | |
| [redacted] | [redacted] | |
| [redacted] | [redacted] | |
| | | |
| [redacted] | [redacted] | |
| | | |
| [redacted] | [redacted] | |
| Prov Firefighters | 1.6 | mtg w S Crawford re SAR re lawsuit re civil lia state + fed + APRA reg; conf w S. Crawford re LR |

May 10, 2006 Carolyn Mannis

[redacted]

| | | |
|---|---|---|
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| Wiretap | 1.0 | receive and review Lennon objection re motions for extension of time to respond to Defendants' MSJs; conference with MAF re same; attention to file re same |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |

[redacted]

# EXHIBIT C

STONETURN GROUP

StoneTurn Group, LLP
60 State Street, 35th Floor
Boston, MA 02109
t 617.570.3700 f 617.570.3799

February 11, 2008
Invoice No: 3051

Mark Fay
127 Dorrance Street
Providence, RI 02903

Matter M01.MFAY Mark Fay / Walden v City of Providence

**Professional Services rendered from December 1, 2007 to January 31, 2008**

**Professional Services**

| | Hours | Rate | Amount | |
|---|---|---|---|---|
| Lefferts, Alex | 5.00 | 325.00 | 1,625.00 | |
| Odom, William | 55.50 | 325.00 | 18,037.50 | |
| Totals | 60.50 | | 19,662.50 | |
| | | | | **19,662.50** |

**Reimbursable Expenses**

| | | |
|---|---|---|
| Air/Rail | 378.30 | |
| Hotel | 1,128.79 | |
| Meals | 301.17 | |
| Car/Cab/Parking | 1,195.45 | |
| Other | 15.00 | |
| | **3,018.71** | **3,018.71** |

**Invoice Total:** **$22,681.21**

Apr. 3. 2008 6:32PM No. 1541 P. 3

# Billing Backup

*Thursday, April 03, 2008*

**StoneTurn Group, LLP** **Invoice 3051 Dated 2/11/08** *7:11:21 PM*

Matter M01.MFAY Mark Fay / Walden v City of Providence

**Professional Services**

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 62 | 500.105 - Lefferts, Alex<br>Review of forensic analysis of Total Recall system | 12/4/07 | 2.00 | 325.00 | 650.00 |
| 62 | 500.105 - Lefferts, Alex<br>Review of forensic analysis of Total Recall system | 12/14/07 | 2.00 | 325.00 | 650.00 |
| 62 | 500.105 - Lefferts, Alex<br>Preparation for Deposition by City of Providence | 12/17/07 | 1.00 | 325.00 | 325.00 |
| 55 | 600.601 - Odom, William<br>Review of forensic analysis of Total Recall system | 12/2/07 | 2.00 | 325.00 | 650.00 |
| 55 | 600.601 - Odom, William<br>Review of forensic analysis of Total Recall system | 12/3/07 | 8.00 | 325.00 | 2,600.00 |
| 55 | 600.601 - Odom, William<br>Review of forensic analysis of Total Recall system | 12/4/07 | 8.00 | 325.00 | 2,600.00 |
| 55 | 600.601 - Odom, William<br>Review of forensic analysis of Total Recall system | 12/5/07 | 8.00 | 325.00 | 2,600.00 |
| 55 | 600.601 - Odom, William<br>Review of forensic analysis of Total Recall system | 12/6/07 | 4.00 | 325.00 | 1,300.00 |
| 55 | 600.601 - Odom, William<br>Review of forensic analysis of Total Recall system | 12/17/07 | 8.00 | 325.00 | 2,600.00 |
| 55 | 600.601 - Odom, William<br>Deposition by City of Providence | 12/18/07 | 8.00 | 325.00 | 2,600.00 |
| 55 | 600.601 - Odom, William<br>Review of forensic analysis of Total Recall system | 12/19/07 | 8.00 | 325.00 | 2,600.00 |
| 55 | 600.601 - Odom, William<br>Review of forensic analysis of Total Recall system | 1/4/08 | 1.50 | 325.00 | 487.50 |
| | Totals | | 60.50 | | 19,662.50 |

**19,662.50**

**Reimbursable Expenses**

| | | | |
|---|---|---|---|
| Air/Rail | | | |
| EX 0002313 | 12/14/07 Odom, William / RT flight to Boston | 378.30 | |
| Hotel | | | |
| EX 0002313 | 12/17/07 Odom, William / Arrive in Boston | 256.21 | |
| EX 0002313 | 12/17/07 Odom, William / Providence | 359.34 | |
| EX 0002313 | 12/18/07 Odom, William / Providence | 253.03 | |
| EX 0002313 | 12/19/07 Odom, William / Return to Boston | 260.21 | |
| Meals | | | |
| EX 0002313 | 12/3/07 Odom, William / Dinner | 90.63 | |
| EX 0002313 | 12/17/07 Odom, William / Lunch | 26.20 | |
| EX 0002313 | 12/17/07 Odom, William / Dinner | 52.84 | |
| EX 0002313 | 12/18/07 Odom, William / Dinner | 38.50 | |
| EX 0002313 | 12/19/07 Odom, William / Dinner | 93.00 | |
| Car/Cab/Parking | | | |
| EX 0002313 | 12/5/07 Odom, William / Hotel parking | 48.95 | |
| EX 0002313 | 12/5/07 Odom, William / Rental car | 590.38 | |
| EX 0002313 | 12/21/07 Odom, William / Rental care | 556.12 | |
| Other | | | |
| EX 0002313 | 12/17/07 Odom, William / Internet access at client site | 15.00 | |
| | | **3,018.71** | **3,018.71** |
| | **Total this report** | | **$22,681.21** |

February 11, 2008
Invoice No: 3051

Mark Fay
127 Dorrance Street
Providence, RI 02903

Matter M01.MFAY Mark Fay / Walden v City of Providence

**Professional Services rendered from December 1, 2007 to January 31, 2008**

**Professional Services**

| | Hours | Rate | Amount | |
|---|---|---|---|---|
| Lefferts, Alex | 5.00 | 325.00 | 1,625.00 | |
| Odom, William | 55.50 | 325.00 | 18,037.50 | |
| Totals | 60.50 | | 19,662.50 | |
| | | | | **19,662.50** |

**Reimbursable Expenses**

| | | |
|---|---|---|
| Air/Rail | 378.30 | |
| Hotel | 1,128.79 | |
| Meals | 301.17 | |
| Car/Cab/Parking | 1,195.45 | |
| Other | 15.00 | |
| | **3,018.71** | **3,018.71** |

**Invoice Total: $22,681.21**

STONETURN GROUP

StoneTurn Group, LLP
60 State Street, 35th Floor
Boston, MA 02109
t 617.570.3700 f 617.570.3799

April 3, 2008
Invoice No: 3114

Mark Fay
127 Dorrance Street
Providence, RI 02903

Matter M01.MFAY Mark Fay / Walden v City of Providence

**Professional Services rendered from November 21, 2007 to March 31, 2008**

**Professional Services**

| | Hours | Rate | Amount | |
|---|---|---|---|---|
| Odom, William | 34.75 | 325.00 | 11,293.75 | |
| Totals | 34.75 | | 11,293.75 | |
| | | | | **11,293.75** |

**Reimbursable Expenses**

| | | |
|---|---|---|
| Air/Rail | 2,701.60 | |
| Hotel | 1,067.32 | |
| Meals | 300.29 | |
| Car/Cab/Parking | 407.21 | |
| Mileage/Tolls | 22.31 | |
| | **4,498.73** | **4,498.73** |

**Invoice Total:** **$15,792.48**

**Outstanding Invoices**

| Number | Date | Balance |
|---|---|---|
| 3051 | 2/11/08 | 22,681.21 |
| **Total** | | **22,681.21** |

# Billing Backup

*Thursday, April 03, 2008*

**StoneTurn Group, LLP** **Invoice 3114 Dated 4/3/08** *1:16:02 PM*

Matter M01.MFAY Mark Fay / Walden v City of Providence

**Professional Services**

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 55 | 600.601 - Odom, William | 2/11/08 | 11.00 | 325.00 | 3,575.00 |
| | Meeting with Mark Fay & representatives of Federal Court; return to Houston | | | | |
| 55 | 600.601 - Odom, William | 2/12/08 | 2.25 | 325.00 | 731.25 |
| | review of forensic analysis reports | | | | |
| 55 | 600.601 - Odom, William | 2/19/08 | 2.00 | 325.00 | 650.00 |
| | review of forensic analysis reports | | | | |
| 55 | 600.601 - Odom, William | 3/13/08 | 11.50 | 325.00 | 3,737.50 |
| | preparation for trial | | | | |
| 55 | 600.601 - Odom, William | 3/14/08 | 8.00 | 325.00 | 2,600.00 |
| | preparation for trial and subsequent courtroom testimony | | | | |
| | Totals | | 34.75 | | 11,293.75 |

**11,293.75**

**Reimbursable Expenses**

| | | | |
|---|---|---|---|
| **Air/Rail** | | | |
| EX 0002178 | 11/21/07 Odom, William / RT to Boston | 624.10 | |
| EX 0002612 | 3/8/08 Odom, William / R/T to Boston (for Providence) | 903.00 | |
| EX 0002555 | 3/10/08 Odom, William / R/T to Boston (Providence) | 1,174.50 | |
| **Hotel** | | | |
| EX 0002178 | 12/4/07 Odom, William / Hotel in Providence | 557.32 | |
| EX 0002454 | 2/10/08 Odom, William / Hotel in Providence | 253.03 | |
| EX 0002612 | 3/14/08 Odom, William / Hotel in Boston | 256.97 | |
| **Meals** | | | |
| EX 0002178 | 12/3/07 Odom, William / Dinner | 90.63 | please see bill of 2/11 |
| EX 0002454 | 2/10/08 Odom, William / Breakfast | 4.76 | |
| EX 0002454 | 2/10/08 Odom, William | 10.00 | |
| EX 0002454 | 2/11/08 Odom, William | 20.83 | |
| EX 0002454 | 2/11/08 Odom, William / Breakfast | 4.60 | |
| EX 0002454 | 2/12/08 Odom, William | 15.99 | |
| EX 0002612 | 3/12/08 Odom, William / ~~Dinner~~ Lunch | 50.07 | |
| EX 0002612 | 3/12/08 Odom, William / Dinner | 55.74 | |
| EX 0002612 | 3/13/08 Odom, William / Lunch | 11.00 | |
| EX 0002612 | 3/14/08 Odom, William / Lunch | 36.67 | |
| **Car/Cab/Parking** | | | |
| EX 0002506 | 2/11/08 Odom, William / Parking | 15.00 | |
| EX 0002454 | 2/11/08 Odom, William / From Airport | 33.00 | |
| EX 0002454 | 2/11/08 Odom, William / To Airport | 33.00 | |

| | | | |
|---|---|---|---|
| EX 0002612 | 3/15/08 Odom, William / Rental Car | 326.21 | |
| Mileage/Tolls | | | |
| EX 0002454 | 2/11/08 Odom, William / R/T to Airport / Business travel to Providence | 22.31 | |
| | | **4,498.73** | **4,498.73** |
| | **Total this report** | | **$15,792.48** |

MURPHY & FAY, L.L.P.
**GENERAL OFFICE ACCOUNT**
127 DORRANCE STREET - 2ND FLOOR
PROVIDENCE, RHODE ISLAND 02903
(401) 490-3200

BANKRI
BANK RHODE ISLAND
57-168/115

5146

11/14/2005

PAY TO THE ORDER OF Acquisition Data, Inc. $ 2,000.00

Two thousand dollars 00/100 DOLLARS

MEMO

AUTHORIZED SIGNATURE

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK. TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT.

⑈005146⑈ ⑆011501682⑆ 0420110151⑈

MURPHY & FAY, L.L.P.
GENERAL OFFICE ACCOUNT

5146

2000.00

Wire Tap / Prov. Firefighters
04-1254

MURPHY & FAY, L.L.P.
GENERAL OFFICE ACCOUNT

5146

2000.00

Timeslips

SF5001-1

TO REORDER, CALL YOUR LOCAL SAFEGUARD DISTRIBUTOR AT 401-739-9696

H7HPXN0010000 L01SF033317

SAFEGUARD LITHO USA SFSL1 CK7S08111L

November 15, 2005

*Fed Ex*

Acquisition Data, Inc.
c/o Drew Levine
14903 Mills Park Lane
Cypress, TX 77429

RE: Examination of Electronic Evidence
Providence Firemen's Matter

Dear Mr. Levine:

Enclosed is the executed contract and retainer in the amount of Two thousand ($2,000.00) dollars. Please have Mr. Odom contact Mr. Fay upon receipt.

Thank you for your attention to the above.

Very truly yours,

Kendra Lima
Legal Assistant

/kll
Enclosures

INTEGRITY
partners
*fraud and risk management solutions*

*INVOICE*
*Tax ID: 26-0058719*

June 20, 2006

Mr. Mark A. Fay, Esq.
Partner
Murphy & Fay LLP
127 Dorrance Street,
Providence, RI 02903

**RE: Computer Forensic Investigative Services**

Dear Mr. Fay:

Please find below a summary of charges for unbilled professional fees and expenses incurred through Friday, May 26, 2006 followed by the detailed information regarding such fees and expenses incurred by individual Integrity Partners professionals.

Please make all payments to "Integrity Partners." A copy of our Form W-9 is also attached.

If you have any questions, please contact me at the number listed below.

Sincerely,

William Sinacori
Director

Mr. Mark A. Fay, Esq.
Murphy & Fay LLP
Page 3 of 3

**DETAIL BY INDIVIDUAL**

**William Odom, Director**

| Date | Description | Hours/Units | Rate | Charge |
|---|---|---|---|---|
| **Services** | | | | |
| 05/26/2006 | Forensically image servers at Providence Municipal building - subsequent review. | 11.50 | $ 250.00 | $ 2,875.00 |
| | | ---------------- | | -------------------- |
| | | **11.50** | | **$ 2,875.00** |
| | | | | |
| **Expenses** | | | | |
| 05/24/2006 | Ground transportation (mileage): mileage to airport. | 26.00 | $ .445 | $ 11.57 |
| 05/24/2006 | Meals | | | 75.21 |
| 05/25/2006 | Meals | | | 50.58 |
| 05/26/2006 | Meals | | | 39.37 |
| 05/26/2006 | Lodging: 2 nights (05/24, 05/25) | | | 494.94 |
| 05/26/2006 | Airfare: roundtrip from Houston | | | 664.20 |
| 05/26/2006 | Parking: at airport 05/24 – 05/26 | | | 39.00 |
| 05/26/2006 | Ground transportation (mileage): mileage from airport. | 26.00 | $ .445 | $ 11.57 |
| | | ---------------- | | -------------------- |
| | | | | **$ 1,386.44** |
| | | ========= | | =========== |
| **Subtotal** | | | | **$ 4,261.44** |

## BILLING SUMMARY

**RETAINER DUE:** **$ 3,500.00**

**TOTAL CURRENT CHARGES:** **$ 4,261.44**

Professional services:

| Professional | Rate | Hours | Charges |
|---|---|---|---|
| William Odom, Director | $250.00 | 11.50 | $ 2,875.00 |
| | | --------------- | --------------------- |
| SUBTOTAL | | **11.50** | **$ 2,875.00** |

Expenses:

| Professional | Rate | Units | Charges |
|---|---|---|---|
| Airfare | | | $ 664.20 |
| Ground transportation (mileage) | $ .445 | 52.00 | $ 23.14 |
| Lodging | | | 494.94 |
| Meals | | | 165.16 |
| Parking | | | 39.00 |
| | | | --------------------- |
| SUBTOTAL | | | **$ 1,386.44** |

**TOTAL BALANCE DUE:** **$ 7,761.44**

INTEGRITY
partners
*fraud and risk management solutions*

***INVOICE***
***Tax ID: 26-0058719***

October 20, 2006

Mr. Mark A. Fay, Esq.
Partner
Murphy & Fay LLP
127 Dorrance Street,
Providence, RI 02903

**RE: Computer Forensic Investigative Services**

Dear Mr. Fay:

Please find below a summary of charges for unbilled professional fees and expenses incurred through Friday, October 20, 2006 followed by the detailed information regarding such fees and expenses incurred by individual Integrity Partners professionals. The balance due of $8,361.75 includes $3,500.00 for replenishing the retainer. If you do not choose to replenish the retainer, the balance due is $4,861.75. This balance is past due, please pay it promptly. If you choose to not replenish the retainer, we will not perform any more services until a retainer is paid.

Please make all payments to "Integrity Partners."

If you have any questions, please contact me at the number listed below.

Sincerely,

William Sinacori
Director

[mike Wilson x240
managing director]

## BILLING SUMMARY

| | | |
|---|---|---|
| **PRIOR BALANCE (including $3,500.00 for replenishment of retainer):** | **$** | **8,314.95** |
| **LESS: PAYMENTS RECEIVED** | **(** | **0.00)** |
| **TOTAL CURRENT CHARGES:** | **$** | **46.80** |

**Expenses:**

| Professional | Rate | Units | Charges |
|---|---|---|---|
| Interest/finance charge (through 10-20-2006) | | | $ 46.80 |
| | | | --------------------- |
| SUBTOTAL | | | **$ 46.80** |

| | | |
|---|---|---|
| **TOTAL BALANCE DUE:** | **$** | **8,361.75** |

EAB Security Associates
PO Box 92
Londonderry, NH 03053-0092
Tax ID # 20-3251947

# Invoice

| DATE | INVOICE # |
|---|---|
| 11/30/2005 | 102 |

| BILL TO |
|---|
| Murphy & Fay, LLP<br>127 Dorrance Street<br>2nd Floor<br>Providence, RI 02930 |

| DUE DATE |
|---|
| 12/15/2005 |

| ITEM | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| Retainer | Retainer Fee | 1 | | -1,000.00 |
| Billable Hours | 8/16/05 Meeting and document review @ Murphy & Fay | 9 | 100.00 | 900.00 |
| Vehicle Expenses | Round trip to Providence | 194 | 0.40 | 77.60 |
| Vehicle Expenses | Parking | 1 | 10.00 | 10.00 |
| Billable Hours | 8/29/05 Document review | 3 | 100.00 | 300.00 |
| Billable Hours | Interview of T. Walden | 1 | 100.00 | 100.00 |
| Billable Hours | 9/7/05 meeting and document review | 8 | 100.00 | 800.00 |
| Vehicle Expenses | Round Trip to Providence | 194 | 0.40 | 77.60 |
| Vehicle Expenses | Parking | 1 | 10.00 | 10.00 |
| Outside Investigator | Investigation by Beerman & Asso. | 1 | 758.77 | 758.77 |

2nd Request

**Total** 2,033.97

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER - SEE REVERSE SIDE FOR COMPLETE SECURITY FEATURES


4929

MURPHY & FAY, L.L.P.
GENERAL OFFICE ACCOUNT
127 DORRANCE STREET - 2ND FLOOR
PROVIDENCE, RHODE ISLAND 02903
(401) 490-3200

BANKRI
BANK RHODE ISLAND

57-168/115

8/16/2005

PAY TO THE ORDER OF Edward A. Baker $ **1,000.00

One Thousand and 00/100*************************************************************************************** DOLLARS

Edward A. Baker

MEMO
04-1254 Providence Firefighters

AUTHORIZED SIGNATURE

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK - TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT

⑈004929⑈ ⑆011501682⑆ 04201101 5⑈

MURPHY & FAY, L.L.P.
GENERAL OFFICE ACCOUNT

4929

| | | | |
|---|---|---|---|
| Edward A. Baker | | 8/16/2005 | |
| Prof. Services - Subcontacting | 04-1254 Providence Firefighters | | 1,000.00 |

| | | |
|---|---|---|
| Cash Checking | 04-1254 Providence Firefighters | 1,000.00 |

MURPHY & FAY, L.L.P.
GENERAL OFFICE ACCOUNT

4929

| | | | |
|---|---|---|---|
| Edward A. Baker | | 8/16/2005 | |
| Prof. Services - Subcontacting | 04-1254 Providence Firefighters | | 1,000.00 |

Timeslips

| | | |
|---|---|---|
| Cash Checking | 04-1254 Providence Firefighters | 1,000.00 |

485 SF5001-1 TO REORDER, CALL YOUR LOCAL SAFEGUARD DISTRIBUTOR AT 401-739-9696 H7HK640010000 L01SF033317
SAFEGUARD - LITHO USA SFSL1 CK7SO8111L

Frederick J. McCarthy D/B/A FMC Services
28 Hillside Drive
Warwick, R.I. 02889-5811
Phone: (401)-738-9284 - Pager: 598-0939
Tax ID# 75-3076281

# Invoice

| TODAY... | INVOICE # |
|---|---|
| 9/21/2004 | 2173 |

**BILL TO**

Murphy & Fay, LLP
Mark A. Fay, Esq.
127 Dorrance St., 2nd
Providence, R.I. 02903

| CASE NO. | 04304 | TERMS | Due on receipt |
|---|---|---|---|

| DATE SERVED | ITEM | DESCRIPTION | AMOUNT |
|---|---|---|---|
| | Family Court | ~~Family~~ FEDERAL Court Summons<br>Thomas Walden, ET AL vs City of Providence, ET AL | |
| 9/20/2004 | Served To | Mary F. Lennon, 197 Concord Ave., Cranston, R.I. 02910 | 40.00 |
| | Fee | Additional Fee- corrected address- 4 Truman St., Johnston, R.I. | 10.00 |
| 9/20/2004 | Served To | Stephen Napolitano, Esq., Treasurer, Providence City Hall, 25 Dorrance St., Providence, R.I. 02903 | 40.00 |
| 9/20/2004 | Served To | David N. Cicilline, Esq., Mayor, City of Providence, Providence City Hall, 25 Dorrance St., Providence, R.I. 02903- served to legal Dept., 275 Westminister St., Providence, R.I. | 40.00 |
| 9/20/2004 | Served To | Mr. Dean Esserman, Chief of Police, Providence Police Department, One Communications Way, Providence, R.I. 02903 | 40.00 |

**Please Make All Checks Payable To FMC Services**

**Total** $170.00

Frederick J. McCarthy D/B/A FMC Services

28 Hillside Drive
Warwick, R.I. 02889-5811
Phone: (401)-738-9284 - Pager: 598-0939
Tax ID# 75-3076281

# Invoice

| TODAY... | INVOICE # |
|---|---|
| 9/23/2004 | 2178 |

| BILL TO |
|---|
| Murphy & Fay, LLP<br>Mark A. Fay, Esq.<br>127 Dorrance St., 2nd<br>Providence, R.I. 02903 |

| CASE NO. | 04304 | TERMS | Due on receipt |
|---|---|---|---|

| DATE SERVED | ITEM | DESCRIPTION | AMOUNT |
|---|---|---|---|
| | FederalCourt | Federal Court Summons<br><br>Thomas Walden, et al vs City of Providence, R.I. et al | |
| 9/22/2004 | Served To | Manuel M. Vieira, 25 Dolly Dr., Bristol, R.I. 02809 | 40.00 |
| 9/23/2004 | Served To | Joseph P. Richardson, Jr., 80 Grosvenor Ave., Providence, R.I. 02908 | 40.00 |
| | Fee | Additional Fee- correct address, 1650 Douglas Ave., Providence, R.I. | 10.00 |

| Please Make All Checks Payable To FMC Services | Total | $90.00 |
|---|---|---|